**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., | Case No. 22-90273 (MI) |
| Debtor. | |
| Tax I.D. No. 85-3774534 | |
| In re: | Chapter 11 |
| CN CORPUS CHRISTI LLC, | Case No. 22-90272 (MI) |
| Debtor. | |
| Tax I.D. No. 88-1145551 | |
| In re: | Chapter 11 |
| CN ATOKA LLC, | Case No. 22-90276 (MI) |
| Debtor. | |
| Tax I.D. No. 87-3904384 | |
| In re: | Chapter 11 |
| CN BIG SPRING LLC, | Case No. 22-90277 (MI) |
| Debtor. | |
| Tax I.D. No. 87-3854397 | |
| In re: | Chapter 11 |
| CN COLORADO BEND LLC, | Case No. 22-90278 (MI) |
| Debtor. | |
| Tax I.D. No. 87-3864610 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CN DEVELOPMENTS LLC, | ) | Case No. 22-90279 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3782570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CN EQUIPMENT LLC, | ) | Case No. 22-90280 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 88-2676885 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CN KING MOUNTAIN LLC, | ) | Case No. 22-90281 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3937190 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CN MINDEN LLC, | ) | Case No. 22-90282 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3833722 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CN MINING LLC, | ) | Case No. 22-32786 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-4495223 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CN PLEDGOR LLC, | ) | Case No. 22-90274 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-4409871 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH LLC, | ) | Case No. 22-90275 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3377185 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH MEMBER LLC, | ) | Case No. 22-90283 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3758639 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH NC08 LLC, | ) | Case No. 22-90284 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-1858069 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH NY09 LLC, | ) | Case No. 22-90285 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-2175453 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH SD, LLC, | ) | Case No. 22-90286 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 37-1911501 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH TEXAS LLC, | ) | Case No. 22-90287 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 35-2621883 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH TX06 LLC, | ) | Case No. 22-90288 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-4305921 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH TX10 LLC, | ) | Case No. 22-90289 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3224238 | ) | (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 7:30 a.m. on September 23, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **A hearing will be conducted on this matter on September 23, 2022 at 7:30 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases (as defined below) and (b) granting related relief. Specifically, the Debtors request that the Clerk of the United States Bankruptcy Court for the Southern District of Texas (the "Court") maintain one file and one docket for all of these Chapter 11 Cases under the case of Compute North Holdings, Inc., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3. Additionally, the Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Compute North Holdings Inc., to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: Compute North Holdings, Inc., Case No. 22-90273; Compute North LLC, Case No. 22-90275; CN Corpus Christi LLC, Case No. 22-90272; CN Atoka LLC, Case No. 22-90276; CN Big Spring LLC, Case No. 22-90277; CN Colorado Bend LLC, Case No. 22-90278; CN Developments LLC, Case No. 22-90279; CN Equipment LLC, Case No. 22-90280; CN King Mountain LLC, Case No. 22-90281; CN Minden LLC, Case No. 22-90282; CN Mining LLC, Case No. 22-32786; CN Pledgor LLC, Case No. 22-90274; Compute North Member LLC, Case No. 22-90283; Compute North NC08 LLC, Case No. 22-90284; Compute North NY09 LLC, Case No. 22-90285; Compute North SD, LLC, Case No. 22-90286; Compute North Texas LLC, Case No. 22-90287; Compute North TX06 LLC, Case No. 22-90288; and Compute

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

North TX10 LLC, Case No. 22-90289.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90273 (MI).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003, and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

7. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

8. The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space.  With operations across

the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs. In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales. The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

9. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Harold Coulby, Corporate Treasurer and Interim Chief Financial Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>"),[2] filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these cases are "affiliates" of each other as the term is defined in section 101(2) of the Bankruptcy Code[3] and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

[3] "Affiliate" is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor,

as used in Bankruptcy Rule 1015(b). Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the Southern District of Texas and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

12. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors respectfully submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest and should be approved.

**EMERGENCY CONSIDERATION**

13. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical

---

or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor. . . ." 11 U.S.C. § 101(2)(B).

to the viability of the Debtors' operations, and any delay in granting the relief requested in this Motion could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## NOTICE

14.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: September 22, 2022
Houston, Texas

/s/ *James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (*pro hac vice* admission pending)
Sayan Bhattacharyya (*pro hac vice* admission pending)
Daniel Ginsberg (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

        */s/ James T. Grogan III*
        James T. Grogan III

**Certificate of Service**

I certify that on September 22, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

        */s/ James T. Grogan III*
        James T. Grogan III