# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u>
MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING DEBTORS
TO (A) FILE A CONSOLIDATED CREDITOR
MATRIX, (B) FILE A CONSOLIDATED LIST
OF 30 LARGEST UNSECURED CREDITORS, AND
(C) REDACT CERTAIN INDIVIDUAL AND CUSTOMER
CONFIDENTIAL INFORMATION, (II) APPROVING FORM
AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF CHAPTER 11 CASES AND OTHER INFORMATION, (III) SETTING
BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT UNDER SECTION 503(B)(9), AND (IV) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than 7:30 a.m. on September 23, 2022.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on September 23, 2022 at 7:30 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

## **RELIEF REQUESTED**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (a) authorizing the Debtors to (i) file a consolidated creditor matrix (the "<u>Consolidated Creditor Matrix</u>"), (ii) file a consolidated list of the Debtor's 30 largest unsecured creditors (the "<u>Consolidated Top 30 Creditors List</u>"), and (iii) redact certain individual and customer confidential information; (b) approving the form and manner of notifying creditors of the commencement of the chapter 11 cases and other information; (c) setting bar dates for filing proofs of claim, including (i) approving the proposed proof of claim form, (ii) establishing a deadline for filing requests for administrative expenses under section 503(b)(9) ("<u>Section 503(b)(9) Requests</u>") of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (iii) approving the proposed Bar Date Notice (as defined below), and (iv) approving the proposed form of publication notice (the "<u>Publication Notice</u>"); and (d) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107, 502(b)(9), and 503(b)(9) of the Bankruptcy Code, rules 1007, 2002, 3003(c), 6003, 6004, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9013-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), and paragraph 14 of the *Procedures for Complex Cases in the Southern District of Texas*, effective August 1, 2021 (the "Complex Case Procedures").

## BACKGROUND

5.      On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

6.      The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space.  With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs.  In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales.  The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

7.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

## BASIS FOR RELIEF

### I.    Consolidated Creditor Matrix

8.    Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ."  Fed. R. Bankr. P. 1007(a)(1).  Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.  Such relief is permitted by the Complex Case Procedures.  *See Complex Case Procedures*, ¶ 14(a).

### II.    Consolidated Top 30 Creditors List

9.    Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders[.]"  Fed. R. Bankr. P. 1007(d).  In complex chapter 11 cases filed in the Southern District of Texas, such as these Chapter 11 Cases,[3] the lead debtor in a jointly administered complex case must file a single, consolidated list of creditors on Official Form 204 consisting of the 30 largest creditors of all jointly administered debtors.  *See Complex Case Procedures*, ¶ 14(a).  Because the Debtors may share a significant number of creditors, the Debtors request authority to file one Consolidated Top 30 Creditors List for all Debtors.  The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  For the sake of clarity, the Debtors are not requesting authority in this Motion to (a) file consolidated schedules of assets and liabilities and statements of financial affairs or (b) substantively consolidate the Debtors' estates.

---

[3]    Contemporaneously herewith, the Debtors filed a Notice of Designation of Complex Chapter 11 Bankruptcy Cases in accordance with the Complex Case Procedures.

**III.     Redaction of Certain Individual and Customer Confidential Information**

     **A.     Individual Personal Information**

10.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual" with respect to "[a]ny means of identification . . . contained in a paper filed," or to be filed, in a case under the Bankruptcy Code "to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . ."  11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact address information of the Debtors' current and former employees, directors, and individual equity holders, and the Debtors' individual creditors, to the extent applicable, from the Consolidated Creditor Matrix and Consolidated Top 30 Creditors List, the list of equity holders required under Bankruptcy Rule 1007(a)(3), and any affidavits of service to such individuals listed on the Consolidated Creditor Matrix or Consolidated Top 30 Creditor List, because such information could be used to perpetrate identity theft.

