**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No.** |

**ORDER (I) AUTHORIZING DEBTORS**
**TO (A) FILE A CONSOLIDATED CREDITOR**
**MATRIX, (B) FILE A CONSOLIDATED LIST**
**OF 30 LARGEST UNSECURED CREDITORS, AND**
**(C) REDACT CERTAIN INDIVIDUAL AND CUSTOMER**
**CONFIDENTIAL INFORMATION, (II) APPROVING FORM**
**AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT**
**OF CHAPTER 11 CASES AND OTHER INFORMATION, (III) SETTING**
**BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR**
**PAYMENT UNDER SECTION 503(B)(9), AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 107(c)(1)(A), 502(b)(9), and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002(d), 3003(c), 6003, 6004, 9007, and 9008, (a) authorizing the Debtors to (i) file the Consolidated Creditor Matrix, (ii) file the Consolidated Top 30 Creditors List, and (iii) redact certain individual and customer confidential information; (b) waiving the requirement to file a list of and provide notice directly to the Debtors' equity security holders;

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(c) approving the form and manner of notifying creditors of the commencement of the Chapter 11 Cases and other information; (d) setting bar dates for filing proofs of claim, including (i) approving the proposed proof of claim form, (ii) establishing a deadline for filing request for administrative expenses under section 503(b)(9) of the Bankruptcy Code, (iii) approving the proposed Bar Date Notice, and (iv) approving the proposed form of Publication Notice; and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) and (d), to file the Consolidated Creditor Matrix and the Consolidated Top 30 Creditors List.

2.       The Debtors are authorized, but not directed, to redact address information of the Debtors' current and former individual employees, individual directors, individual equity holders, individual independent contractors, and the Debtors' individual creditors, to the extent applicable, listed on the Consolidated Creditors Matrix and Consolidated Top 30 Creditors List, the list of equity holders required under Bankruptcy Rule 1007(a)(3), subsequent affidavits of service to such individuals listed therein, and the list of equity holders required under Bankruptcy Rule 1007(a)(3). The Debtors are further authorized, but not directed, to redact the name and address information of the Debtors' customers from any papers filed in these Chapter 11 Cases, including affidavits of service (including with respect to the service of the Notice of Commencement) and the Debtors' schedules and statements.  The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, and Customer List pursuant to this Order to (x) the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any statutory committee appointed in these Chapter 11 Cases (if any), and (y) upon request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases, any party in interest, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not a party to the request. The Debtors shall inform the U.S. Trustee and the Court promptly after denying any request for such unredacted document pursuant to this Order.  The rights of all parties in these Chapter 11 Cases to object to the relief set forth in this paragraph on a final basis, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

3.       In the event a party in interest is required by the Bankruptcy Rules to serve the entire Creditor Matrix, such party may request that the Debtors direct their claims and noticing

agent to provide service to any creditor if that creditor's information is redacted on the Consolidated Creditor Matrix, the Debtors must promptly give such direction, and the claims agent must comply with the direction.

4.      The Notice of Commencement, in substantially the form attached hereto as **Exhibit 1**, is hereby approved in all respects.

5.      No later than seven (7) business days after the entry of this Order or as soon as reasonably practicable, the Debtors shall serve the Notice of Commencement on all parties listed on the Consolidated Creditor Matrix and all parties who were served notice of the Motion.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these Chapter 11 Cases and (b) the scheduling of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.

6.      Except for governmental units, as defined in section 101(27) of the Bankruptcy Code, and certain other exceptions explicitly set forth in this Order, each entity that asserts a claim against the Debtors that arose before the Petition Date, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 2** or Official Form 410.

7.      Except for governmental units, as defined in section 101(27) of the Bankruptcy Code, and certain other exceptions explicitly set forth in this Order, all Proofs of Claim must be filed so that they are actually received by Epiq Corporate Restructuring, LLC, the Debtors' proposed claims and noticing agent ("Epiq"), on or before November 21, 2022 at 5:00 p.m. (prevailing Central Time) (the "Claims Bar Date") at the addresses and in the form set forth herein.

8.      The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

9.      Except for governmental units, as defined in section 101(27) of the Bankruptcy Code, and certain other exceptions explicitly set forth in this Order, each entity that asserts a request for payment under section 503(b)(9) of the Bankruptcy Code (a "Section 503(b)(9) Request") shall be required to file a Section 503(b)(9) Request with the Bankruptcy Court on or before November 21, 2022 at 5:00 p.m. (prevailing Central Time) (the "Section 503(b)(9) Bar Date") at the addresses and in the form set forth herein.

