# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) | (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION
## FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PAYMENT
## OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 7:30 a.m. on September 23, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 23, 2022 at 7:30 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page.  Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

<strong><u>RELIEF REQUESTED</u></strong>

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) authorizing, but not directing, the Debtors to pay various local, state, and federal taxing and regulatory authorities (collectively, the "<u>Taxing Authorities</u>") on account of Taxes (as defined below) that arose before the Petition Date (as defined below) and in the ordinary course; and (b) granting related relief.

2.      A non-exclusive list of the Taxing Authorities is annexed as <u>Exhibit 1</u> (the "<u>Taxing Authority List</u>") to the Order.[2]  Although the Debtors believe the Taxing Authority List is substantially complete, the Debtors request the relief sought herein be made applicable to all Taxing Authorities and not solely to those Taxing Authorities listed on the Taxing Authority List.

<strong><u>JURISDICTION AND VENUE</u></strong>

3.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the

---

[2]     The inclusion of any entity on, or the omission of any entity from, the Taxing Authority List is not an admission by the Debtors that such entity is, or is not, a Taxing Authority to which the Debtors owe any amount, and the Debtors reserve all rights with respect to any such determination.

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 363(b), 507(a), 541(d), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### I.      Overview of Chapter 11 Cases

6.      On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

7.      The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space. With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly

specialized computing needs.  In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales.  The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

8.    Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[3] filed contemporaneously herewith and incorporated herein by reference.

## II.    The Debtors' Prepetition Taxes

9.    In connection with the normal operation of their businesses, the Debtors collect, withhold, and incur an assortment of taxes, regulatory fees, and assessments that they remit periodically to various Taxing Authorities.

10.    The taxes, fees, and assessments to which the Debtors are typically subject generally fall into the categories listed in the chart directly below (each defined below and, collectively, together with associated fees, the "Taxes").[4]  The Taxes are due monthly or annually,

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

[4]    The Debtors are not seeking authority in this Motion to remit to Taxing Authorities amounts withheld from employees' salaries, wages, or other compensation related to federal, state, and local taxes, which is addressed separately in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee*

in each case as required by applicable laws and regulations.  In the last twelve months, the Debtors

paid approximately $292,704 in Taxes.[5]  The Debtors estimate that approximately $165,699

relating to the prepetition period has accrued on account of Taxes.  The Taxes are summarized as

follows and each category of Taxes is discussed further below:

| Category | Description | Estimated Total Amount Due or Accrued as of Petition Date |
|---|---|---|
| Sales Taxes | Taxes in connection with services provided at the project level or the purchase or sale of equipment, materials, and supplies to build out a project | $95,491 |
| Property Taxes | Taxes and obligations related to real and personal property holdings | $5,854 |
| Income Taxes | Taxes imposed on the Debtors' income | $55,279 |
| Franchise Taxes | Taxes required to conduct business in the ordinary course in certain states | $9,075 |
| Licensing and Permitting Fees | Fees to maintain entity good standing in various state jurisdictions | $0 |
| Other Taxes or Regulatory Assessments | Certain other taxes and regulatory assessments or fees which may be collected, withheld, or incurred by the Debtors | $0 |
| | TOTAL: | $165,699 |

---

*Benefits Programs and (II) Granting Related Relief* (the "Wages Motion"), filed contemporaneously herewith. Although the Debtors believe that the Taxes listed are an accurate representation of the Taxes the Debtors pay, the Debtors reserve the right to supplement the list if they inadvertently omitted any Taxes that are paid in the ordinary course.

[5]   This total does not include Withholding Taxes and Employee Payroll Taxes (each as defined in the Wages Motion), as such amounts are included in the authority requested pursuant to the Wages Motion.

### A.      Sales and Use Taxes

11.     In the ordinary course of business, the Debtors are required in certain states to collect and pay sales and use taxes (the "Sales Taxes").[6]  The Debtors are assessed sales taxes at the project level and periodically remit the sales taxes to the applicable Taxing Authorities.  The Debtors pay Sales Taxes in arrears on a monthly basis.  Currently, Sales Taxes are only registered and being paid out by Compute North SD, LLC.  If the Debtors do not pay the Sales Taxes in accordance with applicable state law or regulations, then the Debtors may become liable for further amounts in the form of penalties.  The Debtors estimate that approximately $95,491 in Sales Taxes relating to the prepetition period will have accrued or been collected as of the Petition Date.

### B.      Property Taxes

12.     The Debtors own real and personal property located throughout the United States which is subject to state, county, and local property taxes (the "Property Taxes").  The Property Taxes are assessed at the site level, accrue on an annualized basis, and are typically paid by Compute North LLC.  The Debtors estimate that approximately $5,854 in Property Taxes relating to the prepetition period will have accrued or become due as of the Petition Date.

