UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*[1] | ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS (A) TO PAY
PREPETITION WAGES, SALARIES, OTHER COMPENSATION,
AND REIMBURSABLE EXPENSES AND (B) TO CONTINUE EMPLOYEE
BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing the Debtors to (a) pay prepetition wages, salaries, compensation, reimbursable expenses and incentives to Employees and (b) continue providing Employees with Benefits pursuant to the Employee Benefits Programs in the ordinary course of business, including payment of certain prepetition obligations related thereto and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.   The Debtors are authorized to pay, honor, and/or reimburse all prepetition and postpetition obligations on account of the Compensation and Benefits as set forth in the Motion, including, without limitation, the Unpaid Compensation, the Withholding Obligations, the Employer Payroll Taxes, the Reimbursable Expenses, the Independent Contractor and Staffing Agency Obligations, the Administration Fees, the Employee Benefits Programs, the Workers Compensation Program, the Employee Incentive Programs, and the Board Fees; *provided* that the Debtors shall not make any payments to any Employee that exceeds the priority cap amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

2.   The Debtors are authorized to continue, administer, modify, change, and/or discontinue the Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these Chapter 11 Cases and without need for further Court approval, subject to applicable law; *provided* that the Debtors shall provide five (5)

business days' advance notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases prior to making any material modifications or changes to the Compensation and Benefits.

3. The Debtors are authorized, but not directed, in their discretion to continue the Employee Incentive Programs and to pay and honor any amounts related to the Employee Incentive Programs in the ordinary course of business and consistent with past practices. Before making any payments on account of the Employee Incentive Programs in excess of (y) $100,000.00 in the aggregate in any calendar month or (z) $50,000.00 to any individual, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee and any statutory committee appointed in these Chapter 11 cases of (a) the title of the recipient, (b) the amount of the payment to such recipient, and (c) the proposed payment date. The Debtors shall maintain a matrix or schedule of any amounts paid relating to the Employee Incentive Programs subject to the terms and conditions of this Order, including the following information: (a) the name of the recipient paid; (b) the amount of the payment to such recipient; (c) the total amount paid to the recipient to date; (d) the category of recipient, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every thirty (30) days beginning upon entry of this Order.

4. The Debtors are authorized to forward or pay any unpaid amounts on account of the Withholding Obligations, Employer Payroll Taxes, and Administration Fees to the appropriate third-party recipients or Taxing Authorities in accordance with the Debtors' prepetition policies and practices.

5. The Debtors are authorized to reimburse the Employees for all Reimbursable Expenses and to make direct payments to third parties on account of amounts owed in connection with the Reimbursable Expenses.

6. The Debtors shall not make any bonus, incentive, retention, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

7. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

8. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

9. Neither this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any Employees or any other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

10. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary,

reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Employee Compensation and Benefits, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date; *provided* that sufficient funds are available in the applicable accounts to make the payments.

11.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

13. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE