**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re:  Docket No. __** |

**ORDER (I) DETERMINING ADEQUATE**
**ASSURANCE OF PAYMENT FOR FUTURE UTILITY**
**SERVICES, (II) PROHIBITING UTILITIES FROM DISCONTINUING**
**SERVICE, (III) ESTABLISHING PROCEDURES FOR DETERMINING**
**ADEQUATE ASSURANCE OF PAYMENT, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively,  the  "Debtors")  for  entry  of  an  order  (this  "Order"),  pursuant  to  section 105(a)

and 366 of the Bankruptcy Code and Bankruptcy Rules 6003(b) and 6004, (a) determining that the

Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment

within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers

from altering, refusing, or discontinuing services, (c) approving the Debtors' Adequate Assurance

Procedures for resolving Adequate Assurance Requests, and (d) granting related relief, all as more

fully  set  forth  in  the  Motion;  and  this  Court  having  jurisdiction  over  this  matter  pursuant

to 28 U.S.C.  § 1334;  and  this  Court  having  found  that  this  is  a  core  proceeding  pursuant

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors shall cause a copy of the Motion and this Order to be served on each Utility Provider listed on the Utility Services List no later than three (3) business days after the date this Order is entered.

2.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these Chapter 11 Cases.

3.      The Adequate Assurance Deposit shall be deposited into the Adequate Assurance Account within ten (10) business days of the entry of this Order, or as soon thereafter as is reasonably practicable.

4.      The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.     Pursuant to the terms of this Order and the Adequate Assurance Procedures, upon an undisputed postpetition default, each Utility Provider may be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Services List attached to the Motion as <u>Exhibit B</u> and as may be modified in accordance with this Order.

6.     The following "Adequate Assurance Procedures" are hereby approved:

> a.     Any Utility Provider desiring additional or different adequate assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional or different assurance (an "<u>Adequate Assurance Request</u>") on the Notice Parties (defined below). An Adequate Assurance Request may be made at any time.
>
> b.     Any Adequate Assurance Request must (i) be in writing, (ii) identify the location for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.
>
> c.     The Adequate Assurance Request must be delivered to the following:  (i) proposed counsel to the Debtors, (a) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James Grogan, (b) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc Despins, Sayan Bhattacharyya, and Daniel Ginsberg, and (c) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli and Michael Jones; (ii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson Ruff and Jana Whitworth; and (iii) counsel for the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases (collectively, the "<u>Notice Parties</u>").

d.      The Debtors may, in their sole discretion, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable, subject to the terms of any collateral or other financing order entered by the Court; *provided*, *however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases and the U.S. Trustee upon request.

e.      If the Debtors and the Utility Provider are not able to reach an alternative resolution within thirty (30) days of receipt of the Adequate Assurance Request, the Debtors or the Utility Provider may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Provider filing such Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

f.      If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties. The Debtors shall honor such request within seven (7) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

g.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on

the earlier of (i) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

7.       Notwithstanding anything in this Order to the contrary, upon a timely motion filed and served on the Notice Parties by any Utility Provider, the Court shall conduct a hearing on or before the date that is thirty (30) days following the Petition Date to resolve any disputes between the Debtors and such Utility Provider regarding the Adequate Assurance Procedures or the Proposed Adequate Assurance.

8.       The Debtors are authorized, following a period of seven (7) days afforded to the affected Utility Provider to object, and the Debtors having received no objection from any such Utility Provider, to remove any Utility Provider from the Utilities Services List.  If an objection is received and the Debtors and the affected Utility Provider are not able to resolve such dispute by mutual agreement, the Debtors shall request a hearing before the Court at the next omnibus hearing date or such other date as the Debtors and the Utility Company may agree.

9.       The Debtors are authorized to add any Utility Provider to the Utility Services List; *provided*, that such amended Utility Services List shall be filed and served to allow for a hearing on or before the date that is thirty (30) days following the Petition Date.  This Order shall be binding upon any such Subsequently Identified Utility Provider.

10.       If the Debtors add any Utility Provider to the Utility Services List, the Debtors shall increase the amount of the Adequate Assurance Deposit by depositing into the Adequate Assurance Account an amount the Debtors estimate in good faith to equal an average of one half (1/2) of one month of Utility Services.  If the Debtors remove any Utility Provider from the Utility

Services List, the Debtors may reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider.

11.     The Debtors shall not add any Utility Providers to the Utility Service List after thirty days from the Petition Date.

12.     The Utility Providers, including Utility Providers that are subsequently added, are prohibited from requiring additional Adequate Assurance of payment other than pursuant to the Adequate Assurance Procedures.

13.     Unless and until a Utility Provider, including any Utility Provider that is subsequently added, files or serves an Adequate Assurance Request, as set forth in the Adequate Assurance Procedures, the Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

14.     The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

15.     Neither the listing of the Utility Providers on the Utility Services List nor the Debtors' service of the Motion upon the Utility Providers shall constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

16.     The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Utility Providers, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

17.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all

parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

18.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts, if any, owed in connection with the relief granted herein.

19.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

20.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE