# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | Case No. 22-90273 (MI) |
| Debtors. | (Joint Administration Requested) |
| | (Emergency Hearing Requested) |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR
## ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE
## (A) SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND
## (B) RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 7:30 a.m. on September 23, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 23, 2022 at 7:30 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1. Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 22 days to and including October 28, 2022, for a total of 36 days from September 22, 2022 (the "Petition Date"), without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "2015.3 Reports") to and including October 28, 2022, for a total of 36 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown; and (c) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 2015.3(d), and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2015-3 and 9013-1(b) of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

5. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

6. The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space. With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs. In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin

mining, and cryptocurrency equipment sales. The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

7.  Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference.

## BASIS FOR RELIEF

### I.  Cause Exists to Extend the Time to File Schedules and Statements

8.  Section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(b) and (c) require a chapter 11 debtor to file with its voluntary petition—or within 14 days thereafter—the Schedules and Statements. 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(b) and (c). Bankruptcy Rules 1007(c) and 9006(b) provide that this Court is authorized to grant an extension of the time to file the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b). Bankruptcy Rule 1007(c) also requires the Debtors to give notice of any requested extension to the United States Trustee, any committee appointed pursuant to Section 1102 of the Bankruptcy Code, and any other party that the Court directs. Fed. R. Bankr. P. 1007(c).

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

4

9. Under the circumstances, the request for a 22-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to creditor claims, as well as the Debtors' assets from each Debtor entity. Given the size and complexity of the Debtors' businesses and financial affairs and the critical matters and restructuring negotiations that the Debtors' management and professionals were required to address prior to the commencement of these Chapter 11 Cases, the Debtors will not be able to assemble all of the information necessary to complete and file the schedules and statements of financial affairs by the applicable deadline.

10. Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Cypress Environmental Partners, L.P., et al.*, Case No. 22-90039 (MI) (Bankr. S.D. Tex. May 11, 2022) [Docket No. 62] (granting debtors an additional 16 days, for a total of 30 days from the petition date); *Neighbors Legacy Holdings, Inc.*, No. 18-33836 (MI), [Docket No. 40] (Bankr. S.D. Tex. July 13, 2018) (granting debtors an additional 45 days, for a total of 59 days from the petition date); *EMAS Chiyoda Subsea Ltd.*, No. 17-31146 (MI), [Docket No. 52] (Bankr. S.D. Tex. Mar. 1, 2017) (granting debtors an additional 30 days, for a total of 44 days from the petition date); *In re Linn Energy, LLC*, No. 16-60040 (DRJ), [Docket No. 86] (Bankr. S.D. Tex. May 13, 2016) (granting debtors an additional 47 days, for a total of 61 days from the petition date, to file their schedules and statements); *In re Goodrich Petroleum Corp.*, No. 16-31975 (MI), [Docket No. 39] (Bankr. S.D. Tex. Apr. 18, 2016) (granting debtors an additional 16 days, for a total of 30 days from the petition date, to file their schedules and statements); *In re Energy XXI Ltd.*, No. 16-31928 (DRJ), [Docket No. 54] (Bankr. S.D. Tex. Apr. 15, 2016) (granting debtors an additional 30 days,

for a total of 44 days from the petition date, to file their schedules and statements); *In re Buccaneer Res., LLC*, No. 14-60041 (DRJ), [Docket No. 73] (Bankr. S.D. Tex. June 9, 2014) (granting debtors an additional 16 days for a total of 30 from the petition date); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI), [Docket No. 133] (Bankr. S.D. Tex. Aug. 21, 2012) (granting debtors an additional 30 days, for a total of 44 days from the petition date, to file their schedules and statements).

### II.     Cause Exists to Extend the Time to File the 2015.3 Reports

11.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the meeting of creditors pursuant to section 341 of the Bankruptcy Code and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

12.     Certain of the Debtors maintain interests in certain non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, they are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports based on the size and complexity of the Debtors' businesses and the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases.

13. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the Office of the United States Trustee for Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to and including the date that is 36 days after the Petition Date (*i.e.*, October 28, 2022) pursuant to Bankruptcy Rule 2015.3(d).

14. The relief requested will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these Chapter 11 Cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries.

15. Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Cypress Environmental Partners, L.P., et al.*, Case No. 22-90039 (MI) (Bankr. S.D. Tex. May 11, 2022) [Docket No. 62] (extending to 30 days after petition date); *In re Oasis Petroleum Inc., et al.*, Case No. 20-34771(MI) (Bankr. S.D. Tex. Sept. 30, 2020) [Docket No. 51] (conditionally waiving the filing of 2015.3 reports); *In re Hi-Crush Inc., et al.*, Case No. 20-33495 (DRJ) (Bankr. S.D. Tex. July 13, 2020) [Docket No. 87] (extending to 45 days after petition date); *In re Speedcast Int'l Ltd., et al.*, Case No. 20-32243 (MI) (Bankr. S.D. Tex. June 14, 2020) [Docket No. 309] (extending to 68 days after petition date); *In re Cobalt International Energy, Inc., et al.*, Case No. 17-36709 (MI) (Bankr. S.D. Tex. Dec. 14, 2017) [Docket No. 58] (extending to 46 days after petition date).

**EMERGENCY CONSIDERATION**

16. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days

7

after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could jeopardize the Debtors' ability to restructure. The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## **RESERVATION OF RIGHTS**

17. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all

such liens. If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

18. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  September 22, 2022
Houston, Texas

/s/ James T. Grogan III
_____

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (*pro hac vice* admission pending)
Sayan Bhattacharyya (*pro hac vice* admission pending)
Daniel Ginsberg  (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
            sayanbhattacharyya@paulhastings.com
            danielginsberg@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
            michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                        */s/ James T. Grogan III*
                                        James Grogan

**Certificate of Service**

I certify that on September 22, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                        */s/ James T. Grogan III*
                                        James Grogan