United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 23, 2022

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., | ) Case No. 22-90273 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 85-3774534 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN CORPUS CHRISTI LLC, | ) Case No. 22-90272 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 88-1145551 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN ATOKA LLC, | ) Case No. 22-90276 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3904384 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN BIG SPRING LLC, | ) Case No. 22-90277 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3854397 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN COLORADO BEND LLC, | ) Case No. 22-90278 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3864610 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CN DEVELOPMENTS LLC, | ) Case No. 22-90279 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3782570 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN EQUIPMENT LLC, | ) Case No. 22-90280 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 88-2676885 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN KING MOUNTAIN LLC, | ) Case No. 22-90281 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3937190 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN MINDEN LLC, | ) Case No. 22-90282 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3833722 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CN MINING LLC, | ) Case No. 22-32786 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-4495223 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CN PLEDGOR LLC, | ) Case No. 22-90274 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-4409871 | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH LLC, | ) Case No. 22-90275 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-3377185 | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH MEMBER LLC, | ) Case No. 22-90283 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-3758639 | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH NC08 LLC, | ) Case No. 22-90284 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-1858069 | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH NY09 LLC, | ) Case No. 22-90285 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 87-2175453 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH SD, LLC, | ) Case No. 22-90286 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 37-1911501 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH TEXAS LLC, | ) Case No. 22-90287 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 35-2621883 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH TX06 LLC, | ) Case No. 22-90288 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 85-4305921 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH TX10 LLC, | ) Case No. 22-90289 (MI) |
| | ) |
| Debtor. | ) |
| | ) (Joint Administration Requested) |
| Tax I.D. No. 87-3224238 | ) **Re: Docket No. __** |

**ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) directing procedural

consolidation and joint administration of these Chapter 11 Cases and (b) granting related relief, all

as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and ex parte relief being appropriate on this administrative matter; and upon consideration of the First Day Declaration; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The above-captioned chapter 11 cases will be jointly administered by this Court under lead case: Compute North Holdings Inc., Case No. 22-90273 (MI).   Additionally, the following checked items are ordered:

☒      One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

☒      Parties may request joint hearings on matters pending in any of the jointly administered cases.

☒      All cases not previously assigned to Judge Isgur are reassigned to Judge Isgur.

2.      The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[2] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

3.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4.      A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors, and any related Debtor affiliates that subsequently commence chapter 11 cases, other than Compute North Holdings, Inc., to reflect the joint administration of these Chapter 11 Cases:

An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: Compute North Holdings, Inc., Case No. 22-90273; Compute North LLC, Case No. 22-90275; CN Corpus Christi LLC, Case No. 22-90272; CN Atoka LLC, Case No. 22-90276; CN Big Spring LLC, Case No. 22-90277; CN Colorado Bend LLC, Case No. 22-90278; CN Developments LLC, Case No. 22-90279; CN Equipment LLC, Case No. 22-90280; CN King Mountain LLC, Case No. 22-90281; CN Minden LLC, Case No. 22-90282; CN Mining LLC, Case No. 22-32786; CN Pledgor LLC, Case No. 22-90274; Compute North Member LLC, Case No. 22-90283; Compute North NC08 LLC, Case No. 22-90284; Compute North NY09 LLC, Case No. 22-90285; Compute North SD, LLC, Case No. 22-90286; Compute North Texas LLC, Case No. 22-90287; Compute North TX06 LLC, Case No. 22-90288; and Compute

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

North TX10 LLC, Case No. 22-90289.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90273 (MI).

5.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6.      A separate claims registry shall be maintained for each Debtor.

7.      Any party in interest may request joint hearings on matters pending in any of these Chapter 11 Cases.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of any party-in-interest to seek entry of an order substantively consolidating cases.

9.      The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

10.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

11.     Ex parte relief is appropriate.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Signed:  September 23, 2022

_____
Marvin Isgur
United States Bankruptcy Judge