United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) **Re: Docket No. 14** |

## ORDER (I) AUTHORIZING THE PAYMENT OF
## CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to pay the Taxes that arose before the Petition Date and in the ordinary course, pursuant to sections 363(b), 507(a), 541 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004; and (b) granting related relief, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to pay to the Taxing Authorities, including, without limitation, those Taxing Authorities listed on **Exhibit 1** annexed hereto, all Taxes that arose before the Petition Date, including Taxes subsequently determined to be owed for the periods before the Petition Date, in each case, solely to the extent that such Taxes are or become payable in accordance with applicable law.

2. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

3. The Debtors are authorized, but not directed, to pay or remit (or use tax credits to offset) Taxes in the ordinary course of their business, whether such obligations accrued or arose before or after the Petition Date; *provided* that the Debtors shall not pay any Taxes before such Taxes are due to the applicable Taxing Authority.

4. The Debtors are authorized, but not directed, to seek a refund or credit to the extent that the Debtors have overpaid any Taxes.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

6. The Debtors are authorized, but not directed, to pay any amounts that later come due, whether as a result of any pending or future audits, or otherwise, in connection with their Taxes in the ordinary course of business.

7. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Taxes, whether such checks were presented or fund transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors are authorized, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any

3

claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; and (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Signed: September 23, 2022

_____<br>
Marvin Isgur<br>
United States Bankruptcy Judge

**Exhibit 1**

**Taxing Authorities List**

| Taxing Authority | Address |
|---|---|
| Buffalo County Treasurer | P.O. Box 1270, Kearney, NE 68848 |
| Internal Revenue Service | 1111 Constitution Ave., NW, Washington, DC 20224 |
| Minnesota Dept. of Revenue | 600 North Robert St., St. Paul, MN 55146 |
| Nebraska Dept. of Revenue | P.O. Box 94818, Lincoln, NE 68509-4818 |
| New York Dept. of Taxation and Finance | Bankruptcy Section, PO Box 5300, Albany, NY 12205-0300 |
| South Dakota State Treasurer | SD State Treasurer, 500 E Capitol Ave., Ste 212, Pierre, SD 57501 |
| Texas Comptroller of Public Accounts | P.O. Box 13528, Capitol Station, Austin, TX 78711-3528 |