UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered)<br>**Re: Docket No. 16** |

**CERTIFICATION OF COUNSEL
REGARDING PROPOSED ORDER FOR ENTRY OF AN
ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
INSURANCE PROGRAM AND (B) PAY ALL OBLIGATIONS
WITH RESPECT THERETO; AND (II) GRANTING RELATED RELIEF**

Pursuant to paragraph 45 of the *Procedures for Complex Cases in the Southern District of Texas*, effective August 1, 2021, the undersigned hereby certifies as follows:

1. On September 22, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) Continue Insurance Program and (B) Pay All Obligations with Respect Thereto; and (II) Granting Related Relief* [Docket No. 16] (the "Insurance Motion").

2. Attached to the Insurance Motion as Exhibit A was a proposed form of order (the "Initial Proposed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

3. On September 23, 2022, the Court held a hearing (the "First Day Hearing") to consider, among other things, the Insurance Motion. At the First Day Hearing, the Court raised concerns with respect to certain provisions of the Initial Proposed Order.

4. The Debtors have now revised the Initial Proposed Order in response to the Court's remarks made at the First Day Hearing and the revised form of order is attached hereto as **Exhibit A** (the "Revised Proposed Order"), which incorporates changes in response to the Court's comments received at the First Day Hearing regarding the Insurance Motion.

5. For the convenience of the Court and parties in interest, a redline of the Revised Proposed Order marked against the Initial Proposed Order is attached hereto as **Exhibit B**.

6. All known objections have been resolved by the Revised Proposed Order. Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at the Court's earliest convenience without further notice or a hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated:  September 25, 2022
Houston, Texas

/s/  *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (*pro hac vice* admission pending)
Sayan Bhattacharyya (pro hac vice admission pending)
Daniel Ginsberg  (*pro hac vice* admission pending)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         danielginsberg@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
         michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Revised Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 16 |

## ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAM AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing Debtors to (a) continue their insurance program and (b) pay obligations with respect thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue their Insurance Program and to pay any prepetition Insurance Obligations.

2. The Debtors are authorized, but not directed, to amend, extend, renew, rollover, replace, or obtain new insurance policies, premium financing arrangements and to take all appropriate actions in connection therewith in the ordinary course of business; *provided*, however, the Debtors will notify the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage collateral or change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage in a manner that would be inconsistent with the Debtors' current insurance coverage obligations.

3. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Program are owed.

4. Notwithstanding anything to the contrary in this Order, nothing herein shall be deemed to authorize the payment by the Debtors of Deductibles; *provided* that upon the effective date of a plan of reorganization in these Chapter 11 Cases, the foregoing prohibition shall expire; *provided further* that the Debtors' rights to seek relief from this prohibition upon further notice and hearing, including on an emergency basis, are reserved.

5. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Insurance Program, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

6. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment. The Debtors shall provide a copy of such matrix/schedule to the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute

any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket No. —16 |

ORDER (I) AUTHORIZING DEBTORS
TO (A) CONTINUE INSURANCE PROGRAM
AND (B) PAY ALL OBLIGATIONS WITH RESPECT
THERETO; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing Debtors to (a) continue their insurance program and (b) pay obligations with respect thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue their Insurance Program and to pay any prepetition Insurance Obligations.

2. The Debtors are authorized, but not directed, to amend, extend, renew, rollover, replace, or obtain new insurance policies, premium financing arrangements and to take all appropriate actions in connection therewith in the ordinary course of business; *provided*, however, the Debtors will notify the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases if the Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage collateral or change insurance carriers, enter into any new premium financing agreements, or obtain additional insurance coverage in a manner that would be inconsistent with the Debtors' current insurance coverage obligations.

3. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Program are owed.

4. <u>Notwithstanding anything to the contrary in this Order, nothing herein shall be deemed to authorize the payment by the Debtors of Deductibles; *provided* that upon the effective</u>

date of a plan of reorganization in these Chapter 11 Cases, the foregoing prohibition shall expire; *provided further* that the Debtors' rights to seek relief from this prohibition upon further notice and hearing, including on an emergency basis, are reserved.

5. ~~4.~~ The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Insurance Program, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

6. ~~5.~~ The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the name of the payee, (b) the date and amount of the payment, and (c) the category or type of payment. The Debtors shall provide a copy of such matrix/schedule to the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and any statutory committee appointed in these Chapter 11 Cases every 30 days beginning upon entry of this Order, but need not provide such matrix during any thirty-day period in which no new payments would be reflected thereon.

7. ~~6.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion

or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. ~~7.~~ The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

9. ~~8.~~ Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. ~~9.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. ~~10.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. ~~11.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
       Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE