United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 22, 2022
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 12 |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT

The Court has considered the application (the "Application")[2] of the Debtors to employ Epiq Corporate Restructuring, LLC ("Epiq") as its claims, noticing, and solicitation agent in these cases. The Court finds that *ex parte* relief is appropriate. The Court orders:

1. The Debtors are authorized to employ Epiq under the terms of the Engagement Letter attached to the Application as modified by this Order.

2. Epiq is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

3. The Clerk shall provide Epiq with Electronic Case Filing ("ECF") credentials that allow Epiq to receive ECF notifications, file certificates and/or affidavits of service.

4. Epiq is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these cases. Epiq shall maintain the official Claims Register(s) in these cases. Epiq must make complete copies of all proofs of claims available to the public electronically without charge. Proofs of claims and all attachments may be redacted only as ordered by the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application or the accompanying *Declaration of Kate Mailloux in Support of Debtors' Emergency Application for Entry of an Order Authorizing Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent*, as applicable.

5. Epiq shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request.

6. Epiq shall provide (i) an electronic interface for filing proofs of claim in these cases; and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

7. Epiq is authorized to take such other actions as are necessary to comply with all duties and provide the services set forth in the Application and the Engagement Letter.

8. The Agent must not transmit or utilize the data obtained by the Agent in exchange for direct or indirect compensation from any person other than the Debtors.

9. Epiq shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the U.S. Trustee, counsel for any official committee appointed in these chapter 11 cases, and any party in interest who specifically requests service of the monthly invoices in writing.

10. Epiq shall not be required to file fee applications. Upon receipt of Epiq's invoices, the Debtors are authorized to compensate and reimburse Epiq for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to Epiq will be treated as § 503(b) administrative expenses. Epiq may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11. The Debtors shall indemnify Epiq under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, Epiq is not indemnified for, and may not receive any contribution or reimbursement with respect to:

    a. For matters or services arising before this case is closed, any matter or service not approved by an order of this Court.

    b. Any matter that is determined by a final order of a court of competent jurisdiction that arises from (i) Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

    c. This paragraph does not preclude Epiq from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

12. Epiq shall not cease providing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court. In the event Epiq is unable to provide the services set out in this Order and/or the Engagement Letter, Epiq will immediately notify the Clerk and the Debtors' attorney and cause all original proofs of claim and data turned over to such persons as directed by the Court.

13.     After entry of an order terminating Epiq's services, upon the closing of these cases, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, or as otherwise directed and shall be compensated by the Debtors for such archiving services.

14.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Epiq's services may be altered only on further order of this Court.

Signed: September 22, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:  Case No. 22-90273-mi
Compute North Holdings, Inc.  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4      User: ADIuser      Page 1 of 1
Date Rcvd: Sep 23, 2022      Form ID: pdf002      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**
+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 25, 2022:**

**Recip ID**      **Recipient Name and Address**
db      + Compute North Holdings, Inc., 7575 Corporate Way, Eden Prairie, MN 55344-2022

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 25, 2022      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 22, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| James Tillman Grogan, III | on behalf of Debtor Compute North Holdings Inc. jamesgrogan@paulhastings.com, cypress.ph@paulhastings.com |
| Jana Smith Whitworth | on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov |
| Jayson B. Ruff | on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |

TOTAL: 4