## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY
## OF AN ORDER (I) AUTHORIZING THE RETENTION AND
## COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
## THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on October 24, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page.  Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

## RELIEF REQUESTED

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of business (each, an "<u>Ordinary Course Professional</u>" and collectively, the "<u>Ordinary Course Professionals</u>") pursuant to the compensation procedures set forth in the proposed Order (the "<u>OCP Procedures</u>").  Nonexclusive lists of the Ordinary Course Professionals are attached as <u>Schedule 1</u> to the Order (the "<u>Tier 1 OCP List</u>") and <u>Schedule 2</u> to the Order (the "<u>Tier 2 OCP List</u>" and, together with the Tier 1 OCP List, the "<u>OCP Lists</u>").

## JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 2016-1 of the Bankruptcy Local Rules

2

of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## **BACKGROUND**

5.      On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

6.      The Debtors' business is focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space.  With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs.  In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales.  The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

7.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the

commencement of these Chapter 11 Cases are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 22] (the "First Day Declaration").[2]

## ORDINARY COURSE PROFESSIONALS AND PROCEDURES

### I.     The Ordinary Course Professionals.

8.     The Debtors employ various professionals, such as law firms, accountants, and other non-attorney professionals, consultants and advisors, in the ordinary course of their business for matters unrelated to these Chapter 11 Cases, including non-bankruptcy litigation, accounting and tax services, consulting and general advisory services, and advice relevant to the Debtors' business.   The Ordinary Course Professionals will provide professional services in the same manner and for the same purposes as such professionals were retained prior to the Petition Date. Although the Debtors anticipate that the Ordinary Course Professionals will want to continue to represent the Debtors on an ongoing basis, some will not be in a position to do so if the Debtors cannot meet their payment obligations on a regular basis.   Without the Ordinary Course Professionals' knowledge, expertise, and familiarity with the Debtors' business and their operations, the Debtors undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals.   Because of the costs associated with the preparation of employment and fee applications for professionals compared to the relatively modest fees expected to be paid to the Ordinary Course Professionals, the Debtors submit that it is unnecessary and wasteful for the Debtors and their bankruptcy counsel to prepare and submit individual retention and fee applications for each Ordinary Course Professional.   Accordingly, the

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

Debtors believe that the continued employment and compensation of the Ordinary Course Professionals pursuant to the OCP Procedures is in the best interest of the Debtors' estates, their creditors, and other parties in interest.[3]

## II.    The OCP Procedures.

9.    The Debtors further request that the Court approve the OCP Procedures set forth in the Order.  The OCP Procedures establish a streamlined process for the retention and compensation of Ordinary Course Professionals on a postpetition basis.  The OCP Procedures will permit the Debtors to employ the Ordinary Course Professionals upon the filing of a declaration of disinterestedness, substantially in the form attached to the Order as <u>Schedule 3</u> (the "<u>OCP Declaration</u>"), and upon the expiration of a reasonable objection period for parties in interest, including (a) the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>"); and (b) counsel to any statutory committee appointed in these Chapter 11 Cases (collectively, the "<u>OCP Notice Parties</u>").  Each OCP Declaration will state, among other things, that the Ordinary Course Professional does not represent or hold any material interest adverse to the Debtors or their estates with respect to the matter on which such Ordinary Course Professional is proposed to be employed.

10.    The OCP Procedures provide that the Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100 percent of the postpetition fees and expenses incurred by each Ordinary Course Professional retained pursuant to the OCP Procedures upon submission to, and approval by, the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred after

---

[3]    For the avoidance of doubt, the Debtors are not requesting authority to pay any prepetition amounts owed to the Ordinary Course Professionals.

the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute such invoices) (the "Compensation"); *provided, however*, that during the pendency of these Chapter 11 Cases (the "Effective Date"), the fees of each Ordinary Course Professional may not exceed (a) $75,000.00 per month on average over a rolling three-month period for each Ordinary Course Professional listed on Schedule 1 attached to **Exhibit A** attached hereto (the "Tier 1 OCP Cap") and (b) $25,000.00 per month on average over a rolling three-month period for each Ordinary Course Professional listed on Schedule 2 attached to **Exhibit A** attached hereto (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps"); *provided further, however*, that the Debtors shall be allowed to request increases in the OCP Caps.

11.     The Debtors reserve the right to retain additional Ordinary Course Professionals, as needed in the ordinary course of business, by filing a supplement to the OCP Lists (an "OCP Supplement") identifying additional Ordinary Course Professionals.  The Debtors will serve any OCP Supplement on the OCP Notice Parties (as defined in the OCP Procedures).

