**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 24, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

1

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1. By this motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing an orderly process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to section 327 or 1103 of title 11 of the United States Code (the "Bankruptcy Code") and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (such rules, the "Bankruptcy Local Rules" and such professionals, collectively, the "Retained Professionals"). Specifically, the Debtors propose that the payment of fees and reimbursement of expenses of the Retained Professionals in the Debtors' chapter 11 cases (the "Chapter 11 Cases") be structured in accordance with the procedures described herein.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 330, and 331 the Bankruptcy Code, rule 2016 of the Bankruptcy Rules and rule 2016-1 of the Bankruptcy Local Rules.

## BACKGROUND

5. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

6. The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space. With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs. In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales. The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers

that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

7. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 22] (the "First Day Declaration").[2]

## RETENTION OF PROFESSIONALS

8. Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings and to successfully and timely emerge from chapter 11. Accordingly, contemporaneously herewith, the Debtors have filed certain applications with the Court to employ and retain a number of professionals under section 327 of the Bankruptcy Code, including, without limitation, (a) Paul Hastings LLP, as attorneys to represent the Debtors in these Chapter 11 Cases, (ii) Jefferies LLC, as investment banker, (iii) Portage Point Partners, LLC, as financial advisor, (iv) Epiq Corporate Restructuring, LLC, as claims and noticing agent (collectively, the "Debtors' Professionals"). The Debtors may seek authorization to retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these Chapter 11 Cases as the need arises. In addition, any official committee appointed in these cases may retain professionals to represent it in these Chapter 11 Cases pursuant to section 1103 of the Bankruptcy Code. The Debtors may also

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

4

need to retain additional professionals in connection with the administration of the Chapter 11 Cases.[3]

9. The Debtors believe that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. Specifically, a streamlined process for serving interim fee applications (each, an "Interim Fee Application") and the notices thereof is in the best interest of the Debtors because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

**PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES**

10. The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "Compensation Procedures"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may file a fee statement with the Court (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by email on: (i) the Debtors, Compute North Holdings, Inc., 7575 Corporate Way, Eden Prairie, Minnesota 55344; Attn: Jason Stokes, Harold Coulby, (jason.stokes@computenorth.com, barry.coulby@computenorth.com); (ii) proposed counsel to the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor Houston, Texas 77002; Attn: James Grogan, (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166; Attn: Luc Despins, Sayan Bhattacharyya, Daniel Ginsberg, (lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500 Chicago, Illinois 60606; Attn: Matthew Micheli, Michael Jones,

---

[3] Contemporaneously herewith the Debtors have also filed a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion") seeking authority to employ certain professionals used in the ordinary course of business (each, an "Ordinary Course Professional"). Pursuant to the proposed order submitted with the OCP Motion (the "OCP Order"), Ordinary Course Professionals would not need to file individual retention applications but may be paid in full without interim or final fee applications, subject to the requirements and limitations of the OCP Order.

(mattmicheli@paulhastings.com, michaeljones@paulhastings.com); (iii) the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff, Jana Smith Whitworth, (jayson.b.ruff@usdoj.gov, jana.whitworth@usdoj.gov); (iv) counsel to any statutory committee appointed in these Chapter 11 Cases, if any (each an "Notice Party," and collectively, the "Notice Parties"). Any Retained Professional that does not file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous month(s).

b. Each Notice Party will have until 4:00 p.m. (prevailing Central Time) on the day that is 21 days after service of a Monthly Fee Statement to object to the requested fees and expenses in accordance with subparagraph (c) below. Upon the expiration of such 21-day period, the Debtors are authorized to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

c. If any Notice Party objects to a Retained Professional's Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve via email a written notice upon the respective Retained Professional and each of the Notice Parties (such notice, a "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 21 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Retained Professional and each of the Notice Parties. Thereafter, such Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Incremental Amount"), or (ii) forgo payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined below), at which time the parties may request that the Court consider the Objection.

d. Each Retained Professional may submit Monthly Fee Statements. The first Monthly Fee Statement will cover the period from the Petition Date through October 31, 2022. Thereafter, the Retained Professionals may submit Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on December 31, 2022, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals may file with the Court and serve on the Notice Parties an interim fee application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of such application request, (iii) the amount of fees and expenses paid to date or subject to an Objection, and (iv) the deadline for parties other than the Notice Parties to file objections. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties. For the avoidance of doubt, the Notice Parties and other parties will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including December 31, 2022.

f. The Debtors may request that the Court set a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the twenty percent holdback) and expenses not previously paid.

g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h. Within a reasonable time after the conclusion of the Retained Professional's representation, or in such period as may be fixed by a further order of the Court, each Retained Professional shall file an application seeking final approval of all paid and unpaid fees and expenses (each, a "Final Fee Application").

11. The Debtors also request that each member of any official committee formed by the U.S. Trustee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective official committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.

12. The Debtors further request that the Court limit service of Interim Fee Applications to the Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings on the Interim Fee Applications (the "Hearing Notice"), if any hearing is scheduled on the Interim Fee Applications. Serving the Interim Fee Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses. Final Fee Applications will be served on the full creditor matrix and thus, all parties will still have the ability to object to fees on a final basis.

**BASIS FOR RELIEF**

13. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

14. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

8

15. Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying a bankruptcy court's inherent equitable powers.

16. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981). The significant size of these cases and the amount of time and effort that will be required from the Retained Professionals to successfully reorganize the Debtors' business justifies the Compensation Procedures requested herein. Indeed, such Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment.

17. Courts in this jurisdiction have approved relief similar to the relief requested in this motion. *See, e.g.*, *In re Basic Energy Servs., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 21, 2021) [Docket No. 527]; *In re CBL & Associates Properties, Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 239]; *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Sept 17, 2020) [Docket No. 367]; *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Aug. 14, 2020) [Docket No. 434]; *In re CEC Ent., Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) [Docket No. 583]; *In re Gavilan Res., LLC*, No. 20-32656 (MI) (Bankr. S.D. Tex. Jul. 13, 2020) [Docket No. 206]; *In re Speedcast Int'l Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. Jun. 20, 2020) [Docket No. 328]; *In re Alta Mesa Res., Inc.*, No. 19-35133 (MI) (Bankr. S.D. Tex. Nov. 12, 2019) [Docket No. 512]; *In re EP Energy Corp.*, No. 19-35654

(MI) (Bankr. S.D. Tex. Nov. 6, 2019) [Docket No. 318]; *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Nov. 15, 2018) [Docket No. 522].

18. The Compensation Procedures will enable the Debtors to monitor closely the costs of administering these cases. Moreover, the proposed Compensation Procedures will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures. The Debtors therefore submit that the efficient administration of these cases will be significantly aided by establishing the Compensation Procedures. Accordingly, the relief requested herein is appropriate and in the best interest of the Debtors, their estates, and their creditors, and, therefore should be granted in these Chapter 11 Cases.

## **WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

19. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **NOTICE**

20. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy

Rule 2002. In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Proposed Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: October 3, 2022
Houston, Texas

/s/ *James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
sayanbhattacharyya@paulhastings.com
danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on October 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 /s/ *James T. Grogan III*
James T. Grogan III
