## **EXHIBIT A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. __** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1 authorizing the Debtors to establish the Interim Compensation Procedures for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and upon the hearing held to consider the relief requested in the Motion (the "Hearing"), if any; and upon consideration of the First Day Declaration and the record of the Hearing, if any, and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures:

   a. On or after the fifth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may file a fee statement with the Court (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by email on: (i) the Debtors, Compute North Holdings, Inc., 7575 Corporate Way, Eden Prairie, Minnesota 55344; Attn: Jason Stokes, Harold Coulby, (jason.stokes@computenorth.com, barry.coulby@computenorth.com); (ii) proposed counsel to the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor Houston, Texas 77002; Attn: James Grogan, (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166; Attn: Luc Despins, Sayan Bhattacharyya, Daniel Ginsberg, (lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500 Chicago, Illinois 60606; Attn: Matthew Micheli, Michael Jones, (mattmicheli@paulhastings.com, michaeljones@paulhastings.com); (iii) the Office of the United States Trustee for the Southern District of

    Texas (the "U.S. Trustee"), 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff, Jana Smith Whitworth, (jayson.b.ruff@usdoj.gov, jana.whitworth@usdoj.gov); (iv) counsel to any statutory committee appointed in these Chapter 11 Cases, if any (each an "Notice Party," and collectively, the "Notice Parties"). Any Retained Professional that does not file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous month(s).

b.  Each Notice Party will have until 4:00 p.m. (prevailing Central Time) on the day that is 21 days after service of a Monthly Fee Statement to object to the requested fees and expenses in accordance with subparagraph (c) below. Upon the expiration of such 21-day period, the Debtors are authorized to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

c.  If any Notice Party objects to a Retained Professional's Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve via email a written notice upon the respective Retained Professional and each of the Notice Parties (such notice, a "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 21 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Retained Professional and each of the Notice Parties. Thereafter, such Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "Incremental Amount"), or (ii) forgo payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined below), at which time the parties may request that the Court consider the Objection.

d.  Each Retained Professional may submit Monthly Fee Statements. The first Monthly Fee Statement will cover the period from the Petition Date through

        October 31, 2022. Thereafter, the Retained Professionals may submit Monthly Fee Statements in the manner described above.

e.     Beginning with the period ending on December 31, 2022, and at three-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each of the Retained Professionals may file with the Court and serve on the Notice Parties an interim fee application (each, an "<u>Interim Fee Application</u>") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of such application request, (iii) the amount of fees and expenses paid to date or subject to an Objection, and (iv) the deadline for parties other than the Notice Parties to file objections. Each Retained Professional shall serve notice of its Interim Fee Application (which identifies the Retained Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties. For the avoidance of doubt, the Notice Parties and other parties will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including December 31, 2022.

f.     The Debtors may request that the Court set a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the twenty percent holdback) and expenses not previously paid.

g.     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h.     Within a reasonable time after the conclusion of the Retained Professional's representation, or in such period as may be fixed by a further order of the Court, each Retained Professional shall file an application seeking final approval of all paid and unpaid fees and expenses (each, a "<u>Final Fee Application</u>").

2. Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Fee Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3. In each Interim Fee Application and the Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is an Ordinary Course Professional retained by the Debtors, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

4. Each member of any statutory committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

5. A Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement or Interim Fee Application, and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections or were disallowed by order of this Court.

6. The Retained Professionals shall only be required to serve (a) the Monthly Fee Statements and the Interim Fee Applications on the Notice Parties, and (b) notice of hearings, if

5

any, on the Interim Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these Chapter 11 Cases. The Retained Professionals shall serve Final Fee Applications on the full creditor matrix.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Houston, Texas  
Dated: _____, 2022

                                        _____  
                                        THE HONORABLE MARVIN ISGUR  
                                        UNITED STATES BANKRUPTCY JUDGE