# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
## AUTHORIZING THE RETENTION AND EMPLOYMENT
## OF PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS
## AND DEBTORS IN POSSESSION, EFFECTIVE AS OF SEPTEMBER 22, 2022

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 24, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application (this "Application"):

## RELIEF REQUESTED

1. By this Application, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Paul Hastings LLP ("Paul Hastings") as their counsel effective as of September 22, 2022 (the "Petition Date").

2. In support of this Application, the Debtors rely upon and incorporate by reference the declaration of James T. Grogan III, Partner at Paul Hastings, attached hereto as **Exhibit B** (the "Grogan Declaration"), and the declaration of Harold Coulby, Chief Financial Officer and Treasurer of Compute North, LLC, attached hereto as **Exhibit C** (the "Coulby Declaration").

## JURISDICTION, VENUE, AND STATUTORY BASES

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1408 and § 1409.

5. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

6. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

7. The Debtors are a leader in data centers, focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain, cryptocurrency mining, and distributed computing space. With operations across the United States, the Debtors bring a unique combination of data center, energy, and technology expertise to meet the growing demand for purpose-built infrastructure solutions for highly specialized computing needs. In addition to the Debtors' development and ownership of data centers, the Debtors' operations also include cryptocurrency mining hosting services, Bitcoin mining, and cryptocurrency equipment sales. The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers

that range from offering rack space, energy, and broadband access to a full scale, hands on experience which provides customers with additional services including monitoring, troubleshooting, firmware management, miner configuration, and mining pools.

8. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 22].

## PAUL HASTINGS' QUALIFICATIONS

9. The Debtors seek to retain Paul Hastings as their attorneys because of Paul Hastings' extensive knowledge of the Debtors' business and financial affairs, its extensive general experience and knowledge in legal matters, and, in particular, Paul Hastings' recognized expertise in the field of financial restructuring and bankruptcy. As one of the largest law firms in the world, with a national and an international practice, including a restructuring practice in Houston, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Cases. Paul Hastings has extensive bankruptcy and restructuring, corporate, energy, finance, fintech, litigation, M&A, real estate, securities, and tax expertise.

10. Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores;

Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Cred Inc.; Cypress Environmental Partners; Dictaphone; Education Holdings 1; EHT US1, Inc.; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Refco; Sabine Oil & Gas Corporation; Sable Permian; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.

11. Paul Hastings' representation of the Debtors commenced in mid-July, 2022, when Paul Hastings was engaged to evaluate strategic alternatives for restructuring the Debtors' indebtedness, including corporate, tax, and finance advice in connection with a restructuring, and ultimately, assisting in preparing, filing, and prosecuting a bankruptcy case under chapter 11. Before the Petition Date, Paul Hastings was involved, on behalf of the Debtors, in negotiating with various parties regarding various restructuring alternatives, including sales of assets or financing transactions, in preparing for the filing of the Chapter 11 Cases. Before the Petition Date, Paul Hastings also worked with the Debtors and their advisors to prepare the petitions, schedules, exhibits, and attendant first day motions to ensure a smooth transition through the restructuring process. During the course of this representation, Paul Hastings has become familiar with the Debtors' business and capital structure, the terms of their debt, and their organizational structure and needs.

12. Should the Debtors be required to retain lead counsel other than Paul Hastings in connection with the prosecution of the Chapter 11 Cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors, their business operations, and their financial circumstances.

13. The Debtors have been informed that Paul Hastings partner James T. Grogan III is a member in good standing of the Bar of the State of Texas and the Bar of the State of New York. The Debtors are further informed that the other Paul Hastings attorneys who will provide services in the Chapter 11 Cases are similarly members in good standing of their respective state bars and will apply, as needed, for admission *pro hac vice* to this Court.

14. Accordingly, the Debtors submit that Paul Hastings retention as bankruptcy counsel is necessary and in the best interest of the Debtors and their estates. Such legal counsel will enable the Debtors to carry out their duties in the Chapter 11 Cases and assist the Debtors in formulating and executing a plan of reorganization. The Debtors further submit that the firm is both well-qualified and uniquely able to represent the Debtors in the Chapter 11 Cases in an efficient and effective manner.

