**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. __** |

ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF
PAUL HASTINGS LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, EFFECTIVE AS OF SEPTEMBER 22, 2022

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing and approving the Debtors to retain and employ Paul Hastings LLP ("Paul Hastings") as their counsel, all as more fully set forth in the Application; and upon consideration of the Application, the Grogan Declaration, and the Coulby Declaration; and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408 and § 1409; and this Court having found that the relief requested in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not defined herein have the meanings set forth in the Application.

Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and employ Paul Hastings as their attorneys effective as of the Petition Date on the terms set forth in the Application, the Grogan Declaration, and the Coulby Declaration, as modified by this Order. Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

2. Paul Hastings is authorized to act as the Debtors' counsel and to perform those services described in the Application. Specifically, but without limitation, Paul Hastings is authorized to render the following legal services:

   a. advising the Debtors of their rights, powers, and duties as debtors and debtors in possession while operating and managing their business and properties under chapter 11 of the Bankruptcy Code;

   b. preparing on behalf of the Debtors necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports to be filed in the Chapter 11 Cases;

   c. advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Cases;

2

      d.      advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

      e.      reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

      f.      advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

      g.      advising and assisting the Debtors in connection with any potential asset sales and property dispositions;

      h.      advising the Debtors concerning executory contract and unexpired lease assumptions, assignments, and rejections as well as lease restructurings and recharacterizations;

      i.      advising the Debtors in connection with the prosecution, confirmation, and consummation of a plan or plans of reorganization and related transactions and transactional documents;

      j.      assisting the Debtors in reviewing, estimating, and resolving claims asserted against the Debtors' estates;

      k.      negotiating with parties in interest;

      l.      commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates, or otherwise further the goal of completing the Debtors' successful reorganization; and

      m.      providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

3.      Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other application procedures and orders of the Court. Paul Hastings shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both

in connection with the Application and all applications for compensation and reimbursement of expenses filed by Paul Hastings in the Chapter 11 Cases. The Debtors shall be jointly and severally responsible for Paul Hastings' compensation and reimbursement of expenses in the Chapter 11 Cases.

4. Paul Hastings shall provide no less than ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

5. Paul Hastings shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees, without further order of the Court.

6. Paul Hastings shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Paul Hastings solely to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

7. Paul Hastings will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

8. The Debtors and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

10. If any affiliates of the Debtors commence chapter 11 cases that are jointly administered with the Chapter 11 Cases, the retention and employment of Paul Hastings and other provisions of this Order shall apply to such debtors and their respective estates.

11. To the extent the Application, the Grogan Declaration, or the Coulby Declaration is inconsistent with this Order, the terms of this Order shall govern.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE