United States Courts
Southern District of Texas
FILED

*October 10, 2022*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**TZ CAPITAL'S LIMITED OBJECTION TO, AND RESERVATION OF RIGHTS
REGARDING, THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF (I)
AN ORDER (A) APPROVING DE MINIMIS ASSET SALE PROCEDURES; (B)
APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION,
ASSIGNMENT, AND REJECTION PROCEDURES, AND THE FORM AND
MANNER OF NOTICE THEREOF; (C) AUTHORIZING THE DEBTORS TO
ENTER INTO ASSET PURCHASE AGREEMENTS WITH STALKING HORSE
BIDDERS; AND (D) SCHEDULING A HEARING ON THE APPROVAL OF THE
SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL
ENCUMBRANCES AS WELL AS THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II)
AN ORDER (A) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS
FREE AND CLEAR OF ALL ENCUMBRANCES, (B) APPROVING ASSET
PURCHASE AGREEMENTS, (C) AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (D) WAIVING STAY PROVISIONS PURSUANT TO
BANKRUPTCY RULES 6004(H) AND 6006(D)**
**Ref. Doc. No. 91**

TZ Capital Holdings, LLC ("TZCH") respectfully files this limited objection and

reservation of rights (this "Objection") with respect to the *Debtors' Emergency Motion for Entry*

*of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding*

*Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Holdings, Inc. (4534); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

*Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of All Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(H) And 6006(D)* (the "Motion").[2]  In support of the Objection, TZCH respectfully states as follows:

## I.    Preliminary Statement

1.      TZCH is a contract counterparty and secured lender to Compute North Member LLC (the "Debtor Member") pursuant to several agreements.[3]  TZCH's claim against the Debtor Member is secured by a first priority security interest in the Debtor Member's 50% membership interests (the "Debtor's JV Interests") in TZRC LLC (the "JV"), which is a non-debtor joint venture between TZCH and the Debtor Member.  TZCH's claim is also guaranteed by Compute North Holdings, Inc. (the "Debtor Parent").  TZCH has many rights under the parties' agreements including, among other things: (i) consent right to the transfer of the Debtor's JV Interests and the Loan Obligations; (ii) right of first offer to purchase the Debtor's JV Interests; (iii) right to the distribution of the Debtor Member's share of any JV distributions; (iv) right to notice and option to pursue any Business Opportunity that the Debtor Member is offered or discovers; and (v) certain confidentiality provisions.

---

[2] Capitalized terms used but not immediately defined shall have the meanings ascribed to them below.  Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the JV LLC Agreement, the Loan Documents, or the PMA, as applicable.

[3] TZCH is the current contract counterparty as transferee pursuant to a permitted transfer under the earlier agreements and is named as the counterparty in the agreements after such permitted transfer occurred.

2.      TZCH's collateral interests and contractual rights must be honored in these Chapter 11 Cases.  The Debtors should be required to keep TZCH informed regarding the sale process including, among other things, the interested parties in and potential bidders for the Debtor's JV Interest.  Confidentiality requirements for interested parties and potential bidders to view or access information related to the JV and/or TZCH should also comply with the confidentiality requirements under the JV LLC Agreement. Accordingly, any Bidding Procedures Order entered should include: (i) a clarification of TZCH's credit bidding rights (including deeming TZCH a Qualified Bidder if it chooses to make a credit bid on the Debtor's JV Interest), (ii) a requirement that the Debtors and any persons granted access to information related to the JV adhere to the parties' existing confidentiality standards, (iii) a clarification that the Debtors are not authorized to breach any agreements with TZCH, (iv) a clarification that nothing in any bidding procedures order will impair or modify TZCH's consent rights over the sale or transfer of the Debtor's JV Interests, (v) either a deadline for the Debtors to provide adequate assurance information with respect to the parties executory contracts with sufficient time to review before the objection deadline or extend the deadline to the later of the requested deadline or 48 hours after the Debtors provide such adequate assurance information, and (vi) a requirement that the Debtors keep TZCH informed regarding any bidder interested in purchasing or bidding on the Debtor's JV Interests.

3.      Prior to filing this Objection, TZCH's counsel reached out to the Debtors' proposed counsel to seek a resolution of the issues raised in this Objection.  As of the filing of this Objection, TZCH and the Debtors have not yet been able to resolve such issues.  TZCH remains committed to working towards a resolution of or, at least to narrow, the issues raised in this Objection in advance of the hearing on the Motion.

