UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )|
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) ) |
| Debtors. | ) (Jointly Administered) ) |

**OBJECTION AND RESERVATION OF RIGHTS OF MARATHON DIGITAL HOLDINGS, INC. TO AND REGARDING DEBTORS' EMERGENCY MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING DE MINIMIS ASSET SALE PROCEDURES; (B) APPROVING CERTAIN BIDDING PROCEDURES, ASSUMPTION, ASSIGNMENT, AND REJECTION PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF; (C) AUTHORIZING THE DEBTORS TO ENTER INTO ASSET PURCHASE AGREEMENTS WITH STALKING HORSE BIDDERS; AND (D) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES AS WELL AS THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (II) AN ORDER (A) AUTHORIZING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES, (B) APPROVING ASSET PURCHASE AGREEMENTS, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) WAIVING STAY PROVISIONS PURSUANT TO BANKRUPTCY RULES 6004(H) AND 6006(D)**

COMES NOW Marathon Digital Holdings, Inc. ("<u>Marathon</u>"), by and through its undersigned counsel, and hereby files its Objection and Reservation of Rights to and Regarding Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344

Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d) (the "Objection"). In support of the Objection, Marathon states as follows:

**Background**

1. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

2. On September 28, 2022, the Debtors filed Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired

Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d) (Dkt. 91) (the "Sales Procedure Motion").

3. **Marathon** is a digital asset technology company that mines cryptocurrencies, with a focus on the blockchain ecosystem and the generation of digital assets. In connection with its operations Marathon places mining equipment which it owns in facilities, including several in which one or more of the Debtors manage and/or have an interest.

4. Marathon is a public company listed on the NASDAQ Capital Market exchange. As of August 31, 2022, Marathon had in excess of $70 million unrestricted cash and $130 million in unrestricted bitcoin.

5. Marathon is the Debtors' largest unsecured creditor with a claim in excess of $21 million. Marathon also has an equity investment consisting of Compute North Holdings, Inc. 1.2550% of Series C Preferred of approximately $10 million and approximately $42 million on deposit for the various hosting arrangements it has had with the Debtors which precede the filing of the Chapter 11 cases. Additionally, as described below, the Debtors have extensive obligations under contractual agreements which, in the event of rejection or breach by Debtors, may result in substantial additional claims.

6. The agreements between Marathon and the Debtors include that certain Master Agreement, dated September 3, 2022 (together with any associated Order Forms, the "Master Agreement"), between Marathon and Debtor Compute North LLC ("Compute North"). Under the Master Agreement Compute North provides colocation and other services (collectively, the "Colocation Services") for Marathon's cryptocurrency mining hardware (the "Mining Equipment"). Included in the Master Agreement's terms Compute North will provide rack space, electrical power, ambient air cooling, internet connectivity and physical security for approximately

34,800 servers, with 29,000 to be placed on a 29-acre wind farm owned and operated by a non-debtor affiliate in McCamey, TX referred to as the King Mountain Facility.

7. The agreements between Marathon and the Debtors also include a Non-Disclosure Agreement dated September 3, 2021, with respect to confidential information (the "Existing NDA") provided by Compute North.

8. On July 1, 2022, Marathon and the Debtors restructured a $30 million payment on a secured note. Pursuant to the restructured note, on July 5, 2022, $9,175,718.40 of the principal was satisfied by the application of deposits for 26,000 miners assigned to the Debtors' Wolf Hollow, TX Data Center.

9. Jefferies LLC ("Jefferies") was retained by Marathon as its investment banker in connection with a number of matters prior to the date of Jefferies' engagement by the Debtors on August 16, 2021. Until recently, Marathon was unaware that Jefferies had been retained by the Debtors and was unaware of the existence of the relationship. In connection with the retention by Marathon, Jefferies had access to material nonpublic information and confidential information of Marathon. Members of the same team of investment bankers were assigned to both Marathon and the Debtors including, but not limited to, the same Jefferies Managing Director spearheading both the Compute North sales process, as well as having been the lead banker on Marathon's November 2021 bond offering, which was consummated after extensive due diligence conducted by both Jefferies and its then outside counsel for the bond offering. Due to the timing of the July 1, 2022 restructuring Marathon has concerns and the possibility exists that Jefferies and the Debtors may have used material nonpublic information and confidential information of Marathon to the detriment of Marathon. Marathon also believes that there is an inherent conflict of interest arising from Jefferies' representation of Compute North as the Marathon bonds are not due until 2026,

and as a result Jefferies maintains an ongoing dialogue with both Marathon and the bondholders regarding its business. Furthermore, any advantage gained by Compute North arising out of the bidding process could be directly to the detriment of Marathon's interest in the exposure it has as a result of the instant bankruptcy process, thus harming Marathon's financial interests and the potential value to its bondholders, all placed by Jefferies. Thus, there is a material irreconcilable conflict between the duties owed by Jefferies in its capacity as investment banker to Marathon and agent to its bondholders, and the interests of Debtors' creditors and interest holders which makes it impossible for Jefferies to be disinterested in this case.

