IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, | § | Case No. 22-90273 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
LIMITED OBJECTION AND RESERVATION OF RIGHTS
IN CONNECTION WITH THE DEBTORS' PROPOSED
BIDDING PROCEDURES AND SALE OF ASSETS**

The Official Committee of Unsecured Creditors of Compute North Holdings, Inc., *et al.* (the "Committee") in these chapter 11 cases (the "Chapter 11 Cases") respectfully submits this limited objection and reservation of rights (this "Limited Objection") in connection with the proposed bidding procedures and sale of the Debtors' assets sought in the *Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

*Authorizing the Sale of the Debtors' Assets Free and Clear of All Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* [ECF No. 91] (the "Bid Procedures Motion").[2]  In support of this Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

1.  On September 22, 2022 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.  On September 26, 2022, the Debtors filed the Bid Procedures Motion.  Pursuant to the Bid Procedures Motion, the Debtors seek, among other things, an order (i) approving procedures for the sale of the Debtors' assets with an aggregated selling price equal to or less than $1,000,000 (collectively, the "De Minimis Assets"); (ii) authorizing and approving certain bidding procedures (the "Bidding Procedures") for the sale of all or substantially all of the Debtors' assets, including any subset thereof, that are not sold as De Minimis Assets (collectively, and together with the De Minimis Assets, the "Assets"); (iii) authorizing, but not directing, the Debtors to enter into one or more asset purchase agreements with stalking horse bidders subject to Court approval of any stalking horse protections; and (iv) scheduling a hearing on approval of the sale of the applicable Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Bid Procedures Motion.

3.      On October 6, 2022, the Office of the United States Trustee for the Southern District of Texas appointed the Committee pursuant to Bankruptcy Code section 1102(a),[3] and on October 9, 2022, the Committee selected, subject to Court approval, the law firm McDermott Will & Emery LLP ("McDermott") as its counsel in the Chapter 11 Cases.

**LIMITED OBJECTION**

4.      The Committee does not object to the sale of the Debtors' assets per se. Instead, through this Limited Objection, the Committee seeks to extend the various deadlines and dates set forth in the proposed the Bidding Procedures and Bidding Procedures/De Minimis Asset Sale Order in order to increase the likelihood of a fair, competitive process for the sale of the Debtors' Assets that maximizes the value of the Debtors' estates.

5.      The Committee was appointed in the afternoon of Thursday, October 6, 2022, and held its organizational meeting in the afternoon of Friday, October 7, 2022.[4] The Committee interviewed law firms on Sunday, October 9, 2022—less than 48 hours prior to the hearing on the Bid Procedures Motion—and subsequently selected McDermott as its counsel. The Committee has not yet had the opportunity to interview financial advisors or investment bankers, nor has it had a chance to meet with the Debtors or receive any case information from them. Thus, the Committee is still working to understand the details of the Debtors' businesses, the events that resulted in the chapter 11 filing, and the proposed sale. However, even at this early juncture, it is apparent to the Committee that the Debtors may be at risk of running a sale process that is structured in such a way as to chill bidding and result in fire sale (if any) bids.

---

[3] *See The United States Trustee's Corrected Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 139].
[4] *See Corrected Notice of Organizational Meeting of the Official Unsecured Creditors' Committee* [ECF No. 140].

6. The Committee appreciates the need for an expedited sale process that minimizes expenses, but the Debtors have provided insufficient evidentiary support for their aggressive proposed timeline. Facially, the Debtors' pre-petition marketing process does not appear to have been sufficiently robust so as to justify a mere 35-day period from the Petition Date to the Bid Deadline.[5] Proceeding at break-neck pace, as requested by the Debtors, may eviscerate any meaningful opportunity for potential purchasers to diligence the Debtors' Assets, arrange any necessary financing, and submit Qualified Bids.[6] In order for the sale process to achieve the desired goal of maximizing value, the Committee submits that the Debtors' proposed timeline likely will need to be extended so as to provide all interested parties with a full and fair opportunity to participate in the sale process and submit bids for the Assets. Expanding the proposed sale timeline will ensure that potential bidders will have sufficient time to formulate and submit Qualified Bids, which will, in turn, lead to a robust Auction and provide value to the Debtors' estates.

