UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GENERATE LENDING, LLC'S LIMITED OBJECTION
AND RESERVATION OF RIGHTS TO THE DEBTORS' EMERGENCY MOTION
FOR ENTRY OF THE BIDDING PROCEDURES/DE MINIMIS ASSET SALE ORDER**

Generate Lending, LLC ("Generate") hereby submits this limited objection and reservation of rights (this "Limited Objection") to the *Debtors' Emergency Motion for Entry of (I) An Order (A) Approving Deminimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Matter of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) An Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* [Docket No. 91] (the "Motion") filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"). In support of this Limited Objection, Generate respectfully states as follows:

## **Preliminary Statement and Background**

1. As noted at the first day hearing, Generate is committed to protecting the value of the Wolf Hollow Project and the Kearney Project (both as defined herein). Assuming the current sale process continues as planned, then the Debtors' and Generate's goals of protecting and maximizing value appear to be aligned. In the event the current sale timeline is elongated or the process is altered such that Generate believes the value of the Wolf Hollow Project and Kearney Project is negatively impacted or Generate's security interest in the equity of Borrower (as defined herein) is not adequately protected, however, Generate reserves all of its rights to seek appropriate relief, including, without limitation, (i) moving for adequate protection, (ii) moving for relief from the automatic stay to foreclose on the equity interest owned by Debtor CN Pledgor LLC in non-Debtor CN Borrower LLC ("<u>Borrower</u>"), and/or (iii) otherwise seeking to foreclose on collateral owned by non-Debtor entities.

2. Moreover, although Generate is not currently opposed to an expedited sale and auction process, it is opposed to the proposed order and Bidding Procedures unless Generate is provided with certain protections that it is entitled to as a secured creditor of CN Pledgor LLC. To ensure that Generate's interests in the equity of Borrower, as well as its other secured interests, are adequately protected in this sale process, the proposed order approving the Motion and the Bidding Procedures must be revised as follows: (a) Generate shall be given notice and have an opportunity to object prior to its confidential information being shared with a Qualifying Bidder; (b) Generate shall automatically be designated as a Qualifying Bidder with respect to any bid on the equity of Borrower without the need to satisfy any of the "Participation Requirements" set forth in Section 3 and/or certain of the requirements set forth in Section 7, including the Secured Claim Documentation, of the

2

proposed Bidding Procedures; (c) Generate shall receive notice of all information related to a sale of any of its collateral; and (d) the Debtors shall provide appropriate notice and an opportunity to object to the designation of any Stalking Horse Purchaser and/or Stalking Horse Agreement.[2] As of the filing of this Limited Objection, Generate and the Debtors are in discussion regarding these issues, as well as others, but are not yet in agreement.

3.  On February 7, 2022, Generate and Borrower entered into the Credit Agreement,[3] which provided the financing for Debtor Compute North Holdings, Inc. and Debtor Compute North LLC (collectively, "Compute North") to develop and operate data center projects. Specifically, these data center projects include (i) an operating 100MW data center facility located in Kearney, Nebraska (the "Kearney Project"), owned by non-Debtor Compute North NE05, LLC (the "Kearney Project Company"), and (ii) an approximately 300MW data center project located in Granbury, Texas (the "Wolf Hollow Project"), owned by non-Debtor CN Wolf Hollow LLC (the "Wolf Hollow Project Company" and, together with the Kearney Project Company, the "Project Companies").

4.  As security for the financing pursuant to the Credit Agreement, Generate initially received a pledge of the equity interests in Borrower, as well as Borrower's equity interest in, and the assets of, the Kearney Project Company. On April 28, 2022, Generate and certain other parties entered into an amendment of the Credit Agreement (the "Wolf Hollow Amendment"), pursuant to which, among other things, Generate agreed to increase its lending commitment under the Credit Agreement to finance the Wolf Hollow Project. As a condition to the Wolf Hollow Amendment,

---

[2] Capitalized terms used but not otherwise defined in this sentence shall have the meanings ascribed to them in the Motion.

[3] The "Credit Agreement" means that certain Credit and Guaranty Agreement, entered into on February 7, 2022, by and among Borrower, certain subsidiary guarantors from time to time party thereto, and Generate, as Administrative Agent, Collateral Agent, and Lender (as may be amended or otherwise modified from time to time).

Generate took a first lien security interest in the equity interests in, and assets of, the Wolf Hollow Project Company on a *pari passu* basis with Mercuria Energy America, LLC.

5. As additional security under the Credit Agreement, Compute North entered into a guaranty agreement for the benefit of Generate, dated as February 7, 2022, pursuant to which Compute North agreed to jointly and severally guarantee the payment of Borrower's obligations under the Credit Agreement.

6. On July 22, 2022, Generate sent Borrower and Compute North a Notice of Default, Events of Default and Reservation of Rights to Compute North ("Notice of Default"),[4] which was then followed by a Notice of Exercise of Voting Rights of Pledged Securities ("Notice of Exercise of Voting Rights") sent by Generate to Borrower on August 12, 2022. Pursuant to the Notice of Exercise of Voting Rights, Generate, among other things, appointed a board of independent managers at Borrower. In August, 2022, Generate sought the consent of the independent managers of Borrower to enter into an amendment to the Credit Agreement that would allow for Generate to make protective advances to (i) fund the remaining construction costs for the Wolf Hollow Project and (ii) continue to make critical payments at both the Wolf Hollow Project and the Kearney Project to preserve the value of those projects. The independent directors approved the amendment.

7. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Now, because Generate's security interest in the equity of Borrower is property of

---

[4] As noted at the first day hearing, Generate strongly disagrees with the recitation of the facts and circumstances leading up these actions as set forth by the Debtors in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, In Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 22] (the "First Day Declaration"). The Court noted (prior to admitting the First Day Declaration into evidence other than the paragraphs related to Generate) that the Debtors' description of such facts and circumstances were not relevant with respect to the first day relief. Should the need arise, and at the appropriate time, Generate will demonstrate why the actions it took prepetition were necessary and appropriate to protect its collateral under the circumstances.

Debtor CN Pledgor LLC's estate, despite the fact that Borrower is a non-Debtor entity and all of the collateral (other than the equity of Borrower) securing the obligations under the Credit Agreement is non-Debtor property, Generate finds itself in the middle of these chapter 11 cases with the value of its interest in the collateral at risk of deteriorating on a daily basis.  As noted above, to protect its collateral in these chapter 11 cases, Generate is prepared to take a number of different actions, including seeking adequate protection, filing a motion for relief from the automatic stay to foreclose on the equity of Borrower, and/or take the steps necessary to foreclose on the equity and/or assets of the Project Companies.  Nevertheless, at this time, Generate has determined not to object to the Debtors' proposed expedited sale and auction process with the hope that cooperating in this process will be a value maximizing endeavor.

## Limited Objection and Reservation of Rights

8.      By this Limited Objection, Generate seeks to preserve its rights with respect to the Motion to the extent the sale and auction process is extended, delayed, or modified.  Moreover, although Generate has engaged with the Debtors on revisions to the proposed order and Bidding Procedures, certain issues remain unresolved.  To the extent the Debtors and Generate are unable to reach an agreement on the open issues prior to the hearing, the proposed order and Bidding Procedures should be revised as follows.

9.      *First*, paragraph 8 of the proposed order should be revised to, at the very least, provide Generate with advance notice and an opportunity to object prior to its confidential information being shared with a Qualifying Bidder.  As currently written, the Debtors may share any and all due diligence information subject to other "non-disclosure, confidentiality, or similar provisions" without providing notice to those parties.  Furthermore, the Debtors attempt to avoid liability for sharing any of that information without consent or notice to the party whose information

is being shared. There is no basis by which the Debtors should be permitted to share confidential information and avoid liability for any harm. Generate must be able to protect its confidential information.

10. ***Second***, the proposed order and Bidding Procedures should be revised to automatically designate Generate as a Qualifying Bidder with respect to any bid on the equity of Borrower. Generate is a secured creditor of CN Pledgor LLC. *See* First Day Decl. ¶ 48. There is no need for Generate to satisfy any of the "Participation Requirements" set forth in Section 3 and/or certain of the requirements set forth in Section 7, including the Secured Claim Documentation, of the proposed Bidding Procedures. Requiring Generate to provide duplicative information already in the Debtors' possession in an expedited sale process will only result in unnecessary delay and a waste of resources.

11. ***Third***, the proposed order and Bidding Procedures should be revised in all places to provide Generate with any and all notice of information related to a sale of any of its collateral or that may impact the value of its collateral, including, but not limited to notice of a sale of the equity in Borrower, Assumption Notices, and Rejection Notices (all as defined in the Motion). In a process as expedited as this, Generate cannot protect its collateral without sufficient notice of the Debtors' intentions in these chapter 11 cases.

12. ***Finally***, and perhaps most importantly, the proposed order must be revised to require the Debtors to provide appropriate notice and an opportunity to object to the designation of any Stalking Horse Purchaser and/or Stalking Horse Agreement. Currently, paragraph 17 of the proposed order provides the Debtors the freedom to designate a Stalking Horse Purchaser that satisfies only a few simple requirements in its Stalking Horse Agreement, ***without any opportunity for any party to object***: requirements that are limited only to the amount of bid protections and the

identity of the Stalking Horse Purchaser.  Thus, the Debtors could, in theory, designate a Stalking Horse Purchaser seeking to buy the equity in Borrower through a Stalking Horse Agreement that is insufficient to satisfy Generate's secured claim or is otherwise defective without Generate having any opportunity to object.  In so doing, the Debtors would infringe on Generate's due process rights to object to a sale of its secured collateral and risk limited estate resources by entering into a Stalking Horse Agreement that may ultimately be terminated requiring the payment of expensive bid protections.

13.     Notwithstanding Generate's limited objections to the proposed order and Bidding Procedures, it is supportive of an expedited sale timeline.  Generate will not, however, support a prolonged sale process.  These chapter 11 cases have already created or brought to light operational and customer contract complications at Borrower and the Project Companies, which will likely be exacerbated in a protracted sale process.  In the event the sale and auction process does not proceed as currently proposed, and Generate concludes such delay will negatively impact its collateral, Generate will take the steps outlined above to protect its collateral from a diminution in value.

14.     Generate expressly reserve all rights with respect to the Motion, including the right to supplement or add to the legal and factual arguments raised in this Limited Objection and to further object to the Motion, on any bases whatsoever, at the hearing on the Motion and at a future date.  For the avoidance of doubt, nothing herein, including any omission, shall be interpreted or construed as waiver or limitation on any such rights or an admission that any claim described herein is valid, and Generate reserve all rights with respect thereto.

WHEREFORE, Generate respectfully submits this Limited Objection to the Motion.

Houston, Texas
October 10, 2022

*/s/Joseph W. Buoni*
**HUNTON ANDREWS KURTH LLP**
Joseph W. Buoni (TX Bar No. 24072009)
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Philip M. Guffy (TX Bar No. 24113705)
600 Travis Street
Houston, TX 77002
Telephone:  713.220.4200
Facsimile:   713.220.4285
Email:  josephbuoni@huntonak.com
             taddavidson@huntonak.com
             philipguffy@huntonak.com

*Co-Counsel to Generate Lending, LLC and*
*GC Data Center Equity Holdings, LLC*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
Elizabeth Helen Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:  christopher.marcus@kirkland.com
             elizabeth.jones@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna Rotman, P.C.
609 Main Street
Houston, Texas 77002
Telephone:  (713) 836-3600
Facsimile:   (713) 836-3601
Email:  anna.rotman@kirkland.com

*Co-Counsel to Generate Lending, LLC and*
*GC Data Center Equity Holdings, LLC*

**Certificate of Service**

   I certify that on October 10, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                  */s/ Joseph W. Buoni*
                  Joseph W. Buoni