UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) ) |
| Debtors. | ) (Jointly Administered) ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a), 362, AND 542 OF THE BANKRUPTCY CODE ENFORCING THE AUTOMATIC STAY, COMPELLING TURNOVER OF PROPERTY OF THE ESTATE, AND SANCTIONING NEXTERA ENERGY AND ITS AFFILIATES FOR <u>VIOLATION OF THE AUTOMATIC STAY</u>**

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. on October 11, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 11, 2022 at 9:00 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

## INTRODUCTION

1.  Compute North Member LLC ("CN Member"), a Debtor, and NextEra[2] jointly own the King Mountain project near McCamey, Texas.[3] The purchase price of CN Member's ownership interest in that facility was financed by NextEra and the financing is secured by a pledge of CN Member's equity in the joint venture. CN Member is entitled to monthly equity distributions, but until the financing is repaid those equity distributions are to be paid over to NextEra by the King Mountain joint venture and the payments are deemed to have been made by CN Member to NextEra. Moreover, CN Member has the contractual right to manage and operate King Mountain, for which it receives payment of management fees and certain reimbursable expenses.

2.  Shortly after the Petition Date, and with knowledge of the bankruptcy and application of the automatic stay, NextEra unilaterally exercised remedies against CN Member by

---

[2] As described more fully below, NextEra Energy has invested in King Mountain and loaned money to CN Member through various affiliated entities. For ease of reference, this motion refers to such entities collectively as "NextEra."
[3] The operating assets of the King Mountain project are held by TZRC LLC ("TZRC"), and CN Member and an affiliate of NextEra each own 50% of the membership interests in TZRC.

taking "exclusive control" over King Mountain's bank accounts which, up until October 3 were managed by CN Member, as Operator, and include amounts owed to CN Member.

3. Notably, King Mountain is **not** an obligor on CN Member's debt to NextEra. Nevertheless, NextEra stripped King Mountain of all of its cash, transferring the funds into NextEra's bank accounts to which CN Member has no access and made it impossible for CN Member to exercise its contractual right to manage the Project as Operator. By stripping the King Mountain joint venture of all cash, NextEra has also deprived CN Member of its ability to collect its distributable share of equity proceeds, as well as fees and other reimbursable amounts owed to CN Member.

4. These actions have caused immediate real-world harm to the estates. Most immediately, King Mountain needs to pay for certain expenses, such as employee wages and diesel fuel, but there is no money in the joint venture to cover these critical costs that are required for day-to-day operations to continue. This puts the entire facility at risk. As the manager and operator of this massive project—one of the largest data centers ever built—CN Member is now faced with having to come out of pocket to fund operations of King Mountain with no money available to pay it back, or let the entire facility shut down.

5. In light of these actions, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") finding that NextEra's actions violate the automatic stay, enforcing the automatic stay, directing NextEra to return the funds to their original bank accounts immediately and restore the status quo with respect to the operation of the King Mountain project, vacating the October 3 Notice (defined below), requiring turnover of all amounts due to Debtor CN Member, and sanctioning NextEra for violating the automatic stay.

**JURISDICTION AND VENUE**

6. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested in this Motion are §§ 105(a), 362 and 542 of the Bankruptcy Code.

**BACKGROUND**

9. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

10. On October 6, 2022, the United States Trustee appointed an official committee of unsecured creditors. [Docket No. 139]

11. The Debtors' business is focused on the development and management of sustainable, cost-efficient computer data centers that can be used by customers in the blockchain,

4

cryptocurrency mining, and distributed computing space. The Debtors' core business segment is cryptocurrency mining hosting services and the Debtors provide a suite of services to customers relating thereto. At times, the Debtors have collaborated with third parties to develop and operate cryptocurrency mining projects.

### *The King Mountain Project*

12. On November 24, 2021, CN Member and an affiliate of NextEra[4] executed a Limited Liability Company Agreement (as amended, the "LLCA")[5] to develop and operate modular data centers located on or near renewable power sources to provide hosting services, including cryptocurrency mining. CN Member and NextEra each own a 50% equity interest in TZRC, the LLC that holds the operating assets of the King Mountain project. CN Member was appointed by the TZRC Board as the "Initial Operator" (the "Operator") for the King Mountain project.

13. To fund its acquisition of 50% of the membership interests in TZRC, CN Member borrowed nearly $100 million from a NextEra affiliate.[6] This loan is evidenced by a Secured Promissory Note dated April 8, 2022 (as amended, the "Note"),[7] in favor of the lender, in the amount of $98,508,920, which by its terms constitutes a "Member Loan" and "Member Loan Secured Obligation" pursuant to the terms of the LLCA. This Member Loan was also guaranteed by Debtor Compute North Holdings, Inc.

---

[4] The LLCA was originally executed by an affiliate of NextEra called DCRBN Ventures Development & Acquisition LLC ("DCRBN Member"). DCRBN Member's interest was subsequently assigned to another NextEra entity called TZ Capital Holdings, LLC.
[5] A true and correct copy of the LLCA, as amended on July 26, 2022, is attached hereto as Exhibit B.
[6] The lender affiliated with NextEra is called TZ Capital Holdings, LLC.
[7] A true and correct copy of the Note, as amended on July 26, 2022, is attached hereto as Exhibit C.

5

14.     In furtherance of the joint venture, CN Member entered into a Property Management Agreement on March 8, 2022 (the "PMA")[8] for the King Mountain project with NextEra. Under the PMA, CN Member manages and operates the King Mountain project.

15.     As Operator, CN Member is responsible for, among other things, the day-to-day management and administration of the King Mountain project, including maintaining books of accounts and records with regard to cash flow, including the collection of all revenue from the King Mountain project and converting to cash any and all cryptocurrencies arising from cryptocurrency mining activities (collectively, "Project Funds"). CN Member deposits all Project Funds in an operating account with BMO Harris Bank NA and disburses funds from the operating account to pay expenditures (including Operator's compensation). See PMA §§ 3.1- 3.6. Currently, CN Member as Operator is owed (a) fees earned for its services in August and September 2022 in the aggregate amount of approximately $72,000 pursuant to PMA § 4.1 (the "Fees");[9] and (b) expenses of approximately $744,165.74, which are reimbursable pursuant to PMA § 3.10 (the "Reimbursable Amounts").

16.     Pursuant to the LLCA, all "Available Cash" derived from the King Mountain project is to be distributed to the members (CN Member and NextEra) on a monthly basis in accordance with their respective percentage interests (each, 50%). However, while CN Member's Member Loan is outstanding, the LLCA provides that CN Member, as Operator, is to distribute CN Member's share of the Available Cash directly to the lender affiliate of NextEra. See LLCA § 3.02(b); Note § 7.3; PMA § 8.16. Any distributions diverted from CN Member to NextEra are deemed to have first been distributed to CN Member and then paid by CN Member to NextEra in

---

[8] A true and correct copy of the PMA, as amended on July 26, 2022, is attached hereto as Exhibit D.
[9] The August fee of $19,901.70 has been finalized and invoiced. The September amounts are still being reconciled, but the Debtors estimate that the fees will be over $51,000.

repayment of the Member Loan. *See* LLCA § 3.02(b)(i)(D). However, the LLCA provides that the King Mountain joint venture is prohibited from making any distribution to Members "if such distribution would violate § 18-607 of the Delaware Act ***or other applicable Laws***." *See* LLCA § 6.01(d) (emphasis added). As such, NextEra has no right to a distribution of CN Member's share of Available Cash while CN Member is in bankruptcy because such a distribution would be a payment of a prepetition claim that is contrary to bankruptcy law.

17. In May 2022, shortly after the Note was executed, various deposit account control agreements ("DACAs") were put in place by NextEra with respect to certain deposit accounts for the King Mountain project that constitute collateral under the Note. Notwithstanding these DACAs, CN Member continued operating as Operator in the ordinary course of business, disbursing funds in accordance with the terms of the LLCA and PMA.

*Postpetition Activities*

18. On September 22, 2022, CN Member and certain of its affiliates commenced the Chapter 11 Cases.

19. In complete disregard for the automatic stay, on October 3, 2022, NextEra sent a "Notice of Exclusive Control" to CN Member (the "October 3 Notice") stating that NextEra exercised its secured party remedies by taking exclusive control over the bank accounts that were maintained for the King Mountain project. Then, on October 6, 2022, NextEra caused all funds in the joint venture bank accounts to be transferred to bank accounts owned by NextEra. CN Member now has no ability to access the new bank accounts to fulfill its duties as Operator for the King Mountain Project and has not received any distributions since the Chapter 11 Cases were filed.[10]

---

[10] Prior to the Petition Date, CN Member's share of the Available Cash was required to be paid directly to NextEra. Due to CN Member's bankruptcy filing, however, any payment to NextEra on account of a prepetition claim would be inappropriate without Bankruptcy Court approval which was not obtained.

**RELIEF REQUESTED**

20. Pursuant to sections 105(a), 362 and 542 of the Bankruptcy Code, the Debtors request the entry of an order finding that NextEra's actions violate the automatic stay, enforcing the automatic stay, directing NextEra to return the funds to their original bank accounts immediately and restore the status quo with respect to the operation of the King Mountain project, vacating the October 3 Notice, requiring turnover of all amounts due to Debtor CN Member, and sanctioning NextEra for violating the automatic stay.

**BASIS FOR RELIEF**

*NextEra's Actions Violate the Automatic Stay*

21. NextEra's improper exercise of control over estate property is a violation of the automatic stay.

22. First, NextEra has deprived CN Member of its contractual right to manage and operate King Mountain. Contractual rights are property of the estate. *See Schott v. McLear (In re Larry Koenig & Assoc., LLC)*, 2004 Bankr. LEXIS 2311, at *21 (Bankr. M.D. La. Mar. 31, 2004) (the contractual right to use a domain name is property of the estate). In that regard, this Court has held that business social media accounts are property of the estate within the meaning of Section 541 even though the accounts themselves are provided by third-party technology providers. *See In re CTLI, LLC*, 528 B.R. 359 (Bankr. S.D. Tex. 2015). Property does not have to be in the possession of the debtor to be property of the estate. *See* 11 U.S.C. § 541(a) (stating that the estate is comprised of property "wherever located and by whomever held.") In the Fifth Circuit, even the right to use a telephone number is property of the estate. *In re Fontainebleau Hotel Corp.*, 508 F.2d 1056, 1059 (5th Cir. 1975).

8

23. It is simply impossible to manage a massive bitcoin mining facility without any cash. CN Member currently has no way to satisfy its obligations as Operator of the King Mountain project pursuant to the LLCA and PMA. NextEra has inserted its own control over the management of the King Mountain project by sweeping all of the cash so that it can decide who to pay and when. This unilateral action is in direct violation of the automatic stay. Moreover, these actions are harmful to CN Member, as CN Member does not have access the funds it needs to pay the bills to keep the King Mountain facility operational.[11] To the extent CN Member cannot access the King Mountain funds, it will either need to pay the bills out of pocket or shut down the project operations.

24. Second, NextEra has deprived CN Member of the proceeds of its equity in the King Mountain project. Having swept all of the cash from the joint venture accounts, CN Member no longer has the ability to direct the payments of "Available Cash" to the appropriate parties (including itself) in future months. The portion of "Available Cash" that is owed to CN Member on a monthly basis under the terms of the LLCA constitutes property of the estates. While this income stream is, in large part, contingent and based on the continued operation of the King Mountain project, it is nonetheless property of the estates pursuant to Section 541 of the Bankruptcy Code. *See Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199 (10th Cir. 2010) (finding that payments in respect of stock appreciation rights, which were created by prepetition collective bargaining agreements but issued postpetition, are properly part of the bankruptcy estate under § 541); *Booth v. Vaughan (In re: Booth)*, 260 B.R. 281 (B.A.P. 6th Ci. 2001) ("A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. . . . In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative,

---

[11] *See* Letters from CN Member to NextEra, dated October 10, 2022, addressing urgent unpaid bills relating to the King Mountain project, attached hereto as Exhibit E.

and derivative, is within the reach of § 541."). Moreover, the Fees and Reimbursable Amounts that are currently due and payable to CN Member are, without question, property of the Debtors' estates under section 541(a) of the Bankruptcy Code. By sweeping the cash from the King Mountain accounts, NextEra exercised dominion and control over property of CN Member's bankruptcy estate, in violation of the automatic stay.

25. NextEra has no right to a distribution of CN Member's share of Available Cash, as such a distribution would be payment of a prepetition claim that is prohibited under the Bankruptcy Code. As a result, such a distribution is not permissible under LLCA § 6.01(d), which prohibits distributions that are proscribed by "§ 18-607 of the Delaware Act or other applicable Laws." Just as NextEra could not compel King Mountain to make a payment on the prepetition Member Loan, NextEra cannot achieve the same end by seizing the funds in the King Mountain accounts. Accordingly, any such funds must be remitted to CN Member during the Chapter 11 Cases.

### *Remedies for Automatic Stay Violations*

26. NextEra's brazen action has created immediate harm for the estates that puts the King Mountain project at risk. The Debtors and their estates have a critical need for cash, and NextEra should not be rewarded for its opportunistic and improper actions, especially at the expense of the Debtors' estate and creditors. These obstructionist tactics are value destructive for the Debtors' estates and detrimental to the Debtors' creditors. The Court should enforce the automatic stay under its equitable powers, require the immediate return of all cash to the King Mountain operating accounts (including any unpaid Available Cash) and hold NextEra in contempt.

27. This Court has acknowledged that it may invoke its civil contempt powers under § 105(a) to remedy violations of the automatic stay. *West v. Peterson (In re Noram Res., Inc.)*, Nos. 08-38222, 11-03598, 2015 Bankr. LEXIS 3440, at *12-14 (Bankr. S.D. Tex. Oct. 9, 2015);

*see also Faulkner v. Kornman*, No. 10-301, 2012 Bankr. LEXIS 3476, at *10-11 (Bankr. S.D. Tex. July 27, 2012) (finding that bankruptcy courts have both inherent and statutory authority to enter civil contempt sanctions) (citing *Placid Refining Co. v. Terrebone Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997)).

28. Accordingly, the Debtors respectfully request that the Bankruptcy Court enter an order (i) finding that NextEra's actions violate the automatic stay, (ii) enforcing the automatic stay, (iii) directing NextEra to return the funds to their original bank accounts immediately and restore the status quo with respect to the operation of the King Mountain project, (iv) vacating the October 3 Notice, (v) requiring turnover of all amounts due to CN Member, and (iv) sanctioning NextEra for violating the automatic stay.

## BASIS FOR EMERGENCY RELIEF

29. The Debtors respectfully request immediate emergency consideration of this Motion. NextEra's actions pose a significant threat to the fair and equitable administration of this estate and swift action is necessary to minimize the potential harm. Without available cash, the King Mountain project faces imminent and irreparable harm.

## NOTICE

30. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) counsel to the official committee of unsecured creditors appointed in these cases, (e) any party known by the Debtors to have asserted a lien on any of the Assets; (f) the Office of the United States Attorney

for the Southern District of Texas; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

31. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 11, 2022
Houston, Texas

/s/ James T. Grogan III
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Samantha Martin (*pro hac vice* pending)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
   samanthamartin@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

  I certify that on October 11, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ James T. Grogan III*
                James T. Grogan III