**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) )  Case No. 22-90273 (MI) |
| Debtors. | ) )  (Jointly Administered) )  (Emergency Hearing Requested) |

**ORDER PURSUANT TO SECTIONS 105(a), 362, AND 542 OF THE BANKRUPTCY CODE ENFORCING THE AUTOMATIC STAY, COMPELLING TURNOVER OF PROPERTY OF THE ESTATE, AND SANCTIONING NEXTERA ENERGY AND ITS AFFILIATES FOR VIOLATION OF THE AUTOMATIC STAY**

Upon consideration of the *Debtors' Emergency Motion For Entry of an Order Pursuant to Sections 105(a), 362 and 542 of the Bankruptcy Code Enforcing the Automatic Stay, Compelling Turnover of Property of the Estate, and Sanctioning NextEra Energy and Its Affiliates for Violation of the Automatic Stay* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) NextEra has violated and continues to violate the automatic stay imposed by 11 U.S.C. § 362 *et seq.*; (iv) NextEra is in contempt of court for violating the automatic stay imposed by 11 U.S.C. § 362 *et seq.* (v) the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion.

Debtors and their respective estates, creditors, and other parties-in-interest; (vi) proper and adequate notice of the Motion and hearing on the Motion has been given and that no other or further notice is necessary under the circumstances; (vii) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (viii) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion.  Therefore, it is hereby

ORDERED that the October 3 Notice is hereby vacated; and it is further

ORDERED that NextEra has three (3) days to comply with this Order and reverse all transgressions, including but not limited to: (i) returning funds to the bank accounts that are maintained by the Debtors relating to the King Mountain project; (ii) restoring the status quo with respect to the operation of the King Mountain project; (iii) turnover of any amounts due and payable to Debtor CN Member, including any Fees, Reimbursable Amounts, and Available Cash; and, (iv) any other actions taken in violation of the automatic stay; it is further

ORDERED that NextEra, upon reversing all transgressions and/or remedying all violations of the automatic stay, shall file a notice of compliance with the Court, setting forth the details of all actions taken to comply with this Order; it is further

ORDERED NextEra and its affiliates shall pay a $[●] sanction for violating the automatic stay; it is further

ORDERED that this Order, and any costs, sanctions, or monetary awards arising from or related hereto, may be enforced against any assets of NextEra, wherever they may be found anywhere in the world; finally, it is

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October ___, 2022

                                                                                            _____
Marvin Isgur
United States Bankruptcy Judge