**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF RYAN MERSCH IN SUPPORT**
**OF DEBTORS' STAY ENFORCEMENT MOTION**

I, Ryan Mersch, hereby declare under penalty of perjury that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am a Director of Portage Point Partners, LLC ("Portage Point"), the proposed financial advisor to the Debtors in these chapter 11 cases.

2. I submit this Declaration (this "Declaration") in support of the Stay Enforcement Motion[2] filed by the above-captioned debtors and debtors in possession in these proceedings (collectively, the "Debtors") seeking, among other things, the enforcement of the automatic stay against NextEra Energy and certain of its affiliates (collectively, "NextEra"), compelling turnover

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] "Stay Enforcement Motion" means that certain *Debtors' Emergency Motion for Entry of an Order Pursuant to Sections 105(a), 362 and 542 of the Bankruptcy Code Enforcing the Automatic Stay, Compelling Turnover of Property of the Estate, and Sanctioning NextEra Energy and its Affiliates for Violation of the Automatic Stay* filed contemporaneously herewith. Capitalized terms used in this Declaration and not otherwise defined herein have the meanings given to such terms in the Stay Enforcement Motion.

of property of the estate and sanctioning NextEra for violation of the automatic stay. I have read the Stay Enforcement Motion and I agree with and adopt the factual statements contained therein.

3.      Portage Point is a restructuring and turnaround management firm whose professionals have a wealth of experience in providing financial advisory services in a variety of complex chapter 11 cases on behalf of debtors and creditors throughout the United States. Portage Point's professionals have assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' chapter 11 cases. Portage Point has provided restructuring or crisis management services in numerous large cases, including but not limited to: *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 9, 2021); *In re Alamo Drafthouse Cinemas Holdings, LLC*, No. 21-10474 (MFW) (Bankr. D. Del. Mar. 29, 2021); *In re Bouchard Transportation, Co., Inc.*, No. 20-34682 (DRJ) (Bankr. S.D. Tex. Oct. 22, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. June 23, 2020); *In re Hornbeck Offshore Services*, LLC, No. 20-32685 (DRJ) (Bankr. S.D. Tex. June 18, 2020); *In re Dura Automotive Systems*, No. 19-12378 (KBO) (Bankr. D. Del. Oct. 17, 2019); *In re Melinta Therapeutics*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Sept. 18, 2019); *In re Total Finance Investment Inc.*, No. 19-03734 (CAD) (Bankr. N.D. Ill. Mar. 14, 2019); *In re The Financial Oversight and Management Board for Puerto Rico, as a representative of Puerto Rico Electric Power Authority*, No. 17-4780 (LTS) (Bankr. D.P.R. July 3, 2017). I personally provided services in the following cases: *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 9, 2021); *In re Alamo Drafthouse Cinemas Holdings, LLC*, No. 21-10474 (MFW) (Bankr. D. Del. Mar. 29, 2021); *In re Hornbeck Offshore Services*, LLC, No. 20-32685 (DRJ) (Bankr. S.D. Tex. June 18, 2020); *In re*

*Dura Automotive Systems*, No. 19-12378 (KBO) (Bankr. D. Del. Oct. 17, 2019); *In re Melinta Therapeutics*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Sept. 18, 2019); *In re Total Finance Investment Inc.*, No. 19-03734 (CAD) (Bankr. N.D. Ill. Mar. 14, 2019).

4.       I am a Director at Portage Point, which I joined in 2017 and which has its principal place of business at 300 North LaSalle Drive, Suite 1420, Chicago, Illinois 60654.  At Portage Point, I have worked directly with companies and their management teams to help stabilize financial and operational performance by developing and implementing comprehensive profitability, working capital and liquidity management plans.  Prior to joining Portage Point, I was an Investment Banking Analyst in the Mergers & Acquisitions Group at Lazard where I focused on valuation services and strategic alternative assessments.  I hold a B.S. in Finance from the Kelley School of Business at Indiana University and am a member of the Turnaround Management Association.

5.       I have experience handling complex financial and other restructuring matters for a variety of companies (distressed or otherwise and both in and out of court) across a wide spectrum of industries.  My areas of expertise include, among other things, (a) advising on financial and operational restructuring strategies, (b) sizing, structuring, raising, and executing all aspects of financing transactions, including distressed and debtor-in-possession financings, (c) facilitating sale processes both in and out of court for companies undergoing financial distress, (d) liquidity management and forecasting, contingency planning, financial modeling, developing and implementing performance improvement initiatives, and (e) complex in-court and out-of-court restructurings.

6.     Since approximately July 5, 2022, Portage Point has provided services to the Debtors as financial advisor in connection with their restructuring efforts.  In providing such pre- and post-petition professional services to the Debtors, Portage Point has become familiar with the Debtors and their businesses, including the Debtors' business and financial affairs, capital structure, day-to-day operations, and books and records.  Having worked closely with the Debtors' management and their other advisors, Portage Point has developed relevant experience and expertise regarding the Debtors that has assisted it in providing effective and efficient services to the Debtors, including in these chapter 11 cases.

7.     As a professional proposed to be retained by the Debtors in these chapter 11 cases, Portage Point is charging for services provided in this matter, but I am not being specifically compensated for providing this Declaration or testimony.  I am authorized to submit this Declaration on behalf of the Debtors.

8.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my discussions with other members of the Portage Point team, the Debtors' management team, and the Debtors' other advisors, my review of information concerning the Debtors' operations, financial affairs, and restructuring initiatives, and my views based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration on that basis.

**Motion**

9.     On March 8, 2022, CN Member entered into a Property Management Agreement (the "PMA") for the King Mountain project with NextEra pursuant to which CN Member is contractually obligated to manage and operate the King Mountain project.

10.     Under the PMA, CN Member is responsible for, among other things, the day-to-day management and administration of the King Mountain project, including maintaining books of accounts and records with regard to cash flow, including the collection of all revenue from the King Mountain project and converting to cash any and all cryptocurrencies arising from cryptocurrency mining activities (collectively, "Project Funds").

11.     CN Member deposits all Project Funds in an operating account with BMO Harris Bank NA (the "Operating Account") and disburses funds from the Operating Account to pay expenditures (including Operator's compensation).

12.     On October 3, 2022, NextEra sent a "Notice of Exclusive Control" to CN Member (the "October 3 Notice") stating that NextEra exercised its secured party remedies by taking exclusive control over the bank accounts that were maintained for the King Mountain project, including the Operating Account.  Then, on October 6, 2022, NextEra caused all funds in these bank accounts, including the Operating Account, to be transferred to bank accounts owned by NextEra.

13.     Based on these actions by NextEra, CN Member now has no ability to access the Project Funds and, as such, CN Member cannot fulfill its duties as Operator for the King Mountain Project, including paying expenditures for the King Mountain Project.

[*Remainder of Page Intentionally Left Blank*]

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2022
      Chicago, Illinois

Respectfully submitted,

*/s/ Ryan Mersch*
Ryan Mersch
Director
Portage Point Partners