# EXHIBIT 1

# MAYER | BROWN

Mayer Brown LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002-2730
United States of America

T: +1 713 238 3000
F: +1 713 238 4888

mayerbrown.com

October 12, 2022

**Brandon F. Renken**
Partner
T: +1 713 238 2602
BRenken@mayerbrown.com

<u>*Via Email and Regular Mail*</u>

James T. Grogan
Paul Hastings LLP
600 Travis Street, 58th Floor, Houston, TX 77002
jamesgrogan@paulhastings.com

*Proposed Counsel for Debtors*

Re:     **Reclamation Claim** of Sunbelt Solomon Services, LLC Pursuant to U.S. Bankruptcy Code Section 503(b)(9) and notice of Administration Claim with respect to Goods (defined herein) – *In re Compute North Holdings, Inc.*, No. 22-90273, In the United States Bankruptcy Court for the S.D. Tex. (the "**Bankruptcy Case**").

Dear Mr. Grogan,

We write on behalf of our client, Sunbelt Solomon Services, LLC ("**Solomon**"), contractual counterparty to Compute North, LLC[1] under various agreements, including but not limited to various purchase orders with respect to certain products manufactured by Solomon.[2] hereby submits its Reclamation Claim pursuant to Section 305(b)(9) of the Code.[3] Compute North Holdings, Inc. along with certain of its debtor affiliates (collectively, the "**Debtors**"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on or about September 22, 2022 (the "**Petition Date**") in the United States Bankruptcy Court for the Southern District of Texas, and that the Debtors' respective bankruptcy cases are currently being jointly administered in the proceeding *In re: Compute North Holdings, Inc.*, No. 22-90273, S.D. Tex. Br. (MI).

Pursuant to Section 546(c) of the Code (and relevant state law, namely Minnesota Statute Section 336.2-702), Solomon hereby asserts its Reclamation Claim.  While Solomon will take no steps without first seeking leave of Court or, where appropriate seeking to lift the automatic stay under Section 362 of the Code (to the extent applicable), Solomon understands it must assert a request herein for the return of all goods shipped by Solomon in the ordinary course of Solomon's business and in its ordinary course relationship with Debtors at any time during the forty-five (45) day period immediately preceding the Petition Date that remain in the Debtors' possession and which have not been fully paid for as of today.  These goods include, but are not limited to, those goods referenced on the invoices identified on Exhibit A hereto (such goods collectively, the **"Goods"**).

---

[1]   Compute North, LLC is one of the Debtors in the Jointly Administered Bankruptcy Case.
[2]   Specifically, Debtors have executed and entered into various purchase agreements related to specific products manufactured by Solomon under Compute North Purchase Orders No. PO000114 and P000013 (the "**P.O.s**"). This Reclamation Claim relates to Goods delivered to Debtors under the aforementioned P.O.s.
[3]   All references to "**Code**" shall be mean the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.*

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP
October 12, 2022
Page 2

By operation of law and the Code, the delivery of the Goods to Debtors as noted herein was made at a time when the Debtors were insolvent. The amount of this Reclamation Claim is not less than $3,336,475.49. This Reclamation Claim relates to all shipments by Solomon and any of Solomon's affiliates or affiliates' respective divisions of goods to any of the Debtors or their respective affiliates or affiliates' respective divisions.

By making this Reclamation Claim, Solomon does not intend and shall not be deemed to have waived any rights, remedies, or defenses in connection with any of the above-referenced chapter 11 cases and/or any of Solomon's rights to assert claims against any of the Debtors, including, but not limited to: (i) the right to assert proofs of claim for any unpaid prepetition amounts; (ii) the right to assert that Solomon is entitled to an administrative expense priority claim, including a claim arising under 11. U.S.C. § 503(b)(9); (iii) the right to assert that certain of the Goods were delivered to the Debtors on a post-petition basis such that Solomon is entitled to payment of those Goods in the ordinary course of business as an administrative expense claim under 11 U.S.C. § 503(b)(1)(A); and (iv) Solomon's right to set off any amounts that it may owe to Debtors against any amounts that Debtors may owe to Solomon. Subject to further diligence and without waiving any rights under 11 U.S.C. § 546(c), Solomon intends at a minimum to file a proof of claim for any unpaid prepetition amounts as well as to assert an administrative claim for a portion of such amounts pursuant to 11 U.S.C. § 503(b)(9). Solomon reserves the right to further amend or supplement this Reclamation Claim by providing additional evidence in support thereof.

Please protect and segregate the Goods and provide us with written acknowledgment of receipt of this Reclamation Claim and confirmation that the Goods are on your premises and will not be used for any purpose whatsoever except those specifically authorized following notice and a hearing by the Court, including in respect of any purported marketing and sale process (without full protection of Solomon's rights). Absent such authority or an agreement by Solomon, the Debtors do not have the permission, consent, authorization or right to use the Goods that are the subject of this reclamation demand and which Goods constitute the property of Solomon. For the avoidance of doubt, the Debtors do not have the permission, consent, authorization or right to include the Goods that are the subject of this demand in any auction or sale process pursuant to Section 363 of the Bankruptcy Code.

Solomon is happy to work with the Debtors to reconcile amounts owed and any partial pre-payments made by the Debtors with respect to the Goods. Solomon is also happy to work with the Debtors on a creative resolution to this Reclamation Claim. In fact, in respect of this Reclamation Claim, Solomon would request a call with counsel for Debtors at a mutually convenient time to discuss the Reclamation Claim and steps to protect the parties' rights.

If you have any questions with respect to the foregoing, please feel free to contact the undersigned counsel by phone at 713-238-2602 or via email at BRenken@mayerbrown.com.

Regards,

Brandon Renken

Mayer Brown LLP

October 12, 2022
Page 3

cc:  Compute North, LLC
 Attn: Jeff Jackson, VP of Development
 7575 Corporate Way, Eden Prairie, MN 55344
 Email: jeff.jackson@computenorth.com

 Compute North, LLC
 7575 Corporate Way
 Eden Prairie, MN 55344
 Attn: Legal Department
 Email: legal@computenorth.com

 Charles S. Kelley

# Exhibit A

| P.O. | Invoice | Invoice Date | Sales Order | Product and Serial Nos. | Invoice Amount | Balance Due |
|---|---|---|---|---|---|---|
| PO000114 | 364050 | 8/30/2022 | 300536 | **2000 kVA Padmount Transformer (WEG)** **Serial Nos.** 20112290324; 20112290325; 20112290326; 20112290327; 20112290328; 20112290329; 20112290330; 20112290331; 20112290332; 20112290333; 20112290334; 20112290335; 20112290336; 20112290337; 20112290338; 20112290339; 20112290340; 20112290341; 20112290342; 20112290343; 20112290344; 20112290345; 20112290346; 20112290347; 20112290348; 20112290350; 20112290351; 20112290352; 20112290353; 20112290354; 20112290355; 20112290357; 20112290360; 20112290362; 20112290363<br><br>**2000 kVA Padmount Transformer (JSHP)** **Serial Nos.** HPT003200062; HPT003200063; HPT003200064; HPT003200065; HPT003200066; HPT003200067 | $3,352,106.31 | $963,137.06 |
| P000013 | 364051 | 8/30/2022 | 302875 | **2000 kVA Padmount Transformer (WEG)** **Serial Nos.** 20112290356; 20112290358; 20112290364; 20112290365; 20112290366; 20112290368; 20112290369; 20112290372; 20112290373; 20112290375; 20112290376; 20112290377; 20112290378; 20112290379; 20112290380; 20112290381 | $1,309,224.40 | $315,358.40 |
| PO000114 | 364120 | 8/31/2022 | 300536 | **2000 kVA Padmount Transformer (JSHP)** **Serial Nos.** HPT003200069; HPT003200070; HPT003200076 | 234433.78 | $234,433.78 |
| P000013 | 364692 | 9/22/2022 | 302875 | **2000 kVA Padmount Transformer (WEG)** **Serial Nos.** 20112290374; 20112290382; 20112290383; 20112290384; 20112290385; 20112290386; 20112290387; 20112290388; 20112290389; 20112290390; 20112290391; 20112290392; 20112290393; 20112290394; 20112290395; 20112290396; 20112290397; 20112290398; 20112290400; 20112290401; 20112290402; 20112290403; 20112290404; 20112290405; 20112290407; 20112290408; 20112290410; 20112290411; 20112290414 | $2,471,347.50 | $1,215,697.50 |
| P000013 | 365082 | 9/29/2022 | 302875 | **2000 kVA Padmount Transformer (WEG)** **Serial Nos.** 20112290406; 20112290409; 20112290413; 20112290415; 20112290417; 20112290420; 20112290421; 20112290422; 20112290423; 20112290424; 20112290425; 20112290426; 20112290427; 20112290428; 20112290431 | $1,235,673.75 | $607,848.75 |

**TOTAL AMOUNT INVOICED:**         $8,602,785.74

**TOTAL OUTSTANDING BALANCE:**         $3,336,475.49