UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**STATEMENT BY MARATHON HOLDINGS, INC. WITH REGARD TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), EFFECTIVE AS OF SEPTEMBER 22, 2022, AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS (DKT. 125)**

COMES NOW Marathon Digital Holdings, Inc. ("Marathon"), by and through its undersigned counsel, and hereby files this Statement by Marathon Holdings, Inc. with Regard to Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Effective as of September 22, 2022; and (II) Waiving Certain Time-Keeping Requirements (Dkt. 125) (the "Statement"). In support of the Statement, Marathon states as follows:

1. On October 3, 2022, the Debtors filed their Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Effective as of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344

September 22, 2022; and (II) Waiving Certain Time-Keeping Requirements (Dkt. 125) (the "Application"), seeking entry of an order employing Jefferies LLC as investment banker for Debtors.

2. On September 26, 2022, Debtors filed Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d) (Dkt. 91) (the "Sales Procedure Motion").

3. On October 10, 2022, Marathon filed its Objection and Reservation of Rights to and Regarding Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d) (Dkt. 152) (the "Objection").

4.      In its Objection, Marathon brought to the Court's attention that Marathon believed that the possibility existed that there was an inherent conflict of interest arising from Jefferies' representation of Compute North in this matter and Marathon's retention of Jefferies as its investment banker in connection with a number of matters prior to the date of Jefferies' engagement by the Debtors.

5.      At the October 11, 2022, hearing on the Sales Procedure Motion, the Court set a hearing on the Application for October 17, 2022 at 4:00 p.m.

6.      Subsequent to the October 11, 2022 hearing counsel for Marathon has communicated with parties in the case and advised those parties that it will not oppose retention of Jefferies on grounds that Jefferies has a conflict of interest or that Jefferies is not disinterested. This statement is to confirm those discussions.

Dated: October 13, 2022
Atlanta, Georgia

                        **LAMBERTH, CIFELLI, ELLIS & NASON, P.A.**

                        /s/ Gregory D. Ellis
                        Gregory D. Ellis (GA Bar No. 245310)
                        6000 Lake Forrest Drive, N.W., Ste 435
                        Atlanta, GA  30328
                        404-495-4485
                        Email: gellis@lcenlaw.com

## Certificate of Service

      I certify that on October 13, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Gregory D. Ellis*
                                                  Gregory D. Ellis
                                                  Georgia Bar No. 245310