**Exhibit A**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) |
| | ) Case No. 22-90273 (MI) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) **Re: Docket No. 121** |

**ORDER (I) AUTHORIZING THE RETENTION AND
COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate certain professionals utilized in the ordinary course of business (each, an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals") as identified on the nonexclusive lists of the Ordinary Course Professionals attached hereto as **Schedule 1** (the "Tier 1 OCP List") and **Schedule 2** (the "Tier 2 OCP List" and, together with the Tier 1 OCP List, the "OCP Lists"), as applicable, (as may be amended or supplemented by the Debtors from time to time) pursuant to the OCP Procedures (as defined below), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

    1.    The Debtors are authorized, but not directed, to retain and compensate Ordinary Course Professionals, in the ordinary course of business, in accordance with the following procedures (the "OCP Procedures"):

        a.    Each Ordinary Course Professional identified on the OCP Lists will provide the Debtors and their counsel with an OCP Declaration substantially in the form attached hereto as **Schedule 3**, certifying that the Ordinary Course Professional does not represent or hold any material interest adverse to the Debtors or their estates with respect to the matter for which the Ordinary Course Professional is to be employed, within 30 days after the later of (i) the date of entry of this Order, (ii) the date on which such Ordinary Course Professional commences postpetition services for the Debtors, or as soon as thereafter as is practicable, and (iii) the date such Ordinary Course Professional is added to the OCP Lists; *provided* that the Debtors shall not pay any Ordinary Course Professional any amounts for invoiced fees and expense reimbursement until an OCP Declaration from the applicable Ordinary Course Professional has been filed with the Court and the applicable Objection Deadline (defined below) has passed with no

        objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of the Court.

b.     The Debtors may modify the OCP Lists as necessary to remove Ordinary Course Professionals from the OCP Lists or to add Ordinary Course Professionals to the OCP Lists by filing a supplement (an "<u>OCP Supplement</u>") detailing the name, address, and type of service provided by the additional Ordinary Course Professional to be added to or removed from the Tier 1 OCP List or the Tier 2 OCP List, as applicable.  In the event an Ordinary Course Professional is added to the OCP Lists, the Debtors will file a notice with the Court listing the additional Ordinary Course Professionals that the Debtors intend to employ (each, an "<u>OCP Notice</u>") and will serve each OCP Notice on the OCP Notice Parties (defined below). Each additional Ordinary Course Professional listed in the OCP Notice shall serve a Declaration of Disinterestedness on the OCP Notice Parties in accordance with the Order.  The OCP Notice Parties and any other party in interest shall have 14 days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional Ordinary Course Professional, file any such objection with the Court, and serve any such objection upon each of the OCP Notice Parties so as to be actually received within 14 days of service of such OCP Notice.

c.     Within a reasonable time, the Debtors will file the OCP Declaration with the Court and serve a copy on:  (i) the Office of the United States Trustee for the Southern District of Texas; and (ii) counsel to any statutory committee appointed in these Chapter 11 Cases (collectively, the "<u>OCP Notice Parties</u>").

d.     The OCP Notice Parties and any other parties in interest shall have 14 days following the date of service of an OCP Declaration to (i) file any objection to the proposed retention of an Ordinary Course Professional with the Court, and (ii) serve any such objection upon (A) each of the OCP Notice Parties and (B) counsel to the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn:  James T. Grogan III (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166, Attn:  Luc Despins, Sayan Bhattacharyya, Matthew Schwartz, and Daniel Ginsberg (lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, mattschwartz@paulhastings.com, and danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn:  Matthew Micheli and Michael Jones (mattmicheli@paulhastings.com and michaeljones@paulhastings.com) so as to be actually received within 14 days of service of such OCP Notice (the "<u>Objection Deadline</u>").

e.     If no objection is filed before the Objection Deadline, or if any objection submitted is timely withdrawn or resolved, the Debtors will be authorized

3

    to retain, employ, and compensate the Ordinary Course Professional as a final matter without hearing or further order of the Court, effective as of the latest of (i) the Petition Date, (ii) if applicable, the date of the filing of the OCP Supplement, or (iii) the date of engagement.

f. If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved within 14 days after the Objection Deadline, the matter will be scheduled for hearing before the Court; *provided* the matter shall be scheduled for hearing before the Court on no less than 14 days' notice or on a date otherwise agreeable to the parties thereto.

g. No Ordinary Course Professional may be paid any amount for postpetition fees or expenses until such Ordinary Course Professional has been retained in accordance with the OCP Procedures.

h. After the Debtors are authorized to retain and employ an Ordinary Course Professional in accordance with the OCP Procedures, the Debtors shall be authorized to pay, without formal application to the Court, 100 percent of the postpetition fees and expenses incurred by each Ordinary Course Professional (the "Compensation") upon submission to, and approval by, the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred after the Petition Date, and calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute such invoices); *provided, however*, that prior to the Effective Date, the fees of each Ordinary Course Professional may not exceed (i) $75,000 per month for each Ordinary Course Professional listed on **Schedule 1** attached hereto (the "Tier 1 OCP Monthly Cap"), *provided, further*, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Schedule 1** attached hereto, excluding costs and disbursements, may not exceed **$950,000** beginning as of the Petition Date (the "Tier 1 OCP Case Cap"), and (ii) $25,000 per month for each Ordinary Course Professional listed on **Schedule 2** attached hereto (the "Tier 2 OCP Monthly Cap" and, together with the Tier 1 OCP Monthly Cap, the "OCP Monthly Caps"), *provided, further*, that while these chapter 11 cases are pending, the fees of each OCP set forth on **Schedule 2** attached hereto, excluding costs and disbursements, may not exceed **$350,000** beginning as of the Petition Date (the "Tier 2 OCP Case Cap" and, together with the Tier 1 OCP Case Cap, the "OCP Case Caps"), *provided further, however*, that the Debtors shall be allowed to request increases in OCP Monthly Caps and the OCP Case Caps.

i. To the extent any Ordinary Course Professional's Compensation exceeds the applicable OCP Monthly Cap or OCP Case Cap, as applicable, (any amount in excess of the OCP Monthly Caps or OCP Case Caps, "Excess Compensation"), such Ordinary Course Professional shall: (i) file with the Court, which the Debtors may do on behalf of the Ordinary Course

          Professional, a notice of fees and expenses incurred in excess of the OCP Monthly Caps or OCP Case Caps, as applicable, (the "Notice of Excess Compensation") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, and (ii) serve the Notice of Excess Compensation on the OCP Notice Parties. Parties in interest shall then have 14 days to object to the Ordinary Course Professional's Notice of Excess Compensation. If no objection is filed within 14 days, the Excess Compensation shall be deemed approved, and the Ordinary Course Professional shall be entitled to be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

    j.    Beginning with the period ending on October 31, 2022, and every three-month period thereafter (each, a "Statement Period"), the Debtors shall file with the Court and serve on the OCP Notice Parties, no later than 45 days following the end of such Statement Period, a statement containing the following information for each Ordinary Course Professional paid during such Statement Period: (i) the Ordinary Course Professional's name; (ii) the aggregate amounts paid as Compensation to the Ordinary Course Professional during the reported Statement Period; (iii) all postpetition payments made to the Ordinary Course Professional to date; and (iv) a general description of the services rendered by the Ordinary Course Professional (an "OCP Statement"). The initial OCP Statement shall cover the period from the Petition Date to October 31, 2022 and shall be filed no later than December 15, 2022.

2.    To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification of such Ordinary Course Professional by the Debtors in connection with the services that are the subject of the Motion (each such agreement, an "Indemnification Agreement"), such indemnification provisions are approved subject to the following modifications, applicable during the pendency of the Chapter 11 Cases:

    a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Indemnification Agreement for services other than the services provided under the Indemnification Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    b.    Notwithstanding anything to the contrary in the Indemnification Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have

5

        arisen from the Ordinary Course Professional's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement as modified by this Court.

    c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application in this Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Indemnification Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by this Court after notice and hearing.

3.     The form of OCP Declaration, substantially in form annexed hereto as **Schedule 3**, is approved.

4.     Nothing in the Motion or in this Order shall be deemed or construed as impairing the Debtors' right to contest the validity or amount of any claim against the Debtors arising in connection with the fees or charges of any Ordinary Course Professional, and nothing in the Motion or in this Order shall be deemed or construed as approval of an assumption or rejection of

any contract, lease, or other agreement under section 365 of the Bankruptcy Code, and all of the Debtors' rights and defenses are reserved with respect thereto.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

7. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent a party in interest from seeking a determination from this Court (a) requiring an Ordinary Course Professional to file a separate retention application under section 327 of the Bankruptcy Code; or (b) altering the amount of the OCP Caps.

8. The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Tier 1 OCP List**

| Professional | Address | Description of Service |
|---|---|---|
| Norton Rose Fulbright US LLP | Dept. 2613 PO Box 122613<br>Dallas, Texas 75312-2613 | Legal Services |
| Jackson Walker LLP | PO Box 130989<br>Dallas, Texas 75313-0989 | Legal Services |
| RSM US LLP | 5155 Paysphere Circle<br>Chicago, Illinois 60674 | Tax Advisory Services |

**Schedule 2**

**Tier 2 OCP List**

| Professional | Address | Description of Service |
|---|---|---|
| Madel PA | 800 Hennepin Avenue<br>Minneapolis, MN 55403 | Legal Services |
| Kutak Rock LLP | PO Box 30057<br>Omaha, NE 68103-1157 | Legal Services |
| McDonalds Hopkins LLC | 600 Superior Avenue E, Suite # 2100<br>Cleveland, Ohio 4414 | Legal Services |
| Growth Operators Advisory Services LLC | 800 LaSalle Ave<br>Minneapolis, MN 55402 | Accounting Consulting Services |
| Miller & Associates Consulting Engineers, P.C. | PO Box 306<br>Kearney, NE 68848-0306 | Engineering Consulting Services |

**Schedule 3**

**Form of Declaration of Disinterestedness**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 11 ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) ) |
| Debtors. | ) (Jointly Administered) ) |
| | ) **Re: Docket No. __** |

**DECLARATION OF DISINTERESTEDNESS OF [COMPANY]
PURSUANT TO THE ORDER (I) AUTHORIZING THE RETENTION
AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, [_____], pursuant to 28 U.S.C. section 1746, under penalty of perjury declare as follows:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. The above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, specifically, [list Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

relationship with any such person, its attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is, and is proposed to be, employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer or professional employed by the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the orders of the Court.

8. As of the September 22, 2022, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9. **[If there is an indemnification agreement]**The Company acknowledges that such agreement for indemnification (the "Indemnification Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

2

      a.      The Company shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Indemnification Agreement for services other than the services provided under the Indemnification Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

      b.      Notwithstanding anything to the contrary in the Indemnification Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from the Company's gross negligence, willful misconduct, breach of fiduciary duty (if any), self-dealing (if found to be applicable), bad faith, or fraud, (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law, (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Company should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement as modified by the Court.

      c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including the advancement of defense costs, the Company must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Company before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Company for indemnification, contribution, or reimbursement. In the event that the Company seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Indemnification Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Company's own applications, both interim and final, but determined by the Court after notice and a hearing.

10.     The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

5

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: _____, 2022

                                                       */s/ DRAFT*  
                                                       [DECLARANT]