UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| Debtors. | ) |

## STIPULATION AND AGREED ORDER BY AND AMONG COMPUTE NORTH LLC, COMPUTE NORTH NE05 LLC, CN WOLF HOLLOW LLC, AND GENERATE LENDING, LLC CONCERNING CERTAIN PROJECT MANAGEMENT AGREEMENTS

This stipulation and agreed order (this "Stipulation and Agreed Order") is made and entered into by and among (a) Compute North LLC ("Operator"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), (b) non-Debtor Compute North NE05 LLC ("Kearney Owner"), as the owner of the modular data center located in Kearney, Nebraska (the "Kearney Project"), (c) non-Debtor CN Wolf Hollow LLC ("Wolf Hollow Owner") as the owner of the modular data center located in Granbury, TX (the "Wolf Hollow Project"), and (d) Generate Lending, LLC ("Generate Buyer," and together with Operator, Kearney Owner, and Wolf Hollow Owner the "Parties," and each individually, a "Party").  The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

## RECITALS

WHEREAS, Operator and Kearney Owner are party to that certain Property Management Agreement dated as of February 7, 2022 (the "Kearney PMA"), pursuant to which Operator provides certain property management services to Kearney Owner related to the Kearney Project;

WHEREAS, Operator and Wolf Hollow Owner are party to that certain Property Management Agreement dated as of April 28, 2022, (the "Wolf Hollow PMA"), pursuant to which Operator provides certain property management services to Wolf Hollow Owner related to the Wolf Hollow Project;

WHEREAS, on September 22, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, the Debtors are engaged in efforts to reorganize under chapter 11, including by selling assets and restructuring certain contractual relationships;

WHEREAS, Kearney Owner and Wolf Hollow Owner have requested that Operator continue to provide services under the Kearney PMA and the Wolf Hollow PMA (together, the "PMAs"), and have agreed to make financial accomodations to Operator, subject to the terms and conditions of this Stipulation and Agreed Order;

WHEREAS, Generate Buyer and the Debtors intend to enter into a Purchase and Sale Agreement (the "PSA") that will provide for the sale of the Debtors' equity interest in CN Borrower LLC, including the Kearney Owner and the Wolf Hollow Owner, to Generate Buyer, subject to Bankruptcy Court approval; and

WHEREAS, Operator has agreed to continue to provide services under the PMAs subject to the terms and conditions of this Stipulation and Agreed Order.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2. Operator, Kearney Owner and Wolf Hollow Owner shall perform their respective obligations under the PMAs, in accordance with their terms, subject to the additional terms and conditions of this Stipulation and Agreed Order.

3. Kearney Owner shall pay to Operator the sum of $450,000.00, representing the amount due and owing under the Kearney PMA through October 2022, within one (1) business day following approval of this Stipulation and Order by the Bankruptcy Court, and shall pay to Operator any other sums that come due under the Kearney PMA, in accordance with its terms.

4. Wolf Hollow Owner shall pay to Operator the sum of $50,000.00, representing the amount due and owing under the Wolf Hollow PMA through October 2022, within one (1) business day following approval of this Stipulation and Order by the Bankruptcy Court, and shall pay to Operator any other sums that come due under the Wolf Hollow PMA, in accordance with its terms.

5. In connection with the PSA, Operator shall continue to provide services under the PMAs through the date (the "Termination Date") that is the earliest of (a) the date by which Operator and Kearney Owner and Operator and Wolf Hollow Owner enter into binding transition services agreements (collectively, the "TSAs") (b), the date Kearney Owner, Wolf Hollow Owner or Generate Buyer breach this Stipulation and Agreed Order, including by failing to timely pay any amount due hereunder, (c) October 27, 2022, if the PSA has not been executed by Generate Buyer and the Debtors, (d) October 31, 2022, if the PSA has not been approved by the Bankruptcy

Court, (e) the date this Stipulation and Agreed Order terminates pursuant to Paragraph 8 below and (f) November 23, 2022, in exchange for an additional payment of up to $650,000 in the aggregate (the "Services Payment," which includes both the Initial Services Payment and the Weekly Services Payments (as defined below)). For the avoidance of doubt, the Services Payment shall be in addition to any amounts that become due and owing under the Kearney PMA and the Wolf Hollow PMA.

6. Kearney Owner, Wolf Hollow Owner, and Generate Buyer shall be jointly and severally responsible for the Services Payment. The Services Payment shall consist of an initial payment in an amount of $210,000 (the "Initial Services Payment"), which shall be paid to Operator within one (1) business day following approval of this Stipulation and Order by the Bankruptcy Court, and four weekly payments of $110,000 each to be paid on October 31, 2022, November 7, 2022, November 14, 2022, and November 21, 2022 (the "Weekly Services Payments")[2]; *provided* that, in the event the Termination Date occurs prior to November 23, 2022, Operator shall not be entitled to any Weekly Services Payments due and payable after the Termination Date.

7. Operator shall not seek to reject either of the PMAs prior to the Termination Date.

8. In the event Generate Buyer takes any action (a) to enforce the parent guarantee of its indebtedness pursuant to that certain guaranty agreement dated February 7, 2022, or (b) to enforce any of its rights as a secured creditor of CN Borrower and its affiliates, prior to the Termination Date, then Operator will have the right to terminate this Stipulation and Agreed Order. Operator reserves all rights in respect of any effort by Generate Buyer to enforce such rights.

---

[2] Weekly Services Payments shall be paid in arrears following the applicable week of Operator's service.

9. Operator's obligation to continue to provide services under the PMAs will cease on the Termination Date; *provided* that if the Bankruptcy Court does not approve the PSA on or before October 31, 2022, this Stipulation and Agreed Order shall automatically terminate and the Parties' obligations set forth in this Stipulation and Agreed Order shall terminate; *provided*, *further* that subject to the terms of the PSA, if the TSAs are not in place on or prior to the Termination Date, then the PMAs shall be deemed rejected and Kearney Owner and Wolf Hollow Owner reserve all rights to assert any and all rejection damages in these chapter 11 cases as a result of such rejection.

10. Nothing in this Stipulation and Agreed Order shall operate as an assumption or rejection of the PMAs, or modify the obligations of the Parties thereunder except as expressly set forth herein. For so long as this Stipulation and Agreed Order is in effect, Kearney Owner, Wolf Hollow Owner, and Generate Buyer hereby expressly waive any otherwise applicable right of setoff with respect to the payment obligations under this Stipulation and Agreed Order, *provided* that any and all spare parts or equipment purchases made for the benefit of the Kearney Project or the Wolf Hollow Project shall be made and done in the name of, and such spare parts or equipment shall be owned by, either the Kearney Owner or the Wolf Hollow Owner, as applicable.

11. By entering into this Stipulation and Agreed Order, the Parties are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the PMAs, or otherwise, except as expressly set forth herein.

12. Neither this Stipulation and Agreed Order nor any negotiations and writings in connection with this Stipulation and Agreed Order will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against any other Party.

13. Each of the Parties to this Stipulation and Agreed Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

14. This Stipulation and Agreed Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, electronic mail or other electronic means, and each of which will be deemed an original, but all of which together will constitute one instrument.

15. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation and Agreed Order.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation and Agreed Order as of the date first set forth below.

Dated: October 24, 2022

/s/ *James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (Tex. Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted pro hac vice)
Sayan Bhattacharyya (admitted pro hac vice)
Daniel Ginsberg (admitted pro hac vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
         michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

/s/ *Joseph W. Buoni*
**HUNTON ANDREWS KURTH LLP**
Joseph W. Buoni (Tex. Bar No. 24072009)
Timothy A. ("Tad") Davidson II (Tex. Bar No. 24012503)
Philip M. Guffy (Tex. Bar No. 24113705)
600 Travis Street Houston, TX 77002
Telephone:  713.220.4200
Facsimile: 713.220.4285
Email: josephbuoni@huntonak.com
        taddavidson@huntonak.com
        philipguffy@huntonak.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Christopher Marcus, P.C. (admitted pro hac vice)
Elizabeth Helen Jones (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.marcus@kirkland.com
        elizabeth.jones@kirkland.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Anna Rotman, P.C.
609 Main Street
Houston, Texas 77002
Telephone:  (713) 836-3600
Facsimile:  (713) 836-3601
Email: anna.rotman@kirkland.com

*Co-Counsel for Generate Buyer*

*/s/ Matthew S. Okin*
**OKIN ADAMS BARTLETT CURRY LLP**
Matthew S. Okin
Ryan A. O'Connor
1113 Vine Street, Suite 240
Houston, Texas 77002
Telephone: (713) 228-4100
Facsimile: (346) 247-7158
Email:  mokin@okinadams.com
     roconnor@okinadams.com

-and-

**ARENT FOX SCHIFF LLP**
Jeffrey R. Gleit
Allison H. Weiss
Matthew R. Bentley
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: jeffrey.gleit@afslaw.com
     allison.weiss@afslaw.com
     matthew.bentley@afslaw.com

*Co-Counsel for Compute North NE05 LLC and CN Wolf Hollow LLC*

**IT IS SO ORDERED:**

Dated:  October _____, 2022
Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE