UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket Nos. 19, 61, 84** |

**SUPPLEMENTAL INTERIM ORDER
(I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE TO OPERATE THEIR EXISTING CASH
MANAGEMENT SYSTEM; (B) MAINTAIN THEIR EXISTING
BANK ACCOUNTS AND BUSINESS FORMS; (C) PAY RELATED
PREPETITION OBLIGATIONS; AND (D) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated September 22, 2022 (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Supplemental Interim Order") authorizing the Debtors to (i) continue operating their cash management system, (ii) maintain their existing bank accounts and business forms, (iii) pay related prepetition obligations, and (iv) continue to perform intercompany transactions, and granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Where context requires, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held on September 23, 2022 to consider the relief requested in the Motion (the "Hearing"); and this Court having granted the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System; (B) Maintain Their Existing Bank Accounts and Business Forms; (C) Pay Related Prepetition Obligations; and (D) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 84]; and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized on an interim basis, but not directed, to (a) continue using the Cash Management System as described in the Motion with all pre-petition agreements between the Debtors and each Bank related to the Bank Accounts remaining in full force and effect subject to section 365 of the Bankruptcy Code and honor any prepetition obligations related to the use thereof, including the payment of Bank Fees; (b) designate, maintain, close, and continue to use the Bank Accounts identified on **Exhibit B** to the Motion; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, wire

transfers, ACH transfers, credit card transactions, and other debits or electronic means; (d) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

2. Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court and with the terms of any prepetition financing agreement and postpetition financing agreement. Each Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall provide reasonable prior written notice of the closure of any account to the U.S. Trustee, any statutory committee, and the Debtors' prepetition lenders.

3. The Debtors are authorized to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date without alteration or change and without the designation "Debtor in Possession" imprinted on them; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor in Possession" as soon as it is reasonably practicable to do so. To the extent the Debtors print any new checks or use any electronic Business Forms, they will include the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks within ten (10) days.

4. The Debtors are granted time under this Supplemental Interim Order to maintain the status quo of the Debtors' accounts regarding the requirements of 11 U.S.C. §345(b) to enable the Debtors to determine what action, if any is necessary to comply with its requirements under 11 U.S.C. §345(b); *provided*, *however*, that this extension is without prejudice to the Debtors' right to request further extensions of such time or to seek relief from any requirements under section 345(b) at a final hearing on the Motion.

5. The Debtors are authorized to open new bank accounts so long as (a) any such new account is designated as a "Debtor-in-Possession" account with one of the Debtors' existing Banks or with a bank that (i) is insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) is designated as an authorized depository by the U.S. Trustee, (iii) agrees to be bound by the terms of this Supplemental Interim Order, and (b) the Debtors provide reasonable prior written notice to the U.S. Trustee, any statutory committee, and the Debtors' prepetition lenders of the opening of such account; *provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Supplemental Interim Order, be deemed a Bank Account subject to this Supplemental Interim Order as if it had been listed on **Exhibit B** to the Motion, *provided further*, that such opening shall be timely indicated on the Debtors' monthly operating reports.

6. The Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, electronic fund transfers, wire transfers, and ACH transfers issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided*, however, the Debtors will take all reasonable steps to stop payment on any checks, drafts, wires, or ACH transfers drawn or issued by the Debtors before, but which did not clear the Bank Accounts prior to, the Petition Date. For the avoidance of doubt, the Banks and other payroll check processors are authorized to receive, process, honor, and pay, to the extent funds are available in each applicable Bank Account, any and all payroll checks that were issued prior to and remain outstanding as of the Petition Date.

7. The Debtors' Banks are authorized to accept and to honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored, consistent with any order(s) of this Court whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Debtors' Banks believe the payment is or is not authorized by any order(s) of the Court.

8. Each Bank is authorized to charge, and the Debtors are authorized to pay, honor, or allow any Bank Fees or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course, including any prepetition amounts. Any fees, costs, charges, and expenses, including Bank Fees, or charge-backs or any other reimbursement or payment obligations payable to the Banks after the Petition Date are hereby accorded priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

9. Each Bank is authorized to debit the Bank Accounts in the ordinary course of business without the need for any further order of this Court for (a) to the extent of available funds, all checks drawn on the Bank Accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to or after the Petition Date; (b) all checks or other items deposited in one of the Bank Accounts with the Bank prior to or after the Petition Date which have been dishonored or returned unpaid for any reason, including returned items that result from wire transfers, ACH transactions, or other electronic transfers of any kind, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to or after the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System, including any Bank Fees incurred in the ordinary course of business; and (d) any

5

postpetition amounts due and owing to the Bank as service charges for the maintenance of the Cash Management System, including any Bank Fees incurred in the ordinary course of business.

10. Within fifteen (15) days of the entry of this Supplemental Interim Order, the Debtors shall serve a copy of this Supplemental Interim Order on each Bank and, to the extent such identification has not been made prior to the entry of this Supplemental Interim Order, identify each of their Bank Accounts as being held by a debtor in possession.

11. The Debtors are authorized, but not directed, to continue to enter into and engage in Intercompany Transactions and to take any actions related thereto on the same terms as, and consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. The Debtors are authorized to continue to record and reconcile intercompany receivables and payables through the Cash Management System consistent with prepetition practices. All postpetition Intercompany Transactions authorized hereunder between a Debtor and another Debtor are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code, subject and junior to the claims, including adequate protection and superpriority claims, granted in connection with any order approving debtor-in-possession financing. For the avoidance of any doubt, the term "Intercompany Transactions" in this Supplemental Interim Order relates solely to transactions occurring between the Debtor entities and excludes transactions between Debtor entities and non-Debtor entities, *provided* that the Debtors' right to seek relief for other forms of intercompany transactions upon further notice and hearing, including on an emergency basis, are reserved.

12. The Debtors shall continue to maintain current, detailed, and accurate records with respect to all transfers so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts, and

distinguished between prepetition and postpetition transactions. The Debtors shall make such records available upon request by the U.S. Trustee, any statutory committee, and the Debtors' prepetition lenders. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports and post confirmation reports filed by the Debtors.

13. The Debtors shall provide reasonable notice to the U.S. Trustee, any statutory committee, and the Debtors' prepetition lenders of material changes to the Cash Management System and procedures.

14. Notwithstanding anything to the contrary in this Supplemental Interim Order, except to the extent the Debtors have satisfied the requirements of the following subparagraphs (a) and (b) prior to the entry of this Supplemental Interim Order, no later than 14 days after entry of this Supplemental Interim Order the Debtors shall:

    a. amend the signature card agreement(s) for, or obtain a screenshot of, each of the Bank Accounts at BMO, denominating said accounts to be debtor-in-possession bank accounts, and shall transmit evidence of such to the U.S. Trustee; and

    b. (i) maintain a cash balance less than or equal to the FDIC insured limit or (ii) transfer cash balances in excess of the FDIC insured limit to Operating Account No. 2881 at BMO or other debtor-in-possession account at an approved depository for the following Bank Accounts: (1) the Fidelity Account No. 6534; and (2) the Fidelity Account No. 6530.

15. Each Bank is authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that

7

the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' Bank Accounts, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable Bank Account to make the payments.

16. Notwithstanding any other provision of this Supplemental Interim Order, should a Bank honor a prepetition check or other item drawn on any account that is the subject of this Supplemental Interim Order (a) at the direction of the Debtors to honor such prepetition check or item, including the Debtors' failure to stop payment on any such check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Supplemental Interim Order.

17. The Debtors are authorized, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Supplemental Interim Order.

18. Nothing contained in the Motion or this Supplemental Interim Order, nor any payment made pursuant to the authority granted by this Supplemental Interim Order, is intended to be or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim

8

or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

19. The Banks reserve any and all rights in relation to the Bank Accounts, including, but not limited to, the right, if any, to assert their status as a secured creditor with respect to the funds held therein.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Supplemental Interim Order are immediately effective and enforceable upon its entry.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Supplemental Interim Order.

Signed: October 24, 2022

_____
Marvin Isgur
United States Bankruptcy Judge