United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 24, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 123** |

**ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF PORTAGE
POINT PARTNERS, LLC AS FINANCIAL ADVISOR TO THE DEBTORS
AND DEBTORS IN POSSESSION, EFFECTIVE AS OF SEPTEMBER 22, 2022**

Upon the application (the "Application")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing the Debtors to retain and employ Portage Point Partners, LLC ("Portage Point") as their financial advisor effective as of September 22, 2022 (the "Petition Date"), all as more fully set forth in the Application; and upon the Mersch Declaration; and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408 and 1409; and this Court having found that the relief requested in the Application is in the best

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

found that the Debtors' notice of the Application and opportunity for a hearing on the Application

were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Application and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined

that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and employ Portage Point as their financial

advisor as of the Petition Date in accordance with the terms and conditions set forth in the

Engagement Letter attached to the Application as Exhibit B, as modified by this Order.

2.      Portage Point shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with

sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, applicable provisions of the

Bankruptcy Local Rules, and any other applicable orders of the Court.

3.      Portage Point is entitled to reimbursement of actual and necessary expenses,

including legal fees, related to the Application.

4.      Portage Point shall file applications for monthly, interim, and final allowance of

compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy

Code sections 330 and 331, such Bankruptcy Rules and Bankruptcy Local Rules as may then be

applicable, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of*

*November 1, 2013* (the "U.S. Trustee Guidelines"), and any applicable orders and procedures of

this Court. For billing purposes, Portage Point shall keep its time in one tenth (1/10) hour

increments in accordance with the US Trustee Guidelines. Portage Point also intends to make a

reasonable effort to comply with the Office of the United States Trustee for the Southern District

of Texas's (the "U.S. Trustee's") requests for information and additional disclosures both in

connection with the Application and the interim and final fee applications to be filed by Portage

Point in these Chapter 11 Cases

      5.      The indemnification provisions set forth in the Engagement Letter are subject,

during the pendency of the Debtors' Chapter 11 Cases, to the following:

    a.    subject to the provisions of subparagraphs (b) and (c), *infra*, the Debtors are authorized to indemnify, and shall indemnify, Portage Point in accordance with the Engagement Letter for any claim arising from related to or in connection with the services provided for, whether pre-petition or post-petition, in the Engagement Letter;

    b.    the Debtors shall have no obligation to indemnify Portage Point for any claim or expense that is either (i) judicially determined (the determination having become final) to have resulted primarily from Portage Point's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud unless the Court determines that indemnification would be permissible under applicable law or (ii) settled prior to a judicial determination as to Portage Point's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which Portage Point should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Portage Point believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Portage Point must file an application therefore in this Court, and the Debtors may not pay any such amounts to Portage Point before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Portage Point and not a provision limiting the duration of the Debtors' obligation to indemnify Portage Point.

6.      Portage Point is authorized without further order of the Court to apply amounts from Portage Point's prepetition retainer as are necessary and appropriate to compensate and reimburse Portage Point for any outstanding fees or expenses incurred on or prior to the Petition Date, consistent with Portage Point's ordinary course billing practices. Portage Point shall apply any remaining amounts of its prepetition retainer at the time of its final fee application in satisfaction of compensation and reimbursement, after such fees and expenses are approved pursuant to the order of the Court awarding final fees and expenses to Portage Point and promptly pay to the Debtors' estates any retainer remaining after such application.

7.      Portage Point shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases before any increases in the hourly rates set forth in the Application or the Engagement Letter are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.      To the extent the Debtors wish to expand the scope of Portage Point's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall seek further approval from this Court.

9.      In the event of any inconsistency between the terms of the Engagement Letter, the Application, the Mersch Declaration, and this Order, the terms of this Order shall govern.

10.      The Debtors and Portage Point are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and Bankruptcy Local Rules are satisfied by the contents of the Application.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: October 24, 2022

_____
Marvin Isgur
United States Bankruptcy Judge