UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

———————————————————————————— x

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., et al. | Case No. 22-90273 (MI) |
| Debtors. | (Jointly Administered) |
| | Docket Entry No. 209 |

**LIMITED OBJECTION OF ALDER OPPORTUNITY, LP, ALDER SPV I, LLC, AND ALDER BTC, LLC TO DEBTORS' NOTICE OF FILING OF CURE SCHEDULE IN CONNECTION WITH PROPOSED SALE**

Alder Opportunity, LP; Alder SPV I, LLC; and Alder BTC Holdings, LLC (the "**Alder Entities**"), hereby submit this Limited Objection (the "**Limited Objection**") to the cure amount proposed by the Debtors for their Master Agreements (as defined below) in the Debtor's *Notice of Filing of Cure Schedule in Connection with Proposed Sale* dated October 18, 2022 [Docket No. 209] (the "**Filed Cure Notice**") and to the *Notice of Entry of Initial Sale Procedures Order and Proposed Sale* dated October 18, 2022 (the "**Served Cure Notice**"). In support of this Limited Objection, the Alder Entities respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  Each of the Alder Entities are counterparties to certain Master Agreements with one of the jointly administered Debtors, Compute North, LLC (the "**Debtor Counterparty**"). The Debtor Counterparty is in default under the Master Agreements. The Alder Entities object to Debtors' Filed Cure Notice and the Served Cure Notice because (a) it is unclear by reference to the Filed Cure Notice and the Served Cure Notice whether only some or all of the Master Agreements are proposed to be assumed; (b) the Alder Entities dispute the $0.00 proposed cure amount as to the Master Agreement between Alder BTC Holdings, LLC and the Debtor

1

Counterparty set forth in the Served Cure Notice; and (c) the Debtors cannot show their ability to assume and assign the Master Agreements.

## BACKGROUND

2. On September 22, 2022 (the "**Petition Date**"), Compute North Holdings, Inc. and eighteen affiliates, including the Debtor Counterparty (together, the "**Debtors**"), filed chapter 11 petitions with this Court. Since the Petition Date, the Debtors have continued to operate and manage their business as a debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Alder Entities are parties to the following master agreements (the "Master Agreements") with the Debtor Counterparty:

   a. Master Agreement dated 7/26/2022 between Compute North LLC and Alder BTC Holdings, LLC under which Computer North LLC agreed to provide the colocation, managed and other services for Alder BTC, LLC's cryptocurrency mining hardware (the "Alder BTC Master Agreement");

   b. Master Agreement dated 7/26/2022 between Compute North LLC and Alder Opportunity, LP under which Computer North LLC agreed to provide the colocation, managed and other services for Alder Opportunity, LP's cryptocurrency mining hardware (the "Alder Opportunity Master Agreement"); and

   c. Master Agreement dated 7/26/2022 between Compute North LLC and Alder SPV I, LLC under which Computer North LLC agreed to provide the colocation, managed and other services for Alder SPV I, LLC's cryptocurrency mining hardware (the "Alder SPV I Master Agreement").

4. The Alder Entities paid cumulatively $236,834.40 in deposits (the "Deposits") relating to the Master Agreements as follows:

   a. $38,925.60 colocation down deposit (two months) relating to the Alder BTC Master Agreement;

   b. $44,981.40 colocation down deposit (two months) relating to the Alder Opportunity Master Agreement; and

   c. $152,924.40 colocation down deposit (two months) relating to the Alder SPV I Master Agreement.

5. Upon information and belief, the Debtors are still holding the Deposits.

6. On October 13, 2022, the Court entered the Order (A) Approving de Minimis Asset Sale Procedures; (B) Approving Rejection Procedures and Certain Assumption and Assignment Procedures and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Further Hearing on the Approval of the Debtors' Proposed Bidding Procedures and Related Relief (the "**Initial Sale Order**," Docket No. 191).

7. On October 18, 2022, the Debtors filed the Filed Cure Notice. The File Cure Notice does not list any of the Alder Entities.

8. Alder BTC Holdings, LLC received the Served Cure Notice on October 18, 2022, which reflects a cure amount in the amount of $0.00 owing to Alder BTC Holdings, LLC's Master Agreement and states an objection deadline of October 25, 2022.

9. Upon information and belief at least Alder Opportunity, LP may have also been served a cure notice on October 18, 2022, similar to the one served on Alder BTC Holdings, LLC, but as of this date Alder Opportunity, LP has not been able to confirm this.

10. On October 24, 2022, the Court entered the Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contract and Unexpired Leases (the "**Final Sale Procedures Order**," Docket Entry No. 256). The Final Sale

Procedure Order provides a November 1, 2022, deadline to file cure objections. Out of an abundance of caution, however, the Alder Entities file this Limited Objection on the deadline that appears on the face of the Served Cure Notice, which is October 25, 2022.

## **LIMITED OBJECTION**

11.     Under Section 365(b)(1) of the Bankruptcy Code, the Debtors are required to cure all outstanding defaults under the Master Agreements prior to their assumption.

12.     First, it is unclear from the Filed Cure Notice and the Service Cure Notice whether the Debtors proposed to assume all or some of the Master Agreements. If the Debtors do not intend to assume any or all of the Master Agreements, the Deposits should be returned in full.

13.     Second, the Debtors are in default under the Master Agreements as of the Petition Date and continuing to default under the Master Agreements postpetition as a result of, *inter alia*, their absolute failure to deploy the bitcoin miners referenced in the Master Agreements. As of the date of this Limited Objection, no bitcoin miners have been deployed, and no revenue has been generated. This places the Alder Entities in financial peril, because the Master Agreements have been financed. **The Alder Entities estimate that their damages incurred to date with respect to the Debtors' failure to perform equals the lost revenue of the Alder Entities' hosted miners due to failure of Debtor Counterparty to energize such miners in a commercially reasonable manner on the quoted energization date of September 15, 2022, less applicable Service Fees and Package Fees (each as defined under the Master Agreements). The precise amount of such damages has not yet been precisely calculated. This amount, upon precise calculation, should be the Debtors' cure amount**. To the extent that further amounts owed for attorneys' fees, interests, and/or other charges continue to accrue, and/or to the extent that Alder Entities

4

suffer other or further pecuniary losses with respect to the Master Agreements, the Alder Entities reserve the right to amend this Limited Objection to reflect such additional amounts.

14. Third, the Debtors cannot show the Debtor Counterparty's ability to assume and perform under the Master Agreements. The Debtor Counterparty assured the Alder Entities that they would have miners deployed and operating by September 15, 2022—an outside date that was well beyond the scope of the original start date contemplated by the parties. Accordingly, because the Debtor Counterparty failed to perform on its in initial promise and continues to fail to perform under the Master Agreements, the Debtors cannot show the Debtor Counterparty's ability to assume the Master Agreements.

15. For these reasons, the Alder Entities request that Debtors be compelled to perform their obligations under the Master Agreements and further requests that assumption of the Master Agreements be conditioned upon the Debtors' timely performance of all obligations arising under the Master Agreements as applicable, before the Master Agreements are assumed, assigned, or rejected.

16. The Alder Entities specifically reserves the right to amend and/or supplement this Objection including, without limitation, by adding and supplementing objections to Debtors' proposed cure amounts.

17. The Alder Entities respectfully request that the Court enter an order (i) conditioning the assumption and/or assignment of the Master Agreements on the prompt payment of the amount required to cure the amounts owed to the Alder Entities in full, plus any additional pecuniary losses suffered by the Alder Entities, including reasonable attorneys' fees; (ii) requiring compliance with all obligations under the Master Agreements; and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: October 25, 2022 | POLSINELLI PC<br><br>By: */s/ Liz Boydston*<br>Liz Boydston (SBN 24053684)<br>2950 N. Harwood Street, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>lboydston@polsinelli.com<br><br>*Counsel for the Alder Entities* |

## CERTIFICATE OF SERVICE

I certify that on October 25, 2022, a true copy of the foregoing was served on those parties who consent to service by the Court's ecf notification system and by the method and on the following parties as indicated:

*/s/Liz Boydston*_____
Liz Boydston

By email to the following parties:

Paul Hastings LLP
600 Travis Street
58th Floor
Houston, Texas 77002
Attn: James T. Grogan III (jamesgrogan@paulhastings.com)

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc Despins (lucdespins@paulhastings.com)
Sayan Bhattacharyya (sayanbhattacharyya@paulhastings.com)
Daniel Ginsberg (danielginsberg@paulhastings.com)

Paul Hastings, LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Matthew Micheli (mattmicheli@paulhastings.com)
Michael Jones (michaeljones@paulhastings.com)

McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Attn: Charles R. Gibbs (crgibbs@mwe.com)

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Kristin K Going (kgoing@mwe.com)
Darren Azman (dazman@mwe.com)
Stacy A. Lutkus (salutkus@mwe.com)
Natalie Rowles (nrowles@mwe.com)

Office of the United States Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff (Jayson.B.Ruff@usdoj.gov)
Jana Whitworth (Jana.Whitworth@usdoj.gov)