UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )|
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) ) |
| Debtors. | ) (Jointly Administered) ) **Re: Docket No. 248** |

**DECLARATION OF DISINTERESTEDNESS OF MILLER & ASSOCIATES
CONSULTING ENGINEERS P.C.
PURSUANT TO THE ORDER (I) AUTHORIZING THE RETENTION
AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, Reed A. Miller, pursuant to 28 U.S.C. section 1746, under penalty of perjury declare as follows:

1. I am the owner of Miller & Associates Consulting Engineers P.C., located at 1111 Central Avenue, Kearney, NE 68847 (the "Company").

2. The above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide Engineering services to the Debtors, specifically, Compute North Holdings, Inc, Compute North LLC, and CN Minden LLC, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

persons that are parties in interest in the Debtors' chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, its attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is, and is proposed to be, employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer or professional employed by the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

7. The Debtors owe the Company $5,506 for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the orders of the Court.

8. As of the September 22, 2022, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

9. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date:   October 28, 2022

/s/ Reed A. Miller
Reed A. Miller