**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (I) FURTHER EXTENDING TIME TO FILE**
**RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

**RELIEF REQUESTED**

1. Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), (a) further extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

Procedure (the "2015.3 Reports") to and including November 18, 2022 (the "Further Extended Deadline"), for a further twenty-one (21) day extension of time from October 28, 2022 (the "Initial Extended Deadline"), which is the date of the initial extension granted by the United States Bankruptcy Court for the Southern District of Texas (the "Court") pursuant to the *Order (I) Extending Time to File (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Related Relief* [Docket No. 45] (the "Initial Extension Order"), without prejudice to the Debtors' ability to request additional extensions for cause shown; and (b) granting related relief.[2]

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3(d) and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2015-3 and 9013-1(b) of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

---

[2] Pursuant to paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas*, effective August 1, 2021 (the "Complex Case Procedures"), the filing of this Motion acts as an automatic bridge order extending the time to file the 2015.3 Reports until the Court rules on the Motion.

**BACKGROUND**

5.      On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On October 6, 2022, the United States Trustee appointed the official committee of unsecured creditors in these Chapter 11 Cases (the "Committee") [Docket No. 139].

6.      On September 23, 2022, the Court entered the Initial Extension Order granting, among other things, an extension of the deadline to file the 2015.3 Reports to and including October 28, 2022, without prejudice to the Debtors' right to seek additional extensions upon cause shown therefor.

**BASIS FOR RELIEF**

**I.      Cause Exists to Further Extend the Time to File the 2015.3 Reports**

7.      Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the meeting of creditors pursuant to section 341 of the Bankruptcy Code and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the

3

reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

8. Cause exists to further extend the deadline for filing the 2015.3 Reports based on the considerable efforts being undertaken by the Debtors and their management and advisors in the early days of these Chapter 11 Cases. More specifically, since the commencement of these Chapter 11 Cases and continuing throughout the weeks since, the Debtors have been engaged in, among other things, an expedited marketing and sale process that seeks to maximize value for the Debtors' stakeholders during the limited amount of time permitted by the Debtors' available liquidity. In addition, in an effort to preserve available liquidity, the Debtors have recently been forced to substantially reduce their corporate workforce, which has further strained the Debtors' ability to complete the 2015.3 Reports by the Initial Extended Deadline.

9. A further extension of the time to file the 2015.3 Reports will enable the Debtors to work with their financial advisors and the Office of the United States Trustee for Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. In addition, the relief requested herein will not prejudice any part in interest because the Debtors will work cooperatively with the U.S. Trustee, the Committee, and other applicable parties in interest to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries prior to the Further Extended Deadline.[3]

10. Courts have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re In re MatlinPatterson Global Opportunities Partners II L.P., et al.*, Case No. 21-11255 (DSJ) (Bankr.

---

[3] In accordance with the relief granted in the Initial Extension Order, on the date hereof the Debtors plan to file their schedules of assets and liabilities, income and expenditures, and executory contracts and unexpired leases, and statements of financial affairs.

4

S.D.N.Y. June 21, 2022) [Docket No. 462] (further extending the time by which to file rule 2015.3 reports by 90 days for a total of 135 days after the initial section 341 meeting); *In re Oasis Petroleum Inc., et al.*, Case No. 20-34771(MI) (Bankr. S.D. Tex. Sept. 30, 2020) [Docket No. 51] (conditionally waiving the filing of rule 2015.3 reports); *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (Bankr. S.D. N.Y. Aug. 25, 2020) [Docket No. 758] (further extending the time by which to file rule 2015.3 reports by 32 days); *In re 21st Century Oncology Holdings, Inc., et al.*, Case 17-22770 (RDD) (Bankr. S.D. N.Y. Sept. 6, 2017) [Docket No. 392] (further extending the time by which to file rule 2015.3 reports to 105 days after petition date); *Quiksilver, Inc., et al.*, Case No. 15-11880 (BLS) (Bankr. D. Del. Nov. 16, 2015) [Docket No. 468] (further extending the time by which to file rule 2015.3 reports by 14 days).

11. Accordingly, the Debtors request that the Court grant a further extension of the time by which the Debtors must file their initial 2015.3 Reports to and including November 18, 2022, pursuant to Bankruptcy Rule 2015.3(d), without prejudice to the Debtors' right to seek further extensions for cause shown.

## RESERVATION OF RIGHTS

12. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## **NOTICE**

13. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) counsel to the Committee, (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated:  October 28, 2022
Houston, Texas

/s/ James T. Grogan III
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
           sayanbhattacharyya@paulhastings.com
           danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
           michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on October 28, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan III*
James T. Grogan III
