**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90237 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMERS REGARDING THE**
**DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**
<u>**AND STATEMENTS OF FINANCIAL AFFAIRS**</u>

Compute North Holdings, Inc ("**CN**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and, collectively, the "**Statements**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Harold Coulby has signed each set of the Schedules and Statements. Mr. Coulby serves as the Chief Financial Officer of the Debtors and has previously been with the Debtors since May 2022 and has been authorized to execute the Schedules and Statements on behalf of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Coulby necessarily has relied upon the efforts, statements, and representations of the Debtors' legal and financial advisors and various personnel employed by the Debtors. Given the scale of the Debtors' business covered in the Schedules and Statements, Mr. Coulby has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors, their agents, attorneys, and financial advisors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which a claim (as defined in section 101(5) of the Bankruptcy Code) is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors. Further, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1.      **Description of the Cases**. On September 22, 2022 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 22, 2022, the Bankruptcy Court entered an order, along with other orders, authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 43]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2.      **Basis of Presentation**. On September 23, 2022, the Court entered the Order (I) Extending Time to File (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Related Relief [Docket No. 45]. For financial reporting purposes, the Debtors prepare consolidated financial statements and have done so since inception. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"). The Debtors used reasonable efforts to attribute the assets and liabilities to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Moreover, the Debtor has never considered their accounting and operating practices to assume separate legal entities; therefore, it is possible intercompany balances between legal entities may vary materially. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3.      **Reporting Date**. Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on September 22, 2022. The liability values are as of the Petition Date and may have been adjusted for authorized payments made under the First-Day Orders (as defined below).

4.      **Current Values**. The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5.      **Consolidated Entity Accounts Payable and Disbursement Systems**. As described in the *Debtors' Emergency Motion For Entry of an Order (I) Authorizing the Debtors to (A)*

3

*Continue to Operate Their Existing Cash Management System; (B) Maintain Their Existing Bank Accounts and Business Forms; (C) Pay Related Prepetition Obligations; and (D) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 19] (the "**Cash Management Motion**"), the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**"). The Debtors maintain a consolidated disbursements system to pay the majority of operating and administrative expenses through centralized disbursement accounts. Several Debtors maintain bank accounts for specific sites operated for collection.

6.    **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. The Debtors acknowledge that certain assets, liabilities, and payments may be eligible for reporting in multiple statements and schedules but have only been disclosed once in accordance with reporting requirements. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

7.    **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. As such, wherever possible and / or as noted, net book values as of the Petition Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements. The Debtors took reasonable actions to note any particular assets with no net book value with any potential market value.

8.    **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

9.    **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items from the Schedules and Statements: certain accrued liabilities, including, without limitation, accrued salaries and wages, employee benefit accruals, accrued tax obligations, and certain other accruals, certain prepaid and

other current assets considered to have de minimis or no market value. Other immaterial assets and liabilities also may have been excluded.

10.    **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

11.    **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

12.    **Payment of Prepetition Claims Pursuant to First-Day Orders**. Pursuant to a number of motions filed on the first day of the Debtors' chapter 11 cases (the "**First-Day Motions**"), the Debtors sought authority to pay certain outstanding prepetition payables pursuant to a Bankruptcy Court order. The Bankruptcy Court entered various orders authorizing the Debtors to pay certain of the outstanding prepetition payables they sought to pay under the First-Day Motions (collectively, the "**First-Day Orders**"). As such, outstanding liabilities may have been reduced or will be reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities, to the extent that any such action is necessary.  For the avoidance of doubt, the Debtors are not required and may not amend the Schedules and Statements to reflect the postpetition payment of prepetition obligations under the First-Day Orders to avoid having to avoid duplicate payment.  Nothing contained herein should be deemed to alter the rights of any party-in-interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

13.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

14.    **Property, Plant, and Equipment**. Expenditures for additions, renewals and improvement capital projects are capitalized at cost and are not depreciated until the capital projects are placed into service. Depreciation is generally computed on a straight-line method based on the estimated useful lives of the related assets. The Debtor valuates property, plant, and equipment using historical cost less depreciation, or ASC 842 valuation for certain office equipment and software. The estimated useful lives of the major classes of depreciable assets are 3 to 5 years for mining equipment and other equipment, and furniture and fixtures, software and containers; 10 years for infrastructure costs relating to colocation center buildout (or the term of the asset life, if less); 20 years

for medium power transformers ("MPT"), padmount transformers and switch gears not attached to a container; and 30 years for all construction and development of on-site buildings. Leasehold improvements are depreciated over the shorter of the remaining useful life or the remaining term of the lease. Expenditures for repairs and maintenance are charged to operations as incurred. Land owned by the Debtors and used for colocation at sites are not depreciated. The Debtors evaluate annually whether current events or circumstances indicate that the carrying value of its depreciable assets may not be recoverable and are subsequently written off. The Debtor's action in the aforementioned activities is reasonably de minimis to normal-course operations and is reviewed on a case-by-case basis. The assets are presented without considering any liens that the Debtors' may hold as of the Petition Date.

15. **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

   a.   Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b.   Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

   c.   The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

d.     The claims of individual creditors for, among other things, goods, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

e.     The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.     The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.  Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any claim against the Debtors or any assertion made or a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

g.     The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

h.     Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

7

i.      Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

j.      In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

k.      The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose

16.    **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

17.    **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including, but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates.

18.     **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

<u>**Specific Notes with Respect to the Debtors' Schedules**</u>

1. **Schedule A/B**

   a. **A/B.1-4.** Other cash equivalents. $1,911.88 associated with CN Mining represents US dollars held in a digital wallet.

   b. **A/B.3-11.** Accounts receivable. ($10,098.77) associated with Compute North LLC is an uncollectable amount over 90 days old that is representative of an estimate of the total consolidated receivables deemed uncollectable. These balances are not tied to any specific legal entity, customer, or invoice. Amount listed for Compute North LLC Minden Land Purchase Option relates to extension payments on the right to purchase land for the Minden Project of which five individual payments of $10,000 were made from May 5th, 2022, to August 22nd, 2022.

   c. **A/B.2-7.** Deposits, including security deposits and utility deposits. Compute North LLC's listed amount relates to the amount on deposit with a former credit card processor. This vendor is no longer being used, and the deposit is expected to be returned.

   d. **A/B.4-15.** Non-publicly traded stock and interests in incorporated and unincorporated businesses. Values associated with CN Pledgor LLC and Compute North Member LLC are offset by debt disclosed in other responses set forth in the Schedules and Statements.

   e. **A/B.9.55-58.** Real property. No land purchased for filed entities. Lease assets and lease asset amortization are listed here.

   f. **A/B.10.60-65.** Intangibles and intellectual property. None listed on balance sheet.

   g. **A/B.11-72.** Tax refunds and unused net operating losses (NOLs). For all entities other than Compute North Holdings, Inc., income tax returns are filed for the consolidated entity in SOFA 31. There are no tax refunds associated with any tax year. The final 2021 tax return was filed post-petition in October 2022.

   h. **A/B. 11.74.** Causes of action against third parties. With respect to Compute North LLC, liquidated damages claim against Atlas Mining for breach of contract in the amount of $147,789,602.92. With respect to CN Corpus Christi LLC, damages for breach of contract and chapter 5 causes of action against Bootstrap Energy.

   i. **A/B. 11-75.** Other contingent and unliquidated claims or causes of action. With respect to both Compute North Holdings, Inc. and Compute North LLC, the counterclaim amount against former employee Ro Shirole related to breach of non-competition agreement is currently unknown.

**j.  A/B.11-77.** Other property of any kind not already listed. Prepaid interest associated with Compute North LLC relates to an expedite fee on the Marathon loan, which included a $6,000,000 waiver of interest over the first 12 months of the loan. For GAAP reporting, the interest was considered prepaid and is to be expensed over the term of the loan. This is non-cash. Deferred commission associated with Compute North LLC relates to commissions paid in prior periods that, for GAAP purposes, is expensed over the contract term. All payments with this balance were made prior to 2022 with final amortization of this amount to be in October 2022. Services related to CN Developments LLC, Compute North LLC, and Compute North Texas LLC comprise of capitalizable costs that are not hard assets such as design of site, shipping of equipment, storage, security, contracted project management services and internal labor costs for the project. Buildout related to CN Developments LLC and Compute North LLC comprise of capitalizable costs that are not hard assets such as engineering, land development, electrical infrastructure, fencing, concrete, certain equipment used for containers (i.e., switch gear), and certain costs to construct and develop on-site buildings. DBIA related to CN Developments LLC and Compute North LLC comprise of Developer-Builder Agreements.

## 2.  SOAL D

**a.  D.1.** The Debtors have $18,135,400 of outstanding invoices for the purchase of 255 containers from RK Mission Critical. The Debtors have received 93 of the 255 total containers to be delivered as of the petition date.

## 3.  SOAL E/F

**a.  E/F.1-2.** Compute North LLC and Compute North Holdings, Inc. have a total $300 million parental guarantee with Generate Lending, LLC. As of September 22, 2022, $101,383,118.71 of the loan was drawn. The Debtors have listed the total draw for both entities in SOAL Schedule E / F Part 1 and 2 for full disclosure purposes. The amount is not split between the two Debtors and is not shown on an aggregate basis. Pursuant to the limited liability company agreement for TZ Capital Holdings, the Debtors have drawn $99,809,696.27. Compute North Holdings, Inc.'s parent guarantee is currently $103,809,696.27, which includes an additional $4 million drawn for a surety bond for Compute North NE05 LLC.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

| **Part 1:** | **Summary of Assets** |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | NOT APPLICABLE |
    |---|

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | $14,878,610.00 |
    |---|

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | $14,878,610.00 |
    |---|

---

| **Part 2:** | **Summary of Liabilities** |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

    | NOT APPLICABLE |
    |---|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | UNKNOWN |
    |---|

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . . .

    | + $201,192,814.98 |
    |---|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b

    | $201,192,814.98 |
    |---|

| | |
|---|---|
| **Fill in this information to identify the case:** | |
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.  DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2.  CASH ON HAND** | |
| **3.  CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4.  OTHER CASH EQUIVALENTS** | |
| **5  Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.  DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.  DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |
| **8.  PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

Debtor    Compute North Holdings, Inc.                                      Case number (if known)    22-90273
            (Name)

| 9 | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|---|

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10.**  **DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
☒ No. Go to Part 4.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **11.**  **ACCOUNTS RECEIVABLE** | |

| 12 | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13.**  **DOES THE DEBTOR OWN ANY INVESTMENTS?**
☐ No. Go to Part 5.
☒ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.**  **MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** NAME OF FUND OR STOCK: | | | |
| **15.**  **NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | | |
| Name of entity | % of ownership | | |
| 15.1.    COMPUTE NORTH LLC | 100% | N/A | UNDETERMINED |
| **16.**  **GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** DESCRIBE: | | | |

| 17 | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | UNDETERMINED |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18.**  **DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.**  **RAW MATERIALS** | | | | |
| **20.**  **WORK IN PROGRESS** | | | | |
| **21.**  **FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.**  **OTHER INVENTORY OR SUPPLIES** | | | | |

Debtor   Compute North Holdings, Inc.                                    Case number (if known)   22-90273

(Name)

| 23 | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |

| 24. | **Is any of the property listed in Part 5 perishable?** |
| | ☑ No |
| | ☐ Yes |

| 25. | **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?** |
| | ☑ No |
| | ☐ Yes   Book value _____   Valuation method _____   Current value _____ |

| 26. | **Has any of the property listed in Part 5 been appraised by a professional within the last year?** |
| | ☑ No |
| | ☐ Yes |

**Part 6:   FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

| 27. | **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?** |
| | ☑ No. Go to Part 7. |
| | ☐ Yes. Fill in the information below. |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **28.   CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.   FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.   FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31.   FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.   OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| 33 | **Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |

| 34. | **Is the debtor a member of an agricultural cooperative?** |
| | ☑ No |
| | ☐ Yes.  Is any of the debtor's property stored at the cooperative ? |
| |     ☐ No |
| |     ☐ Yes |

| 35. | **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?** |
| | ☑ No |
| | ☐ Yes |

| 36. | **Is a depreciation schedule available for any of the property listed in Part 6?** |
| | ☑ No |
| | ☐ Yes |

| 37. | **Has any of the property listed in Part 6 been appraised by a professional within the last year?** |
| | ☑ No |
| | ☐ Yes |

**Part 7:   OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES**

| 38. | **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?** |
| | ☑ No. Go to Part 8. |
| | ☐ Yes. Fill in the information below. |

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| **39.   OFFICE FURNITURE** | | | |

Debtor   Compute North Holdings, Inc.                          Case number (if known)   22-90273
_____
(Name)

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 40. | OFFICE FIXTURES | | | |
| 41. | OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE | | | |
| 42. | COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| 43 | **Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | NOT APPLICABLE |

**44.** Is a depreciation schedule available for any of the property listed in Part 7?
- ☒ No
- ☐ Yes

**45.** Has any of the property listed in Part 7 been appraised by a professional within the last year?
- ☒ No
- ☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |
|---|---|

**46.** DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?
- ☒ No. Go to Part 9.
- ☐ Yes. Fill in the information below.

| | General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 47. | AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES | | | |
| 48. | WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES  EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| 49. | AIRCRAFT AND ACCESSORIES | | | |
| 50. | OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT) | | | |
| 51 | **Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |

**52.** Is a depreciation schedule available for any of the property listed in Part 8?
- ☒ No
- ☐ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?
- ☒ No
- ☐ Yes

Debtor    Compute North Holdings, Inc.        Case number (if known)   22-90273
      (Name)

| **Part 9:** | **REAL PROPERTY** |
|---|---|

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

**56. Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

NOT APPLICABLE

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

| **Part 10:** | **INTANGIBLES AND INTELLECTUAL PROPERTY** |
|---|---|

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| **61. INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| **62. LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| **63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |

**66. Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

NOT APPLICABLE

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☒ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☒ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒ No

☐ Yes

| Debtor | Compute North Holdings, Inc. | | Case number (if known) | 22-90273 |
|---|---|---|---|---|
| | (Name) | | | |

| **Part 11:** | **ALL OTHER ASSETS** |
|---|---|

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **71.** | **NOTES RECEIVABLE** | |
| | DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| | NONE | |

| **72.** | **TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)** | | | |
|---|---|---|---|---|
| | DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | | | |
| | 72.1.  UNUSED NET OPERATING LOSS: FEDERAL | Tax year | 2020 | $277,150.00 |
| | 72.2.  UNUSED NET OPERATING LOSS: FEDERAL | Tax year | 2021 | $8,065,143.00 |
| | 72.3.  UNUSED NET OPERATING LOSS: NEBRASKA | Tax year | 2020 | $200,026.00 |
| | 72.4.  UNUSED NET OPERATING LOSS: NEBRASKA | Tax year | 2021 | $6,336,291.00 |

| **73.** | **INTERESTS IN INSURANCE POLICIES OR ANNUITIES** |
|---|---|
| | NONE |

| **74.** | **CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** |
|---|---|
| | NONE |

| **75.** | **OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
|---|---|---|
| | 75.1.  COUNTERCLAIMS AGAINST FORMER EMPLOYEE RO SHIROLE RELATED TO BREACH OF NON-COMPETITION AGREEMENT | UNDETERMINED |
| | Nature of claim          COUNTERCLAIM | |
| | Amount requested       N/A | |

| **76.** | **TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** |
|---|---|
| | NONE |

| **77.** | **OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP |
|---|---|
| | NONE |

| **78** | **Total of Part 11.** ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $14,878,610.00 |
|---|---|---|

| **79.** | Has any of the property listed in Part 11 been appraised by a professional within the last year? ☑ No  ☐ Yes |
|---|---|

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.  Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |

Debtor    Compute North Holdings, Inc.                        Case number (if known)    22-90273
          (Name)

| | | | |
|---|---|---|---|
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | UNDETERMINED | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . → | N/A | |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $14,878,610.00 | |
| 91. | **Total.** Add lines 80 through 90 for each column . . . . . . . . . 91a. | $14,878,610.00 +91b. | N/A |
| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $14,878,610.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1.
   1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☐ No. Go to Part 2.
☒ Yes. Go to line 2.

**2.** List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | **Priority creditor's name and mailing address**<br><br>MINNESOTA DEPARTMENT OF REVENUE<br>MAIL STATION 1250<br>ST. PAUL, MN  55145<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TAX PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.2 | **Priority creditor's name and mailing address**<br><br>ROHIT SHIROLE<br>C/O CHESTNUT & CAMBRONNE PA<br>EMERIC J DWYER<br>100 WASHINGTON AVE SOUTH, STE 1700<br>MINNEAPOLIS, MN  55401-2048<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>LITIGATION<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.3 | **Priority creditor's name and mailing address**<br><br>SOUTH DAKOTA STATE TREASURER<br>500 E CAPITAL AVE.<br>SUITE 212<br>PIERRE, SD  75501<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TAX PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor    Compute North Holdings, Inc.

(Name)

Case number (if known)    22-90273

| Part 1: | Additional Page |
|---|---|

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.4 | **Priority creditor's name and mailing address**<br><br>TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149348<br>AUSTIN, TX 78714<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | UNKNOWN | UNKNOWN |
| | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TAX PAYABLE<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| 2.5 | **Priority creditor's name and mailing address**<br><br>US INTERNAL REVENUE SERVICE<br>1111 CONSTITUTION AVE. NW<br>WASHINGTON, DC 20224<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | UNKNOWN | UNKNOWN |
| | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TAX PAYABLE<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).

☐ No.
☑ Yes.

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br><br>GENERATE LENDING, LLC<br>461 5TH AVE<br>8TH FLOOR<br>NEW YORK, NY 10017<br><br>**Date or dates debt was incurred**<br><br>2/7/2022<br><br>**Last 4 digits of account number:** | $101,383,118.71 |
| | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>GUARANTEE<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | |

| 3.2 | **Nonpriority creditor's name and mailing address**<br><br>TZ CAPITAL HOLDINGS, LLC<br>700 UNIVERSE BOULEVARD<br>JUNO BEACH, FL 33408<br><br>**Date or dates debt was incurred**<br><br>4/8/2022<br><br>**Last 4 digits of account number:** | $99,809,696.27 |
| | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>GUARANTEE<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | |

Debtor    Compute North Holdings, Inc.                                    Case number (if known)    22-90273 G
          (Name)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | UNDETERMINED |
| 5b. | Total claims from Part 2 | 5b. + | $201,192,814.98 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $201,192,814.98 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | **List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | SPENCER BARRON - EXERCISE - ES-18 | BARRON, SPENCER <br> 2295 CLOVER FIELD DR <br> CHESKA, MN  55318 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | BMO TREASURY SERVICES AGREEMENT 02 0122 | BMO HARRIS BANK NA <br> 111 W MONROE <br> CHICAGO, IL  60603 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | BMO AFFILIATE CERTIFICATE OF ACCOUNT 01 31 22 | BMO HARRIS BANK NA <br> ATTN DOCUMENTATION ANALYSIS AND CONTROL <br> 111 WEST MONROE ST, 9C <br> CHICAGO, IL  60603 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** <br><br> **State the term remaining** <br><br> **List the contract number of any government contract** | BMO AMENDMENT TO AFFILIATE CERTIFICATE 09 07 18 | BMO HARRIS BANK NA <br> ATTN DOCUMENTATION ANALYSIS AND CONTROL <br> 111 WEST MONROE ST, 9C <br> CHICAGO, IL  60603 |

Debtor  Compute North Holdings, Inc.                          Case number (if known) 22-90273

(Name)

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.5** | **State what the contract or lease is for and the nature of the debtor's interest** | BMO GLOBAL TREASURY MGMT ADDENDUM 01 18 22 | BMO HARRIS BANK NA ATTN DOCUMENTATION ANALYSIS AND CONTROL 111 WEST MONROE ST, 9C CHICAGO, IL  60603 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| **2.6** | **State what the contract or lease is for and the nature of the debtor's interest** | CONSTELLATION MNDA 08 02 21 | CONSTELLATION NEWENERGY INC C/O EXCELON GENERATION COMPANY LLC ATTN ASSOC GEN COUNSEL, LEGAL WHOLESALE 1310 POINT ST, 8TH FL BALTIMORE, MD  21231 |
| | **State the term remaining** | 8/2/2023 | |
| | **List the contract number of any government contract** | | |
| **2.7** | **State what the contract or lease is for and the nature of the debtor's interest** | CONTRACT REDACTED – CUSTOMER NO. 484 | CUSTOMER NO. 484 – NAME AND ADDRESS REDACTED |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| **2.8** | **State what the contract or lease is for and the nature of the debtor's interest** | CYXTERA MNDA 05 27 22 | CYXTERA TECHNOLOGIES INC BAC COLONNADE OFFICE TOWERS 2333 PONCE DE LEON BLVD, SUITE 900 CORAL GABLES, FL  33134 |
| | **State the term remaining** | 5/27/2023 | |
| | **List the contract number of any government contract** | | |
| **2.9** | **State what the contract or lease is for and the nature of the debtor's interest** | EY SOW - VALUATION SERVICES AMENDMENT #1 | E&Y 700 NICOLLET MALL MINNEAPOLIS, MN  55402 |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |
| **2.10** | **State what the contract or lease is for and the nature of the debtor's interest** | BRIAN FALIK INDEMNIFICATION AGMT 02 02 22 | FALIK, BRIAN 50 RUE DU RHONE 6TH FLOOR 1204 GENEVA SWITZERLAND |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | |

Debtor   Compute North Holdings, Inc.                                    Case number (if known)   22-90273
         (Name)

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.11 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | GENERATE CAPITAL EQUITY TERM SHEET 10 04 21 |
| 2.12 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | JEFFRIES BENEFICIAL OWNERSHIP CERT 08 03 21 |
| 2.13 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | DUSTIN MCATEE STOCK OPTION EXERCISE 05 -9 22 |
| 2.14 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | MERCURIA ENERGY MASTER AGMT 01 28 22 |
| 2.15 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | JEFFRIES BENEFICIAL OWNERSHIP CERT 08 03 21 |
| 2.16 **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | PRICEWATERHOUSE NDA 02 22 21 |

Parties (right column addresses):

2.11 GENERATE CAPITAL INC
555 DE HARO ST, STE 300
SAN FRANCISCO, CA  94107

2.12 LEE, PETER JOHN
16711 REEDER RIDGE
EDEN PRAIRIE, MN  55344

2.13 MCATEE, DUSTIN SCOT
ADDRESS REDACTED

2.14 MERCURIA ENERGY AMERICA LLC
ATTN PRESIDENT
20 E. GREENWAY PLZ, STE 650
HOUSTON, TX  77046

2.15 PERRILL, DAVE ANTHONY
ADDRESS REDACTED

2.16 PRICEWATERHOUSE COOPERS LLP
300 MADISON AVE
NEW YORK, NY  10017

Debtor    Compute North Holdings, Inc.                                    Case number (if known)  22-90273
          (Name)

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | ROONEY NIMMO ENGAGEMENT AGMT 07 19 21 | ROONEY NIMMO PC<br>ATTN FOUNDING PARTNER<br>800 3RD AVE<br>NEW YORK, NY  10022 |
| 2.18 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | RSM US SOW 04 28 21 | RSM US LLP<br>ATTN SR MANAGER<br>801 NICOLLETT MALL, STE 1200<br>MINNEAPOLIS, MN  55402 |
| 2.19 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | RSM US SOW 06 22 21 | RSM US LLP<br>ATTN SR MANAGER<br>801 NICOLLETT MALL, STE 1200<br>MINNEAPOLIS, MN  55402 |
| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | RSM US SOW 06 22 21(2) | RSM US LLP<br>ATTN SR MANAGER<br>801 NICOLLETT MALL, STE 1200<br>MINNEAPOLIS, MN  55402 |
| 2.21 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | SHELL ENERGIES TERM SHEET 05 03 21 | SHELL NEW ENERGIES US LLC<br>650 CALIFORNIA STREET<br>SUITE 2250<br>SAN FRANCISCO, CA  94108 |
| 2.22 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | TZCH FIRST AMEND TO PROMISSORY 07 26 22 | TZ CAPITAL HOLDINGS LLC<br>ATTN GREGORY IRWIN<br>700 UNIVERSE BLVD<br>JUNO BEACH, FL  33408 |

Debtor   Compute North Holdings, Inc.                              Case number (if known)   22-90273

(Name)

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.23** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | TZCH PARENT GUARANTY 04 08 22 | TZ CAPITAL HOLDINGS LLC<br>ATTN GREGORY IRWIN<br>700 UNIVERSE BLVD<br>JUNO BEACH, FL  33408 |
| **2.24** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | TZRC KING CREDIT APPLICATION 08 08 22 | TZRC KING MOUNTAIN LLC<br>8899 HWY 385<br>NORTH CRANE, TX  79762 |
| **2.25** **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**  12/31/2022<br><br>**List the contract number of any government contract** | WORKIVA SUBSCRIPTION ORDER 01 04 22 | WORKIVA INC<br>ATTN SVP & CFO<br>2900 UNIVERSITY BLVD<br>AMES, IA  50010 |

**Fill in this information to identify the case:**

Debtor    Compute North Holdings, Inc.

United States Bankruptcy Court for the:    Southern District of Texas

Case number    22-90273
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1.   **Does the debtor have any codebtors?**

     ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

     ☐ Yes.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Compute North Holdings, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90273 |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 10/28/2022 | ✖ /s/ Harold Coulby |
| | MM / DD / YYYY | Signature of individual signing on behalf of debtor |
| | | Harold Coulby |
| | | Printed name |
| | | Chief Financial Officer and Treasurer |
| | | Position or relationship to debtor |