Jeffrey D. Klobucar (jklobucar@bassford.com)
Lead Counsel
MN State Bar No. 0389336
(*admitted pro hac vice* [ECF #190])
**BASSFORD REMELE, P.A.**
100 South Fifth Street, Suite 1500
Minneapolis, MN  55402
(612) 333-3000 – Telephone
(612) 746-1239 - Facsimile

J. Michael Sutherland (msutherland@ccsb.com)
State Bar No. 19524200
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

**BANKRUPTCY COUNSEL FOR ROHIT SHIROLE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **COMPUTE NORTH HOLDINGS, INC.,** | § | |
| *et al.*,[1] | § | **Case No. 22-90273 (MI)** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |

---

### ROHIT SHIROLE'S MOTION FOR RELIEF UNDER 11 U.S.C. § 362(d) FROM AUTOMATIC STAY TO CONTINUE LITIGATION AGAINST CERTAIN DEBTORS AND WAIVER OF 30-DAY HEARING REQUIREMENT

---

### <u>Notice pursuant to L.B.R. 4001-1(a)(3)</u>

**This is a motion for relief from the automatic stay.  If it is granted, the Movant may act outside of the bankruptcy process.  If you do not want the stay lifted, immediately contact the moving party to settle.  If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing.  If you cannot settle, you must attend the hearing.  Evidence may be offered at the hearing and the court may rule.  Represented parties should act through their attorney.  There will be a hybrid (remote or in-person) hearing**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

**on this motion on Wednesday, November 16 at 9:00 a.m. in Courtroom 404, 515 Rusk, Houston, TX 77002.**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Shirole ROHIT SHIROLE ("Shirole" or "Movant"), and files this Motion for Relief from Automatic Stay to Continue Litigation against Certain Debtors and Waiver of 30-Day Hearing Requirement (the "Motion"), and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

Shirole was formerly employed by Debtors Compute North LLC ("Compute North") and Compute North Holdings, Inc. ("Holdings," and collectively with Compute North, "Defendants" or "Debtors") as a Vice President of Strategy and Business Development. In December 2021, Shirole commenced a lawsuit against Defendants in the Fourth Judicial District for the State of Minnesota, Hennepin County, styled *Rohit Shirole v. Compute North Holdings, Inc. and Compute North LLC*, Case No. 22-CV-22-2274 (the "Minnesota Action"). In the Minnesota Action, Shirole has asserted claims against the Defendants under Minnesota law for, *inter alia*, discrimination, retaliation, wage loss, wrongful termination, breach of contract, and unjust enrichment. *See* Exhibit A. In March 2022, the Defendants answered the Amended Complaint and filed counterclaims against Shirole for breach of the duty of loyalty, tortious interference with contract, and unfair competition. *See* Exhibit B. Shirole filed a reply to the Defendants' counterclaims. *See* Exhibit C. The parties proceeded with the Minnesota Action for months, including through mediation in August 2022. That mediation was unsuccessful and the parties did not reach resolution. Shortly thereafter, the Defendants and their affiliates filed these jointly administered chapter 11 cases. Now, in order that Shirole's claims against the Defendants may be liquidated so

that he may properly take part in any distribution scheme to be proposed by the Debtors in this case, and so that he might identify whether the Defendants may have applicable insurance coverage that may satisfy any damages resulting from his claims, Shirole requests that the Court grant him relief from the automatic stay as set forth herein.

## II.  PARTIES

Shirole is an individual who resides in the County of Hennepin, Minnesota.  Compute North is a Delaware limited liability company with a registered office address of 7575 Corporate Way, Eden Prairie, MN 55344.  Holdings is a Delaware corporation not registered to do business in the State of Minnesota, with a Delaware Secretary of State registered address of 1209 Orange Street, Wilmington, Delaware, 19801.  Both Holdings and Compute North are Debtors in this jointly administered chapter 11 bankruptcy case.  *See* FN 1, herein.

## III.  JURISDICTION

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and §1334.  This matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (G).  Venue of this case in this district is proper pursuant to 28 U.S.C. §1408 and §1409.  The statutory predicates for the relief sought herein include, without limitation, sections 362(b)(3) and 362(d) of the Bankruptcy Code, Rules 4001(a) and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule ("LBR") 4001-1 for the United States Bankruptcy Court for the Southern District of Texas.  This Motion is brought pursuant to Bankruptcy Rules 4001 and 9014 and LBR 4001-1.

## IV.  RELEVANT FACTS[2]

Defendants are in the business of providing colocation services to digital currency mining companies.  Shirole was originally employed by Defendants as a Vice President of Sales and Corporate Development—and most recently employed as a Vice President of Strategy and Business Development.  He was originally asked by Defendants to sign a non-compete agreement (on a number of occasions), which he declined.  Defendants employed him despite his refusal to sign a non-compete agreement.[3]  On March 27, 2021, Shirole and Defendants entered into that certain 2021 Sales Commission Plan (the "Commission Plan"), pursuant to which, Shirole was to be paid commissions on colocation services, logistics sales, customer funded capital expenditures, and colocated equipment sales.  During the course of his employment with Defendants, Shirole made substantial ongoing sales, which sales increased in volume and quality.  Despite his positive performance, Defendants regularly failed to make timely and full payments of commissions to Shirole and failed to provide him commission statements for four consecutive months.  Further, the commission statements he received from Defendants reflected inaccurate information, and his commensurate payments were sometimes off by tens of thousands of dollars.

Within the scope of his employment, Shirole regularly raised issues with the decisions of the Defendants' management to "deprioritize" the company's customers in favor of the interests of the Defendants' own digital currency mining interests.  He further raised issues with Management of the Defendants regarding perceived inaccuracies in its financial reporting, and

---

[2] Shirole incorporates herein by reference the factual allegations contained in the Amended Complaint filed in the Minnesota action (attached hereto as Exhibit A), but provides a factual summary of  his claims here for the Court's convenience.

[3] At one point, Shirole did provide an executed version of a non-compete reflecting terms to which he would agree, but that version was rejected, in writing, by Defendants.

reported various inappropriate and improper comments regarding racial demographics with respect to determining future site locations to Defendants' HR department.  Subsequent to reporting such conduct, Defendants began to push Shirole out of the company, and attempted to require Shirole to sign a separation agreement which would grant Defendants broad releases—while holding hostage no less than $6.8 million in commissions, wages, and unreimbursed business expenses, as well as significant stock options and grants, owed to Shirole in order to leverage his execution of a separation agreement.  Shirole refused, and his employment was subsequently suspended by Defendants.  Within days following the service of the initial Complaint on Defendants, his employment with Defendants was terminated.

Accordingly, and as noted *supra*, in December 2021, Shirole commenced the Minnesota Action, asserting claims against the Defendants under Minnesota law for, *inter alia*, discrimination, retaliation, wage loss, wrongful termination, breach of contract, and unjust enrichment—including timely demanding a jury trial on all issues so triable under Minnesota law.[4] *See* Exhibit A.  Defendants answered the Amended Complaint and filed counterclaims against Shirole for breach of the duty of loyalty, tortious interference with contract, and unfair competition. *See* Exhibit B.  The Minnesota Action is currently stayed and has been placed on inactive status by the Court in the Minnesota Action (The Honorable Christian Sande).

## IV.  RELIEF REQUESTED

Shirole seeks relief from the automatic stay under section 362 of the Bankruptcy Code in order to proceed with the Minnesota Action.  Shirole respectfully requests that the Court enter an order lifting or modifying the automatic stay to allow the Minnesota Action to be re-opened and

---

[4] Shirole does not consent to a jury trial by the Bankruptcy Court or to the entry of findings of fact or final orders by the Bankruptcy Court.

actively pursued to its conclusion, through judgment, settlement, and/or any appeals.  To that end, Shirole intends to obtain a determination of damages in the Minnesota Action in order to establish the liability of the Defendants for purposes of recovering any amounts owed to Shirole under any applicable insurance policy held by Defendants (each a "Policy") and to establish the amount of his full claim against the Defendants and their respective bankruptcy estates.  Further, Shirole seeks relief from the automatic stay in order to pursue recovery of such damages from the proceeds of any applicable Policy, up to the policy limits of such Policy.  Shirole acknowledges that any enforcement of any judgment based on his claims for damages against the Defendants exceeding the liability cap under any such applicable Policy shall remain subject to the automatic stay as a claim against the Defendants' estates (unless a Court of competent jurisdiction determines otherwise).  Shirole may assert the substance of any findings of fact or conclusions of law in the Minnesota Action that carry any *res judicata*, collateral estoppel, or other preclusive effect to the extent necessary to lay claim to the proceeds of any applicable Policy or to otherwise establish or maintain his claim against the Defendants and/or their bankruptcy estates.

## V. ARGUMENT AND AUTHORITIES

### A.     Governing Standards for Relief from Automatic Stay.

Section 362(a) of the Bankruptcy Code provides for a nearly comprehensive stay of proceedings against the debtor.  Section 362(d), however, requires the bankruptcy judge to grant relief from the stay — for cause:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay are –
>
> > (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest...

11 U.S.C. § 362(d)(1) (2012).  The term "cause" referenced in §362(d)(1) is not defined in the Bankruptcy Code.  As a result, courts are free to determine what constitutes "cause" on a case-by-case basis.  *In re Reitnauer*, 152 F.3d 341, 343, n. 4 (5th Cir. 1998).  Cause for modification of the automatic stay is an intentionally broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact sensitive situations. *See In re Texas State Optical, Inc.*, 188 B.R. 552 (E.D. Tex. 1995).  The legislative history of § 362(d)(1) provides that a need for litigation to proceed in another tribunal may provide cause for relief from the automatic stay. *Mooney v Gill,* 310 B.R. 543 (Bankr. N.D. Tex. 2002).

Section 362 of the Bankruptcy Code allocates the burden of proof in relief from stay matters to: (1) the party requesting relief on the issue of the debtor's equity in the property; and (2) the party opposing such relief... on all other issues. 11 U.S.C. § 362(g).  The issues referred to in Section 362(g) are found in subsection (d).  Subsection (d)(1) sets forth only one element for relief, namely, cause. 11 U.S.C. § 362(d)(1).  Subsections 362(d) and (g) of the Bankruptcy Code, considered together, govern this contested matter.  The only issue in this matter is whether there is cause for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Courts have routinely held that a party seeking relief from the automatic stay must, in the first instance, establish a legally sufficient basis, i.e., 'cause,' for such relief.  *Mooney*, 310 B.R. at 547, citing *Curtis*, 40 B.R. at 802.  "The burden then lies with the debtor to demonstrate that it is entitled to the stay." *Mooney*, 310 B.R. at 547, citing *Curtis*, 40 B.R. at 803.  The facts and circumstances of this case clearly demonstrate sufficient 'cause' requiring immediate relief from the automatic stay in this matter.  Accordingly, the burden to establish entitlement to the stay falls to the Debtors—a burden it cannot meet.  Therefore, Shirole is entitled to immediate relief from the automatic stay.

**B.   Good Cause Exists for Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(1).**

A party in interest who desires to pursue its pending but stayed action may file a motion in bankruptcy court for relief from the automatic stay to proceed with its cause.  *Browning v. Navarro*, 743 F.2d 1069, rehearing denied, 747 F.2d 1465 (5th Cir. 1984).  Allowing a matter to proceed in another court can constitute cause for modifying the automatic stay.  *See Murray Industries, Inc. v. Aristech Chemical Corp.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).  The legislative history to Section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal.  "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."  H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6297.  Most courts follow this logic and apply an equitable balancing test to determine if cause exists to lift the stay to allow pending litigation to proceed or continue in another forum.

"There is no mandatory standard for finding 'cause' in the Fifth Circuit." *In re Choice ATM Enterprises, Inc.,* 2015 WL 1014617 at *5 (Bankr. N.D. Tex. Mar. 4, 2015).  In fact, courts within the Fifth Circuit differ on what factors should be considered when determining if lifting the stay is warranted, and "no single approach prevails." *Id.* at *4.  "Ultimately, the granting of relief from the automatic stay is left to the discretion of the Bankruptcy Court and decided on a case-by-case basis." *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001).  Generally speaking, in determining whether or not cause to lift the stay exists courts consider the public policies underlying the stay as well as the competing interests between the movant and the debtor.  *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993).

In determining whether cause exists to grant relief from the automatic stay to permit litigation to continue in a non-bankruptcy forum, many courts have relied on one or more of the twelve factors set out in *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). *See In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994) *citing In re Curtis,* 40 B.R. at 799-800 "These factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered." *Id.* at 13, *citing In re Keene Corp.,* 171 B.R. 180 (Bankr. S.D. N.Y. 1994).

The 12 *Curtis* factors are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether Shirole's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the "balance of hurt." *Id.; see also In re Sonnax Indus., Inc. v. Tri Component Prods. Corp.,* 907 F.2d 1280, 1287 (2d Cir. 1990); *In re Johnson,* 115 B.R. 634 (Bankr. D. Minn. 1989); *In re*

*American West Airlines,* 148 B.R. 920, 923-24 (Bankr. D. AZ 1993); *In re Plumberex Specialty Products, Inc.,* 311 B.R. 537, 558 (Bankr. C.D. Cal. 2004); *In re Marvin Johnson's Auto Service, Inc.,* 192 B.R. 1008 (Bankr. N.D. Ala. 1996).

Here, of the 12 *Curtis* factors, several are applicable to this case, and as a result, the relief sought in the Motion should be granted.

### 1. Granting Shirole Relief will Result in a Complete Resolution of the Issues in the Minnesota Action.

Among the *Curtis* factors to be considered by the Court with respect to the Shirole's request is whether relief will result in a partial or complete resolution of the issues. *In re Curtis,* 40 B.R. at 799-800. Here, Shirole and the Debtors have competing claims against one another related to their pre-petition dealings—the determination of which will fully and finally determine the amount of Shirole's claim against the Debtors' estates (as well as facilitate a determination as to whether there may be coverage with respect to any such claims). As such, the first of the *Curtis* factors is satisfied if the Court grants Shirole his desired relief.

### 2. Judicial Economy is Promoted if the Stay is Lifted.

Another of the *Curtis* factors to be considered is whether the interests of judicial economy and the "expeditious and economical determination of the litigation" will result from the continuation of the litigation in the initial forum. *Curtis,* 40 B.R. at 800. "The factor of judicial economy may be considered in deciding whether to lift the automatic stay; in fact, a decision to lift the stay may be upheld on this ground alone." *In re U.S. Brass Corp.,* 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), *citing In re Kemble,* 776 F.2d 802, 807 (9th Cir.1985).

While this Court certainly has the skill, knowledge, and expertise to interpret the law of any forum, Minnesota included, because the claims in the Minnesota Action arise under state-law employment statutes in Minnesota, and because the Minnesota courts are simply more familiar

with the same, judicial economy is better served by permitting the claims to be pursued in the initial jurisdiction of the litigation.  Also, Shirole has requested a jury trial—a request far more easily entertained in Minnesota state court—especially with respect to potentially non-core claims.[5] *See In re El Paso Pharm, Inc.,* 130 B.R. 492, 497 (Bankr. W.D. Tex. 1991)(granting remand to state court on the grounds, among others, that state law issues predominated and that it was unlikely the Bankruptcy Court could reach the adjudication of the issues any more quickly than could the state court, especially given that the party seeking remand wanted a jury trial).

Further, Shirole is a Minnesota resident, as are many of the individuals who would likely be witnesses in the Minnesota Action—irrespective of whether they would be witness for the Defendants or Shirole (former employees and officers of the Defendants—the business of which, for all intents and purposes, was centered around Defendants' headquarters in Eden Prairie, Minnesota).[6]  In this respect the parties (and potentially certain non-parties) would be forced to incur significant travel expenses (airfare, lodging, meals, etc.) to the extent in-person proceedings are held in this Court—more than a thousand miles from the practical locus of the dispute.  For these reasons, judicial economy is better served by lifting the stay to permit the Minnesota Action to proceed to its conclusion.

---

[5] Granting relief from stay also obviates any need to determine whether this Court could issue final orders or conduct a jury trial with respect to non-core claims without the consent of both parties—not to mention disputes over whether the claims at issue in the Minnesota Action are, in-fact, non-core. *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). *See also, Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 206 (S.D. Tex. 2008)(Isgur, J.) *citing In re Clay*, 35 F.3d 190, 196–97 (5th Cir.1994) ("The Court may not hear a jury trial without the consent of all parties").

[6] *See, e.g.,* Proof of Claim of Kyle Wenzel, Chief Commercial Officer, Compute North, LLC, listing address as 24985 Bentgrass Way, Shorewood, MN 55331 [Claim No. 0000010021; Proof of Claim of Dave Perrill, Director, Compute North Holdings, Inc., listing address as 16711 Reeder Ridge, Eden Prairie, MN 55347 [Claim No. 0000010002].

**3.      The Minnesota Action has Substantially Progressed toward trial.**

Another of the *Curtis* factors is whether the "foreign proceedings have progressed to the point where the parties are prepared for trial." *Curtis,* 40 B.R. at 800.  In the Minnesota Action, while the parties are not yet on the precipice of trial, the parties have exchanged discovery and have already proceeded to mediation in an effort to resolve the matter.  Judicial economy is promoted by giving deference to the progress reached in the Minnesota Action, further rendering stay relief appropriate.

There is cause for lifting the automatic stay under §362(d)(1) to allow Shirole to pursue his claims in the Minnesota Action.  The relief requested will likely result in a partial or complete resolution of the issues presented in the Minnesota Action, judicial economy and expediency are promoted, and the parties are well on their way toward a jury trial in Minnesota—including with respect to counterclaims advanced by the Debtors.  Accordingly, because several of the *Curtis* factors support lifting the stay, the Court should grant the Motion in addition to such other appropriate relief.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Shirole respectfully requests and prays that this Court enter an order granting Shirole relief from the automatic stay imposed by §362(a) of the Bankruptcy Code lifting or modifying the automatic stay and allowing Shirole to pursue the Minnesota Action.  Shirole additionally requests such other and further relief which may be just and equitable, and to which he may be entitled.

Dated: October 31, 2022

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

By:   */s/ Jeffrey D. Klobucar*
Jeffrey D. Klobucar (jklobucar@bassford.com)
Lead Counsel
MN State Bar No. 0389336
(*admitted pro hac vice* [ECF #190])
100 South Fifth Street, Suite 1500
Minneapolis, MN  55402
(612) 333-3000 – Telephone
(612) 746-1239 – Facsimile

J. Michael Sutherland (msutherland@ccsb.com)
State Bar No. 19524200
Southern District Admin. No. 13736
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

**COUNSEL FOR ROHIT SHIROLE**

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 4001-1(a), at the time of the filing of this motion, counsel for Shirole has not been able to confer with counsel for Defendants.  However, such conference will occur prior to any hearing on the motion.

Certified on this 31st day of October, 2022.

By:   */s/ Jeffrey D. Klobucar*
Jeffrey D. Klobucar (jklobucar@bassford.com)
(*admitted pro hac vice* [ECF #190])
Lead Counsel

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to and in accordance with Fed. R. Bankr. P. 4001 and LBR 4001-1(a)(4), on October 31, 2022, a true and correct copy of this document was properly served upon the following parties and/or their counsel of record via ECF-Notice, email and/or regular U.S. Mail on the Debtors, Official Committee of Unsecured Creditors, parties requesting notice, parties with an interest in collateral that is the subject of the requested relief, co-debtors under 11 U.S.C. § 1301, parties who are identified as a party against whom relief is sought in the motion, the U.S. Trustee and the Master Service List [Dkt. #280].

*/s/ J. Michael Sutherland*
J. Michael Sutherland