IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, § | |
| § | Case No. 22-90273 (MI) |
| Debtors.[1] § | |
| § | (Jointly Administered) |
| § | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SPHERE 3D CORP. REGARDING THE DEBTORS' NOTICE OF FILING OF CURE SCHEDULE IN CONNECTION WITH PROPOSED SALE**

Sphere 3D Corp. ("Sphere 3D"), a creditor and contract counterparty in the above-captioned cases, by and through its undersigned counsel, submits this limited objection and reservation of rights ("Limited Objection") regarding the *Notice of Filing of Cure Schedule in Connection with Proposed Sale* [Dkt. No. 209] (the "Assumption Notice"). In support of this Limited Objection, Sphere 3D respectfully states as follows:

**Background**

1. Sphere 3D is a net carbon-neutral cryptocurrency miner. Sphere 3D and debtor Compute North LLC ("Compute North") are parties to that certain Master Agreement, dated June 3, 2022 (the "Master Agreement"), pursuant to which Compute North shall provide colocation and other services (collectively, "Colocation Services") for Sphere 3D's cryptocurrency mining hardware (the "Mining Equipment").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

2. Upon entry into the Master Agreement, Sphere 3D and Compute North executed an Order Form (the "Initial Order Form") pursuant to which (i) Sphere 3D delivered 1,605 miners to Compute North's Wolf Hollow Facility located near Granbury, Texas (the "Wolf Hollow Facility") and (ii) Compute North was to install those miners and provide, among other things, electricity and network connectivity necessary to operate those miners. The parties subsequently entered into a second Order Form (the "Second Order Form" and, together with the Initial Order Form, the "Order Forms") pursuant to which (i) Sphere 3D delivered an additional 2,421 miners to the Wolf Hollow Facility and (ii) Compute North was to provide similar services as set forth in the Initial Order Form.

3. To date, Compute North has failed to perform its obligations under the Master Agreement and the Order Forms. To wit, only a fraction of the Mining Equipment delivered to the Wolf Hollow Facility pursuant to the Initial Order Form has been installed and powered on notwithstanding assurances from Compute North that these machines would be energized in August 2022. Moreover, not a single piece of Mining Equipment delivered to the Wolf Hollow Facility pursuant to the Second Order Form has been installed and brought online. As a result, Sphere 3D has suffered, and continues to suffer, damages due to its inability to utilize its Mining Equipment for its intended business purpose.[2]

4. In connection with its entry into the Master Agreement and the associated Order Forms, Sphere 3D paid Compute North an initial deposit for each order it placed (each an "Initial Deposit" and, collectively, the "Initial Deposits"). The Initial Deposits represent two months of

---

[2] Adding insult to injury, notwithstanding its failure to perform under the Master Agreement, on September 26, 2022 Compute North invoiced Sphere 3D $35,005.17 for "Warehousing & Logistics" services. Any Cure Amount related to the Master Agreement must include repayment and waiver of any such fees and expenses.

Service Fees and Package Fees (each as defined in the Master Agreement) and are designed to serve as the final months' payments due under the Master Agreement. In total, Sphere 3D paid Compute North $1,222,724.45 of Initial Deposits under the Master Agreement.

5. On September 22, 2022, the Debtors, including Compute North, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors continue to operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On October 24, 2022, the Court entered the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Sale of the Debtors' Remaining Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Dkt. No. 256 (the "Final Sale Procedures Order").

7. The Final Sale Procedures Order authorized and approved, *inter alia,* certain sale and bid procedures regarding the sale of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances (the "Sale"). In connection with the Sale, the Final Sale Procedures Order approved certain assumption and assignment procedures with respect to those executory contracts and unexpired leases that the Debtors propose to assume and assign to one or more Successful Bidders.[3]

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Final Sale Procedures Order.

8. On October 18, 2022, the Debtors filed the Assumption Notice. The Debtors include the Master Agreement on the Cure Schedule, included as Exhibit A to the Assumption Notice, as an executory contract that may be assumed and assigned by the Debtors as part of the Sale pursuant to section 365 of the Bankruptcy Code. The Debtors list $0.00 as the Cure Amount for the Master Agreement.

### **Limited Objection and Reservation of Rights**

9. Assumption of the Master Agreement requires compliance with all contract terms, and amounts determined to be owed under such assumed contracts are not discharged. *See In re Nat'l Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000).

10. Where there has been a default in an executory contract, a debtor may not assume the contract unless, at the time of assumption of such contract, the debtor:

(A) cures, or provides adequate assurance that the debtor will promptly cure, such default;

(B) compensates, or provides adequate assurance that the debtor will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract.

*See* 11 U.S.C. § 365(b)(1).

11. Put simply, "[i]f [a] debtor has defaulted under the contract . . . the debtor may not assume the contract unless the debtor, *inter alia,* cures the default or provides adequate assurance that it will do so." *Quantum Diversified Holdings, Inc. v. Wienheimer (In re Escarent Entities, L.P.)*, 423 F. App'x 462, 465 (5th Cir. 2011).

12. Here, pursuant to the Master Agreement and Order Forms, Compute North was to provide Colocation Services for the Mining Equipment in exchange for Sphere 3D's payment of monthly Service Fees and Package Fees.

13. However, Compute North has failed to install the vast majority of the Mining Equipment delivered to the Wolf Hollow Facility and is therefore in default under the Master Agreement.

14. As a result of Compute North's default, Sphere 3D has been denied use of its Mining Equipment and has been unable to deploy and monetize the Mining Equipment in the ordinary course of its business. Sphere 3D has lost, and continues to lose, revenue due to Compute North's failure to perform its obligations under the Master Agreement and Order Forms.

15. Therefore, any cure amount associated with the assumption of the Master Agreement must include the pecuniary loss suffered by Sphere 3D through the date of assumption, calculated as Sphere 3D's lost revenue less applicable Service Fees and Package Fees. Anything less fails to insure that upon assumption of the Master Agreement, Sphere 3D will have received the full benefit of its bargain. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (quoting *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1174 (7th Cir. 1996)).

16. In addition, in the event that Compute North ultimately assumes the Master Agreement, or assumes and assigns the Master Agreement to a Successful Bidder, the Initial Deposits that Sphere 3D paid to Compute North must be preserved by Compute North or the Successful Bidder, as applicable, and applied against future monthly fees consistent with the terms of the Master Agreement.

17. Sphere 3D does not waive any of its rights under the Master Agreement or applicable law. Sphere 3D expressly reserves all rights to amend, modify, or supplement this Limited Objection, and to object to adequate assurance of future performance by a Successful Bidder if and as necessary at the appropriate time consistent with the Final Sale Procedures Order.

WHEREFORE, Sphere 3D respectfully requests that the Court (i) condition assumption of

the Master Agreement on the immediate payment in full of all amounts necessary to cure the Debtors' default under the Master Agreement, including any pecuniary losses suffered by Sphere 3D as a result of the Debtors' default, (ii) require compliance with all obligations under the Master Agreement, (iii) require that the Debtors or any Successful Bidder honor any deposits paid to the Debtors in connection with the Master Agreement and (iv) grant Sphere 3D such other relief as may be just and proper.

Dated: October 31, 2022

| Respectfully submitted, | PRYOR CASHMAN LLP |
|---|---|
| ANDREWS MYERS P.C. | Seth H. Lieberman (admitted *pro hac vice*) |
| | SBN: 4317145 |
| /s/ T. Josh Judd | Matthew W. Silverman (admitted *pro hac vice*) |
| T. JOSH JUDD | SBN: 5198783 |
| SBN: 24036866 | 7 Times Square, 40th Floor |
| 1885 Saint James Place, 15th Floor | New York, NY 10036-6596 |
| Houston, TX 77056 | Tel: 212-421-4100 |
| Tel: 713-850-4200 | Fax: 212-326-0806 |
| Fax: 713-850-4211 | slieberman@pryorcashman.com |
| jjudd@andrewsmyers.com | msilverman@pryorcashman.com |
| **LOCAL COUNSEL FOR SPHERE 3D CORP.** | **COUNSEL FOR SPHERE 3D CORP.** |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of October 2022, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system.

/s/T. Josh Judd
T. Josh Judd