# EXHIBIT 4

Highly Confidential
Disclosure Restricted

# HAYNES BOONE

October 10, 2022

James T. Grogan III
Paul Hastings LLP
600 Travis Street, 58th Floor
Houston, Texas 77002
Email: jamesgrogan@paulhastings.com

RE:  Compute North Member LLC's Letter Dated October 7, 2022

Dear Mr. Grogan:

Our client, TZ Capital Holdings, LLC ("TZCH"), is in receipt of your letter dated October 7, 2022, on behalf of Compute North Member LLC (the "Debtor Member") wherein you assert a violation of the automatic stay and making certain demands (the "Letter").  As we discussed last Friday, TZCH flatly denies any stay violation.

The Debtor Member and TZCH are parties to that certain *Limited Liability Company Agreement of TZRC LLC* dated as of November 24, 2021 (as amended, the "JV LLC Agreement")[1] pursuant to which TZCH and the Debtor Member formed TZRC LLC's (the "JV").  While the Debtor Member owns 50% of the membership interests in the JV, the JV itself is not is not a debtor in any bankruptcy proceeding, and the JV's assets are not property of the Debtor Member's bankruptcy estate.

The Debtor Member, TZCH, and TZRC King Mountain LLC (the "Owner") are also parties to that certain Modular Data Center Property Management Agreement dated as of March 8, 2022 (as amended, the "PMA").  The Owner is a wholly owned subsidiary of the JV and is also not a debtor in any bankruptcy proceeding.

As you know, TZCH made and funded a loan to the Debtor Member (the "Loan") when the Debtor Member failed to timely make its Additional Capital Contributions under the JV LLC Agreement. *See* JV LLC Agreement § 3.02.  On or about April 8, 2022, the Debtor Member as borrower executed that certain Secured Promissory Note in the principal sum of ninety-eight million five hundred eight thousand nine hundred twenty and no/100 dollars ($98,508,920.00) evidencing the Loan (as amended, the "Note").  The Loan is secured by, among other things, a first priority security interest in the Debtor Member's membership interests in the JV and a guaranty from Compute North Holdings, Inc. (the "Debtor Parent" and together with the Debtor Member, the "Debtor Obligors").  *See* Note, §§ 5.1, 5.2; UCC Financing Statement filed with the Delaware Department of State on April 22, 2022; *Guaranty Agreement* between Debtor Parent and TZCH

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the JV LLC Agreement, the PMA, the Note, or the SADA as applicable.

**Highly Confidential**
**Disclosure Restricted**

# HAYNES BOONE

dated as of April 8, 2022. The Loan is in default and has been automatically accelerated. *See* Note §§ 10.1, 10.2; JV LLC Agreement § 3.02(b)(i)(K)(3).

The Loan is also secured by a perfected security interest on the JV's Deposit Account. Specifically, the JV and TZCH executed that certain *Security Agreement (Deposit Account)* dated as of April 8, 2022 (as amended, supplemented, or otherwise modified from time to time, the "SADA") evidencing, among other things, a security interest in the Deposit Account. *See also*, PMA § 8.16. The JV and TZCH also executed that certain *Deposit Account Control Agreement* also dated as of April 8, 2022 (the "DACA"), establishing, among other things, TZCH's control over the Deposit Account.

In early October 2022, TZCH exercised its rights over the Deposit Account in accordance with Section 9 of the SADA and Section 2 of the DACA. While the Debtor Member owns 50% of the membership interests in the JV, such ownership does not give the Debtor Member any direct ownership interest in the JV's bank accounts or the funds in the Deposit Account.[2] TZCH's exercise of its rights against the JV (a non-debtor) does not in any way violate the automatic stay for Debtor Member's bankruptcy.

The Letter notes that the JV LLC Agreement requires distribution of all Available Cash to the Members, but the Letter altogether fails to address TZCH's rights relative to the distributions of all Available Cash upon making the Loan to the Debtor Member. The JV LLC Agreement provides that TZCH has a right to distribution of the Debtor Member's share of all Available Cash of the JV. JV LLC Agreement §§ 3.02(b)(i)(F), 6.01. Moreover, the JV LLC Agreement also provides that any property or cash proceeds received by the Debtor Member in contravention of the JV LLC Agreement including any proceeds thereof "***shall be held in trust for [TZCH]*** and shall be delivered immediately to [TZCH]." JV LLC Agreement § 3.02(b)(i)(F) (emphasis added). Thus, even if the Debtor Member had possession of such funds, those funds would not be property of its bankruptcy estate because such funds would be held in trust for the benefit of TZCH. 11 U.S.C. § 541(d); *see also, e.g.*, *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 135–36 (1962) (explaining that "property rights existing before bankruptcy in persons other than the bankruptcy must be recognized and respected in bankruptcy"). Put simply, the automatic stay does not apply to TZCH's exercise of its rights over the Deposit Account.

The Letter cites to the Fees and Business Debt Distributions provisions of the PMA, but does not assert that any Fee and/or Business Debt Distributions under the PMA have not been made when due. As previously discussed, TZCH desires to cooperate with the JV to ensure that the JV has funding to continue to operate and pay its expenses including, without limitation, the Fees and Business Debt Distributions.

---

[2] The funds deposited in the Deposit Account are owned by the bank, and such general deposit creates a "debtor-creditor relationship between ***a bank and a customer***." *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 109 (Tex. 2019) (quoting *FDIC v. Lenk*, 361 S.W.3d 602, 606 (Tex. 2012)) (emphasis added); *see also, e.g.*, *City Nat'l Bank of Bryan v. Gustavus*, 106 S.W.2d 262, 264 (Tex. 1937).

**Highly Confidential**
**Disclosure Restricted**

# HAYNES BOONE

To the extent necessary to resolve any issues raised in the Letter, we remain available to discuss further.

Sincerely,

*/s/ Stephen M. Pezanosky*

Stephen M. Pezanosky, Partner
Haynes and Boone LLP
Counsel to TZ Capital Holdings, LLC

Cc:

| | |
|---|---|
| **TZ Capital Holdings, LLC**<br>700 Universe Boulevard<br>Juno Beach, Florida 33408<br>E-mail: Gregory.Irwin@NEE.com<br>Attention: Gregory Irwin | **DCRBN Member**<br>DCRBN Ventures Development &<br>Acquisition, LLC<br>700 Universe Boulevard<br>Juno Beach, Florida 33408<br>E-mail: Gregory.Irwin@NEE.com<br>Attention: Gregory Irwin |
| **TZRC LLC**<br>7575 Corporate Way<br>Eden Prairie, MN 55344<br>E-mail: legal@computenorth.com<br>Attention: General Counsel<br>CN Member in its capacity as Operator | **NextEra Energy Resources, LLC**<br>Attention: Vice President & General Counsel<br>E-mail: Neer-General-<br>Counsel@nexteraenergy.com |
| **Compute North Member LLC**<br>7575 Corporate Way<br>Eden Prairie, MN 55344<br>E-mail: legal@computenorth.com<br>Attention: General Counsel | **TZRC King Mountain, LLC**<br>TZRC King Mountain LLC<br>c/o TZRC LLC<br>7575 Corporate Way<br>Eden Prairie, MN 55344Attention: General<br>Counsel<br>Email: legal@computenorth.com |
| **Counsel to CN Member**<br>Norton Rose Fulbright US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001-4501,<br>E-mail: noah.pollak@nortonrosefulbright.com<br>Attention: Noah Pollak | **TZRC Member**<br>TZ Capital Holdings, LLC,<br>700 Universe Boulevard<br>Juno Beach, Florida 33408<br>E-mail: Gregory.Irwin@NEE.com<br>Attention: Gregory Irwin |