IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | § | Case No. 22-90273 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### CREDITOR RK MISSION CRITICAL LLC'S OBJECTION TO CURE AMOUNT SET FORTH IN DEBTORS' NOTICE OF FILING OF CURE SCHEDULE IN CONNECTION WITH PROPOSED SALE [ECF No. 209]

Creditor RK Mission Critical LLC, a Colorado limited liability company ("RKMC"), respectfully submits this objection and reservation of rights (this "Objection") in connection with the cure amounts set forth for RKMC's executory contracts with certain Debtor entities in the *Notice of Filing of Cure Schedule in Connection with Proposed Sale* [ECF No. 209] dated October 18, 2022 (the "Cure Schedule"). In support of this Objection, RKMC respectfully states as follows:

### BACKGROUND

1. On September 22, 2022 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing petitions for relief under Chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. On October 18, 2022, the Debtors filed the Cure Schedule.

## RKMC'S CLAIMANT AND CONTRACT COUNTERPARTY STATUS

3. RKMC is a pioneer in custom modular products and an innovator in providing solutions for the unique challenges of the mission critical and specialty technology markets. RKMC implements a full range of modular manufacturing strategies for its customers, ranging from the simplest multi-discipline prefabrication, to the most complex fully integrated multi-disciplined "assembled on site" data center facility.

4. RKMC manufactures and sells, *inter alia*, state-of-the-art crypto currency mining containers. These containers provide housing, power connection, cooling, and other essential support infrastructure to hundreds of "miners" (the advanced computer assemblies that solve complex cryptographic data puzzles to obtain crypto currency) per modular container, in a manner that is scalable both internally (number of miners) and externally (number of containers per site). Fabrication of these containers is materials- and labor-intensive, requires skilled trade workers, high-quality manufacturing space, and the procurement and storage of expensive parts and materials, much of which requires long lead times and complex supply chains. The price of RKMC containers reflects the foregoing demands for complexity, scalability, quality, materials, and workmanship.

5. Debtor Compute North LLC ("**Debtor**") owes past-due, pre-petition payments to RKMC for delivered containers under seven (7) separate purchase order contracts ("**P.O.s**"). The P.O.s are governed by Colorado law. Of those seven P.O.s, all of which Debtor appears to have

attempted to include in the Cure Schedule, only four (4) have additional container deliveries due from RKMC. RKMC does not dispute that the four (4) P.O.s under which containers were ordered but have not yet been delivered are executory contracts pursuant to 11 U.S.C. § 365. However, the seven (7) purchase order contracts that appear to be the basis for Debtor's claimed cure amount for the RKMC executory contracts in the Cure Schedule are not all executory contracts.

## OBJECTIONS

6. Though the Cure Schedule does not include P.O.s, copies of P.O.s, RKMC job numbers, or other unique identifying information, RKMC believes that the contracts at issue are as follow, with non-executory contracts shaded based on substantial performance having been accomplished by RKMC for those P.O.s:

| P.O. Date | Units Rcvd | Units Owed | Past-due Amount | Interest | Costs of Default | Cure Amount | Costs of Completion (Assurance) |
|---|---|---|---|---|---|---|---|
| 05.26.2021 | 74 | 0 | $9,042,000 | $427,381 | | | |
| 09.13.2021 | 30 | 0 | $3,862,400 | $195,988 | | | |
| 10.14.2021 | 0 | 1 | $0.00 | $0.00 | $4,073 | **$4,073** | $292,500 |
| 10.19.2021 | 95 | 0 | $0.00 | $0.00 | | | |
| 12.21.2021 | 85 | 162 | $5,285,700 | $256,610 | $659,760 | **$6,202,070** | $36,855,000 |
| 12.21.2021 | 0 | 124 | $0.00 | $0.00 | $505,001 | **$505,001** | $4,640,080 |
| 4.25.2022 | 0 | 36 | $0.00 | $0.00 | $146,613 | **$146,613** | $1,435,104 |
| **TOTALS:** | | 323 | $18,190,100 | $879,979 | $1,315,447 | $6,857,757 | $43,222,684 |

7. RKMC objects to any contract under which all container units have been delivered being assumed or assigned as an executory contract because RKMC owes no further material performance to Debtor. *See* 11 U.S.C.§ 365; *In re Murexco Petroleum, Inc.*, 15 F.3d 60 (5th Cir. 1994); *In re Spectrum Information Technologies, Inc.*, 190 B.R. 741, 748 (Bankr.

E.D.N.Y. 1996). In the Cure Schedule and the table above, these are the P.O.s dated 5.26.2021, 9.13.2021, and 10.19.2021 (the shaded rows of the table above).

8. All RKMC P.O.s include standard terms and conditions which provide, *inter alia*, RKMC's rights and remedies in the event of a default by Debtor. A copy of the RKMC terms and conditions for the P.O.s is attached hereto as Exhibit 1. Debtor is in breach of all but one of the foregoing P.O.s, for failing to pay amounts due, suspending/refusing delivery of containers, or both, and Debtor's cure amount must therefore include all amounts due to RKMC under the P.O. terms and conditions. Those amounts are shown in the column "Costs of Default" in the table above and include attorney fees, warehouse expenses for refused containers and feedstocks to construct refused containers, storage fees, and wages for material handling of refused containers and feedstocks for same, allocated pro rata across the open P.O.s based on the number of units remaining to be shipped to Debtor. Interest on unpaid balances at an annual rate of 18% is also due under the terms and conditions, as shown in the table above.

9. RKMC further objects to the Cure Schedule proposed by Debtor for the four (4) executory contracts to which it is a counterparty with Debtor. The correct cure values for past due amounts, interest, and costs of default, and the costs of completion requiring assurances of future performance (if these P.O.s are assumed) are as follow:

| P.O. Date | Units Rcvd | Units Owed | Past-due Amount | Interest | Other Costs of Default | Cure Amount | Cost of Completion Assurances |
|---|---|---|---|---|---|---|---|
| 10.14.2021 | 0 | 1 | $0.00 | $0.00 | $4,073 | $4,073 | $292,500 |
| 12.21.2021 | 85 | 162 | $5,285,700 | $256,610 | $659,760 | $6,202,070 | $36,855,000 |
| 12.21.2021 | 0 | 124 | $0.00 | $0.00 | $505,001 | $505,001 | $4,640,080 |
| 4.25.2022 | 0 | 36 | $0.00 | $0.00 | $146,613 | $146,613 | $1,435,104 |

10. RKMC further objects to the lack of adequate assurance of future performance provided (and reserves its rights to supplement its objection to the same) based on RKMC's present inability to ascertain the identity of the potential assignee(s) of the contracts to which RKMC is a party and whether any such assignee is able to perform under such contracts.

11. To assume and assign any contracts to which RKMC is a party, the Debtors must satisfy the standards set forth in 11 U.S.C. § 365 of title 11. Section 365 allows a debtor to assume and assign an executory contract to a third party, if the debtor (i) cures any outstanding default under the contract or provides adequate assurance the default will be promptly cured, (ii) compensates the counterparty to the contract for any pecuniary loss or provides adequate assurance of compensation, and (iii) provides adequate assurance of the assignee's future performance of the contract. *See* 11 U.S.C. §§ 365(b)(1)(A)–(C), 365(f).

12. As part of the assumption and assignment of RKMC P.O.s, the Debtors must assume and assign each such agreement in its entirety, including any and all related agreements, along with all conditions, covenants, obligations and terms contained therein. *See In re MF Global Holding Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) (a debtor must assume an executory contract in its entirety). This obligation requires the Debtors to assume and assign all terms, conditions, covenants, and obligations, whether monetary or non-monetary, for which the Debtors are responsible. *See In re ATP Oil & Gas Corp.*, 517 B.R. 756, 759 (Bankr. S.D. Tex. 2014) (finding that a "debtor may not pick and choose those portions that it wishes" to assume or reject). RKMC objects to any attempt by Debtors to assume and assign only part of an existing P.O.

13. The obligation to cure extends to monetary and non-monetary defaults under a contract. *See In re ATP Oil & Gas Corp.*, 517 B.R. at 759. To cure a monetary default under section 365, a debtor must pay all amounts due under the contract. *In re Network Access*

*Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). To determine the appropriate means of curing a non-monetary default, courts examine the provisions of the contract to define "the nature of a default and the cure it requires." *Empire Equities Capital Corp.*, 405 B.R. 687, 691 (Bankr. S.D.N.Y. 2009) (citing *In re Shangra-La, Inc.*, 167 F.3d 843, 848–49 (4th Cir. 1999)). RKMC objects to the fact that the Cure Schedule fails to include all amounts due under the P.O.s as detailed in the tables above.

14. The Debtors also bear the burden of demonstrating the proposed assignee's ability to provide adequate assurance of future performance. *In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Citrus Tower Blvd. Imaging Ctr., LLC*, No. 11-70284-MGD, 2012 WL 1820814, at *3 (Bankr. N.D. Ga. Apr. 2, 2012). Although the Code does not define adequate assurance, courts have examined whether a debtor has "an income stream sufficient to meet its obligations, the general economic outlook in the debtor's industry, and the presence of a guarantee." *In re Huey's, Inc.*, No. 91-41391, 1992 WL 12004008, at *2 (Bankr. S.D. Ga. Aug. 11, 1992) (quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir.1985)).

15. Because Debtors have failed to demonstrate any proposed assignee's ability to provide adequate assurance of future performance, RKMC objects to such assignment(s) unless and until Debtors meet their burden to demonstrate that assignee(s) will perform.

**RESERVATION OF RIGHTS**

16. RKMC reserves all rights, including the right to supplement this Objection if Debtor provides additional information in support of its Cure Schedule, and to raise additional or further objections to any amended Cure Schedule, at or prior to any hearing regarding executory contract assumption or any other relevant hearing.

17. RKMC further reserves all rights to set off amounts due from Debtor against deposits and progress payments received from Debtor as provided by RKMC's terms and conditions and Colorado law in the event of contract rejection, to foreclose on any or all recorded security interests in containers delivered to Debtor that may be held by RKMC, and for all past-due amounts plus pecuniary losses, interest, and attorney fees regarding all P.O.s between Debtor and RKMC whether or not expressly identified and discussed herein. As detailed in the terms and conditions of the P.O.s, in the event of a default, "RKMC shall have the right to retain, in partial or complete payment of such amount, the total of all payments made hereunder less only that portion, if any, in excess of such amount." Ex. 1, § 20 at 2.

18. RKMC's rights to offset its losses against deposits and progress payments received from Debtor will survive any assignment of the P.O.s if assignee(s) do not fully perform. It is a fundamental aspect of assignment that the assignee continues to stand in the shoes of the assignor, taking on all liabilities and remaining subject to all defenses that could have been asserted against the assignor. *In re Enron Corp.*, 379 B.R. 425, 435 n.55 (S.D.N.Y. 2007).

## CONCLUSION

WHEREFORE, RKMC respectfully requests that the objections raised in this Objection be addressed and incorporated into a revised Cure Schedule that is acceptable to RKMC, and such other and further relief as the Court deems just and proper.

Dated: October 31, 2022

Respectfully submitted,

**BERG HILL GREENLEAF RUSCITTI LLP**

<u>*/s/ Patrick M. Haines*</u>
Patrick M. Haines
Colorado Bar No. 38970
1712 Pearl Street
Boulder, CO  80302
Telephone: (303) 402-1600
Facsimile: (303) 402-1601
Email: pmh@bhgrlaw.com

*Counsel to Creditor RK Mission Critical LLC*

## **CERTIFICATE OF SERVICE**

       I certify that on October 31, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patrick M. Haines*
Patrick M. Haines