IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **COMPUTE NORTH HOLDINGS, INC.,** | § | **Case No. 22-90273 (MI)** |
| ***et al.*,[1]** | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |
| | § | **Proposed Cure Objection Deadline:** |
| | § | **November 1, 2022 at 4:00 p.m. CST** |
| | § | (*See* **Dkt. No. 256**) |

**BOOTSTRAP ENERGY, LLC's AND CORPUS CHRISTI ENERGY PARK, LLC's OBJECTION TO NOTICE OF EXECUTORY CONTRACTS SUBJECT TO ASSUMPTION AND ASSIGNMENT AND PROPOSED CURE AMOUNTS**

**[Relates to Dkt. No. 209]**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

NOW COME BOOTSTRAP ENERGY, LLC ("BE") and CORPUS CHRISTI ENERGY PARK, LLC ("CCEP"), creditors and contract counterparties in the above-captioned jointly administered Chapter 11 cases (collectively, the "Bankruptcy Case") and submit this Objection to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

Debtors' *Notice of Filing of Cure Schedule in Connection with Proposed Sale* [Dkt. No. 209] ("Assumption Notice"), and in support of the Objection, would show the Court as follows:

## I. INTRODUCTION

1. The Assumption Notice proposes inadequate amounts to cure the Debtors' default under its executory contract with CCEP and conflates other executory contracts between Debtor and CCEP's parent BE. Accordingly, BE together with its wholly owned subsidiary CCEP object to the Assumption Notice absent a remedy of these defects including proposal of adequate cures and reserve all their rights regarding the Debtors' proposed treatment of all contracts with BE and/or CCEP including those not listed in the Assumption Notice.

## II. FACTUAL BACKGROUND

2. The above captioned case was filed on September 22, 2022 (the "Petition Date") and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

3. On October 18, 2022, the Debtors served their Assumption Notice identifying those contracts the Debtors contend are subject to assumption and assignment and their respective proposed Cure Amounts. *See* Dkt. No. 209 (Assumption Notice).[2] Included in the list are certain of BE's and CCEP's purported contracts with Debtor entities. *See id.*, pp. 19-20 (BE contracts), 28 (CCEP contracts).

4. However, Debtor Compute North, LLC's May 12, 2022 agreement with BE for the purchase of a 345 kilovolt transformer[3] (the "Transformer APA") is missing entirely from the list

---

[2] Debtors have confusingly or incorrectly identified numerous exhibits, invoices, notices, and correspondences as "contracts" and moreover they frequently misidentify the relevant Counterparty. For clarity, BE has two potentially executory contracts with Debtors: the Transformer APA (defined below) and another asset purchase agreement for two transformers, dated Feb. 24, 2022. CCEP has one executory contract with Debtors: the DB Contract (defined below).

[3] CN PO#000226.

of executory contracts subject to assumption and assignment. *See id.*, pp. 19-20. As of the Petition Date, Debtor was in default for failure to make the second and third milestone payments, making for a cure amount of $2,271,250.00 before computation of interest.

5. The Assumption Notice also misstates the cure amount Debtor CN Corpus Christi, LLC ("Corpus Christi") owes under its design-build contract[4] with CCEP (hereinafter, the "DB Contract"). Debtors have proposed a $0.00 Cure Amount for the DB Contract. On the contrary, as of the Petition Date, Corpus Christi was in default under the DB Contract and owed CCEP a total of $5,706,629.00 (not including interest) for Corpus Christi's failure to timely pay these overdue amounts. Corpus Christi had exhausted the applicable cure period and chose to file this Bankruptcy Case on the very day CCEP's right to terminate would have been effective.

6. In August 2022, the parties reached a designated milestone in the project requiring Corpus Christi to tender payment for a transformer CCEP was ready to have delivered to the project. For this purpose CCEP issued invoice 2022-CN-1006 for $6,100,000.00 less 10% retainage for a total value of $5,490,000.00. Corpus Christi failed to pay the invoice and CCEP, exercising its rights under the contract, stopped work on the project. *See* DB Contract, Art. 7.4 and Ex. B (General Conditions) at §§ 6.4.1 and 11.3.1.2. The DB Contract provides that interest began accruing on invoice 2022-CN-1006 at the rate of ten percent per annum beginning ten days after the payment's due date. *Id.* at Art. 7.4. The DB Contract also obliges Corpus Christi to compensate CCEP for delays to the project that are caused by the "acts or omissions" of Corpus Christi. *Id.* at Ex. B, §§ 8.2.1-8.2.3 and 9.4.1. Shortly before the Petition Date, CCEP issued a $216,629.00 change order requiring Debtors to pay the demobilization and remobilization costs chargeable to

---

[4] "Agreement between Owner and Design-Builder – Lump Sum", dated and effective March 16, 2022, inclusive of all change orders and notices issued thereunder.

Corpus Christi for its default, bringing the total prepetition default damages to $5,706,629.00 as of September 22, 2022. These costs have increased since the Petition Date and CCEP estimates that, as of the date of this filing, mobilization of the project would cost at least $500,000.00, making for a total cure amount of at least $5,990,000.00, not including the interest on invoice 2022-CN-1006.

### III.   ARGUMENT AND AUTHORITY

7. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
>   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Each of these requirements must be satisfied before an executory contract can be assumed. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1310 (5th Cir. 1985).

8. The Assumption Notice proposes a $0.00 cure for the DB Contract. *See* Assumption Notice, pg. 28.[5] As discussed above, this is inaccurate. Prepetition, the Debtors failed to fund payment for a milestone in connection with delivery status for the main power transformer required under the DB Contract. The Debtors' breach of the DB Contract regarding the transformer necessitated CCEP's work stoppage which in turn entitled CCEP to reimbursement for any costs

---

[5] The Assumption Notice lists change orders and notices issued under the DB Contract as separate contracts although they were all executed or issued under and pursuant to the DB Contract.

it incurs in remobilizing the project. CCEP issued a change order for these costs prior to this Bankruptcy Case, bringing the total cure amount, if measured as of the Petition Date, to $5,706,629.00 in damages.

9. This is not, however, the extent of Corpus Christi's cure obligations. Corpus Christi must cure *all* damages arising from its default, including those that continue to accrue postpetition. *See In re Eagle Bus Mfg., Inc.*, 148 B.R. 481, 483 (Bankr.S.D.Tex.1992) (holding that postpetition interest accruing on prepetition lease default was allowable as part of administrative claim resulting from debtor's assumption of lease); *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 24-25 (Bankr.D.Kan. 2001) (holding that a debtor's cure obligations under section 365(b)(1) included payment of interest, continuing to accrue postpetition, which arose from a prepetition lease default).. Therefore, in addition to the $5,706,629.00 Corpus Christi owed prior to the Petition Date for the transformer and project delays, Debtors will also have to pay CCEP for the interest that has accrued on invoice 2022-CN-1006 as well as the actual costs for remobilization such as they are on the date of assumption. *See In re Airlift Intern., Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985) ("Upon assumption of an executory contract […] the [debtor's] estate becomes liable for performance of the entire contract, as if bankruptcy had never intervened.") (citing *Vilas & Sommer, Inc. v. Mahony (In re Steelship Corp.)*, 576 F.2d 128, 132 (8th Cir. 1978)). As stated previously, CCEP estimates the costs to remobilize the project through the date of this objection are at least $500,000.00, meaning Corpus Christi's required cure amount is at least $5,990,000.00 and should also include the interest that continues to accumulate on invoice 2022-CN-1006. *See In re Valley View Shopping Center, L.P.*, 260 B.R. at 25 (finding that, for purpose of determining cure amounts for contract assumption under section 365(b)(1), sections 502(b) and 506(b) do not apply to suspend accrual of postpetition interest).

10. Thus, as a prerequisite to assuming the DB Contract, Debtors must cure or provide adequate assurance of their ability to promptly cure the above-described defaults, the damages for which should be calculated as of the assumption date, *not* the Petition Date. BE and CCEP also reserve, pursuant to section 365(b)(2) of the Bankruptcy Code, their right to object to assumption and assignment of any of their contracts for a failure of adequate assurance of future performance of these and any integrally related contracts. *See* 11 U.S.C. § 365(b)(2).

11. It should also be noted that CCEP has continuing doubts about Debtors' wherewithal to perform on the DB Contract going forward. The following additional milestones have been achieved and payments will become due immediately upon assumption: (i) deed transfer of real property at a value of $500,000.00 and (ii) execution of an AEP Letter of Agreement at a value of $3,750,000 and the posting financial security for the value of $14,250,000.00 in accordance with said Letter of Agreement. Debtors' current financial condition makes it highly improbable Corpus Christi could fulfill either of these obligations under the DB Contract. CCEP expressly reserves its rights, per the Final Sale Procedures Order, to raise these and other objections regarding any potential assignee's ability to perform.

### IV. CONCLUSION

For the reasons set forth above, BE and CCEP object to the adequacy of the Assumption Notice and the cure amounts stated therein, and respectfully request that the Court deny the Debtors authority to assume any BE and/or CCEP executory contract absent Debtors' prompt cure of the correct outstanding amounts due and owing to BE and CCEP, respectively, and for all further relief to which they show themselves justly entitled.

Dated: October 31, 2022.                    Respectfully submitted,

                                            */s/Robert C. Rowe*
                                            Mark A. Castillo
                                              Texas State Bar No. 24027795
                                            Robert C. Rowe
                                              Texas State Bar No. 24086253
                                            **CARRINGTON, COLEMAN, SLOMAN**
                                              **& BLUMENTHAL, L.L.P.**
                                            901 Main St., Suite 5500
                                            Dallas, TX  75202
                                            Telephone:     214-855-3000
                                            Facsimile:     214- 580-2641
                                            Email: markcastillo@ccsb.com
                                                       rrowe@ccsb.com

                                            ***Attorneys for Bootstrap Energy LLC and***
                                            ***Corpus Christi Energy Park, LLC***


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all parties receiving notice via the Court's ECF system in this case, as well as on all required parties per the Final Sale Procedures Order, on this 31st day of October, 2022.


                                             */s/Robert C. Rowe*
                                            Robert C. Rowe