IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Compute North Holdings, Inc., *et al.*,**[1] | § | Case No. 22–90273 (MI) |
| | § | |
| Debtors. | § | Jointly Administered |

**POWER ASSET RECOVERY CORPORATION'S
OBJECTION TO THE NOTICE OF FILING OF CURE
SCHEDULE IN CONNECTION WITH PROPOSED SALE**

*(Relating to ECF Nos. 91, 191, 209, 256)*

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Power Asset Recovery Corporation ("**PARC**"), a creditor in Compute North Holdings, Inc., *et al.'s* ("**Debtors**") jointly-administered bankruptcy case (this "**Case**"), files its *Objection* ("**Objection**") to the Debtors' *Notice of Filing Cure Schedule in Connection With Proposed Sale* ("**Notice**"), and in support states as follows:

**PRELIMINARY STATEMENT**

1.  The Debtors seek to assume and assign PARC's Contracts (as defined herein) listed in the Notice. PARC's Contracts concern a McGraw GSU 172 MVA. HV: 116 kV Y. LV: 13800 Delta transformer ("**PARC's Transformer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

2. PARC objects to the Contracts' inclusion in these § 365[2] proceedings because the subject agreements are not executory. The Debtors repudiated the Purchase Order (as defined herein) prior to their filing of this Case; accordingly it should be treated as abandoned. Additionally, there are no outstanding obligations on either party under the MNDA (as defined herein) such that non-performance by one party would constitute a material breach.

3. In the alternative, PARC objects because the proposed cure amounts for PARC's Contracts listed in the Debtors' Notice are incorrect. As of the filing of this Objection, the amount required to cure all amounts outstanding under the PARC Contracts is $1,295,200.00. PARC objects to the proposed cure amounts in the Notice and requests that Debtors or the purchaser be required to pay the correct cure amount to PARC prior to assumption and assignment of the PARC Contracts to the purchaser or its designee(s).

## BACKGROUND

4. PARC is an Ohio corporation with offices located at 4321 Strausser St. NW, North Canton, OH 44720. PARC is in the business of providing services and equipment related to power transformers.

5. Previously, PARC engaged with the Debtors for the sale of PARC's Transformer.

6. The Debtors have scheduled two former contracts with PARC subject to assumption and assignment: (1) *Power Asset Purchase Order 07.30.21* ("**Purchase Order**"),[3] which the Debtors repudiated and abandoned; and (2) *Power Asset MNDA 08.11.22* ("**MNDA**,"

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise. Any reference to "**Rule**" or "**Bankruptcy Rule**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.
[3] ECF No. 209 at 101.

and together with the Purchase Order, "**Contracts**").[4] The sum of $1,295,200.00 is still due and owing under the Contracts.[5]

7. The Debtors issued the Purchase Order to PARC for the purchase of PARC's Transformer in July of 2021. The Debtors never tendered full payment for PARC's Transformer.

8. For almost a year, the Debtors delayed and refused to accept shipment of PARC's Transformer to their facility because they could not finalize payment. In July of 2022, PARC demanded payment for PARC's Transformer, by and through counsel, which initiated substantial settlement negotiations that continued into September of 2022.

9. By their continued refusal to finalize payment and accept shipment, the Debtors repudiated the Purchase Order. In order to resolve the Debtors' breach of their contractual obligations, the Parties agreed to enter into a consignment agreement for the sale of two other transformers ("**Additional Transformers**") by PARC in lieu of the Debtors' payment for PARC's Transformer. PARC entered into the MNDA with the Debtors to govern the inspection of the Additional Transformers. The Additional Transformers are now subject to the Debtors' de minimis asset sale procedures.

10. On or about September 7, 2022, after numerous edits to the agreements, the Parties materially agreed to terms of the consignment and settlement agreements that would resolve the non-payment issues and provide for the consignment of the Additional Transformers to PARC. After these final versions of the agreements were distributed, however, the Debtors became non-

---

[4] *Id.* at 100.
[5] The Purchase Order was issued by Compute North, LLC to PARC. The amount due and owing on the Purchase Order is $1,295,200.00. The MNDA was executed by and between Compute North, LLC and PARC and was solely entered into to govern any exchange of confidential information relating to PARC's inspection of the Additional Transformers (defined below).

responsive and had no further contact with PARC. The Debtors then filed their Cases on September 22, 2022, with no additional notice or communication to PARC.[6]

11. On September 26, 2022, the Debtors filed their *Emergency Motion for Entry of (I) An Order (A) Approving Deminimis* (sic) *Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) An Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of all Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* ("**Emergency Motion**").[7]

12. On October 13, 2021, the Court entered its order on the Emergency Motion ("**Initial Sale Procedures Order**").[8] The Initial Sale Procedures Order stated, *inter alia*, that "[o]n or before October 18, 2022 . . . the Debtors shall file . . . a[n] [assumption notice]," and that parties subject to the assumption notice must file objections, if any, by 4:00 p.m. on October 25, 2022.[9] Notably however, the Initial Sale Procedures Order stated that the deadline to object is "subject to final approval at the Final Sale Procedures Hearing."[10]

---

[6] ECF No. 1.
[7] ECF No. 91.
[8] ECF No. 191.
[9] *Id.* at 10–11, §§ III(12)(a), 13(c).
[10] *Id.* at 11, § 13.

13. On October 18, 2022, the Debtors filed their Notice and an Exhibit A, detailing "unexpired leases and executory contracts . . . that may be potentially assumed and assigned in connection with a sale under either the De Minimis Asset Sale Procedures or the Bidding Procedures.[11] The Notice reiterated that objections, if any, shall be filed by 4:00 p.m. on October 25, 2022.[12] PARC's Contracts are listed within Debtors' Notice with a cure amount of $0.00.[13]

14. On October 24, 2022, the Court entered its *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of all Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* ("**Final Sale Procedures Order**").[14] The Final Sales Procedures Order specifically provided objections, if any, to the cure amount shall be filed by 4:00 p.m. (prevailing Central Time) on November 1, 2022.[15] It further stated that "[i]n the event there is a conflict between this Final Sale Procedures Order and the Initial Sale Procedures Order, this Final Sale Procedures Order shall control and govern."[16]

---

[11] ECF No. 209 at 2.
[12] *Id.*
[13] *See id.* at 101, 106.
[14] ECF No. 256.
[15] *Id.* at 15, § IV(22)(F).
[16] *Id.* at 26, § VIII(44).

**OBJECTION AND ARGUMENTS**

I. **COMPUTE NORTH REPUDIATED THE PURCHASE ORDER, AND THE MNDA IS NOT EXECUTORY.**

15. An executory contract is one under which the obligations of both the debtor and the other party to the contract are so far unperformed that failure of either party to complete performance would constitute a material breach excusing performance of the other.[17]

16. PARC objects to the treatment of the Purchase Order as an executory contract. The Debtors abandoned the contract by failing to pay and refusing to accept delivery of PARC's Transformer, then negotiated the consignment and sale of the Additional Transformers with PARC prior to filing this Case. This Court has noted that when faced with "clear evidence of an intent to repudiate, the non-repudiating party is no longer under an obligation to perform. Because one party is not obligated to perform, the contract is no longer executory as defined in bankruptcy."[18]

17. Further, the MNDA does not have any additional obligations for either party to fulfill and is accordingly not an executory contract subject to assumption and assignment. The MNDA was narrowly drawn to govern the exchange of information solely in relation to resolution of the non-payment issue with PARC. Because the Debtors abandoned those negotiations with PARC and did not enter into any further agreement with PARC, there is *no obligation* on either side of the MNDA and it is accordingly not an executory contract subject to assumption and assignment.[19]

18. Like the debtor in *Cornerstone Valve*, the Debtors made clear "before bankruptcy[] that it no longer intended to perform [the Purchase Order] and that it did not seek reciprocal

---

[17] *In re Goodrich Petro. Corp.*, 554 B.R. 817, 821 (Bankr. S.D. Tex. 2016).
[18] *In re Cornerstone Valve LLC*, Nos. 19-30869, 19-30870, 2021 WL 1731770, at *2 (Bankr. S.D. Tex. Apr. 27, 2021) (citing *In re C & S Grain Co., Inc.*, 47 F.3d 233, 237 (7th Cir. 1995)).
[19] *See In re Goodrich Petro. Corp.*, 554 B.R. at 821.

performance."[20]  Additionally, there are no obligations under the MNDA for either party to perform such that nonperformance would constitute a material breach.[21]  Accordingly, the Court should not subject the Contracts to the assumption and assignment procedures because they are not executory in nature.

## II. EVEN IF THE COURT FINDS THE CONTRACTS EXECUTORY, THE CURE AMOUNT MUST BE CORRECTED.

19. Assuming, *arguendo*, the Court finds the Contracts to be executory and subject to assumption and assignment, § 365(b)(1) provides that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ."

20. Consequently, in order to assume PARC's Contracts, the Debtors or the purchaser must fully cure all defaults thereunder.

21. As described above, the Debtors' Notice lists PARC's Contracts as executory contracts, and further provides that the cure amount for the potential assumption and assignment of the Contracts is $0.00.

22. PARC objects to the treatment of the Contracts as executory.  If the Court finds that they are executory, however, the Notice proposes an incorrect cure amount and such cure amount must be corrected before the Contracts can be assumed and assigned.

23. In order to comply with § 365(b)(1), the Debtors or purchaser must pay PARC $1,295,200.00 in order to cure amounts due and owing under the Contracts.

---

[20] *In re Cornerstone Valve LLC*, 2021 WL 1731770, at *2.
[21] *Goodrich Petro. Corp.*, 554 B.R. at 821.

**RESERVATION OF RIGHTS**

24. PARC reserves the right to amend or supplement this Objection and the correct cure amount in connection with the Contracts, and/or to further object, based on any additional obligations that any of the Debtors may come to owe to PARC.

**CONCLUSION**

**WHEREFORE,** PARC respectfully requests that the Court enter an order: (i) removing the Contracts from the assumption and assignment list since they are not executory; or, in the alternative, amending Debtors' Notice to reflect that the Debtors owe PARC a cure obligation as of the date of the filing of this Objection of $1,295,200.00, plus such further outstanding amounts that may come due under the Contracts post-petition, prior to assumption; (ii) requiring the Debtors or the purchaser promptly cure such amounts owed to PARC prior to assumption of the Contracts; and (iii) granting any further relief to which it may be justly entitled.

Dated: November 1, 2022

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
Tyler W. Greenwood
Texas Bar No. 24123219
S.D. Tex. No. 3575083
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
    tyler.greenwood@chamberlainlaw.com

AND

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ John P. Archer*
John P. Archer
Ohio Bar No. 0073721*
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jpa@kjk.com

*Counsel for Power Asset Recovery Corporation*
**Admitted pro hac vice at ECF No. 360*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 1, 2022, a true and correct copy of the foregoing Objection was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification.

*/s/ Jarrod B. Martin*
Jarrod B. Martin