**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, § | Case No. 22-90273 (MI) |
| § | |
| Debtors.[1] § | (Jointly Administered) |
| § | |
| § | **Re Docket Nos. 209; 334; 357** |

**OMNIBUS OBJECTION AND RESERVATION OF RIGHTS
OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE DEBTORS' PROPOSED CURE
SCHEDULES IN CONNECTION WITH PROPOSED SALE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby objects (the "Objection") to the Debtors' *Notice of Filing of Cure Schedule in Connection With Proposed Sale* [ECF No. 209] (the "Original Cure Schedule")[2] and *Notice of Filing of Supplemental Cure Schedule in Connection With Proposed Sale* [ECF No. 334] (the "Supplemental Cure Schedule" and, together with the Original Cure Schedule (as amended), the "Cure Schedules").  In support of the Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] On November 1, 2022, the Debtors file a *Notice of Filing of Amended Cure Schedule in Connection with Proposed Sale* [ECF No. 357] (the "Cure Schedule Amendment"), pursuant to which the Debtors amended the Original Cure Schedule solely with respect to certain executory contracts or unexpired leases identified in the Cure Schedule Amendment.

## BACKGROUND

1.  On September 22, 2022, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Committee was appointed on October 6, 2022, by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee").[3] No trustee, examiner, or other official committee has been appointed.

2.  On September 26, 2022, the Debtors filed a motion[4] seeking the Court's approval of proposed procedures to govern one or more sales of the Debtors' assets, which included procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases in connection with any such sale. The Debtors subsequently filed the Cure Schedules identifying executory contracts and unexpired leases that the Debtors believe may be assumed and assigned as part of a sale (collectively, the "Target Contracts"). The Cure Schedules list the amounts that the Debtors believe are owing under the Target Contracts (the "Cure Amounts"). The Cure Amounts are the only amounts proposed to be paid upon the assumption and assignment of any Target Contract, in full satisfaction of all amounts outstanding thereunder.

---

[3] *See The United States Trustee's Corrected Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 139].

[4] *Debtors' Emergency Motion for Entry of (I) an Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling Hearing on the Approval of the Sale of the Debtors' Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of All Encumbrances, (B) Approving Asset Purchase Agreements, (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* [ECF No. 91].

The Cure Schedules were served upon the non-Debtor counterparties identified on Exhibit A to the Cure Schedules (collectively, the "Counterparties").

3. On October 24, 2022, the Court entered an order[5] (the "Final Sale Procedures Order") approving, among other things, procedures governing the assumption and assignment of contracts as part of a sale (the "Assumption and Assignment Procedures").[6] The Assumption and Assignment Procedures provide that any objection by a Counterparty to (i) the Cure Amount for its Target Contract or (ii) the Debtors' ability to assume and assign the Target Contract (a "Contract Objection") must be filed and served by November 1, 2022 (the "Original Objection Deadline").

4. The Assumption and Assignment Procedures further provide that if any additional executory contracts or unexpired leases of the Debtors are determined to be Target Contracts (such contracts, the "Additional Contracts"), the Debtors, as soon as practicable thereafter, must file a supplemental assumption notice (the "Supplemental Notice") identifying the Additional Contract(s) and serve the Supplemental Notice on the newly identified Counterparties (the "Supplemental Counterparties"). In the event that the Supplemental Notice is filed more than two days after the "Assumption Notice Deadline" of October 18, 2022, any Contract Objection by the Supplemental Counterparty must be filed and served within 2 hours of the November 7 sale hearing (the "Supplemental Objection Deadline" and, together with the Original Objection Deadline, the "Cure Objection Deadlines").

---

[5] *See Order (a) Approving de Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements With Stalking Horse Bidders; And (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [ECF No. 256].

[6] The court-approved bidding procedures, which include the Assumption and Assignment Procedures, are attached to the Final Sale Procedures Order as Exhibit 1.

5. On October 18, 2022, the Debtors filed and served the Original Cure Schedule, and on October 28, 2022, the Debtors filed and served the Supplemental Cure Schedule. Thereafter, on November 1, 2022, the Debtors filed and served the Cure Schedule Amendment.

6. On October 28, 2022, the Debtors filed schedules of assets and liabilities and statements of financial affairs for each Debtor (collectively, the "Schedules and Statements"). Subsequently, on October 31, 2022, the U.S. Trustee held the section 341 meeting of creditors at which counsel for the Debtors indicated that the Debtors intend to file amended Schedules and Statements in the near future.

7. On November 1, 2022, the Court entered an order[7] (the "Generate Sale Order") approving the sale of CN Pledgor LLC's equity interests in CN Borrower LLC to Generate Lending, LLC (the "Generate Sale"). The Generate Sale Order provides that, with respect to contracts being transferred as part of the Generate Sale, any objections or responses to cure amounts, assumption and assignment, and adequate assurance of future performance must be filed by the Supplemental Objection Deadline.[8]

**OBJECTION**

8. Several creditors have filed formal objections to the Cure Schedules[9] and others have informally raised concerns with the Committee regarding the information (or lack thereof) that was provided in the Cure Schedules. The Committee previously negotiated an extension of the Original Objection Deadline, from the originally proposed deadline of October 25 to the current deadline of November 1. However, to the extent that any information regarding Cure Amounts

---

[7] See Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief [ECF No. 362].

[8] See Generate Sale Order, at ¶ 35.

[9] See, e.g., [ECF Nos. 263; 272; 337; 369, 370, 371, 372].

4

that was provided on the Cure Schedules differs from the information set forth in the Schedules and Statements (or in any forthcoming amendments or supplements thereto), the Committee objects to a Counterparty being prohibited from challenging the Cure Amount after the relevant Objection Deadline. The Committee further objects to a Counterparty being prohibited from challenging the Cure Amount after the relevant Objection Deadline to the extent that the Counterparty can show it did not receive sufficient information to identify its contract(s) within the Cure Schedules and file an objection prior to the relevant Objection Deadline.

## RESERVATION OF RIGHTS

9. The Committee reserves the right to supplement this Objection or to raise additional or further objections to the Cure Schedules, including any order related to the foregoing and/or exhibits to any of the foregoing, at or prior to a hearing involving the Cure Schedules, the Target Contracts, or any other relevant hearing.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the objections raised in this Objection be addressed and incorporated into revised Cure Schedules and that the Court grant such other and further relief as the Court deems just and proper.

Dated: November 1, 2022

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

*- and -*

Kristin K. Going (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Stacy A. Lutkus admitted (*pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-5404
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
         dazman@mwe.com
         salutkus@mwe.com
         nrowles@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I certify that on November 1, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs