IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-90273 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al* | § | |
| | § | Chapter 11 |
| Debtors | § | |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF VERIBI LLC F/K/A OFIPLEX NV LLC TO DEBTORS' PROPOSED CURE AMOUNT
### [RELATES TO DKT. #209]

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, VERIBI LLC f/k/a OFIPLEX NV LLC ("VERIBI"), and files this Limited Objection and Reservation of Rights (the "Objection") to the Notice of Filing of Cure Schedule in Connection with Proposed Sale [Dkt. #209] (the "Cure Notice"), and would show the Court, as follows:

### I.  FACTUAL AND PROCEDURAL BACKGROUND

1. The above-captioned Debtors and Veribi are parties to a Master Services Agreement (the "MSA"), wherein Debtors were to provide crypto mining hardware, equipment, and servicing to Veribi. The total consideration to be paid to Debtors under the MSA for these services totals $1,352,400, the majority of which has been paid to the Debtors, pre-petition. To date, Veribi has not received any of the hardware, equipment, and servicing provided in the MSA, despite near full payment for same.

2. On September 22, 2022, Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

3. On or about November 1, 2022, Veribi received the Cure Notice, which reflects a cure amount of $0.00 owing to Veribi under the Master Agreement.  The Cure Notice further

provides that any counterparty to an unexpired lease or executory contract must file their objection to the Debtors' Cure Notice on or before November 7, 2022 at 7:00 a.m. (Central Time).

## II. LIMITED OBJECTION

4. In order for the Debtors to assume and assign any executory contract or unexpired lease, the Debtors must cure any amounts or obligations outstanding thereunder pursuant to Section 365 of the Bankruptcy Code, and provide adequate assurance of future performance. See 11 U.S.C. § 365(b)(1).

5. To the extent the Debtors cure all amounts and obligations due and owing under the MSA, Veribi has no objection to the Debtors' assumption and assignment of the MSA.

6. The total cure amount owing to Veribi reflected on the Cure Notice is reflected as $0.00. While the Debtors may owe no monetary amounts to Veribi, Veribi asserts its position herein that in order for the Debtors to cure their pre-petition defaults under the MSA, the Debtors must render performance of the obligations called for in the MSA, namely, providing the hardware, equipment, and servicing for which Veribi has already tendered payment.

7. Veribi files this limited objection solely in order to ensure that it receives the proper cure of performance of the various obligations owing to Veribi under the MSA, upon Debtors' assumption and assignment of the MSA.

## III. RESERVATION OF RIGHTS

8. Veribi reserves the right to modify, supplement, and/or amend this Limited Objection as further information becomes available, including as to any additional amounts or obligations that may become due prior to the assumption date. Veribi reserves and retains all

rights to assert post-assumption reimbursement or other claims that may arise under the MSA relating to pre-assumption events.

WHEREFORE, PREMISES CONSIDERED, Veribi LLC. objects to the Cure Notice, and requests that the Court enter an order consistent with this Limited Objection, and grant all relief at law and in equity to which it may show itself justly entitled.

Dated: November 1, 2022

HOFFMAN & SAWERIS, P.C.

By: */s/ Alan Brian Saweris*
Alan Brian Saweris
State Bar Number: 24075022
S.D. Bar Number: 1850547
Matthew Hoffman
State Bar Number: 09779500
S.D. Bar Number: 3454
Riviana Building
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
713.654.9990 *Telephone*
713.654.0038 *Facsimile*
Attorneys for
Veribi LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2022, I sent a true and correct copy of the above and foregoing pleading to the parties registered to receive notice in this proceeding through the ECF system.

*/s/ Alan Brian Saweris*
Alan Brian Saweris

By email to the following parties:
Paul Hastings LLP
600 Travis Street 58th Floor
Houston, Texas 77002
Attn: James T. Grogan III (jamesgrogan@paulhastings.com)

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc Despins (lucdespins@paulhastings.com)
Sayan Bhattacharyya (sayanbhattacharyya@paulhastings.com)
Daniel Ginsberg (danielginsberg@paulhastings.com)

Paul Hastings, LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Matthew Micheli (mattmicheli@paulhastings.com)
Michael Jones (michaeljones@paulhastings.com)

McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Attn: Charles R. Gibbs (crgibbs@mwe.com)

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Kristin K Going (kgoing@mwe.com)
Darren Azman (dazman@mwe.com)
Stacy A. Lutkus (salutkus@mwe.com)
Natalie Rowles (nrowles@mwe.com)

Office of the United States Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff (Jayson.B.Ruff@usdoj.gov)
Jana Whitworth (Jana.Whitworth@usdoj.gov)