UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., et al., | Case No. 22-90273 (MI) *Jointly Administered* |
| Debtors. | |

**US DIGIGAL MINING TEXAS' (I) OBJECTION TO
(A) ASSUMPTION AND ASSIGNMENT OF AGREEMENT AND (B)
ASSERTION OF CURE AMOUNTS, AND (II) RESERVATION OF RIGHTS**

US DIGITAL MINING TEXAS ("**US Digital**") files this its (I) Objection to (A) Assumption and Assignment of Agreement and (B) Assertion of Cure Amounts, and (II) Reservation of Rights (the "**Objection**"), and objects to the assumption and/or assignment of its agreement with Compute North, LLC ("**Compute North**" or the "**Debtor**"), and states:

1. On June 20, 2022, US Digital and Compute North entered into a Master Agreement, together with Exhibit A (collectively, the "**Agreement**"). Pursuant to the terms of the Agreement, US Digital agreed to host 4,200 S19j Pro (100T) Bitmain machines (the "**Equipment**") with Compute North that would be utilized for Bitcoin mining. Under the Agreement, Compute North would provide facilities and hosting services for the Equipment. Under the Agreement, US Digital deposited $1.2 million with Compute North (the "**Deposit**"). Compute North was contractually required to provide power to any delivered machines and provide the hosting services no later than September 30, 2022. Compute North's failure to perform has damaged US Digital and may give rise to various remedies, including the recission of the Agreement.

2. As of September 22, 2022 (the "**Petition Date**"), US Digital had delivered 2,690

mining machines to Compute North pursuant to the Agreement. US Digital believes the mining machines are currently housed at the Wolf Hollow facility. Despite repeated requests for confirmation as required under the Agreement, Compute North has not provided confirmation regarding the location of the Equipment. The mining machines cannot be operated as the portion of the Wolf Hollow facility that purportedly houses US Digital's mining machines does not have electricity.

3. The anticipated energization date of US Digital's mining machines hosted with Compute North pursuant to the Agreement have not been energized and are not mining Bitcoin. As of the date of filing this Objection, US Digital has not received any information as to when it can expect the energization of its mining machines. In addition, US Digital has not received information regarding the status of its Deposit.

4. US Digital files this Objection (i) to preserve claims regarding the Deposit, including its right to offset and recoup the Deposit; (ii) to preserve its ability to contest the amount of cure claims; (iii) to require the cure of non-monetary defaults in connection with any assumption and/or assignment of the Agreement; (iv) to object to the lack of adequate assurance of future performance provided based on Compute North's present inability to ascertain the identity of the potential assignee of the contracts to which US Digital is a party and whether any such assignee is able to perform under such contracts; and (v) to preserve its rights to supplement the Objection.

5. The Debtors must satisfy the standards set forth in § 365 of the Bankruptcy Code in order to assume the Agreement. Section 365 also allows a debtor to assume and assign an executory contract to a third party, if the debtor (i) cures any outstanding default under the contract or provides adequate assurance the default will be promptly cured, (ii) compensates the

counterparty to the contract for any pecuniary loss or provides adequate assurance of compensation, and (iii) provides adequate assurance of the assignee's future performance of the contract.

### A. US Digital's Agreement was Not Listed on Debtor's Cure Schedule

6. On October 18, 2022, the Debtors filed their Notice of Filing Cure Schedule in Connection with Proposed Sale (Doc. No. 209) (the "**Cure Amount Pleading**").

7. Despite US Digital being a customer of Compute North, neither US Digital nor the Agreement were listed in the Cure Amount Pleading.

8. By its Objection, US Digital asserts that the Debtor is in default of the Agreement by virtue of its failure to provide energy and hosting services to the mining machines which would allow US Digital to earn Bitcoin, and its failure to account for the Deposit, which gives rise to monetary and non-monetary defaults. To the extent that the Debtor files a supplement to address or assert the amount of arrearages under the Agreement, US Digital reserves the right to contest any cure amounts that may be asserted by the Debtor.

### B. US Digital's Equitable Rights with Respect to the Deposit Cannot be Extinguished by the Assignment of the Agreement

9. The Agreement required US Digital to pay an initial deposit to Compute North. The Deposit was made.

10. US Digital adopts the arguments raised in *Marathon Digital Holdings, Inc.'s (I) Objection to (A) Assumption and Assignment of Contracts and Cure Amounts and (B) Proposed Generate Sale Order and (II) Reservation of Rights* (Doc. No. 337) regarding US Digital's continued entitlement to assert rights of offset or recoupment for the Deposit under the Agreement.

11. Any assumption and assignment must preserve US Digital's setoff, recoupment,

or similar equitable rights. US Digital objects to the assumption to the extent that such equitable rights are not preserved.

### C. US Digital Should be Allowed to Recover its Equipment

12. Section 4.1 of the Agreement describes the Effective Date and Term of the Agreement as follows:

> 4.1 <u>Term of Agreement</u>. This Agreement shall be effective as of the date on which it has been executed by Compute North and Customer (the "Effective Date") and, unless otherwise terminated, shall continue until all Equipment Terms for all Equipment under each Order Form have expired or terminated.

13. Section 4.2 of the Agreement outlines how and when the Equipment Terms commence and end as follows:

> 4.2 <u>Equipment Term</u>. The Equipment Term set forth on an Order Form for each piece of Equipment shall commence as of the date Compute North notifies Customer in writing that the Mining Equipment has been received and turned on by Compute North. Unless an Order Form provides otherwise, the Equipment Term shall renew for successive one (1) month periods unless one party notifies the other in writing at least thirty (30) days prior to the conclusion of the then-current Equipment Term.

14. While US Digital was repeatedly told that the machines would be operational, the machines were not deployed and operating by any of the dates previously represented by the Debtor. As of the date of this Objection, the Debtor has not notified US Digital that the Equipment (wherever it is located) has been turned on by Compute North as required by Section 4.2 of the Agreement and the Equipment has not been deployed to mine Bitcoin pursuant to the Agreement.

15. Section 5.2 of the Agreement provides that US Digital "shall pay to Compute North the Monthly Service Fees and the Monthly Package Fees (collectively, the "**Fees**") as set forth on the Order Form." The Order Form provides that the Fees "will be invoiced monthly

beginning on the date of Installation and are due upon receipt of invoices submitted by Compute North."

16. Section 8.3 of the Agreement provides that "provided that Customer has paid all amounts due and owing under [the Agreement] . . . [Compute North] shall decommission and make the [Equipment] available to Customer for pick up at, or shipment from, the Facility within thirty (30) of Customer's written request. Customer shall be responsible for all deinstallation, packing, storage, transportation, delivery, and other costs associated with removing and returning the [Equipment]."

17. US Digital has paid all amounts currently due and owing under the Agreement and hereby makes its written request to the Debtor to pick up its Equipment within thirty (30) days of the date of an entry by this Court of an Order permitting US Digital to exercise its right to recover its Equipment.

**D.     The Debtor Has Failed to Cure Outstanding Defaults or Provide Adequate Assurance of Future Performance to US Digital, Including with Respect to the Proposed Generate Sale.**

18. To the extent that the Debtor recognizes the Agreement as an executory contract, and seeks to assume and assign such executory contract, the Debtor has not been able to establish adequate assurances of future performance by the proposed assignee.

19. The Objection identifies non-monetary defaults. US Digital has not received any information as to the manner in which any proposed assignee will cure the non-monetary defaults.

20. To the extent the Debtors seek to assume and assign the Agreement in the sale to Generate, LLC or its assigns ("**Generate**") pursuant to the proposed sale order filed with this Court (Doc. No. 322) (the "**Proposed Generate Sale Order**"), the limitations in the proposed sale order filed with this Court do not comply with the requirements of § 365. The assumption

and assignment of contracts to Generate is subject only "to resolution of any pending, timely *Cure Disputes."* Proposed Generate Sale Order ¶ 11 (emphasis added). The term "Cure Dispute," as defined in the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (Doc. No. 256) (the "**Bidding Procedures Order**"), only includes an objection to the *cure amounts* listed in the Cure Amount Pleadings. See Bidding Procedures Order ¶ 22(j). "Cure Disputes" ***does not*** include objections based on outstanding performance defaults or adequate assurance objections. *See id.*

21. Any sale order entered by this Court must preserve US Digital's rights to later object in respect of existing defaults and to adequate assurance of future performance by Generate (or any other assignee) following entry thereof. In addition, US Digital's setoff, recoupment and other equitable rights must be expressly preserved. US Digital's inability to ascertain with any certainty the identity of the assignee of the contracts to which it is a party, before losing its right to object to that potential assignee's ability to provide adequate assurance of future performance, violates basic principles of due process and notice.

22. Accordingly, US Digital reserves all rights to further supplement this Objection if and when it learns the identity of the assignee of its Agreement between US Digital and the Debtor.

**Reservation of Rights**

23. US Digital reserves the right to amend or supplement this objection as necessary

to, among other things, (i) object to the assumption and assignment of the Agreement between US Digital and the Debtor in the event any supplemental cure schedule is filed, (ii) object to the proposed cure amounts thereunder, and (iii) object to any other relief sought by the Debtors in respect of the Agreement to which US Digital and the Debtor are a party. US Digital also reserves its rights to challenge or seek recission of the Agreement and its rights to object on any other grounds to the assumption or assignment of its agreements with the Debtor, including the failure to provide adequate assurance of future performance or of the ability to cure existing defaults, in accordance with the Bankruptcy Code and the Bidding Procedures Order.

/s/  Scott A. Stichter
Scott A. Stichter (Florida Bar No. 0710679)
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
Telephone:  (813) 229-0144
Pleadings:  sstichter.ecf@srbp.com
Correspondence:  sstichter@srbp.com
Counsel for US Digital Mining Texas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *US Digital Mining Texas' (I) Objection to (A) Assumption and Assignment of Contracts and Cure Amounts and (B) Proposed Generate Sale Order and (II) Reservation of Rights* has been furnished on this 2nd day of November, 2022, by the Court's electronic noticing system to all parties receiving electronic noticing, including the attached service list.

/s/ Scott A. Stichter
Scott A. Stichter

4894-1400-8125, v. 4

**SERVICE LIST**

By email to the following parties:

Paul Hastings LLP
600 Travis Street 58th Floor
Houston, Texas 77002
Attn: James T. Grogan III (jamesgrogan@paulhastings.com)

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc Despins (lucdespins@paulhastings.com)
Sayan Bhattacharyya (sayanbhattacharyya@paulhastings.com)
Daniel Ginsberg (danielginsberg@paulhastings.com)

Paul Hastings, LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Matthew Micheli (mattmicheli@paulhastings.com)
Michael Jones (michaeljones@paulhastings.com)

McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Attn: Charles R. Gibbs (crgibbs@mwe.com)

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Kristin K Going (kgoing@mwe.com)
Darren Azman (dazman@mwe.com)
Stacy A. Lutkus (salutkus@mwe.com)
Natalie Rowles (nrowles@mwe.com)

Office of the United States Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff (Jayson.B.Ruff@usdoj.gov)
Jana Whitworth (Jana.Whitworth@usdoj.gov)