UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------- x

In re:

COMPUTE NORTH HOLDINGS, INC., et al.

    Debtors.

----------------------------------------------------------------

Chapter 11

Case No. 22-90273 (MI)

(Jointly Administered)

Docket Entry No. 209

### LIMITED OBJECTION OF ALDER OPPORTUNITY, LP; ALDER SPV I, LLC; ALDER BTC, LLC; GH EFFECT, INC.; AND DIGITAL ALCHEMY, LLP TO PROPOSED SALE

Alder Opportunity, LP ("**Alder Opportunity**"); Alder SPV I, LLC ("**Alder SPV I**"); Alder BTC Holdings, LLC ("**Alder BTC**"; together with Alder Opportunity and Alder SPV I, the "**Alder Entities**"); GH Effect, Inc. ("**GH Effect**"); Digital Alchemy LLC ("**Digital Alchemy**," and together with the Alder Entities and GH Effect, the "**Customers**") hereby submit this Limited Objection (the "**Limited Objection**") to the proposed sale of the Debtors' assets in accordance with the Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contract and Unexpired Leases (the "**Final Bid Procedures Order**," Docket Entry No. 256). In support of this Objection, the Customers respectfully state as follows:

### PRELIMINARY STATEMENT

1.    Each of the Customers is a counterparty to certain Master Agreements with one of the jointly administered Debtors, Compute North, LLC (the "**Compute North**"). In connection

1

with entry into the Master Agreements, the Customers delivered to Compute North certain Bitmain cryptocurrency Antminers, as particularly detailed in the Customers' respective Order Forms (the "**Equipment**"), which Equipment Compute North was obligated to deploy under the Master Agreements. The Equipment was not purchased from Compute North and is the property of the Customers. The Customers object to the proposed sale to the extent that the Debtors seek to sell the Customers' Equipment, which is not property of the Debtors' estates. The Customers' also object to the sale on the ground that they have received no information regarding the identity of the purchaser(s) of the Debtors' assets, which information should be disclosed in advance of the Sale hearing.

## BACKGROUND

### A. The Bankruptcy Case

2. On September 22, 2022 (the "**Petition Date**"), Compute North Holdings, Inc. and eighteen affiliates, including Compute North (together, the "**Debtors**"), filed chapter 11 petitions with this Court. Since the Petition Date, the Debtors have continued to operate and manage their business as a debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On October 13, 2022, the Court entered the Order (A) Approving de Minimis Asset Sale Procedures; (B) Approving Rejection Procedures and Certain Assumption and Assignment Procedures and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Further Hearing on the Approval of the Debtors' Proposed Bidding Procedures and Related Relief (the "**Initial Bid Procedures Order**," Docket No. 191).

4. On October 24, 2022, the Court entered the Final Bid Procedures Order. The Final Bid Procedures Order provides a November 3, 2022, deadline to file sale objections.

**B.    The Master Agreements**

5. The Customers are parties to the following master agreements (the "**Master Agreements**") with Compute North, under which Compute North agreed to provide colocation and other managed services for the Customers' Equipment:

   a. Master Agreement dated 7/26/2022 between Debtor Compute North and Alder BTC;

   b. Master Agreement dated 7/26/2022 between Debtor Compute North and Alder Opportunity;

   c. Master Agreement dated 7/26/2022 between Debtor Compute North and Alder SPV I;

   d. Master Agreement dated July 27, 2022, between GH Effect and Debtor Compute North; and

   e. Master Agreement dated July 26, 2022, between Digital Alchemy and Debtor Compute North.

6. In connection with entry into the Master Agreements, the Customers delivered the Equipment to Compute North, which Compute North was obligated to deploy under the Master Agreements.

7. The Customers paid the following deposits (the "**Deposits**") under the Master Agreements, which represents the last two months of monthly service and package fees under the relevant Customer's Master Agreement:

   a. $38,925.60 paid by Alder BTC;

   b. $44,981.40 paid by Alder Opportunity;

   c. $152,924.40 paid by Alder SPV I;

   d. $62,166.00 paid by GH Effect; and

  e. $141,622.20 paid by Digital Alchemy.

8. None of the Customers appear on Compute North's Schedules.

9. Compute North has never deployed the Customers' Equipment pursuant to the Master Agreements and the Debtors remain in possession of the Customers' Deposits and Equipment. As a result of these defaults, the Customers have lost, and continue to lose, revenue.

10. Each of the Customers have filed objections to cure and will timely file objections to adequate assurance of future performance of the Master Agreements due to the Compute North's prepetition default as described herein.

## **LIMITED OBJECTION**

11. Under Section 363(b)(1) of the Bankruptcy Code, the Debtors may sell property of the estate. Property held by the Debtor on behalf of another is not property of the bankruptcy estates. *See e.g., Beiger v. I.R.S.*, 496 U.S. 53, 59 (1990) ("Because the debtor does not hold an equitable interest in the property he hold in trust for another, that interest is not 'property of the estate.'") The Equipment is not property of these bankruptcy estates, but is the Customers' property. The Customers object to the proposed sale of the Debtors' assets to the extent that the Debtors seek to sell the Customers' Equipment and respectfully request that the Court enter an order denying the sale to the extent that the Debtors seek to sell the Customers' Equipment.

12. The Customers' also object to the sale on the ground that they have received no information regarding the identity of the proposed purchaser(s) of the Debtors' assets or any adequate assurance information whatsoever. As a result, the Customers are unable to evaluate whether the Debtors' obligations under the Master Agreements will be performed and/or when the Equipment will be returned to the Customers. This information should be disclosed well in advance of the Sale hearing.

13. At the very least, in the event the Debtors assume the Master Agreements over the Customers' objections or assume and assign the Master Agreements to a Successful Bidder over the Creditors' objections, the Deposits, if not returned to the Customers promptly, should be preserved by the Debtors or the Successful Bidder, as applicable, and applied against future monthly fees consistent with the terms of the Master Agreements.

Dated: November 3, 2022.	POLSINELLI PC

By: */s/ Meredyth A. Kippes*
Meredyth A. Kippes (SBN 24007882)
2950 N. Harwood Street, Suite 2100
Dallas, Texas  75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
mkippes@polsinelli.com

*Counsel for the Customers*

## CERTIFICATE OF SERVICE

I certify that on November 3, 2022, a true copy of the foregoing was served on those parties who consent to service by the Court's ecf notification system and by the method and on the following parties as indicated:

*/s/ Meredyth A Kippes.*
Meredyth A. Kippes

By email to the following parties:

Paul Hastings LLP
600 Travis Street
58th Floor
Houston, Texas 77002
Attn: James T. Grogan III (jamesgrogan@paulhastings.com)

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc Despins (lucdespins@paulhastings.com)
Sayan Bhattacharyya (sayanbhattacharyya@paulhastings.com)
Daniel Ginsberg (danielginsberg@paulhastings.com)

Paul Hastings, LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Matthew Micheli (mattmicheli@paulhastings.com)
Michael Jones (michaeljones@paulhastings.com)

McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Attn: Charles R. Gibbs (crgibbs@mwe.com)

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Kristin K Going (kgoing@mwe.com)
Darren Azman (dazman@mwe.com)
Stacy A. Lutkus (salutkus@mwe.com)
Natalie Rowles (nrowles@mwe.com)

Office of the United States Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff (Jayson.B.Ruff@usdoj.gov)
Jana Whitworth (Jana.Whitworth@usdoj.gov)

86648401