## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

### SUNBELT SOLOMON SERVICES, LLC's LIMITED OBJECTION TO
### DEBTORS' PROPOSED SALE AND RESERVATION OF RIGHTS

Sunbelt Solomon Services, LLC (together with Solomon Corporation and its other affiliated parties in interest, "**Solomon**"), a significant supplier and creditor of the Debtors, hereby submits its Limited Objection to Debtor's Proposed Sale and Reservation of Rights (the "**Objection**") with respect to the proposed sale of the Debtors' assets in accordance with the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment and Rejection Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contract and Unexpired Leases* [Docket Entry No. 256] (the "**Final Bid Procedures Order**"). In support of this Objection, Solomon respectfully shows the Court as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397) CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190) CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639) Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these Chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

## BACKGROUND

1.      Prior to September 22, 2022 (the "**Petition Date**"), Solomon entered into a series of agreements with Compute North LLC, one of the Debtors. These agreements include a December 20, 2021 Master Sale, Rental and Services Agreement (the "**Master Agreement**") and a series of subsequently-issued Purchase Orders issued thereunder between 2021 and 2022 (the "**P.O.s**" and together with the Master Agreement, the "**CN Contracts**"). Pursuant to the CN Contracts, Solomon delivered customized high-voltage Padmount Transformers (the "**Transformers**"), as well as Equipment rentals and Equipment servicing, to the Debtors, and issued corresponding invoices under the Master Agreement.  Transactions were only consummated on a small number of the Transformers at issue, which can be traced by serial number.

2.      Relevant here, the sales to Debtors for most of the Transformers  have not been closed and/or consummated. Solomon continues to possess an ownership interest in those Transformers.  As a result, these Transformers are and remain property of Solomon, and are not property of the Debtors' estates, notwithstanding their presence in Debtors' lay-down or storage yards. There is no valid argument that liens of any secured lenders of Debtors would have attached to these Transformers.  Moreover, based upon Solomon's diligent inquiry and search of relevant recorded instruments, none of the liens of Debtors' secured creditors even purportedly attach to Solomon's Transformers referenced herein. However, Solomon understands that multiple bidders may desire to acquire these Transformers, alongside any purchase of other assets or Transformers from the Debtors.  Solomon is aware that Debtors intend to sell assets through an auction or otherwise, and in the event a party submits a bid  to purchase 11 high-voltage padmount transformers, coordination of such sales by serial number with Solomon will be required to give Solomon an opportunity to elect to sell its property alongside Debtors to assist the estate's sale

efforts.  For the avoidance of doubt, Solomon does not object to the sale of these Transformers for which sales have been consummated (Serial Nos. 902403 and 902404), but Solomon asserts a limited objection to the sale of any of its Transformers without its consent and receipt of payment for same as part of such sale, (some of which can be identified by Serial Nos. YT-22-10994, YT-22-10995, YT-22-10996, YT-22-10997, YT-22-10998, YT-22-10999, YT-22-11000, YT-22-11001, and YT-22-11002). Each of these unpaid Transformers has a sale price of $50,000 according to the agreement between Solomon and the Debtors. *See* Ex. 1 (Invoice No. 361903) and Ex. 2 (Invoice No. 362739).

3.      To the extent any bidder seeks to purchase pad mount transformers as part of the assets to be purchased, Solomon requests that Debtor provide information regarding such interest so that coordination regarding ownership can be established, typically through the serial numbers on the pad mount transformers (as well as other information or specifics from Debtors).  Upon provision of such information, it will enable Solomon and Debtors to correctly ascertain ownership of same.  Thus, Solomon submits this limited objection to the sale of any of the Transformers Solomon still owns without full compensation from the purchaser directly to Solomon for those specific Transformers and correct classification of ownership of such Transformers in any such transaction. Solomon is not in a position to state with certainty whether there is any overlap between the Transformers it owns and those any prospective purchaser may be interested in, nor can Solomon conclude at this point Debtors' intended treatment of Solomon's rights thereto, to the extent of any overlap.

4.      Solomon therefore files this limited Objection on several bases. First, Solomon objects to any sale or attempt to auction off Solomon's property. To the extent the Debtors plan to sell Solomon's Transformers for which the transactions for Debtors' purchase have not yet been

consummated, and such Transformers remain the property of Solomon and are not property of the Debtors' estate under the agreements and applicable law, Solomon's consent and participation is required. Solomon further objects to the extent any bid does not contemplate payment directly to Solomon for such Transformers, for the reasons stated above.  Solomon objects to any bid or sale to the extent the Debtors do not intend to allow such purchaser, if successful, to pay Solomon directly for such Transformers, as such Transformers remain the property of Solomon and not the Debtors' estate. At this time, however, Solomon does not have sufficient information to determine which, if any, of its Transformers are part of any bid proposal; however, Solomon will engage with Debtors to resolve such issues to only facilitate any sale as noted above.   Finally, Solomon objects to the extent there is any overlap between any bid and the Solomon Transformers, as the Debtors have not provided any assurances to Solomon as to how they plan to treat such an overlap or competing bids.

5.     Solomon reserves its rights to amend this Objection.

## LIMITED OBJECTION

6.     Under Section 363(b)(1) of the Bankruptcy Code, the Debtors may sell property of the estate. *See* 11 U.S.C. § 363. Property held by the Debtor on behalf of another is not property of the bankruptcy estates. *See e.g., Beiger v. I.R.S.*, 496 U.S. 53, 59 (1990) ("Because the debtor does not hold an equitable interest in the property[,] he hold in trust for another, that interest is not 'property of the estate.'"). All of Solomon's Transformers for which sales have not been closed or consummated and Solomon's rights therein have been protected are not property of the Debtors' bankruptcy estates, but are and remain Solomon's property. Subject to working out the appropriate payments from the prospective bidders, as the case may be, Solomon is willing to sell the Transformers it owns to such purchasers as part of the sale for the amounts previously agreed upon

pursuant to the CN Contracts, provided the proceeds for such property are directed to Solomon. Otherwise, Solomon objects to the proposed sale of the Debtors' assets to the extent that the Debtors seek to sell Solomon's Transformers and respectfully requests that the Court enter an order denying the sale to the extent that the Debtors seek to sell Solomon's Transformers for which sales have not been closed and/or consummated.

DATED:   November 4, 2022       **MAYER BROWN LLP**
         Houston, Texas

                                */s/  Brandon F. Renken*
                                Charles S. Kelley
                                Texas Bar No. 11199580
                                Brandon F. Renken
                                Texas Bar No. 24056197
                                Andrew C. Elkhoury
                                Texas Bar No. 24097648
                                700 Louisiana Street, Suite 3400
                                Houston, TX 77002
                                Telephone: (713) 238-3000
                                Email: ckelley@mayerbrown.com
                                       brenken@mayerbrown.com
                                       aelkhoury@mayerbrown.com

                                ***Attorneys for Sunbelt Solomon Services, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in this case on November 4, 2022.

                                */s/ Brandon F. Renken*
                                Brandon F. Renken