**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90237 (MI) |
| Debtors. | ) (Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING THE
DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES
AND STATEMENTS OF FINANCIAL AFFAIRS**

Compute North Holdings, Inc ("**CN**" as applicable) and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and, collectively, the "**Statements**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

Harold Coulby has signed each set of the Schedules and Statements. Mr. Coulby serves as the Chief Financial Officer of the Debtors and has previously been with the Debtors since May 2022 and has been authorized to execute the Schedules and Statements on behalf of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Coulby necessarily has relied upon the efforts, statements, and representations of the Debtors' legal and financial advisors and various personnel employed by the Debtors. Given the scale of the Debtors' business covered in the Schedules and Statements, Mr. Coulby has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NE05 LLC (3478); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, and are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors, their agents, attorneys, and financial advisors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which a claim (as defined in section 101(5) of the Bankruptcy Code) is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors. Further, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Global Notes and Overview of Methodology**

The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

1. **Description of the Cases**. On September 22, 2022 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On September 22, 2022, the Bankruptcy Court entered an order, along with other orders, authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 43]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Basis of Presentation**. On September 23, 2022, the Court entered the Order (I) Extending Time to File (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Related Relief [Docket No. 45]. For financial reporting purposes, the Debtors prepare consolidated financial statements and have done so since inception. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"). The Debtors used reasonable efforts to attribute the assets and liabilities to each particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Moreover, the Debtor has never considered their accounting and operating practices to assume separate legal entities; therefore, it is possible intercompany balances between legal entities may vary materially. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3. **Reporting Date**. Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on September 22, 2022. The liability values are as of the Petition Date and may have been adjusted for authorized payments made under the First-Day Orders (as defined below).

4. **Current Values**. The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5. **Consolidated Entity Accounts Payable and Disbursement Systems**. As described in the *Debtors' Emergency Motion For Entry of an Order (I) Authorizing the Debtors to (A)*

*Continue to Operate Their Existing Cash Management System; (B) Maintain Their Existing Bank Accounts and Business Forms; (C) Pay Related Prepetition Obligations; and (D) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 19] (the "**Cash Management Motion**"), the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**"). The Debtors maintain a consolidated disbursements system to pay the majority of operating and administrative expenses through centralized disbursement accounts. Several Debtors maintain bank accounts for specific sites operated for collection.

6. **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. The Debtors acknowledge that certain assets, liabilities, and payments may be eligible for reporting in multiple statements and schedules but have only been disclosed once in accordance with reporting requirements. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

7. **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. As such, wherever possible and / or as noted, net book values as of the Petition Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that have been fully depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements. The Debtors took reasonable actions to note any particular assets with no net book value with any potential market value.

8. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

9. **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items from the Schedules and Statements: certain accrued liabilities, including, without limitation, accrued salaries and wages, employee benefit accruals, accrued tax obligations, and certain other accruals, certain prepaid and

other current assets considered to have de minimis or no market value. Other immaterial assets and liabilities also may have been excluded.

10. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

11. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

12. **Payment of Prepetition Claims Pursuant to First-Day Orders**. Pursuant to a number of motions filed on the first day of the Debtors' chapter 11 cases (the "**First-Day Motions**"), the Debtors sought authority to pay certain outstanding prepetition payables pursuant to a Bankruptcy Court order. The Bankruptcy Court entered various orders authorizing the Debtors to pay certain of the outstanding prepetition payables they sought to pay under the First-Day Motions (collectively, the "**First-Day Orders**"). As such, outstanding liabilities may have been reduced or will be reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities, to the extent that any such action is necessary. For the avoidance of doubt, the Debtors are not required and may not amend the Schedules and Statements to reflect the postpetition payment of prepetition obligations under the First-Day Orders to avoid having to avoid duplicate payment. Nothing contained herein should be deemed to alter the rights of any party-in-interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

13. **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

14. **Property, Plant, and Equipment**. Expenditures for additions, renewals and improvement capital projects are capitalized at cost and are not depreciated until the capital projects are placed into service. Depreciation is generally computed on a straight-line method based on the estimated useful lives of the related assets. The Debtor valuates property, plant, and equipment using historical cost less depreciation, or ASC 842 valuation for certain office equipment and software. The estimated useful lives of the major classes of depreciable assets are 3 to 5 years for mining equipment and other equipment, and furniture and fixtures, software and containers; 10 years for infrastructure costs relating to colocation center buildout (or the term of the asset life, if less); 20 years

for medium power transformers ("MPT"), padmount transformers and switch gears not attached to a container; and 30 years for all construction and development of on-site buildings. Leasehold improvements are depreciated over the shorter of the remaining useful life or the remaining term of the lease. Expenditures for repairs and maintenance are charged to operations as incurred. Land owned by the Debtors and used for colocation at sites are not depreciated. The Debtors evaluate annually whether current events or circumstances indicate that the carrying value of its depreciable assets may not be recoverable and are subsequently written off. The Debtors' actions in the aforementioned activities are reasonably de minimis to normal-course operations and is reviewed on a case-by-case basis. The assets are presented without considering any liens that the Debtors' may hold as of the Petition Date.

15. **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

    a. Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

    b. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

    c. The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

6

d.     The claims of individual creditors for, among other things, goods, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

e.     The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.     The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim. Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any claim against the Debtors or any assertion made or a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

g.     The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

h.     Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

      i.      Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

      j.      In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

      k.      The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose

16. **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

17. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including, but not limited to, amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates.

18. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to the Debtors' Statements**

1. **Part 1**

   a. **1.2.** Includes non-business revenue regardless of if taxable. The Debtor entity Compute North NY09 LLC recognized $66,000 of income for scrap value of a damaged container in 2021. This was supposed to be recognized through a credit on a subsequent container invoice. To date, the Debtor does not believe that the credit has been applied or realized. The Debtor entity Compute North Texas LLC recognized $2,531,521.71 in a settlement from the demand response that was triggered by the 2021 Texas winter storm.

2. **Part 2**

   a. **2.4.** Payments or transfers made to insiders. Amounts paid to Harold Coulby are reflective of total amounts paid since June 28, 2022, when he was promoted to an officer position for the Debtors. The Debtors have amended this schedule to include all payments on the date they were paid. The previous filing reported salary and bonuses as of September 22, 2022 for management on a consolidated basis for the year prior to filing.

   b. **2.5.** Repossessions, foreclosures and returns on property within one year before filing. The Debtor has not experienced any repossessions, foreclosures and returns including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure or returned to the seller within one year before filing.

   c. **2.6.** Lists setoffs within 90 days of filing. The Debtor has not experienced any setoffs within 90 days of filing.

3. **Part 3**

   a. **3.7.** Lists legal actions, proceedings, investigations, arbitrations, mediations, and audits. Compute North LLC and Compute North TX06 LLC entered into a settlement agreement with Tenaska Colocation Services, LLC effective September 24, 2021. While the agreement involves both of the Debtor entities, Compute North LLC received two wire transfer payments of $500,000 each from Tenaska Colocation Services in 2021 and early September 2022.

   b. **3.8.** Lists any property in the hands of an assignee for the benefit of creditors. The value associated with the custodian Wilmington Trust, National Association was released to Compute North LLC in either February or March of 2022. The Debtor does not have official documentation of the final release date.

4. **Part 5**

    a. **5.10.** Losses from fire, theft or casualty within 1 year. With respect to Compute North Holdings, Inc., the loss from a fire on March 16, 2022 was covered by warranty. With respect to Compute North Holdings, Inc., a claim from August 22, 2022 is still open. The $4,000 provided is an estimate. With respect to Compute North Holdings, Inc., the Debtor lost property of both hard and soft assets they had previously invested capital into as part of the Settlement Agreement.

5. Part 6

    a. **6.12.** Lists all property transferred to self-settled trust with the Debtor as the beneficiary. The Debtor has not been a part of any property transfers to a self-settled trust or similar device of which the Debtor is a beneficiary within ten years of filing.

    b. **6.13.** Lists property transferred within two years of filing. The Debtor has not transferred any property, other than in the ordinary course of business, within two years of filing.

6. Part 7

    a. **7.14.** Lists all previous addresses used by the Debtor. The Debtor has never occupied the following addresses: 2474 Buffalo Avenue, Buffalo, NY 14303 related to Compute North NY09 LLC; 4023 SH 60 HWY, Wharton, TX 77488 related to CN Colorado Bend LLC; 1102 McKenzie Rd, Corpus Christi, TX 78410 related to CN Corpus Christi LLC; and 1404 N. Rd. Kearney County, Minden, NE 68959 related to CN Minden LLC. Operations for these entities were conducted at the Debtors' headquarters located at 7575 Corporate Way, Eden Prairie, MN 55344. The start dates listed for Compute North Texas LLC at 1600 First Ave, Big Spring, TX 79720 on March 15, 2018, and Compute North SD LLC at 508 Gateway Drive, North Sioux City, SD 57049 on September 1, 2018, represent original lease start dates. All start dates listed for entities located at the Debtors' headquarters of 7575 Corporate Way, Eden Prairie, MN 55344 represent the date of formation of the entity as the date of occupancy began immediately upon formation.

7. Part 8

    a. **8.15.** Healthcare bankruptcies. The Debtor is not in healthcare services.

8. Part 10

    a. **10.18.** Lists financial accounts and instruments held in the name of the Debtor. Compute North LLC had funds that were held in an escrow account under a credit agreement with Post Road Administrative LLC for the Kearney project. When this debt was refinanced under the credit agreement with Generate Lending LLC

the funds were returned (and account closed). These funds were held in Escrow Accounts, not Checking, Saving, Money Market or Brokerage Accounts.

9. Part 11
    a. **11.21.** Location of miners: The listed cryptocurrency mining equipment is located at one of the Debtors' owned or managed facilities or held in storage by the Debtors.

10. Part 12

    a. **12.22.** Environmental law. The Debtor has not been involved in any judicial or administrative proceedings involving Environmental Law.

    b. **12.23.** Received sites of violation. The Debtor has not received any notices of potential violation regarding Environmental Law.

    c. **12.24.** Provided sites of violation. The Debtor has not provided any notices of potential violation regarding Environmental Law.

11. Part 13

    a. **13.25.** Lists any business for which the debtor has or had an interest. Each business listed by the Debtor and its various entities represents a current involvement by the Debtor. Equity interest is still held by the Debtor as the entity still exists as of the Petition Date.

    b. **13.26a.** Bookkeepers and accountants used within 2 years of the case. Harold Coulby serves as the Chief Financial Officer ("CFO") effective June 30, 2022, and his employment began on May 9, 2022. The prior CFO was Tad Piper. Mark Bader serves as the Corporate Controller effective June 7, 2021. The prior controller was Amanda Piff.

    c. **13.26b.** Lists firms and individuals who audited the books and records or prepared financial statements within 2 years of the case. The beginning date for each entity should be the later of (i) May 6, 2021 (the initial date of engagement and execution date of Engagement Letter with Deloitte & Touche LLP) or (ii) the date the entity was established.

    d. **13.27a/27b.** Lists inventories of the Debtors' property for the past two years and custodians. No inventories of the Debtors' property have been taken within the last two years for any entity.

    e. **13.28.** Lists the Debtors' officers, directors, and members in control at the time of filing. For all entities other than Compute North Holdings, Inc., each entity is a Debtor and a wholly owned subsidiary of Compute North LLC. Each of the

wholly owned Debtor subsidiaries of Compute North LLC are member managed. Dave Perrill, a former officer, holds ownership in the name of Perrill Technology LLC, of which the individual is the sole member. PJ Lee, a current director, holds ownership in the name of Coeranbrooke LLC, of which the individual is the sole member. Compute North LLC is wholly owned by Compute North Holdings, Inc.

f.  **13.29.** Lists officers, directors and managing members who withdrew within one year of the case. For all Debtors other than Compute North Holdings, Inc., each Debtor is a Debtor and a wholly owned subsidiary of Compute North LLC. Each of the wholly owned Debtor subsidiaries of Compute North LLC are member managed.

g.  **13.30.** Payments, distributions, or withdrawals credited to an insider. All information for this question is listed in Part 2, Question 4.

h.  **13.31.** Lists tax consolidation groups of which the Debtor has been a member of during the previous six years before filing. On November 4, 2020, the company reorganized into a C-Corp. A return was filed through November 30, 2020, for the stub period prior to reorganization into a C-Corp. An additional stub was filed for November 4, 2020, through December 31, 2020, after reorganization into a C-Corp.

i.  **13.32.** Pension funds that the Debtor has contributed to the past 6 years. The Debtor as an employer is not responsible for contributing to any pension funds.

| Fill in this information to identify the case: | |
|---|---|
| Debtor | CN Big Spring LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number (if known) | 22-90277 |

☒ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

**1. Gross revenue from business**

☒ None

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

### Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

**5. Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

**6. Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

### Part 3:  Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☒ None

| Debtor | CN Big Spring LLC | Case number (if known) | 22-90273 |
|---|---|---|---|
| | (Name) | | |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.
   ☒ None

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**
   ☒ None

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**
    ☒ None

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.
    ☒ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.
    ☒ None

13. **Transfers not already listed on this statement**
    List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
    Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.
    ☒ None

### Part 7: Previous Locations

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.
    ☐ Does not apply

    | Address | Dates of occupancy |
    |---|---|
    | 7575 CORPORATE WAY<br>EDEN PRAIRIE, MN  55344 | From 11/23/2021   To PRESENT |

### Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for :
    — diagnosing or treating injury, deformity, or disease, or
    — providing any surgical, psychiatric, drug treatment, or obstetric care?
    ☒ No. Go to Part 9.

### Part 9: Personal Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**
    ☐ No.
    ☒ Yes.  State the nature of the information collected and retained.      Primary customer contact name, email, and phone (optional) in MinerSentry database

| Debtor | CN Big Spring LLC | Case number (if known) | 22-90277 |
|---|---|---|---|
| | (Name) | | |

|  |  |
|---|---|
| | Does the debtor have a privacy policy about that information?<br>☒ No<br>☐ Yes |
| 17. | **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**<br>☒ No. Go to Part 10.<br>☐ Yes. Does the debtor serve as plan administrator? |

| Part 10: | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

| 18. | **Closed financial accounts**<br>Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?<br>Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.<br>☒ None |
|---|---|
| 19. | **Safe deposit boxes**<br>List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.<br>☒ None |
| 20. | **Off-premises storage**<br>List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.<br>☒ None |

| Part 11: | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

| 21. | **Property held for another**<br>List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.<br>☒ None |
|---|---|

| Part 12: | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

| 22. | **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.<br>☒ No<br>☐ Yes. Provide details below. |
|---|---|
| 23. | **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**<br>☒ No<br>☐ Yes. Provide details below. |
| 24. | **Has the debtor notified any governmental unit of any release of hazardous material?**<br>☒ No<br>☐ Yes. Provide details below. |

| Part 13: | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

| Debtor | CN Big Spring LLC | Case number (if known) | 22-90273 |
|---|---|---|---|
| | (Name) | | |

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.
☒ None

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Dates of service | | |
|---|---|---|---|
| HAROLD EUGENE COULBY ADDRESS REDACTED | From 6/28/2022 | To | CURRENT |
| MARK BADER ADDRESS REDACTED | From 6/7/2021 | To | CURRENT |
| TAD W PIPER ADDRESS REDACTED | From 5/12/2020 | To | 6/28/2022 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.
☐ None

| Name and address | Dates of service | | |
|---|---|---|---|
| DELOITTE & TOUCHE LLP 50 SOUTH 6TH STREET SUITE 2800 MINNEAPOLIS, MN  55402 | From 5/6/2021 | To | CURRENT |
| RSM US LLP 801 NICOLLET MALL SUITE 1200 MINNEAPOLIS, MN  55402 | From 4/28/2021 | To | CURRENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.
☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| HAROLD EUGENE COULBY 7575 CORPORATE WAY EDEN PRAIRIE, MN  55344 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.
☒ None

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?
☒ None

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**
☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| COMPUTE NORTH LLC | 7575 CORPORATE WAY EDEN PRAIRIE | WHOLE OWNER | 100 |
| DAVE PERRILL | ADDRESS REDACTED | DIRECTOR | |
| EDWARD DRAKE HARVEY III | ADDRESS REDACTED | PRESIDENT | |
| ELI SCHER | ADDRESS REDACTED | DIRECTOR | |
| HAROLD EUGENE COULBY | ADDRESS REDACTED | CHIEF FINANCIAL OFFICER AND TREASURER | |
| JASON STOKES | ADDRESS REDACTED | CHIEF LEGAL OFFICER | |
| JOSE LIMA | ADDRESS REDACTED | DIRECTOR | |

Official Form 207   Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   Page 4 of 6

| Debtor | CN Big Spring LLC | | Case number (if known) | 22-90273 |
|---|---|---|---|---|
| | (Name) | | | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| KRISTYAN MJOLSNES | ADDRESS REDACTED | HEAD OF MARKETING AND SUSTAINABILITY | |
| KYLE WENZEL | ADDRESS REDACTED | CHIEF COMMERCIAL OFFICER | |
| PJ LEE | ADDRESS REDACTED | DIRECTOR | |
| SCOTT TILLMAN | ADDRESS REDACTED | DIRECTOR | |
| SPENCER WILLIAM BARRON | ADDRESS REDACTED | CHIEF ADMINISTRATIVE OFFICER | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| DAVE PERRILL | ADDRESS REDACTED | FORMER CHIEF EXECUTIVE OFFICER, CURRENT DIRECTOR | From 1/1/2020 | To 9/6/2022 |
| MARSHALL JOHNSON | ADDRESS REDACTED | FORMER DIRECTOR AND CURRENT BOARD ADVISOR | From 6/17/2019 | To 2/2/2022 |
| STEVE STENBECK | ADDRESS REDACTED | FORMER DIRECTOR | From 3/3/2022 | To 7/31/2022 |
| TAD W PIPER | ADDRESS REDACTED | FORMER CHIEF FINANCIAL OFFICER | From 5/12/2020 | To 6/28/2022 |
| TOM KIEFFER | ADDRESS REDACTED | FORMER DIRECTOR AND CURRENT BOARD ADVISOR | From 1/1/2021 | To 2/2/2022 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| SEE SOFA Q4 | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| COMPUTE NORTH HOLDINGS, INC. | 85-3774534 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ None

| Debtor | CN Big Spring LLC | Case number (if known) | 22-90273 |
|---|---|---|---|
| | (Name) | | |

### Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/04/2022.

✗ /s/ Harold Coulby
Signature of individual signing on behalf of the debtor

Harold Coulby
Printed Name

Chief Financial Officer and Treasurer
Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes