**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP
AS COUNSEL EFFECTIVE OCTOBER 9, 2022**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN
> WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE
> YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/
> WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS
> FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST
> FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK
> WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS
> FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED
> AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors of Compute North Holdings, Inc., *et al*.

(the "Committee") submits this application (the "Application") for the entry of an order,

substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention

of McDermott Will & Emery LLP ("McDermott") as counsel to the Committee, effective October

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

9, 2022, pursuant to sections 327, 328, 330, and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and the U.S. Trustee Guidelines (defined herein).  In support of this Application, the Committee submits the Declaration of Charles R. Gibbs (the "Gibbs Declaration"), attached hereto as **Exhibit B**, and the Declaration of Asher Genoot as Chair of the Committee (the "Genoot Declaration"), attached hereto as **Exhibit C**, both of which are incorporated herein by reference.  In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the above-captioned chapter 11 cases (the "Chapter 11 Cases") and this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The relief requested is consistent with the U.S. Trustee Guidelines.  Venue of the Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 327, 328, 330, and 1103(a).  Relief is also proper pursuant to Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3.      On September 22, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors continue

to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.      On October 6, 2022, pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code), the Office of the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the following entities as members of the Committee: (a) RK Mission Critical LLC; (b) Touzi Capital, LLC; (c) Sunbelt Solomon; (d) U.S. Data Mining Group, Inc. d/b/a US Bitcoin Corp; and (e) MP2 Energy LLC d/b/a Shell Energy Solutions [ECF 139].  On October 9, 2022, the Committee selected McDermott to serve as its counsel in connection with the Chapter 11 Cases.

## RELIEF REQUESTED

5.      By this Application, the Committee requests entry of the proposed order, attached hereto as Exhibit A, approving the employment and retention of McDermott effective as of October 9, 2022, which is the date on which the Committee selected McDermott to serve as its counsel and the date that McDermott began rendering services to the Committee.  Subject to the terms set forth herein, the Committee seeks to retain McDermott in accordance with McDermott's normal hourly rates in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1.

## THE RETENTION OF MCDERMOTT IS WARRANTED

6.      The Committee believes that McDermott possesses extensive knowledge and expertise in the substantive areas of law relevant to the Chapter 11 Cases and is well qualified to represent the Committee herein.  In selecting counsel, the Committee sought attorneys with considerable experience representing the interests of unsecured creditors in chapter 11 cases of this nature.  McDermott has represented unsecured creditors' committees and the interests of unsecured creditors in numerous other cases.  McDermott also has a broad-based practice in other

key areas of law relevant to the Chapter 11 Cases.  The Committee believes that McDermott is

well qualified to serve as its counsel in the Chapter 11 Cases.

I. **Scope of Services**

7.      McDermott will render, among other things, the following legal services to the

Committee:

a)      Advise the Committee with respect to its rights, powers, and duties in these Chapter 11 Cases;

b)      Participate in in-person and telephonic meetings of the Committee and subcommittees formed thereby, if any;

c)      Assist and advise the Committee in its meetings and negotiations with the Debtors and other parties in interest regarding the Chapter 11 Cases;

d)      Assist the Committee in analyzing claims asserted against, and interests in, the Debtors, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

e)      Assist the Committee in analyzing the Debtors' assets and liabilities, including in its review of the Debtors' Schedules of Assets and Liabilities, Statement of Financial Affairs, and other reports prepared by the Debtors, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, financing arrangements, and cash collateral stipulations or proceedings;

f)      Assist the Committee in its investigation of the acts, conduct, assets, liabilities, management and financial condition of the Debtors, the Debtors' historic and ongoing operations of their businesses, and the desirability of the continuation of any portion of those operations, and any other matters relevant to the Chapter 11 Cases or to the formation of a plan;

g)      Assist the Committee in its analysis of, and negotiations with the Debtors or any third party related to, financing, asset disposition transactions, and compromises of controversies, reviewing and determining the Debtors' rights and obligations under leases and executory contracts, and assisting, advising, and representing the Committee in any manner relevant to the assumption and rejection of executory contracts and unexpired leases;

h)      Assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, the formulation, confirmation, and implementation of a chapter 11 plan(s) and all documentation related thereto (including the disclosure statement);

4

i)      Assist, advise, and represent the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

j)      Assist and advise the Committee with respect to communications with the general creditor body regarding significant matters in the Chapter 11 Cases;

k)      Respond to inquiries from individual creditors as to the status of, and developments in, the Chapter 11 Cases;

l)      Represent the Committee at hearings and other proceedings before the Court and other courts or tribunals, as appropriate;

m)      Review and analyze complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to formulating positions with respect, and filing responses, thereto;

n)      Assist the Committee in its review and analysis of, and negotiations with the Debtors and their non-Debtor affiliates related to, intercompany claims and transactions;

o)      Review and analyze third party analyses and reports prepared in connection with the Debtors' potential claims and causes of action, advise the Committee with respect to formulating positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

p)      Advise the Committee with respect to applicable federal and state regulatory issues, as such issues may arise in the Chapter 11 Cases;

q)      Assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's duties;

r)      Take all necessary or appropriate actions as may be required in connection with the administration of the Debtors' estates, including with respect to a chapter 11 plan and related disclosure statement; and

s)      Perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

8.      McDermott will coordinate with all other estate professionals, including the Debtors' professionals and other appointed committees, if any, to avoid duplication of efforts.

## II.    **McDermott's Disinterestedness and Disclosure Concerning Conflicts of Interest**

9.      As more fully set forth in the Gibbs Declaration attached hereto as **Exhibit B**, McDermott reviewed the list of interested persons and entities annexed to the Debtors' retention applications and ran the list of relevant parties in interest included on Schedule 1 to the Gibbs Declaration through its conflict system consistent with the U.S. Trustee's requirements. McDermott does not represent, or have any other connection with, any of the parties in interest listed on Schedule 1, subject to the disclosures set forth below and in the Gibbs Declaration. McDermott will not, while employed by the Committee, represent any entity having an adverse interest in connection with the Chapter 11 Cases. McDermott's conflict search resulted in the disclosures set forth on Schedule 2 to the Gibbs Declaration.

10.      The Committee is aware that McDermott currently represents certain interested parties in matters unrelated to the Chapter 11 Cases, as further identified in the Gibbs Declaration and listed on Schedule 2. McDermott does not and will not represent any such interested parties in any matter related to the Debtors. The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of such interested parties in matters unrelated to the Debtors.

11.      The Committee is also aware that McDermott currently represents Jefferies LLC ("Jefferies") in matters unrelated to the Debtors or the Chapter 11 Cases. Jefferies serves as the Debtors' investment banker. Representation of Jefferies accounted for less than 1% of McDermott's collected revenue for each of the last three calendar years. McDermott has not, does not, and will not represent Jefferies in any matter related to the Debtors. The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of Jefferies in matters unrelated to the Debtors. Further, Jefferies has granted McDermott a waiver, allowing it to: (a) participate in the investigation and analysis of prepetition and postpetition causes

of action on behalf of the Debtors' estates, and discuss such investigation and analysis with the Committee; (b) negotiate the terms of the sale of the Debtors' assets, and (c) negotiate the terms of the Debtors' chapter 11 plan and any other restructuring transactions.  In the event a cause of action may exist against Jefferies, the Committee will engage conflicts counsel to pursue such cause of action unless Jefferies grants McDermott a further waiver

12.     The Committee does not believe McDermott's representation of any interested party or its affiliate(s) in unrelated matters will impair McDermott's ability to represent the Committee as counsel in the Chapter 11 Cases.  The Committee has been informed that McDermott will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  To the extent that McDermott discovers any connection with any interested party or enters into any new relationship with any interested party, McDermott will promptly supplement its disclosure to the Court.

13.     Based on the Gibbs Declaration, the Committee submits that McDermott is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), and neither represents nor holds an interest materially adverse to the interests of the Committee, the Debtors or their estates with respect to the matters on which McDermott is to be employed.

## III.     <u>Professional Compensation</u>

14.     The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330(a), 331, 503(b), and 507(a).  Subject to the Court's approval, McDermott will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

15.     McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any further orders of this Court for all services performed and expenses incurred since October 9, 2022.

16.     McDermott's standard hourly rates for work of this nature for attorneys that may work on this matter, subject to annual adjustment in January to reflect economic and other conditions, are set forth below.

| Title | 2022 Rates |
|---|---|
| Partners and Senior Counsel | $1,125 - $1,510 |
| Employee Counsel | $1,020 - $1,285 |
| Associates | $615 - $940 |
| Paraprofessionals | $385 - $575 |

17.     McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business.  In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court. Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with Bankruptcy Code section 330(a)(3)(F).  Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, McDermott will provide justification of the reasonableness of any rate increase.

18.     Pursuant to Bankruptcy Code section 328(a), the Committee may retain McDermott on reasonable terms and conditions.  The hourly rates set forth above are the firm's standard hourly rates for work of this nature.  The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

19.     McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines, and any applicable orders of this Court.  Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs.

## IV.     Statement Regarding U.S. Trustee Guidelines

20.     In 2013, the Executive Office for the United States Trustee ("EOUST") adopted the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330* (the "Appendix A Guidelines" and, together with the Appendix B Guidelines, the "U.S. Trustee Guidelines") adopted by the EOUST in 1996.  The Committee and McDermott will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Guidelines, both in connection with this Application and the interim and final fee applications to be filed by McDermott.

21.     The Committee requests approval of the employment of McDermott, effective October 9, 2022.  Such relief is warranted by the circumstances presented by the Chapter 11 Cases. The Committee's selection of McDermott on October 9, 2022 necessitated that McDermott immediately commence work on time-sensitive matters and promptly devote substantial resources to the Chapter 11 Cases pending submission and approval of this Application.  Among other things, McDermott was immediately required to address matters related to the Debtors' proposed bidding procedures and sale of the Debtors' assets and various first-day motions.

22.     No prior application for the relief requested herein has been presented to this Court or any other court.

## **NOTICE**

23.     Notice of this Application will be provided to:  (a) the Debtors; (b)  counsel to the Debtors, Paul Hastings LLP; (c) the U.S. Trustee; (d) the Office of the United States Attorney for the Southern District of Texas; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Committee respectfully submits that no other or further notice need be provided.


*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

**WHEREFORE**, the Committee requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the Application; (ii) authorizing the Committee to retain and employ McDermott as counsel effective October 9, 2022; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated:   Miami, Florida
          November 7, 2022

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF COMPUTE NORTH HOLDINGS,
INC., *et al.*

By: _____
Asher Genoot
President, U.S. Data Mining Group, Inc.
d/b/a/ US Bitcoin Corp.

Chair of the Official Committee of Unsecured Creditors
of Compute North Holdings, Inc., *et al.*[2]

---

[2] Under the bylaws of the Official Committee of Unsecured Creditors of Compute North Holdings, Inc., et al., (the "Bylaws") Asher Genoot, President of U.S. Data Mining Group, Inc., as Chair of the Committee, is empowered to act on behalf of the Committee, as appropriate, to implement decisions of the Committee made in accordance with the Bylaws.

## EXHIBIT A

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE OCTOBER 9, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order

authorizing the Committee to employ and retain McDermott Will & Emery LLP ("McDermott")

as counsel effective October 9, 2022, the date the Committee determined to employ McDermott

as its counsel in the Chapter 11 Cases, pursuant to Bankruptcy Code sections 327, 328, 330, and

1103(a); and upon the Gibbs Declaration attached to the Application as **Exhibit B**; and upon the

Genoot Declaration attached to the Application as **Exhibit C**; and the Court having jurisdiction

pursuant to 28 U.S.C. §§ 157 and 1334 to consider the Application and the relief requested therein;

and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being

satisfied that notice of the Application and the opportunity for a hearing on the Application was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application, the Gibbs Declaration, and the Genoot Declaration that McDermott does not represent or hold any interest materially adverse to the Debtors or their estates as to the matters upon which McDermott has been and is to be employed, and that McDermott is a "disinterested person" as such term is defined in Bankruptcy Code section 101(14); and that while employed by the Committee, McDermott will not represent any other person or entity having an adverse interest in connection with the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Application, the Gibbs Declaration, and the Genoot Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Application is approved as set forth herein.

2. Pursuant to Bankruptcy Code sections 327, 328, 330, and 1103(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ and retain McDermott as its counsel effective October 9, 2022.

3. McDermott shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.  McDermott also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by McDermott in the Chapter 11 Cases.

4.      McDermott will provide written notice of any rate increases to the Committee, the United States Trustee, and the Debtors, and will file a Supplemental Affidavit detailing any such increases with the Court.  The Committee, the Debtors, the U.S. Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

5.      The Committee and McDermott are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      During the course of the Chapter 11 Cases, this Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2022


_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Declaration of Charles R. Gibbs**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**DECLARATION OF CHARLES R. GIBBS IN SUPPORT OF THE
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP
AS COUNSEL EFFECTIVE OCTOBER 9, 2022**

I, Charles R. Gibbs, hereby declare that the following statements are true and correct to the

best of my knowledge after due inquiry as described herein:

1.      I am an attorney at law admitted to practice before the Supreme Court of Texas, the

United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas

and the United States Courts of Appeals for the First, Third, Fourth, Fifth, Eight and Eleventh

Circuits.  I am a partner of the law firm of McDermott Will & Emery LLP ("McDermott"), which

maintains offices at, among other places, 2501 North Harwood Street, Suite 1900, Dallas, Texas

75201.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

2.      I am familiar with the matters set forth herein and make this declaration in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel Effective October 9, 2022* (the "Application").[2]

3.      On October 6, 2022, pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code), the United States Trustee for the Southern District of Texas appointed the following entities as members of the Committee: (a) RK Mission Critical LLC; (b) Touzi Capital, LLC; (c) Sunbelt Solomon; (d) U.S. Data Mining Group, Inc. d/b/a US Bitcoin Corp; and (e) MP2 Energy LLC d/b/a Shell Energy Solutions [ECF No. 139].

4.      On October 9, 2022, the Committee selected McDermott as its counsel.

5.      McDermott began rendering services to the Committee immediately following its selection by the Committee.

## MCDERMOTT'S DISCLOSURE PROCEDURES

6.      To prepare this declaration, I, or someone under my supervision, reviewed the names set forth on a list of parties in interest identified by the Debtors.  From this list, McDermott created a search list (the "Search List") of relevant parties consistent with the U.S. Trustee's requirements, a copy of which is attached hereto as Schedule 1.  McDermott then compared the Search List with the information contained in the conflict check systems and indexes of adverse parties currently maintained by McDermott (the "Conflict System").

7.      The Conflict System is designed to include every matter on which the firm is now or has been engaged over the last approximately twenty (20) years, sorted by the entity which has engaged the firm and, in each instance, listing the identity of the clients, related parties and adverse

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

parties, and the attorneys in the firm who are knowledgeable about each matter. It is McDermott's policy that a new matter may be opened within the firm only after completing and submitting, to those charged with maintaining the Conflict System, the information necessary to check each such matter for conflicts, including the identity of the prospective client and related adverse parties. McDermott maintains and systematically updates the Conflict System in the regular course of the firm's business, and it is the regular practice of the firm to make and maintain these records.

8.      Further, an e-mail was sent to each attorney at McDermott to verify whether any such attorney (a) has a connection to (i) the Debtors, or (ii) current and former directors or officers of the Debtors; or (b) is a relative of (i) any of the Judges of the United States Bankruptcy Court for the Southern District of Texas, or (ii) any members of the Office of the United States Trustee for Region 7.

## MCDERMOTT'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THE CHAPTER 11 CASES

9.      I, or a person under my supervision, reviewed any client connections to the Chapter 11 Cases to determine whether McDermott has an adverse interest to the Debtors' estates. McDermott ran the names of all parties in interest on <u>Schedule 1</u> hereto through its Conflict System, and McDermott does not represent, or have any other connection with, any of the parties in interest listed on <u>Schedule 1</u>, subject to the disclosures set forth on <u>Schedule 2</u>, which is incorporated herein by reference.

10.     McDermott's conflict search resulted in the disclosures set forth on <u>Schedule 2</u> to this declaration. The Committee is aware that McDermott has previously represented or currently represents certain creditors or parties in interest and/or their affiliates in matters unrelated to the Debtors and, unless noted otherwise, the Chapter 11 Cases.

3

11.     In addition to the information disclosed on <u>Schedule 2</u>, McDermott hereby discloses that in May 2022, the Debtors contacted a McDermott partner regarding representation of the Debtors and NextEra Energy Resources, LLC, or an affiliate thereof, in a joint venture.  The matter never proceeded.  Out of an abundance of caution, however, McDermott has imposed an ethical wall such that McDermott professionals who were involved with the described potential engagement are unable to access documents or files relating to McDermott's representation of the Committee in the Chapter 11 Cases, and vice versa.

12.     McDermott further discloses that an associate in McDermott's New York office is the niece of Kevin M. Epstein, the United States Trustee for Region 7 (Southern and Western Districts of Texas).

13.     To the best of my knowledge and information, the annual fees for each of the last three years paid to McDermott by any party on <u>Schedule 1</u> or its affiliates did not exceed 1% of McDermott's annual gross revenue.  To the extent that issues arise that would cause the Committee to be adverse to any of McDermott's clients such that it would not be appropriate for McDermott to represent the Committee with respect to any such matters, the Committee will retain conflicts counsel to represent the Committee with respect to those matters.

14.     I believe the connections disclosed on <u>Schedule 2</u> and herein have not and will not affect McDermott's representation of the Committee in the Chapter 11 Cases.  McDermott's representation of these parties does not comprise a material component of McDermott's practice, nor does McDermott currently represent such parties on any issue relating to the Debtors.

15.     McDermott does not currently directly represent the Debtors or any of their affiliates, partners or subsidiaries in the Chapter 11 Cases, and McDermott will not undertake the representation of the Debtors or any related entities during this engagement.

16.     Based upon the information available to me, McDermott is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), and neither represents nor holds an interest materially adverse to the interests of the Committee, the Debtors, or their estates with respect to the matters on which McDermott is to be employed.  To the extent McDermott discovers any connection with any party or enters into any new relationship with any party that otherwise would have been required to be disclosed in this Application, McDermott will promptly supplement its disclosures to the Court.

17.     McDermott will not, while employed by the Committee, represent any other entity having an adverse interest in connection with the Chapter 11 Cases.

18.     Insofar as I have been able to ascertain, neither I, McDermott, nor any McDermott attorneys:

    (a)     are creditors, equity security holders, or insiders of the Debtors;

    (b)     are, or were within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors; or

    (c)     have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason.

19.     Except as otherwise set forth herein, insofar as I have been able to ascertain, the partners, counsel, and associates of McDermott do not have any connection with the Debtors, the Debtors' officers and directors, the Debtors' creditors, the Debtors' equity security holders, and other known parties in interest or their respective attorneys and accountants, or the members of the Committee.  To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any partner, counsel, associate, paraprofessional, or staff member of McDermott, insofar as I have been able to ascertain, is related to the bankruptcy judge assigned to the Chapter 11 Cases.

## MCDERMOTT'S RATES AND BILLING PRACTICES

20.     No promises have been received by McDermott or any McDermott attorney as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions set forth herein.  McDermott has no agreement with any other entity to share with such entity any compensation received by McDermott or by such entity.

21.     McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines (as defined below), and any further orders of this Court for all services performed and expenses incurred since October 9, 2022. McDermott expressly reserves the right to seek compensation for services and reimbursement of expenses incurred by defending challenge(s) to this Application and/or any fee applications filed by McDermott in the Chapter 11 Cases.

22.     McDermott's standard hourly rates for work of this nature for attorneys that may work on this matter, subject to adjustment annually in January to reflect economic and other conditions, are as set forth below:

| Title | 2022 Rates |
| --- | --- |
| Partners and Senior Counsel | $1,125 - $1,510 |
| Employee Counsel | $1,020 - $1,285 |
| Associates | $615 - $940 |
| Paraprofessionals | $385 - $575 |

23.     McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business.  In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court. Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance

6

with Bankruptcy Code section 330(a)(3)(F).  Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, McDermott will provide justification of the reasonableness of any rate increase.

24.     The Application requests, pursuant to Bankruptcy Code section 328(a), approval of the Committee's retention of McDermott as its counsel.  The hourly rates set forth above and in the Application are the firm's standard hourly rates for work of this nature.  The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

25.     McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any other applicable orders of this Court.  Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs.

26.     The foregoing constitutes the verified statement of the person to be employed, required under Bankruptcy Rule 2014.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

27.     In 2013, the Executive Office for the United States Trustee ("EOUST") adopted the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330* (the "Appendix A Guidelines" and, together with the Appendix B Guidelines, the "U.S. Trustee Guidelines") adopted by the EOUST in 1996.  McDermott will make a reasonable effort to comply

with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Guidelines, both in connection with the Application and the interim and final fee applications to be filed by McDermott in the Chapter 11 Cases.

## ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES

28.     The following is provided in response to the request for additional information set forth in ¶ D.1 of the Appendix B Guidelines.

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Answer:** | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Answer:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments for the 12 months prepetition.  If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference. |
| **Answer:** | McDermott did not represent the Committee in the 12 months prepetition.  McDermott has represented official committees of unsecured creditors in other bankruptcy cases during the 12 months preceding the Petition Date. |
| **Question:** | Has your client approved your prospective budget and staffing plan and, if so, for what budget period? |
| **Answer:** | The Committee and McDermott expect to develop a prospective budget and staffing plan, recognizing that in the course of large chapter 11 cases, unforeseeable fees and expenses may arise that will need to be addressed by the Committee and McDermott. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Executed on November **7**, 2022

*/s/ Charles R. Gibbs*
Charles R. Gibbs

## **SCHEDULE 1**

## **LIST OF INTERESTED PARTIES**

**Debtors**
CN Atoka LLC
CN Big Spring LLC
CN Colorado Bend LLC
CN Corpus Christi LLC
CN Developments LLC
CN Equipment LLC
CN King Mountain LLC
CN Minden LLC
CN Mining LLC
CN Pledgor LLC
Compute North Holdings, Inc.
Compute North Member LLC
Compute North NC08 LLC
Compute North NY09 LLC
Compute North SD LLC
Compute North Texas LLC
Compute North TX06 LLC
Compute North TX10 LLC
Compute North, LLC

**Banks**
BMO Harris Bank, N.A.
Fidelity Bank Plc.

**Current and Former Directors & Officers**
Harold Coulby
Brian Falik
Drake Harvey
Bobby Kandaswamy
PJ Lee
Jose Lima
Dave Movius
Dave Perrill
Eli Scher
Shounok Sinha
Stephen Stenbeck
Carl Stjernfeldt
Jason Stokes
Kyle Wenzel

**Customers**
[Redacted]

**Debt Service**
Generate Capital, PBC
Post Road Administration

**Electricity Provider**
Constellation
Exelon Generation
Midamerican Energy Company
MP2 Energy Texas LLC
Nebraska Public Power District

**Employees and Contractors**
Sean Aschoff
Mark Beckendorf
Robert Bisanz
Matthew Boisjolie
Matthias Bolda
John Bouchard
Nathan Buckley
Arthur Calloway
Christopher Chew
Joey Colyer
Brendon Coughtry
Nick Crain
Gregory S. Cribb
Einar A. Cristiani
Jack D'Angelo
Tim Dahl
Eyal Dayan
Mark Decker
Carlos Domenech
Deana Dorosheko
Cindy Doyle
Brad Ellis
Jean Esquier
Giovanni Esteves
Mohammed Fadlallah
Thomas Ferry
Ken Flory
David Galeano
Israel Garcia
Patrick Geisler

Igor Gonta
Patrick Govier
Danny Grace
Michael Grace
James Griffith
Chris Grumet
Alexander Guddat
Richard Hagen
Jonathan Hakim
Brian Hakk
Irving Hansen
Richard Harvey
Brian Haw
James Haynes
Jeff Hene
Jesse Hensley
Jiri Holba
Andrei Isari
Guy C. Jackson
Barry Jeffries
Marshall Johnson
Alexandre Julio
Jordan Kanfer
Khashayar Kashani
Sandeep Katoch
Thomas Kieffer
Michael Kindel
Joseph C. Kiser
Benjamin Kolpa
Ron Konezny
Robert L. Kramer
Darius Kuzmicz
Liz Labelle
Thomas P. LaBelle
Toby LaBelle
Ronda Laplaca
Bradley Lew
Phillip Li
David Lockard
Nelu Mihai
Benjamin Morgan
David Robert Morgan
Thomas Moser
Roman Nabatov
Max Niederluecke
Rooney Nimmo

Jack Perrill
John Perrill
Richard Pieters
Kayla Piper
Nicola Piper
Brian Pryor
Johnathon Ritucci
Tad Piper TTEE for the Tad W. Piper
Revocable Trust
Torben Rytt
Anthony Scaparra
Taylor Shakespeare
Nathan Sprague
Ben Stoos
Philip Tooke
Armen Tovmasyen
Eric Tracy
Amar Tsolmon
Jean Marcel Viljoen
Jan Vyhlidka
Ralph Weber
John Winslow
Brent Wong
Satyen Yadav
Perrill

**Insurance**
AFCO
AON Risk Services
Arrowhead General Insurance Agency, Inc.
CNA Insurance
Hylant

**IT**
Flexential Corp.
Sage Intacct
Workiva Inc.

**Lenders**
Generate Lending, LLC
Marathon Digital Holdings, Inc.
Mercuria Energy America, LLC
NextEra Energy Resources, LLC
TZ Capital Holdings, LLC

**Lessor**
7575 Management LLC

**Non-Debtor Affiliates**
CN Borrower LLC
CN Wolf Hollow LLC
Compute North NE05 LLC
Marathon Compute North 1 LLC
Marathon Compute North 2 LLC
TZRC Horse Hollow LLC
TZRC King Mountain LLC
TZRC LLC
TZRC Mining LLC

**Ordinary Course Professionals**
Ernst & Young LLP
Finn Dixon
Growth Operators Advisory Services LLC
Hello Temp Inc.
Jackson Lewis P.C.
Jackson Walker LLP
Kutak Rock LLP
McDonald Hopkins
Meridian Compensation Partners LLC
Nordmark Energy Consulting, LLC
Norton Rose Fulbright US LLP
RSM US LLP
SALO, LLC
Sira Corbetta Lopez de Letona
Smith Anderson Blount Dorsett Mitchell &
Jernigan LLP
Mahesh Tripunitara
Westwood Professional Services

**Other**
Authentic Brand LLC
Bootstrap Energy LLC
Bradley Arant Boult Cummings LLP
Corporate Performance Strategies Inc.
DNV Energy USA Inc.
Dennis Fehr
Gartner Inc.
James B. Rogers, as trustee of the Max G.
Aronson Trust U/A DTD 11/01/2006
James B. Rogers, as trustee of the Robert I.
Aronson Trust U/A DTD 07/29/2003

James B. Rogers, as trustee of the Samuel L.
Aronson Trust U/A DTD 12/08/2000
Jefferies LLC
MVP Logistics LLC
NBTC
Nebraska Public Safety Task Force
Northern Tool & Equipment
Nowlit Solutions Corp.
OverWatch Enterprises LLC
PandaDoc, Inc.
Pansing Hogan Ernst & Bachman
Paul Hastings
Portage Point Partners LLC
ProLift Rigging Company LLC
Quartz Energy Partners
Ramp Credit Card
SGS North America Inc.
StarTex Software LLC
Stephen Aronson Rev Living Trust U/A/D
07/15/2015
Texas Blockchain Council
The Gene Allen Trust
United Management - Rent Payment
Uptick Tech
URS Compliance
WW Grainger Inc.

**Payroll & Benefits**
Insperity

**Professionals**
Ballard Spahr LLP
CT Corporation System
Foley & Lardner LLP
Fredrikson & Byron, PA
Kirkland & Ellis LLP
Koho Consulting
Milbank

**Shareholders**
Addison L Piper TTEE for the Addison L
Piper Revocable Trust
ADK Holdings LLC
Callanish Capital Partners LP
Coeranbrooke LLC
Creekside Investments 1 LLC

3

Daniel R Aronson & Martha G Aronson
TRUSTEES for the Daniel R. Aronson
Revocable Trust
Digital Currency Group Inc.
Elliot B Evers TTEE for the Elliot Evers
2010 Revocable Trust
Endurance Search Partners LLC
Fredric Goldberg Rev Trust U/A/D
05/15/2019
H2 Renewables LLC
Katherine E. Bispala TTEE for the
Katherine E. Bispala Spousal Limited
Access TR u/a/d
    Millennium Trust Co LLC Custodian
FBO Michael Thomas Zenk IRA
XXXX65634
Muinzer Ventures LLC
Perrill Technology LLC
REIC Gamma (AM/DB) Holdings LLC
Reviva Inc.
SM & MS Partners
The Goldman Sachs Trust Company of
Delaware, as Trustee of the DP GST Exempt
Family Trust U/A/D 8/1/
Vedado Capital LLC
Vitali Compute LLC

**Large Trade Creditors**
7575 Management LLC
Bitmain
Bootstrap Energy LLC
CH Robinson Company Inc.
Circuit Breaker Guys, LLC
City of Big Spring, TX
Commonwealth Electric Company of the
Midwest
CorTalent
Echo Search Group
Egauge Systems LLC
Ernst & Young LLP
Flexential Corp.
Foundry Digital LLC
Freudenberg Filtration Technologies
Gartner Inc.
Growth Operators Advisory Services LLC
HubSpot

Koch Filter Corporation
Koho Consulting
M A Mortenson Co.
Madel PA
Marathon Digital Holdings, Inc.
Maxim Crane Works
Meritus Recruiting Group LLC
Midamerican Energy Company
MP2 Energy Texas LLC
MVP Logistics LLC
NBTC
Norton Rose Fulbright US LLP
Opkalla Inc.
OverWatch Enterprises LLC
Overwatch Surveillance LLC
Rand Worldwide Subsidiary Inc.
Recruiters of Minnesota
RK Mission Critical
Russell A. Farrow US Inc.
Spectrum Search Partners
Starostka Group Unlimited
Sunbelt Solomon Services, LLC
Transfluid Services - Stark
Uline
Urban Solution Group
US Bitcoin Corp.
Westwood Professional Services

**U.S. Trustee Personnel, Judges, and Court Contacts**
Albert Alonzo
Alicia Barcomb, Trial Attorney
Jacqueline Boykin, Legal Data Technician
Alethea Caluza, Paralegal Specialist
Ana Castro
Jeannie Chavez
Tracey Conrad
LinhThu Do
Hector Duran, Trial Attorney
Kevin M. Epstein, US Trustee
Ivette Gerhard, Secretary
Brian Henault, Bankruptcy Analyst
Judge Marvin Isgur
Luci Johnson-Davis, Paralegal Specialist
Chief Judge David R. Jones
Omar E. Jones, Auditor

4

Tyler Laws
Judge Christopher Lopez
Zilde Martinez, Courtroom Deputy
Linda Motton, Paralegal Specialist
Ha Nguyen, Trial Attorney
Judge Jeffrey P. Norman
Nathan Ochsner (Clerk of the Court)
Glenn Otto, Bankruptcy Analyst
John Patouhas
Kimberly Picota
Vriana Portillo
Mario Rios
Yasmine Rivera, Auditor
Judge Eduardo V. Rodriguez
Jayson B. Ruff, Trial Attorney
Rosario Saldana, Case Manager
Millie Aponte Sall, Assistant U.S. Trustee
Patricia Schmidt, Legal Assistant
Christy Simmons, Bankruptcy Analyst
Gwen Smith, Legal Assistant
Stephen Statham, Trial Attorney
Christopher R. Travis, Trial Attorney
Clarissa Waxton, Bankruptcy Analyst
Jana Whitworth, Trial Attorney

**Utilities**
AT&T Mobility
Bosselman
Circuit Breaker Guys, LLC
City of Big Spring
City of Big Spring Water Dept.
City of Big Spring, TX
Constellation New Energy
Edison Energy LLC
Fibercomm
Gexa Energy
King Mountain Upton Wind, LLC
Mercuria Energy America, LLC
Nebraska Link Holdings
Oncor Electric Delivery Company
Republic Services
Shell Energy
Solid Waste Agency Landfill
Texas-New Mexico Power Company
United Cooperative Services
Waste Management of Carol Stream, IL

**Vendors / Service Providers**
308 Construction LLC
AlphaGraphics Bloomington
Alternative Business Furniture
American Tower
Anthony Ostlund Louwagie Dressen & Boylan P.A
A-Team Heating and Cooling
Authority Electric & A/C
Aviat US Inc.
Aviation Charter Inc.
Baldwin Design Consultants, PA
Basin 2 Way
Basin Abstract & Title
berganKDV
BG Ventures
BHI Holdings LLC
Big Bend Telecom
Bill.com
Bitmain
BMO
Bosselman Energy
C&S Crane and Rigging LLC
Cage Engineering Inc.
CH Robinson Company Inc.
Citizen Partners
City of Greenville, North Carolina
City of Kearney, Nebraska
Classic Industrial Services Inc.
CliftonLarsonAllen
Coffman Engineers Inc.
Comfy Bowl, Inc.
Commonwealth Electric Company of the Midwest
Complete Underground, LLC
Corpus Christi Rimz
CorTalent
CRG Corporation
CSC
Culligan of Kearney
Deluxe
DHL Express USA Inc.
Double Radius Inc.
Douglas Electrical Services LLC
Dunn Engineering, LLC

5

Dwight Lane Investments
Eakes Office Solutions
Ebay
Echo Search Group
Economic Development Council of Buffalo County
ECS Southeast LLP
Egauge Systems LLC
Electric Power Engineers, LLC
Energage LLC
EnginSoft USA
Equipment Management Services LLC
Everington Consulting, Inc.
Fastenal
FedEx
Ferguson Electric Construction
FiberComm, LLC
Fidelity Bank
Finley Investigations & Security Inc.
Fireblocks Inc.
Freudenberg Filtration Technologies
G & G Golden Inc.
Granbury Chamber
GrassRoots
GreenFox Marketing Solutions
Greenville Utilities
Ground Penetrating Radar Systems
Hays Companies, Inc.
HDR Engineering, Inc.
Heartland Pneumatic
Hire Right
HM TECH LLC
HubSpot
Infrastructure Masons
Integrated Security Solutions, LLC
Steven Jackman
Jobplex
JSW Services
Kaige Kubota LLC
Kearney Power Sports
KGI Wireless Inc.
Kuncan Electronics Co Ltd.
Land Management Group
LexisNexis Risk Solutions FL Inc.
Long Lines Broadband
M A Mortenson Co.

Mackinnon Bruce International
Maddox Industrial Transformer
Madel PA
Marlatt Machine & Welding LLC
Maxim Crane Works
McCamey County Hospital District
Meritus Recruiting Group LLC
Metro Alarm & Lock
Midas Green Technologies
Midland Lock and Safe
Mid-State Engineering & Testing, Inc.
Midway Chrysler Jeep Inc.
Milco Environmental Services
Miller & Associates Consulting Engineers, P.C.
MiningDisrupt
Mowrey, Ryen
NAI United Management, LLC
Nebraska Crane
Nebraska Department of Revenue
Nebraska Link Holdings, LLC dba OPTK Networks
Nebraska Title Company
NextLink Internet
Office Furniture Liquidations
Ogletree Deakins Nash Smoak & Stewart
Overhead Door Company of Permian Basin
PA Department of State
Pegasus Energy LLC
Pennzoil-Quaker State Company
Phillips Fabrication, Inc.
Power Asset Recovery Corporation
Power Search and Consulting LLC
Print Crypto Inc.
Prosek LLC
PW Rentals, LLC/Roland Whitney
R. O. Youker, Inc.
Rand Worldwide Subsidiary Inc.
Recruiters of Minnesota
Redman's Shoes
Republic Services
Ricoh USA Inc.
RK Mission Critical
Roebuck Staffing Company LLC
Roth Staffing Companies LP
Russell A Farrow US Inc.

Satellite Shelters Inc.
Sayler Screenprinting
Shenzhen 10Gtek International Co Ltd.
Shenzhen Aimeijin Electronics Co, Ltd.
Shenzhen Guangyu Technology Co.
SHI International Corp.
Shoppas Material Handling, Ltd.
SignPro
Sirius Computer Solutions Inc.
Solid Waste Agency Landfill
Source Incorporated of Missouri
Spark Public Relations
Spectrum Search Partners
Spyglass Home Inspections
Starostka Group Unlimited
State of Connecticut
State of Delaware
Sunbelt Rentals
Sunbelt Solomon Services, LLC
Superior Cranes, Inc.
Tech Strategy Leaders LLC
TerraSano Services LLC
Texan Restrooms LLC
TForce Worldwide Inc.
The Lockmobile LLC
The Wells Partnership Company
Thompson Electric Company
Thomson Reuters - West
TNT Crane & Rigging
Transfluid Services - Stark
Trond
True North Data Solutions Inc.
Uline
Ulteig Engineer's Inc.
United Cooperative Services
UPS Supply Chain Solutions, Inc.
Upton County
Urban Solution Group
US Compliance
USA Communications
Valdes Engineering Company
Valley Forklift
Verizon
Versatile Industries V
VTH Advisors, LLC
WAND Corporation

Waste Management
West Texas Commercial Cleaning, LLC
Wharton County Permit & Inspection Dept.
Williams Scotsman Inc.
World Wide Technology LLC
Zhejiang Quinntek Co Ltd.

**SCHEDULE 2**

**CONNECTIONS TO POTENTIAL PARTIES IN INTEREST**

| Matched Entity | Relationship to Debtors | Relationship to McDermott[1] |
|---|---|---|
| Aon Risk Services | Insurer | Current Client |
| BMO | Vendor | Current Client |
| BMO Harris Bank, N.A. | Bank | Current Client |
| Bradley Arant Boult Cummings LLP | Professional | Current Client |
| CH Robinson Company, Inc. | Large Trade Creditor | Current Client |
| CliftonLarsonAllen | Vendor | Current Client |
| CNA Insurance | Insurer | Current Client |
| Constellation | Electricity Provider | Current Client |
| CT Corporation System | Professional | Affiliate of Current Client |
| [Redacted] | Customers | Affiliate of Former Client |
| Douglas Electrical Services LLC | Vendor/Service Provider | Affiliate of Current Client |
| Ebay | Vendor/Service Provider | Current Client |

---

[1] A "current client" is an entity for which there are, as of the date hereof, active matters on which McDermott is engaged; a "former client" is an entity for which there are no active matters as of the date hereof, but there may in the future be active matters.  Please note that the identification of a party in interest herein is not an admission of a conflict, disabling or otherwise

| Edison Energy LLC | Utility | Current Client |
|---|---|---|
| Ernst & Young LLP | Large Trade Creditor | Affiliate of Current Client |
| Exelon Generation | Electricity Provider | Affiliate of Current Client |
| FedEx | Vendor/Service Provider | Affiliate of Current Client |
| Fidelity Bank Plc. | Bank | Affiliate of Current Client |
| Insperity | Payroll & Benefits | Current Client |
| Jefferies LLC | Other | Current Client |
| Koch Filter Corporation | Large Trade Creditor | Affiliate of Current Client |
| LexisNexis Risk Solutions FL Inc. | Vendor/Service Provider | Affiliate of Current Client |
| [Redacted] | Customer | Current Client |
| Mercuria Energy America, LLC | Lender | Affiliate of Former Client |
| Midamerican Energy Company | Large Trader Creditor | Current Client |
| [Redacted] | Customer | Affiliate of Current Client |
| NextEra Energy Resources, LLC | Lender | Current Client |
| Norton Rose Fulbright US LLP | Ordinary Course Professional | Current Client |
| Paul Hastings LLP | Other | Affiliate of Former Client |
| Ricoh USA Inc. | Vendor/ Service Provider | Current Client |

| Valdes Engineering Company | Vendors/Service Provider | Current Client |
| --- | --- | --- |
| Verizon | Vendors/Service Provider | Current Client |
| Waste Management | Vendor/Service Provider | Current Client |

# EXHIBIT C

**Declaration of Asher Genoot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**DECLARATION OF ASHER GENOOT IN SUPPORT OF THE**
**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP**
**AS COUNSEL EFFECTIVE OCTOBER 9, 2022**

I, Asher Genoot, hereby declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1.     I am over the age of 21 and I am President at U.S. Data Mining Group, Inc. d/b/a US Bitcoin Corp. ("US Bitcoin").  US Bitcoin is the Chair of the Committee.  I am, in all respects, competent to make this declaration in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel Effective October 9, 2022* (the "Application") filed contemporaneously herewith.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2.      This declaration is provided pursuant to ¶ D.2 of the Appendix B Guidelines. I am informed by Committee counsel that the Appendix B Guidelines request that any application for employment of an attorney under Bankruptcy Code sections 327, 328, 330, and 1103(a) be accompanied by a verified statement from the client that addresses the following:

(a)      The identity and position of the person making the verification.

(b)      The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)      The number of firms the client interviewed.

(d)      If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, then the circumstances warranting the retention of that firm.

(e)      The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

**A.**      <u>**Identity of the Declarant**</u>

3.      On October 6, 2022, US Bitcoin was appointed to the Committee.  US Bitcoin was subsequently elected Chair of the Committee. Under the bylaws of the Official Committee of Unsecured Creditors of Compute North Holdings, Inc., et al., (the "<u>Bylaws</u>") the Chair of the Committee, by and through its representative, is authorized to implement decisions of the Committee in accordance with the Bylaws.

4.      US Bitcoin was directly involved in the Committee's decision to retain McDermott as the Committee's counsel in the Chapter 11 Cases and participated in negotiating the terms of McDermott's employment together with the other members of the Committee.

**B.      Steps Taken to Ensure Comparability of Engagement Terms**

5.      I have confirmed with McDermott that, while McDermott's billing rates vary from attorney to attorney based on such facts as the attorney's seniority and position with the firm (*e.g.*, partner, counsel, or associate), years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

6.      The Committee has been informed that McDermott endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which it competes.

**C.      Number of Firms Interviewed**

7.      On October 9, 2022, the Committee interviewed four law firms, including McDermott.  In connection with the interviews, the Committee evaluated the breadth of the firms' experience and particular areas of expertise, the firms' prior history of representing committees in chapter 11 cases, and the anticipated attorneys' fees to be billed in connection with the Chapter 11 Cases.

**D.      Other Circumstances Warranting Retention of McDermott**

8.      The Committee has determined that McDermott's attorneys' billing rates are set each year to ensure that their rates are in line with or lower than the billing rates of other comparably skilled professionals at law firms in McDermott's peer group. This, coupled with McDermott's previous experience as committee counsel in numerous chapter 11 cases, makes McDermott the appropriate choice for Committee counsel in the Chapter 11 Cases.

3

E.      **Procedures Established to Supervise Fees and Expenses and Manage Costs**

9.      I understand that McDermott's fees and expenses (a) will be subject to review, comment and objection (if warranted), and Court approval pursuant to any further orders of this Court; and (b) will be subject to the periodic review on an interim and final basis during the course of the Chapter 11 Cases by the U.S. Trustee, the Debtors, and the Committee.

10.     During the Chapter 11 Cases, I and/or the other members of the Committee, will monitor McDermott's interim fee applications to ensure that the fees and expenses requested therein are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Committee.  The Committee and McDermott expect to develop a prospective budget and staffing plan, recognizing that in the course of large chapter 11 cases, unforeseeable fees and expenses may arise that will need to be addressed by the Committee and McDermott.  McDermott has informed me that it may amend and supplement its budget and staffing plan as the Chapter 11 Cases develop to reflect changed circumstances or unanticipated developments and will alert the Committee to those changed circumstances and unanticipated developments in a timely fashion. To the extent the Committee has an objection to the fees and expenses requested by McDermott in any interim fee statement that cannot be resolved to the Committee's satisfaction informally, McDermott has informed me that it will file a notice of objection on the Committee's behalf pursuant to any further orders of the Court.  In so doing, I understand that McDermott reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such objection to the extent it cannot be resolved informally by the parties.

11.     Nothing contained in the foregoing is intended to limit McDermott's ability to request allowance and payment of fees and expenses pursuant to Bankruptcy Code sections 330 and 331, nor to restrict McDermott's right to defend against any objection with respect to the

4

allowance or payment of such fees, nor to restrict the Committee's right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the U.S. Trustee.

**F.**   **Other Matters**

12.   McDermott's hourly rates are subject to annual adjustments in January of each year to reflect economic and other conditions.  I have been advised by Committee counsel that, pursuant to ABA Formal Ethics Opinion 11-458, "[p]eriodic, incremental increases in a lawyer's regular hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances." I have also been specifically advised by Committee counsel that, pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation."  McDermott disclosed to the Committee its rates in effect as of January 1, 2022.  To the extent McDermott seeks to make any adjustments to its rate structure, the Committee expressly reserves the right to reject any such modification to the extent the Committee deems it reasonable.

*[Remainder of Page Intentionally Left Blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 7, 2022

By: _____
Asher Genoot
President, U.S. Data Mining Group, Inc.
d/b/a/ US Bitcoin Corp.

Chair of the Official Committee of Unsecured Creditors of Compute North Holdings, Inc., *et al*.

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 7, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs