IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF
U.S. BITCOIN CORP. TO DEBTORS' PROPOSED ASSUMPTION
AND ASSIGNMENT OF CONTRACTS AND PROPOSED CURE AMOUNTS**

U.S. Data Group, Inc. (d/b/a U.S. Bitcoin Corp.) ("**US BTC**") hereby files this objection and reservation of rights (the "**Objection**") with respect to the proposed assumption and assignment of certain contracts between US BTC and the above-captioned Debtors, as well as the Debtors' proposed cure amounts set forth on the Debtors' *Notice of Filing of Cure Schedule in Connection with Proposed Sale* [ECF No. 209] (the "**Original Cure Schedule**")[2] and *Notice of Filing of Supplemental Cure Schedule in Connection with Proposed Sale* [ECF No. 334] (the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' address for the purposes of these Chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] On November 1, 2022, the Debtors filed a *Notice of Filing of Amended Cure Schedule in Connection with Proposed Sale* [ECF No. 357] (the "**Cure Schedule Amendment**"), pursuant to which the Debtors amended the Original Cure Schedule solely with respect to certain executory contracts or unexpired leases identified in the Cure Schedule Amendment.

"**Supplemental Cure Schedule**" and, together with the Original Cure Schedule (as amended), the "**Cure Schedules**"). In support of this Objection,[3] US BTC respectfully states as follows:

1. US BTC is party to certain agreements with the Debtors, including, among others, that certain Master Agreement (the "**Master Agreement**"), dated February 5, 2021, by and between Debtor Compute North LLC and US BTC. A copy of the Master Agreement is attached hereto as Exhibit A.

2. Pursuant to the Master Agreement, the Debtors agreed to provide, among other things, certain colocation, management, and other services with respect to certain of US BTC's miners and equipment. See Master Agreement §§ 1, 2, 3. Specifically, the Debtors agreed to provide a cryptocurrency mining facility, including rack space, electrical power, ambient air cooling, internet connectivity and physical security for US BTC's mining equipment at facilities to be maintained and managed by the Debtors, all as more fully set forth in the Master Agreement. See Master Agreement §§ 1, 2, 3.

3. Additionally, pursuant to the Master Agreement, the Debtors agreed to sell to US BTC, and US BTC agreed to purchase from the Debtors, certain hardware and equipment (the "**Acquired Hardware**"). See Master Agreement § 4. In connection with US BTC's purchase of such Acquired Hardware, US BTC paid to the Debtors a deposit equal to 50% of the fees associated with the Acquired Hardware, which amount totaled $3.75 million, as set forth on that certain order form annexed to and incorporated into the Master Agreement. See Master Agreement § 4, Schedule 1 – Capital Equipment.

---

[3] US BTC's deadline to file a response to the Cure Schedules and the proposed assumption or assignment of the Master Agreement and other agreements listed in the Cure Schedules was extended by agreement of the Debtors through November 10, 2022 at 4:00 pm (CT).

4.	In or around January 21, 2022, US BTC and the Debtors entered into an amendment to the Master Agreement (the "**Amendment**").  A copy of such Amendment is attached hereto as Exhibit B.  Pursuant to the Amendment, the Debtors had until May 31, 2022 to identify an expected deployment timeline and site with respect to the Acquired Hardware, and if the Debtors were unable to identify a site that had an average/annualized power fee of no more than $0.03/kWh by May 31, 2022 (such site, an "**Acceptable Site**"), US BTC (or the Debtors) could terminate that portion of the Master Agreement respecting the Acquired Hardware at no penalty, after which "[a]ll deposits would be refunded at [that] point in time."  See Amendment at 2.

5.	As of May 31, 2022, the Debtors had failed to identify an Acceptable Site, and had failed to deliver the Acquired Hardware.  Accordingly, on June 7, 2022, US BTC delivered to the Debtors a notice (the "**Termination Notice**") advising the Debtors that US BTC was exercising its termination right, and demanding the return of the $3.75 million deposit paid by US BTC.  A copy of the Termination Notice is attached hereto as Exhibit C.

6.	In addition to the deposit amount, US BTC is owed additional amounts in connection with the Master Agreement and amendments thereto, including, without limitation, the return of not less than $635,448.14 related to US BTC's overpayment of the Buffalo buildout project arising pursuant to the Master Agreement.[4]

7.	On September 22, 2022, the Debtors filed their petitions for relief under Chapter 11 of title 11 of the United States Code.  On their petitions, the Debtors listed US BTC as the holder of a $3.75 million general unsecured claim.  See ECF No. 1, Official Bankruptcy Form 204.

---

[4]	The description of claims set forth herein is not intended to, nor does it, constitute the entirety of claims that US BTC holds or may hold against the Debtors.  For the avoidance of doubt, US BTC reserves all rights with respect to any and all claims and causes of action that it may assert against the Debtors.

3

8. The Debtors have listed the Master Agreement (as amended by the Amendment) on its Cure Schedules (along with two non-disclosure agreements) with a proposed "Cure Amount" of $0.00. According to the Cure Schedules, the Cure Amount purportedly "excludes financing agreements."

**OBJECTION**

9. Pursuant to Bankruptcy Code Section 365, the Debtors may assume and assign any executory contract, provided that the Debtors: (i) cure (or provide adequate assurance that they will promptly cure) any defaults existing under the contract; (ii) pay all outstanding amounts due and owing under the contract; and (iii) provide adequate assurance of future performance under the contract. 11 U.S.C. ¶ 365(a)-(b), (f); *In re Nat'l Gypsum Co.*, 208 F.3d 498, 509 (5th Cir. 2000) ("Section 65(b)(1) provides a guarantee to the non-debtor party ... that as a condition to [the assumption or assignment of its contract], any losses or defaults existing at the time will be satisfied either through a timely cure or through reasonable assurances of future payment."); *In re Tex. Health Enterprises Inc.*, 72 Fed. Appx. 122, 126 (5th Cir. 2003); *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Where the contract is to be assigned to a third-party, the adequate assurance of future performance requirement must be satisfied by such third-party. *See* 11 U.S.C. § 365(f)(1)(B); *In re Fleming Cos., Inc.*, 499 F.3d 300, 305 (3d Cir. 2007) (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001).

10. US BTC objects to the proposed assumption and assignment of the Master Agreement and the proposed Cure Amount with respect thereto. <u>First</u>, the Master Agreement was validly terminated prior to the Petition Date and, therefore, is not an executory contract subject to assumption and assignment by the Debtors. *See In re W&L Associates, Inc.*, 71 B.R. 962 (Bankr.

4

E.D. Pa 1987) (noting the "clearly-recognized principle that a bankruptcy filing cannot revive a contract that was already terminated pre-petition.").

11. <u>Second</u>, the Debtors cannot assume or assign the Master Agreement without curing all defaults thereunder, including the refund or other payment of not less than $3.75 million to US BTC and the return of not less than $635,448.14 related to US BTC's overpayment of the Buffalo buildout project. The Debtors' listed Cure Amount of $0.00 in respect of the Master Agreement is plainly wrong.

12. <u>Third</u>, to the extent that the Debtors seek to assume and assign only a portion of the Master Agreement, such partial assumption is prohibited. A party assuming an executory contract must do so in its entirety—an executory contract cannot be assumed in part. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *Richmond Leasing Co. v. Capital Bank*, 762 F.2d 1303, 1311 (5th Cir. 1985).

13. <u>Finally</u>, it is unclear precisely who the assignee may be with respect to the Master Agreement and such potential assignees' ability to adequately perform under the Master Agreement. Accordingly, the Debtors have not satisfied the requirements of Section 365 as it relates to the adequate assurance of future performance.

## **RESERVATION OF RIGHTS**

14. US BTC reserves its right to supplement this Objection or to raise additional or further objections to: (i) any proposed assumption or assignment of the Master Agreement or any other agreements to which US BTC is a party; and (ii) the Debtors' Cure Schedules.

Dated: November 10, 2022

Respectfully submitted,

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

*/s/ Aaron Guerrero*
Ken Green (Texas State Bar No. 24036677)
Aaron Guerrero (Texas State Bar No. 24050698)
950 Echo Lane, Suite 120
Houston, Texas 77024
Telephone: (713) 335-4830
Email: ken.green@bondsellis.com
         aaron.guerrero@bondsellis.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark (*Pro Hac Vice Pending*)
Andrew M. Carty (*Pro Hac Vice Pending*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: rstark@brownrudnick.com
         acarty@brownrudnick.com

*Counsel to U.S. Data Group, Inc. (d/b/a U.S. Bitcoin Corp.)*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 10, 2022, a copy of the foregoing document was electronically filed with the Clerk of the Court, which will serve all parties who have appeared in this matter via the Court's CM/ECF system, inclusive of the following parties:

Counsel to the Debtors:

Paul Hastings LLP
600 Travis Street, 58th Fl.
Houston, TX  77002
Attn: James T. Grogan III
Email:  jamesgrogan@paulhastings.com

Paul Hastings LLP
200 Park Avenue
New York, NY  10166
Attn:  Luc Despins
      Sayan Bhattacharyya
      Daniel Ginsberg
Email:  lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

Paul Hastings LLP
71 South Wacker Drive, Suite 4500
Chicago, IL  60606
Attn:  Matthew Micheli
      Michael Jones
Email:  mattmicheli@paulhastings.com
       michaeljones@paulhastings.com

Proposed Counsel to the Official Committee of Unsecured Creditors :

McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, TX  75201
Attn:  Charles R. Gibbs
Email:  crgibbs@mwe.com

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY  10017
Attn:  Kristin K. Going
      Darren Azman
      Stacy A. Lutkus
      Natalie Rowles
Email:  kgoing@mwe.com
       dazman@mwe.com
       salutkus@mwe.com
       nrowles@mwe.com

Office of the United States Trustee for the Southern District of Texas:

United States Trustee
515 Rusk Street, Suite 3516
Houston, TX  77002
Attn:  Jayson B. Ruff
      Jana Whitworth
Email:  Jayson.B.Ruff@usdoj.gov
       Jana.Whitworth@usdoj.gov

2

Counsel to GC Data Center Equity Holdings, LLC:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
Attn: Christopher Marcus, P.C.
   Brian Greene, P.C.
   Allan Kirk
Email:  christopher.marcus@kirkland.com
   brian.greene@kirkland.com
   allan.kirk@kirkland.com

/s/ Aaron Guerrero
Aaron Guerrero