**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | § | Case No. 22-90273 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**CREDITOR RK MISSION CRITICAL LLC'S LIMITED
OBJECTION TO PROPOSED SALE FREE AND CLEAR OF
ENCUMBRANCES [ECF No. 477] AND RESERVATION OF
LIEN RIGHTS**

Creditor RK Mission Critical LLC, a Colorado limited liability company ("**RKMC**"), respectfully submits this limited objection and reservation of rights (this "**Limited Objection**") in connection with the *Notice of Successful Bidder for Certain Container Assets* and *Asset Purchase Agreement by and Between Crusoe Energy Systems LLC and Compute North LLC* [ECF No. 477] dated November 14, 2022 (the "**Sale Notice**"). In support of this Limited Objection, RKMC respectfully states as follows:

**BACKGROUND**

1.      RKMC is a pioneer in custom modular products and an innovator in providing solutions for the unique challenges of the mission critical and specialty technology markets. RKMC implements a full range of modular manufacturing strategies for its customers, ranging from the simplest multi-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

discipline prefabrication, to the most complex fully integrated multi-disciplined "assembled on site" data center facility.

1.      RKMC manufactures and sells, *inter alia*, state-of-the-art crypto currency mining containers.  These containers provide housing, power connection, cooling, and other essential support infrastructure to hundreds of "miners" (the advanced computer assemblies that solve complex cryptographic data puzzles to obtain crypto currency) per modular container, in a manner that is scalable both internally (number of miners) and externally (number of containers per site).  Fabrication of these containers is materials- and labor-intensive, requires skilled trade workers, high-quality manufacturing space, and the procurement and storage of expensive parts and materials, much of which requires long lead times and complex supply chains.  The price of RKMC containers reflects the foregoing demands for complexity, scalability, quality, materials, and workmanship.

2.      RKMC manufactured and sold the "Containers" that are the subject of the Sale Notice.  Debtor Compute North LLC ("**Debtor**") contracted with RKMC to produce and deliver the at issue Containers to Debtor's Granbury, Texas project site identified in the Sale Notice.

3.      Debtor granted RKMC a security interest in each and every container delivered to Debtor as security for all amounts due to RKMC under the Debtor's purchase orders for Containers.  Pursuant to the Terms and Conditions applicable to each purchase order,

> Buyer [Debtor] hereby grants to RKMC a security interest in any Goods provided by RKMC and all attachments, replacements and proceeds thereof, to secure Buyer's performance hereunder and payment of the purchase price, interest on any past-due amounts as set forth in Section 2 and the costs of collection, including reasonable attorney's fees. RKMC shall have, upon default in payment or performance or upon the bankruptcy or insolvency of Buyer, all the rights and remedies of a secured creditor under the Uniform Commercial Code, including the right to immediate possession of the Goods, including, if necessary the right, at RKMC's option, to enter, without demand or notes and without legal process and with no liability whatever, the premises where such Goods may be located and to take possession and hold and dispose of the Goods in accordance with applicable law at a public or private sale. Upon any such sale, the proceeds after deducting the reasonable expense of such repossession and sale, including attorney's fees, shall be applied by RKMC in reduction of the purchase price, it

being understood and agreed that RKMC will return any and all surplus to Buyer, but Buyer shall be liable to RKMC for the deficiency as liquidated damages. Such rights and remedies shall be in addition to any other rights and remedies hereunder. Buyer agrees to execute and deliver upon RKMC's request any documents necessary to perfect RKMC's security interest, and it is understood that all Goods - to the fullest extent allowed by applicable law - shall remain personal property regardless of the manner in which it may be affixed to real estate.

RKMC Terms and Conditions, ¶ 10 (copy attached as Exhibit 1).

4.      RKMC perfected its security interest in the more than 200 Containers previously delivered to Debtor by filing a UCC-1 financing statement with the Delaware Secretary of State on July 26, 2022, a copy of which is attached as Exhibit 2.

5.      At Debtor's request, RKMC filed a UCC-3 amendment to financing statement with the Delaware Secretary of State on July 28, 2022, a copy of which is included in the attached Exhibit 3.

6.      The UCC-3 amendment was negotiated, and a Letter Agreement executed on July 29, 2022, by and between Debtor and RKMC which sets forth the basis and benefits to Debtor of the UCC-3 amendment.

7.      Pursuant to the plain language of the Letter Agreement, RKMC agreed to release its security interest in all but 82 Containers that had been delivered to Debtor.  RKMC and Debtor agreed on the 82 specific containers upon which RKMC retained liens in Exhibit A to the UCC-3 amendment. *See* Ex. 3, pp. 5-6.  Debtor had requested that RKMC release its liens on the majority of delivered Containers to improve Debtor's financial position with the goal of attracting investors or lenders.

8.      On September 22, 2022 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing petitions for relief under Chapter 11 of the Bankruptcy Code.   The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

9.      On November 14, 2022, the Debtor filed the Sale Notice proposing to sell eleven (11) Containers to Crusoe Energy Systems LLC free and clear of all liens and encumbrances.

10.     Two containers identified I the Sale Notice, numbers 151962 and 151951, are encumbered by RKMC liens.

## LIMITED OBJECTION

11.     RKMC objects to Container numbers 151962 and 151951 being sold free and clear of all encumbrances, or in the alternative requests that all proceeds of sale of those two Containers be paid to RKMC in fulfillment of its UCC lien rights.

## EXCEPTION TO AVOIDANCE OF PREFERENCE

12.     While it is true that the UCC-3 amendment at issue was filed during the 90-day preference period pursuant to 11 U.S.C. § 547, the security interest is not avoidable because it was supported a contemporaneous exchange for new value.  11 U.S.C. § 547(c)(1).

13.     "Section 547(c) lists eight exceptions to the general rule of avoidability under § 547(b), including contemporaneous exchange for new value, § 547(c)(2)."  *In re Bison Bldg. Holdings, Inc.*, 473 B.R. 168, 174 (Bankr. S.D. Tex. 2012)

14.     "The purpose of the contemporaneous exchange exception is to protect transactions that do not result in a diminution of the bankruptcy estate.  If new value is given, a contemporaneous exchange does not diminish the estate."  *Id.* at 175 (citing *Velde v. Kirsch,* 543 F.3d 469, 472 (8th Cir. 2008)).

15.     "The critical inquiry in determining whether there has been a contemporaneous exchange for new value is whether the parties intended such an exchange."  *Id.* (citing *McClendon v. Cal–Wood Door (In re Wadsworth Bldg. Components, Inc.),* 711 F.2d 122, 124 (9th Cir. 1983)).  "Courts determine the parties' intent by examining evidence of the parties' mutual understanding of the payment arrangement…."  *Id.*

16.     Here, the plain language of the Letter Agreement makes clear that the parties intended that RKMC's release of hundreds of liens from individual Containers previously delivered to Debtor was contemporaneous with Debtor's execution of the Letter Agreement recognizing and affirming the remaining 82 liens and granting a purchase money security interest in all future Container deliveries. *See* Ex. 3, ¶¶ 2-3.  The parties acknowledge that good and valuable consideration was exchanged and received.  *Id.* at 1.  The Court should interpret the plain language to effectuate the parties' intentions, *see, e.g., In re Ultra Petroleum Corp.*, 571 B.R. 755, 763 (Bankr. S.D. Tex. 2017), which clearly included the contemporaneous exchange of new value to Debtor in the form of lien releases that allowed Debtor to pursue (albeit unsuccessfully) new financing partners.

17.     Because the elements of 11 U.S.C. § 547(c)(1) are satisfied by the Letter Agreement, RKMC's security interest in Container numbers 151962 and 151951 should not be avoidable and the Sale should not occur free and clear of RKMC's two liens.  In the alternative, the sale proceeds from Containers 151962 and 151951 should be paid to RKMC pursuant to its perfected lien rights if the sale is allowed to go forward free and clear of all encumbrances.

## CONCLUSION

WHEREFORE, RKMC respectfully requests that this Limited Objection be addressed at the hearing set for November 16, 2022, at 9:00am CT and incorporated into a revised Sale Order that is acceptable to RKMC, and such other and further relief as the Court deems just and proper.

Dated: November 15, 2022

Respectfully submitted,


**BERG HILL GREENLEAF RUSCITTI LLP**

*/s/ Patrick M. Haines*
Patrick M. Haines
Colorado Bar No. 38970
1712 Pearl Street
Boulder, CO  80302
Telephone: (303) 402-1600
Facsimile: (303) 402-1601
Email: pmh@bhgrlaw.com

*Counsel to RK Mission Critical LLC*



## CERTIFICATE OF SERVICE

I certify that on November 15, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patrick M. Haines*
Patrick M. Haines