# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. 91 & 256** |

## DECLARATION OF DRAKE HARVEY
## IN SUPPORT OF ENTRY OF AN ORDER (I) APPROVING
## THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL
## LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) AUTHORIZING
## THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
## IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF

I, Drake Harvey, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am the President of Compute North LLC and the other above-captioned debtors and debtors in possession (collectively, "Compute North" or the "Debtors").

2. I submit this declaration (this "Declaration") in support of (a) the motion [Docket No. 91] (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other things, approval to sell all or substantially all or any subset of the Debtors' assets (collectively, the "Assets") free and clear of any liens, claims, and encumbrances, (b) the *Notice of Successful Bidder for JV Assets*, filed contemporaneously herewith (the "JV Notice of Successful Bidder") designating U.S. Data Group, Inc. ("USBTC" or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the "JV Purchaser"), based upon the JV Purchaser's bid set forth in that certain *Asset Purchase Agreement*, dated as of November 22, 2022, which is attached to the JV Notice of Successful Bidder as Exhibit A (the "JV Purchase Agreement"), as the Successful Bidder for the assets identified on Schedule 1.1 of the JV Purchase Agreement (the "JV Assets"), and (c) the proposed form of order, filed contemporaneously herewith (the "JV Sale Order") approving the sale of the JV Assets to the JV Purchaser.

## QUALIFICATIONS

3. I was appointed President of Compute North in September 2022, and prior to that appointment I served as Compute North's Chief Operating Officer. In my capacity as President of Compute North, I am generally familiar with Compute North's business, operations, assets, liabilities, day-to-day operations, and financial affairs and I have been actively involved in the Debtors' restructuring efforts, including the marketing and proposed sales of the JV Assets.

4. Prior to joining Compute North in April 2021, I held leadership positions in telecommunications, technology, and SaaS businesses, and also have experience leading startup companies. I hold a BS in Business Administration from the University of Delaware.

5. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my discussions with other members of the Debtors' management team and the Debtors' advisors, my review of information concerning the Debtors' operations, financial affairs, and restructuring initiatives. If called as a witness, I could and would testify competently to the facts set forth in this Declaration on that basis.

## BACKGROUND ON THE SALE PROCESS AND THE JV ASSETS

6. The Debtors are a leader in the data center space and develop, own, and manage data centers across the United States. In addition to their operating and in-development data center

projects, the Debtors also have excess inventory and equipment that is available for sale, including modular data centers, pad mount transformers, and main power transformers.

7. The JV Assets consist of (a) 100 percent of the membership interest in TZRC LLC, a Delaware limited liability company ("TZRC"), held by Compute North Member LLC, a Delaware limited liability company, which such membership interest represents 50 percent of all issued and outstanding membership interests in TZRC; and (b) that certain *Modular Data Center Property Management Agreement* dated as of March 8, 2022, entered into among TZRC, Compute North Member LLC and TZ Capital Holdings, LLC ("TZCH"), a Delaware limited liability company, as the same may be amended from time to time.

8. Prior to the Petition Date, the Debtors, with the assistance of their advisors, evaluated available alternatives in light of the Debtors' financial condition, including potential scenarios and transactions with respect to the JV Assets. Following the Petition Date, and in light of the Debtors' very limited available liquidity, the Debtors, with the assistance and advice of their advisors, determined that pursuing a sale of the Assets, including the JV Assets, presented the best available opportunity to maximize the value of the Debtors' estates for the benefit of all stakeholders. On October 24, 2022, Court entered an order [Docket No. 256] (the "Bidding Procedures Order") approving, among other things, certain bidding procedures governing the proposed sale of the Debtors' Assets (the "Bidding Procedures"). The JV Assets, along with all of the Debtors' other Assets, were marketed for sale in accordance with the Bidding Procedures Order and the Bidding Procedures, and the Debtors, with the assistance of their advisors, solicited bids from all interested parties.

## THE JV PURCHASE AGREEMENT AND SALE

9. I have reviewed with the Debtors' advisors the bids that were submitted by the Bid Deadline. Two Qualifying Bids were received for the JV Assets by the Bid Deadline, one from

USBTC and the other from Lake Parime Limited ("Lake Parime"). Accordingly, an auction was held virtually on November 15, 2022 in accordance with the Bidding Procedures. The Debtors, in consultation with the Consultation Parties, determined the bid submitted by USBTC would be the Baseline Bid for the JV assets. Multiple rounds of overbids by both bidders followed, including breakout discussions between rounds in which the Debtors and Consultation Parties engaged with USBTC and Lake Parime regarding their respective bids. This process ultimately resulted in two final bids. The Debtors and their advisors weighed and discussed both final bids with the Consultation Parties to determine which constituted the highest and best actionable bid. At the conclusion of the Auction, the Debtors in consultation with the Consultation Parties, announced that the final bid submitted by USBTC was the highest and best actionable bid for the JV Assets. The Debtors, in consultation with the Consultation Parties, reached this determination, notwithstanding that Lake Parime's bid included a higher dollar amount for the JV Assets, based upon, among other factors, certain contingencies in Lake Parime's bid that created uncertainty regarding the ability to close a transaction promptly. Specifically, Lake Parime had not, at the time of placing its final bid, reached an agreement with TZCH, as the other investor in the JV project and the lender to Compute North Member LLC, with respect to the terms of the financing Lake Parime was proposing to assume in its bid. Accordingly, the Debtors, in consultation with the Consultation Parties, announced that USBTC's final bid was the Successful Bid and that Lake Parime's final bid was the Back-Up Bid.

10. The JV Purchase Agreement provides for, among other things, a cash purchase price of $3,000,000 to be paid to the Debtors on the closing date,[3] the assumption of certain

---

[3] The JV Purchase Agreement also provides for an additional $7 million of the cash purchase price to be paid to TZCH to repay the principal amount owing under the TZCH Senior Note (as defined in the JV Purchase Agreement), for a total cash purchase price of $10 million.

4

liabilities, including the principal and interest amounts due and owing by Compute North Member LLC under that certain Senior Secured Promissory Note (as amended) issued by Compute North Member LLC in favor of TZCH, a full waiver of all unsecured claims held by the JV Purchaser, including any rejection damages, and $100,000 for transition services above and beyond all pass through costs.

11. I believe that the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the sale of the JV Assets to the JV Purchaser because such sale is necessary to preserve and maximize the value of the Debtors' estates for the benefit of creditors. I believe that the consideration provided by the JV Purchaser pursuant to the JV Purchase Agreement constitutes fair and reasonable consideration for the JV Assets. I also believe that the JV Purchase Agreement represents the highest and best offer for the JV Assets because it reflects the highest or otherwise best bid received for such assets throughout the sale process and Auction.

12. I believe that approval of the JV Purchase Agreement (including all transactions and actions contemplated thereunder) at this time is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. Further, I believe that the terms of the JV Purchase Agreement were negotiated, proposed, and entered into by the JV Purchaser and the Debtors without collusion, in good-faith, and from arm's-length bargaining positions.

13. Based upon the advice of the Debtors' advisors, I believe that the JV Assets constitute property of the Debtors' estates and that title thereto is vested in the Debtors' estates within the meaning of section 541 of the Bankruptcy Code. The Debtors (a) have full corporate power and authority to execute the JV Purchase Agreement and all other documents contemplated thereby (and the sale to the JV Purchaser has been, or will be, duly and validly authorized by all necessary corporate action), (b) have full corporate power and authority necessary to consummate

the transactions contemplated by the JV Purchase Agreement, (c) have taken, or will take, all corporate actions necessary to authorize and approve the JV Purchase Agreement and the consummation by the Debtors of the transactions contemplated thereunder, and (d) require no consents or approvals, other than those expressly provided for in the JV Purchase Agreement, to consummate such transactions.

14. I believe that the JV Purchaser would not have entered into the JV Purchase Agreement, and would not consummate the sale and the transactions contemplated thereunder, if the sale of the JV Assets were not, except as otherwise provided in the JV Purchase Agreement, free and clear of all Encumbrances (as defined in the JV Purchase Agreement), or if the JV Purchaser would, or in the future could (except and only to the extent expressly provided in the JV Purchase Agreement, including with respect to the Assumed Liabilities (as defined in the JV Purchase Agreement)), be liable for any such Encumbrances.

15. I further believe that the releases provided for in the JV Sale Order and JV Purchase Agreement are consensual, reasonable in scope, and necessary to obtain the JV Purchaser's approval of the JV Purchase Agreement. It is my belief that the JV Purchaser would not have entered into the JV Purchase Agreement, and would not consummate the sale and the transactions contemplated thereunder, without the releases set forth in the JV Sale Order.

## CONCLUSION

16. In conclusion, I believe that the sale of the JV Assets to the JV Purchaser is in the best interest of the Debtors' estates and, based upon the advice of the Debtors' advisors, satisfies all of the applicable requirements of the Bankruptcy Code and should be approved.

[*Remainder of Page Intentionally Left Blank*]

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 25, 2022
       Eden Prairie, Minnesota

Respectfully submitted,

*/s/ Drake Harvey*
Drake Harvey
President
Compute North LLC