United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 30, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, | § | Case No. 22-90273 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE OCTOBER 9, 2022

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain McDermott Will & Emery LLP ("McDermott") as counsel effective October 9, 2022, the date the Committee determined to employ McDermott as its counsel in the Chapter 11 Cases, pursuant to Bankruptcy Code sections 327, 328, 330, and 1103(a); and upon the Gibbs Declaration attached to the Application as **Exhibit B**; and upon the Genoot Declaration attached to the Application as **Exhibit C**; and the Court having jurisdiction pursuant to 28 U.S.C. § 1334 to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application, the Gibbs Declaration, and the Genoot Declaration that McDermott does not represent or hold any interest materially adverse to the Debtors or their estates as to the matters upon which McDermott has been and is to be employed, and that McDermott is a "disinterested person" as such term is defined in Bankruptcy Code section 101(14); and that while employed by the Committee, McDermott will not represent any other person or entity having an adverse interest in connection with the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Application, the Gibbs Declaration, and the Genoot Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. Omitted.

2. Pursuant to Bankruptcy Code sections 327, 328, 330, and 1103(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ and retain McDermott as its counsel effective October 9, 2022, subject to the terms of this Order.

3. McDermott shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court. McDermott also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by McDermott in the Chapter 11 Cases.

4. McDermott shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

5. McDermott shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in the Chapter 11 Cases.

6. McDermott will provide written notice of any rate increases to the Committee, the United States Trustee, and the Debtors, and will file a Supplemental Affidavit detailing any such increases with the Court. The Committee, the Debtors, the U.S. Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. McDermott shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by McDermott to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. McDermott will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. To the extent the Application, the Gibbs Declaration, or the Genoot Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The Committee and McDermott are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. During the course of the Chapter 11 Cases, this Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

Signed: November 30, 2022

_____
Marvin Isgur
United States Bankruptcy Judge