UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS TO FOUNDRY DIGITAL LLC PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 10:00 a.m. on December 9, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on December 9, 2022 at 10:00 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

> **in the upper right corner and enter your name under the personal information setting**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

## RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing CN Mining LLC ("CN Mining") to assume certain Customer Agreements (as defined below) under which CN Mining receives colocation, hosting and related services for bitcoin mining and assign its rights, interests, and obligations under those contracts to Foundry Digital LLC ("Foundry"), effective as of the Closing (as defined in the Asset Purchase Agreement between Foundry and the Debtors) and (b) granting related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(b) of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

**BACKGROUND**

5. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On October 6, 2022, the United States Trustee appointed the official committee of unsecured creditors in these Chapter 11 Cases (the "Committee") [Docket No. 139].

**BACKGROUND REGARDING THE MASTER AGREEMENT, THE KEARNEY ORDER FORM AND THE WOLF HOLLOW ORDER FORM**

6. On February 3, 2022, Debtor Compute North LLC ("CN LLC") and Debtor CN Mining entered into that certain Master Agreement (the "Master Agreement"), a copy of which is attached hereto as **Exhibit B**, as well as (i) Order Form Deal ID 7656512161 (the "Kearney Order Form"), a copy of which is attached hereto as **Exhibit C** and (ii) Order Form Deal ID 8713872290 (the "Wolf Hollow Order Form" and together with the Master Agreement and the Kearney Order form, collectively, the "Master Agreement and Order Forms"), a copy of which is attached hereto as **Exhibit D**. The Master Agreement provided for the colocation, managed and other services for CN Mining's cryptocurrency mining hardware. The Kearney Order Form provided for the order and deployment of CN Mining's cryptocurrency mining hardware at a bitcoin mining facility located in Kearney, Nebraska (the "Kearney Facility") and the Wolf Hollow Order Form provided for the order and deployment of CN Mining's cryptocurrency mining hardware at a bitcoin mining facility located in Granbury, Texas (the "Wolf Hollow Facility").

3

7. On February 7, 2022, CN LLC partially assigned the Master Agreement and the Kearney Order Form, including 3,110 CN Mining miners, to Compute North NE05 LLC, a non-debtor and owner of the Kearney Facility, pursuant to that Partial Assignment and Assumption Agreement dated as of February 7, 2022, between Compute North LLC and Compute North NE05 LLC. The Partial Assignment and Assumption Agreement with Compute North NE05 LLC, insofar as it pertains to CN Mining, is annexed as **Exhibit E**.

8. On April 27, 2022, CN LLC partially assigned the Master Agreement and the Wolf Hollow Order Form, including 542 CN Mining miners, to CN Wolf Hollow LLC, a non-debtor and owner of the Wolf Hollow Facility, pursuant to that Partial Assignment and Assumption Agreement dated as of April 27, 2022, between Compute North LLC and CN Wolf Hollow LLC. The Partial Assignment and Assumption Agreement with CN Wolf Hollow LLC, insofar as it pertains to CN Mining, is annexed as **Exhibit F**.

9. For ease of reference, the agreements contained in Exhibits B through F are referred to collectively in this motion as the "Customer Agreements."

10. As a result of the Customer Agreements, Compute North NE05 LLC is currently obligated to provide services to CN Mining under the Master Agreement on account of CN Mining's equipment located at the Kearney Facility. As a result of the Customer Agreements, CN Wolf Hollow LLC is currently obligated to provide services to CN Mining under the Master Agreement on account of CN Mining's equipment located at the Wolf Hollow Facility. There are no amounts currently owed by CN Mining to either CN Wolf Hollow LLC or Compute North NE05 LLC under the Customer Agreements.

11. On October 24, 2022, the Court entered the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and*

*Rejection Procedures, and the Form and Manner of Notice thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Bidding Procedures Order")[2] [Docket No. 256]. Pursuant to the Bidding Procedures Order, the Debtors conducted a comprehensive sale process for all of the Debtors' assets.

12. At the Bid Deadline, the Debtors received multiple bids across their various pools of assets, including a bid from Foundry Digital LLC for certain assets, including substantially all assets of CN Mining. Thereafter, the Debtors, in consultation with the Consultation Parties, declared Foundry Digital LLC ("Foundry" or the "Purchaser") as the Successful Bidder for the Purchased Assets. On November 19, 2022, certain of the Debtors entered into that Asset Purchase Agreement, by and between Foundry and CN LLC, Compute North SD, LLC, Compute North Texas LLC, CN Mining, and CN Minden LLC, dated November 19, 2022 (the "Asset Purchase Agreement") and the Debtors filed the *Notice of Successful Bidder for Certain Assets* [Docket No. 511] declaring Foundry the successful bidder for the assets described in the Asset Purchase Agreement.

13. On November 22, 2022, the Bankruptcy Court entered the *Order (I) Approving the Sale of the Purchased Assets Free and Clear of All Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

5

*Leases; and (III) Granting Related Relief* (the "Sale Order") [Docket No. 531] approving the sale transactions set forth in the Asset Purchase Agreement.

14. Since entry of the Sale Order, the Debtors and Foundry have been working to close the transactions contemplated in the Asset Purchase Agreement. As of the date of this Motion, the Debtors have provided all closing deliverables pursuant to Section 3.2 of the Asset Purchase Agreement. Further, all conditions precedent to the obligations of Purchaser pursuant to Section 7.3 of the Asset Purchase Agreement have been satisfied. Accordingly, the Debtors are ready, willing and able to close the transactions contemplated in the Asset Purchase Agreement.

15. Nevertheless, the Debtors have been informed that Foundry may not go forward with the Closing (as defined in the Asset Purchase Agreement) unless it receives additional comfort that CN Mining will have the benefit of services rendered to CN Mining under the Customer Agreements by Compute North NE05 LLC and CN Wolf Hollow LLC.

16. Although not required to move forward with the Closing, the Debtors have decided that it is prudent to attempt to give Foundry the comfort it has requested in order to avoid any further delay in the Closing. Accordingly, the Debtors are seeking entry of the annexed Order providing for the assumption and assignment of CN Mining's rights and obligations under the Customer Agreements to Foundry, subject only to the occurrence of the Closing.

## BASIS FOR RELIEF

17. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or [unexpired] lease of the debtor."[3] The standard governing bankruptcy court approval of a debtor's decision to assume or reject an executory contract or unexpired lease is whether the debtor's

---

[3] 11 U.S.C. § 365(a).

reasonable business judgment supports assumption or rejection.[4] If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract.[5] Under the business judgment test, a court should approve a debtor's proposed assumption if such assumption will benefit the estate.[6] Any more exacting scrutiny would slow the administration of a debtor's estate and increase costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the Court's ability to control a case impartially.[7]

18. Generally, courts defer to a debtor in possession's business judgment to assume or reject an executory contract or lease,[8] and here, the Debtors have exercised their sound business judgment in determining that CN Mining's assumption and assignment of the Customer Agreements in connection with the Sale is in the best interests of CN Mining and its chapter 11

---

[4] *See, e.g.*, *In re Senior Care Ctrs., LLC*, No. 18-33967, 2019 Bankr. LEXIS 3185, at *7 (Bankr. D. N.D. Tex. Oct. 4, 2019) (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985)); *In re Republic Airways Holdings Inc.*, 2016 Bankr. LEXIS 1927, at *10-11 (Bankr. S.D.N.Y. May 3, 2016) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that Section 365 is traditionally subject to the "business judgment" standard); *In re Gucci*, 193 B.R. 411 (S.D.N.Y. 1996).

[5] *See Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) ("The bankruptcy court will generally approve [the debtor's] choice, under the deferential 'business judgment' rule.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984)); *see also Group of Institutional Investors v. Chicago M. St. P. & P.R.R. Co.*, 318 U.S. 523 (1943); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d. Cir. 1989).

[6] *See In re Tayfur*, 599 Fed. App'x. 44, 46 (3rd Cir. 2015); *In re Republic Airways Holdings Inc.*, Case No. 16-10429, 2016 Bankr. LEXIS 1927, at *10-11 (Bankr. S.D.N.Y. May 3, 2016) ("Courts generally will not second-guess a debtor's business judgment concerning whether an assumption or rejection benefits the debtor's estate."); *In re Gunner Hotel Assoc.*, 96 B.R. 696, 698, (Bankr. W.D. Tex. 1988); *In re Food City, Inc.*, 94 B.R. 91, 93–94 (Bankr. W.D. Tex. 1988); *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assoc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984) ("The business judgment test "requires only that the trustee (or debtor-in-possession) demonstrate that rejection of the executory contract will benefit the estate.").

[7] *See Richmond Leasing Co. v. Capital Bank, NA.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

[8] *See Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co., (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (stating that the business judgment test "requires only that the trustee [or debtor in possession] demonstrate that [assumption or] rejection of the executory contract will benefit the estate."); *see also N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Control Data Corp. v. Zelman (In re Minges)*, 602 F.2d 38, 42–43 (2d Cir. 1979); *In re Riodizio, Inc.*, 204 B.R. 417, 424-25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

estate. Accordingly, the proposed assumption under section 365(a) of the Bankruptcy Code is appropriate.[9] The sale to Foundry will yield maximum value for the Debtors' estates for the Purchased Assets (as defined in the Asset Purchase Agreement) and the Foundry bid was the highest and best bid received for the Purchased Assets. Unfortunately, Foundry has delayed the Closing on the stated basis that it lacks certainty that the Customer Agreements will remain in effect following the Closing. Any further delay in the Closing will increase the risk that the Closing will not occur, which would cause significant damage to the Debtors and their estates.

19. Moreover, pursuant to section 365(b)(1) of the Bankruptcy Code, for a debtor to assume an executory contract, it must "cure, or provide adequate assurance that the debtor will promptly cure," any default, including compensation for any "actual pecuniary loss" relating to such default.[10] There are no amounts currently owed by CN Mining to either CN Wolf Hollow LLC or Compute North NE05 LLC under the Customer Agreements.

20. Relatedly, section 365(f)(2) of the Bankruptcy Code provides that a debtor may assign an executory contract or unexpired lease of nonresidential real property if "adequate assurance of future performance by the assignee of such contract or lease is provided."[11] The meaning of "adequate assurance of future performance" depends on the facts and circumstances

---

[9] *See, e.g.*, *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 182–83 (Bankr. E.D. Pa. 2010) (stating that if a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or unexpired lease); We*stbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

[10] 11 U.S.C. § 365(b)(1).

[11] 11 U.S.C. § 365(f)(2); *see also L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Center, Inc.)*, 209 F.3d 291, 299 (3d Cir. 2000) ("The Code generally favors free assignability as a means to maximize the value of the debtor's estate."); *see also RPD Holdings, L.L.C. v. Tech Pharm. Servs. (In re Provider Meds, L.L.C.)*, 907 F.3d 845, 851 (5th Cir. 2018) ("Once a trustee assumes an executory contract, a trustee may generally also assign the contract even where legal or contractual provisions would otherwise prohibit assignment."); *Leonard v. General Motors Corp. (In re Headquarters Dodge, Inc.)*, 13 F.3d 674, 682 (3d Cir. 1994) (noting purpose of section 365(f) is to assist trustee in realizing the full value of the debtor's assets).

of each case, but should be given "practical, pragmatic construction."[12]  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.[13]

21. Here, Foundry has prepared materials to support its adequate assurance of future performance, including: (a) Foundry's financial wherewithal and willingness to perform under any of the Customer Agreements and (b) the contact person at Foundry that the counterparty may directly contact in connection with the adequate assurance of future performance.

22. Therefore, the Debtors respectfully request that the Court approve the proposed assumption and assignment of the Customer Agreements by CN Mining to Foundry effective as of, but subject to, the occurrence of the Closing.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

23. To the extent applicable to implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

---

[12] *Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B. R. 524, 538 (Bankr. D.N.J. 1989); *see also Absinthe Bar, L.L.C. v. Bourbon Saloon, Inc. (In re Bourbon Saloon, Inc.)*, 647 Fed. App'x. 342, 346 (5th Cir. 2016) ("A bankruptcy court's determination of adequate assurance of future performance and the ability to cure under § 365 is a fact-specific question.") (citing T*ex. Health Enters. Inc. v. Lytle Nursing Home (In re Tex. Health Enters. Inc.)*, 72 F. App'x. 122, 126 (5th Cir. 2003)); *Winters Nursery LLC v. Color Spot Holdings, Inc. (In re Color Spot Holdings, Inc.)*, 2018 WL 3996938, at *2 (D. Del. 2018); *In re Texas Health Enterprises, Inc.*, 246 B.R. 832, 834 (Bankr. E.D. Tex Jan. 27, 2000); *In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (stating that adequate assurance of future performance does not mean absolute assurance that debtor will thrive).

[13] *In re Bygaph, Inc.*, 56 B.R. 596, 605–06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when a prospective assignee of a lease from debtors has financial resources and has expressed willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding); *In re Old South Coors, Inc.*, 27 B.R. 923, 926 (Bankr. N.D. Miss. 1983) (finding that successful business experience and financial strength of assignees met "all reasonable standards of adequate assurance . . . .").

## NOTICE

24.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) counsel to the Committee, (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) counsel to Compute North NE05 LLC and CN Wolf Hollow LLC; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 8, 2022
Houston, Texas

*/s/ James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
       michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                  */s/ James T. Grogan III*
                                                  James T. Grogan III

**Certificate of Service**

I certify that on December 8, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ James T. Grogan III*
                                                  James T. Grogan III