**<u>Exhibit E</u>**

*Execution Version*

**PARTIAL ASSIGNMENT AND ASSUMPTION AGREEMENT**

THIS PARTIAL ASSIGNMENT AND ASSUMPTION AGREEMENT (this "***Agreement***") is made and entered into as of February 7, 2022 (the "***Effective Date***"), by and between COMPUTE NORTH LLC, a Delaware limited liability company ("***Assignor***") and Compute North NE05 LLC, a Delaware limited liability company ("***Assignee***").

<u>PRELIMINARY STATEMENTS</u>

WHEREAS, Assignor and each of the entities listed as a "Customer" on <u>Exhibit A</u> hereto (each, a "***Customer***") are party to the applicable "Master Agreements" and/or "Colocation Agreements" dated as of the date set forth on <u>Exhibit A</u> (each, a "***Master Agreement***") and the Order Forms (each an "***Order Form***" and, collectively the "***Order Forms***") relating to one or more data center locations (each, a "***Facility***"), pursuant to which Assignor agreed to provide the Services with respect to the applicable Customer's Mining Equipment hosted at the Facility designated thereto;

WHEREAS, Assignee is developing (or has developed) and will be (or is) the owner of one or more of the Facilities and desires to provide Services at such Facilities;

WHEREAS, under the terms of each Master Agreement, Assignor may assign, transfer, delegate or subcontract any or all of its rights under the applicable Master Agreement and the Order Forms with respect to all or a portion of the Mining Equipment hosted at the Facilities set forth thereon;

WHEREAS, a copy of each Master Agreement has been made available electronically to Assignee and a copy of each Order Form that will be subject, in whole or in part, to this Agreement (to the extent assigned pursuant to <u>Section 2</u>, each an "***Assigned Order Form***") is attached hereto as <u>Exhibit B</u>; and

WHEREAS, (a) Assignor now desires to assign to Assignee the Assigned Interests (as defined below), and Assignee desires to accept such assignment and assume from Assignor the Assumed Liabilities (as defined below), as of the Effective Date, on and subject to the terms set forth below and (b) Assignor shall retain all of the Retained Interests (as defined below) and the Retained Liabilities (as defined below).

<u>AGREEMENT</u>

NOW, THEREFORE, for and in consideration of the mutual covenants contained herein, the parties hereto hereby agree as follows, effective as of the Effective Date:

1.      <u>Definitions and Interpretation</u>.

(a)      Capitalized terms used but not otherwise defined herein, shall have the meanings assigned to such terms in the applicable Master Agreement (or, if applicable, the applicable Order Form); provided in the case of a Master Agreement that does not define the term "Mining Equipment", the term "Mining Equipment" shall mean the Customer's cryptocurrency mining hardware identified on the applicable Assigned Order Form.

(b)     Unless the context otherwise requires, words in the singular include the plural, and in the plural include the singular; masculine words include the feminine and neuter; "or" means "either or both" and shall not be construed as exclusive; "including" means "including but not limited to"; "hereof," "hereby," "herein," "hereunder" and similar terms in this Agreement refer to this Agreement as a whole and not any particular section in which such words appear, unless otherwise specified; "any" and "all" each means "any and all" and shall not be construed as terms of limitation; and, a reference to a thing (including any right or intangible asset) includes any part or the whole thereof. Any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation and construction of this Agreement, and this Agreement shall be construed as having been jointly drafted by the parties. The titles and headings for particular paragraphs, sections and subsections of this Agreement have been inserted solely for reference purposes and shall not be used to interpret or construe the terms of this Agreement. Unless otherwise expressly set forth herein, the rights and remedies of each party hereunder will be cumulative and in addition to any other rights or remedies that such party may have at law or in equity.

2.     <u>Assignment</u>.

(a)     *Assignment of Assigned Interests and Assumption of Assumed Liabilities*.

(i)     Except for the Retained Interests, Assignor hereby assigns, transfers, conveys and delivers to Assignee all of Assignor's rights, title and interest in and to each Master Agreement and the Assigned Order Form(s) insofar and only insofar as such rights, title and interest relate to the Mining Equipment listed on <u>Exhibit A</u> (the "***Assigned Mining Equipment***") from and after the Effective Date, including the right to receive payments of the Initial Setup Fee (if any), the Initial Deposit, the Monthly Service Fees, the Monthly Package Fees and any other fees due or owing under the Assigned Order Form(s) and attributable to the Assigned Mining Equipment (collectively, the "**Assigned Interests**"). For the avoidance of doubt, the Assignor and Assignee agree that the Assigned Interests exclude the right to receive payments for Acquired Hardware, Capital Equipment (if applicable) and the Compute North Pool relating to the Assigned Mining Equipment; and

(ii)     Except for the Retained Liabilities, Assignee assumes and accepts the assignment of the Assigned Interests and each and every covenant and obligation that accrues and becomes performable, due or owing under each Master Agreement and the Assigned Order Form(s) to be kept, fulfilled, observed, performed and discharged by Assignor from and after the Effective Date solely with respect to the Assigned Interests, including the obligation to provide Services in respect of the Assigned Mining Equipment from and after the Effective Date (collectively, the "**Assumed Liabilities**"). For the avoidance of doubt, the Assignor and Assignee agree that the Assumed Liabilities exclude the obligations for the Acquired Hardware and Capital Equipment (if applicable) that is not Mining Equipment and the Compute North Pool.

(iii)     The Assignor hereby represents and warrants to the Assignee (A) that Exhibit A hereto accurately lists each Master Agreement to be assigned on the

date hereof by the Assignor, (B) that all such Master Agreements are in full force and effect on the date hereof and were made available to the Assignee through a data room, (C) that Exhibit B contains all the applicable Order Forms that will be subject, in whole or in part, to this Agreement, and (iv) that all such Orders Forms are in full force and effect on the date hereof.

(b)        *Retention of Retained Interests and Retained Liabilities.* Notwithstanding anything herein or in the applicable Master Agreement or the Order Forms to the contrary:

(i)        The Assigned Interests do not include, and the Assignor retains and is fully able to rely upon and enforce, all of Assignor's rights, title and interest in and to (A) the each Master Agreement and the Order Form(s) that relate to any Mining Equipment that is not Assigned Mining Equipment (the "***Retained Mining Equipment***"), including the right to receive payments of the Initial Setup Fee (if any), the Initial Deposit, the Monthly Service Fees, the Monthly Package Fees and any other fees due or owing under the Order Form(s), all on a pro-rata basis to the extent attributable to the Retained Mining Equipment, (B) the right to receive payments for Acquired Hardware, Capital Equipment (if applicable) and the Compute North Pool relating to the Assigned Mining Equipment, the Retained Mining Equipment, or both, and (C) each Master Agreement and Assigned Order Forms arising prior to the Effective Date (collectively, the "***Retained Interests***").

(ii)        Assignor shall retain the following liabilities (collectively, the "***Retained Liabilities***"):

A.        Each and every covenant and obligation that accrues or becomes performable, due or owing under a Master Agreement and the Order Forms with respect to the Assigned Mining Equipment to be kept, fulfilled, observed, performed and discharged thereunder prior to the Effective Date; and

B.        Each and every covenant and obligation that accrues or becomes performable, due or owing under a Master Agreement and the Order Forms to be kept, fulfilled, observed, performed and discharged thereunder with respect to the Retained Interests, whether such covenant or obligation accrues prior to, on or after the Effective Date.

(c)        *Fees.* To the extent Assignor has received or receives payment from a Customer of amounts paid by such Customer for the account of the Assigned Interests or Assigned Liabilities, Assignor shall transfer such amounts to Assignee concurrently with the execution of this Agreement or within three (3) business days following the date when such fee is received by Assignor, whichever occurs last.  To the extent Assignee receives payment from a Customer of amounts paid by such Customer for the account of the Retained Interests or Retained Liabilities, Assignee shall transfer such amounts to Assignor within three (3) business days following the date when such fee is received by Assignee.

(d)     *Further Assurances.* From time to time, at Assignee's or Assignor's request, Assignor or Assignee, as applicable, shall execute and deliver to the other, or cause to be executed and delivered to the other, such further instruments and documents as either party may reasonably request as necessary or desirable in order to consummate the transactions contemplated by this Agreement.

(e)     *Notices.* Assignee and Assignor each covenants and agrees that such party shall promptly deliver to the other party copies of any notices, information, certificates, records and any and all other documents required to be provided by a Customer under the applicable Master Agreement or Assigned Order Form(s).

(f)     *External Documents.* The applicable Master Agreement incorporates by reference Assignor's Customer Handbook, Acceptable Use Policy and Customer Portal Terms of Use (collectively, "***External Documents***"), true and complete copy of which have been made available electronically to Assignee. Assignor hereby agrees and covenants not to make any changes to the External Documents without Assignee's prior written consent. Assignor further agrees that money damages may not be a sufficient remedy for any breach of this Section 2(f) and that Assignee shall be entitled to seek injunctive or other equitable relief to remedy or prevent any breach or threatened breach of this Section 2(f). Such remedy shall not be the exclusive remedy for any breach of this Section 2(f) but shall be in addition to all other rights and remedies available to it at law or in equity.

3.     Several Liability. Assignee and Assignor agree that, notwithstanding anything to the contrary contained in the applicable Master Agreement or the Order Forms, from and after the Effective Date, the obligations of Assignor and Assignee under the applicable Master Agreement and the Assigned Order Forms are the several obligations of each of them, and not joint or collective obligations, and shall be performed (a) by Assignee with respect to the Assigned Interests and Assigned Liabilities and (b) by Assignor with respect to the Retained Interests and Retained Liabilities.

4.     Indemnification.

(a)     Assignor and Assignee agree that Assignor shall have no liability for, and Assignee agrees to release, defend, indemnify, and hold harmless Assignor from and against any and all third-party claims, liabilities, damages, costs and expenses (including reasonable legal fees and expenses actually incurred) arising out of or relating to the Assumed Liabilities.

(b)     Assignor and Assignee agree that Assignee shall have no liability for, and Assignor agrees to release, defend, indemnify, and hold harmless Assignee from and against any and all third-party claims, liability, damages, costs and expenses (including reasonable legal fees and expenses actually incurred) arising out of or relating to the Retained Liabilities.

5.    <u>Miscellaneous</u>.

(a)    Each provision of this Agreement shall be binding upon and inure to the benefit of the parties, their legal representatives, successors, and assigns.

(b)    This Agreement constitutes the parties' entire understanding regarding its subject and supersedes all prior or contemporaneous communications, agreements and understanding between them relating hereto. This Agreement shall not be superseded, terminated, modified, or amended except by express written agreement of the parties hereto.

(c)    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same document. The parties may sign and transmit an electronic signature of this Agreement (whether by facsimile, pdf, email, or other electronic means), which signature shall be binding on the party whose name is contained therein.

(d)    This Agreement and the obligations of the parties hereto shall be construed and enforced in accordance with the laws of the State of Minnesota, excluding any conflicts of law rule or principle which might refer such construction to the laws of another state or country. Any dispute, claim, counterclaim or controversy of any kind arising under or relating to this Agreement is and shall continue to be subject to the exclusive jurisdiction of the courts of the State of Minnesota or of the federal courts sitting in the State of Minnesota, and the parties submit to the jurisdiction of such courts in respect of any such action or proceeding brought in such courts. The parties waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of venue of any such action or proceeding in such courts and any claim that any such action or proceeding brought in any such court has been brought in an inconvenient forum. Each party hereto irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Agreement or the transactions contemplated thereby.

(e)    IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY OR ANY OTHER PERSON, FIRM, OR ENTITY IN ANY RESPECT, INCLUDING, WITHOUT LIMITATION, FOR ANY INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL, RELIANCE, EXEMPLARY, OR PUNITIVE DAMAGES, INCLUDING LOSS OF PROFITS, LOSS OF REVENUE, LOSS OF BUSINESS, OR COST OF COVER OF ANY KIND OR NATURE WHATSOEVER, ARISING OUT OF OR RELATING TO THE SUBJECT MATTER OF THIS AGREEMENT EVEN IF ADVISED OF THE POSSIBILITY THEREOF.

(f)    If any provision of this Agreement is held to be illegal or unenforceable, it shall be deemed amended to conform to the applicable laws or regulations, or, if it cannot be so amended without materially altering the intention of the parties, it shall be stricken and the remainder of this Agreement shall continue in full force and effect.

*[Signature page follows]*

104663807.1

IN WITNESS WHEREOF, the parties have executed this Agreement on the Effective Date.

**COMPUTE NORTH LLC,**
as Assignor

By: _____
      *Dave Perrill*
      Name: Dave Perrill
      Title: Authorized Person

**COMPUTE NORTH NE05 LLC,**
as Assignee

By: _____
      *Dave Perrill*
      Name: Dave Perrill
      Title: Authorized Person

[Signature Page to Partial Assignment and Assumption Agreement]

## **EXHIBIT A**

**Agreement Description**

[See Attached]

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| ▮ | ███ | ███ | ███ | ███ | ▮ | ███ |
| ▮ | ███ | ████ | ███ | ███ | ▮ | ████ |
| ▮ | ███ | █████ | ███ | ███ | ▮ | █████ |
| ▮ | ███ | █████ | ███ | ███ | ▮ | ████ |
| ▮ | ███ | ███ | ███ | ███ | | ██████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | ██████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | ██████ |
| ▮ | ████ | ██████ | ███ | ███ | ▮ | █████ |
| ▮ | ███ | ██████ | ███ | ███ | | ████ |
| ▮ | ███ | █████ | ███ | ██ | ▮ | █████ |
| ▮ | ███ | █████ | ███ | ██ | ▮ | █████ |
| ▮ | ███ | █████ | ███ | ██ | ▮ | █████ |
| ▮ | ███ | ██████ | ███ | ██ | ▮ | ███████ |
| ▮ | ███ | ███ | ██ | ███ | ▮ | ██████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | █████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | ████ |
| ▮ | ███ | ███ | ███ | ███ | | ███████ |
| ▮ | ███ | ███ | ███ | ███ | | ████████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | ██████ |
| ▮ | ███ | ███ | ███ | ███ | ▮ | █████ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| ■ | ■■■■ | ■■■ | ■■■ | | ■ | ■■■■ |
| ■ | ■■■■ | ■■■ | ■■ | ■■■ | ■ | ■■■ |
| ■ | ■■■■ | ■■■■ | ■■ | ■■■ | ■ | ■■■■ |
| ■ | ■■■■ | ■■■ | ■■■ | ■■ | ■ | ■■■■■ |
| ■ | ■■■■ | ■■■ | ■■■ | ■■■ | ■ | ■■■■ |
| ■ | ■■■■ | ■■■■ | ■■■ | ■■■ | ■ | ■■■■ |
| ■ | ■■■■ | ■■■■ | ■■ | ■■■ | ■ | ■■■■ |
| 29 | 7656512161 | CN Mining LLC | 2/3/2022 | 2/3/2022 | 3110 | Whatsminer M30S+ (102T) - 952<br>Whatsminer M30S+ (100T) - 188<br>Whatsminer M30S+ (96T) - 6<br>Whatsminer M30S+ (98T) - 11<br>Whatsminer M30S+ (104T) - 222<br>Whatsminer M30S (90T) - 707<br>Whatsminer M30S (84T) - 60<br>Whatsminer M30S (92T) - 288<br>Whatsminer M30S (88T) - 426<br>Whatsminer M30S (86T) - 124<br>Whatsminer M30S (94T) - 7<br>Antminer S19j Pro (96T) - 16<br>Antminer S19j Pro (104T) - 75<br>Antminer S19j Pro (100T) - 28 |
| ■ | ■■■ | ■■■ | ■■ | ■■ | ■ | ■■■■ |

| | | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|---|
| ▮ | | ▮▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | ▮▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮ | | ▮▮▮ |
| ▮ | | ▮▮ | ▮▮▮ | ▮▮ | ▮ | | ▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮ | ▮▮ |
| ▮ | | | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ |
| ▮ | | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮▮ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| █ | ████ | ███ | ███ | ███ | | ██████ |
| █ | ████ | ███ | ███ | ███ | █ | ███████ |
| █ | ████ | ███ | ███ | ███ | █ | ████████ |
| █ | ████ | ████ | ███ | ███ | ██ | ████████ |
| █ | ████ | ███ | ███ | ████ | ██ | █████████ |
| █ | ████ | █ | ███ | ███ | █ | ██████ |
| █ | ████ | ████ | ███ | ███ | █ | ██████ |
| █ | ████ | ████ | ███ | ███ | █ | ██████ |
| █ | ███ | █████ | ███ | ████ | █ | ██████ |
| █ | ████ | █████ | ███ | ███ | █ | ███████ |
| █ | ███ | ███ | ███ | ████ | █ | █████████ |
| █ | ████ | ████ | ███ | ████ | █ | ███████ |
| █ | ████ | ████ | ███ | ███ | █ | ██████ |
| █ | ████ | ████ | ███ | ██ | █ | ███████ |
| █ | ████ | █████ | ███ | ███ | █ | ████████ |
| █ | ████ | █████ | ███ | ███ | █ | █████ |
| █ | ████ | ██ | ███ | ███ | █ | █████ |
| █ | ████ | ██ | ███ | ███ | █ | █████ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| █ | ████ | ████ | ████ | ████ | █ | ███████ |
| █ | ████ | ████ | ████ | ████ | █ | ██████ |
| █ | ████ | ██ | | ████ | █ | ██████ |
| █ | ████ | ██ | ██ | ████ | █ | ███ |
| █ | ████ | ██ | ████ | ████ | █ | ██████ |
| █ | ████ | ██ | ████ | ████ | █ | ██████ |
| █ | ████ | ████ | ███ | ████ | █ | ████████ |
| █ | ████ | ███ | ████ | ████ | █ | ██████████ |
| █ | ████ | ████ | ████ | ████ | █ | ████ |
| █ | ████ | █ | ████ | ███ | █ | ███████ |
| █ | ████ | ████ | ████ | ███ | █ | ██████ |
| █ | ████ | ████ | ████ | ██ | █ | █████████████ |
| █ | ████ | ████ | ████ | ███ | █ | ██ |
| █ | ████ | ████ | ████ | ████ | █ | ███ |
| █ | ████ | ████ | ████ | ████ | █ | ███ |
| █ | ████ | ████ | ████ | ████ | █ | ███ |
| █ | ████ | ████ | ████ | ████ | █ | ███████ |
| █ | | | | | █ | ████ |
| █ | ████ | ████ | ████ | ███ | █ | ██████ |
| █ | ████ | ████ | ████ | ████ | █ | ██████ |
| █ | ████ | ████ | ████ | ███ | █ | ████ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| █ | ████ | ████ | ████ | ████ | █ | ███ |
| █ | ████ | ████ | ███ | ███ | █ | █████ |
| █ | ████ | ████ | ███ | ███ | █ | █████ |
| █ | ████ | █████ | ███ | ███ | █ | ████ |
| █ | ████ | ████ | ███ | ███ | █ | ████ |
| █ | ████ | █████ | ███ | ███ | █ | █████ |
| █ | ████ | █████ | ████ | ████ | █ | █████ |
| █ | ████ | █████ | ████ | ████ | █ | ███████ |
| █ | ████ | ████ | ████ | ████ | █ | █████ |
| █ | ████ | █████ | ███ | ███ | █ | ██████ |
| █ | ████ | ████ | ███ | ██ | █ | ███ |
| █ | ████ | ████ | ███ | ██ | █ | ████████ |
| █ | ████ | ██ | ███ | ███ | █ | █████ |
| █ | ████ | ████ | ███ | ███ | █ | █████ |
| █ | ████ | ████ | ███ | ███ | █ | █████ |
| █ | ████ | ███ | ███ | ██ | █ | █████ |
| █ | ████ | ███ | ███ | ██ | █ | ██████ |
| █ | ███ | ██ | ███ | ██ | █ | ████████ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| ██ | ████ | ██ | ███ | ███ | █ | ██████ |
| ██ | ████ | ██ | ███ | ███ | █ | ██████ |
| ██ | ████ | ████ | ███ | ███ | █ | ██████ |
| ██ | ████ | ████ | ███ | ███ | █ | ██████ |
| ██ | ████ | ████ | ███ | ██ | █ | ████ |
| ██ | ████ | ████ | ███ | ██ | █ | ██████ |
| ██ | ████ | ████ | ███ | ███ | █ | ██████ |
| ██ | ████ | ████ | ███ | ███ | █ | ███████ |
| ██ | ████ | ████ | ███ | ███ | █ | ████ |
| ██ | ████ | ████ | ███ | ███ | █ | █████ |
| ██ | ████ | ████ | ███ | ███ | █ | █████ |
| ██ | ████ | ████ | ███ | ██ | █ | ████ |
| ██ | ███ | ████ | ███ | ███ | █ | ████ |
| ██ | █████ | ████ | ███ | ███ | █ | ██████ |
| ██ | █████ | ████ | ███ | ██ | █ | ██████ |
| ██ | █████ | ███ | ███ | ███ | █ | ██████ |
| ██ | ████ | ██ | | ██ | █ | █████ |
| ██ | ████ | ██ | | ███ | █ | █████ |
| ██ | ████ | ██ | ██ | ███ | █ | █████ |

| DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|
| ███ | ████ | ████ | ████ | █ | █████████████ |
| ███ | ████ | ████ | ████ | █ | ███ |
| ███ | ████ | ████ | ████ | █ | ██ |
| ███ | ████ | ████ | ████ | █ | ████ |
| ███ | ████ | ████ | ███ | █ | ███ |
| ███ | █ | ████ | ████ | █ | ██████ |
| ███ | █ | ████ | ████ | █ | ██████ |
| ███ | ████ | ████ | ████ | █ | ████████ |
| ███ | ████ | ████ | ████ | █ | ███████████ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| | | | | | | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |
| █ | █ | █ | █ | █ | █ | █ |

| | DealID | Customer | Master Agmt. Date | Order Form Date | Assigned Qty | Model(s) |
|---|---|---|---|---|---|---|
| ██ | ██████ | ██████ | ██████ | ██████ | ██ | ██████████████ |
| ██ | ██████ | ██████ | ██████ | ██████ | ██ | |
| ██ | ██████ | ██████ | ██████ | ██████ | ██ | ██████████████ |
| ██ | ██████ | ██████ | | | ██ | |
| ██ | ██████ | ██████ | ██████ | ██████ | █ | ████████ |
| ██ | ██████ | ██████ | ██████ | ██████ | █ | ███████ |
| ██ | ██████ | ██████ | ██████ | ██████ | █ | ████████ |
| ██ | ██████ | ██████ | ██████ | ██████ | █ | █████████ |
| ██ | ██████ | ████████ | █████ | █████ | █ | █████████ |
| ██ | ██████ | ███████ | ██████ | ██████ | ██ | ██████████████ |
| ██ | ██████ | ███████ | ██████ | ██████ | ██ | ████████ |
| ██ | ██████ | █████ | ██████ | ██████ | ██ | ███████ |
| ██ | ██████ | ██████ | ██████ | ██████ | █ | ██████ |

**<u>EXHIBIT B</u>**

**ASSIGNED ORDER FORM(S)**

[*Attached*.]

Exhibit B



**Exhibit A – Order Form**

**Customer:**     CN Mining LLC

**Facility**:        Kearney, NE USA (NE05 Data Center)

**Equipment and Fees:**

| Batch # | 001 |
|---|---|
| Deal ID | 7656512161 |
| Order Type | ☒ New Order    ☐ Renewal    ☐ Change Order |
| **Equipment** | |

| Quantity | Model | Unit Efficiency (W/TH) |
|---|---|---|
| 16 | Bitmain S19j Pro (96TH) | 31 |
| 28 | Bitmain S19j Pro (100TH) | 31 |
| 76 | Bitmain S19j Pro (104TH) | 31 |
| 61 | Whatsminer M30S (84TH) | 38.5 |
| 125 | Whatsminer M30S (86TH) | 38.5 |
| 429 | Whatsminer M30S (88TH) | 38.5 |
| 709 | Whatsminer M30S (90TH) | 38.5 |
| 294 | Whatsminer M30S (92TH) | 38.5 |
| 7 | Whatsminer M30S (94TH) | 38.5 |
| 6 | Whatsminer M30S+ (96TH) | 34.5 |
| 11 | Whatsminer M30S+ (98TH) | 34.5 |
| 191 | Whatsminer M30S+ (100TH) | 34.5 |
| 965 | Whatsminer M30S+ (102TH) | 34.5 |
| 227 | Whatsminer M30S+ (104TH) | 34.5 |
| **Hosting Services Rate (USD)** | Anticipated Daily Rate: $14,379.70 (equivalent to $0.055 / kWh) |
| **Total Monthly Package Fee (per unit)** | Premier @ $0.00 |
| **Equipment Term** | 36 Months |

**Package Details:**

| | Basic | Select | Premier |
|---|---|---|---|
| **Core Features** | | | |
| Equipment | Customer Provided | Customer Provided | Customer Provided |
| Equipment Managed | No | Yes | Yes |
| Rack Space | X | X | X |
| 240V Power | X | X | X |
| Ambient Air Cooling | X | X | X |
| Redundant Internet Connectivity | X | X | X |
| Physical Security | X | X | X |
| **Technical Support** | | | |
| Basic Remote Hands | X | X | X |
| Advanced Remote Hands | | X | X |
| SLA Level | Network & Power | Hashrate Performance | Hashrate Performance |

CNv_____                                                                 Pg. 1

Exhibit B



| | | | |
|---|:---:|:---:|:---:|
| VPN Access | X | | |
| RMA Processing | | X | X |
| **Premium Features** | | | |
| Miner Configuration | | X | X |
| Miner Monitoring | | X | X |
| Alert Management and Proactive Response | | X | X |
| Automated Rules-based Reboots | | X | X |
| Stock Firmware Upgrades | | X | X |
| Compute North Pool (U.S.-based pool) | | | X |
| Pool to Hash Performance Monitoring, Audit, Reconciliation | | | X |
| Discounted Pool Fee | | | X |
| Performance Enhancing Firmware<br>• Overclocking, Underclocking, Auto-tuning, Upgrades<br>• Customer provided (subject to Compute North approval) or<br>• Compute North provided (miner model limited) | | | X |

**Payment and Billing Terms:**

- **Initial Setup Fee**: Initial Setup Fee is due upon execution of this Order Form.

- **Monthly Fees:**

  - The Monthly Service Fee is payable based on the actual hashrate performance of the Equipment per miner type per location as a percentage of the anticipated monthly hashrate per miner type. Customer shall pay a minimum service fee monthly in advance equal to seventy percent (70%) of the Expected Monthly Service Fee (the "Minimum Service Fee") based on the Anticipated Daily Rate. The Minimum Service Fee is nonrefundable.

  - The actual Monthly Service Fee is determined using the Hashrate Performance Adjustment:

    Hashrate Performance Adjustment = Expected Monthly Service Fees x
    (100% - Actual hashrate performance percentage by model type)

    Any Monthly Service Fee owed in excess of the Minimum Service Fee net of the Hashrate Performance Adjustment will be invoiced monthly in arrears. Customer is not eligible for service credits.

  - Monthly Service Fees and Monthly Package Fees will be invoiced monthly beginning on the date of Installation and are due upon receipt of invoices submitted by Compute North. Late payments will incur interest at the lesser of 1.5% per month (18% annum) or the maximum amount allowed under applicable law.

  - Pricing is subject to monthly automated ACH payments. Other payment methods may be subject to a service fee.

| Billing Example – Minimum Service Fee | |
|---|---:|
| Anticipated Daily Rate (One Miner) | $4.00 |
| Period (Days in the Month) | 30 |
| Number of Units | 10 |
| Expected Total Monthly Service Fees | $1,200.00 |
| | x 70% |
| **Monthly Minimum Service Fee** | **$840.00** |

| Billing Example: 96% hashrate performance | |
|---|---:|
| Expected Total Monthly Service Fees | $1,200.00 |
| Hashrate Performance Adjustment (-4%) | -$48.00 |
| Total Monthly Service Fee | $1,152.00 |

| Billing Example: 105% hashrate performance | |
|---|---:|
| Expected Total Monthly Service Fees | $1,200.00 |
| Hashrate Performance Adjustment (5%) | $60.00 |
| Total Monthly Service Fee | $1,260.00 |

Document Ref: KEJUR-CD5P8-RTDYQ-OK7H8

Exhibit B



| | | | | |
|---|---|---|---|---|
| Minimum Service Fee (Prepaid) | -$840.00 | Minimum Service Fee (Prepaid) | -$840.00 |
| **Balance Due** | **$312.00** | **Balance Due** | **$420.00** |

**Real-Time Interruptible Power:**

Real-time interruptible power may not be available for all Equipment. When real-time interruptible power is available, Customer consents to Compute North installing, configuring and maintaining software (including firmware) on the applicable Equipment and using such software to provide real-time interruptible power services subject to this Agreement. Customer acknowledges and agrees that its use of such software is subject to Compute North's agreement with the licensor(s) thereof.

**Deployment Priority:**

Customer's deployment priority is established as of the date on which Compute North receives the Initial Deposit. Once established, Compute North will use commercially reasonable efforts to deploy the Equipment consistent with Customer's deployment priority subject to the following acknowledged risk factors: land and site acquisition, regulatory affairs, power purchase agreement (PPA), infrastructure equipment availability (medium voltage cables, containers, etc.), and long lead time equipment procurement (substation, transformer, etc.).

**Invoice Detail:**

| Contact Name | Tad Piper |
|---|---|
| Email | finace@computenorth.com |
| Phone | 952-213-1538 |
| Billing Street | 7575 Corporate Way |
| Billing City/State/Zip/Country | Eden Prairie, MN 55444 |

**Compute North Pool:**

At Customer's request, Compute North will enroll and configure Customer in Compute North's Bitcoin mining pool, which operates on a Full-Pay-Per-Share (FPPS) basis. Customer's use of Compute North's mining pool is subject to, and constitutes Customer's acceptance of, the then-current terms of service posted at *https://mining.luxor.tech/legal/tos*, as may be updated from time to time. Compute North shall be entitled to a fee equal to 0.6% of Customer's mining reward from its participation in Compute North's pool. Customer acknowledges and agrees that Compute North is providing Customer with access to its mining pool for Customer's convenience on an as-is basis and that Compute North does not make any warranties or guarantees, whether express or implied, regarding the availability or performance thereof.

**Firmware:**

Customer acknowledges and agrees that its use of alternate or non-standard firmware may be subject to third-party fees or other charges, which shall be Customer's sole responsibility. Customer acknowledges and agrees that Compute North's consent to Customer's use of alternate or non-standard firmware and its provision of services relating thereto is for Customer's convenience on an as-is basis, that Customer's use of alternate or non-standard firmware is at Customer's sole risk, that Customer's use of alternate or non-standard firmware may affect the Equipment's power consumption and may require corresponding adjustments to the Monthly Service Fees for such Equipment, and that Compute North does not make any warranties or guarantees, whether express or implied, with respect thereto.

Document Ref: KEJUR-CD5P8-RTDYQ-OK7H8

Exhibit B



**Order Type:**

☐ **For orders designated as "Renewal" or "Change Order":** This Order Form replaces all then-existing order forms under the applicable Agreement between Compute North and Customer for the identified Equipment, with all other order forms remaining in full force and effect. The Previous Orders and Equipment List attached and appended hereto identifies the Equipment that remains subject to a prior order form as of the date of this Order Form.

☒ **For orders designated as "New":** This Addendum is and shall be in addition to all then-existing order forms under the applicable Agreement between Compute North and Customer, which order forms shall remain in full force and effect. The Previous Orders and Equipment List attached and appended hereto identifies the Equipment that remains subject to a prior order form as of the date of this Order Form.

**Compute North LLC**                                         **Customer**

By: _____*Kyle Wenzel*_____                          By: _____*Tad Piper*_____

Name: ___Kyle Wenzel___                              Name: ___Tad Piper___

Its: ___Chief Commercial Officer___            Its: ___Chief Financial Officer___

Document Ref: KEJUR-CD5P8-RTDYQ-OK7H8                                                          Page 4 of 4