**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| ~~In re:~~ | ) | ~~Chapter 11~~ |
| | ) | |
| ~~COMPUTE NORTH HOLDINGS, INC., *et al.*,~~¹ | ) | ~~Case No. 22-90273 (MI)~~ |
| | ) | |
| ~~Debtors.~~ | ) | ~~(Jointly Administered)~~ |
| | ) | ~~Re: Docket No. __~~ |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,¹ | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 627 |

**ORDER (I) AUTHORIZING DEBTORS TO ASSUME AND ASSIGN EXECUTORY CONTRACTS TO FOUNDRY DIGITAL LLC PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion [Docket No. ~~__~~ 627] (the "Motion")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 365 of title 11 of the United States Code (the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (this "Order") (a) authorizing CN Mining to assume

---

¹ ~~The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.~~

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

² Capitalized terms that are used but not defined herein shall, unless otherwise indicated herein, have the meanings ascribed to such terms in the Motion.

1

the Customer Agreements under which CN Mining receives colocation, hosting and related services for bitcoin mining and assign its rights, interests, and obligations under those contracts to ~~Foundry~~the Purchaser (as defined in the Asset Purchase Agreement), effective as of the Closing and (b) granting related relief all as more fully set forth in the Motion; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Motion (a "Hearing"); and upon consideration of the record of any Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND, CONCLUDED AND DETERMINED THAT:**[3]

A.   This Court has jurisdiction to hear and determine the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The Court may enter this Order, which constitutes a final order, consistent with Article III of the United States Constitution.  The statutory predicate for the relief requested in the Motion is section 365 of the Bankruptcy Code.  Such relief is also warranted pursuant to Bankruptcy Rule 6006 and applicable Bankruptcy Local Rules (as defined in the Motion).

B.   Debtor CN Mining has demonstrated that it is an exercise of its sound business

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

judgment to assume and assign its rights and interests in the Customer Agreements to ~~Foundry~~the Purchaser effective on, and subject to, the Closing of the transactions set forth in the Asset Purchase Agreement, and the assumption and assignment of the Customer Agreements by CN Mining to ~~Foundry~~the Purchaser in accordance with and subject to the terms of the Asset Purchase Agreement is in the best interests of the Debtors, their estates and creditors and all parties in interest.  The Customer Agreements being assumed and assigned by CN Mining to ~~Foundry~~the Purchaser are an integral part of the Purchased Assets being purchased by ~~Foundry~~the Purchaser, and accordingly, such assumption and assignment of the Customer Agreements in accordance with and subject to the terms of the Asset Purchase Agreement is reasonable and enhances the value of the Debtors' estates.

C. There are no defaults which must be cured under section 365(b) of the Bankruptcy Code in order for CN Mining to assume and assign its rights and interests in the Customer Agreements to ~~Foundry~~the Purchaser.

D. Any provision of the Customer Agreements or applicable non-bankruptcy law that purports to prohibit, restrict or condition, or could be construed as prohibiting, restricting or conditioning, assignment of the Customer Agreements by CN Mining to ~~Foundry~~the Purchaser has been satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

E. ~~Foundry~~The Purchaser has or will demonstrate adequate assurance of future performance with respect to the Customer Agreements within the meaning of section 365 of the Bankruptcy Code.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. Debtor CN Mining is authorized to assume and assign its Customer Agreements ~~to Foundry,~~ and its rights and interests therein, to the Purchaser effective as of, but subject to, the occurrence of the Closing in accordance with and subject to the terms of the Asset Purchase

3

Agreement.

2. All objections, if any, and any and all joinders thereto, to the relief requested in the Motion and granted in this Order, whether filed or stated on the record before this Court, to the extent not resolved, waived, withdrawn or previously overruled, and all reservations of rights included therein, are hereby overruled and denied on the merits and with prejudice.

3. Notice of the Motion and the entry of this Order was sufficient and appropriate under the circumstances, complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and no additional or other notice need be provided.

4. Pursuant to section 365 of the Bankruptcy Code, CN Mining is hereby authorized to take any and all actions necessary or appropriate to assume and assign its Customer Agreements ~~to Foundry~~(and is rights and interests therein) to the Purchaser effective as of, but subject to, the occurrence of the Closing in accordance with and subject to the terms of the Asset Purchase Agreement.

5. Subject to the occurrence of the Closing, pursuant to section 365(f) of the Bankruptcy Code, and notwithstanding any provision of any agreement or applicable non-bankruptcy law that prohibits, restricts or conditions the assignment of the Customer Agreements, CN Mining is authorized to assume the Customer Agreements and to assign the Customer Agreements ~~to Foundry~~(and its rights and interests therein) to the Purchaser, which assignment shall be in accordance with and on the terms set forth in the Asset Purchase Agreement. There shall be no accelerations, assignment fees, increases or any other fees charged to ~~Foundry~~the Purchaser or CN Mining as a result of the assumption and assignment of the Customer Agreements.

6. Upon assumption of the Customer Agreements by CN Mining (and its rights and

4

interests therein) and assignment of same to ~~Foundry~~the Purchaser in accordance with and subject to the terms of the Asset Purchase Agreement, the Customer Agreements shall be deemed valid, enforceable and binding agreements between ~~Foundry~~the Purchaser and Compute North NE05 LLC or CN Wolf Hollow LLC, as the case may be, and shall remain in full force and effect in accordance with their terms, subject to the provisions of the Asset Purchase Agreement and this Order. Upon CN Mining's assignment of the Customer Agreements ~~to Foundry~~(and its rights and interests therein) to the Purchaser in accordance with the terms of the Asset Purchase Agreement, ~~Foundry~~the Purchaser shall succeed to CN Mining's rights and interests in such contracts and agreements from and after the date of such assignment and shall have all rights, benefits, and privileges appurtenant thereto. In furtherance of the transactions contemplated by the Asset Purchase Agreement, solely to the extent that CN Mining entered into any order forms that are not Customer Agreements with another Debtor as counterparty, the Debtors and Purchaser are authorized to treat such order forms as null and void, and without force and effect, and once nullified and voided such order forms shall not create any rights in favor of any Debtor or any third party.

7. ~~All~~Upon the entry of this Order, all conditions precedent set forth in Section 7.3 of the Asset Purchase Agreement that the Debtors must satisfy in order for ~~Foundry~~the Purchaser to be obligated to consummate the transactions contemplated therein, other than conditions to be satisfied at the Closing, are deemed satisfied in accordance with the terms of the Asset Purchase Agreement. Nothing in this Order affects the rights of the Purchaser with respect to the Minden Closing (as defined in the Asset Purchase Agreement).

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____
_____

5

_____, 2022
Houston, Texas

                                                                                       _____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE