UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 410 |

**OBJECTION OF DEBTORS TO KONZA MINING FUND I, LP'S
MOTION FOR ENTRY OF ORDER (I) IDENTIFYING ASSETS
AND (II) CONFIRMING TERMS OF MODIFIED CONTRACT**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this objection (the "Objection") in response to *Motion for Entry of Order (I) Identifying Assets and (II) Confirming Terms of Modified Contract* [Docket No. 410] (the "Motion"), filed by Konza Mining Fund I, LP ("Konza" or "Movant"). In support of the Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Debtors have satisfied all of Movant's prayers for relief set forth in the Motion. The Debtors are no longer in possession of Movant's S19JPros cryptocurrency mining machines (the "Equipment"). The Agreement (as defined below) was assigned prior to the Petition Date to non-Debtor affiliates that have been sold in connection with these chapter 11 cases. Any remaining issues with respect to Movant's Equipment, the Agreement or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

implementation of its Equipment relates to a non-Debtor. Accordingly, for the reasons set forth more fully below, the Motion should be denied.

## BACKGROUND

2. On September 22, 2022 (the "Petition Date"), the Debtors filed voluntary cases under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 6, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

4. Konza and Debtor Compute North LLC ("CN LLC") are parties to a Master Agreement, dated as of October 21, 2021 (the "Agreement"), pursuant to which CN LLC agreed to provide colocation and managed services for Konza's Equipment.

5. All of the Equipment is located at bitcoin mining facilities located in either Granbury, Texas (the "Wolf Hollow Facility") that is owned by non-Debtor CN Wolf Hollow LLC or Kearney, Nebraska (the "Kearney Facility") that is owned by non-Debtor Compute North NE05 LLC, except for 125 miners which are located at a warehouse located in Humble, Texas (the "MVP Warehouse"), operated by MVP Logistics, LLC ("MVP").

6. On February 7, 2022, CN LLC partially assigned the Agreement, to Compute North NE05 LLC (the "Kearney Assignment"), a non-Debtor and owner of the Kearney Facility, pursuant to that Partial Assignment and Assumption Agreement dated as of February 7, 2022,

2

between CN LLC and Compute North NE05 LLC. The Partial Assignment and Assumption Agreement with Compute North NE05 LLC, insofar as it pertains to Konza, is annexed as **Exhibit A**.

7. On April 27, 2022, CN LLC partially assigned the Agreement to CN Wolf Hollow LLC (the "Wolf Hollow Assignment," and together with the Kearney Assignment, the "Assignments"), a non-Debtor and owner of the Wolf Hollow Facility, pursuant to that Partial Assignment and Assumption Agreement dated as of April 27, 2022, between CN LLC and CN Wolf Hollow LLC. The Partial Assignment and Assumption Agreement with CN Wolf Hollow LLC, insofar as it pertains to Konza, is annexed as **Exhibit B**.

8. As a result, the Agreement is between Konza, Compute North NE05 LLC, and CN Wolf Hollow LLC.[2]

9. On October 24, 2022, the Court entered the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 256] (the "Bidding Procedures Order").

10. On October 28, 2022, the Debtors filed the *Notice of Successful Bidder for Certain Assets* [Docket No. 331] declaring Generate Lending, LLC or its designee, including an affiliate formed for purposes of taking title to the assets ("Generate") the successful bidder for the assets described in the Asset Purchase Agreement (defined below).

---

[2] To the extent CN LLC retains any partial interest in the Agreement, CN LLC intends to reject the Agreement in accordance with the rejection procedures set forth in the Bidding Procedures Order.

11. On October 31, 2022, Debtor CN Pledgor LLC entered into that Asset Purchase Agreement, by and between Generate (the "Asset Purchase Agreement").

12. On November 1, 2022, the Bankruptcy Court entered the *Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* [Docket No. 362] approving the sale transactions set forth in the Asset Purchase Agreement (the "Sale").

13. As a result of the Sale, Generate now owns the Kearney Facility though its acquisition of all of the equity interests in CN Borrower LLC, which in turn owns all of the equity interests in Compute North NE05 LLC, the owner of the Kearney Facility, and Generate now owns the Wolf Hollow Facility though its acquisition of all of the equity interests in CN Borrower LLC, which in turn owns all of the equity interests in CN Wolf Hollow LLC, the owner of the Wolf Hollow Facility. Since all of Movant's Equipment is located at the Kearney Facility or the Wolf Hollow Facility, Movant's Equipment is in the possession of Generate, not the Debtors.

**OBJECTION**

14. The Motion should be denied because it does not relate to the Debtors or property of the Debtors' estates. Pursuant to the Assignments, the Debtors no longer have an interest in the Agreement. All contractual obligations are between Konza and Compute North NE05 LLC or CN Wolf Hollow LLC, both non-Debtors owned by Generate.

15. Further, all of Konza's Equipment is located at either the Kearney Facility, the Wolf Hollow Facility, or MVP owned and operated facilities. Movant should coordinate

ongoing operation or recovery of such Equipment with MVP and Generate (or its designated facility operators).

## **RESERVATION OF RIGHTS**

16.    The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection, including the right to review and provide comment with respect to any proposed order submitted in connection with this Motion.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion and grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 9, 2022
Houston, Texas

/s/ James T. Grogan III

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
sayanbhattacharyya@paulhastings.com
danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on December 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                     */s/ James T. Grogan III*
                                                     James T. Grogan III