UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Re: Docket No. 506 |

**OBJECTION OF DEBTORS TO US DIGITAL MINING
TEXAS, LLC'S MOTION FOR RELIEF FROM STAY TO RECOVER
EQUIPMENT, TERMINATE CONTRACT AND FOR OTHER RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this objection (the "Objection") in response to *Motion for Relief from Stay to Recover Equipment, Terminate Contract and for Other Relief* [Docket No. 506] (the "Motion"), filed by US Digital Mining Texas, LLC ("US Digital" or "Movant"). In support of the Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Pursuant to the Motion, Movant seeks relief from the automatic stay under section 362 of title 11 of the United States Code (the "Bankruptcy Code") to permit Movant to take possession and allow access to recover its Equipment (as defined below) and terminate any remaining contractual relationship between Movant and the Debtors. The Debtors are in agreement that the automatic stay should be modified for the sole purpose of allowing Movant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

retrieve its Equipment from the Wolf Hollow Facility (as defined below), subject to consent from Generate (as defined below), the current owner of the facility where Movant's equipment is located. The Debtors also request that the order approving the Motion authorize rejection of the Agreement, effective upon entry of such order. The Debtors, however dispute Movant's asserted delivery of 4,200 miners to the Debtors and any relief sought in the Motion with respect to the Disputed Miners (as defined below) should be denied.

## BACKGROUND

2. On September 22, 2022 (the "Petition Date"), the Debtors filed voluntary cases under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 6, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

4. US Digital and Debtor Compute North LLC ("Compute North") are parties to a Master Agreement, dated as of June 20, 2022 (the "Agreement") under which Compute North agreed to provide colocation and managed services for US Digital's Equipment.

5. Over the course of six shipments, delivered on July 21, 2022, July 22, 2022 and August 3, 2022, the Debtors received 2691 Antminer S19j Pro units from US Digital (the "Equipment") which comprised of: 1328 Antminer S19j Pro (100T) units, 755 Antminer S19j Pro (104T), 141 Antminer S19j Pro (92T), and 467 Antminer S19j Pro (96T).

6. Since the delivery of the above listed Equipment, the Debtors have not received any additional Equipment deliveries from US Digital and do not have receiving records or customer communications that indicate that US Digital sent the remaining 1,509 miners (the "Disputed Miners"). The Debtors dispute Movant's assertion in the Motion that it delivered 4200 Antminer S19j Pro (100T) units to the Debtors.

7. Movant's Equipment is located in storage at a bitcoin mining facility located in Granbury, Texas (the "Wolf Hollow Facility") that is owned by non-Debtor CN Wolf Hollow LLC. All of the equity interests of CN Wolf Hollow LLC are owned by non-Debtor CN Borrower LLC.

8. On October 24, 2022, the Court entered the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 256] (the "Bidding Procedures Order").

9. On October 28, 2022, the Debtors filed the *Notice of Successful Bidder for Certain Assets* [Docket No. 331] declaring Generate Lending, LLC or its designee, including an affiliate formed for purposes of taking title to the assets ("Generate") the successful bidder for the assets described in the Asset Purchase Agreement (defined below).

10. On October 31, 2022, Debtor CN Pledgor LLC entered into that Asset Purchase Agreement, by and between Generate (the "Asset Purchase Agreement") for the sale of all of CN Pledgor LLC's equity interests in CN Borrower LLC.

11. On November 1, 2022, the Bankruptcy Court entered the *Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* [Docket No. 362] approving the sale transactions set forth in the Asset Purchase Agreement (the "Sale").

12. As a result of the Sale, Generate now owns the Wolf Hollow Facility though its acquisition of all of the equity interests in CN Borrower LLC, which in turn owns all of the equity interests in CN Wolf Hollow LLC, the owner of the Wolf Hollow Facility. Since all of Movant's Equipment is located at the Wolf Hollow Facility, Movant's Equipment is in the possession of Generate, not the Debtors.

**OBJECTION**

13. The Debtors consent to modification of the automatic stay pursuant to section 362 of the Bankruptcy Code for the sole and limited purpose of allowing US Digital to retrieve its Equipment from the Wolf Hollow Facility. The Debtors, however, cannot provide access to the Wolf Hollow Facility. To retrieve its Equipment, Movant will need to obtain Generate's consent and coordinate recovery of the Equipment with Generate or its designated facility operators.[2] The order approving the Motion must be clear that the Debtors are not in possession of the Equipment.

14. The Debtors dispute that Movant delivered the Disputed Miners to the Debtors and Movant has failed to provide any proof of such delivery. Any relief sought with respect to the Disputed Miners should be denied.

---

[2] The Debtors understand that Generate has informed Movant that Generate will consent to Movant retrieving its Equipment from the Wolf Hollow Facility.

15.     The Agreement is the only remaining contractual relationship between US Digital and the Debtors and should be rejected in accordance with section 365 of the Bankruptcy Code. The Debtors request that the order approving the Motion provide for the rejection of the Agreement, effective immediately upon entry of such order. In the absence of such provision, the Debtors intend to reject the Agreement in the near term in accordance with the Rejection Procedures set forth in the Bidding Procedures Order.

## RESERVATION OF RIGHTS

16.     The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection, including the right to review and provide comment with respect to any proposed order submitted in connection with this Motion.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court (i) modify the automatic stay for the sole purpose of allowing Movant to retrieve its Equipment from the Wolf Hollow Facility, (ii) authorize rejection of the Agreement, effective upon entry of an order approving the Motion, (iii) deny any relief requested in the Motion with respect to the Disputed Miners, (iv) grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 9, 2022
Houston, Texas

/s/  James T. Grogan III

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email:  lucdespins@paulhastings.com
          sayanbhattacharyya@paulhastings.com
          danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email:  mattmicheli@paulhastings.com
           michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on December 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 /s/ *James T. Grogan III*
James T. Grogan III