IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **COMPUTE NORTH HOLDINGS, INC.,** | § | **Case No. 22-90273 (MI)** |
| *et al.*, | § | |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER BY AND
AMONG THE DEBTORS, MARATHON DIGITAL HOLDINGS,
INC., GENERATE LENDING, LLC AND CERTAIN AFFILIATES
AND MVP LOGISTICS, LLC, CONCERNING MARATHON'S MINERS**

This stipulation and agreed order (this "**Stipulation and Agreed Order**") is made and entered into by and among (a) Compute North LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), (b) Generate Lending, LLC ("**Generate Lending**") and GC Data Center Equity Holdings, LLC ("**GC Data Center**"), as the buyer of Debtor CN Pledgor LLC's ("**CN Pledgor**") equity interests in GC Data Center Holdings, LLC (formerly known as CN Borrower LLC, "**Borrower**," together with Generate Lending and GC Data Center, "Generate"), (c) MVP Logistics, LLC ("**MVP**"), and (d) Marathon Digital Holdings, Inc. ("**Marathon**," and together with the Debtors, Generate, and MVP the "**Parties**," and each individually, a "**Party**"). The Parties hereby stipulate and agree as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

## RECITALS

WHEREAS, on September 22, 2022, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

WHEREAS, Marathon is a publicly traded digital-currency company that mines bitcoin and is one of the Debtors' significant customers, a contract counterparty, preferred equity investor and joint venture partner;

WHEREAS, the Debtors operate or previously operated several facilities that collectively host hundreds of thousands of miners purchased and owned by Marathon, which are housed at multiple locations, including a facility located in Kearney, Nebraska (the "**Kearney Facility**"), a facility located in Granbury, Texas (the "**Wolf Hollow Facility**"), and warehouses located in Humble, Texas (the "**MVP Warehouses**");

WHEREAS, Compute North, LLC and Marathon and certain of its affiliates entered into various agreements that governed the Debtors' operations of Marathon's miners at these sites, including but not limited to the Master Service Agreements and Order Forms (collectively, the "**Agreements**");

WHEREAS, on January 7, 2022, Marathon's affiliate, Marathon Compute North 2 LLC, executed that certain Master Agreement with Compute North LLC (the "**January 2022 MSA**"). On July 1, 2022, Marathon Digital Holdings, Inc. and Compute North LLC executed an order form under the January 2022 MSA (the "**July 2022 Order Form**"), pursuant to which Marathon Digital Holdings, Inc. ordered and Compute North LLC agreed to host 26,000 of Marathon's miners at the Wolf Hollow Facility;

2

WHEREAS, approximately 14,000 of Marathon's miners (Bitmain S19 XP (140TH)) previously delivered to the Debtors pursuant to the July 2022 Order Form were never installed or energized by the Debtors and remain uninstalled and unenergized today (the "**Uninstalled Miners**");

WHEREAS, the Uninstalled Miners are currently in storage at facilities operated or owned by the Debtors, by a third-party warehousing provider contracted by the Debtors, MVP, or by Generate;

WHEREAS, Borrower holds 100% of the equity interests in GC Data Center Granbury, LLC (formerly known as CN Wolf Hollow LLC), the entity that owns the Wolf Hollow Facility, and in GC Data Center Kearney, LLC (formerly known as Compute North NE05 LLC), the entity that owns the Kearney Facility;

WHEREAS, during their chapter 11 cases, the Debtors were engaged in efforts to market and sell their assets, including the 100% equity interests in Borrower held by CN Pledgor;

WHEREAS, GC Data Center and Debtor CN Pledgor entered into that certain *Purchase and Sale Agreement*, dated as of October 31, 2022 (the "**PSA**"), pursuant to which CN Pledgor sold 100% of its equity interests in Borrower to GC Data Center Equity Holdings, LLC, an affiliate of Generate;

WHEREAS, on November 1, 2022, the Bankruptcy Court entered the *Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* (Docket No. 362) (the "**Sale Order**"), which, among other things, approved CN Pledgor's entry into the PSA and sale of its equity interests in Borrower (the "**Sale**");

WHEREAS, pursuant to the terms of the Sale Order and PSA, on November 4, 2022, the Debtors filed the *Notice of No Contracts Designated for Assumption and Assignment in Connection with Approved Sale* (Docket No. 412), whereby the Debtors provided notice to contract counterparties, including Marathon, that Generate did not designate for assumption and assignment in connection with the Sale any agreements between the Debtors and Marathon;

WHEREAS, Marathon is required by law to conduct an inventory of its miners before the end of the calendar year and has repeatedly requested the Debtors provide access to the Uninstalled Miners and return the Uninstalled Miners so that Marathon may complete the inventory in compliance with applicable law;

WHEREAS, the Debtors have refused to grant access to or return the Uninstalled Miners to Marathon and have instead demanded Marathon first pay certain of the Debtors' invoices for fees and expenses for warehousing and logistics, for which Marathon disputes the validity and amount (the "**Disputed Invoices**");[2]

WHEREAS, Marathon desires to promptly access and retrieve the Uninstalled Miners from wherever they are located, including any facility owned or operated by the Debtors, by MVP, or by Generate, including, but not limited to, the MVP Warehouses, the Wolf Hollow Facility, and the Kearney Facility;

WHEREAS, on November 23, 2022, Marathon filed a timely proof of claim (the "**Marathon POC**"), asserting a claim in an amount of up to $42,398,216.55 for breaches arising from various hosting agreements; $21,266,580.63, plus fees and expenses arising from that certain *Senior Promissory Note*, dated as of July 1, 2022, by and between Marathon, as Lender, and

---

[2]   The "Disputed Invoices" include Invoice # AR-INV02337, Invoice # AR-INV02349, Invoice # AR-INV02187, Invoice # AR-INV02166, and Invoice # AR-INV02185.

Compute North LLC, as Borrower (the "**Marathon Note**"); $14,000,000 for breach of a letter of intent; and at least $1,700,000, and an additional $250,000 daily for lost revenue, profits and other damages claims;

WHEREAS, Marathon has asserted in the Marathon POC and in filings with the Bankruptcy Court its setoff and recoupment rights arising under the Agreements, any other contracts or arrangements, and applicable law;

WHEREAS, (i) on October 24, 2022, MVP filed Claim Number 10027 in the amount of $145,436.06 and (ii) on November 10, 2022, MVP filed Claim Number 10048 in the amount of $168,774.53 (collectively, the "**MVP Proofs of Claim**"); and

WHEREAS, after good-faith, arm's length discussions, the Parties have agreed to resolve their disputes and agree that Marathon is entitled to access and retrieve the Uninstalled Miners from wherever they are located including any facility owned or operated by the Debtors, Generate, or MVP, as the case may be.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1.      The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.      This Stipulation and Agreed Order shall be effective upon the Bankruptcy Court's approval (the "**Effective Date**").

3.      The Debtors confirm that the Uninstalled Miners do not constitute property of the estate and the estate has no valid interests, contractual, possessory, security or otherwise, in the Uninstalled Miners.

4.      Upon the Effective Date, the Debtors agree to release and terminate any liens or security interests they may have in any of Marathon's miners, including the Uninstalled Miners. No later than three (3) days after the Effective Date, the Debtors shall at their own cost execute and file any and all documents requested by and acceptable to Marathon to effectuate the full and complete release and termination of any and all of the Debtors' security interests in any of Marathon's miners, including the Uninstalled Miners.  For the avoidance of doubt, only the Debtors (and not any third parties) are agreeing to release liens and terminate security interests pursuant to this paragraph 4.

5.      No later than three (3) days after the Effective Date the Debtors shall pay to MVP $155,416.29 in full and final satisfaction of the MVP Proofs of Claim, which together with any other filed or scheduled claims of MVP against the Debtors, shall be deemed withdrawn and the claims register shall be updated to reflect the terms of this Stipulation and Agreed Order.  Upon receipt of such payment from the Debtors, (i) any liens or security interests MVP may have in the Uninstalled Miners are immediately deemed released and (ii) MVP shall, at its own cost, execute and file any and all documents requested by and acceptable to Marathon to effectuate the full and complete release and termination of any and all of MVP's security interests in the Uninstalled Miners.

6.      The Debtors and Generate agree that no amounts are owed to Generate on account of fees and costs for storing, shipping, and warehousing the Uninstalled Miners.

7.      The Debtors and Marathon agree that Marathon does not owe any amounts to the Debtors related to the Disputed Invoices.

8.      Upon the later to occur of the Effective Date and the Debtors' satisfaction of their obligations in paragraph 5 hereof, the Debtors, Generate, and MVP each agree that Marathon has

and shall have no further payment obligations owed to them relating to storage or warehousing of the Uninstalled Miners.

9.      Marathon and MVP shall in good faith agree on the costs to be paid by Marathon to MVP for MVP to pick, pack, and prepare the Uninstalled Miners for shipping, and, at Marathon's option, the costs to ship the Uninstalled Miners to a location designated by Marathon. For the avoidance of doubt, by this Stipulation and Agreed Order, Marathon is agreeing to pay MVP only those costs described in this paragraph 9 and no other costs, including without limitation those costs described in paragraph 5 hereof for which the Debtors are solely responsible.

10.     The Parties shall in good faith agree upon a mutually agreeable date and time, (i) with respect to the Uninstalled Miners located at any facility other than the MVP Warehouses, for Marathon to promptly enter the facility at which the Uninstalled Miners are located and which the applicable Party owns or operates as of the agreed-upon date of retrieval, including but not limited to the Wolf Hollow Facility or the Kearney Facility or any other property owned or operated by the Debtors or Generate, to retrieve the Uninstalled Miners and (ii) solely with respect to the Uninstalled Miners located at the MVP Warehouses, and after the payment of outstanding amounts due to MVP in accordance with paragraph 5 hereof, for MVP to promptly either prepare for Marathon to retrieve or ship to Marathon, at Marathon's option in accordance with paragraph 9 hereof, for MVP to promptly ship to Marathon the Uninstalled Miners located at the MVP Warehouses; *provided* that such date of retrieval or shipping, as the case may be, may not be later than seven (7) days after the Effective Date, unless otherwise agreed by Marathon.

11.     Upon the later to occur of the Effective Date and the Debtors' satisfaction of their obligations in paragraph 5 hereof, Marathon Digital Holdings, Inc.'s claim against Compute North LLC on account of the Marathon Note shall be allowed as a general unsecured claim in the

liquidated, undisputed amount of $20,266,580.63, which reflects a reduction of $1,000,000 from the claim amount asserted in the Marathon POC on account of the Marathon Note; the Debtors and Marathon and its affiliates reserve all their respective rights regarding all other claims asserted by Marathon and its affiliates against the Debtors in the Marathon POC.

12.     Contemporaneously with the filing of this Stipulation and Agreed Order, the Debtors will file a notice of rejection for all Agreements, including without limitation the January 2022 MSA and July 2022 Order Form.  To the extent the Agreements are not rejected prior to the Effective Date in accordance with this paragraph 11, then, upon the Effective Date, any unassigned Agreements shall be deemed rejected pursuant to this Stipulation and Agreed Order immediately without further order of the Bankruptcy Court.

13.     For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall affect any valid assignment (partial or otherwise) of agreements between Marathon and the Debtors that occurred prior to the Petition Date relating to any of Marathon's miners other than the Uninstalled Miners or affect any parties' rights, interests, or obligations with respect to any of Marathon's miners other than the Uninstalled Miners.

14.     After the Effective Date, with respect to Marathon's claims allowed by an order of the Bankruptcy Court or further agreement between Marathon and the Debtors, Marathon has authority to exercise all rights, equitable or otherwise, to setoff or recoup its claims against any claims asserted by the Debtors against Marathon in connection with the Agreements, the Marathon Note, and any other contracts or arrangements with the Debtors.  Nothing herein affects or shall be deemed to affect Marathon's rights to assert any and all rights, equitable or otherwise, to setoff or recoup its claims against any claims asserted against Marathon by any third party.

15.     Marathon hereby shall be permitted to take all actions necessary and consistent with the terms of this Stipulation and Agreed Order.

16.     Notwithstanding any applicability of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon the Effective Date.

17.     This Stipulation and Agreed Order constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person any rights or remedies hereunder.

18.     The undersigned persons represent and warrant that they have full authority to execute this Stipulation and Agreed Order and that the respective Parties have full knowledge of and have consented to this Stipulation and Agreed Order.

19.     This Stipulation and Agreed Order may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

20.     This Stipulation and Agreed Order shall be governed by and construed in accordance with the laws of the State of New York, without regard to principles of conflicts of laws.

21.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Agreed Order.

Dated: _____, 2022
            Houston, Texas

                                    _____
                                    THE HONORABLE MARVIN ISGUR
                                    UNITED STATES BANKRUPTCY JUDGE

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties

have executed and delivered this Stipulation and Agreed Order as of the date set forth below.

Date:   December 8, 2022
        Houston, Texas

 /s/  James T. Grogan III                          /s/ Jessica Liou
PAUL HASTINGS LLP                           WEIL, GOTSHAL & MANGES LLP
James T. Grogan III (24027354)              Alfredo R. Pérez (15776275)
600 Travis Street, 58th Floor               700 Louisiana Street, Suite 1700
Houston, Texas 77002                        Houston, Texas  77002
Telephone: (713) 860-7300                   Telephone: (713) 546-5000
Facsimile: (713) 353-3100                   Facsimile:  (713) 224-9511
Email: jamesgrogan@paulhastings.com         Email: Alfredo.Perez@weil.com


-and-                                       -and-


PAUL HASTINGS LLP                           WEIL, GOTSHAL & MANGES LLP
Luc Despins (admitted *pro hac vice*)       Gary T. Holtzer (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)  Jessica Liou (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)   Alexander P. Cohen (admitted *pro hac vice*)
200 Park Avenue                             767 Fifth Avenue
New York, New York 10166                    New York, New York 10153
Telephone: (212) 318-6000                   Telephone:  (212) 310-8000
Facsimile: (212) 319-4090                   Facsimile:  (212) 310-8007
Email: lucdespins@paulhastings.com          Emails: Gary.Holtzer@weil.com
        sayanbhattacharyya@paulhastings.com         Jessica.Liou@weil.com
        danielginsberg@paulhastings.com             Alexander.Cohen@weil.com


-and-                                       *Counsel for Marathon Digital Holdings, Inc.*


Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
        michaeljones@paulhastings.com


*Counsel to the Debtors and Debtors*
*in Possession*

 /s/  Christopher Marcus, P.C.
HUNTON ANDREWS KURTH LLP
Joseph W. Buoni (24072009)
Timothy A. ("Tad") Davidson II (24012503)
Philip M. Guffy (24113705)
600 Travis Street Houston, TX 77002
Telephone: 713.220.4200
Facsimile: 713.220.4285
Email: josephbuoni@huntonak.com
        taddavidson@huntonak.com
        philipguffy@huntonak.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Christopher Marcus, P.C. (admitted *pro hac vice*)
Elizabeth Helen Jones (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.marcus@kirkland.com
        elizabeth.jones@kirkland.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Anna Rotman, P.C.
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email: anna.rotman@kirkland.com

*Counsel for Generate*

 /s/  Patrick C. Summers
DEWITT LLP
Patrick C. Summers (admitted *pro hac vice*)
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402
Telephone: 612-305-1400
Email: pcs@dewittllp.com

*Counsel to MVP Logistics LLC*