# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | **(Jointly Administered)** |
| **COMPUTE NORTH HOLDINGS, INC.,** | § | |
| *et al.*,[1] | § | **Case No. 22-90273 (MI)** |
| | § | |
| **Debtors.** | § | **Emergency Hearing Requested for:** |
| | § | **December 20, 2022** |

**CORPUS CHRISTI ENERGY PARK, LLC's EMERGENCY MOTION
FOR RELIEF UNDER 11 U.S.C. § 362 FROM AUTOMATIC STAY AND FOR
WAIVER OF 14-DAY STAY ON ORDER GRANTING RELIEF**

### Notice pursuant to L.B.R. 4001-1(a)(3)

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule. Represented parties should act through their attorney. A hearing has been requested for December 20, 2022.**

### Notice pursuant to L.B.R. 9013-1(i)

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Movant CORPUS CHRISTI ENERGY PARK, LLC ("Movant" or "CCEP"), and files this *Motion for Relief from Automatic Stay and for Waiver of 14-Day Stay on Order Granting Relief* (the "Motion") under section 362 of Title 11 of the U.S. Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas ("LBR" or "Local Rules"), and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

1.1   CCEP files this Motion pursuant to 11 U.S.C. § 362(c)(1), (d), (j), and Fed. R. Bankr. P. 4001 seeking relief from the automatic stay subject to the Court's granting CCEP's contemporaneously filed Emergency Motion to Compel Rejection of Design-Build Contract pursuant to 11 U.S.C. § 365(d)(2) (the "Rejection Motion"). In said motion, CCEP seeks to compel rejection of its design-build contract (the "DB Contract") with Debtor CN CORPUS CHRISTI, LLC ("CNCC"). CCEP asks the Court to issue an order confirming that, upon rejection of the DB Contract, the automatic stay is immediately terminated as to the DB Contract and CCEP is not enjoined by section 362 from taking any and all actions CCEP deems appropriate to work toward and complete the project that is the subject of the DB Contract.

## II. PARTIES

2.1   Movant CCEP is a Texas limited liability company with its principal office in Dallas County, Texas.

2.2   Debtor CNCC is a Delaware limited liability company and one of the Debtors in this jointly administered Chapter 11 case. CNCC is the counterparty to the contract that is the subject of this Motion.

### III. JURISDICTION

3.1 This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein include, without limitation, subsections (c)(1), (d), and (j) of section 362 of the Bankruptcy Code, Rule 4001(a) of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules.

### IV. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

4.1 On March 16, 2022, CCEP and CNCC entered into the DB Contract pursuant to which CCEP agreed to design and construct for CCNC a 300-megawatt high voltage substation connecting to the ERCOT transmission grid, together with an office building, utility connections and certain other improvements, at a contract price of $25,713,494.00 (including agreed prepetition change orders) (the "Project"). The real property upon which the facility is being built is wholly owned by Bootstrap Energy LLC.

4.2 The DB Contract included a "time is of the essence" clause and called for substantial completion by October 31, 2022 per the parties' mutual understanding of the need to get the facility online before summer of 2023 due to ERCOT's practice of not energizing facilities that impose substantial new loads on the electrical grid during peak demand season. Due to payment defaults by CNCC, discussed below, the Project has been halted continuously since June 16.

4.3 On June 3, 2022, CNCC failed to timely pay for the parties' agreed and executed May 12, 2022 change order calling for an initial payment in the amount of $718,996.56. On June 16, CCEP exercised its right to issue a stop work notice for this breach which was not cured until August 30. On August 26, 2022, however, CNCC also defaulted on its obligation to pay CCEP $6,100,000 for completion of milestone #3. CCEP issued a stop work notice as to this default on September 2.

4.4 After applicable cure periods, CCEP gave notice of its intent to terminate the DB Contract. CCEP took all contractual steps to perfect its right to terminate, needing only to wait until the close of business on September 22 before it could formally do so. On the afternoon of September 21, CNCC called CCEP asking if it would waive termination should the cure payment be received on September 23. However, CNCC filed for bankruptcy relief the following morning, September 22, (the "Petition Date"), only hours before the termination event.

4.5 As of the Petition Date, there were $14,906,026 in payments by Debtor remaining under the DB Contract to reach final completion. The DB Contract also requires Debtor to post an additional $14.25 million financial security with transmission provider AEP Texas before the Project can be operational.

## V. RELIEF REQUESTED

5.1 CCEP seeks a "comfort order" under 11 U.S.C. § 362(j) confirming that, pursuant to 11 U.S.C. 362(c)(1), upon rejection of the DB Contract, the automatic stay is immediately terminated as to the DB Contract and CCEP is not enjoined by section 362 from taking any and all actions CCEP deems appropriate to work toward and complete and/or modify the Project that is the subject of the DB Contract.

5.2 CCEP also seeks waiver of FRBP 4001's 14-day stay on the effect of any order lifting the automatic stay. *See* FRBP 4001(a)(3).

## VI. ARGUMENT AND AUTHORITIES

**A. CCEP requests, pursuant to 11 U.S.C. § 362(j), an order confirming the stay is terminated as to the DB Contract.**

6.1 Section 362(a) of the Bankruptcy Code imposes a comprehensive stay of proceedings and adverse actions against a debtor and its property. Section 362(c)(1), however, states the automatic stay's application to a specific property is terminated when that property is no longer "property of the [debtor's] estate." Section 362(j) allows a party in interest to request an

order from the bankruptcy court confirming, pursuant to subsection (c), that the stay is no longer in effect.

6.2     CCEP asks the Court, subject to its disposition of the rejection motion, to confirm the automatic stay terminated as to the DB Contract and its construction Project contemporaneous with CNCC's rejection of the DB Contract. This is consistent with both the Code's and bankruptcy courts' interpretation of how section 362 functions as to a rejected executory contract or lease. *See, e.g.,* 11 U.S.C. § 365(p)(2) ("If a lease of personal property is rejected[,] the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated."); *cf. In re Mirant Corp.*, 303 B.R. 319, 328-29 (Bankr.N.D.Tex. 2003) (discussing and confirming that automatic stay applied to executory contract *until* debtor made its section 365 election); *see In re Wade*, 501 B.R. 870, 875 (Bankr.D.Kan. 2013) (issuing "comfort order" confirming stay did not apply to lease that was no longer property of the estate because it was rejected under section 365); *see In re Urbanco, Inc.*, 122 B.R. 513, 520 (Bankr.W.D.Mich. 1991) (automatic stay was terminated by operation of law per § 362(b)(10) when Chapter 11 debtor's nonresidential lease was deemed rejected, and proposed order modifying automatic stay was "superfluous").

**B.     In addition, upon rejection of the DB Contract, cause exists to lift the stay per 11 U.S.C. § 362(d)(1).**

6.3     In addition to the authority provided by section 362(j), cause exists under section 362(d)(1) to lift the automatic stay upon rejection of the DB Contract. Section 362(d) requires the bankruptcy judge to grant relief from the stay — for cause:

(d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay are –

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest...

6.4    There is no "mandatory standard" for establishing "cause" in the Fifth Circuit. *In re Choice ATM Enterprises, Inc.,* 2015 WL 1014617 at *5 (Bankr. N.D. Tex. Mar. 4, 2015). The question is ultimately "left to the discretion of the bankruptcy court." *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001). While various analytical tests exist to evaluate "cause"—such as the *Curtis* factors in the context of continuing litigation or *Little Creek* for questions of bad faith bankruptcy filings—each motion under section 362(d)(1) must be evaluated in light of "its own particular facts," balancing the competing interests of the debtor and creditor. *In re Mosher*, 578 B.R. 765, 772 (Bankr.S.D.Tex. 2017).

6.5    The most relevant factors in this case are the lack of interference to the Debtors' reorganization and the balance of potential harms to the parties. When lifting the stay does not appear to threaten or interfere with a debtor's reorganization and the balance of potential harms weighs in the movant's favor, courts are more inclined to grant relief from the automatic stay. *See Mosher* at 772 (citing *In re Bovino*, 496 B.R. 492, 502 (Bankr.N.D.Ill. 2013)). There were no bids, other than CCEP's, on the DB Contract at Debtors' auction and they have proposed a liquidation plan which would include rejection of all executory contracts not already assumed, meaning rejection of the DB Contract is a certainty. Once rejected, the DB Contract is no longer considered part of the estate, meaning nothing is at stake for Debtors in deciding whether to lift the stay. *See* ¶ 6.2, *supra* (authorities holding rejected executory contract is not part of debtor's estate subject to automatic stay). On the other hand, further delays of the Project could render the facility being built there financially unviable, causing CCEP's complete loss of a $26 million Project into which CCEP has already sunk significant costs. *See* Rejection Motion, ¶¶ 6.7-.9. The balance of potential harms clearly weighs in favor of lifting the stay.

## VII. REQUEST FOR EMERGENCY HEARING

7.1    Due to the exigent circumstances described in detail in CCEP's contemporaneous rejection motion, CCEP requests an emergency hearing on the Motion no later than December 20,

2022 and that the hearing be held simultaneously with CCEP's rejection motion. CCEP has certified this Motion in accordance with LBR 9013-1(i).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, CCEP respectfully requests and prays the Court set this Motion for concurrent emergency hearing alongside the Rejection Motion and, subject to the Court's ruling thereon, enter an order confirming the automatic stay is terminated as to the DB Contract and waiving the 14-day stay on effect of the order, and for all other and further relief to which CCEP may be justly entitled.

Dated: December 13, 2022            Respectfully submitted,

By: */s/Robert C. Rowe*
Mark A. Castillo
  Texas State Bar No. 24027795
Robert C. Rowe
  Texas State Bar No. 24086253
**CARRINGTON, COLEMAN, SLOMAN**
  **& BLUMENTHAL, L.L.P.**
901 Main St., Suite 5500
Dallas, TX  75202
Telephone:    214-855-3000
Facsimile:    214- 580-2641
Email: markcastillo@ccsb.com
       rrowe@ccsb.com

*Bankruptcy Counsel for*
*Corpus Christi Energy Park, LLC*

**CERTIFICATION UNDER LBR 9013-1(i)**

My name is Steve Quisenberry. My address is 3838 Oak Lawn Avenue, Suite 1000, Dallas, Texas 75219. I am the Chief Executive Officer of Bootstrap Energy, LLC, the Managing Member of the Movant, CCEP. I certify all facts stated in this Motion are within my personal knowledge, true and correct.

This statement is given under penalty of perjury under the laws of the State of Texas and the United States of America on December 13, 2022.

*/s/ Steve Quisenberry*
Steve Quisenberry

**CERTIFICATE OF CONFERENCE**

Counsel for CCEP has conferred with counsel for Debtors via numerous emails and telephone calls on the following dates and times: November 7, 9, and 11, 2022 and multiple dates thereafter in December. Counsel for Debtors has confirmed their opposition to this Motion.

Certified on December 13, 2022.

*/s/Mark A. Castillo*
Mark A. Castillo

**CERTIFICATE OF SERVICE**

The undersigned certifies that, pursuant to Fed. R. Bankr. P. 4001 and LBR 4001-1(a)(4), on December 13, 2022, a true and correct copy of this document was properly served upon the following parties and/or their counsel of record: the Debtors, Official Committee of Unsecured Creditors, parties requesting notice, parties with an interest in collateral that is the subject of the requested relief, co-debtors under 11 U.S.C. § 1301, parties who are identified as a party against whom relief is sought in the motion, and the U.S. Trustee.

Certified on December 13, 2022.

*/s/Robert C. Rowe*
Robert C. Rowe