IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>COMPUTE NORTH HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | § Chapter 11<br>§<br>§ Case No. 22-90273 (MI)<br>§<br>§ (Jointly Administered)<br>§<br>§ Re Docket Nos. 410; 506; 638; 639 |

**OMNIBUS JOINDER AND RESERVATION OF RIGHTS
OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS WITH RESPECT TO THE DEBTORS'
OBJECTIONS TO CERTAIN CUSTOMER MOTIONS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby files this omnibus joinder and reservation of rights (the "Joinder") with respect to the Debtors' objections[2] to motions filed by Konza Mining Fund I, LP ("Konza") and US Digital Mining Texas, LLC ("US Digital" and, together with Konza, the "Movants"). In support, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] [ECF Nos. 638; 639].

## JOINDER

1. Both Movants allege that they delivered cryptocurrency mining equipment ("Equipment") to the Debtors prior to the Debtors' bankruptcy filing. Now, by their motions, they seek relief enabling them to recover that Equipment.

2. Konza, by its motion[3] (the "Konza Motion"), requests an order (i) requiring the Debtors to identify Konza's Equipment, (ii) confirming the terms of Konza's contract with the Debtors (the "Konza Agreement"), and (iii) detailing an implementation plan for Konza's Equipment. In their objection, the Debtors assert that the Equipment is located at facilities owned and operated by non-Debtor parties (namely, MVP Logistics, LLC and Generate Lending, LLC) and that Konza must therefore coordinate with those parties to recover its Equipment. The Debtors further state that the Konza Agreement was assigned prior to bankruptcy to the non-Debtor entities that operated those facilities, which have now been sold.[4] Accordingly, the relief sought by the Konza Motion is effectively moot.

3. US Digital, by its motion[5] (the "US Digital Motion" and, together with the Konza Motion, the "Motions"), similarly requests that the court modify the automatic stay to allow it to obtain possession of its Equipment. In their objection, the Debtors again assert that the relevant Equipment is located at a facility owned by a non-Debtor (Generate) and that US Digital, like Konza, must therefore coordinate with the facility operator to obtain its Equipment. The Debtors consent to modifying the automatic stay to allow US Digital to do so. The Debtors do, however, allege that certain machines (the "Disputed Miners") were never delivered to the Debtors, so any

---

[3] [ECF No. 410].

[4] The Debtors note that, to the extent a Debtor retains any interest in the Konza Agreement, the Konza Agreement will be rejected.

[5] [ECF No. 506].

relief with respect to those particular pieces of Equipment must be denied. The Debtors further request that any order entered by the Court also approve the rejection of the contract between the Debtors and US Digital (the "US Digital Agreement").

4. The Committee, for its part, is without knowledge regarding (i) the location of the Movants' Equipment, (ii) what portions of the Equipment were in fact delivered to the Debtors, and (iii) the specifics of the contractual arrangements between the Debtors and the Movants. That said, the Committee has no interest in standing between customers and their property. The Committee therefore agrees that, if the Debtors' estates have no interest in the relevant Equipment, then the Movants should be free to recover whatever property is rightfully theirs. To the extent that the automatic stay must be lifted to enable the Movants to do so, the Committee is supportive of such relief. However, the Committee agrees with the Debtors that the Movants must coordinate with the relevant facility operators to recover their Equipment.[6] The Debtors' estates should not be burdened by any dispute between two non-Debtors over property in which the estates have zero interest.

## RESERVATION OF RIGHTS

5. The Committee reserves the right to supplement this Joinder, raise additional or further arguments in response to the Motions, and participate in any hearing(s) on the Motions, including making argument and examining witnesses. The Committee further reserves the right to prosecute its own objection(s) to the Motions, independent of the Debtors' objections, in the event that the Debtors withdraw, settle, or otherwise resolve one or both of their objections to the Motions. The Committee further reserves its rights with respect to any dispute regarding the

---

[6] The Committee further agrees with the Debtors that any relief granted by the Court should not be granted with respect to the Disputed Miners until that dispute is resolved.

3

rejection of the Konza Agreement, the US Digital Agreement, or any other contract between the Debtors and the Movants. The Committee finally reserves its rights with respect to the dispute between the Debtors and US Digital regarding the Disputed Miners.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that any relief granted to the Movants be limited in accordance with the Debtors' objections.

Dated: December 15, 2022

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

*- and -*

Kristin K. Going (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Stacy A. Lutkus admitted (*pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-5404
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
       dazman@mwe.com
       salutkus@mwe.com
       nrowles@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

  I certify that on December 15, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ Charles R. Gibbs*
                Charles R. Gibbs