## **Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. __** |

**ORDER (I) CONDITIONALLY APPROVING**
**THE ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES**
**WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT**
**CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF BALLOTS AND**
**NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN**
**DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Bankruptcy Local Rules 2002-1 and 3017-1 (a) conditionally approving the adequacy of the Disclosure Statement, (b) approving the Solicitation and Voting Procedures with respect to the Plan, (c) approving the forms of ballots and notices in connection therewith, and (d) scheduling certain dates with respect thereto, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]   Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Motion.

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

**I.      Conditional Approval of the Disclosure Statement.**

2.      The Disclosure Statement, attached hereto as Schedule 1, is conditionally approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code and is subject to final approval of the Court at the Combined Hearing.

3.      The Disclosure Statement provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.     Approval of the Solicitation and Voting Procedures.

4.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as <u>Schedule 2</u>, which are hereby approved in their entirety.

## III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan and Approving the Disclosure Statement on a Final Basis.

### A.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.     Cause exists to shorten the deadlines set forth by Bankruptcy Rule 2002(b). The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan, as well as filing objections to confirmation of the Plan and approving the Disclosure Statement on a final basis (all times prevailing Central Time):

| Event | Date |
|---|---|
| Voting Record Date | ~~November 29~~December 14, 2022 |
| Solicitation Deadline | December ~~5~~22, 2022 (or as soon as reasonably practicable after) |
| Publication Deadline | December ~~5~~22, 2022 (or as soon as reasonably practicable after) |
| Deadline to File Plan Supplement | ~~December 28~~January 18, ~~2022~~2023, at 4:00 p.m. |
| Voting Deadline | January ~~4~~26, 2023, at 4:00 p.m. |
| Plan and Disclosure Statement Objection Deadline | January ~~4~~26, 2023, at 4:00 p.m. |
| Deadline to File Confirmation Brief and Plan and Disclosure Statement Objection Response Deadline | ~~January 6~~February 2, 2023 |
| Deadline to File Voting Report | ~~January 6~~February 2, 2023 |
| Combined Hearing Date | [~~January 9~~February [•]], 2023, at |

| | [     :     ] a.m./p.m. |
|---|---|

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

6.    In addition to the Plan, the Disclosure Statement and this Order (without exhibits, except the Solicitation and Voting Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.    the appropriate forms of Ballots, each of which will include an Opt-Out Form, attached hereto as Schedules 3A, 3B, 3C and 3D;[3]

b.    the Cover Letter, including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement and the Order (without exhibits, except the Solicitation and Voting Procedures) via https://dm.epiq11.com/computenorthholdings, attached hereto as Schedule 6;

c.    the Combined Hearing Notice attached hereto as Schedule 7; and

d.    such other materials as the Court may direct.

7.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall cause Solicitation Packages to be distributed to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy

---

[3]    The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

Local Rules.

9.      The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement and this Order to Holders of Claims entitled to vote on the Plan by providing instructions as part of the Solicitation Package for accessing these documents through the Debtors' restructuring website (https://dm.epiq11.com/computenorthholdings), and if requested, a hard copy or flash drive within three (3) business days of receipt of such request. **Only** the Ballots, Cover Letter, and Combined Hearing Notice will be provided in paper form. On or before the Solicitation Deadline, the Debtors (through the Solicitation Agent) shall provide (a) complete Solicitation Packages to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.      Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.      The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims or Interests, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Plan, the Disclosure Statement, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan. The Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort

to cure such deficiencies.

12.    The Solicitation Agent is also authorized to accept Ballots via electronic online transmission, solely through a customized online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent ("E-Ballot"). Parties entitled to vote through E-Ballot may cast an electronic Ballot or Opt-Out Form and electronically sign and submit the Ballot or Opt-Out Form instantly by utilizing E-Ballot. The encrypted data and audit trail created by such electronic submission will become part of the record of any Ballot or Opt-Out Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots or Opt-Out Forms submitted via the customized online balloting portal shall be deemed to contain an original signature. Ballots submitted via electronic means shall be deemed to contain an original signature. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

**C.    Approval of Procedures for Resolution of Disputed Claims for Voting Purposes.**

13.    The procedures for the resolution of Disputed Claims for voting purposes as set forth in the Solicitation and Voting Procedures are hereby approved.

**D.    Approval of the Combined Hearing Notice.**

14.    The Combined Hearing Notice, in the form attached hereto as Schedule 7 to be filed by the Debtors and served upon parties in interest in these chapter 11 cases on or before December 522, 2022 (or as soon as reasonably practicable after), constitutes adequate and sufficient notice of the hearing to consider adequacy of the Disclosure Statement and approval of the Plan, the manner in which copies of the Plan and the Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local

Rules. The Debtors are authorized, but not directed, to publish the Combined Hearing Notice (in a format modified for publication) within three (3) business days after entry of the Order (or as soon as reasonably practical after) on one occasion in the national edition of *The New York Times*.

15.     The Combined Hearing Notices provide Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the exculpation, injunction and release provisions contained in Article IX of the Plan and the effect thereof.

> **E.     Approval of Form of Plan Supplement Notice.**

16.     The Debtors are authorized to send the Plan Supplement Notice, which will be filed and served at least seven days prior to the Plan and Disclosure Statement Objection Deadline, substantially in the form attached hereto as Schedule 8, on the date the Plan Supplement is filed or as soon as reasonably practicable thereafter.

> **F.     Approval of the Form of Notices to Non-Voting Classes.**

17.     Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Classes | Status | Treatment |
|---------|--------|-----------|

| 1, 2 | Unimpaired Claims—Conclusively Presumed to Accept | Will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 4, in lieu of a Solicitation Package. |
| 3A | Impaired Claims—Deemed to Reject | Will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 4A, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Absent a Resolution Event (as defined in Schedule 2), Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 5 (which notice shall be served together with such objection). |

18.    The Debtors will not provide the Holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

19.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Combined Hearing Notice was sent but was subsequently returned as undeliverable.

G.      **Approval of the Procedures for Filing Objections to the Plan and Final Approval of the Disclosure Statement.**

20.      Objections to the Plan and/or to final approval of the Disclosure Statement will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state, with particularity, (i) the name of the objector, (ii) the nature and amount of the Claims held or asserted by the objector against the Debtors' estates or properties, (iii) the legal and factual basis for the objection and the specific grounds therefor, and, if practicable, (iv) a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served on the Debtors and certain other parties so that they are received on or before January 426, 2023, at 4:00 p.m., prevailing Central Time.

## IV.      Miscellaneous.

21.      The Debtors reserve the right to modify the Plan and the Disclosure Statement in accordance with <u>Article XI</u> of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

22.      Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

23.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.      Notice of the Motion as provided therein shall be deemed good and sufficient

notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

26.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

27.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

28.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**Schedule 2**

**Form of Solicitation and Voting Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

### A.    The Voting Record Date.

The Court has established ~~November 29~~**December 14, 2022**, as the record date for purposes of determining which Holders of Claims in Class 3 (General Unsecured Claims), Class 4 (Parent GUC Claims), Class 7 (Preferred Equity Interests) and Class 8 (Parent Equity Interests) are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline.

The Court has approved **January ~~4~~26, 2023, at 4:00 p.m.** prevailing Central Time as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.  To be counted as votes to accept

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

or reject the Plan, all ballots (each, a "<u>Ballot</u>") must be properly executed, completed, and returned in the pre-paid, pre-addressed return envelope included in the Solicitation Package or delivered by: (1) first class mail; (2) overnight courier; (3) hand delivery; or (4) via E-Ballot, so that they are **actually received**, in any case, no later than the Voting Deadline by Epiq Corporate Restructuring, LLC (the "<u>Solicitation Agent</u>").  All Ballots should be sent to: (1) if by mail, **Compute North Holdings, Inc.**, c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422; if by hand delivery or overnight courier, **Compute North Holdings, Inc.**, c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; or via the online balloting portal at https://dm.epiq11.com/computenorthholdings and click on the E-Ballot link under Case Actions.  Ballots submitted by facsimile, email or other means of electronic transmission (other than E-Ballot) will not be counted.

    **C.**    **Form, Content, and Manner of Notices.**

        **1.**    <u>**The Solicitation Package**</u>.

The following materials shall constitute the solicitation package (the "<u>Solicitation Package</u>"):

    a.    a cover letter, in substantially the form annexed as <u>Schedule 6</u> to the Disclosure Statement Order describing the contents of the Solicitation Package, including instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) via https://dm.epiq11.com/computenorthholdings and urging the Holders of Claims in the Voting Classes to vote to accept the Plan;

    b.    a notice of the Combined Hearing, in substantially the form annexed as <u>Schedule 7</u> to the Disclosure Statement Order (the "<u>Combined Hearing Notice</u>");

    c.    the form of Ballot(s), in substantially the forms annexed as <u>Schedules 3A</u>, <u>3B</u>, <u>3C</u> and <u>3D</u>, as applicable, to the Disclosure Statement Order, and applicable voting instructions, together with a pre-addressed, postage prepaid return envelope; and

    d.    any additional documents that the Court has ordered to be made available.

        **2.**    <u>**Distribution of the Solicitation Package**</u>.

The Solicitation Package shall include instructions to obtain access, free of charge, to the Plan, Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website at https://dm.epiq11.com/computenorthholdings, and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any party that receives the materials in electronic format but would prefer paper format of the Plan, Disclosure Statement,

and the Disclosure Statement Order may contact Epiq Corporate Restructuring, LLC (the "<u>Solicitation Agent</u>") by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to Compute North Holdings, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; and/or (c) emailing <u>ComputeNorthHoldingsInfo@epiqglobal.com</u> and requesting paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

The Debtors shall serve, or cause to be served, all of the materials (excluding Ballots) in the Solicitation Package on: (a) the U.S. Trustee; and (b) all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall mail, or cause to be mailed, on or before December ~~5~~22, 2022, the Solicitation Package to all Holders of Claims in the Voting Classes who are entitled to vote, as described in section D below.

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

**3.**    **<u>Resolution of Disputed Claims for Voting Purposes; Resolution Event</u>**.

a.    Absent further order of the Court, ~~the~~if a Holder of a Claim in a Voting Class ~~that~~is the subject of a pending objection filed with the Court <u>not less than ten days before the Voting Deadline</u> by the Debtors on a "reduce and allow" basis<u>: (i) the applicable holder</u> shall be entitled to vote such Claim in the reduced amount contained in such objection~~, *provided that*~~<u>; and (ii)</u> the applicable Holder may request allowance of such Claim in a different amount for voting purposes by filing a motion under Bankruptcy Rule 3018 ~~so that such motion may be adjudicated or resolved~~ not less than ~~three~~five (5) days prior to the ~~Voting Deadline~~<u>Combined Hearing, with such motion to be set for hearing at the Combined Hearing</u>.

b.    If a Claim or Interest in the Voting Classes is subject to an objection other than a "reduce and allow" objection that is filed with the Court not less than ten days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a disputed claim notice substantially in the form annexed as <u>Schedule 5</u> to the Disclosure Statement Order (which notice shall include the opportunity to opt out of certain third party releases and be served together with such objection); (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein; and (iii) the applicable Holder may request allowance of such Claim for voting purposes by filing a motion under Bankruptcy Rule 3018 not less than ~~three~~five (~~3~~5) days prior to the Combined Hearing, with such motion to be set for hearing at the Combined Hearing.

    c.        If a Claim or Interest in the Voting Classes is subject to an objection other than a "reduce and allow" objection that is filed with the Court fewer than ten days before the Voting Record Date, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

    d.        A "Resolution Event" means the occurrence of one or more of the following events no later than three (3) days prior to the Voting Deadline:

        i.        an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

        ii.        an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

        iii.        a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount;

        iv.        a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder to vote its Claim in an agreed upon amount; or

        v.        the pending objection is voluntarily withdrawn by the objecting party.

    e.        No later than two business days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage prepaid envelope to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot.

**4.     Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan**.

     Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Non-Voting Status Notice for Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Schedule 4 to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) and shall include the opportunity to opt out of certain third-party releases.  Certain Holders of Claims who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Non-Voting Status Notice to Holders of Impaired Claims*

*Deemed to Reject the Plan*, substantially in the form annexed as Schedule 4A to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) and shall include the opportunity to opt out of certain third-party releases.

### D.   Voting and Tabulation Procedures.

#### 1.   Holders of Claims Entitled to Vote.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.   holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and is not the subject of a pending objection filed with the Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim or Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.   holders of Claims that are listed in the Schedules in an amount that is liquidated, non-contingent, and undisputed, and a proof of Claim was not filed by the Voting Record Date are entitled to vote, *provided* that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00;

c.   holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.   holders of any disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018;

e.   if a Claim has been amended by a later filed Claim, that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise

ordered by the Court, any amendments to Claims after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

f.    with respect to any Entity described in subparagraphs (a) through (e) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

**2.    Establishing Claim Amounts for Voting Purposes**.[3]

**Filed and Scheduled Claims**. Any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.    the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under Section C.3(d) of these Solicitation and Voting Procedures;

c.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court (other than the Schedules) shall supersede the Claim amount set forth on the respective Proof of Claim;

---

[3]    The amounts described herein are for description purposes only and are qualified in all respects by the Plan which shall control.

d.  the Claim amount listed in the Schedules; *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided*, *further*, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; and

e.  in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

**3.  Voting and Ballot Tabulation Procedures.**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.  except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors or by order of the Court), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.  the Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

c.  the Debtors will file with the Bankruptcy Court, not later than ~~January 6~~February 2, 2023 at 4:00 p.m., prevailing Central Time a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of allowed claims or allowed interests of the Voting Classes accepting or rejecting the plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile, or damaged (each, an "Irregular Ballot"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee;

d.  the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

e.    an executed Ballot (hard copy or E-Ballot) is required to be submitted by the Entity submitting such Ballot. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted;

f.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, and if so sent will not be counted;

g.    if multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

i.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing, and if so requested by the Debtors or the Solicitation Agent, must submit proper evidence satisfactory to the Debtors of its authority to so act;

j.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.      if a Claim or Interest has been estimated or otherwise Allowed for voting purposes only by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

p.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in the Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date, *provided* that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00; (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the E-Ballot portal shall be deemed to contain an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.      the Debtors are authorized to enter into stipulations, with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

s.      where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

### E.    Amendments to the Plan, the Disclosure Statement, and the Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, the Disclosure Statement, the Ballot, the Combined Hearing Notice, the Cover Letter, the Solicitation and Voting Procedures, the Voting and Tabulation Procedures, and related

documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Plan, the Disclosure Statement, and any other materials in the Solicitation Package before their distribution.

<p style="text-align:center">*     *     *     *     *</p>

**Schedule 3A**

**Form of Class 3 Ballot**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT LIQUIDATING CHAPTER 11 PLAN OF COMPUTE NORTH HOLDINGS, INC. AND ITS DEBTOR AFFILIATES AND OPT OUT FORM**

**CLASS 3 BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**ACCESS TO PLAN AND DISCLOSURE STATEMENT:**

THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER MAY BE VIEWED OR DOWNLOADED, FREE OF CHARGE, AT HTTPS://DM.EPIQ11.COM/ /COMPUTENORTHHOLDINGS.

IF YOU WOULD PREFER PAPER COPIES OF THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER, OR IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC (THE "**SOLICITATION AGENT**") BY: (A) WRITING TO COMPUTE NORTH HOLDINGS, INC., ET AL., C/O EPIQ BALLOT PROCESSING, 10300 SW ALLEN BLVD., BEAVERTON, OR 97005; AND/OR (B) EMAILING COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY JANUARY ~~4~~26, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan").[2]  The Bankruptcy Court for the Southern

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate pWay, Eden Prairie, Minnesota 55344.

[2]  Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

District of Texas (the "Bankruptcy Court") has conditionally approved the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [•][•], 2022 (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 3 ballot (the "Ballot") because you are a Holder of a Claim or Interest in Class 3 as of November 29 December 14, 2022 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and the Disclosure Statement, and instructions for obtaining copies of the Plan and Disclosure statement were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Disclosure Statement Order and certain other materials). This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and the Disclosure Statement before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3, General Unsecured Claims, under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 3 General Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):

| Voting Amount:[3]  $ _____ |
|---|

**Item 2.  Vote on Plan.**

The Holder of the Class 3 Claim against the Debtors set forth in Item 1 votes to (please check one):

| ☐    **ACCEPT** (vote FOR) the Plan | ☐    **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.  Important information regarding the Third Party Release and option to Opt Out of Third Party Release.**

> **Article IX of the Plan contains Release, Exculpation, and Injunction Provisions, and Article IX.4 contains a Third-Party Release.** **Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**
>
> **ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF**

---

[3]    For voting purposes only, subject to tabulation rules.

**THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.** **PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

**Article IX.4 of the Plan contains the following provision:**

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1)** any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) **any obligations arising on or after the Effective Date of any party or Entity under the Plan, any** ~~Restructuring~~Wind-Down **Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (2̶3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.**

The Holder of the Class 3 Claim set forth in Item 1 elects to:

☐ **Opt Out** of the Third Party Release.

**Item 4.** **Certifications.**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, the undersigned is either: (i) the Holder of the Class 3 Claims being voted; or (ii) an authorized signatory for an Entity that is a Holder of the Class 3 Claims being voted;

(b) the undersigned (or in the case of an authorized signatory, the Holder) has received instructions to access a copy of the Plan, the Disclosure Statement, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the undersigned has cast the same vote with respect to all Class 3 Claims in a single Class; and

(d) no other Class 3 Ballots with respect to the amount of the Class 3 Claims identified in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such Class 3 Claims, then any such earlier Class 3 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

4

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY ONLY ONE OF THE FOLLOWING METHODS:**

**VIA FIRST CLASS MAIL (OR THE ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Compute North Holdings, Inc., et al.** | **Compute North Holdings, Inc., et al.** |
| c/o Epiq Ballot Processing | c/o Epiq Ballot Processing |
| P.O. Box 4422 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4422 | Beaverton, OR 97005 |

**ONLINE VIA THE E-BALLOT PORTAL:**

**To submit your Ballot via Solicitation Agent's online balloting portal, visit https://dm.epiq11.com/computenorthholdings.  Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:** _____

**The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.**

IF THE SOLICITATION AGENT DOES NOT **ACTUALLY RECEIVE** THIS CLASS 3 BALLOT **ON OR BEFORE JANUARY 4̶26, 2023, AT 4:00 P.M.** PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 3 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

<table>
<tr><td></td></tr>
</table>

| **Class 3 — General Unsecured Claims** |
| --- |

### INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  To ensure that your Ballot is counted, you **must** complete and submit this Ballot as instructed herein.  **Ballots will not be accepted by electronic mail or facsimile.**

4.  **Use of Hard Copy Ballot**.  To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot as instructed herein.

5.  **Use of Online Ballot Portal (E-Ballot)**.  To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at: https://dm.epiq11.com/computenorthholdings.  You will need to enter your unique E-Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6.  Your Ballot (whether submitted by hard copy or through the online balloting portal) **must** be returned to the Solicitation Agent so as to be **actually received** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is January 4<span style="color:red">26</span>, 2023, at 4:00 p.m.**, prevailing Central Time.

7.  If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Ballots will *not* be counted**:

    (a)  any Ballot that partially rejects and partially accepts the Plan;
    (b)  Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors;
    (c)  Ballots sent by facsimile or any electronic means other than via the online balloting portal;
    (d)  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;
    (e)  any Class 3 Ballot cast by an Entity that does not hold a Claim in Class 3;
    (f)  any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g)  any unsigned Ballot;
    (h)  any non-original Ballot; and/or
    (i)  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8.  The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

10. You must vote all of your Claims within Class 3 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Claims within Class 3, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within Class 3 for the purpose of counting votes.

11. This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13. If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you received.

<u>**PLEASE MAIL YOUR CLASS 3 BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON JANUARY ~~4~~26, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**<u>Schedule 3B</u>**

**Form of Class 4 Ballot**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT LIQUIDATING CHAPTER 11 PLAN OF COMPUTE NORTH HOLDINGS, INC. AND ITS DEBTOR AFFILIATES AND OPT OUT FORM**

**CLASS 4 BALLOT FOR HOLDERS OF PARENT GUC CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**ACCESS TO PLAN AND DISCLOSURE STATEMENT:**

THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER MAY BE VIEWED OR DOWNLOADED, FREE OF CHARGE, AT HTTPS://DM.EPIQ11.COM/COMPUTENORTHHOLDINGS

IF YOU WOULD PREFER PAPER FORMAT OF THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER, OR IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC (THE "**SOLICITATION AGENT**") BY: (A) WRITING TO COMPUTE NORTH HOLDINGS, INC., ET AL., C/O EPIQ BALLOT PROCESSING, 10300 SW ALLEN BLVD., BEAVERTON, OR 97005; AND/OR (B) EMAILING COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY JANUARY ~~4~~26, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "**VOTING DEADLINE**") IN ACCORDANCE WITH THE FOLLOWING:

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate pWay, Eden Prairie, Minnesota 55344.

amended, supplemented, or modified from time to time, the "Plan").[2]  The Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [•][•], 2022 (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 4 ballot (the "Ballot") because you are a Holder of a Claim or Interest in Class 4 as of November 29December 14, 2022 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and the Disclosure Statement, and instructions for obtaining copies of the Plan and Disclosure statement were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Disclosure Statement Order and certain other materials).  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and the Disclosure Statement before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4, Parent GUC Claims, under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.   Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 4 Parent GUC Claims in the following aggregate unpaid amount (insert amount in box below):

| Voting Amount:[3]  $ _____ |
|---|

**Item 2.   Vote on Plan.**

The Holder of the Class 4 Claim against the Debtors set forth in Item 1 votes to (please check one):

| ☐      **ACCEPT** (vote FOR) the Plan | ☐      **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.   Important information regarding the Third Party Release and option to Opt Out of Third Party Release.**

> **Article IX** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article IX.4 contains a Third-Party Release.**  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.
>
> **ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE**

---

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

[3]     For voting purposes only, subject to tabulation rules.

**RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.  PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

Article IX.4 of the Plan contains the following provision:

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~Wind-Down Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (~~2~~3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and

**made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release**.

The Holder of the Class 4 Claim set forth in Item 1 elects to:

☐ **Opt Out** of the Third Party Release.

**Item 4.   Certifications.**

By signing this Class 4 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, the undersigned is either: (i) the Holder of the Class 4 Claims being voted; or (ii) an authorized signatory for an Entity that is a Holder of the Class 4 Claims being voted;

(b) the undersigned (or in the case of an authorized signatory, the Holder) has received instructions to access a copy of the Plan, the Disclosure Statement, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the undersigned has cast the same vote with respect to all Class 4 Claims in a single Class; and

(d) no other Class 4 Ballots with respect to the amount of the Class 4 Claims identified in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such Class 4 Claims, then any such earlier Class 4 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN
IT (WITH AN ORIGINAL SIGNATURE)** *PROMPTLY* **VIA FIRST CLASS MAIL (OR THE ENCLOSED
REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Compute North Holdings, Inc., et al.** | **Compute North Holdings, Inc., et al.** |
| c/o Epiq Ballot Processing | c/o Epiq Ballot Processing |
| P.O. Box 4422 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4422 | Beaverton, OR 97005 |

**Alternatively, to submit your Ballot or Opt Out Form** **via Solicitation Agent's online balloting portal, visit
https://dm.epiq11.com/computenorthholdings.   Click on the "Submit E-Ballot" section of the website and
follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized
electronic Ballot:**

**Unique E-Ballot ID#:** _____

**The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via
electronic or online transmission.   Ballots submitted by facsimile, email or other means of electronic
transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic
Ballot.   Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.
Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper
Ballot.**

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 BALLOT **ON OR
BEFORE JANUARY** **426**, **2023, AT 4:00 P.M.** PREVAILING CENTRAL TIME, (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 4 BALLOT MAY BE
COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

<div style="border: 1px solid black; height: 40px;"></div>

| Class 4 —Parent GUC Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS CLASS 4 BALLOT**

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this Ballot as instructed herein. **Ballots will not be accepted by electronic mail or facsimile.**

4. **Use of Hard Copy Ballot**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot as instructed herein.

5. **Use of Online Ballot Portal (E-Ballot)**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at: https://dm.epiq11.com/computenorthholdings. You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Your Ballot (whether submitted by hard copy or through the online balloting portal) ***must*** be returned to the Solicitation Agent so as to be ***actually received*** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 4<s>26</s>, 2023, at 4:00 p.m.**, prevailing Central Time.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will *not* be counted**:

   (a) any Ballot that partially rejects and partially accepts the Plan;
   (b) Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors;
   (c) Ballots sent by facsimile or any electronic means other than via the online balloting portal;
   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;
   (e) any Class 4 Ballot cast by an Entity that does not hold a Claim in Class 4;
   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
   (g) any unsigned Ballot;
   (h) any non-original Ballot; and/or
   (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

10. You must vote all of your Claims within Class 4 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Claims within Class 4, the Debtors may, in their discretion, aggregate the Claims of any particular Holder with multiple Claims within Class 4 for the purpose of counting votes.

11. This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13. If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you received.

<u>**PLEASE MAIL YOUR CLASS 4 BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON JANUARY ~~4~~26, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

## Schedule 3C

**Form of Class 7 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[4] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT LIQUIDATING CHAPTER 11 PLAN OF COMPUTE NORTH HOLDINGS, INC. AND ITS DEBTOR AFFILIATES AND OPT OUT FORM**

**CLASS 7 BALLOT FOR HOLDERS OF PREFERRED EQUITY INTERESTS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**ACCESS TO PLAN AND DISCLOSURE STATEMENT:**

THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER MAY BE VIEWED OR DOWNLOADED, FREE OF CHARGE, AT HTTPS://DM.EPIQ11.COM/ /COMPUTENORTHHOLDINGS.

IF YOU WOULD PREFER PAPER COPIES OF THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER, OR IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC (THE "**SOLICITATION AGENT**") BY: (A) WRITING TO COMPUTE NORTH HOLDINGS, INC., ET AL., C/O EPIQ BALLOT PROCESSING, 10300 SW ALLEN BLVD., BEAVERTON, OR 97005; AND/OR (B) EMAILING COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.

**FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY JANUARY 4~~26~~, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be

---

[4]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate pWay, Eden Prairie, Minnesota 55344.

amended, supplemented, or modified from time to time, the "Plan").[5]   The Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [•][•], 2022 (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 7 ballot (the "Ballot") because you are a Holder of an Interest in Class 7 as of November 29December 14, 2022 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and the Disclosure Statement, and instructions for obtaining copies of the Plan and Disclosure statement were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Disclosure Statement Order and certain other materials).  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and the Disclosure Statement before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Interest has been placed in Class 7, Preferred Equity Interests, under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.   Amount.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 7 Preferred Equity Interests in the following aggregate amount of shares (insert amount in box below):

| Total Voting Amount:[6]   _____ |
|---|

**Item 2.   Vote on Plan.**

The Holder of the Class 7 Interests against the Debtors set forth in Item 1 votes to (please check one):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.   Important information regarding the Third Party Release and option to Opt Out of Third Party Release.**

**Article IX** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article IX.4 contains a Third-Party Release.**  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE**

---

[5]   Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.
[6]   For voting purposes only, subject to tabulation rules.

**RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.  PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

Article IX.4 of the Plan contains the following provision:

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~Wind-Down Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (2~~3~~) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and

**made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.**

The Holder of the Class 7 Interest set forth in Item 1 elects to:

☐ **Opt Out** of the Third Party Release.

**Item 4. Certifications.**

By signing this Class 7 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, the undersigned is either: (i) the Holder of the Class 7 Interests being voted; or (ii) an authorized signatory for an Entity that is a Holder of the Class 7 Interests being voted;

(b) the undersigned (or in the case of an authorized signatory, the Holder) has received instructions to access a copy of the Plan, the Disclosure Statement, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the undersigned has cast the same vote with respect to all Class 7 Interests in a single Class; and

(d) no other Class 7 Ballots with respect to the amount of the Class 7 Interests identified in Item 1 have been cast or, if any other Class 7 Ballots have been cast with respect to such Class 7 Interests, then any such earlier Class 7 Interests are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN
IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY ONLY ONE OF THE
FOLLOWING METHODS:**

**VIA FIRST CLASS MAIL (OR THE ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT
COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Compute North Holdings, Inc., et al.** | **Compute North Holdings, Inc., et al.** |
| c/o Epiq Ballot Processing | c/o Epiq Ballot Processing |
| P.O. Box 4422 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4422 | Beaverton, OR 97005 |

**ONLINE VIA THE E-BALLOT PORTAL:**

To submit your Ballot via Solicitation Agent's online balloting portal, visit
https://dm.epiq11.com/computenorthholdings. Click on the "E-Ballot" section of the website and follow the
instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized
electronic Ballot:**

**Unique E-Ballot ID#:** _____

The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via
electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic
transmission will not be counted.

**Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your Ballot.
Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors
who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.**

IF THE SOLICITATION AGENT DOES NOT **ACTUALLY RECEIVE** THIS CLASS 7 BALLOT **ON OR
BEFORE JANUARY 4̶26, 2023, AT 4:00 P.M.** PREVAILING CENTRAL TIME, (AND IF THE VOTING
DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 7 BALLOT MAY BE
COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

<table>
<tr><td></td></tr>
</table>

| |
|---|
| **Class 7 — Preferred Equity Interests** |

### INSTRUCTIONS FOR COMPLETING THIS CLASS 7 BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in Interests in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you ***must*** complete and submit this Ballot as instructed herein.  **Ballots will not be accepted by electronic mail or facsimile.**

4. **Use of Hard Copy Ballot**.  To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot as instructed herein.

5. **Use of Online Ballot Portal (E-Ballot)**.  To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at: https://dm.epiq11.com/computenorthholdings.  You will need to enter your unique E-Ballot identification number indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Your Ballot (whether submitted by hard copy or through the online balloting portal) ***must*** be returned to the Solicitation Agent so as to be ***actually received*** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is January 4~~26~~, 2023, at 4:00 p.m.,** prevailing Central Time.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors.  Additionally, **the following Ballots will *not* be counted**:

    (a) any Ballot that partially rejects and partially accepts the Plan;
    (b) Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors;
    (c) Ballots sent by facsimile or any electronic means other than via the online balloting portal;
    (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;
    (e) any Class 7 Ballot cast by an Entity that does not hold an Interest in Class 7;
    (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g) any unsigned Ballot;
    (h) any non-original Ballot; and/or
    (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

10. You must vote all of your Interests within Class 7 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Interests within Class 7, the Debtors may, in their discretion, aggregate the Interests of any particular Holder with multiple Interests within Class 7 for the purpose of counting votes.

11. This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13. If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests, as applicable, indicated on that ballot, so please complete and return each ballot that you received.

<u>**PLEASE MAIL YOUR CLASS 7 BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.**

---

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON <u>JANUARY 426</u>, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

**Schedule 3D**

**Form of Class 8 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[7] | ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT LIQUIDATING CHAPTER 11 PLAN OF COMPUTE NORTH HOLDINGS, INC. AND ITS DEBTOR AFFILIATES AND OPT OUT FORM**

**CLASS 8 BALLOT FOR HOLDERS OF PARENT EQUITY INTERESTS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**ACCESS TO PLAN AND DISCLOSURE STATEMENT**:

THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER MAY BE VIEWED OR DOWNLOADED, FREE OF CHARGE, AT HTTPS://DM.EPIQ11.COM/ /COMPUTENORTHHOLDINGS.

IF YOU WOULD PREFER PAPER COPIES OF THE PLAN, DISCLOSURE STATEMENT, AND THE DISCLOSURE STATEMENT ORDER, OR IF YOU NEED TO OBTAIN ADDITIONAL SOLICITATION PACKAGES, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC (THE "SOLICITATION AGENT") BY: (A) WRITING TO COMPUTE NORTH HOLDINGS, INC., ET AL., C/O EPIQ BALLOT PROCESSING, 10300 SW ALLEN BLVD., BEAVERTON, OR 97005; AND/OR (B) EMAILING COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.

FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY JANUARY 4~~26~~, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be

---

[7]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate pWay, Eden Prairie, Minnesota 55344.

amended, supplemented, or modified from time to time, the "Plan").[8]  The Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [•][•], 2022 (the "Disclosure Statement Order").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Class 8 ballot (the "Ballot") because you are a Holder of an Interest in Class 8 as of November 29December 14, 2022 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Plan and the Disclosure Statement, and instructions for obtaining copies of the Plan and Disclosure statement were included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Disclosure Statement Order and certain other materials).  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Plan and the Disclosure Statement before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Interest has been placed in Class 8, Parent Equity Interests, under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1.  Amount.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class 8 Parent Equity Interests in the following aggregate amount of shares (insert amount in box below):

| Total Voting Amount:[9] _____ |
|---|

**Item 2.  Vote on Plan.**

The Holder of the Class 8 Interests against the Debtors set forth in Item 1 votes to (please check one):

| ☐     **ACCEPT** (vote FOR) the Plan | ☐     **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.  Important information regarding the Third Party Release and option to Opt Out of Third Party Release.**

**Article IX of the Plan contains Release, Exculpation, and Injunction Provisions, and Article IX.4 contains a Third-Party Release.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE**

---

[8]   Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

[9]    For voting purposes only, subject to tabulation rules.

**RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.  PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

**Article IX.4 of the Plan contains the following provision:**

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~Wind-Down Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (2̶3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and

**made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release**.

The Holder of the Class 8 Interest set forth in Item 1 elects to:

☐ **Opt Out** of the Third Party Release.

**Item 4. Certifications.**

By signing this Class 8 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, the undersigned is either: (i) the Holder of the Class 8 Interests being voted; or (ii) an authorized signatory for an Entity that is a Holder of the Class 8 Interests being voted;

(b) the undersigned (or in the case of an authorized signatory, the Holder) has received instructions to access a copy of the Plan, the Disclosure Statement, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the undersigned has cast the same vote with respect to all Class 8 Interests in a single Class; and

(d) no other Class 8 Ballots with respect to the amount of the Class 8 Interests identified in Item 1 have been cast or, if any other Class 8 Ballots have been cast with respect to such Class 8 Interests, then any such earlier Class 8 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT (WITH AN ORIGINAL SIGNATURE) PROMPTLY BY ONLY ONE OF THE FOLLOWING METHODS:**

**VIA FIRST CLASS MAIL (OR THE ENCLOSED REPLY ENVELOPE PROVIDED), OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| **Compute North Holdings, Inc., et al.** | **Compute North Holdings, Inc., et al.** |
| c/o Epiq Ballot Processing | c/o Epiq Ballot Processing |
| P.O. Box 4422 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4422 | Beaverton, OR 97005 |

**ONLINE VIA THE E-BALLOT PORTAL:**

To submit your Ballot via Solicitation Agent's online balloting portal, visit https://dm.epiq11.com/computenorthholdings. Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:** _____

**The Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.**

IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 8 BALLOT **ON OR BEFORE JANUARY 4~~26~~, 2023, AT 4:00 P.M.** PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 8 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

<table>
<tr><td></td></tr>
</table>

| Class 8 — Parent Equity Interests |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS CLASS 8 BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan. Capitalized terms used in the Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this Ballot as instructed herein. **Ballots will not be accepted by electronic mail or facsimile.**

4. **Use of Hard Copy Ballot**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your original Ballot as instructed herein.

5. **Use of Online Ballot Portal (E-Ballot)**. To ensure that your electronic Ballot is counted, please follow the instructions of the Debtors' case administration website at: https://dm.epiq11.com/computenorthholdings. You will need to enter your unique E-Ballot identification number indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. Your Ballot (whether submitted by hard copy or through the online balloting portal) *must* be returned to the Solicitation Agent so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 426, 2023, at 4:00 p.m.**, prevailing Central Time.

7. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Ballots will *not* be counted**:

    (a) any Ballot that partially rejects and partially accepts the Plan;
    (b) Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors;
    (c) Ballots sent by facsimile or any electronic means other than via the online balloting portal;
    (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;
    (e) any Class 8 Ballot cast by an Entity that does not hold a Claim in Class 8;
    (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;
    (g) any unsigned Ballot;
    (h) any non-original Ballot; and/or
    (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

8. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent *actually receives* the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

10. You must vote all of your Interests within Class 8 either to accept or reject the Plan and may **not** split your vote. Further, if a Holder has multiple Interests within Class 8, the Debtors may, in their discretion, aggregate the Interests of any particular Holder with multiple Interests within Class 8 for the purpose of counting votes.

11. This Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12. **Please be sure to sign and date your Ballot**.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13. If you hold Claims or Interests in more than one Class under the Plan, you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you received.

<div align="center">

**PLEASE MAIL YOUR CLASS 8 BALLOT PROMPTLY**

</div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE EMAIL COMPUTENORTHHOLDINGSINFO@EPIQGLOBAL.COM.**

> **IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON <u>JANUARY 426</u>, 2023, AT 4:00 P.M. PREVAILING CENTRAL TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

**<u>Schedule 4</u>**

**Form of Non-Impaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. _] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on [~~January 9~~**February [•]**], 2023, at [•]:00 [•].m. prevailing Central Time, before the Honorable Marvin Isgur in the United States Bankruptcy

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]   Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

Court for the Southern District of Texas, located at Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, TX 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan or final approval of the Disclosure Statement is **January 4̶26, 2023, at 4:00 p.m.**, prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan or final approval of the Disclosure Statement *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, (i) the name of the objector, (ii) the nature and amount of the Claims held or asserted by the objector against the Debtors' estates or properties, (iii) the legal and factual basis for the objection to the Plan, and the specific grounds therefor, and, if practicable, (iv) a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served on the Debtors and certain other parties so as to be *actually received* on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to Compute North Holdings, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

**Article IX** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article IX.4 contains a Third-Party Release.** **Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Solicitation Agent.**

---

Dated:  ~~November~~December [•], 2022
Houston, Texas

/s/
_____

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
          sayanbhattacharyya@paulhastings.com
          danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
          michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 1</u>**

**Opt-Out Form**

## THIRD PARTY RELEASE OPT-OUT FORM

### Holders of Claims and Interests in Non-Voting Classes

THIS OPT-OUT FORM IMPACTS YOUR LEGAL RIGHTS.  PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO 4:00 P.M. CENTRAL TIME ON JANUARY 426, 2023 (THE "VOTING DEADLINE").**

**Item 1.** **Optional Third-Party Release Election**.  Item 1 is to be completed **only** if you are **opting out** of the Third-Party Release contained in <u>Article IX.4</u> of the Plan.

The Holder of Claims or Interests in a Non-Voting Class hereby elects to:

> ☐ **OPT OUT** OF THE THIRD-PARTY RELEASE.

### IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:

**IF THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD-PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 1 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD-PARTY RELEASE AND RETURN THIS OPT-OUT FORM TO THE SOLICITATION AGENT SUCH THAT IS IT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE. PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

**IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE AS SET FORTH HEREIN, AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE THIRD-PARTY RELEASE.**

**Article IX.4 of the Plan provides for the following Third-Party Release:**[1]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.4 OF THE PLAN SET FORTH BELOW:**

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any**

---

[1]   Under the Plan, "Released Parties" means, each of, and in each case in its capacity as such:  (a) each Debtor; (b) the Debtors' current and former officers, directors, and managers; (c) the Plan Administrator; (d) the Committee; (e) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (f) all Holders of Claims or Interests that abstain from voting on the Plan, who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan, and who do not object to the Plan; and (g) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (f), such Entity and its current and former Affiliates, and such Entities' their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided, however, that* (i) any Holder of a Claim or Interest that opts out of the releases in accordance with the procedures set forth in the Solicitation Procedures Order shall not be a "Released Party"; (ii) any Holder of a Claim or Interest who timely Files and an objection to the Plan in respect of the releases contained in Section 9.4 of the Plan, shall not be a "Released Party"; and (iii) any Entity or Affiliate of an Entity that is identified on the *Schedule of Retained Causes of Action* shall not be a "Released Party" under the Plan.

Under the Plan, "Releasing Parties" means, each of, and in each case in its capacity as such: (a) the Released Parties; (b) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (c) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan; (d) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; and (e) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) <u>any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2)</u> any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~<u>Wind-Down</u> Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (<s>2</s><u>3</u>) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.

**IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**Item 2. Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Court and the Debtors that:

(a)     either: (i) the undersigned is the Holder of one or more Claims or Interests in Non-Voting Classes or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the aforementioned Claims or Interests; and

(b)     the Holder (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, including instructions to access the Plan, and that this Opt Out Form is made pursuant to the terms and conditions set forth therein.

| |
|---|
| Name of Holder: _____<br>(Print or Type)<br><br><br>Signature: _____<br>Name of Signatory: _____<br>(If Other than Holder)<br>Title: _____<br>Address: _____<br><br>_____<br><br>_____<br><br>Date Completed: _____ |

**IF YOU ARE ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY ONE OF THE FOLLOWING METHODS:**

| If by first class mail: | If by hand delivery or overnight courier: |
|---|---|
| **Compute North Holdings, Inc.,**<br>c/o Epiq Ballot Processing, | **Compute North Holdings, Inc.,**<br>c/o Epiq Ballot Processing, |

| P.O. Box 4422, Beaverton, OR 97076-4422 | 10300 SW Allen Blvd., Beaverton, OR 97005 |
|---|---|

**Alternatively, to submit your Opt-Out Form via the Solicitation Agent's online portal, visit:**

https://dm.epiq11.com/computenorthholdings click on the Opt-Out Portal and follow the instructions
**To Opt-Out online, you will need the following Unique E-ID _____**

You may obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website https://dm.epiq11.comcomputenorthholdings.  Any party that would prefer a paper format of the Plan, Disclosure Statement, and the Disclosure Statement Order may contact Epiq Corporate Restructuring, LLC (the "Solicitation Agent") using the aforementioned contact information.

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 4̶26, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

**ON JANUARY 4̶26, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

## INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM

1. Capitalized terms used in the Opt-Out Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement Order, as applicable.  Instructions to obtain access to the Plan, the Disclosure Statement, or the Disclosure Statement Order are included in the Opt-Out Form.

2. To ensure that your election is counted, you *must* complete and submit this hard copy Opt-Out Form (unless you complete and submit this form through the electronic portal maintained by the Solicitation Agent).

3. You will be deemed to consent to the Third-Party Release set forth in Article IX.4 of the Plan unless you clearly indicate your decision to opt out of the Third-Party Release by checking the box provided in Item 1 of the Opt-Out Form.  The Opt-Out Form must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Disclosure Statement Order) and (b) returned to the Solicitation Agent such that it is **actually received** by the Solicitation Agent prior to the Voting Deadline.

4. If an Opt-Out Form is received after the Voting Deadline, it will not be effective. Additionally, the following **Opt-Out Form will NOT be effective:**

   ▪ Opt-Out Form sent to the Debtors, the Debtors' agents (other than Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors;

   ▪ Opt-Out Form sent by facsimile, email, or any other electronic means (other than through the electronic portal maintained by the Solicitation Agent);

   ▪ any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

   ▪ any unsigned Opt-Out Form, or for any Opt-Out Form completed by hand, an Opt-Out Form lacking an original signature;

   ▪ any Opt-Out Form that purports to alter the terms of the Third-Party Release;

   ▪ any Opt-Out Form submitted by a person or an entity that does not hold a Claim or Interest in a Class that is entitled to opt out of the Third-Party Release; and

   ▪ any Opt-Out Form submitted by any entity otherwise not entitled to opt out of the Third-Party Release pursuant to the Solicitation and Voting Procedures.

5. The method of delivery of Opt-Out Form to the Solicitation Agent is at the election and risk of each Holder of a Claim or Interest.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Opt-Out Form.  For Opt-Out Forms submitted by hand, instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims or Interests use an overnight or hand delivery service.  In all cases,

Holders of Claims or Interests should allow sufficient time to assure timely delivery. Opt-Out Forms will not be accepted by email, facsimile, or other electronic transmission (other than through the electronic portal maintained by the Solicitation Agent).

6.      The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than, subject to the limitations set forth in the Opt-Out Form, opt out of the Third-Party Release.  Accordingly, at this time, Holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

7.      This Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim or Interest.

8.      **Please be sure to sign and date your Opt-Out Form**.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

9.      After the Voting Deadline, no Opt-Out Form may be withdrawn or modified without the prior written consent of the Debtors.

**PLEASE SUBMIT YOUR OPT-OUT FORM PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD-PARTY RELEASE, PLEASE CONTACT THE SOLICITATION AGENT AT THE CONTACT INFORMATION IN THE OPT-OUT FORM.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

---

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 426, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

---

7

## SCHEDULE 4A

### Form of Impaired Claims Non-Voting Status Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | Case No. 22-90273 (MI) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. __] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **[February [•]], 2023, at [•]:00 [•].m.** prevailing Central Time, before the Honorable Marvin Isgur in the United States Bankruptcy Court for the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.
[2]   Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

Southern District of Texas, located at Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, TX 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan or final approval of the Disclosure Statement is **January 26, at 4:00 p.m.,** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan or final approval of the Disclosure Statement *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, (i) the name of the objector, (ii) the nature and amount of the Claims held or asserted by the objector against the Debtors' estates or properties, (iii) the basis and nature of any objection, and the specific grounds therefor, to the Plan and, if practicable, (iv) a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court and served on the Debtors and certain other parties so as to be *actually received* on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/case/computenorthholdings; (b) writing to Epiq Corporate Restructuring, LLC, Re: Compute North Holdings, Inc., Attn: Voting Department, 10300 SW Allen Blvd., Beaverton, OR 97005; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

**Article IX of the Plan contains Release, Exculpation, and Injunction Provisions, and Article IX.4 contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE IX.4 OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE COURT WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Solicitation Agent.**

---

*[Remainder of Page Intentionally Left Blank]*

Dated: December [•], 2022
Houston, Texas

/s/  Draft

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
            sayanbhattacharyya@paulhastings.com
            danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
            michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 1</u>**

**<u>Opt-Out Form</u>**

## THIRD PARTY RELEASE OPT-OUT FORM

### Holders of Claims in Non-Voting Classes

THIS OPT-OUT FORM IMPACTS YOUR LEGAL RIGHTS.  PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO 4:00 P.M. CENTRAL TIME ON JANUARY 26, 2023 (THE "VOTING DEADLINE").**

**Item 1.  Optional Third-Party Release Election**.  Item 1 is to be completed **only** if you are **opting out** of the Third-Party Release contained in Article IX.4 of the Plan.

The Holder of Claims in Class 3A hereby elects to:

> ☐ **OPT OUT** OF THE THIRD-PARTY RELEASE.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

**IF THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD-PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 1 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD-PARTY RELEASE AND RETURN THIS OPT-OUT FORM TO THE SOLICITATION AGENT SUCH THAT IS IT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE.**

**IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE AS SET FORTH HEREIN, AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE THIRD-PARTY RELEASE.**

**Article IX.4 of the Plan provides for the following Third-Party Release:**[1]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.4 OF THE PLAN SET FORTH BELOW:**

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged**

---

[1]    Under the Plan, "Released Parties" means: each of, and in each case in its capacity as such: (a) each Debtor; (b) the Debtors' current and former officers, directors, and managers; (c) the Plan Administrator; (d) the Committee; (e) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (f) all Holders of Claims or Interests that abstain from voting on the Plan, who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan, and who do not object to the Plan; and (g) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (f), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, participants, successors, and assigns, subsidiaries, affiliates, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided, however, that* (i) any Holder of a Claim or Interest that opts out of the releases in accordance with the procedures set forth in the Solicitation Procedures Order shall not be a "Released Party"; (ii) any Holder of a Claim or Interest who timely Files an objection to the Plan in respect of the releases contained in Section 9.4 of the Plan, shall not be a "Released Party"; and (iii) any Entity or Affiliate of an Entity that is identified on the *Schedule of Retained Causes of Action* shall not be a "Released Party" under the Plan.

Under the Plan, "Releasing Parties" means, each of, and in each case in its capacity as such: (a) the Released Parties; (b) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (c) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan; (d) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; and (e) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (d), such Entity and its current and former Affiliates, interest holders, predecessors, successors, assigns, subsidiaries, and affiliates, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

**each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind-Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.**

**IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE**

**RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**Item 2. Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Court and the Debtors that:

(a) either: (i) the undersigned is the Holder of one or more Claims in Class 3A CNCC GUC Claims, or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the aforementioned Claims;

(b) the Holder (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status to Holders of Impaired Claims Deemed to Reject the Plan*, including instructions to access the Plan, and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c) that the Holder has made the same election with respect to all Class 3A CNCC GUC Claims; and

(d) that no other Opt-Out Forms with respect to your Class 3A CNCC GUC Claims have been cast or, if any other Opt-Out Forms have been cast with respect to such Claims against, or Interests in, the Debtors, such Opt-Out Forms are hereby revoked.

| |
|---|
| Name of Holder: _____<br>(Print or Type)<br><br>Social Security (Last 4 Digits)<br>or Federal Tax Identification Number: _____<br>Signature: _____<br>Name of Signatory: _____<br>(If Other than Holder)<br>Title: _____<br>Address: _____<br><br>_____<br><br>_____<br>Date Completed: _____ |

**IF YOU ARE ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED TO:**

**If by mail:**

**Epiq Corporate Restructuring, LLC**
**Re: Compute North Holdings, Inc.**
**Attn: Voting Department**
**P.O. Box 4421**
**Beaverton, OR 97076-4421**

**If by hand delivery or overnight courier:**

**Epiq Corporate Restructuring, LLC**
**Re: Compute North Holdings, Inc.**
**Attn: Voting Department**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Alternatively, to submit your Opt-Out Form via the Solicitation Agent's online portal**, visit dm.epiq11.com/case/computenorthholdings/vote

Email: ComputeNorthHoldingsInfo@epiqglobal.com

You may obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website (dm.epiq11.com/case/computenorthholdings).  Any party that would prefer a flash drive or paper format of the Plan, the Disclosure Statement, and the Disclosure Statement Order may contact Epiq Corporate Restructuring, LLC (the "Solicitation Agent") using the aforementioned contact information.

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 26, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

## INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM

1. Capitalized terms used in the Opt-Out Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.  Instructions to obtain access to the Plan, the Disclosure Statement, or the Disclosure Statement Order are included in the Opt-Out Form.

2. To ensure that your election is counted, you *must* complete and submit this hard copy Opt-Out Form. (unless you complete and submit this form through the electronic portal maintained by the Solicitation Agent).

3. Even though you are deemed to reject the Plan, you will nevertheless be deemed to consent to the Third-Party Release set forth in Article IX.4 of the Plan unless you clearly indicate your decision to opt out of the Third-Party Release by checking the box provided in Item 1 of the Opt-Out Form.  The Opt-Out Form must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Disclosure Statement Order) and (b) returned to the Solicitation Agent such that it is **actually received** by the Solicitation Agent prior to the Voting Deadline.

4. If an Opt-Out Form is received after the Voting Deadline, it will not be effective.  Additionally, the following **Opt-Out Form will NOT be effective:**

   ▪ Opt-Out Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors;

   ▪ Opt-Out Form sent by facsimile, email, or any other electronic means (other than through the electronic portal maintained by the Solicitation Agent);

   ▪ any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   ▪ any unsigned Opt-Out Form, or for any Opt-Out Form completed by hand, an Opt-Out Form lacking an original signature;

   ▪ any Opt-Out Form that purports to alter the terms of the Third-Party Release;

   ▪ any Opt-Out Form submitted by a person or an entity that does not hold a Claim or Interest in a Class that is entitled to opt out of the Third-Party Release; and

   ▪ any Opt-Out Form submitted by any entity otherwise not entitled to opt out of the Third-Party Release pursuant to the Solicitation and Voting Procedures.

5. The method of delivery of Opt-Out Form to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Opt-Out Form.  For Opt-Out Forms submitted by hand, instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims use an overnight or hand delivery service.  In all cases, Holders of Claims should allow sufficient time to assure timely delivery.  Opt-Out Forms will not be accepted by email, facsimile, or other electronic transmission (other than through the electronic portal maintained by the Solicitation Agent).

6. The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than, subject to the limitations set forth in the Opt-Out Form, opt out of the Third-Party Release. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

7. This Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim.

8. **Please be sure to sign and date your Opt-Out Form**.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

9. If you hold Claims or Interests in more than one Class under the Plan you may receive more than one Opt-Out Form or Ballot with respect to the Plan for each different Class.  Each Opt-Out Form or Ballot governs only your Claims or Interests indicated on that Opt-Out Form and/or Ballot, so please complete and return each Opt-Out Form or Ballot you received.

10. After the Voting Deadline, no Opt-Out Form may be withdrawn or modified without the prior written consent of the Debtors.

**PLEASE SUBMIT YOUR OPT-OUT FORM PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD-PARTY RELEASE, PLEASE CONTACT THE SOLICITATION AGENT AT THE CONTACT INFORMATION IN THE OPT-OUT FORM.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 26, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

## **SCHEDULE 5**

**Form of Notice to Disputed Claim Holders**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

    **PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") entered an order [Docket No. __] (the "<u>Disclosure Statement Order</u>"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), to solicit votes on the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "<u>Plan</u>");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

    **PLEASE TAKE FURTHER NOTICE THAT** the Plan, the Disclosure Statement, Disclosure Statement Order, and other documents and materials included in the Solicitation Package, except ballots, may be obtained at no charge from Epiq Corporate Restructuring, LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "<u>Solicitation Agent</u>") by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to Compute North Holdings, Inc**.**, c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov.

    **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

**entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before January ~~1~~23, 2023 (the date that is three days before the Voting Deadline)** (each, a "Resolution Event"):

1. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount;

4. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

5. the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the *Notice of Entry of Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Form of Ballot and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business day thereafter, the Solicitation Agent shall distribute a Ballot, and a pre-addressed, postage prepaid envelope to you, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on January ~~4~~26, 2023, at 4:00 p.m., prevailing Central Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Solicitation Agent in accordance with the instructions provided above.

*[Remainder of Page Intentionally Left Blank]*

Dated:  ~~November~~December [•], 2022
Houston, Texas

/s/

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

11

**<u>Exhibit 1</u>**

**Opt-Out Form**

## THIRD PARTY RELEASE OPT-OUT FORM

### Holders of Disputed Claims

THIS OPT-OUT FORM IMPACTS YOUR LEGAL RIGHTS.  PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO 4:00 P.M. CENTRAL TIME ON JANUARY 4~~2~~6, 2023 ~~(THE "VOTING DEADLINE").~~ (THE "VOTING DEADLINE").**

**Item 3.**~~Item 1.~~  **Optional Third-Party Release Election**.  Item 1 is to be completed **only** if you are **opting out** of the Third-Party Release contained in Article IX.4 of the Plan.

The Holder of a disputed Claim hereby elects to:

☐☐**OPT OUT** OF THE THIRD-PARTY RELEASE.

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

**IF THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE TERMS OF THE PLAN, INCLUDING, WITHOUT LIMITATION, THE THIRD-PARTY RELEASE, UNLESS YOU CHECK THE BOX IN ITEM 1 ABOVE INDICATING YOUR DECISION TO OPT OUT OF THE THIRD-PARTY RELEASE AND RETURN THIS OPT-OUT FORM TO THE SOLICITATION AGENT SUCH THAT IS IT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE.  PLEASE BE ADVISED THAT DISTRIBUTIONS TO BE MADE UNDER THE PLAN WILL NOT BE AFFECTED IF YOU ELECT TO OPT OUT.**

**IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE AS SET FORTH HEREIN, AND THE COURT CONFIRMS THE PLAN, YOU WILL BE BOUND BY THE THIRD-PARTY RELEASE.**

**Article IX.4 of the Plan provides for the following Third-Party Release:**[1]

**AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.4 OF THE PLAN SET FORTH BELOW:**

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and**

---

[1]   Under the Plan, "Released Parties" means: each of, and in each case in its capacity as such:  (a) each Debtor; (b) the Debtors' current and former officers, directors, and managers; (c) the Plan Administrator; (d) the Committee; (e) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (f) all Holders of Claims or Interests that abstain from voting on the Plan, who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan, and who do not object to the Plan; and (g) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (f), such Entity and its current and former Affiliates, and such Entities' their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, participants, successors, and assigns, subsidiaries, affiliates, ~~managed accounts or funds,~~ and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, ~~management companies, fund advisors,~~ employees, agents, ~~advisory board members,~~ financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided, however, that* (i) any Holder of a Claim or Interest that opts out of the releases in accordance with the procedures set forth in the Solicitation Procedures Order shall not be a "Released Party"; (ii) any Holder of a Claim or Interest who timely Files ~~and~~an objection to the Plan in respect of the releases contained in Section 9.4 of the Plan, shall not be a "Released Party"; and (iii) any Entity or Affiliate of an Entity that is identified on the *Schedule of Retained Causes of Action* shall not be a "Released Party" under the Plan.⌐

Under the Plan, "Releasing Parties" means, each of, and in each case in its capacity as such:  (a) the Released Parties; (b) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (c) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan; (d) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; and (e) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) **any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2)** any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~**Wind-Down** Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (2**3**) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.

**IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.4 OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.**

**Item 4.** ~~Item 2.~~ **Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Court and the Debtors that:

(a)     either: (i) the undersigned is the Holder of one or more Claims or Interests that are subject to a pending objection by the Debtors or (ii) the undersigned is an authorized signatory for an entity that is the Holder of the aforementioned Claims or Interests;

(b)     the Holder (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status with Respect to Disputed Claims*, including instructions to access the Plan, the Disclosure Statement and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

| | |
|---|---|
| Name of Holder: _____ | |

Name of Holder: _____
(Print or Type)



Signature: _____

Name of Signatory: _____
(If Other than Holder)

Title: _____

Address: _____

_____

_____

Date Completed: _____

**IF YOU ARE ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASE, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY ONE OF THE FOLLOWING METHODS.**

| If by first class mail: | If by hand delivery or overnight courier: |
|---|---|

| **Compute North Holdings, Inc.**, c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422 | **Compute North Holdings, Inc.**, c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005 |
|---|---|
| **Alternatively, to submit your Opt-Out Form via the Solicitation Agent's online portal, visit:**<br><br>https://dm.epiq11.com/computenorthholdings<br>Click on the Opt-Out Portal and follow the instructions | |

You may obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format through the Debtors' restructuring website https://dm.epiq11.com/computenorthholdings.  Any party that would prefer paper format of the Plan, the Disclosure Statement, and the Disclosure Statement Order may contact Epiq Corporate Restructuring, LLC (the "Solicitation Agent") using the aforementioned contact information.

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 426, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

**INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM**

11.    ~~1.~~ Capitalized terms used in the Opt-Out Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.   Instructions to obtain access to the Plan, the Disclosure Statement, or the Disclosure Statement Order are included in the Opt-Out Form.

12.    ~~2.~~ To ensure that your election is counted, you *must* complete and submit this hard copy Opt-Out Form (unless you complete and submit this form through the electronic portal maintained by the Solicitation Agent).

13.    ~~3.~~ Even though you are deemed to reject the Plan, you will nevertheless be deemed to consent to the Third-Party Release set forth in Article IX.4 of the Plan unless you clearly indicate your decision to opt out of the Third-Party Release by checking the box provided in Item 1 of the Opt-Out Form.  The Opt-Out Form must then be (a) executed and completed in accordance with these instructions (and as explained in greater detail in the Disclosure Statement Order) and (b) returned to the Solicitation Agent such that it is **actually received** by the Solicitation Agent prior to the Voting Deadline.

14.    ~~4.~~ If an Opt-Out Form is received after the Voting Deadline, it will not be effective. Additionally, the following **Opt-Out Form will NOT be effective:**

- Opt-Out Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors;

- Opt-Out Form sent by facsimile, email, or any other electronic means (other than through the electronic portal maintained by the Solicitation Agent);

- any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Interest;

- any unsigned Opt-Out Form, or for any Opt-Out Form completed by hand, an Opt-Out Form lacking an original signature;

- any Opt-Out Form that purports to alter the terms of the Third-Party Release;

- any Opt-Out Form submitted by a person or an entity that does not hold an Interest in a Class that is entitled to opt out of the Third-Party Release; and

- any Opt-Out Form submitted by any entity otherwise not entitled to opt out of the Third-Party Release pursuant to the Solicitation and Voting Procedures.

15.    ~~5.~~ The method of delivery of Opt-Out Form to the Solicitation Agent is at the election and risk of each Holder of a Claim or Interest.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the originally executed Opt-Out Form.  For Opt-Out Forms submitted by hand, instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders of Claims or Interests use an overnight or hand delivery service.  In all cases, Holders of Claims or Interests should allow sufficient time to assure timely delivery.  Opt-Out Forms will not be accepted by email,

facsimile, or other electronic transmission (other than through the electronic portal maintained by the Solicitation Agent).

16.    6.  The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than, subject to the limitations set forth in the Opt-Out Form, opt out of the Third-Party Release. Accordingly, at this time, Holders of Interests should not surrender certificates or instruments representing or evidencing their Interests, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

17.    7.  This Opt-Out Form does not constitute, and shall not be deemed to be, (a) a proof of claim or (b) an assertion or admission of a Claim or Interest.

18.    8.  **Please be sure to sign and date your Opt-Out Form**.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

19.    9.  After the Voting Deadline, no Opt-Out Form may be withdrawn or modified without the prior written consent of the Debtors.

**PLEASE SUBMIT YOUR OPT-OUT FORM PROMPTLY.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THESE OPT-OUT FORM INSTRUCTIONS, OR THE PROCEDURES FOR OPTING OUT OF THE THIRD-PARTY RELEASE, PLEASE CONTACT THE SOLICITATION AGENT AT THE CONTACT INFORMATION IN THE OPT-OUT FORM.**

**PLEASE NOTE THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL OR FINANCIAL ADVICE.**

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS OPT-OUT FORM PRIOR TO THE VOTING DEADLINE, WHICH IS 4:00 P.M. CENTRAL TIME ON JANUARY 426, 2023, YOUR ELECTION TRANSMITTED HEREBY WILL NOT BE COUNTED.**

## Schedule 6

**Form of Cover Letter**

**[LETTERHEAD]**

[_____], 2022

<u>Via First Class Mail</u>

**RE:** **Compute North Holdings, Inc., *et al*.,**
       **Chapter 11 Case No. 22-90273 (MI) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

      Compute North Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") on September 22, 2022.

      You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "<u>Plan</u>");[2] On [•][•], 2022 the Court entered an order (the "<u>Disclosure Statement Order</u>"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

> **You are receiving this letter because you are entitled to vote on the Plan. Therefore, you should read this letter carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

      In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Plan. The Solicitation Package consists of the following:

      a. a Ballot that includes an opt-out election, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]   Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

b.  this letter;

c.  the Combined Hearing Notice;

d.  such other materials as the Court may direct.

---

**ACCESS TO PLAN AND DISCLOSURE STATEMENT**:

**IMPORTANT**: To access electronic versions of the Plan, the Disclosure Statement, the Solicitation and Voting Procedures, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures), please visit https://dm.epiq11.com/computenorthholdings. If you would like paper copies containing the materials, please contact Epiq Corporate Restructuring, LLC by emailing ComputeNorthHoldingsInfo@epiqglobal.com.

---

Compute North Holdings, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

---

**The Debtors strongly urge you to properly and timely submit your Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot.**

**The Voting Deadline is January 426, 2023, at 4:00 p.m. prevailing Central Time.**

---

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Epiq Corporate Restructuring, LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to **Compute North Holdings, Inc.**, c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____

Compute North Holdings, Inc. on its own behalf
and for each of the Debtors

2

## SCHEDULE 7

**Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER (I) THE ADEQUACY**
**OF THE DEBTORS' DISCLOSURE STATEMENT, (II) CONFIRMATION**
**OF THE PLAN AND (III) RELATED VOTING AND OBJECTION PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No.   ] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") will commence on **[~~January 9~~February [•]], 2023, at [•]:00 [•].m.** prevailing Central Time, before the Honorable Marvin Isgur in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, TX 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

> **<u>Please be advised</u>: the Combined Hearing may be continued from time to time by the Court or the Debtors <u>without further notice</u> other than by such adjournment being announced in open court or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.**

### IMPORTANT INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date is ~~November 29~~December 14, 2022 (the "<u>Voting Record Date</u>"), which is the date for determining which Holders of Claims in the Voting Classes are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **January ~~4~~26, 2023, at 4:00 p.m.** prevailing Central Time (the "<u>Voting Deadline</u>"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **<u>must</u>**: (a) follow the instructions carefully; (b) complete **<u>all</u>** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **<u>actually received</u>** by the Debtors' claims, notice, and solicitation agent, Epiq Corporate Restructuring, LLC (the "<u>Solicitation Agent</u>") on or before the Voting Deadline. **<u>A failure to follow such instructions may disqualify your vote</u>**.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **<u>Article IX</u> of the Plan contains Release, Exculpation, and Injunction provisions, and <u>Article IX.4 contains a Third-Party Release</u>. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

> ### Binding Nature of the Plan:
>
> **If confirmed, the Plan will bind all Holders of Claims or Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 Cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.**

**Plan and Disclosure Statement Objection Deadline**. The deadline for filing objections to the Plan and final approval of the Disclosure Statement is **January ~~4~~26, 2023, at 4:00 p.m.,** prevailing Central Time (the "<u>Plan and Disclosure Statement Objection Deadline</u>"). All objections to the relief sought at the Combined Hearing **<u>must</u>**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, (i) the name of the objector, (ii) the nature and amount of the Claims held or asserted by the objector against the Debtors' estates or properties, (iii) the legal and factual basis for the objection, and the specific grounds therefor, and, if practicable, (iv) a proposed modification to the Plan (or related materials) that would resolve such objection; **<u>and</u>** (d) be filed with the Court and served on the Debtors and certain other parties so as to be *actually received* on or before the Plan and Disclosure Statement Objection Deadline.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Solicitation Agent, by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to Compute North Holdings, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan, or to Opt-Out of the Releases.

**The Plan Supplement**. The Debtors will file the Plan Supplement on or before December 28January 18, 20222023, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

## RELEASES AND EXCULPATION

**Releases and Exculpation.** Article IX of the Plan contains release, exculpation, and injunction provisions, and Article IX.4 of the Plan contains a Third-Party Release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

Under the Plan, "Released Parties" means, each of, and in each case in its capacity as such: (a) each Debtor; (b) the Debtors' current and former officers, directors, and managers; (c) the Plan Administrator; (d) the Committee; (e) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (f) all Holders of Claims or Interests that abstain from voting on the Plan, who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan, and who do not object to the Plan; and (g) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (f), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided, however, that* (i) any Holder of a Claim or Interest that opts out of the releases in accordance with the procedures set forth in the Solicitation Procedures Order shall not be a "Released Party";

(ii) any Holder of a Claim or Interest who timely Files ~~and~~an objection to the Plan in respect of the releases contained in Section 9.4 of the Plan, shall not be a "Released Party"; and (iii) any Entity or Affiliate of an Entity that is identified on the *Schedule of Retained Causes of Action* shall not be a "Released Party" under the Plan.

Under the Plan, "Releasing Parties" means, each of, and in each case in its capacity as such: (a) the Released Parties; (b) all Holders of Claims or Interests that vote to accept or are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; (c) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan; (d) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; and (e) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

**<u>Article IX.3 of the Plan provides for a Debtor release (the "Debtor Release")</u>:**

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtors or their Estates, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors, the Reorganized Debtors, their Estates or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to (including the formulation, preparation,**

dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~Wind-Down Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; (2) any Causes of Action to the extent set forth on the Schedule of Retained Causes of Action; or (3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action of any kind whatsoever released pursuant to the Debtor Release.

### Article IX.4 of the Plan provides for a Third Party Release (the "Third Party Release"):

Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or

derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations of any party under any Sale Order and any Asset Purchase Agreement, or any document, instrument, or agreement executed to implement the transactions set forth in such Sale Order and/or Asset Purchase Agreement, as applicable; (2) any obligations arising on or after the Effective Date of any party or Entity under the Plan, any ~~Restructuring~~Wind-Down Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan; or (2̶3) claims or liabilities arising out of or relating to a Released Party's actual fraud, willful misconduct, or gross negligence as determined by a final order of the Bankruptcy Court.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Wind Down Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; and (7) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.

**Article IX.5 of the Plan provides for an Exculpation (the "Exculpation"):**

Effective as of the Effective Date, to the fullest extent permitted by applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action or any claim arising from the Petition Date through the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable the Chapter 11 Cases, the Disclosure Statement, the Plan (including the Plan Supplement), or any ~~Restructuring~~Wind-Down Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (excluding, for the avoidance of doubt, providing any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding the foregoing, the exculpation shall not release any obligation or liability of any Entity for any post-Effective Date obligation under the Plan or any document, instrument or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Article IX.6 of the Plan provides for an Injunction (the "Injunction"):**

Except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment

of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Dated:  ~~November~~December [•], 2022
Houston, Texas

/s/
_____

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
          sayanbhattacharyya@paulhastings.com
          danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
          michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**Schedule 8**

**Plan Supplement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

     **PLEASE TAKE NOTICE THAT** on [•][•], 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No.  ] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit votes on *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Plan");[2] (b) conditionally approving the *Disclosure Statement for the Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement.

     **PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on ~~December 28~~January 18, ~~2022~~2023 [Docket No. _]. The Plan Supplement includes the following materials in connection with confirmation (each as defined in the Plan): (a) the Assumed Executory Contracts and Unexpired Leases Schedule; (b) the Rejected Executory Contracts and Unexpired Leases Schedule; (c) the Schedule of Retained Causes of Action; and (d) the Wind-Down Transaction Memorandum.  The Debtors shall have the right to alter, amend, modify, or supplement the documents contained in the Plan Supplement up to the Effective Date as set forth in this Plan..

     **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan and final approval of the Disclosure Statement (the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan.

"Combined Hearing") will commence on **[~~January 9~~February [•]], 2023, at [•]:00 [•].m.** prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at Courtroom 404, 4th floor, 515 Rusk Avenue, Houston, TX 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan or final approval of the Disclosure Statement is **January ~~4~~26, 2023, at 4:00 p.m.** prevailing Central Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, (i) the name of the objector, (ii) the nature and amount of the Claims held or asserted by the objector against the Debtors' estates or properties, (iii) the basis and nature of any objection, and the specific grounds therefor, to the Plan and, if practicable, (iv) a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court and served on the Debtors and certain other parties so as to be **actually received** on or before the Plan and Disclosure Statement Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Plan, the Disclosure Statement, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Solicitation Agent"), by: (a) visiting the Debtors' restructuring website at: https://dm.epiq11.com/computenorthholdings; (b) writing to Compute North Holdings, Inc., c/o Epiq Ballot Processing, 10300 SW Allen Blvd., Beaverton, OR 97005; and/or (c) emailing ComputeNorthHoldingsInfo@epiqglobal.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

**Article IX** of the Plan contains Release, Exculpation, and Injunction Provisions, and **Article IX.4 contains a Third-Party Release**.

**Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This Notice is being sent to you for informational purposes only. If you have questions with respect to your rights under the Plan or about anything stated herein or if you would like to obtain additional information, contact the Solicitation Agent.**

---

*[Remainder of Page Intentionally Left Blank]*

Dated: ~~November~~December [•], 2022
Houston, Texas

/s/
_____

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted _pro hac vice_)
Sayan Bhattacharyya (admitted _pro hac vice_)
Daniel Ginsberg  (admitted _pro hac vice_)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
           sayanbhattacharyya@paulhastings.com
           danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted _pro hac vice_)
Michael Jones (admitted _pro hac vice_)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
           michaeljones@paulhastings.com

_Counsel to the Debtors and Debtors in Possession_