UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

COMPUTE NORTH HOLDINGS, INC., et al,[1]

Debtors.

_____/

Chapter 11

Case No. 22-90273 (MI)

### ORDER ON MOTION FOR RELIEF FROM STAY TO RECOVER EQUIPMENT, TERMINATE CONTRACT AND FOR OTHER RELIEF

Upon the motion (the "**Motion**") of US DIGITAL TEXAS ("**US Digital**") in the bankruptcy cases filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (a) granting stay relief to recover property; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the proceedings had before the Court, including the Motion and the Objection of Debtors to US Digital Mining Texas, LLC's Motion for Relief From Stay to Recover

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

Equipment, Terminate Contract and for Other Relief (Doc. No. 639) (the "**Objection**"); and this Court having found and determined that the factual bases set forth in the Motion, as modified by the parties' agreement, and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The automatic stay is modified to allow US Digital to retrieve the Equipment (as defined in this Order) from the Wolf Hollow Facility.

2. The definition of Equipment shall be modified to mean: 2690 miner units comprised of Antminer S19j Pro (100T) units, Antminer S19j Pro (104T), Antminer S19j Pro (92T), and Antminer S19j Pro (96T).

3. US Digital's ability to recover the Equipment is subject to the rights of Generate as the owner of the Wolf Hollow facility.

4. The Master Agreement between the Debtor and US Digital, a copy of which was attached as **Exhibit A** to the Motion, to is rejected, effective on entry of this Order.

5. Effective on entry of this Order, the Debtors' chapter 11 estates abandon any interest they may have in the Equipment, including any security interest.

6. US Digital shall have thirty (30) days from the entry of this Order to file a claim for rejection damages.

7. The applicable requirements set forth in Bankruptcy Local Rule 9013-1 are satisfied by the contents of the Motion.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (A) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute

any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a waiver or limitation of the Debtors', or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; and (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Signed:  December _____, 2022

_____
MARVIN ISGUR
United States Bankruptcy Judge

4875-0074-5028, v. 1
LEGAL_US_E # 167420710.3