UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' REPLY TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

In reply to the Objection of the Official Committee of Unsecured Creditors (Docket No. 663) (the "Committee Objection"), and in further support of the Solicitation Procedures Motion,[2] the Debtors respectfully state as follows:

1. The Debtors filed the Solicitation Procedures Motion on November 23, 2022, seeking conditional approval of the disclosure statement and approval of solicitation and voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] See Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief [ECF No. 578] (the "Solicitation Procedures Motion"). Capitalized terms used herein have the meanings set forth in the Solicitation Procedures Motion.

procedures. Since that time, the Debtors have engaged in numerous discussions with their stakeholders, including the Committee, to revise the Plan and accommodate valid concerns.

2. Despite the Debtors' agreement to make modifications to the Plan to accommodate comments received from the Committee, the Committee has chosen to file an untimely and misplaced objection. Local Rule 3016-2 provides, in relevant part: "Any objections to a request for conditional approval must be filed within fourteen (14) days. The failure to object to a request for conditional approval does not constitute a waiver of any objection to the final approval of a disclosure statement or confirmation of a proposed plan." The Committee had ample time to protect its rights with respect to conditional approval of the Disclosure Statement, but failed to do so. Accordingly, the Debtors propose that the Court defer consideration of the Committee Objection until the hearing on final approval of the Disclosure Statement.

3. In the event the Court is inclined to consider the Committee Objection at this time, the objection should be overruled. The Committee argument that the Disclosure Statement should not be approved because Plan – on its face –cannot be confirmed in its current form is incorrect, as is the argument that the Disclosure Statement does not provide voting parties with adequate information. The Debtors strongly disagree with both of those assertions. The Committee's argument that the Plan's exculpation provision renders the Plan "patently unconfirmable" has been addressed by revisions to the language of Section 9.5 of the Plan. By its terms, the exculpation provision now provides that exculpation is only available "to the extent permitted by applicable law." If applicable law limits the scope of the Plan's exculpation provisions, the Plan automatically conforms to such limitations.

4. The Committee also takes issue with the release provisions contained within the Plan as inadequately disclosed and unsupported. As an initial matter, this issue is properly viewed as

an objection by the Committee to confirmation of the Plan, not disclosure. The releases set forth in the Plan are described and evaluated by the Debtors at length on page 4, page 36, pages 49-51, and page 60 of the Disclosure Statement. Moreover, the Debtors have added lengthy disclosures regarding the Committee's objection on page 36.

5. At bottom, the Committee and the Debtor do fundamentally disagree about one thing: the Committee wants a wide-ranging litigation campaign against the Debtors' stakeholders while the Debtors view the Plan as a peace accord. Creditors should be given an opportunity to vote on Plan that offers meaningful distributions and a Global Settlement. There is no requirement under the Bankruptcy Code that a Chapter 11 Plan be a declaration of war.

6. In any event, the Committee's objection to the releases is premature, as the releases proposed in the Plan will be addressed at the Combined Hearing on confirmation of the Plan and final approval of this Disclosure Statement. The Debtors will be prepared to present evidence at the Combined Hearing that the release provisions are appropriate, necessary and comply with applicable law.

7. The Committee argument that the Debtors' assets should vest in a liquidating trust has been addressed by the inclusion in the Plan of a Litigation Trust to prosecute Retained Causes of Action for the benefit of Holders of Claims and Interests. Although the Committee contends that the inclusion of a liquidating trust will result in tax savings for the Debtors' estates, the only assets which the Debtors anticipate realizing a taxable gain on will would be potentially proceeds of the Retained Causes of Action, which have a tax basis of zero dollars, and the contribution of those claims to the Litigation Trust resolves that concern. Thus, the Committee's concerns in this respect are misplaced.

8. Last, the Committee Objection asserts that the solicitation packages should include a letter from the Committee opposing confirmation of the Plan. The Debtors are strongly opposed to the inclusion of such a letter, which would likely recite the Committee's misplaced objections and would be unduly prejudicial to the Debtors and their estates.

9. In assessing this request, the Court should be aware of potential conflicts that taint the Committee's position. RK Mission Critical, which holds the largest claim among members of the Committee, is actively asserting its rights as a secured creditor, in an effort to take approximately fifty (50) containers that belong to the Debtors and represent by far the most valuable remaining asset of the chapter 11 estates. Although RK Mission Critical asserts a lien on those containers, that lien was not perfected until approximately forty-five (45) days before the Petition Date, rendering it subject to avoidance as a preferential transfer.

10. Apart from containers, the other material assets that remain in the estates consist primarily of equipment acquired from another Committee member, Sunbelt Solomon. Sunbelt Solomon asserts that it holds reclamation rights or title to such equipment. Thus, like RK Mission Critical, it is actively seeking to take the Debtors' remaining property out of the estates.

11. Next, US Bitcoin, the chair of the Committee, settled all of its claims in connection with the sale of the King Mountain facility. That sale has closed, US Bitcoin has released all claims, and yet, to the Debtors' knowledge, US Bitcoin has not resigned from the Committee. Moreover, US Bitcoin is currently acting as operator of the facilities that were sold to Generate capital, and is now co-owner and operator of the King Mountain facility. It is unclear, at best, what hat US Bitcoin now wears as a member of the Committee.

12. It appears that a majority of the members of the Committee are asserting rights as individual creditors that are inconsistent with the interests of the Debtors' unsecured creditors.

As a result, if the Court is inclined to permit the Committee to include a letter opposing the Plan in the Solicitation Packages, the letter must contain full disclosure of all these matters reflecting the potentially conflicting positions among the Committee members, so that unsecured creditors can evaluate how meaningful the Committee's concerns actually are as they make an informed choice in voting to accept the Plan.

**Accordingly, the Debtors respectfully request entry of the Order granting the conditional approval of the Disclosure Statement, approving the Solicitation and Voting Procedures, and establishing the confirmation timeline set forth in the Motion.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: December 16, 2022
  Houston, Texas      */s/ James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com
-and-
Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
    sayanbhattacharyya@paulhastings.com
    danielginsberg@paulhastings.com
-and-
Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
    michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on December 16, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

        */s/ James T. Grogan III*
        James T. Grogan III