United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 20, 2022
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) Re: Docket Nos. 91, 256 & 646 |

**ORDER AUTHORIZING THE SALE OF DE MINIMIS ASSETS TO TECHFACTORY, LLC OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES (TECHFACTORY, LLC)**

Upon consideration of the (i) *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and Manner of Notice thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as Well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 256] (the "De Minimis Asset Sale Order"),[2] (ii) *Declaration of Ryan Hamilton in Support of Debtors' Bidding Procedures Motion [Docket No. 145]* (the "Hamilton Declaration"), (iii) *Notice of Entry of De Minimis Asset Sale Order and Proposed De Minimis Asset Sale (TechFactory, LLC)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the De Minimis Asset Sale Order, and if not in the Sale Notice (as defined herein).

[Docket No. 646] (the "Sale Notice"), and (iv) related *Certification of Counsel Regarding Proposed Order Authorizing the Sale of De Minimis Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests, and Encumbrances* (the "Certification of Counsel") filed contemporaneously herewith by the Debtors; and it appearing from the Certification of Counsel that due and sufficient notice of (a) the proposed sale (the "Sale Transaction") of certain de minimis assets (the "Purchased Assets") of the Debtors to TechFactory, LLC (the "Buyer") and (b) the Buyer's relationship to the Debtors has been given; and it further appearing that no other or further notice of the Sale Transaction and the relief provided in this Order is required; and it appearing from the foregoing that the Sale Transaction, as described in the Sale Notice and the Certification of Counsel, is (i) fair and reasonable and (ii) an appropriate exercise of the Debtors' business judgment, and the relief provided in this Order is in the best interests of the Debtors, their estates and creditors; and it further appearing that there is just cause for the relief granted herein; and after due deliberation and sufficient cause therefore, **IT IS HEREBY ORDERED THAT:**

1. The Sale Transaction is approved.

2. The Debtors are authorized to effectuate the Sale Transaction upon the terms set forth in the Sale Notice.

3. Pursuant to Section 363(f) of the Bankruptcy Code and the De Minimis Sale Order, the Sale Transaction shall be free and clear of all liens, claims and encumbrances whatsoever, with any such liens, claims and encumbrances to attach to the proceeds of the Sale Transaction, with the same validity, force, and effect which they had against the Purchased Assets prior to the Sale Transaction.

4. The transactions contemplated by the Sale are undertaken by the Buyer in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale of the Purchased Assets to the Buyer. The Buyer is a purchaser in good faith of the Purchased Assets, and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

5. The Debtors are authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the Sale Transaction and the relief granted by the De Minimis Sale Order and this Order.

6. Each and every federal, state, and local governmental agency, recording office or department, and all other parties, persons, or entities are hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Buyer, and shall provide Buyer with access to the Purchased Assets in accordance with the Sale Transaction to the extent applicable.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Sale Transaction.

Signed: December 20, 2022

_____
Marvin Isgur
United States Bankruptcy Judge