# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>COMPUTE NORTH HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | § Chapter 11<br>§<br>§ Case No. 22-90273 (MI)<br>§<br>§ (Jointly Administered)<br>§<br>§ **Re Docket Nos. 578; 663; 683; 691** |

### SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") files this objection (the "Supplemental Objection") supplementing the Committee's prior objection (the "Original Objection")[2] to the Debtors' motion (the "Motion")[3] seeking, among other things, conditional approval of the Amended Disclosure Statement (defined below). In support, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] [ECF No. 663]. Capitalized terms used but not defined herein have the meanings ascribed to them in the Original Objection or Amended Proposed Plan (defined below), except as otherwise noted.

[3] [ECF No. 578].

**OBJECTION**

1. In the Original Objection, the Committee identified several defects in the Disclosure Statement[4] and Proposed Plan,[5] including the unwarranted breadth of the Releases in the Proposed Plan and the lack of information in the Disclosure Statement regarding the Releases and claims being released. The Committee requested that the Court deny the Motion and prevent solicitation from moving forward until these issues were resolved.

2. On December 16, 2022, the Court held a hearing on the Motion. At the hearing, the Court adjourned consideration of the Disclosure Statement and instructed the Debtors to, among other things, revise the Disclosure Statement to identify the claims that will be released under the Proposed Plan (the "Released Claims") and to provide voting parties with information regarding the Released Claims. As the Court put it, parties must know about the Released Claims so that they can decide for themselves whether global peace is a better outcome than war.

3. The Debtors have now filed an amended disclosure statement (the "Amended Disclosure Statement")[6] and an amended plan (the "Amended Proposed Plan").[7] The amended documents address some, but not all, of the Committee's concerns. The Committee therefore continues to object to conditional approval of the Amended Disclosure Statement.

4. Fundamentally, voting parties are still not being informed regarding the full scope of the Released Claims. The reason is that the "settlement[s] and compromise[s]" embodied in the Amended Proposed Plan do "not include or affect any Causes of Action listed in the Schedule of Retained Causes of Action." Amended Proposed Plan § 4.1. The Amended Proposed Plan is clear

---

[4] "Disclosure Statement" refers to the prior plan filed at ECF No. 666.
[5] "Proposed Plan" refers to the prior plan filed at ECF No. 665.
[6] [ECF No. 683].
[7] [ECF No. 691].

that the Releases do not apply to "any Causes of Action to the extent set forth on the Schedule of Retained Causes of Action." Amended Proposed Plan § 9.3; *see also* Amended Disclosure Statement I.A. ("any Entity or Affiliate of an Entity that is identified on the Schedule of Retained Causes of Action will not be a Released Party under the Plan").

5. The obvious problem, though, is that the Schedule of Retained Causes of Action, which will be filed as part of the Plan Supplement, is not being provided to voting parties immediately. Instead, the Plan Supplement will not be filed until January 18, 2023, roughly a week prior to the January 26 plan voting deadline. However, only after the Debtors have identified the Retained Causes of Action will voting parties be able to determine fully whether confirmation of the Proposed Plan (with its Releases) is superior to potential alternatives. Accordingly, if the Debtors are not going to tell parties which Causes of Action are being retained and which are being released until January 18, then the voting deadline must be pushed back. Parties deserve ample time to digest the Schedule of Retained Causes of Action (and Plan Supplement, more generally) and to consider how it affects their views before casting their votes. One week is simply not enough time to do so.

6. Further, in response to the Court's instruction that the Debtors provide information regarding the Released Claims, the Debtors have filed a "Supplemental Disclosure Regarding the Plan's Global Settlement" (the "Settlement Supplement").[8] Although the Settlement Supplement provides some additional clarity regarding the Released Claims, the Amended Disclosure Statement remains problematic. Specifically, the Settlement Supplement's "Customer Disclosure" states that customers that do not opt out of the Releases "will be deemed to be released from any and all actions to collect on past due amounts under any and all customer contracts or agreements

---

[8] The Settlement Supplement is available as Exhibit C to ECF No. 693.

3

they are party to." The notion that customers are receiving a release from the Debtors is misleading. It is likely that there are no claims against customers, and, in fact, the customers have significant rejection damage claims against the estates. The Amended Disclosure Statement does not identify or quantify these so-called "claims" against customers that are being released nor does it explain that any such claim (if it actually existed) would be offset by the customer's own claim based upon its rejected contract. At best, this "release" is ultimately illusory, and, at worst, the "release" eliminates the ability of the Plan Administrator to reduce the claims pool by offsetting amounts owed by customers against any customer rejection damage claim. Again, creditors are entitled to know the amount the Debtors believe they are owed by customers so that they can make an informed decision as to whether the Plan provides a better recovery than the alternative, where claims are preserved to be offset against rejection damage claims.

7.  The Committee also is concerned that the Settlement Supplement is misleading in another way. With the Settlement Supplement, the Debtors have included a schedule of "payments made by the Debtors to non-insiders within 90 days of the Petition Date" (the "<u>90-Day Payments Schedule</u>").[9] The Committee, having only received the schedule the evening before the Supplemental Objection was due, has only been able to perform a rudimentary cross check of the amounts listed. However, the Committee believes that the evidence will ultimately show that the 90-Day Payments Schedule is not accurate or inclusive with respect to many payments that were made within 90 days. Simply put, the 90-Day Payments Schedule gives creditors the impression that there are not any significant preference claims to pursue. Creditors, however, should have the benefit of the full picture, especially because the Debtors are proposing to take away their ability

---

[9] The 90-Day Payment Schedule is available as <u>Schedule 1</u> to the Settlement Supplement.

4

to have a liquidating trust—that Creditors themselves control—decide which claims are worth pursuing.

8. The Committee also objects to the Debtors' proposed solicitation deadlines. The Debtors' proposed order approving the solicitation procedures (the "Approval Order")[10] provides that the solicitation deadline is "December 22, 2022 (*or as soon as reasonably practicable after*)." Approval Order at ¶ 5 (emphasis added). Since the outset, the Debtors have been insistent that the case proceed on an accelerated timetable. If the Debtors are truly serious about proceeding quickly, then they need to commit to sending the solicitation package by a date certain. Given the proximity to the holidays and the tight voting deadline, the Committee does not want a situation where solicitation packages are not circulated until, say, December 27 or 28 because of delays caused by the Christmas holiday. Voting parties deserve as much time as practicable to consider the solicitation materials before voting, and the Debtors must commit to providing them with that.

9. Finally, the Committee again requests that the Debtors be instructed to include the Committee Letter in the solicitation package. The Committee, as the party charged with representing the entire body of unsecured creditors, should be allowed to share its views regarding the Amended Proposed Plan with its constituents. The Committee therefore requests that the Approval Order be revised to require that the Committee Letter be included in the solicitation package directly following the Debtors' proposed cover letter. An updated form of the Committee Letter is attached as **Exhibit A**.

10. At the hearing on the Motion, the Court cautioned that granting conditional approval of a disclosure statement is not a minor matter. If the Court were to later find that the Revised Disclosure Statement lacks necessary information, then confirmation of the Proposed Plan

---

[10] [ECF No 668]

5

would need to be denied.  Rather than take that risk, the Committee continues to believe that the better option is for the Court to withhold conditional approval of the Amended Disclosure Statement until *all* necessary information has been provided.  That way, no party can later derail the confirmation process by claiming that the disclosure it received was incomplete or inaccurate.

## RESERVATION OF RIGHTS

11. The Committee continues to review the Amended Disclosure Statement and Amended Proposed Plan and to conduct diligence regarding all matters pertaining to them.  The Committee reserves the right to amend, modify, or supplement the Supplemental Objection for any reason and raise additional objections at any hearing (and at any subsequent hearing), including serving additional discovery and requesting and conducting depositions.  The Committee also reserves all of its rights to object to approval of the Amended Disclosure Statement, confirmation of the Amended Proposed Plan, and approval of any transaction on any grounds.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, for the reasons stated above, the Court should deny the Motion or condition its approval on the Debtors addressing the issues identified in this Supplemental Objection.

Dated: December 20, 2022 	Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

*- and -*

Kristin K. Going (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Stacy A. Lutkus admitted (*pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-5404
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
          dazman@mwe.com
          salutkus@mwe.com
          nrowles@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I certify that on December 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

　　　　　　　　　　　　　　　　　　　　*/s/ Charles R. Gibbs*
　　　　　　　　　　　　　　　　　　　　Charles R. Gibbs