**<u>Exhibit A</u>**

**Committee Letter**

The Official Committee of Unsecured Creditors of
Compute North Holdings, Inc., *et al*.
c/o McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017

[DATE]

To: All Unsecured Creditors of Compute North Holdings, Inc., *et al*.

Re: Compute North Holdings, Inc., *et al*.
Chapter 11 Case No. 22-90273 (MI), Bankr. S.D. Tex.

Dear Unsecured Creditors:

The Official Committee of Unsecured Creditors (the "**Committee**") of Compute North Holdings, Inc., *et al*. (the "**Debtors**") submits this letter to all unsecured creditors concerning their consideration of whether to vote in favor of the Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates [Docket No. 691] (the "**Plan**").

> **BASED ON THE CURRENTLY KNOWN FACTS AND CIRCUMSTANCES AND THE INFORMATION PROVIDED BY THE DEBTORS AND THEIR PROFESSIONALS, THE COMMITTEE CURRENTLY DOES NOT SUPPORT THE PLAN IN ITS CURRENT FORM, AND URGES ALL UNSECURED CREDITORS TO VOTE TO REJECT (VOTE AGAINST) THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASES. THE COMMITTEE BELIEVES THAT THE PROPOSED BROAD RELEASES IN THE PLAN ARE BEING PROVIDED FOR LITTLE TO NO CONSIDERATION AND WITHOUT THE BENEFIT OF AN INVESTIGATION REGARDING THE EXTENT AND VALUE OF POTENTIAL CLAIMS BEING RELEASED.**
>
> **YOUR VOTE WILL ASSIST THE COMMITTEE IN SEEKING A BETTER RECOVERY FOR ALL UNSECURED CLAIMS.**

On September 22, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are pending before the Honorable Marvin Isgur in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

On October 6, 2022, the Office of the United States Trustee for Region 7 appointed a statutory committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1).

The Committee has retained (i) the law firm of McDermott Will & Emery LLP as counsel, and (ii) Miller Buckfire & Co., LLC and its affiliate Stifel, Nicolaus & Co., Inc. as investment

banker.  The members of the Committee have devoted a considerable amount of their own time working on these cases to protect the rights of all unsecured creditors.

**The Plan and Disclosure Statement**

On December 19, 2022, the Debtors filed their Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates [Docket No. 691] (the "**Plan**").  Also on December 19, 2022, the Debtors filed their Disclosure Statement for the Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates [Docket No. 683] (the "**Disclosure Statement**").  The Plan is a plan of liquidation for the Debtors that nonetheless contemplates the Debtors will emerge from bankruptcy as the Reorganized Debtors (as such term is defined in the Plan), in which the Debtors' assets shall vest and which shall continue in existence for the purpose of winding down the Debtors' business and affairs.

On December 15, 2022, the Committee filed its Objection of the Official Committee of Unsecured Creditors to Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief [Docket No. 663] (the "**Disclosure Statement Objection**").  On December 20, 2022, the Committee filed its Supplemental Objection of the Official Committee of Unsecured Creditors to Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief [Docket No. __].

A hearing was held on December 20, 2022 to consider conditional approval of the Disclosure Statement.  On December __, 2022, the Court entered an order conditionally approving the Disclosure Statement over the objection of the Committee, establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, and establishing deadlines and procedures for filing objections to confirmation of the Plan.

The Committee believes the Plan in its current form is not structured to maximize recoveries for unsecured creditors.

**The Committee Believes the Release Provisions in the Plan Are Inappropriate**

The Plan proposes to release third parties, including all the Debtors' current and former directors and officers, without first completing an investigation into whether there are causes of action against these parties.  Causes of action against directors and officers could be covered by the $10 million directors and officers insurance policy.  As such, it is impossible to conclude whether the Plan (i) improperly releases valuable claims of the Debtors' estates; and/or (ii) provides for inadequate or no consideration to the Debtors' estates in return for releases in favor of certain

parties. Importantly, the Plan also provides for releases by third parties, *including unsecured creditors who fail to check the box on their respective ballots indicating their intent to opt out of the release*, of any and all claims that could otherwise have been asserted against, among others, the Debtors' current and former directors and officers in connection with the Debtors' estates, their bankruptcy cases, the transactions or events giving rise to any claim that is treated in the Plan, and a host of other conduct. *If you fail to check the box on your ballot opting out of such a release, you will be forever barred from asserting any claim or cause of action that you otherwise could have asserted based on the released conduct.*

**In light of the inappropriate Plan structure and the information the Committee has received to date, the Committee believes that the Plan in its current form is NOT in the best interests of the Debtors' unsecured creditors. In view of the foregoing, the Committee recommends that all unsecured creditors <u>VOTE AGAINST</u> the Plan by indicating your rejection of the Plan on the ballot you will receive from the Debtors and <u>OPT OUT</u> (by checking the box on your ballot marked "Opt Out of the Third Party Release") of the releases you are being asked to provide under the Plan. Your vote to <u>REJECT</u> the Plan is crucial regardless of the size of your claim. In order for your vote to count, your ballot must be received by the balloting agent, Epiq, by the Voting Deadline, which is _____ __, 2023 at _:00 p.m. (prevailing Central Time).**

Rejection of the Plan by holders of unsecured claims will impose on the Debtors a higher evidentiary burden for the Plan to achieve Bankruptcy Court approval. Rejection of the Plan should, in turn, help bring about a more appropriate resolution of the chapter 11 cases. The Committee hopes to continue negotiations regarding the Plan structure and releases with the Debtors. The Committee will update the unsecured creditors regarding its views on Plan voting at the time the Debtors file their Plan Supplement, and before ballots are due. The most updated version of the Committee's recommendation can be found on the Debtors' website at https://dm.epiq11.com/case/computenorthholdings/info.

Of course, before you cast your ballot, you should review the enclosed Plan, the Disclosure Statement and the exhibits to the Disclosure Statement in their entirety, and you may want to consult your own legal and financial professionals. This letter is not intended or offered as legal advice as to any specific claim or the treatment of such specific claim under the Plan. It has been prepared for informational purposes only.

By this letter, the Committee is expressing its opposition to the Plan in its current form. This letter does not purport to reflect the views of the Bankruptcy Court and does not constitute findings of fact or conclusions of law endorsed by the Bankruptcy Court, nor does it necessarily reflect the views of any individual Committee member, each of which reserves any and all of its rights.

If you have any questions regarding voting procedures or otherwise, please contact counsel to the Committee, Charles R. Gibbs at (214) 295-8063 or Kristin K. Going at (212) 547-5429.

                Very truly yours,

                THE OFFICIAL COMMITTEE OF
                UNSECURED CREDITORS OF
                COMPUTE NORTH HOLDINGS, INC., ET AL.

**YOU ARE URGED TO CAREFULLY READ THE DISCLOSURE STATEMENT, THE PLAN, AND THE EXHIBITS ATTACHED TO EACH OF THE FOREGOING IN THEIR ENTIRETY. THE DESCRIPTION OF THE PLAN IN THIS LETTER IS INTENDED TO BE ONLY A SUMMARY PREPARED BY THE COMMITTEE.**

**THIS COMMUNICATION DOES NOT CONSTITUTE AND SHALL NOT BE CONSTRUED AS A SOLICITATION BY ANY INDIVIDUAL MEMBER OF THE COMMITTEE.**

**THIS LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE COMMITTEE'S VIEWS ON HOW TO VOTE ON THE PLAN AND THE INFORMATION CANNOT BE RELIED UPON FOR ANY OTHER PURPOSE.**

**THERE IS ALWAYS A RISK THAT FURTHER LITIGATION AND/OR A LATER SETTLEMENT COULD RESULT IN HIGHER OR LOWER RECOVERIES FOR HOLDERS OF UNSECURED CLAIMS THAN THE PLAN. THE COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THE DEBTORS' BANKRUPTCY CASES.**

**THE DEBTORS WILL BE FILING A PLAN SUPPLEMENT ON \_\_\_\_\_ \_\_, 2023 THAT CONTAINS ADDITIONAL DOCUMENTATION. THE COMMITTEE INTENDS TO PROVIDE AN UPDATE LETTER AT THAT TIME ADVISING WHETHER THE COMMITTEE'S RECOMMENDATION REGARDING PLAN VOTING HAS CHANGED. HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN SHOULD READ THE PLAN SUPPLEMENT AND THE COMMITTEE UPDATE LETTER PRIOR TO VOTING ON THE PLAN.**