UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), extending the Debtors' exclusive periods to file a chapter 11 plan (the "<u>Exclusive Filing Period</u>") and to solicit acceptances of such plan (the "<u>Exclusive Solicitation</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

Period," and together with the Exclusive Filing Period, the "Exclusive Periods") for approximately 90 days through and including April 20, 2023, and June 19, 2023, respectively, without prejudice to their rights to request further extensions or to seek other appropriate relief.[2]

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested in this Motion are section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9013-1(b) of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

5.  On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a)

---

[2] Rule K of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion. An automatic extension under this rule does not require the issuance or entry of an order extending the time."

and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On October 6, 2022, the United States Trustee appointed the official committee of unsecured creditors in these Chapter 11 Cases (the "Committee") [Docket No. 139].

6. Since the commencement of this case, the Debtors have focused on marketing assets, entering into asset purchase agreements, and closing transactions. These efforts have been highly productive, resulting in eight asset purchase agreements that greatly benefit the estates. For instance, the Debtors' transaction with Generate Lending, LLC garnered $5 million in net proceeds and eliminated $130 million of debt. In addition, the Debtors' transaction with US Data King Mountain LLC resulted in $110 million of total value considering net proceeds of $3 million and the elimination of $107 million of debt. Furthermore, the sale between the Debtors and Foundry Digital LLC garnered $5 million in proceeds and eliminated $9 million of debt. Therefore, considering the claims that have been eliminated, the Debtors have engaged in over $250 million worth of asset sales comprised of cash proceeds as well as the repayment or satisfaction of debt.

7. On November 23, 2022, the Debtors filed their proposed *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and its Debtor Affiliates* [Docket No. 576] (the "Liquidating Plan") and related Disclosure Statement [Docket No. 577] (the "Disclosure Statement").

8. The Exclusive Filing Period for the Debtors currently expires on January 20, 2023, and the Exclusive Solicitation Period for the Debtors currently expires on March 21, 2023.

**BASIS FOR RELIEF**

I. **The Court Can Extend the Exclusive Periods for "Cause."**

9. Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a chapter 11 plan in the first 120 days following the commencement of a chapter 11 case. If a

3

debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with 60 additional days following the expiration of the exclusive filing period (or 180 days following the commencement of the case) to solicit acceptances of a plan. The Debtors are currently seeking authority to solicit acceptance of their Plan but believe it is prudent to seek an extension of the Exclusive Periods to preserve their exclusive right to both prosecute the Plan currently on file and file and solicit a new plan of reorganization should unforeseen issues arise with respect to confirmation.

10. In circumstances where, as here, the initial exclusive periods prove to be an insufficient amount of time to confirm a meaningful chapter 11 plan, section 1121(d) of the Bankruptcy Code allows the Court to extend a debtor's exclusive periods for "cause."

11. Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd.,* 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.,* No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

12. Courts often use the following factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period:

    a) the size and complexity of the case;

    b) the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c) whether the debtor has made progress in negotiations with its creditors;

    d) the existence of good faith progress toward reorganization;

    e) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

    f) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g) the fact that the debtor is paying its bills as they become due;

    h) the amount of time which has elapsed in the case; and/or

    i) whether an unresolved contingency exists.

*See, e.g., In re New Millennium Mgmt., LLC,* No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.,* 503 B.R. 596 (Bankr. S.D.N.Y. 2014)); *see also In re Adelphia Commc'ns Corp.,* 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (denying motion to terminate exclusivity based on factors for cause).

    13. Not all of these factors are relevant in every case. *See In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding four factors relevant in determining whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1000–01 (Bankr. E.D. Mo. 1992) (finding that four factors demonstrated that bondholders' committee failed to show cause to terminate debtors' exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon a showing of certain of the factors listed above). In fact, the mere complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods to permit a debtor meaningful opportunity to formulate a chapter 11 plan. *See, e.g.*, *In re Texaco, Inc.*, 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant debtor's request to extend exclusivity based on size and complexity of case alone).

**II.     Cause Exists for an Extension of the Debtors' Exclusive Periods.**

14.     The application of the factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors with time to file, solicit, and confirm a chapter 11 plan.

**A.     The Size and Complexity of These Cases Necessitate Additional Time (Factors 1 and 2).**

15.     These chapter 11 cases have presented various complex and time-consuming issues. The first several months of this case have been dominated by an expedited sale process that resulted in three separate asset purchase agreements for three distinct silos of the Debtors' assets. In addition to that sale process, the Debtors have spent considerable time addressing numerous questions, concerns, and issues raised by the Debtors' customers and other parties in interest. Finally, the Debtors have also been working to achieve resolution of potential litigation claims with respect to certain parties in interest in these cases. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout these chapter 11 cases have been focused upon the execution of a comprehensive effort to maximize the value of the Debtors' assets for the benefit of their creditors. In light of the complexity of these chapter 11 cases and the efforts to make significant progress thus far, the extensions requested herein are necessary to provide the Debtors sufficient time to make determinations with respect to the negotiation, filing, solicitation, and confirmation of any chapter 11 plan.

**B.     The Debtors Have Made Substantial, Good-Faith Progress toward an Ultimate Resolution of These Cases (Factors 3, 5, 6, and 8).**

16.     The Debtors' diligent efforts and substantial progress are evidenced by the filing of their Liquidating Plan and Disclosure Statement.

17. As described above, in the relatively short duration of these cases, the Debtors have been focused on making substantial progress. From the outset of these chapter 11 cases, the Debtors have worked, and continue to work, diligently with the multiple parties, including the Committee and certain other parties in interest, to consensually resolve issues and reach outcomes that will provide the framework for the ultimate conclusion of these chapter 11 cases. The Debtors have acted in good faith to achieve the most value from their assets. The Debtors have no ulterior motive and are in no way seeking an extension to pressure creditors. Rather, the Debtors are seeking the extensions simply to provide sufficient time for negotiations regarding various issues and build consensus for a value-maximizing conclusion to these cases, including the confirmation of a chapter 11 plan.

18. Extending the Exclusive Periods would allow the Debtors to work to build this consensus without distraction or delay of competing efforts to file, solicit, and confirm a plan. Extension of the Exclusive Periods for the purpose of filing, soliciting, and confirming a plan without the distraction, cost, and delay of competing plans is consistent with the goals of section 1121 of the Bankruptcy Code. *See In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate plans without undue interruption).

### C. The Debtors Have and Will Continue to Pay Postpetition Administrative Expenses as They Come Due (Factor 4).

19. Since filing these chapter 11 cases, the Debtors have taken numerous affirmative steps to reduce costs and ensure that administrative expenses are paid. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to pay their undisputed postpetition obligations.

**D.      The Debtors' Cases Have Been Pending for Less Than Four Months (Factor 7).**

20.     Although these chapter 11 cases are less than four months old, they have been quickly progressing towards an orderly and comprehensive conclusion.  As set forth above, the Debtors have already made significant steps towards resolution of these cases. In light of the relatively short duration of these cases, the Debtors submit that the requested extension is reasonable and appropriate.

21.     This request for an extension of the Exclusive Periods is the Debtors' first, and comes only three months into these chapter 11 cases.  Courts regularly grant a debtor's request for an initial exclusivity extension.  The fact that relatively little time has elapsed in these chapter 11 cases further supports the requested extension.

**III.    Allowing Exclusivity to Lapse Would Harm the Debtors' Estates.**

22.     Termination of the Exclusive Periods would adversely impact the progress of these chapter 11 cases.  Not extending, and thus allowing the Exclusive Periods to terminate would permit any party in interest to propose a plan and frustrate the efforts to date of the Debtors and their principal stakeholders to build consensus toward a conclusion to these chapter 11 cases.  This could create a chaotic environment with no central focus and threaten the Debtors' efforts to maximize the value of the estates for the benefit of the Debtors' creditors.  Moreover, the Exclusive Periods should be extended for a duration sufficient to ensure that, if confirmation of a plan should be denied for any reason, the parties will have sufficient time thereafter to reassess and pursue all alternative options with respect to these chapter 11 cases.

23.     Based upon the foregoing, the Debtors respectfully submit that cause exists in these cases to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

**NOTICE**

24. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) counsel to the Committee, (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) counsel to Compute North NE05 LLC and CN Wolf Hollow LLC; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 20, 2022
Houston, Texas

/s/ James T. Grogan III
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
         michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

     I certify that on December 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                           _/s/ James T. Grogan III_
                                                                                            James T. Grogan III