UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) EXTENDING THE TIME TO FILE
NOTICES OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), (a) extending the period within which the Debtors may remove civil actions pursuant to 28 U.S.C. § 1452 and rule 9027 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") to the later of (i) February 19, 2023 (or 60 days from the current deadline

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

to remove actions), and (ii) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of chapter 11 of title 11 of the United State Code (the "Bankruptcy Code") with respect to the particular action sought to be removed, without prejudice to the right of the Debtors to seek further extensions,[2] and (b) granting related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2.

## BACKGROUND

5. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

6. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their

---

[2] The Debtors note that they have filed this motion prior to the expiration of the current deadline to file notices of removal of civil actions. Rule K of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion. An automatic extension under this rule does not require the issuance or entry of an order extending the time." Accordingly, Rule K automatically extends the time within which the Debtors may file notices of removal of civil actions pending the Court's hearing to consider the relief requested by this motion.

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On October 6, 2022, the United States Trustee appointed the official committee of unsecured creditors in these Chapter 11 Cases (the "Committee") [Docket No. 139].

7. On October 28, 2022, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements"). As part of the filing of their Schedules and Statements, the Debtors identified a number of civil actions and administrative proceedings commenced prepetition and pending in various jurisdictions (collectively, the "Prepetition Actions"). Additionally, if commenced in compliance with the exceptions to the automatic stay imposed by section 362 of the Bankruptcy Code, parties may commence civil actions against the Debtors during the pendency of these chapter 11 cases (collectively, the "Postpetition Actions," and together with the Prepetition Actions, collectively, the "Actions"). These Actions may be subject to removal pursuant to 28 U.S.C. § 1452, and, as of the date hereof, the statutory period within which the Debtors may file notices of removal of the Actions (the "Removal Period") has not yet expired.

8. Since the Petition Date, the Debtors have worked diligently on a number of critical matters but have not yet determined which Actions, if any, they may seek to remove. These chapter 11 cases have presented various complex and time-consuming issues. The first several months of this case have been dominated by an expedited sale process that resulted in three separate asset purchase agreements for three distinct silos of the Debtors' assets.

9. In addition to the sale and plan process, the Debtors have spent considerable time addressing numerous questions, concerns, and issues raised by the Debtors' customers and other

parties in interest. Finally, the Debtors have also been working to achieve resolution of potential litigation claims with respect to certain parties in interest in these cases. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout these chapter 11 cases have been focused upon the execution of a comprehensive effort to maximize the value of the Debtors' assets for the benefit of their creditors.

10. In light of the complexity of these chapter 11 cases and the efforts to make significant progress thus far, the extension requested herein is necessary to provide the Debtors sufficient time to make a fully informed determination regarding removal of any of the Actions. Accordingly, the Debtors seek an extension of the current removal deadline to preserve their ability to remove the Actions. The extension sought will afford the Debtors additional time to determine whether to remove any of the Actions, and will ensure that valuable rights under 28 U.S.C. § 1452 are not forfeited.

## BASIS FOR RELIEF

11. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions related to bankruptcy cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to a district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

12. Bankruptcy Rule 9027(a)(2) sets forth the time periods for filing notices to remove claims or causes of action and provides, with regard to prepetition actions, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed

> under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

13. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If the claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

14. Bankruptcy Rule 9006(b) permits a court to extend the time period provided by Bankruptcy Rule 9027 to remove actions for cause shown, and specifically states:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

15. Bankruptcy Rule 9006 permits the Court to extend the period provided by Bankruptcy Rule 9027 to remove civil claims or actions. Bankruptcy Rule 9006 provides, in pertinent part, as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

16. It is well settled that this Court possesses the authority to extend the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See In re Asarco LLC, et al.,* No. 05-21207 (Bankr. S.D. Tex., Nov. 1, 2005) (granting an extension of the time for removal under Bankruptcy Rule 9027(a)(2)); *In re Fort Worth Osteopathic Hosp., Inc.,* 406 B.R. 741, 747 (Bankr.

N.D. Tex. 2009) (noting that the time for removal under Bankruptcy Rule 9027(a)(2) is subject to enlargement pursuant to Bankruptcy Rule 9006(b); *see also In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) (stating that "the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bank. R. 9027(a)(2) . . . pursuant to Bankr. R. 9006(b)(1)"); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.),* 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted).

17. Further, the Removal Period may be extended under Bankruptcy Rule 9006(b)(1) where, as here, "the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."

18. The Debtors are seeking to extend the Removal Period deadline under Bankruptcy Rule 9027(a)(2)(A), which would otherwise expire on December 21, 2022, to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline.

19. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and the matters to be considered in connection with the Debtors' chapter 11 cases; and (e) the progress made to date in the applicable Action. Accordingly, to make the appropriate determination as to whether they should seek removal, the Debtors must analyze each Action following the full consideration of the foregoing factors.

20.     For the reasons set forth above, however, the Debtors have not yet had the opportunity to fully consider, or make decisions concerning, the removal of the Actions. Accordingly, the Debtors request that the Court extend the Removal Period as set forth herein, without prejudice to the Debtors' right to seek further extensions. The Debtors believe that extending the Removal Period as requested herein will provide the Debtors' management and advisors sufficient time to consider and make fully informed decisions concerning the removal of the Actions, thereby ensuring that the Debtors can appropriately exercise the rights granted by 28 U.S.C. § 1452.

21.     Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein. Moreover, if the Debtors ultimately seek to remove any action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Importantly, the relief requested herein does not alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand. Accordingly, the Debtors submit that cause exists for the relief requested herein.

22.     Accordingly, for the reasons set forth above, the Debtors submit that cause exists for the Court to extend the Removal Deadline to the later of (a) February 19, 2023 and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed.

**NO PRIOR REQUEST**

23.     No previous motion for the relief requested herein has been made to this or any other court.

**RESERVATION OF RIGHTS**

24.     Nothing contained in this motion or any actions taken pursuant to any order granting the relief requested by this motion is intended or should be construed as (a) an admission as to the validity of any particular claim or Action against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim or Action on any grounds, (c) a promise or requirement to pay any particular claim or on account of any Action, or (d) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

**NOTICE**

25.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc., (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) counsel to the Committee, (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) counsel to Compute North NE05 LLC and CN Wolf Hollow LLC; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 20, 2022
Houston, Texas

/s/ James T. Grogan III
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
     sayanbhattacharyya@paulhastings.com
     danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on December 20, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ James T. Grogan III
James T. Grogan III

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. __** |

**ORDER (I) EXTENDING THE TIME TO FILE NOTICES OF**
**REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) extending the time to file notices of removal of civil actions and proceedings (the "Removal Deadline") for 60 days, through and including February 19, 2023, without prejudice to the right of the Debtors to seek further extensions, and (b) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard any statements in support of the relief requested therein at any hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The time period by which the Debtors may file notices of removal in this Court with respect to the Actions pursuant to Bankruptcy Rule 9027(a)(2) is extended through and including the later of (a) February 19, 2023, and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed.

2. This Order is without prejudice to the Debtors' right to request a further extension of time to file notices of removal of any or all of the Actions.

3. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
      Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE