# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) Jointly Administered |

## APPLICATION OF
## DEBTORS AND DEBTORS IN POSSESSION
## TO EMPLOY FERGUSON BRASWELL FRASER
## KUBASTA PC AS EFFICIENCY COUNSEL FOR THE DEBTORS
## AND DEBTORS IN POSSESSION EFFECTIVE AS OF DECEMBER 7, 2022

> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Compute North Holdings, Inc., and its above-captioned affiliates as debtors and debtors in possession (collectively, the "Debtors") by and through their undersigned counsel, file this Application of Debtors and Debtors in Possession to Employ Ferguson Braswell Fraser Kubasta

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

PC (the "Firm") as efficiency counsel for the Debtors and Debtors in Possession (the "Application") and in support thereof, would show the Court as follows:

## I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 327 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

4. On September 22, 2022 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, are set forth in detail in the Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings [Docket No. 22].

### III. RELIEF REQUESTED

6. By this application, the Debtors desire to employ the Firm to serve as efficiency counsel in these Chapter 11 Cases, in accordance with the conditions set forth in that certain Engagement Letter between the Debtors and the Firm, as of December 7, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference, and as set forth in the proposed form of order submitted herewith.

7. In support of the Application, the Debtors submit the Declaration of Rachael L. Smiley (the "Smiley Declaration"), a shareholder of the Firm, which is attached hereto as **Exhibit B**.

A. **Necessity for Retention of Efficiency Counsel and Scope of Services**

8. The Debtors have determined that the retention of the Firm as efficiency counsel is necessary to the successful administration of these Chapter 11 Cases, and that the Firm's employment would be in the best interest of the estates. The Firm's ability to handle and perform discreet projects and tasks at a lower billing rate than Paul Hastings (as defined below) will reduce administrative costs of the Debtors' Estates. The Firm has extensive experience representing chapter 11 debtors, creditors and committees in the Southern District of Texas and throughout Texas, and is well qualified by its experience to serve as efficiency counsel to the Debtors in these proceedings.

9. By separate order, the Court has approved the retention of Paul Hastings LLP ("Paul Hastings") as lead counsel for the Debtors. The Firm has discussed the division of responsibilities with Paul Hastings and will avoid duplication of efforts. To specifically disclose the division of labor, and to avoid unnecessary duplication of services, the Firm is proposed to primarily provide the following services as efficiency counsel to the Debtors in these Chapter 11 Cases:

- Assisting Paul Hastings with analyzing claims filed against the Debtors' estates and responding or objecting to such claims, as necessary and appropriate;
- Assisting Paul Hastings in advising the Debtors concerning preference, avoidance, recovery, or other actions that they may take to collect and to recover property for the benefit of their estates and their creditors, whether or not arising under chapter 5 of the Bankruptcy Code or otherwise, and filing litigation to recover such property, as necessary;
- Assisting Paul Hastings with preparations for the effective date of the Debtors' proposed plan of reorganization;
- Working with and coordinating efforts among the Debtors' other professionals, including Paul Hastings, to avoid duplication of effort among those professionals within the overall framework of the Debtors' chapter 11 cases; and
- Assisting Paul Hastings in performing all other services assigned by the Debtors to the Firm as efficiency counsel.

**B.     The Firm's Qualifications**

10. The Debtors seek to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganizations as well as its experience practicing in Texas and in this District.

11. The Firm has been actively involved in many major chapter 11 cases and has represented many debtors, creditors and committees in districts throughout Texas, including some of the more prominent chapter 11 cases recently filed in Texas, including: *ASARCO*, *Texas Rangers Baseball Partners*, *Think Finance, LLC,* and *Neiman Marcus Group LTD LLC*, to name a few. The Firm has also represented creditors in numerous recent chapter 11 cases filed in this District, including *Pipeline Health System, LLC* (No. 22-90291), *Sungard AS New Holdings, LLC*

(No. 22-90018), and currently represents the plan administrator in *Cypress Environmental Partners, L.P.* (No. 22-90039).  The Debtors believe that the Firm is both well qualified and particularly able to represent the Debtors in this case given its extensive experience and expertise.

12. In preparing for its representation of the Debtors in these Chapter 11 cases as efficiency counsel, the Firm has become familiar with the Debtors' business, and the potential legal issues that may arise in the context of these cases.  The Debtors believe that the Firm is well qualified to represent the Debtors in these Chapter 11 cases in a timely and efficient manner.

C. **Compensation**

13. The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A** and as described more fully in the Smiley Declaration.  The Firm's fees are determined on the basis of time billed at hourly rates, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  The Firm's hourly rates vary with the experience and seniority of its attorneys and paralegals, and are subject to periodic adjustment to reflect economic conditions.  However, the Firm and Rachael L. Smiley, as a courtesy to the Debtors, have agreed not to raise the rates billed by Ms. Smiley at any time during her employment by the Debtors.  Work is assigned among the Firm's attorneys and other professionals so as to meet the Debtors' needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $490 an hour or less.

14. Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as telephone and facsimile charges, mail charges for mass mailings, express mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research, and transcription costs, and other costs.  The Firm will not charge a markup to the Debtors with respect to fees billed by any contract attorneys ("Contractors") who are hired by the Firm to provide services to the Debtors, and will

ensure that any Contractors that are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. It is the Firm's intent to charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

15. The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates. The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Southern District of Texas, and any other orders of the Court. The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter. The Firm ordinarily requires an initial retainer but did not require one for this matter.

16. Rachael L. Smiley's hourly rate has been fixed at $500 for the duration of her employment with the Debtors. The rates of other restructuring attorneys in the Firm who will be working on this matter range from $425 to $485 an hour, and the paraprofessional rates range from $150-$200 per hour. These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

D. **The Firm is Disinterested**

17. To the best of the Debtors' knowledge, the Firm's attorneys do not hold or represent any interest adverse to the Debtors or to the Debtors' bankruptcy estates and are disinterested. The Firm has no connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, except as disclosed in the Smiley Declaration. The Smiley Declaration demonstrates that the Firm is a "disinterested person" as that term is defined in section

101(14) of the Bankruptcy Code in that the Firm is not a creditor, equity security holder, or insider of the Debtors.  Based on the conflicts search conducted by the Firm to date, the Firm does not have any connection with the Debtors, their creditors, partners, or any other parties in interest, or their respective professionals, except as set forth in the Smiley Declaration.

**E.**     **Supporting Authority**

18.     The Debtors seek approval to retain the Firm as set forth pursuant to § 327(a) of the Bankruptcy Code.  Section 327(a) provides that a debtor, subject to court approval:

> [m]ay employ one or more attorneys, accountants, appraiser, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  In addition, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure requires that an application for retention include the following: (1) specific facts showing the necessity for the employment; (2) the name of the firm to be employed; (3) the reasons for the selection; (4) the professional services to be rendered; (5) any proposed arrangement for compensation; and (6) to the best of the applicant's knowledge, all of the Firm's connections with the debtor, creditor, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any personnel employed in the office of the United States Trustee.

19.     The Debtors believe that for all the reasons stated herein, the retention and employment of the Firm as requested herein is warranted.  Furthermore, as stated in the Smiley Declaration, the Firm is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors, and has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Smiley Declaration.  Accordingly, the Debtors request the Application be approved.

WHEREFORE, PREMISES CONSIDERED, the Debtors request that this Court enter an Order allowing the retention of Ferguson Braswell Fraser Kubasta PC as its efficiency counsel herein, upon the terms described in this Application, and or such other relief as is just.

Dated:  December 29, 2022  
Houston, Texas

/s/ *Barry Coulby*  
Barry Coulby  
Chief Financial Officer & Treasurer  
Compute North Holdings, Inc.

## Certificate of Service

  I certify that on the 29th day of December 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

              /s/ *James T. Grogan III*
              James T. Grogan III