IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY FERGUSON BRASWELL FRASER KUBASTA PC AS EFFICIENCY COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**
**(Relates to Docket No. _____)**

CAME ON FOR CONSIDERATION the Application of Debtors and Debtors in Possession to Employ Ferguson Braswell Fraser Kubasta PC as Efficiency Counsel for the Debtors and Debtors in Possession (the "Application"), filed by Compute North Holdings, Inc., *et al.* (collectively, the "Debtors"). The Court, having reviewed the Application, and the supporting documents thereto, and finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, that the Application was properly filed and served, that this is a core proceeding pursuant to 28 U.SC. § 157(b); and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and based upon good and sufficient cause appearing therefor; it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

ORDERED, ADJUDGED, AND DECREED that the Debtors shall be, and are hereby, authorized to retain Ferguson Braswell Fraser Kubasta PC as efficiency counsel upon the terms and conditions set forth in the Application as modified herein; it is further

ORDERED that Ferguson Braswell Fraser Kubasta PC shall apply for compensation for professional services rendered and reimbursement of expenses in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and any fee and expense guidelines or orders of this Court.  Ferguson Braswell Fraser Kubasta PC also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013* (the "U.S. Trustee Fee Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by Ferguson Braswell Fraser Kubasta PC in these Chapter 11 Cases.  For billing purposes, Ferguson Braswell Fraser Kubasta PC shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee's Guidelines.  Ferguson Braswell Fraser Kubasta PC will use its best efforts to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these Chapter 11 Cases; it is further

ORDERED that Ferguson Braswell Fraser Kubasta PC will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Ferguson Braswell Fraser Kubasta PC will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a); it is further

ORDERED that Ferguson Braswell Fraser Kubasta PC shall not charge a markup to the Debtors with respect to fees billed by any contract attorneys ("Contractors") who are hired by Ferguson Braswell Fraser Kubasta PC to provide services to the Debtors, and shall ensure that any such Contractors that are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules; it is further

ORDERED that to the extent the Application or the Smiley Declaration is inconsistent with this Order, the terms of this Order shall govern; it is further

ORDERED that all billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format and that billing records will use the U.S. Trustee's standard project categories; it is further

ORDERED that notwithstanding anything to the contrary in the Application, Ferguson Braswell Fraser Kubasta PC shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court; it is further

ORDERED that Ferguson Braswell Fraser Kubasta PC shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, U.S. Trustee, and the Official Committee of Unsecured Creditors, prior to any increases in the rates set forth in the Application.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to the Order in accordance with the Application and the Smiley Declaration; it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

SIGNED this _____ day of _____, 2022.

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE