**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | )    Case No. 22-90273 (MI) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |
| | )    **Re:  Docket Nos. 91 & 256** |

**THIRD NOTICE OF**
**REJECTION OF CERTAIN EXECUTORY**
**CONTRACTS OR UNEXPIRED LEASES AND ABANDONMENT**
**OF PROPERTY IN CONNECTION THEREWITH (FOUNDRY CONTRACTS)**

    **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on September 22, 2022 (the "Petition Date"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

    **PLEASE TAKE FURTHER NOTICE** that, on October 24, 2022, the Bankruptcy Court entered an order approving, among other relief, certain procedures for the rejection of the Debtors' executory contracts and unexpired leases [Docket No. 256] (the "Rejection Procedures Order").[2] An electronic copy of the Rejection Procedures Order can be found at https://dm.epiq11.com/case/ComputeNorthHoldings/info.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the contract(s) set forth on the schedule annexed hereto as **Exhibit A** (each, a "Rejected Contract," and together, the "Rejected Contracts"), effective as of the date of rejection listed for each Rejected Contract (the "Rejection Date"). To the extent you are a customer, your customer contract may have been partially assigned to a non-Debtor entity prior to the Petition Date and if that is the case that non-Debtor entity is the counterparty to your customer contact with respect to the portion of it that was

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

partially assigned.  The rejection of any Rejected Contracts shall only reject that portion of the Rejected Contract that has not been partially assigned prior to the Petition Date and the assigned portion of such Rejected Contract shall remain in full force and effect.

PLEASE TAKE FURTHER NOTICE that any party wishing to object to the Debtors' proposed rejection of a Rejected Contract must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (a "Rejection Objection") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of filing and service of this Rejection Notice (the "Rejection Objection Deadline"): (i) the proposed counsel for the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James T. Grogan III (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166, Attn: Luc Despins, Sayan Bhattacharyya, and Daniel Ginsberg (lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, and danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli and Michael Jones (mattmicheli@paulhastings.com and michaeljones@paulhastings.com); (ii) the applicable counterparties to the Rejected Contract(s), as set forth on **Exhibit A**; (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Jana Whitworth (Jayson.B.Ruff@usdoj.gov and Jana.Whitworth@usdoj.gov); (iv) proposed counsel to the Committee, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201, Attn: Charles R. Gibbs (crgibbs@mwe.com); One Vanderbilt Avenue, New York, New York 10017, Attn: Kristin K Going, Darren Azman, Stacy A. Lutkus, and Natalie Rowles (kgoing@mwe.com, dazman@mwe.com, salutkus@mwe.com, and nrowles@mwe.com); (v) Generate Lending, LLC and its counsel, Generate Lending, LLC, 461 5th Avenue, 8th Floor, New York, NY 10017, Attn: Loan Operations (credit.notice@generatecapital.com); Hunton Andrews Kurth LLP, 600 Travis Street, Houston, Texas 77002, Attn: Joseph W. Buoni, Timothy A. Davidson II, and Philip M. Guffy (josephbuoni@huntonak.com, taddavidson@huntonak.com, and philipguffy@huntonak.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus and Elizabeth Helen Jones (christopher.marcus@kirkland.com and elizabeth.jones@kirkland.com); and 609 Main Street, Houston, Texas 77022, Attn: Anna Rotman (anna.rotman@kirkland.com); and (vi) counsel to Foundry Digital LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York, Attn: Kristine Manoukian, Daniel Eisner, and Peter Amend (kristine.manoukian@srz.com, daniel.eisner@srz.com and peter.amend@srz.com).

PLEASE TAKE FURTHER NOTICE that if no Rejection Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Rejected Contract(s) (each such order, a "Rejection Order"), substantially in the form attached hereto as **Exhibit B**, and the Bankruptcy Court may enter such Rejection Order without a hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, if no Rejection Objection is properly filed and served in compliance with the foregoing, the rejection of each Rejected Contract shall become effective as of the Rejection Date. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Rejected Contract shall be the later of (i) the deadline fixed by the Bankruptcy Court to file general

unsecured proofs of claim; or (ii) thirty (30) days after the entry of the Rejection Order.  If a proof of claim is not timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting claims for rejection damages and from participating in any distributions made in connection with these Chapter 11 Cases on account of such rejection damages.

**PLEASE TAKE FURTHER NOTICE** that if a Rejection Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved (an "Unresolved Rejection Objection"), the Debtors shall file a notice for a hearing for the Bankruptcy Court to consider the Unresolved Rejection Objection after the Rejection Objection Deadline, subject to the Bankruptcy Court's schedule.  The Debtors may resolve the Unresolved Rejection Objection without further notice or Bankruptcy Court approval in advance of the hearing.  If the Unresolved Rejection Objection is overruled or withdrawn, the effective date of rejection shall be (i) the date to which the Debtors, the counterparty that is the subject of the Unresolved Rejection Objection, and the party that has filed the Unresolved Rejection Objection, if applicable, have agreed, or (ii) such other date as determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a counterparty to a Rejected Contract as a security deposit or other similar arrangement, such counterparty may not off-set or otherwise use such deposit without the prior authorization of the Bankruptcy Court or consent of the Debtors.

*[Remainder of Page Intentionally Left Blank]*

Dated:  January 2, 2023
Houston, Texas

/s/ *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
         michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*