## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DEBTORS' MOTION FOR ENTRY OF
### STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY
### (SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP)

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion").

### RELIEF REQUESTED

1. By this Motion, the Debtors request that the Bankruptcy Court (defined herein) approve the *Stipulation and Agreed Order by and between the Debtors and Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP*, a copy of which is attached hereto as **Exhibit A** (the "Stipulation and Agreed Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**BACKGROUND**

5. On September 22, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Prior to the Petition Date, Compute North LLC, one of the Debtors in these Chapter 11 Cases, retained Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP ("Smith Anderson", and together with the Debtors, the "Parties") to provide legal services to the Debtors. As part of Smith Anderson's engagement, the Debtors paid Smith Anderson a retainer (the "Retainer").

7. On November 22, 2022, Smith Anderson filed Proof of Claim # 10086 ("POC 10086") in the Compute North LLC case (Case No. 22-90275) which asserts a general unsecured

claim in the amount of $5,165.34 (the "Claim").  The Retainer held by Smith Anderson currently amounts to $20,245.50 and is held in a trust account.

8.      The Debtors and Smith Anderson have entered into the Stipulation and Agreed Order to fully resolve POC 10086.  The Stipulation and Agreed Order provides that the entirety of the claim amount asserted in POC 10086 shall be deducted from the amount of the Retainer held by Smith Anderson.  Further, Smith Anderson shall return $15,080.16, the entire remaining amount of the Retainer, to the Debtors' estate within ten (10) business days after entry of the Stipulation and Agreed Order.  Subsequently, POC 10086 shall be disallowed in its entirety.

## BASIS FOR RELIEF

9.      Cause exists under section 362(d)(1) of the Bankruptcy Code to lift the automatic stay to allow Smith Anderson to apply a portion of the existing balance of the Retainer to POC 10086 and return the remaining balance of the Retainer to the Debtors.  Section 362(d) requires the bankruptcy judge to grant relief from the stay for cause:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest [.]  11 U.S.C. § 362(d)(1).

10.     There is no "mandatory standard" for establishing "cause" in the Fifth Circuit.  *In re Choice ATM Enterprises, Inc.*, 2015 WL 1014617 at *5 (Bankr. N.D. Tex. Mar. 4, 2015).  The question is ultimately "left to the discretion of the bankruptcy court."  *In re Fowler*, 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001).  While various analytical tests exist to evaluate "cause"—such as the Curtis factors in the context of continuing litigation or Little Creek for questions of bad faith bankruptcy filings—each motion under section 362(d)(1) must be evaluated in light of "its own

particular facts," balancing the competing interests of the debtor and creditor. *In re Mosher*, 578 B.R. 765, 772 (Bankr.S.D.Tex. 2017).

11. There are sufficient grounds to grant modification of the automatic stay. The Debtors are making the request to modify the stay to obtain the balance of the Retainer and to expunge POC 10086. The Debtors are making this request because they believe that Smith Anderson has a legal right to set off the Retainer against its outstanding prepetition balances. In this instance, lifting the stay will benefit the Debtors' estates because they will receive the balance of the Retainer immediately without the need for a claims objection or a turnover motion, and POC 10086 will be expunged reducing the Debtors' claims pool.

## NOTICE

12. The Debtors will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) the Debtors secured and unsecured prepetition lenders (i) Generate Lending, LLC, (ii) Mercuria Energy America, LLC, (iii) Marathon Digital Holdings, Inc. (iv) TZ Capital Holdings, LLC, and (v) Foundry Digital LLC; (d) any party known by the Debtors to have asserted a lien on any of the Assets; (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

13. No prior motion for the relief requested herein has been made to this or any other court.

14. WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Stipulation and Agreed Order, granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 11, 2023
      Houston, Texas

/s/ DRAFT
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
      sayanbhattacharyya@paulhastings.com
      danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
      michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on January 11, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ James T. Grogan III*
      James T. Grogan III