## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 91 & 256** |

## FIFTH NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH (NON-CUSTOMER CONTRACTS)

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on September 22, 2022 (the "Petition Date"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on October 24, 2022, the Bankruptcy Court entered an order approving, among other relief, certain procedures for the rejection of the Debtors' executory contracts and unexpired leases [Docket No. 256] (the "Rejection Procedures Order").[2] An electronic copy of the Rejection Procedures Order can found at https://dm.epiq11.com/case/ComputeNorthHoldings/info.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the contract(s) or lease(s) set forth on the schedule annexed hereto as **Exhibit A** (each, a "Rejected Contract," and together, the "Rejected Contracts"), effective as of the date of rejection listed for each Rejected Contract (the "Rejection Date"). To the extent you are a customer, your customer contract may have been partially assigned to a non-Debtor entity prior to the Petition Date and if that is the case that non-Debtor entity is the counterparty to your customer contact with respect to the portion of it that was partially assigned. The rejection of any Rejected Contracts shall only reject that portion of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

Rejected Contract that has not been partially assigned prior to the Petition Date and the assigned portion of such Rejected Contract shall remain in full force and effect.

**PLEASE TAKE FURTHER NOTICE** that with respect to any Rejected Contracts listed on **Exhibit A** attached hereto that are leases of real property (if any), the Debtors intend to abandon the personal property remaining in or on the property that is the subject of the Rejected Contracts as described in the scheduled attached hereto as **Exhibit A** (if any).

**PLEASE TAKE FURTHER NOTICE** that any party wishing to object to the Debtors' proposed rejection of a Rejected Contract or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (a "Rejection Objection") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of filing and service of this Rejection Notice (the "Rejection Objection Deadline"): (i) the proposed counsel for the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn:  James T. Grogan III (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166, Attn:  Luc Despins, Sayan Bhattacharyya, and Daniel Ginsberg  (lucdespins@paulhastings.com,  sayanbhattacharyya@paulhastings.com,  and danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn:  Matthew Micheli and Michael Jones (mattmicheli@paulhastings.com and michaeljones@paulhastings.com); (ii) the applicable counterparties to the Rejected Contract(s), as set forth on **Exhibit A**; (iii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Jana Whitworth (Jayson.B.Ruff@usdoj.gov and Jana.Whitworth@usdoj.gov); (iv) proposed counsel to the Committee, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201, Attn: Charles R. Gibbs (crgibbs@mwe.com); One Vanderbilt Avenue, New York, New York 10017, Attn: Kristin K Going, Darren Azman, Stacy A. Lutkus, and Natalie Rowles (kgoing@mwe.com,  dazman@mwe.com,  salutkus@mwe.com,  and  nrowles@mwe.com);  and (v) Generate Lending, LLC and its counsel, Generate Lending, LLC, 461 5th Avenue, 8th Floor, New York, NY 10017, Attn: Loan Operations (credit.notice@generatecapital.com); Hunton Andrews Kurth LLP, 600 Travis Street, Houston, Texas 77002, Attn: Joseph W. Buoni, Timothy A. Davidson II, and Philip M. Guffy (josephbuoni@huntonak.com,  taddavidson@huntonak.com, and philipguffy@huntonak.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York  10022,  Attn:  Christopher  Marcus  and  Elizabeth  Helen  Jones (christopher.marcus@kirkland.com  and elizabeth.jones@kirkland.com); and 609 Main Street, Houston, Texas 77022, Attn: Anna Rotman (anna.rotman@kirkland.com).

**PLEASE TAKE FURTHER NOTICE** that if no Rejection Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Rejected Contract(s) (each such order, a "Rejection Order"), substantially in the form attached hereto as **Exhibit B**, and the Bankruptcy Court may enter such Rejection Order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if no Rejection Objection is properly filed and served in compliance with the foregoing, the rejection of each Rejected Contract shall become effective as of the Rejection Date. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a

Rejected Contract shall be the later of (i) the deadline fixed by the Bankruptcy Court to file general unsecured proofs of claim; or (ii) thirty (30) days after the entry of the Rejection Order.  If a proof of claim is not timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting claims for rejection damages and from participating in any distributions made in connection with these Chapter 11 Cases on account of such rejection damages.

**PLEASE TAKE FURTHER NOTICE** that if a Rejection Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved (an "Unresolved Rejection Objection"), the Debtors shall file a notice for a hearing for the Bankruptcy Court to consider the Unresolved Rejection Objection after the Rejection Objection Deadline, subject to the Bankruptcy Court's schedule.  The Debtors may resolve the Unresolved Rejection Objection without further notice or Bankruptcy Court approval in advance of the hearing.  If the Unresolved Rejection Objection is overruled or withdrawn, the effective date of rejection shall be (i) the date to which the Debtors, the counterparty that is the subject of the Unresolved Rejection Objection, and the party that has filed the Unresolved Rejection Objection, if applicable, have agreed, or (ii) such other date as determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a counterparty to a Rejected Contract as a security deposit or other similar arrangement, such counterparty may not off-set or otherwise use such deposit without the prior authorization of the Bankruptcy Court or consent of the Debtors.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 13, 2023
      Houston, Texas

/s/ *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A to Rejection Notice**

**List of Rejected Contracts**

| Counterparty Name | Counterparty Notice Information | Contract or Lease | Real Property Address (if applicable) | Debtor | Proposed Rejection Date | Property to Be Abandoned (if applicable) |
|---|---|---|---|---|---|---|
| iLobby Corp. | iLobby Corp. 5255 Yonge Street, Suite 1500 North York, ON M2N 6P4 Canada Phone: (855)545-6229 Email: sales@ilobby.com | Headquarters Contract, dated September 22, 2022 | | Compute North LLC | January 13, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC c/o Dewitt LLP Attn: Patrick C. Summers 901 Marquette Ave., Ste. 2100 Minneapolis, MN 55402 Email: pcs@dewittllp.com Phone: (612) 305-1400<br><br>MVP Logistics, LLC Attn: Rachel Williams 10205 10th Ave. N, Ste. A Plymouth, MN 55411 | Warehouse Distribution Agreement, dated January 14, 2022 | 4918 Winnetka Ave N Plymouth, MN 55428 | Compute North LLC | February 2, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC c/o Dewitt LLP Attn: Patrick C. Summers 901 Marquette Ave., Ste. 2100 Minneapolis, MN 55402 Email: pcs@dewittllp.com Phone: (612) 305-1400<br><br>MVP Logistics, LLC Attn: Rachel Williams 10205 10th Ave. N, Ste. A Plymouth, MN 55411 | First Amendment to Warehouse Distribution Agreement, dated March 4, 2022 | 4918 Winnetka Ave N Plymouth, MN 55428<br><br>8411 FM 1960 RD W #110 Humble, TX 77338 | Compute North LLC | February 2, 2023 | |

**Exhibit B to Rejection Notice**

**Rejection Order**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-90273 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket Nos. 91 & 256** |

## ORDER APPROVING REJECTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH (NON-CUSTOMER CONTRACTS) FIFTH NOTICE OF REJECTION

Pursuant to and in accordance with the order of this Court entered on October 24, 2022 [Docket No. 256] (the "Rejection Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain executory contracts or unexpired leases (the "Rejected Contracts") identified on **Exhibit 1** attached hereto and to abandon any property remaining at the premises on the Rejection Date of the applicable Rejected Contracts, if any, that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would be outweighed by the attendant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

costs (such assets, the "Abandoned Assets") in accordance with the terms of the Rejection Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Rejected Contracts identified on **<u>Exhibit 1</u>** attached hereto are hereby rejected as set forth herein, effective as of the later of: (a) service of the Rejection Notice; (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, each as applicable, to the applicable Landlord, or in the absence of delivering such keys and codes, providing written notice to the Landlord that the Landlord may enter and re-let the premises; and (c) such other date as determined by the Court (the "Rejection Date").

2.       The Abandoned Assets, if any, remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court.

3.       If any affected non-Debtor party (each, a "Counterparty") to a Rejected Contract asserts a claim against the Debtors arising from the rejection of the Rejected Contract, the Counterparty shall submit a proof of claim by the later of (a) the deadline fixed by the Bankruptcy Court to file general unsecured proofs of claim; or (b) thirty (30) days after the entry of the Rejection Order.

4.      If a Counterparty does not timely file a proof of claim in accordance with the terms of the Rejection Procedures Order and this Order, the Counterparty shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting claims for rejection damages and from participating in any distributions made in connection with these Chapter 11 Cases on account of such rejection damages.

5.      Nothing herein shall reject any portion of the Rejected Contract that was partially assigned prior to the Petition Date.

6.      Nothing herein shall prejudice the Debtors' rights to argue that any of the Rejected Contracts were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such Rejected Contract or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7.      Nothing contained in this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (f) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights of or enhance the status of any claim by any party.

9.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2023
        Houston, Texas

                                        _____
                                        THE HONORABLE MARVIN ISGUR
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1 to Rejection Order**

**List of Rejected Contracts**

| Counterparty Name | Counterparty Notice Information | Contract or Lease | Real Property Address (if applicable) | Debtor | Proposed Rejection Date | Property to Be Abandoned (if applicable) |
|---|---|---|---|---|---|---|
| iLobby Corp. | iLobby Corp.<br>5255 Yonge Street, Suite 1500<br>North York, ON M2N 6P4<br>Canada<br>Phone: (855)545-6229<br>Email: sales@ilobby.com | Headquarters Contract, dated September 22, 2022 | | Compute North LLC | January 13, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC<br>c/o Dewitt LLP<br>Attn: Patrick C. Summers<br>901 Marquette Ave., Ste. 2100<br>Minneapolis, MN 55402<br>Email: pcs@dewittllp.com<br>Phone: (612) 305-1400<br><br>MVP Logistics, LLC<br>Attn: Rachel Williams<br>10205 10th Ave. N, Ste. A<br>Plymouth, MN 55411 | Warehouse Distribution Agreement, dated January 14, 2022 | 4918 Winnetka Ave N<br>Plymouth, MN 55428 | Compute North LLC | February 2, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC<br>c/o Dewitt LLP<br>Attn: Patrick C. Summers<br>901 Marquette Ave., Ste. 2100<br>Minneapolis, MN 55402<br>Email: pcs@dewittllp.com<br>Phone: (612) 305-1400<br><br>MVP Logistics, LLC<br>Attn: Rachel Williams<br>10205 10th Ave. N, Ste. A<br>Plymouth, MN 55411 | First Amendment to Warehouse Distribution Agreement, dated March 4, 2022 | 4918 Winnetka Ave N<br>Plymouth, MN 55428<br><br>8411 FM 1960 RD W #110<br>Humble, TX 77338 | Compute North LLC | February 2, 2023 | |