# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § § | | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] § § § | | Case No. 22-90273-MI |
| Debtors. § § § | | (Jointly Administered) |

**DECLARATION OF RYAN MERSCH IN SUPPORT
OF DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN
PROOFS OF CLAIM (EQUITY INTERESTS, SATISFIED CLAIMS)**

I, Ryan Mersch, hereby declare under penalty of perjury:

1.  I am a Director at Portage Point Partners, LLC, ("**Portage Point**") the financial advisor employed by the estates of the above-captioned Debtors pursuant to the Court's *Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisors to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 250] ("**Employment Order**").

2.  Under the Employment Order, and in accordance with the terms of its engagement letter[2] with the Debtors, Portage Point is obligated and authorized to provide strategic financial

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] A copy of Portage Point's engagement letter is attached to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 123] as Exhibit B.

DECLARATION OF RYAN MERSCH IN SUPPORT OF
DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS                    Page 1 of 3

and analytical services to the Debtors in connection with, among other things. the Debtors' chapter 11 bankruptcy cases.

3.  I submit this declaration in support of the *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* (the "**Objection**").

4.  In my duties and Portage Point's duties on behalf of the Debtors, I have carefully reviewed the claims register, the Debtors' books and records, and the statements and schedules filed by the Debtors in these cases.

5.  I have read the Objection. To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Equity Interests[3] and the Satisfied Claims, I thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, the supporting documentation (if any) provided by each claimant, and I have determined that each such claim identified on Schedule 1 and Schedule 2 to the proposed order ("**Order**") on the Objection should be disallowed.

6.  **Equity Interests**: To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the proof of claim forms submitted with the Equity Interests, the claims register, and the Debtors' books and records, and has determined that the Equity Interests identified on Schedule 1 of the proposed Order should be disallowed because each of the claims on Schedule 1 is misclassified, and should have been asserted as an interest rather than a claim. I believe that failure to disallow the Equity Interests could result in such claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. As such, I believe that the disallowance of the Equity Interests identified on Schedule 1 of the Order is appropriate.

---

[3] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Objection.

7. **Satisfied Claims**: To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the proof of claim forms submitted with the Satisfied Claims, the claims register, and the Debtors' books and records, and has determined that the Satisfied Claims identified on Schedule 2 of the Order should be disallowed because each of the Satisfied Claims on Schedule 2 has been satisfied in full and does not make a valid claim for a right to payment for which the Debtors are liable. I believe that failure to disallow the Satisfied Claims could result in such claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases, and as such, I believe that the disallowance of the Satisfied Claims identified on Schedule 2 of the Order is appropriate, because the Debtor is not liable for such Satisfied Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to best of my knowledge, information and belief.

Dated: January 13, 2023

/s/*Ryan Mersch*
Ryan Mersch
Director
Portage Point Partners, LLC