# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| COMPUTE NORTH HOLDINGS, INC., *et al.*,[1] | § § § § | Case No. 22-90273-MI |
| Debtors. | § § § | (Jointly Administered) |

### DECLARATION OF RYAN MERSCH IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 10055 OF ROHIT SHIROLE

I, Ryan Mersch, hereby declare under penalty of perjury:

1.  I am a Director at Portage Point Partners, LLC, ("**Portage Point**") the financial advisor employed by the estates of the above-captioned Debtors pursuant to the Court's *Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisors to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 250] ("**Employment Order**").

2.  Under the Employment Order, and in accordance with the terms of its engagement letter[2] with the Debtors, Portage Point is obligated and authorized to provide strategic financial and analytical services to the Debtors in connection with, among other things. the Debtors' chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] A copy of Portage Point's engagement letter is attached to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 123] as Exhibit B.

DECLARATION OF RYAN MERSCH IN SUPPORT OF
DEBTORS' OBJECTION TO CLAIM NO. 10055 OF ROHIT SHIROLE     Page 1 of 3

11 bankruptcy cases.

3. I submit this declaration in support of the *Debtors' Objection to Claim No. 10055 of Rohit Shirole* (the "**Objection**").

4. In my duties and Portage Point's duties on behalf of the Debtors, I have carefully reviewed the claims register, the Debtors' books and records, and the statements and schedules filed by the Debtors in these cases.

5. I have read the Objection. To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Claim[3], I thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, the supporting documentation provided with the Claim, and I have determined that the Claim should be reclassified, subordinated and disallowed, as follows:

6. **Equity Interest**: To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the Claim and I have determined that $14,650,000 of the Claim is asserted on account of a purported equity interest, and should therefore be reclassified as an equity interest. I am further advised by counsel, that because the Claim arises from damages related to the purchase or sale of securities, such claim should be subordinated to all other claims or interests against the Debtors' estates that are senior or equal to such Claim.

7. I believe that failure to reclassify and subordinate the Equity Interest could result in Shirole receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. As such, I believe that the reclassification and subordination of the Equity Interest portion of the Claim in the amount of $14,650,000 is appropriate.

8. **Employment Agreement Damages**: To the best of my knowledge, information

---

[3] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Objection.

and belief, Portage Point and I have thoroughly reviewed the Claim and I have determined that $9,323,724.53 of the Claim arises from damages related to the termination of Shirole's employment contract with the Debtors. I am further advised by counsel, that because the Claim arises from damages related to the termination of an employment contract, such damages are capped in accordance with the Bankruptcy Code at one-year's salary.

9. I believe that failure to disallow the portion of the Claim that exceeds the cap provided in the Bankruptcy Code could result in Shirole receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. As such, I believe that the disallowance of $9,323,724.53 of the Claim, to the extent it exceeds the cap under the Bankruptcy Code is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to best of my knowledge, information and belief.

Dated: January 13, 2023

/s/ *Ryan Mersch*
Ryan Mersch
Director
Portage Point Partners, LLC