**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re § <br> § <br> COMPUTE NORTH HOLDINGS, INC., § <br> *et al.*,[1] § <br> § <br> Debtors. § <br> § | Chapter 11 <br><br> Case No. 22-90273-MI <br><br> (Jointly Administered) |

### AMENDED DECLARATION OF RYAN MERSCH IN SUPPORT OF DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED CLAIMS, DUPLICATE CLAIMS)

I, Ryan Mersch, hereby declare under penalty of perjury:

1.  I am a Director at Portage Point Partners, LLC, ("**Portage Point**") the financial advisor employed by the estates of the above-captioned Debtors pursuant to the Court's *Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisors to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 250] ("**Employment Order**").

2.  Under the Employment Order, and in accordance with the terms of its engagement letter[2] with the Debtors, Portage Point is obligated and authorized to provide strategic financial

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] A copy of Portage Point's engagement letter is attached to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 123] as Exhibit B.

and analytical services to the Debtors in connection with, among other things, the Debtors' chapter 11 bankruptcy cases.

3. I submit this declaration in support of the *Debtors' First Omnibus Objection to Certain Proofs of Claim (Amended Claims, Duplicate Claims)* (the "**Objection**").

4. In my duties and Portage Point's duties on behalf of the Debtors, I have carefully reviewed the claims register, the Debtors' books and records, and the statements and schedules filed by the Debtors in these cases.

5. I have read the Objection. To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Duplicate Claims[3] and the Amended Claims, I thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, the supporting documentation (if any) provided by each claimant, and I have determined that each such claim identified on Schedule 1 and Schedule 2 to the proposed order ("**Order**") on the Objection should be disallowed.

6. **Duplicate Claims**: To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the proof of claim forms submitted with the Duplicate Claims, the claims register, and the Debtors' books and records, and has determined that the Duplicate Claims identified on Schedule 1 of the proposed Order should be disallowed because each of the claims on Schedule 1 is duplicative of another claim for the same claimant. I believe that failure to disallow the Duplicate Claims could result in such claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. I further believe that elimination of the Duplicate Claims will enable the Debtors to maintain accurate claims registers, and will not prejudice any claimant identified on Schedule 1, as a

---

[3] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Objection.

surviving claim as has been identified for each such claimant. As such, I believe that the disallowance of the Duplicate Claims identified on Schedule 1 of the Order is appropriate, as the Debtors are not liable for payment of such Duplicate Claims.

7. **Amended Claims**: To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the proof of claim forms submitted with the Amended Claims, the claims register, and the Debtors' books and records, and has determined that the Amended Claims identified on Schedule 2 of the Order should be disallowed because each of the Amended Claims on Schedule 2 has been amended and superseded by a subsequent claim filed by the same claimant. I believe that failure to disallow the Amended Claims could result in such claimants receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases, and as such, I believe that the disallowance of the Amended Claims identified on Schedule 2 of the Order is appropriate, as the Debtors are not liable for payment of such Amended Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to best of my knowledge, information and belief.

Dated: January 13, 2023

       /s/ *Ryan Mersch*
       Ryan Mersch
       Director
       Portage Point Partners, LLC