**Exhibit C**

# WIND DOWN TRANSACTIONS MEMORANDUM

## Merger of Subsidiaries with and into Compute North LLC

Pursuant to the Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates, dated December 21, 2022 [Doc. 723] (including all exhibits and schedules thereto, as may be further modified, supplemented and amended from time to time in accordance with its terms, the "Plan"[1]), the Debtors and the Plan Administrator, as applicable, intend to implement the following transactions (the "Wind-Down Transactions") prior to, on, or after the Effective Date.

The below description of the Wind-Down Transactions is intended only as a summary of the Wind-Down Transactions and should be read in conjunction with the Plan. To the extent there is any inconsistency between this memorandum and the Plan, the Plan shall govern.

The Wind-Down Transactions will be effectuated as follows:

1. Prepare and file amended and restated certificate of incorporation and by-laws for Compute North Holdings, Inc. ("Holdings"), including provisions prohibiting Holdings from issuing non-voting equity securities to the extent required by Bankruptcy Code section1123(a)(6). Holdings will issue one share of stock to the Plan Administrator.

2. Prepare and file amended charter documents for Compute North LLC ("CNLLC"), CN Minden LLC ("Minden") and CN Corpus Christi LLC ("Corpus Christi"), including provisions prohibiting these entities from issuing non-voting equity securities to the extent required by Bankruptcy Code section1123(a)(6). The Plan Administrator will be the sole member and manager of each of CNLLC, Minden and Corpus Christi.

3. Prepare Agreement of Merger among CNLLC and the Merging Debtor Subsidiaries[2] ("Agreement of Merger") (Delaware Limited Liability Company Act § 18-209) to be held in escrow pending the Effective Date of the Chapter 11 Plan.

    (a) Pursuant to the Agreement of Merger, all of the Merging Debtor Subsidiaries will merge with and into CNLLC, with CNLLC being the surviving entity of such merger.

4. Execute Consent of Sole Member of CNLLC (Delaware Limited Liability Company Act § 18-209) to the Agreement of Merger.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Plan.
[2] As used herein, "Merging Debtor Subsidiaries" means: CN Atoka LLC; CN Big Spring LLC; CN Colorado Bend LLC; CN Developments LLC; CN Equipment LLC; CN King Mountain LLC; CN Mining LLC; CN Pledgor LLC; Compute North Member LLC; Compute North NC08 LLC; Compute North NY09 LLC; Compute North SD, LLC; Compute North Texas LLC; Compute North TX06 LLC; and Compute North TX10 LLC. For the avoidance of doubt, Debtors CN Corpus Christi LLC and CN Minden LLC are not Merging Debtor Subsidiaries.

5. Execute Consent of the member of each Merging Debtor Subsidiary to the Agreement of Merger (Delaware Limited Liability Company Act § 18-209).

6. Execute Agreement of Merger (to be held in escrow).

7. Execute Certificate of Merger for each Merging Debtor Subsidiary (Delaware Limited Liability Company Act § 18-209).

    (a) CNLLC, as the surviving entity, should include in the certificate of merger such amendments, if any, to the certificate of formation of CNLLC to change its name, registered office or registered agent as are desired to be effected by the merger.

7. On the Effective Date of the Plan, file the executed Certificate of Merger with the Delaware Secretary of State (Delaware Limited Liability Company Act § 18-209).

8. Following the earlier of (i) Minden Closing Date (as defined in the Asset Purchase Agreement, dated as of November 19, 2022 by and between Compute North LLC, Compute North SD, LLC, Compute North Texas LLC, CN Mining LLC, and CN Minden LLC, as sellers, and Foundry Digital LLC, as purchaser, and (ii) April 1, 2023, the Plan Administrator will determine whether to merge Minden into CNLLC.

**Additional Considerations**

As set forth in the Plan, on and after the Effective Date, the Plan Administrator shall act for the Reorganized Debtors in the same fiduciary capacity as applicable to a board of managers, directors, officers, or other Governing Body, subject to the provisions hereof (and all certificates of formation, membership agreements, and related documents are deemed amended by the Plan to permit and authorize the same).  On the Effective Date, the authority, power, and incumbency of the persons acting as managers, officers, directors, or Governing Body of the Reorganized Debtors shall cease and all such persons shall be deemed to have resigned, solely in their capacities as such.  On the Effective Date, the Plan Administrator shall be appointed as the sole manager, sole director, and sole officer of the Reorganized Debtors, and shall succeed to the powers of the Reorganized Debtors' managers, directors, officers, and other Governing Bodies without any further action required on the part of any such Reorganized Debtor, the equity holders of the Debtors, the officers, directors, managers, or Governing Body, as applicable, of the Reorganized Debtors, or the members of any Reorganized Debtor.  From and after the Effective Date, and subject to the Litigation Trust Agreement, the Plan Administrator shall be the sole representative of, and shall act for, the Reorganized Debtors.