# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § <br> § <br> **MINING PROJECT WIND DOWN** § <br> **HOLDING, INC. (f/k/a Compute North** § <br> **Holdings, Inc.),** *et al.*, [1] § <br> § <br> Debtors. § <br> § | | Chapter 11 <br><br> Case No. 22-90273-MI <br><br><br> (Jointly Administered) |

**DECLARATION OF RYAN MERSCH IN SUPPORT OF DEBTORS'
OBJECTION TO CLAIM NO. 10060 OF BITNILE, INC.**

I, Ryan Mersch, hereby declare under penalty of perjury:

1.   I am a Senior Director at Portage Point Partners, LLC, ("**Portage Point**") the financial advisor employed by the estates of the above-captioned Debtors pursuant to the Court's *Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisors to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 250] ("**Employment Order**").

2.   Under the Employment Order, and in accordance with the terms of its engagement letter[2] with the Debtors, Portage Point is obligated and authorized to provide strategic financial

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

[2] A copy of Portage Point's engagement letter is attached to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 123] as Exhibit B.

DECLARATION OF RYAN MERSCH IN SUPPORT OF
DEBTORS' OBJECTION TO CLAIM NO. 10060 OF BITNILE, INC.                    Page 1 of 3

and analytical services to the Debtors in connection with, among other things. The Debtors' chapter 11 bankruptcy cases.

3. I submit this declaration in support of the *Debtors' Objection to Claim No. 10060 of BitNile, Inc.* (the "**Objection**").

4. In my duties and Portage Point's duties on behalf of the Debtors, I have carefully reviewed the claims register, the Debtors' books and records, and the statements and schedules filed by the Debtors in these cases.

5. I have read the Objection. To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Claim[3], I thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, the supporting documentation provided with the Claim, and I have determined that the Claim should be disallowed.

6. To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the Claim and I have determined that $2,012,088 of the Claim is asserted on account of a deposit that was nonrefundable per the Master Agreement between BitNile and the Debtors. I have further determined that the balance of the Claim is apparently asserted for costs incurred by BitNile related to shipping and storage, for which the Debtors are not liable, either pursuant to the Master Agreement or otherwise. I believe that the Claim should be disallowed in its entirety for these reasons.

7. I believe that failure to disallow the Claim could result in BitNile receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. As such, I believe that the disallowance in full of the Claim is appropriate.

---

[3] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to best of my knowledge, information and belief.

Dated: January 19, 2023

                                                                                                  */s/ Ryan Mersch*
                                                                                                   Ryan Mersch
                                                                                                   Senior Director
                                                                                                   Portage Point Partners, LLC