11.     Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein.  *See, e.g.*, *In re Cypress Environmental Partners, L.P.*, Case No. 22-90039 (MI) (Bankr. S.D. Tex. May 11, 2022); *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 5, 2020); *In re SpeedCast Int'l Ltd.*, Case No. 20-32243 (MI) (Bankr. S.D. Tex. Apr. 23, 2020); *In re EP Energy Corporation*, Case No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 5, 2019); *In re Halcón Resources Corporation*, Case No. 19-34446 (DRJ) (Bankr. S.D. Tex. Aug. 8, 2019); *In re Fieldwood Energy, LLC*, Case No. 18-30648 (Bankr. S.D. Tex. Feb. 16, 2018); *In re Azure Midstream Partners, LP*, Case No. 17-30461 (DRJ) (Bankr. S.D. Tex. Feb. 1, 2017). The Debtors respectfully submit that the same relief is appropriate here.

###### B.    Customer Confidential Information

12.    Section 107(a) of the Bankruptcy Code recognizes the right of public access in a bankruptcy case.  *See* 11 U.S.C. § 107(a) ("[e]xcept as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge").  However, the right of public access under section 107(a) is not absolute.  *In re Supplement Spot, LLC*, No. 06-35903-H4-11, 2009 WL 2006834, at *11 (Bankr. S.D. Tex. July 8, 2009).  Section 107(b) of the Bankruptcy Code provides limited exceptions to the right of public access in bankruptcy cases and authorizes courts to issue orders to protect entities from potential harm caused by the disclosure of confidential or sensitive commercial information.  *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 429, 438 (Bankr. S.D. Tex. 2009).  Section 107(b)(1) of the Bankruptcy Code provides, in relevant part, that "the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  Bankruptcy Rule 9018 authorizes bankruptcy courts to enter orders implementing this statute.  Fed. R. Bankr. P. 9018.

13.    In order to obtain protection under Section 107(b) of the Bankruptcy Code, a debtor (or another party in interest) is required to show that the information it seeks to protect from disclosure is "confidential" and "commercial" in nature.  *In re Meyrowitz*, No. BKR. 06-31660-BJH-11, 2006 WL 6544093, at *2 (Bankr. N.D. Tex. Oct. 27, 2006); *see also Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2nd Cir. 1994).  Such confidential commercial information need not rise to the level of a trade secret to obtain protection under section 107(b)(1).  *Id*.  Commercial information has been defined by courts as information that would cause an unfair advantage to competitors by providing them

information as to the commercial operations of the debtor.  *Id.*; *see also In re Northstar Energy, Inc.,* 315 B.R. 425, 428–29 (Bankr. E.D. Tex. 2004).  The statute was designed to protect debtors from the disclosure of information that could reasonably be expected to cause the entity commercial injury.  *Northstar Energy,* 315 B.R. at 428–29.

14.     Courts have specifically recognized that information contained on a debtor's customer list is an asset of a debtor's estate and is confidential commercial information, which, if disclosed publicly, would diminish the value of the debtor's estate.  *In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 415–16 (7th Cir. 2005) (explaining that, in the context of plaintiffs' lawyers using a debtor's customer list to solicit more clients, "[b]oth the Code, 11 U.S.C. § 107(b)(1), and Fed. R. Bankr. P. 9018 authorize the court to withhold confidential commercial information from public disclosure," and "[h]anding the [customer] list over for free would have diminished the value of the estate").

15.     The Debtors maintain a list of their customers, including customer names and addresses (the "Customer List"), which is kept confidential by the Debtors and is not ascertainable by outside parties through any proper means.  Public disclosure of the Customer List would provide an opportunity for the Debtors' competitors to utilize this information to the detriment of the Debtors and their estates.  The Debtors' customers are generally contract counterparties and the Debtors anticipate that, as a result, the Debtors will provide certain notices to the Customer List in connection with the Chapter 11 Cases, including the Notice of Commencement, and that the information contained in the Customer List will be included within certain other filings made in connection with the Chapter 11 Cases, including certain affidavits of service and the Debtors' schedules and statements.  Disclosure of this confidential commercial information could seriously impair the Debtors' ability to continue to operate their business during the pendency of these

Chapter 11 Cases and to maximize value for the benefit of all stakeholders. To prevent the public disclosure of the Debtors' sensitive commercial information and to avoid harm to the Debtors' estates, the Debtors respectfully submit that it is appropriate to redact the names and addresses of the Debtors' customers from any paper filed or to be filed with the Court in these Chapter 11 Cases.

16.     Recognizing the importance of protecting crucial customer information, courts in this jurisdiction and others have granted similar relief in other cases. *See, e.g.*, *In re Edge Petroleum Corp.,* No. 09-20644 (Bankr. S.D. Texas Jan. 15, 2010); *In re Muzak Holdings LLC,* No. 09-10422 (KJC) (Bankr. D. Del. Mar. 17, 2009) (order authorizing debtors to redact customer information from schedules and file unredacted schedules under seal); *In re Maxide Acquisition, Inc.,* No. 05-10429 (MFW) (Bankr. D. Del. June 21, 2005) (same); *In re Frontier Group,* 256 B.R. 771, 774–75 (Bankr. E.D. Tenn. 2000) (approving filing of sealed customer list because "[t]he mandatory language of § 107(b) requires a court to protect confidential commercial information"). The Debtors will provide an unredacted version of the Customer List to the Court, the Office of the United States Trustee for the Southern District of Texas, and counsel to the official committee of unsecured creditors should one be appointed in these Chapter 11 Cases.

**IV.     Service of Notice of Commencement of These Chapter 11 Cases**

17.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code . . . ." Fed. R. Bankr. P. 20002(a). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

18.     The Debtors, through Epiq Corporate Restructuring, LLC, their proposed claims and noticing agent ("Epiq"), propose to serve the notice of commencement of these Chapter 11 Cases substantially in the form attached as Exhibit 1 to the Order (the "Notice of Commencement") to all parties listed on the Consolidated Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code and of the setting of the Bar Dates (as defined below). Service of the single Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the voluminous Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information.  Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these Chapter 11 Cases.

## V.     The Bar Dates and Related Procedures

### A.     The Bar Dates

19.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.  The Debtors have not yet filed their Schedules but anticipates doing so within forty-four (44) days of the Petition Date, consistent with the extension requested in the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Related Relief*, filed contemporaneously herewith.

Paragraph 32 of the Complex Case Procedures provides that unless the Court sets a different date, the bar date for Proof of Claims is (a) 180 days after the petition date for governmental units, and (b) 90 days after the date first set for the meeting of creditors pursuant to section 341 of the Bankruptcy Code for all other entities.

20.     The Debtors propose to establish the following bar dates consistent with the Complex Case Procedures:

>    (a)     The deadline for filing Proofs of Claim in these Chapter 11 Cases (except for governmental units, as defined in section 101(27) of the Bankruptcy Code) shall be November 21, 2022 (the "<u>Claims Bar Date</u>");

>    (b)     The deadline for governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim in these Chapter 11 Cases shall be March 21, 2023 (the "<u>Governmental Bar Date</u>"); and

>    (c)     The deadline for filing Section 503(b)(9) Requests shall be November 21, 2022 (the "<u>Section 503(b)(9) Bar Date</u>" and, together with the Claims Bar Date and the Governmental Bar Date, the "<u>Bar Dates</u>").

21.     For the avoidance of doubt, the Bar Dates are the dates and times by which all entities must submit Proofs of Claim and Section 503(b)(9) Requests, so that such Proofs of Claim are actually received by Epiq, and such Section 503(b)(9) Requests are filed with the Court, unless such entity's Proof of Claim or Section 503(b)(9) Request falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the Bar Dates would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.  The Debtors submit that the timeframes and procedures proposed in this Motion will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

>    **B.     Procedures for Filing Proofs of Claim and Section 503(b)(9) Requests**

22.     The Debtors are requesting approval for the following procedures (the "<u>Claim Procedures</u>") for Filing Proofs of Claim and Section 503(b)(9) Requests:

1. **Parties Required to File Proofs of Claim and Section 503(b)(9) Requests**

23.     Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following entities holding claims against the Debtors arising before the Petition Date to file Proofs of Claim or a Section 503(b)(9) Request, as applicable, on or before the applicable Bar Date:

     (a)     any entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated or disputed if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

     (b)     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

     (c)     any entity who believes that its claim against the Debtors is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

2. **Parties Not Required to File Proofs of Claim and Section 503(b)(9) Requests**

24.     The Debtors request that, notwithstanding anything to the contrary contained herein, the Court exempt the following entity or entities from any requirement to file a Proof of Claim or Section 503(b)(9) Request before the applicable Bar Date:

     (a)     any entity that already has filed a signed Proof of Claim against the applicable Debtor(s) with Epiq in a form substantially similar to Official Form 410;

     (b)     any entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

     (c)     any entity whose claim has previously been allowed by a final order of the Court;

     (d)     a current employee of the Debtors, for any claim related to wages, commission or benefits; *provided* that a current employee must submit a

Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(e)     any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

(f)     any entity holding a claim for which a separate deadline is fixed by this Court;

(g)     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a Section 503(b)(9) Request on or prior to the Section 503(b)(9) Bar Date; or

(h)     professionals engaged in these Chapter 11 Cases by (i) the Debtors or (ii) any official committee appointed in these Chapter 11 Cases (the "Creditor's Committee").

25.     No entity wishing to assert an interest in the Debtors shall be required to file a proof of interest; *provided* that any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim by the applicable Bar Date unless otherwise exempted by the Proposed Order.

**3.     Form of Proof of Claim and Filing Proofs of Claim and Section 503(b)(9) Requests**

26.     To submit a Section 503(b)(9) Request, the claimant must file it with the Court before the Section 503(b)(9) Bar Date.  Section 503(b)(9) Requests must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

27.     The Debtors have prepared, and request that the Court approve, forms for filing a Proof of Claim based on Official Form 410 substantially in the form annexed as <u>Exhibit 2</u> to the Proposed Order (the "<u>Proof of Claim Form</u>").

28.     With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

(a)     <u>Contents</u>. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

(b)     <u>Electronic Signatures Permitted</u>. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c)     <u>Supporting Documentation</u>. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

(d)     <u>Timely Service</u>. Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by Epiq as follows:

(i)     by electronic submission through the interface available at https://dm.epiq11.com/ComputeNorthHoldings; or

(ii)    if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Compute North Holdings, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**
Compute North Holdings, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(e) <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

**4.      Consequences of Failure to File a Proof of Claim or Section 503(b)(9) Request**

29.      Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required (and not otherwise exempt), but fails to file a Proof of Claim or Section 503(b)(9) Request in accordance with the Proposed Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim or Section 503(b)(9) Request with respect thereto) and the Debtors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to Section 503(b)(9) Requests. Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

**C.      Procedures for Providing Notice of the Bar Dates**

30.      The Debtors propose the following procedures (the "<u>Notice Procedures</u>") for providing mailing and publication notice of the Bar Dates:

1.      **Bar Date Notices and Notice of Commencement**

31.     Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (l), the Debtors propose to provide notice of the commencement of these cases and the Bar Dates to all known parties in interest as follows:

(a)     as soon as is reasonably practicable after the date on which the Proposed Order is entered, the Debtors propose to cause written notice of the commencement of these Chapter 11 Cases and Bar Dates, substantially in the forms annexed as <u>Exhibit 1</u> and <u>Exhibit 3</u> to the Proposed Order respectively, the Notice of Commencement and Bar Date notice (the "<u>Bar Date Notice</u>") to be served via first class mail to the following entities (or their respective counsel, if known):

(i)     the U.S. Trustee for Region 7;

(ii)     proposed counsel for any statutory committee, if any;

(iii)     all known claimants and their counsel (if known) as of the date of entry of the Proposed Order;

(iv)     all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Proposed Order;

(v)     all known equity holders of the Debtors as of the date this Order;

(vi)     all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Proposed Order;

(vii)     all entities who are party to executory contracts and unexpired leases with the Debtors;

(viii)     all entities who are party to litigation with the Debtors;

(ix)     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

(x)     all regulatory authorities that regulate the Debtors' businesses;

(xi)     the Offices of the Attorney General for each of the states in which the Debtors maintain or conduct business;

(xii)    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(xiii)   the United States Internal Revenue Service;

(xiv)    the United States Attorney's Office for the Southern District of Texas, and all applicable governmental units;

(xv)     the consolidated thirty (30) largest unsecured creditors for the Debtors; and

(xvi)    such additional persons and entities deemed appropriate by the Debtors.

(b)      The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Epiq for the Debtors' cases: https://dm.epiq11.com/ComputeNorthHoldings.

32.     The proposed Notice of Commencement and Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding (a) who must file a Proof of Claim or Section 503(b)(9) Request, (b) the Notice Procedures for filing a Proof of Claim and Section 503(b)(9) Request, and (c) the consequences of failure to timely file a Proof of Claim or Section 503(b)(9) Request.  The Debtors request the Court approve the use of the Notice of Commencement and Bar Date Notice as set forth in this Motion.

### 2.     Publication Notice

33.     In addition to the foregoing, the Debtors propose to publish the Notice of Commencement and Bar Date Notice as soon as reasonably practicable following entry of the Proposed Order, modified for publication, in substantially the form annexed as Exhibit 4 to the Proposed Order (the "Publication Notice"), on one occasion in the national edition of the *New York Times*.

The proposed Publication Notice includes an email address that creditors may contact to obtain copies of the Proof of Claim Form, the URL for a website maintained by Epiq at which creditors may obtain a copy of a Proof of Claim Form, information concerning the Notice Procedures, appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

**D.    The Bar Dates and Related Procedures Should Be Approved**

**1.    The Bar Dates and Notice Procedures for Filing Proofs of Claim and Section 503(b)(9) Requests are Reasonable and Should be Approved**

34.    In this case, the proposed Notice Procedures are consistent with the Complex Case Procedures and provide creditors and other parties in interest with ample notice and opportunity and a clear process for filing Proofs of Claim and Section 503(b)(9) Requests and thus are designed to achieve administrative and judicial efficiency.  Indeed, the proposed Notice Procedures will provide comprehensive notice and clear instructions to creditors and allow these Chapter 11 Cases to move forward quickly with minimal administrative expense and delay.

**2.    The Proposed Notice Procedures Are Reasonable and Should be Approved**

35.    Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least 21-days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice.  Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.  In addition, section 105(a) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 9007 and certain subsections of Bankruptcy Rule 2002, permits the Court to establish notice standards as to most pleadings which are likely to be filed in a bankruptcy case.  *See* Fed. R. Bank. P. 2002(m) (providing authority to determine notice

requirements as to Bankruptcy Rule 2002 matters); Bankruptcy Rule 9007 (providing overall authority to regulate notices).

36.     In these cases, the Debtors propose to provide the Notice of Commencement and Bar Date Notice by mail to all known creditors and utilize publication to give notice to its unknown creditors.  The Debtors submit this procedure is consistent with applicable case law.

37.     In addition, requiring entities asserting Section 503(b)(9) Requests to make such requests on or prior to the Section 503(b)(9) Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such Section 503(b)(9) Requests while affording such parties appropriate and adequate notice.

38.     The Debtors submit that the relief requested herein provides for clear notice of the each of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.

39.     For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Debtors request that the Court authorize the Debtors to file the Consolidated Creditor Matrix, file the Consolidated Top 30 Creditors List, redact certain personal and confidential information of individuals and customers, set the Bar Dates, approve the form and manner of notifying creditors of the commencement of the Chapter 11 Cases, the Bar Dates, and other information, and grant related relief.

## EMERGENCY CONSIDERATION

40.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical

to the viability of the Debtors' operations, and any delay in granting the relief requested in this Motion could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## RESERVATION OF RIGHTS

41.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority

of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

42.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

The Debtors respectfully request entry of the Proposed Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  September 22, 2022
Houston, Texas

    */s/ James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (*pro hac vice* admission pending)
Sayan Bhattacharyya (*pro hac vice* admission pending)
Daniel Ginsberg  (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
       michaeljones@paulhastings.com


*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ James T. Grogan III*
James T. Grogan III

## **Certificate of Service**

I certify that on September 22, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan III*
James T. Grogan III