10.     All governmental units, as defined in section 101(27) of the Bankruptcy Code, holding claims that arose prior to the Petition Date, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim so they are actually received by Epiq on or before March 21, 2023, at 5:00 p.m. (prevailing Central Time) (the "Governmental Bar Date," and together with the Claims Bar Date and  Section 503(b)(9) Bar Date, the "Bar Dates") at the addresses and in the form set forth herein.

11.     Each current or former employee of the Debtors that asserts a claim against the Debtor that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information. Such individuals that file a redacted Proof of Claim are required to serve an unredacted Proof of Claim upon the proposed counsel to the Debtor: (a) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James Grogan, jamesgrogan@paulhastings.com, (b) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166,      Attn:  Luc      Despins,      lucdespins@paulhastings.com,      Sayan      Bhattacharyya,

sayanbhattacharyya@paulhastings.com, and Daniel Ginsberg, danielginsberg@paulhastings.com, and (c) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli, mattmicheli@paulhastings.com, and Michael Jones, michaeljones@paulhastings.com.

12.     The Debtors and their proposed claims and noticing agent, Epiq, are authorized to take reasonable action to prevent individuals' personally identifiable information from being publicly available on the claims register.

13.     All Proofs of Claim must be filed so as to be actually received by Epiq on or before the applicable Bar Date, and all Section 503(b)(9) Requests must be filed with the Court before the Section 503(b)(9) Bar Date.   If Proofs of Claim and Section 503(b)(9) Requests are not received by Epiq or the Court, as applicable, by the applicable Bar Date, except in the case of certain exceptions explicitly set forth in this Order, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plan filed in the chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in the chapter 11 cases.

## I.     Parties Required to File Proofs of Claim and Section 503(b)(9) Requests

14.     The following entities holding claims against the Debtor arising before the Petition Date shall file Proofs of Claim or a Section 503(b)(9) Request, as applicable, on or before the applicable Bar Date:

> (a)     any entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated or disputed if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;
>
> (b)     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its

claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)    any entity who believes that its claim against the Debtors is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

15.    Notwithstanding anything contained in this Order, the following entities and categories of claimants shall not be required to file a Proof of Claim or Section 503(b)(9) Request by the Bar Date:

(a)    any entity that already has filed a signed Proof of Claim against the applicable Debtor(s) with Epiq in a form substantially similar to Official Form 410;

(b)    any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

(c)    any entity whose claim has previously been allowed by a final order of the Court;

(d)    a current employee of the Debtors, for any claim related to wages, commission or benefits; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(e)    any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

(f)    any entity holding a claim for which a separate deadline is fixed by this Court;

(g)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by

filing a Section 503(b)(9) Request on or prior to the Section 503(b)(9) Bar Date; or

(h)     professionals engaged in these Chapter 11 Cases by (i) the Debtors or (ii) any official committee appointed in these Chapter 11 Cases (the "Creditor's Committee").

16.     No entity wishing to assert an interest in the Debtors shall be required to file a proof of interest; *provided* that any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim by the applicable Bar Date unless otherwise exempted by this Order.

**II.     Requirements of Proofs of Claim and Section 503(b)(9) Requests**

17.     To submit a Section 503(b)(9) Request, the claimant must file it with the Court before the Section 503(b)(9) Bar Date.  Section 503(b)(9) Requests must (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (b) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

18.     The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a)     Contents. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

(b)     Electronic Signatures Permitted. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies

of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c)     <u>Supporting Documentation</u>. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

(d)     <u>Timely Service</u>. Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by Epiq as follows:

      (i)     by electronic submission through the interface available at https://dm.epiq11.com/ComputeNorthHoldings; or

      (ii)     if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

**If by First-Class Mail:**
Compute North Holdings, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**
Compute North Holdings, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

(e)     <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (i) a copy of the Proof

of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

**III.     Procedures for Providing Notice of the Bar Dates**

**A.     Mailing Bar Date Notices and Notice of Commencement**

19.     On or as soon as is reasonably practicable after the entry of this Order, the Debtors shall cause written notice of the commencement of the Chapter 11 Cases and Bar Dates, substantially in the form attached hereto as **Exhibit 1** and **Exhibit 3** (respectively, the "Notice of Commencement" and "Bar Date Notice") to be served via first class mail to the following entities:

(i)      The U.S. Trustee for Region 7;

(ii)     proposed counsel for any statutory committee, if any;

(iii)    all known claimants and their counsel (if known) as of the date of entry of the Proposed Order;

(iv)    all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Proposed Order;

(v)     all known equity holders of the Debtors as of the date this Order;

(vi)    all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Proposed Order;

(vii)   all entities who are party to executory contracts and unexpired leases with the Debtors;

(viii)  all entities who are party to litigation with the Debtors;

(ix)    all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

(x)     all regulatory authorities that regulate the Debtors' businesses;

(xi)    the Offices of the Attorney General for each of the states in which the Debtors maintain or conduct business;

(xii)   all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(xiii)  the United States Internal Revenue Service;

(xiv)  the United States Attorney's Office for the Southern District of Texas, and all applicable governmental units;

(xv)   the consolidated thirty (30) largest unsecured creditors for the Debtors; and

(xvi)  such additional persons and entities deemed appropriate by the Debtors.

**B.    Supplemental Mailings**

20.    After the initial mailing of the Notice of Commencement and Bar Date Notices, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known after the initial mailing, or emailing, of the Notice of Commencement and Bar Date Notices.  The Debtors may make supplemental mailings of the Notice of Commencement and Bar Date Notice in these and similar circumstances at any time up to 21 days in advance of the Bar Dates, with any such mailings or email being deemed timely and the Bar Dates being applicable to the recipient creditors

**C.    Publication of Bar Date Notice**

21.    The Debtors shall cause notice of the Bar Date Notice to be given by publication to creditors to whom notice by mail or email is impracticable, including creditors who are unknown

or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Notice of Commencement and Bar Date Notice (with such changes as may be required for publication) to be published once in the national edition of the *New York Times* within seven (7) days following entry of this Order or as soon as practicable thereafter and the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(l) in substantially the form annexed hereto as **<u>Exhibit 4</u>** (the "<u>Publication Notice</u>").

## IV.    Consequences of Failure to File a Proof of Claim or Section 503(b)(9) Request

22.    Any entity who is required (and not exempt) under this Order, but fails to file a Proof of Claim or Section 503(b)(9) Request in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim or Section 503(b)(9) Request with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Section 503(b)(9) Request in accordance with this Order shall not be entitled to any priority treatment on account of such Request pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

23.    Any such entity who is required (and not exempt) under this Order but fails to file a Proof of Claim or Section 503(b)(9) Request in accordance with this Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in

this chapter 11 case, participating in any distribution in the chapter 11 case on account of such claim, or receiving further notices regarding such claim.

## V.    Miscellaneous

24.    This Order, the Notice of Commencement, and the Bar Date Notice shall be prominently displayed on the Debtors' case website: https://dm.epiq11.com/ComputeNorthHoldings.

25.    To the extent a Proof of Claim is filed with the Clerk of the Court instead of Epiq, the Clerk shall, by using Epiq's overnight express account, transmit to Epiq any paper proof of claim that it receives to Epiq.  For the avoidance of doubt, the Clerk need not physically transfer any claim it receives electronically to Epiq.

26.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or

(i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

27.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

28.      Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Notice of Commencement, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

29.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

30.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

31.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

32.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
       Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Notice of Commencement**

<table>
<tr><td colspan="2">Information to identify the case:</td></tr>
</table>

Debtor: <u>Compute North Holdings, Inc., *et al.* (see below for all Debtors)</u>    EIN: <u>85-3774534</u>
       Name

United States Bankruptcy Court for the <u>Southern</u> District of <u>Texas</u>    Date case filed for chapter 11: <u>09 / 22 /2022</u>
                   (State)                                  MM / DD/YYYY

Lead Case Number: <u>22-90273 (MI) (Jointly Administered)</u>

## Official Form 309F1 (For Corporations or Partnerships)
## Notice of Chapter 11 Bankruptcy Case         10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code.  An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines.  Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities.  This means that creditors generally may not take action to collect debts from the debtor or the debtor's property.  For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor.  Creditors cannot demand repayment from the debtor by mail, phone, or otherwise.  Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt.  A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney.  All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | Debtors' full name(s) | Debtor | EIN Number | Case Number |
|---|---|---|---|---|
| | List of Jointly Administered Debtors | Compute North Holdings, Inc. | 85-3774534 | 22-90273 (MI) |
| | | Compute North LLC | 82-3377185 | 22-90275 (MI) |
| | | CN Corpus Christi LLC | 88-1145551 | 22-90272 (MI) |
| | | CN Atoka LLC | 87-3904384 | 22-90276 (MI) |
| | | CN Big Spring LLC | 87-3854397 | 22-90277 (MI) |
| | | CN Colorado Bend LLC | 87-3864610 | 22-90278 (MI) |
| | | CN Developments LLC | 87-3782570 | 22-90279 (MI) |
| | | CN Equipment LLC | 88-2676885 | 22-90280 (MI) |
| | | CN King Mountain LLC | 87-3937190 | 22-90281 (MI) |
| | | CN Minden LLC | 87-3833722 | 22-90282 (MI) |
| | | CN Mining LLC | 87-4495223 | 22-32786 (MI) |
| | | CN Pledgor LLC | 87-4409871 | 22-90274 (MI) |
| | | Compute North Member LLC | 87-3758639 | 22-90283 (MI) |
| | | Compute North NC08 LLC | 87-1858069 | 22-90284 (MI) |
| | | Compute North NY09 LLC | 87-2175453 | 22-90285 (MI) |
| | | Compute North SD, LLC | 37-1911501 | 22-90286 (MI) |

| | | Compute North Texas LLC | 35-2621883 | 22-90287 (MI) |
|---|---|---|---|---|
| | | Compute North TX06 LLC | 85-4305921 | 22-90288 (MI) |
| | | Compute North TX10 LLC | 87-3224238 | 22-90289 (MI) |
| 2. | All other names used in the last 8 years | **Debtor** | **Other Name(s)** | |
| | | Compute North Holdings, Inc. | N/A | |
| | | Compute North LLC | Compute North, LLC | |
| | | CN Corpus Christi LLC | N/A | |
| | | CN Atoka LLC | N/A | |
| | | CN Big Spring LLC | N/A | |
| | | CN Colorado Bend LLC | N/A | |
| | | CN Developments LLC | N/A | |
| | | CN Equipment LLC | N/A | |
| | | CN King Mountain LLC | N/A | |
| | | CN Minden LLC | N/A | |
| | | CN Mining LLC | N/A | |
| | | CN Pledgor LLC | N/A | |
| | | Compute North Member LLC | N/A | |
| | | Compute North NC08 LLC | N/A | |
| | | Compute North NY09 LLC | N/A | |
| | | Compute North SD LLC | N/A | |
| | | Compute North Texas LLC | N/A | |
| | | Compute North TX06 LLC | N/A | |
| | | Compute North TX10 LLC | N/A | |
| 3. | **Address** | 7575 Corporate Way, Eden Prairie, Minnesota  55344 | | |
| 4. | **Debtor's attorney**<br>Name and address | **PAUL HASTINGS LLP**<br>James Grogan (TX Bar No. 24027354)<br>600 Travis Street, 58th Floor<br>Houston, Texas 77002<br>Email: jamesgrogan@paulhastings.com<br><br>-and-<br><br>Luc Despins<br>Sayan Bhattacharyya<br>Daniel Ginsberg<br>200 Park Avenue<br>New York, New York 10166<br>Email: lucdespins@paulhastings.com<br>        sayanbhattacharyya@paulhastings.com<br>        danielginsberg@paulhastings.com<br><br>-and-<br><br>Matthew Micheli<br>Michael Jones<br>71 South Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>Email: mattmicheli@paulhastings.com<br>        michaeljones@paulhastings.com. | **Debtors' Claims and Noticing Agent** (for Court Documents and Case Information Inquiries):<br><br>Epiq Corporate Restructuring, LLC (the "Claims Agent")<br><br>**Case website:**<br><br>https://dm.epiq11.com/ComputeNorthHoldings<br><br>**Email Inquiries:**<br><br>ComputeNorthHoldingsInfo@epiqglobal.com<br><br>**Address if by First-Class Mail:**<br><br>Compute North Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4421<br>Beaverton, OR 97076-4421<br><br>**Address if by Hand Delivery or Overnight Mail:**<br><br>Compute North Holdings, Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd. | |

| | | Beaverton, OR 97005 |
|---|---|---|
| **5. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address.<br><br>You may inspect all records filed in this case at this office or online at <u>pacer.uscourts.gov</u> | United States Courthouse 515 Rusk Avenue Houston, Texas 77002 | <u>Hours:</u> Monday to Friday – 8:30 a.m. to 5:00 p.m. (CT)<br><br><u>Telephone:</u> (713) 250-5500 |
| **6. Meeting of creditors**<br><br>The Debtors' representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | Not yet scheduled. | **Location:**<br><br>United States Courthouse<br>Office of the United States Trustee 515 Rusk Avenue, Suite 3401<br>Houston, Texas 77002 |
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:**<br><br>November 21, 2022 at 5:00 PM (CT) | **Deadline for governmental units to file proof of claim:**<br><br>March 21, 2023 at 5:00 PM (CT) |
| | **Deadline for filing proof of claim on account of the Debtors' rejection of executory contracts or unexpired leases.**<br><br>[Not yet set.  Notice of deadline, if any, will be filed on the Court's docket.] | |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form is enclosed with this notice or may be obtained at <u>www.uscourts.gov</u>, https://dm.epiq11.com/ComputeNorthHoldings, or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>▪ you file a proof of claim in a different amount; or<br>▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim. You may file a proof of claim even if your claim is scheduled.<br><br>Once the schedules are filed, you may review the schedules at the bankruptcy clerk's office or online at <u>pacer.uscourts.gov</u> or https://dm.epiq11.com/ComputeNorthHoldings.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| **8.    Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint:     [N/A]** | |
| **9.    Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |

| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
|---|---|

> **If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC by email at ComputeNorthHoldingsInfo@epiqglobal.com. You may also find more information at https://dm.epiq11.com/ComputeNorthHoldings.**

## **Exhibit 2**

**Proof of Claim Form**

United States Bankruptcy Court for the Southern District of Texas

**Compute North Holdings, Inc.** Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to https://epiqworkflow.com/cases/CPN

Name of Debtor:

Case Number:

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

# Proof of Claim (Official Form 410)

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

1. Who is the current creditor?
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

2. Has this claim been acquired from someone else? ☐ No ☐ Yes. From whom? _____

3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City _____ State _____ ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

4. Does this claim amend one already filed?

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
        MM  / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?

☐ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. Do you have any number you use to identify the debtor?

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

7. How much is the claim?

$_____.

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

9. Is all or part of the claim secured?

☐ No

☐ Yes.   The claim is secured by a lien on property.

Nature of property:

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (official Form 410-A) with this Proof of Claim.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                           $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed   ☐ Variable

---

10. Is this claim based on a lease?

☐ No

☐ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

11. Is this claim subject to a right of setoff?

☐ No

☐ Yes.  Identify the property:

_____

---

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

☐ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(   ) that applies.

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

---

13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____

MM / DD / YYYY          Signature _____

Print the name of the person who is completing and signing this claim:

Name    _____
First name          Middle name          Last name

Title    _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number          Street

_____
City          State          ZIP Code

Contact Phone _____   Email _____

## Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

### How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form. The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/case/CPN.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write A.B., a minor child (John Doe, parent, 123 Main St, City, State). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/CPN) to view your filed form under "Claims."

### Where to File Proof of Claim Form

First Class Mail:
United States Bankruptcy Court for the Southern District of Texas
**Compute North Holdings, Inc.** Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Hand Delivery or Overnight Mail:
United States Bankruptcy Court for the Southern District of Texas
**Compute North Holdings, Inc.** Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Electronic Filing:
By accessing the E-filing File a Claim link **at**
https://dm.epiq11.com/CPN

### Understand the terms used in this form

Administrative expense: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

Claim: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

Creditor: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

Debtor: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

Evidence of perfection: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

Information that is entitled to privacy: A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Priority claim: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

Proof of claim: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

Redaction of information: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

Secured claim under 11 U.S.C. §506(a): A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

Setoff: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

Uniform claim identifier: An optional 24-character identifier that some creditors use to facilitate electronic payment.

Unsecured claim: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

## **Exhibit 3**

**Bar Date Notice**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No.** |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM AND REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

**TO:**   All persons and entities who may have claims against the following entities (collectively, the "Debtors"):

| Debtor | Case No. |
|---|---|
| Compute North Holdings, Inc. | 22-90273 (MI) |
| Compute North LLC | 22-90275 (MI) |
| CN Corpus Christi LLC | 22-90272 (MI) |
| CN Atoka LLC | 22-90276 (MI) |
| CN Big Spring LLC | 22-90277 (MI) |
| CN Colorado Bend LLC | 22-90278 (MI) |
| CN Developments LLC | 22-90279 (MI) |
| CN Equipment LLC | 22-90280 (MI) |
| CN King Mountain LLC | 22-90281 (MI) |
| CN Minden LLC | 22-90282 (MI) |
| CN Mining LLC | 22-32786 (MI) |
| CN Pledgor LLC | 22-90274 (MI) |
| Compute North Member LLC | 22-90283 (MI) |
| Compute North NC08 LLC | 22-90284 (MI) |
| Compute North NY09 LLC | 22-90285 (MI) |
| Compute North SD, LLC | 22-90286 (MI) |
| Compute North Texas LLC | 22-90287 (MI) |
| Compute North TX06 LLC | 22-90288 (MI) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

| Debtor | Case No. |
|---|---|
| Compute North TX10 LLC | 22-90289 (MI) |

**PLEASE TAKE NOTICE THAT:**

On September 22, 2022 (the "Petition Date"), the above-listed Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [___], 2022, the Court entered an order (the "Order")[2] establishing deadlines by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Section 503(b)(9) Requests").

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**I.      THE BAR DATES**

The Order establishes the following bar dates for filing Proofs of Claim and Section 503(b)(9) Requests in the chapter 11 cases (collectively, the "Bar Dates"):

*a.      Claims Bar Date.* Except as expressly set forth in this Notice, all entities (except governmental units and other entities exempt from filing Proof(s) of Claim under the Order) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, are required to file Proofs of Claim by **November 21, 2022 at 5:00 p.m. (prevailing Central Time).** Except as expressly set forth in this Notice and the Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

*b.      Governmental Bar Date.* All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file proofs of claim by **March 21, 2023 at 5:00 p.m. (prevailing Central Time).** The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

c.      ***Section 503(b)(9) Bar Date.*** Except as expressly set forth in this Notice, all entities (except for governmental units and other entities exempt from filing Section 503(b)(9) Requests under the Order), each entity that asserts a request for payment under section 503(b)(9) of the Bankruptcy Code (a "Section 503(b)(9) Request") shall be required to file a Section 503(b)(9) Request with the Bankruptcy Court on or before **November 21, 2022 at 5:00 p.m. (prevailing Central Time).**

## II.      WHO MUST FILE A PROOF OF CLAIM OR SECTION 503(B)(9) REQUEST

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of Claim or Section 503(b)(9) Requests on or before the Claims Bar Date, Governmental Bar Date, Section 503(b)(9) Bar Date, or any other Bar Date set forth in the Order, as applicable:

(a)      any entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated or disputed if such entity desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases;

(b)      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

(c)      any entity who believes that its claim against the Debtors is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.      WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM OR § 503(B)(9) REQUEST

Some parties are not required to file Proofs of Claim or Section 503(b)(9) Requests.  The Court may, however, enter one or more orders at a later time requiring creditors to take certain actions for some kinds of the claims and set related deadlines.  If the Court enters such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claim or Section 503(b)(9) Requests:

(a)      any entity that already has filed a signed Proof of Claim against the applicable Debtor(s) with Epiq in a form substantially similar to Official Form 410;

(b)      any entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

(c)      any entity whose claim has previously been allowed by a final order of the Court;

(d)      a current employee of the Debtors, for any claim related to wages, commission or benefits; *provided* that a current employee must submit a Proof of Claim by the

Claims Bar Date for all other claims arising before the Petition Date, including claims (if any) for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

(e)    any current officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

(f)    any entity holding a claim for which a separate deadline is fixed by this Court;

(g)    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a Section 503(b)(9) Request on or prior to the Section 503(b)(9) Bar Date; or

(h)    professionals engaged in these Chapter 11 Cases by (i) the Debtors or (ii) any official committee appointed in these Chapter 11 Cases (the "Creditor's Committee").

No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; provided, that any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Order.

## IV.    HOW TO FILE A PROOF OF CLAIM

Proof of Claim forms are available at https://dm.epiq11.com/ComputeNorthHoldings. Each Proof of Claim must be submitted to Epiq in one of the following ways:

(i)    by electronic submission through the interface available at https://dm.epiq11.com/ComputeNorthHoldings; or

(ii)    if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Compute North Holdings, Inc. | Compute North Holdings, Inc. |
| Claims Processing Center | Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4421 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4421 | Beaverton, OR 97005 |

PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a)     <u>Contents</u>. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially to the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

(b)     <u>Electronic Signatures Permitted</u>. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(c)     <u>Supporting Documentation</u>. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that does not attach supporting documentation shall be required to transmit such documentation to Debtors' counsel upon request no later than three (3) days from the date of such request.

(d)     <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## V.     **HOW TO FILE A SECTION 503(b)(9) REQUEST**

(a)     Any entity asserting a Section 503(b)(9) Request must file it with the Court before the Section 503(b)(9) Bar Date. Section 503(b)(9) Requests must (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

## VI.    **CONSEQUENCES OF NOT TIMELY FILING A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST**

If any party or entity is required, but fails, to file a Proof of Claim or Section 503(b)(9) Request in accordance with the Order on or before the applicable Bar Date, please be advised that:

(a)     YOU WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST WITH RESPECT THERETO);

(b)      THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

(c)      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

(d)      YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VII.     THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtors in its Schedules. The Schedules will be available free of charge on Epiq's website at https://dm.epiq11.com/ComputeNorthHoldings. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules and (b) your claim is NOT described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in the chapter 11 cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order

## VIII.     ADDITIONAL INFORMATION.

Copies of the Schedules, the Order, and other pleadings, orders, and notices, and other information regarding the chapter 11 cases are available free of charge on the Debtors' informational website at https://dm.epiq11.com/ComputeNorthHoldings. Filings in the chapter 11 cases also are available for a fee at the Court's website at https://www.txs.uscourts.gov/bankruptcy-court. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at https://www.pacer.gov. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas (Houston Division), 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may (a) visit the Debtors' restructuring website at: https://dm.epiq11.com/ComputeNorthHoldings; or (b) send an electronic mail message to ComputeNorthHoldingsInfo@epiqglobal.com.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST.**

**<u>Exhibit 4</u>**

**Publication Notice**

**Information to identify the case:**

Debtor: Compute North Holdings, Inc., et al. EIN: **85-3774534**

United States Bankruptcy Court for the Southern District of Texas

Case Number: 22-90273 (MI) Date case filed for chapter 11: 09/22/2022

Official Form 309F1 (For Corporations or Partnerships

**Notice of Chapter 11 Bankruptcy Case**         **10/20**

     **For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

     **This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

     The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

     Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

     To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**
**Do not file this notice with any proof of claim or other filing in the case.**

     **Debtors' full name(s):** List of Jointly Administered Debtors: **Debtor, Case-Number, Tax ID:** Compute North Holdings, Inc., 85-3774534, 22-90273 (MI); Compute North LLC, 82-3377185, 22-90275 (MI); CN Corpus Christi LLC, 88-1145551, 22-90272 (MI); CN Atoka LLC, 87-3904384, 22-90276 (MI); CN Big Spring LLC, 87-3854397, 22-90277 (MI); CN Colorado Bend LLC, 87-3864610, 22-90278 (MI); CN Developments LLC, 87-3782570, 22-90279 (MI); CN Equipment LLC, 88-2676885, 22-90280 (MI); CN King Mountain LLC, 87-3937190, 22-90281 (MI); CN Minden LLC, 87-3833722, 22-90282 (MI); CN Mining LLC, 87-4495223, 22-32786 (MI); CN Pledgor LLC, 87-4409871, 22-90274 (MI); Compute North Member LLC, 87-3758639, 22-90283 (MI); Compute North NC08 LLC, 87-1858069, 22-90284 (MI); Compute North NY09 LLC, 87-2175453, 22-90285 (MI); Compute North SD, LLC, 37-1911501, 22-90286 (MI); Compute North Texas LLC, 35-2621883, 22-90287 (MI); Compute North TX06 LLC, 85-4305921, 22-90288 (MI); Compute North TX10 LLC, 87-3224238, 22-90289 (MI)

     **All other names used in the last 8 years: Debtor (Other Name(s)):** Compute North LLC (Compute North, LLC)

     **Address:** 7575 Corporate Way, Eden Prairie, Minnesota 55344

**Debtors' Attorney:** (Name and Address)**: PAUL HASTINGS LLP,** James Grogan, (TX Bar No. 24027354), 600 Travis Street, 58th Floor Houston, Texas 77002, Email: jamesgrogan@paulhastings.com -and- Luc Despins, Sayan Bhattacharyya, Daniel Ginsberg, 200 Park Avenue, New York, New York 10166, Email: lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, danielginsberg@paulhastings.com, -and- Matthew Micheli, Michael Jones, 71 South Wacker Drive, Suite 4500 Chicago, Illinois 60606, Email: mattmicheli@paulhastings.com, michaeljones@paulhastings.com

**Debtors' Claims and Noticing Agent:** (for Court Documents and Case Information Inquiries): Epiq Corporate Restructuring, LLC (the "Claims Agent") Case website: https://dm.epiq11.com/ComputeNorthHoldings Email Inquiries: ComputeNorthHoldingsInfo@epiqglobal.com Address if by First-Class Mail: Compute North Holdings, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4421 Beaverton, OR 97076-4421 Address if by Hand Delivery or Overnight Mail: Compute North Holdings, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005

**Bankruptcy clerk's office:** United States Courthouse 515 Rusk Avenue Houston, Texas 77002. Hours: Monday to Friday – 8:30 a.m. to 5:00 p.m. (CT) Telephone: (713) 250-5500 Documents in this case may be filed at this address.You may inspect all records filed in this case at this office or online at pacer.uscourts.gov

**Meeting of creditors: Not yet scheduled.** Location: United States Courthouse Office of the United States Trustee 515 Rusk Avenue, Suite 3401 Houston, Texas 77002 The Debtors' representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so.

### <u>Deadlines to File Proofs of Claim</u>

**The Bar Dates:** Pursuant to the Order, all entities (except governmental units and other entities exempt from filing Proof(s) of Claim under the Order) who have a claim or potential claim against the Debtors that arose prior to **September 22, 2022**, no matter how remote or contingent such right to payment or equitable remedy may be MUST FILE A PROOF OF CLAIM on or before November 21, 2022, at 5:00 p.m. (CT) (the "**<u>Claims Bar Date</u>**").  Governmental entities who have a claim or potential claim against the Debtors that arose prior to September 22, 2022, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before March 21, 2023 at 5:00 p.m. (CT) (the "**<u>Governmental Bar Date</u>**").  Each entity that asserts a request for payment under section 503(b)(9) of the Bankruptcy Code (a  "**<u>Section 503(b)(9) Request</u>**") MUST FILE A SECTION 503(B)(9) REQUEST on or before November 21, 2022 at 5:00 p.m. (prevailing Central Time) (the "**<u>Section 503(b)(9) Bar Date</u>**").

**EXCEPT FOR A PERSON OR ENTITY THAT IS EXEMPT FROM FILING A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST UNDER THE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST ON OR BEFORE THE CLAIMS BAR DATE, SECTION     503(B)(9) BAR**

**DATE, OR GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION IN ANY CHAPTER 11 PLANS.**

**Filing a Proof of Claim:** Proof of Claim forms are available at https://dm.epiq11.com/ComputeNorthHoldings. Each Proof of Claim must be submitted to Epiq in one of the following ways: (i) by electronic submission through the interface available at https://dm.epiq11.com/ComputeNorthHoldings or (ii) if submitted through non-electronic means: (a) If by first-class mail: Compute North Holdings, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421, and (b) If by hand delivery or overnight mail: Compute North Holdings, Inc., Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005. Proofs of Claim submitted by facsimile or electronic mail will not be accepted.

**Section 503(b)(9) Requests:** Any entity asserting a Section 503(b)(9) Request must file it with the Court before the Section 503(b)(9) Bar Date.

**Additional Information:** If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form, the Order, or certain other pleadings, orders, and notices, or related documents you may do so by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/ComputeNorthHoldings; or (b) sending an electronic mail message to ComputeNorthHoldingsInfo@epiqglobal.com.

**Deadline for filing proof of claim on account of the Debtors' rejection of executory contracts or unexpired leases:**
[Not yet set. Notice of deadline, if any, will be filed on the Court's docket.]

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form is enclosed with this notice or may be obtained at www.uscourts.gov, https://dm.epiq11.com/ComputeNorthHoldings, or any bankruptcy clerk's office. Your claim will be allowed in the amount scheduled unless: your claim is designated as disputed, contingent, or unliquidated; you file a proof of claim in a different amount; or you receive another notice. If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim. You may file a proof of claim even if your claim is scheduled. Once the schedules are filed, you may review the schedules at the bankruptcy clerk's office or online at pacer.uscourts.gov or https://dm.epiq11.com/ComputeNorthHoldings. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**Exception to discharge deadline:** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below

**Deadline for filing the complaint: [N/A]**

    **Creditors with a foreign address:** If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

    **Filing a Chapter 11 bankruptcy case:** Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

    **Discharge of debts:** Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.