### C.      Income Taxes

13.     The Debtors are required to pay state and local income taxes on their taxable income (the "Income Taxes").  The Debtors typically pay Income Taxes on an annual basis by check, wire, or via the relevant state Taxing Authority's website.  Both federal and state tax returns are filed on a consolidated basis, with Compute North Holdings, Inc. as the filing entity, and any amounts owing are paid from Compute North LLC.      The Debtors estimate that

---

[6]     The Debtors pay certain taxes and fees to the states of Texas, Nebraska, South Dakota, Minnesota, Delaware, and New York that are classified as Sales Taxes by the Debtors and included in that category of this Motion, but that relate to non-recurring equipment sales taxes incurred in connection with the build out of a project site.

approximately $55,279 in Income Taxes relating to the prepetition period will have accrued or become due as of the Petition Date.

D.      **Franchise Taxes**

14.     The Debtors are required to pay certain taxes assessed for doing business within the state of Delaware (the "<u>Franchise Taxes</u>").  The Franchise Taxes are typically paid annually through a consolidated return to the state Taxing Authority by Compute North LLC.  The Debtors estimate that approximately $9,075 in Franchise Taxes relating to the prepetition period will have accrued or become due as of the Petition Date.

E.      **Licensing and Permitting Fees**

15.     The Debtors are required to maintain entity good standing in various state jurisdictions and to pay certain taxes or fees in connection therewith (collectively, the "<u>Licensing and Permitting Fees</u>").  The Debtors do not believe there is any amount accrued and unpaid on account of Licensing and Permitting Fees related to the prepetition period.  However, out of an abundance of caution, the Debtors request authority to pay any such amounts, which the Debtors believe would be *de minimis*, in the ordinary course.

F.      **Other Taxes and Regulatory Assessments**

16.     In the ordinary course of business, the Debtors may collect, withhold, or incur other taxes (including, but not limited to, LLC fees and taxes, replacement taxes, and other local taxes, fees, and charges) and the Debtors also must pay certain other levies, regulatory assessments, and federal, state, and other miscellaneous fees or charges (collectively, the "<u>Other Fees</u>").  The continued payment of certain Other Fees, including any such Taxes due and owing on account of prepetition Other Fees, is crucial to the preservation of value in the Chapter 11 Cases.  The Debtors do not believe they have any amount accrued on account of Other Fees related to the prepetition

period.  However, out of an abundance of caution, the Debtors request authority to pay any such amounts, which the Debtors believe would be *de minimis*, in the ordinary course.

## **BASIS FOR RELIEF**

### I.    **Certain of the Taxes May Not Be Property of the Debtors' Estates**

17.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  The Debtors collect and withhold certain Taxes on behalf of the applicable Taxing Authorities and are holding such amounts in trust for such Taxing Authorities.  *See, e.g.*, I.R.C. § 7501 (stating that certain taxes and fees are held in trust); Tex. Tax Code Ann. § 111.016(a) (Vernon 2007) ("Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected."); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 96 (3d Cir. 1994) (finding that withholding taxes were subject to a trust); *Al Copeland Enters., Inc. v. Texas*, 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon held subject to trust and not property of estate).  As such, these Taxes are not property of the Debtors' estates under section 541 of the Bankruptcy Code.  *See, e.g.*, 11 U.S.C. § 541(d); *Begier v. IRS*, 496 U.S. 53, 60–62 (1990) (holding that excise and withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims.").  For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States.  *Begier*,

496 U.S. at 60.  Consequently, the Debtors may not have an equitable interest in any of the Taxes held on account of the Taxing Authorities.  The Debtors should be permitted to pay those funds to the Taxing Authorities as they become due in the ordinary course.[7]

## II. Certain of the Taxes May Be Secured or Priority Claims Entitled to Priority Treatment Under the Bankruptcy Code

18.     Claims for certain of the Taxes may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  These include unsecured claims of governmental units for a tax on or measured by income or gross receipts for a taxable year ending on or before the Petition Date (11 U.S.C. § 507(a)(8)(A)), a property tax incurred before the Petition Date and last payable without penalty after one year before the Petition Date (11 U.S.C. § 507(a)(8)(B)), and a tax required to be collected or withheld and for which the debtor is liable in whatever capacity (11 U.S.C. § 507(a)(8)(C)).  Obligations labeled as "fees" or "charges" may also be entitled to priority status as taxes.  *See LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.)*, 53 F.3d 478, 498 (2d Cir. 1995) (citation omitted).  A fee or charge is a tax if it is an involuntary pecuniary burden: (a) laid upon the individual or property; (b) imposed by, or under authority of the legislature; (c) assumed for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (d) assessed under the police or taxing power of the state.  *Id*.  Here, all or substantially all of the Taxes are involuntary pecuniary burdens imposed by the authority of a federal, state, or local legislature under their police or taxing powers, the funds of which are used for general public benefit.  Regardless of their statutory characterization

---

[7]     For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes as provided herein regardless of whether such Taxes constitute trust fund obligations.

as "fees" or "charges," many, if not all, of the Taxes qualify for priority under section 507(a)(8) of the Bankruptcy Code.

19.     Additionally, Taxing Authorities may attempt to assess interest and penalties if such amounts are not paid.   Moreover, claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full in order to confirm a plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.   Paying such Taxes would not give Taxing Authorities more than what they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on Taxes during these Chapter 11 Cases.   Therefore, the payment of certain Taxes (*i.e.*, those that may be entitled to priority) at this time merely affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.[8]

20.     It is also likely that at least some of the Taxes may be entitled to secured status with respect to the property that the Debtors own.   As secured claims, these Taxes would be entitled to priority treatment when the Debtors sell the property that these Taxes are recorded against or when the Debtors confirm a plan of reorganization.   *See* 11 U.S.C. §§ 506(a); 1129(a)(9)(C); 1129(b)(2)(A) (requiring, in a cramdown plan of reorganization, that a class of secured creditors is entitled to payment in full or, among other things, retention of their liens).   Thus, authority to pay the Taxes only affects the timing of the payments and will not unduly prejudice the rights and recoveries of other creditors of the Debtors.

---

[8]     Nothing in this Motion is an admission that certain taxes are entitled to administrative priority or secured status.

III.    **The Court Has Authority Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code to Grant the Requested Relief**

21.     The payment of certain prepetition obligations is necessary to protect and preserve the estate, including an operating business's going concern value. *See, e.g.*, *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."). In doing so, courts acknowledge that several legal theories rooted in sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code support the payment of Taxes as provided herein.

22.     Under section 105(a) of the Bankruptcy Code, "the [C]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *In re CoServ*, 273 B.R. at 497 (finding that sections 105 and 1107 of the Bankruptcy Code provide the authority for a debtor in possession to pay prepetition claims); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business). Section 105(a) therefore authorizes the payment of prepetition claims when the payments are critical to preserving the going concern value of the debtor's estate, as is the case here.

23.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize the payment of certain prepetition claims where a debtor "show[s] that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a

11

decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

24.     Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going concern value." *CoServ*, 273 B.R. at 497.  Some courts note that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id*.  The court in *CoServ* specifically noted the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id*.  Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so.  *See, e.g.*, *Ionosphere Clubs*, 98 B.R. at 175.

25.     A sound business purpose exists here.  The Debtors' ability to pay the Taxes is critical to their continued and uninterrupted operations.  If certain Taxes remain unpaid, the Taxing Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these Chapter 11 Cases.  *See*, *e.g.*, Tex. Tax Code Ann. § 111.016 (Vernon 2007) (persons who hold money paid as a tax for the benefit of the state are liable to the state for the full amount); *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010) (noting that corporate officers may be held responsible for payment of certain corporate taxes).  Any collection action on account of such claims and any potential ensuing liability would distract the Debtors and their personnel from their restructuring objectives to the detriment of all parties in interest.  The dedicated and active participation of the

Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these Chapter 11 Cases.

26.     The Debtors' request to pay the Taxes is also reasonable in light of the added costs that may be incurred if such amounts remain unpaid. Specifically, the Debtors' obligations for Taxes can ultimately result in increased liabilities for the Debtors if interest and penalties accrue on the Taxes, which amounts may also be entitled to priority treatment. *See, e.g.*, Tex. Tax Code Ann. § 111.016(a) (Vernon 2007). Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted above, many of the Taxes may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code. If these obligations are entitled to priority status, they may accrue penalties and interest.

27.     Additionally, the Debtors routinely pay their Taxes when they come due in the ordinary course of business. Section 363(c)(1) permits the Debtors to make payments in the ordinary course of business without notice and a hearing. Indeed, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") requires that debtors pay all tax obligations arising after the filing of the petition in full when due. *See, e.g.*, *Region 7 Guidelines for Debtors-in-Possession*. However, out of an abundance of caution, the Debtors also request authority to continue making such payments in the event they are not considered ordinary course.

28.     For the foregoing reasons, granting Debtors the authority, but not direction, to pay prepetition Taxes in the ordinary course, as well as to continue to pay Taxes postpetition in the ordinary course, is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties-in-interest in these cases.

**IV.  Banks Should be Authorized to Receive, Process, Honor, and Pay Checks Issued and Transfers Requested to Pay the Taxes**

29.    The Debtors further request that the Court authorize, but not direct, the Banks to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks issued or to be issued and electronic funds transfers requested or to be requested by the Debtors relating to the Taxes.  The Debtors also seek authority, but not direction, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of any prepetition Taxes dishonored or rejected as a result of the Chapter 11 Cases.

**EMERGENCY CONSIDERATION**

30.    The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested in this Motion could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

**WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

31.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

14

## RESERVATION OF RIGHTS

32.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

33.     The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the

Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Taxing Authorities listed on <u>Exhibit 1</u> attached to the Order; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  September 22, 2022
Houston, Texas

/s/  *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (*pro hac vice* admission pending)
Sayan Bhattacharyya (*pro hac vice* admission pending)
Daniel Ginsberg  (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

  I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ James T. Grogan III*
James T. Grogan III

## **Certificate of Service**

  I certify that on September 22, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan III*
James T. Grogan III