12.     To the extent any Ordinary Course Professional's Compensation exceeds the Tier 1 OCP Cap or the Tier 2 OCP Cap, as applicable, (any amount in excess of the OCP Caps, "Excess Compensation"), such Ordinary Course Professional shall: (a) file with the Court, which the Debtors may do on behalf of the Ordinary Course Professional, a notice of fees and expenses incurred in excess of the Tier 1 OCP Cap or the Tier 2 OCP Cap, as applicable, (the "Notice of Excess Compensation") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, and (b) serve the Notice of Excess Compensation on the OCP Notice Parties.  Parties in interest shall then have ten days to object to the Ordinary Course Professional's Notice of Excess Compensation.  If no objection is filed within ten days,

the Excess Compensation shall be deemed approved, and the Ordinary Course Professional shall be entitled to be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

13.     Beginning with the period ending on October 31, 2022, and every three-month period thereafter during the pendency of these Chapter 11 Cases (each, a "Statement Period"), the Debtors shall file with the Court and serve on the OCP Notice Parties, no later than 45 days following the conclusion of such Statement Period, a statement containing the following information for each Ordinary Course Professional paid during such Statement Period:  (a) the Ordinary Course Professional's name; (b) the aggregate amounts paid as Compensation to the Ordinary Course Professional during the reported Statement Period; (c) all postpetition payments made to the Ordinary Course Professional to date; and (d) a general description of the services rendered by the Ordinary Course Professional (an "OCP Statement").  The initial OCP Statement shall cover the period from the Petition Date and ending on October 31, 2022 and shall be filed no later than December 15, 2022.

14.     The OCP Procedures shall not apply to those professionals for whom the Debtors will file separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel, financial advisors, or investment bankers.

## BASIS FOR RELIEF

15.     Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons" retained to   represent or perform services of the estate. 11 U.S.C. § 327(a).  In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, and therefore retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations.  *See, e.g.*, *Comm. of Asbestos-Related Litigants v.*

*Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986)

("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those

persons who play an intimate role in the reorganization of a debtor's estate").  In making this

determination, courts often consider the following factors in determining whether an entity is a

"professional" within the meaning of section 327 of the Bankruptcy Code:

> a.  whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;
>
> b.  whether the entity is involved in negotiating the terms of a plan of reorganization;
>
> c.  whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
> d.  whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;
>
> e.  the extent of the entity's involvement in the administration of the debtor's estate; and
>
> f.  whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 Bankr. LEXIS 2245, at *3 (D. Del.

Dec. 15, 1997) (listing factors); *see also In re Cyrus II P'ship*, No. 05-39857, 2008 Bankr.

LEXIS 2320, at *2 (Bankr. S.D. Tex. 2008) ("To make such determination, courts have looked to

whether a person is 'central' to the administration of the estate in classifying the person as a

'professional' under § 327.").  The foregoing factors must be considered as a whole when

determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy

Code.  No factor alone is dispositive.  *See First Merchs.*, 1997 Bankr. LEXIS 2245 at *3

("In applying these factors, the Court stresses that no one factor is dispositive and that the factors

should be weighed against each other and considered in total.").

16.     Additionally, section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

17.     Upon consideration of the above-listed factors, and because the Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases, the Debtors do not believe that the Ordinary Course Professionals are "professionals" requiring formal retention proceedings under section 327(a) of the Bankruptcy Code.  Instead, the Ordinary Course Professionals will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the Ordinary Course Professionals pursuant to the OCP Procedures and thereby avoid any subsequent controversy with respect thereto.

18.     The Debtors and their estates will derive benefit from the continued retention of the Ordinary Course Professionals because of their established relationships with the Debtors and their understanding of the Debtors and the Debtors' operations.  The Ordinary Course Professionals may be unwilling to provide services to the Debtors if they are required to follow a more formal retention and fee application process because the burden of doing so may approach or outweigh the fees they may earn during these cases.  Moreover, in light of projected timeline of these Chapter 11 Cases and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for Ordinary Course Professionals who will receive relatively modest fees, it would be impractical and inefficient for the Debtors and their

legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.  Therefore, it is in the best interests of all creditors and parties in interest to retain and compensate the Ordinary Course Professionals in accordance with the OCP Procedures and, thereby, avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business.  Accordingly, retention of the Ordinary Course Professionals proposed by this Motion is reasonably necessary and appropriate where such expenses shall be closely monitored as detailed herein.

19.     Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the Ordinary Course Professionals hold interests materially adverse to the Debtors, their creditors, or other parties in interest.  Nevertheless, the requirement for each Ordinary Course Professional to file an OCP Declaration, and that their retention and compensation is subject to objection by parties in interest, is an appropriate safeguard for any proposed payment to an Ordinary Course Professional.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

20.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE

21.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital

Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) any party known by the Debtors to have asserted a lien on any of the Assets; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the Ordinary Course Professionals; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request that the Court enter the Order granting the relief requested in this Motion and such other relief as the Court deems appropriate under the circumstances.

Dated: October 3, 2022
Houston, Texas

/s/ *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Certificate of Service</u>**

I certify that on October 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan III*
James T. Grogan III