## SERVICES TO BE PROVIDED

15. The Debtors anticipate that Paul Hastings will render general legal services as needed throughout the course of the Chapter 11 Cases, including bankruptcy, corporate, energy, finance, fintech, litigation, M&A, real estate, securities, and tax advice. In particular, the Debtors have requested that Paul Hastings perform, among others, the following legal services:

    a. advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

6

b. preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in the Chapter 11 Cases;

c. advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Cases;

d. advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

e. reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

f. advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

g. advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

h. advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

i. advising the Debtors in connection with the prosecution, confirmation, and consummation of a plan or plans of reorganization and related transactions and transactional documents;

j. assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

k. negotiating with parties in interest;

l. commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

m. providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

It is necessary and essential that the Debtors, as debtors in possession, employ attorneys to render the foregoing professional services. Paul Hastings has substantial expertise in all of these

areas and has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors prior to and since the Petition Date.

## PROFESSIONAL COMPENSATION

16. Paul Hastings intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Paul Hastings will use in the Chapter 11 Cases are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in other restructuring matters (with the exception of Puerto Rico's Title III cases), as well as similar complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases. Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

17. Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Currently, Paul Hastings' customary hourly rate ranges in the United States are as follows:

| **Timekeeper Category** | **U.S. Hourly Rate Range** |
|---|---|
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

18. Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[2] So long as Paul Hastings charges its regular hourly rates in effect at the time, the Debtors consent to Paul Hastings' annual and other periodic rate increases.

19. In determining the level of compensation to be paid to Paul Hastings and its reasonableness, the Debtors compared Paul Hastings' hourly rates with the range of rates charged by other top firms in other large and complex matters. The Debtors submit that Paul Hastings' hourly rates are reasonable, comparable to Paul Hastings' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals.

20. It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. To ensure compliance with applicable deadlines in the Chapter 11 Cases, from time to time the firm utilizes the services of overtime secretaries and charges fees for such services in

---

[2] For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

accordance with its engagement letter with the Debtors.  Paul Hastings will charge the Debtors for the above expenses in a manner and at rates consistent with charges generally made to its other clients.

21.     During the 90-day period prior to the Petition Date, Paul Hastings received from the Debtors the amounts set forth in the Grogan Declaration as compensation for professional services and reimbursement of expenses incurred on behalf of the Debtors.  As of the Petition Date, Paul Hastings holds an advance payment retainer in the amount of approximately $400,000.00.

22.     Paul Hastings has agreed to accept as compensation for its services in the Chapter 11 Cases such sums as may be allowed by this Court, based upon the time spent, the services rendered, the difficulties encountered, and other appropriate factors.

## PAUL HASTINGS' DISINTERESTEDNESS

23.     The Grogan Declaration discloses Paul Hastings' connections to the Debtors and potential parties in interest in the Chapter 11 Cases and is incorporated in this Application by reference.  In reliance on the Grogan Declaration, and except as set forth therein, the Debtors believe that: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Cases or their respective attorneys or accountants; (b) Paul Hastings is not a creditor, equity security holder, or insider of the Debtors; (c) none of Paul Hastings' partners or associates is, or was within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the

Debtors, or for any other reason. Therefore, the Debtors believe that Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

24. Paul Hastings will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

25. The Debtors seek to retain Paul Hastings as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."

26. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a debtor in possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

27. Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

States trustee, or any person employed in the office of the United States trustee.

28. As required by Bankruptcy Rule 2014(a), this Application, along with the Grogan Declaration and the Coulby Declaration, sets forth: (a) the specific facts establishing the Debtors' need to employ Paul Hastings as counsel in the Chapter 11 Cases and the reasons for the Debtors' selection of Paul Hastings; (b) the professional services to be rendered by Paul Hastings; (c) Paul Hastings' compensation and the reasonableness thereof; and (d) to the best of the Debtors' knowledge, Paul Hastings' connection, if any, to certain parties in interest in the Chapter 11 Cases.

29. The Debtors submit that for all of the reasons stated in this Application, the Grogan Declaration, and the Coulby Declaration, the proposed retention of Paul Hastings as the Debtors' bankruptcy and restructuring counsel in the Chapter 11 Cases falls squarely within the scope of section 327(a) and is warranted. Accordingly, the Debtors respectfully request that the Court authorize the retention of Paul Hastings as counsel to the Debtors.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

30. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

31. The Debtors will provide notice of this Application to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC,

(iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested in this Application and such other relief as is just and proper.

Dated: October 3, 2022
Eden Prairie, Minnesota

/s/ Harold Coulby
Harold Coulby
Chief Financial Officer and Treasurer of
Compute North LLC

**Certificate of Service**

      I certify that on October 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ James T. Grogan III*
                                              James T. Grogan III