## II.   Background

### A.   *TZCH's Relationship with the Debtors*

4.      TZCH and the Debtor Member are parties to that certain *Limited Liability Company Agreement of TZRC LLC* dated as of November 24, 2021 (as amended, the "JV LLC Agreement") pursuant to which TZCH and the Debtor Member formed the JV.  While the JV is not a debtor in these Chapter 11 Cases, the Debtor Member owns 50% of the equity interests in the JV.  TZCH has many rights, remedies, and interests arising from, related to, and/or under the JV LLC Agreement including the following non-exclusive list:

      a.   a right to distribution of the Debtor Member's share of all Available Cash of the JV LLC (§§ 3.02(b)(i)(D), 6.01) and to the extent any property or cash is received by the Debtor Member in contravention of the JV LLC Agreement, such funds shall be held in trust for TZCH's benefit (§ 3.02(b)(i)(F)) (the "Distribution Rights");

      b.   a right to notice of any Business Opportunity that the Debtor Member is offered or discovers (and for which the JV has the first right to pursue) (§ 7.12(b)) (the "Business Opportunity Rights");

      c.   a right to terminate the Debtor Member as Operator under the PMA if it breaches the PMA (§ 7.15) (the "Operator Termination Rights");

      d.   sole discretion consent right regarding the transfer of any of the Debtor's JV Interests (§ 9.01(a)) (the "Consent Rights");

      e.   a right of first offer to purchase a portion or all of the Debtor's JV Interests and related rights (§ 9.04) (the "ROFO");

      f.   the Debtor Member must comply with confidentiality provisions (§ 10.01) (the "JV Confidentiality Rights");[4] and

---

[4] TZCH's rights under its contracts including, without limitation, the Consent Rights, the ROFO, and the Confidentiality Rights are important rights that were  negotiated at length to ensure both members have equal  control over the operations and governance of the JV.  If TZCH's Consent Rights are not given effect, the Debtor Member could theoretically transfer the Debtor's JV Interests to the highest bidder without any assurance that KYC with respect to such bidder has been performed. The successful bidder will co-own a data center that is located behind the meter in the vicinity of a wind farm and thus potentially gain  access to critical infrastructure. Under the Lone Star Infrastructure Protection Act (the "LSIPA"), a Texas law that went into effect June 2021,  businesses that operate in Texas are prohibited from engaging in commercial transactions involving critical infrastructure with entities owned or controlled by certain foreign nationals.  The LSIPA defines critical infrastructure to include, among other things, the electric grid.

g. TZCH is owed duties by the Debtor Member related to the Debtor Member's appointment as Tax Matters Representative for the JV (§ 11.04).

5. The Debtor Member as Operator, TZCH as the TZCH Member, and TZRC King Mountain LLC (a non-debtor entity and wholly owned subsidiary of the JV) as the Owner, are also parties to that certain Modular Data Center Property Management Agreement dated as of March 8, 2022 (the "PMA").  TZCH has many rights, remedies, and interests arising from, related to, and/or under the PMA including the following non-exclusive list:

a. the Debtor Member as Operator owes duties that inure to the benefit of TZCH (§§ 3.1, 3.2, 3.3, 3.4, 3.5, 3.6);

b. TZCH has termination rights under the PMA (§ 6.1) (together with the Operator Termination Rights, the "Termination Rights"); and

c. the Debtor Member must comply with confidentiality provisions (§ 8.4) (together with the JV Confidentiality Rights, the "Confidentiality Rights").[5]

6. The JV LLC Agreement includes a process whereby, when the Debtor Member failed to timely make its Additional Capital Contributions, TZCH had the opportunity to (but not the obligation) advance such funds to the JV on behalf of, and as a loan to, the Debtor Member (the "Loan") (§ 3.02).  TZCH did in fact make and fund the Loan to the Debtor Member.  Under the JV LLC Agreement, the Loan was required to be evidenced by additional documentation to be executed by the parties and is secured by the Debtor's JV Interests (§ 3.02).

7. On or about April 8, 2022, the Debtor Member as borrower executed that certain Secured Promissory Note in the principal sum of ninety-eight million five hundred eight thousand nine hundred twenty and no/100 dollars ($98,508,920.00) evidencing the Loan (as amended, the

---

[5] Pursuant to the confidentiality provisions of the various documents, TZCH is not attaching any such documents to this Objection.  TZCH understands that the Debtors already have copies of all such documents and TZCH will provide copies to the Court under seal if necessary.

"Note" and together with the other documents and agreements related to the Loan all as may be amended, supplemented, or modified from time to time, the "Loan Documents").[6] The Loan is in default and has been automatically accelerated according to the terms of the Note. *See* Note §§ 10.1, 10.2; JV LLC Agreement § 3.02(b)(i)(K)(3). The Note also provides TZCH with the Distribution Rights like the JV LLC Agreement. Note § 7.3. Further, the Debtor Member cannot transfer or assign its obligations under the Loan Documents (the "Loan Obligations") absent TZCH's written consent. Note § 11.8. All legal and equitable rights, remedies, and interests arising from, related to, and/or under the Loan Documents are collectively referred to herein as the "Loan Rights."

8.     In consideration for the Loan and as a material part of the transaction, the Debtor Parent and TZCH executed that certain Guaranty Agreement dated as of April 8, 2022 pursuant to which the Debtor Parent is directly liable as a primary obligor for the Loan  and the Loan Obligations (the "Guaranty Rights").

### B.  The Bankruptcy Cases

9.     On September 22, 2021 (the "Petition Date"), the Debtor Parent, the Debtor Member, and certain of their affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

10.    On the Petition Date, the Debtors filed, among other things, the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter*

---

[6] TZCH is also a party and/or beneficiary to several other agreements with the JV and/or other non-debtor entities involved in or related to the JV including, among others, security agreements pledging additional property and/or rights to TZCH.  None of those agreements involve property of any of the Debtors or their estates; therefore, there is no need to identify or discuss them for the purposes of this Objection.

*11 Petitions and First Day Pleadings* [Doc. No. 22] (the "<u>First Day Declaration</u>").[7]  In paragraph

49 of the First Day Declaration, the Debtors admit that the Note "was issued in connection with

the member loan made by [TZCH] as set forth in [the JV LLC Agreement] and ***is secured by [the***

***Debtor's JV Interests]***."  Accordingly, there is no dispute that TZCH is a secured creditor of the

Debtor Member.

11.     On September 26, 2022, the Debtors filed the Motion seeking approval of, among

other things, proposed bidding procedures, a sale notice, and sale procedures.  The Motion also

requested approval of assumption, assignment, and rejection procedures for executory contracts

and unexpired leases including a process for contract or lease counterparties to contest the amount

of any cure claim in connection with any assumption or assumption and assignment of the contract

or lease (the "Cure Claim Rights").

12.     The Debtors continue to manage and operate their businesses as debtors-in-

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  An official committee of

unsecured creditors has yet to be appointed in the Chapter 11 Cases.  Further, no trustee or

examiner has been requested or appointed in the Chapter 11 Cases.

## III.     Limited Objection

### A.  *Any Bidding Procedures Order should include additional clarifications and requirement regarding TZCH's rights.*

13.     The proposed bidding procedures order must be amended to clarify certain matters

and provide additional requirements to protect and respect TZCH's legal and equitable rights,

remedies, and interests arising from, related to, and/or under all of the parties' contracts and

applicable law.

---

[7] The First Day Declaration incorrectly states that NextEra Energy "owns the other 50% of the NextEra Joint Venture
Facility." First Day Declaration ¶ 28.  As explained above, TZCH, as transferee, is the current non-debtor counterparty
to the JV LLC Agreement.

     1.   *TZCH's credit bidding rights should be expressly acknowledged and TZCH should be deemed to be a Qualified Bidder.*

14.     While the Debtors acknowledge secured creditors credit bidding rights under section 363(k) of the Bankruptcy Code, the Debtors nevertheless propose requiring TZCH to unnecessarily provide the very same information that the Debtors already possess and have acknowledged, thereby wasting the time and resources of the Debtors and TZCH.  Motion ¶¶ 29–30.  This requirement insofar as it is sought to be imposed upon TZCH is redundant, unnecessary, and a waste of time and resources.  First, the Debtors already have all of the documentation that evidences TZCH's secured claim.  Second, the Debtors have admitted, and do not dispute, that TZCH is a secured creditor.  First Day Declaration ¶ 49.  Finally, the proposed bidding procedures require the Secured Claim Documentation (as defined in the Motion) as part of submitting a Qualified Bid (as defined in the Motion).  Accordingly, as an undisputed secured creditor, TZCH should automatically be deemed to be a Qualified Bidder (as defined in the Motion) in any bidding procedures order, to the extent that TZCH decides to make a credit bid on the Debtor's JV Interests.

     2.   *TZCH's confidentiality rights must be respected.*

15.     The Debtors' proposed bidding procedures order contemplates a restriction of confidential information as part of the sale process.  Motion, p.50 (proposed order ¶ 8).  The Debtors are permitted to share confidential information in connection with marketing and selling the Debtors' JV Interests provided that any parties they permit to access or view such confidential information are bound by equivalent confidentiality requirements and obligations.  *See* JV LLC Agreement § 10.1.  The Debtors' proposed treatment of confidential information under the proposed bidding procedures, however, may improperly permit the Debtors to eliminate or, at a minimum, alter TZCH's Confidentiality Rights.  Specifically, the Debtors' proposed confidentiality process effectively eliminates the Debtors' liability for failing to comply with the

confidentiality provisions under the various agreements with TZCH while simultaneously giving the Debtors sole discretion over the form and substance of any confidentiality agreement that parties must execute to access the confidential information.  There is no authority or justification for granting the Debtors this broad immunity and sole discretion to alter its existing confidentiality obligations to TZCH.  Accordingly, any bidding procedures order must include a requirement that the Debtors and any parties that are provided access to such confidential information must comply with and adhere to the existing confidentiality requirements and obligations, and any confidentiality agreement that would give a potential bidder access to TZCH's or the JV's confidential information should be reasonably acceptable in form and substance to TZCH.

       *3.*    *TZCH's substantive rights should not be altered by the terms of any bidding procedures order.*

16.      The Motion and attached proposed bidding procedures order makes several references to selling assets free and clear.  While there is no question that the Bankruptcy Code provides a process and requirements for relieving the Debtors property of burdens, any bidding procedures order should make clear that there is no determination or findings in that order that the Debtors have satisfied the legal standards for obtaining such relief and that all rights are reserved to be addressed in any evidentiary sale hearing.  No agreements with TZCH have been assumed or rejected; therefore, any Bidding Procedures Order should clarify that nothing therein permits the Debtors to breach or otherwise fail to fulfill their obligations under any agreements with TZCH. Further, nothing in the Bid Procedures should be deemed to impair TZCH's consent rights under the JV LLC Agreement and the Note.

17.      TZCH specifically requests that the following provisions be added to any bidding procedures order:

Nothing herein authorizes any of the Debtors to breach or otherwise fail to fulfill their obligations under any agreement with TZ Capital Holdings LLC or otherwise related to, arising from, related to, and/or in connection with TZRC LLC, its affiliates, or operations unless and until a motion to reject such agreement has been filed or this Court further orders otherwise after notice to TZCH and a hearing on such matters.

Except with respect to the De Minimis Asset Sale Procedures, nothing in this Order is or shall be construed to be a finding or ruling regarding the Debtors ability to reject, assume, or assign any contracts or sell any assets free and clear of any interests and such rights or abilities, if any, shall be subject to the Debtors satisfying their evidentiary burden and any party-in-interest's right to object and present countervailing evidence.

4.   *The Debtors must provide TZCH sufficient time to review any adequate assurance of future performance information before the objection deadline.*

18.       In the event that the Debtors attempt to assume and assign any of TZCH's executory contracts, the Debtors must establish adequate assurance of future performance under any such contracts (the "<u>Adequate Assurance Rights</u>").  11 U.S.C. §§ 365(b)(1)(C), 365(f)(2).  The Debtors have the burden of providing and proving the sufficiency of such adequate assurance.  *See, e.g.*, *In re Texas Health Enters. Inc.*, 72 F. App'x 122, 126 (5th Cir. 2003) (explaining that "we have also recognized that the bankruptcy court need not approve every contract that is beneficial to the debtor if the debtor cannot assure performance on the contract") (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985)).  The proposed bidding procedures would not provide TZCH with sufficient information and time to meaningfully evaluate, request additional information (or take discovery), and object (if necessary) to any proposed (i) transfer or sale of the Debtor's JV Interests or Loan Obligations and/or (ii) assumption and assignment of any executory contracts.

19.       TZCH does not necessarily oppose the Debtors' proposed sale timeline, but the Debtors cannot deprive TZCH of its due process rights by requiring objections to be made on

unreasonably short notice.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 399 U.S. 306,

314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which

is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and to afford them an opportunity to present

objections.").  Specifically, the proposed bidding procedures contemplate an adequate assurance

objection deadline of November 3, 2022.  However, there is ***no required minimum notice period***

for the Debtors to provide TZCH with adequate assurance of future performance.  TZCH should

not be forced to respond on what may be less than 24 hours' notice.  Notably, under the Debtors'

proposed sale timeline, the Debtors will have financial and other information supporting the

bidder's ability to comply with the Bankruptcy Code's adequate assurance requirements by

October 27, 2022.  *See* Proposed Bidding Procedures at § 7.i.  Absent an earlier deadline for the

Debtors to provide adequate assurance information, the adequate assurance objection deadline

should be no sooner than the second business day after the Debtors provide such adequate

assurance information to the counterparty.

> 5.  *The Debtors should be required to provide TZCH with updates regarding the sale process including information related to any bidder interested in bidding on the Debtor's JV Interests.*

20.     Given TZCH's consent right over any transfer of the Debtor's JV Interests and the

Loan Obligations, the Debtors should be required to keep TZCH informed about the sale process

as it relates to the Debtor's JV Interests.  Specifically, the Debtors should be required to provide

TZCH with information related to any bidder interested in purchasing or bidding on the Debtor's

JV Interests so that TZCH can timely evaluate whether it will consent to such transfer or

assignment.  This is particularly important because a successful bidder will be the 50% ultimate

owner of TZRC King Mountain LLC that owns a data center that is collocated behind the meter in

the vicinity of a wind farm located in Upton County, Texas.  As such, the data center is subject to

the requirements of the LSIPA because it is connected to critical infrastructure as defined in the LSIPA. It would be more efficient for the Debtors to provide TZCH information (including adequate assurance details) about the Qualified Bidders as soon as possible after receiving such information. In this way, TZCH can review such information and inform the Debtors regarding TZCH's consent rights as an additional consideration for the Debtors' business judgment in determining the highest and best bids at any auction.

## IV.    Reservation of Rights

21.    TZCH does not, in principle, oppose the Debtors' proposed sale process. TZCH, however, reserves and preserves all of its legal and equitable rights, remedies, and interests arising from, related to, and/or under all contracts, agreements, and applicable law including, without limitation, with respect to the Consent Rights, the ROFO, the Distribution Rights, the Business Opportunity Rights, the Termination Rights, the Confidentiality Rights, the Loan Rights, the Guaranty Rights, the Adequate Assurance Rights, and the Cure Claim Rights. Absent receiving sufficient information regarding any proposed transfer of the Debtor's JV Interests and/or the Loan Obligations, TZCH will not be in a position to determine whether it will consent to the sale or transfer of the Debtor's JV Interests and/or the Loan Obligations. TZCH also reserves all rights to object to approval of any subsequently proposed sale transaction(s).

## V.    Conclusion

22.    TZCH does not object to a fair sale process that provides the Debtors an opportunity to maximize the value of their assets, but that process must adequately protect TZCH's rights. TZCH requests the Court: (1) sustain the Objection and, to the extent it enters a bidding procedures order, such order first be modified to include (a) a clarification of TZCH's credit bidding rights including deeming TZCH a Qualified Bidder, (b) a requirement that the Debtors and any persons granted access to confidential information related to TZCH or the JV adhere to the existing

confidentiality standards, (c) a clarification that the Debtors are not authorized to breach any agreements with TZCH, (d) a clarification that nothing in any bidding procedures order will impair or modify TZCH's consent rights over the sale or transfer of the Debtor's JV Interests, (e) either a deadline for the Debtors to provide adequate assurance information with sufficient time to review before the objection deadline or extend the deadline to the later of the requested deadline or 48 hours after the Debtors provide adequate assurance information, and (f) a requirement that the Debtors keep TZCH informed regarding any bidder interested in purchasing or bidding on the Debtor's JV Interests; and (2) such other and further relief as the Court deems just and appropriate.

Dated: October 10, 2022                       Respectfully submitted,

*/s/  Stephen M. Pezanosky*
Stephen M. Pezanosky
State Bar No. 15881850
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com

and

David Trausch
State Bar No. 24113513
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 713.547.2000
Facsimile:  713.547.2600
Email: david.trausch@haynesboone.com

*Counsel for TZ Capital Holdings LLC*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the *Instructions for Electronic Case Filing in Complex Cases During CM/ECF Shutdown October 6, 2022 to October 11, 2022*, a true and correct copy of the foregoing was sent on October 10, 2022 to the Court Service Email Address (as defined therein) for filing on the manually maintained docket sheet.  The undersigned hereby certifies that on October 10, 2022, true and correct copies of the foregoing were served via electronic mail upon all parties having entered an appearance and request for notice under Federal Rule of Bankruptcy Procedure 2002 prior to the Court's ECF filing system being rendered unavailable on October 6, 2022.

*/s/  Stephen M. Pezanosky*
Stephen M. Pezanosky