10. Shortly prior to the filing of this case Marathon was solicited by Jefferies to make additional investment in or loans to the Debtors.

**Proposed NDA is Overbroad and Overreaching**

11. Shortly after filing of the Sales Procedure Motion, Marathon was solicited by Jefferies requesting whether Marathon was interested in participating in the sales process in the bankruptcy case. As a condition to being provided access to the data room and being a potential bidder, the Debtors and Jefferies have insisted on a non-disclosure agreement (the "Proposed NDA") which is egregiously one-sided and over broad.

12. The Proposed NDA would prevent Marathon from complying with its disclosure obligations as a public company. For example, the Proposed NDA's definition of confidential information would prohibit the disclosure of the number and location of Mining Equipment owned by Marathon that are located at the facilities for which colocation services are provided under the Master Agreement. Similarly, the Proposed NDA completely bars the purchase of claims or interest held by other parties in interest and goes even further by prohibiting, without Court approval and Debtor approval, the modification or restructuring of any transaction between

5

Marathon and other third parties relating to the Debtors. This prohibition impairs fundamental rights and is impossible given the existing structures of the non-debtor joint ventures. Moreover, it would prevent third parties already involved in joint venture agreements with the Debtors or non-debtor affiliates to have discussions regarding modifying and restructuring contractual agreements between non-debtor third parties already in place. Further, the Proposed NDA requires the signing party to waive pre-existing and future claims for contractual, tort and security law violations against the Debtors, their insiders, and professionals, including Jefferies. Given the overly broad definition of confidential information, if Marathon were to sign the proposed NDA, Jefferies and the Debtors would be able to use the Proposed NDA as a protective shield resulting in the waiver of claims.

13. Marathon shows that the Existing NDA protects the Debtors' and their estates' interests in the Debtors' confidential information. Similarly, existing law restricting the use of material non- public information protects the Debtors and parties in interest from any theoretical misuse of any such information. Given these protections and the significant issues and overreaching terms of the Proposed NDA, any order approving the Sales Procedure Motion should expressly provide that Marathon have access to the data room and that Marathon be designated a Qualified Bidder[2] without any requirement that Marathon be required to execute the onerous and overreaching Proposed NDA.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Sales Procedures Motion.

**Reservation of Rights Regarding Assignment or Rejection of Target Contracts and Sale of Assets**

14. Among the relief requested by Debtors in the Sales Procedures Motion is an order (i) authorizing and approving the sale or sales of all or substantially all of the Debtors' Assets, (ii) authorizing and approving the Debtors' entry into each Purchase Agreement, and (iii) authorizing and approving the assumption and assignment of certain Target Contracts in connection therewith.

15. The Master Agreement will be assumed and assigned by Compute North to a buyer of its business as part of a sale transaction, or alternatively rejected. In the event the Master Agreement is assumed, any cure costs associated with the Master Agreement must be paid and Marathon must receive adequate assurance of future performance by any assignee as required pursuant to the Bankruptcy Code. Assumption of the Master Agreement requires compliance with all contract terms, and amounts determined to be owed under such assumed contracts are not discharged. *See In re Nat'l Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000).

16. Accordingly, any Purchase Agreement and Sale Order should expressly state that the Marathon Mining Equipment, wherever located, is not owned by the Debtors and may not be sold as part of any Sale.

17. With respect to the assets sales, in the event Marathon does not submit a bid, Marathon should be designated a Consultation Party and be given the same access and consideration as the Committee and Senior Lender, as the claim of Marathon likely is in excess of all other trade creditors combined. Additionally, given the emergency nature of the relief requested by Debtors and the fact that the Mining Equipment is not owned by the Debtors, the Sales Procedure Order should provide that Marathon receive the contractual terms describing the assets to be sold and excluded so it can review the descriptions as soon as practicable.

18.     Prior to filing this Objection, Marathon's counsel reached out to the Debtors' proposed counsel to seek a resolution of the issues raised in this Objection. As of the filing of this Objection, Marathon and the Debtors have not yet been able to resolve such issues. Marathon remains committed to working towards a resolution of or, at least to narrow, the issues raised in this Objection in advance of the hearing on the Motion.

WHEREFORE, Marathon prays that this Court enter an order denying the Sales Procedure Motion, unless such order contains the limited clarifications and protections requested herein, and grant such other and further relief as this Court deems just and proper.

Dated: October 10, 2022
Atlanta, Georgia

                                            **LAMBERTH, CIFELLI, ELLIS & NASON, P.A.**

                                            /s/ Gregory D. Ellis
                                            Gregory D. Ellis (GA Bar No. 245310)
                                            6000 Lake Forrest Drive, N.W., Ste 435
                                            Atlanta, GA  30328
                                            404-495-4485
                                            Email: gellis@lcenlaw.com

## Certificate of Service

  I certify that on October 10, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ Gregory D. Ellis*
                Gregory D. Ellis
                Georgia Bar No. 245310