7. Similarly, the Bidding Procedures cannot be fair or reasonable without a proper valuation of the Debtors' claims—a fact that further supports the need to extend the timeline. A sale of substantially all of the Debtors' assets necessarily includes causes of action, such as claims under chapter 5 of the Bankruptcy Code or other applicable law, as well as actions against current

---

[5] According to the *Declaration of Ryan Hamilton in Support of Debtors' Bidding Procedures Motion* [ECF No. 145] (the "Hamilton Declaration"), Jefferies LLC, the Debtors' proposed investment banker ("Jefferies"), began a formal marketing process in September 2022. The specific date such formal marketing process was initiated has not been disclosed.

[6] Further, it is unclear whether potential purchasers currently are able to begin the diligence process. The Hamilton Declaration explains that after Jefferies began a formal marketing process, numerous parties executed non-disclosure agreements and "are being provided" with access to a dataroom with information about the Debtors, their business, and the Assets. That the parties "are being provided" (as opposed to "have been provided") access to information brings into question (i) what information, if any, has been provided in the 14-day period between the Petition Date and the date of the Hamilton Declaration, and (ii) what information remains to be provided in the 17-day period between the date of this Limited Objection and the Debtors' proposed Bid Deadline on October 27, 2022.

or former directors and officers of the Debtors. The Committee is not aware of, nor is there any information available regarding, any analysis the Debtors may have undertaken to determine the merit or potential value of such claims.

8. Moreover, the Committee, in accordance with its statutory and fiduciary mandate, intends to conduct its own investigation of available claims that may bring value to the estates as well as any asserted liens on any property that otherwise could satisfy unsecured claims. The Debtors' proposed compressed timeline would preclude the Committee from meaningfully fulfilling that mandate. Pursuant to the Bid Procedures Motion, the Debtors "propose that any party holding claims, that are not subject to objection by the start of the Auction and that are secured by valid, binding, enforceable, non-avoidable, and perfected liens on and security interests in the Assets, be permitted to submit a credit bid for such Assets[.]" Notably, the Debtors' proposed Auction date is November 1, 2022, and the Debtors have received an extension of the time to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs to October 28, 2022.[7] Thus, the Debtors' proposal to allow any holder of a secured claim that is not the subject of an objection by the start of the auction to credit bid would potentially require the Committee to object to any secured claims within four days of being informed of their existence—an absurd proposal that would stymie the Committee's ability to conduct any meaningful investigation into the validity of such claims.

9. Prior to filing this Limited Objection, the Committee, through counsel, alerted the Debtors to its concerns regarding the timing of the sale process and requested that the Debtors

---

[7] *See Order (I) Extending Time to File (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Reports and (III) Granting Related Relief* [ECF No. 45].

adjourn the hearing on the Bid Procedures Motion. However, the Debtors did not agree to an adjournment. The Committee intends to examine the Debtors' declarants[8] on the details relating to the formulation of the proposed sale timeline and whether the sale timeline and Bidding Procedures will promote a competitive bidding process designed to maximize creditor recoveries.

## RESERVATION OF RIGHTS

10. The Committee reserves the right to supplement this Limited Objection or to raise additional or further objections to the Bid Procedures Motion, the Bidding Procedures, the Bidding Procedures/De Minimis Asset Sale Order, and/or exhibits to any of the foregoing, including any form term sheet(s) or asset purchase agreement(s), at or prior to the hearing on the Bid Procedures Motion or any other relevant hearing.

*[Remainder of page intentionally left blank]*

---

[8] In addition to the Hamilton Declaration, the Debtors rely on the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* [ECF No. 22] in support of the Bid Procedures Motion.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the objections raised in this Limited Objection be addressed and incorporated into a revised proposed Bidding Procedures/De Minimis Asset Sale Order that is acceptable to the Committee. The Committee further requests that the Court grant such other and further relief as the Court deems just and proper.

Dated: October 10, 2022                    Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/ *Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

-and-

Kristin K. Going (*pro hac vice* admission pending)
Darren Azman (*pro hac vice* admission pending)
Stacy A. Lutkus (*pro hac vice* admission pending)
Natalie Rowles (*pro hac vice* admission pending)
One Vanderbilt Avenue
New York, NY 10017-5404
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
           dazman@mwe.com
           salutkus@mwe.com
           nrowles@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I certify that on October 10, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs