IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re | § § | Chapter 11 |
| **MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.),** *et al.*, [1] | § § § § § | Case No. 22-90273-MI |
|  | § | (Jointly Administered) |
| **Debtors.** | § § | |

### DEBTORS' OBJECTION TO CLAIM NO. 14 OF BOBS LIMITED

**This is an objection to your claim(s). This objection asks the Court to disallow the claim(s) that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this motion was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**

**A hearing will be conducted on this matter on March 6, 2023 at 10:00 a.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

**GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Mining Project Wind Down, Inc. (f/k/a Compute North Holdings, Inc.), and its above-captioned affiliates as debtors and debtors in possession (collectively, the "**Debtors**"), hereby file this *Objection to Claim No. 14 of Bobs Limited* (the "**Objection**"), and in support thereof, the Debtors respectfully represent as follows:

### I.     Relief Requested

1.     By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto (the "**Order**") disallowing proof of claim number 14 filed by Bobs Limited in the amount of $6,376,067.00 (the "**Claim**"). The Debtors have analyzed the Claim in accordance with their duties as debtors in possession under section 1107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and based on this review, the Debtors have determined that the Claim should be disallowed in its entirety.

2.     In support of this Objection, the Debtors submit the *Declaration of Ryan Mersch in Support of the Debtors' Objection to Claim Nos. 14 of Bobs Limited* (the "**Mersch Declaration**") attached hereto as **Exhibit A**.

### II.     Jurisdiction and Venue

3.     This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Objection is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are Bankruptcy Code section 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedures, and Local Bankruptcy Rule 3007-1.

### III. Background

5. On September 22, 2022 (the **"Petition Date"**) the Debtors filed their voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 bankruptcy cases (the **"Cases"**).

6. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. No trustee or examiner has been appointed in these Cases.

7. On October 6, 2022 the United States Trustee appointed an Official Committee of Unsecured Creditors ("**Committee**") in these Cases [Docket. No 139].

8. Additional factual background and information regarding the Debtors, including their business operations, their prepetition corporate and capital structure, the events leading to the commencement of these Cases are set forth in detail in the *Declaration of Harold Coulby, Chief Financial Officer and Treasurer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 22] (the "**First Day Declaration**").

9. On September 26, 2022, the Court entered its *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of 30 Largest Unsecured Creditors, and (C) Redact Certain Individual and Customer Confidential Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, (III) Setting Bar Dates for Filing Proofs of Claim, Including Requests for*

*Payment Under Section 503(b)(9), and (IV) Granting Related Relief* [Docket No. 86] ("**Bar Date Order**"). Among other things, the Bar Date Order set a deadline for all persons or entities (excluding governmental units) to file proofs of claim in the Debtors' cases on or before November 23 2022 (the "**Claims Bar Date**").

10. On October 28, 2022, the Debtors filed their schedules ("**Schedules**") in these Cases.

11. On or about November 8, 2022, claimant Bobs Limited ("**Bobs**") filed proof of claim number 14 in the amount of $6,367,067.00 against the estate of debtor Compute North Holdings, Inc.

12. On November 23, 2022, the Debtors filed their *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and its Debtor Affiliates* [Docket No. 576] (as amended from time to time, the "**Plan**").

### IV. Claims Reconciliation Process

13. In order to maximize the return to holders of claims under the Plan, the Debtors, in accordance with their duties as debtors in possession, have, along with their professional advisors, been diligently reviewing the schedules and all proofs of claim filed against them in these Cases, along with the Debtors' books and records and supporting documentation, if any, provided by claimants in support of their claims. Based on their review, and for the reasons set forth below, the Debtors have determined that the Claim should be reclassified, subordinated, or disallowed, as appropriate.

14. The Debtors have previously filed their *First Omnibus Objection to Certain Proofs of Claim (Amended Claims, Duplicate Claims)* [Docket No. 814], and their *Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* [Docket No. 815]

seeking the disallowance of certain claims that have been identified as duplicates, that have been amended by other claims filed by the same claimant, that are equity interests rather than claims, and that have been satisfied during the pendency of the Cases, as well as filed objections to individual proofs of claim seeking disallowance, reclassification or subordination of such claims, as appropriate, for the reasons stated in the objections.

### V. Objection

15. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If such objection to a claim is made, then "the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." 11 U.S.C. § 502(b). The burden of proof is on the objecting party to produce sufficient evidence to overcome the *prima facie* effect of the claim. *See In re O'Conner*, 153 F.3d 258, 260 (5th Cir. 1998). If the objecting party succeeds, the burden shifts to the party asserting the claim, who must then establish the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context. *See In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

16. Rule 3001 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Bankruptcy Rule 3001 is designed to provide the debtor with "fair notice of the conduct, transaction and occurrences that form the basis of the claim." *In re Sandifer*, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004).

17. In order for a proof of claim to be sufficient to establish *prima facia* validity under

Bankruptcy Rule 3001, it must: (1) be in writing; (2) make demand on the debtor's estate; (3) express the intent to hold the debtor liable for the debt; (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim. *See In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005) (citing *First National Bank of Fayetteville, Arkansas v. Circle J Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299-300 (W.D. Ark. 1989) and *In re Scholz*, 57 B.R. 259 (Bankr. N.D. Ohio 1986)).

18. A proof of claim loses the presumption of prima facie validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (holding "[if] evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to 'prove the validity of the claim by a preponderance of the evidence'"). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id.* FED R. BANKR. P. 3007(d).

19. Bobs' Claim, a copy of which is attached hereto as **Exhibit B**, asserts a right to payment for "[g]oods not delivered and (1) related lost payments; and (2) consequential damages." *See* Exhibit B at p. 1. Those amounts and categories are broken down in the Claim as follows:

|   | Amount | Basis |
|---|---|---|
| 1 | $1,290,000.00 | Purchase of 300 Minerva 100 TH bitcoin miners |
| 2 | $64,500 | Break up fee |
| 3 | $193,500 | 15% upcharge |
| 4 | $186,821 | Payment to agent to facilitate sale |
| 5 | $37,984 | Payment to agent to facilitate sale |
| 6 | $4,603,202 | Alleged loss of earnings due to drop in price of bitcoin between June 2021 and October 2022 |

| Total | $6,376,067 | |

*See* Exhibit B at p. 15.

20. With respect to the $1,290,000 for the purchase of the 300 miners (the "**Miners**") that Bobs alleges were never delivered, the Debtors have determined that the Miners were, in fact, redirected and sent to a different, non-debtor facility – TrueNorth, in Alberta, Canada – at the direct request of Bobs. Email correspondence reflecting and acknowledging this transaction is attached hereto as **Exhibit C**. As such, Bobs has no right to payment from the Debtors for the "undelivered" Miners that Bobs purchased and subsequently requested be delivered directly to a different facility.

21. With respect to the remainder of Bobs' Claim for alleged lost payments and consequential damages:

- Bobs provides no basis that it would be entitled to a return of a break-up fee or a 15% upcharge, as itemized in numbers 2 and 3, above, under the Master Agreement between Bobs and the Debtors, or otherwise, or that it ever even remitted these amounts to the Debtors.

- Likewise, Bobs provides no basis as to why the Debtors would be obligated to reimburse or cover any amounts that Bobs paid to agents to facilitate transactions with the Debtors. Presumably, Bobs received these services, and these persons provided the services that they were paid for.

- Finally, the alleged consequential damages that Bobs claims it is owed as a result of the drop in price of Bitcoin is highly speculative, at best, not based in any cognizable theory of liability. This is particularly true if the Miners that Bobs apparently alleges it did not have use of during the time that Bitcoin was trading at a higher value were

actually out of service not because they were undelivered, but because they were redirected to a different non-debtor facility at Bobs' request.

22. Bobs has not established that it has any valid right to payment for any of the amounts alleged in its Claim. Bobs received the Miners from the Debtors, but opted to redirect them to another facility. Any consequential damages Bobs incurred as a result of this decision are of Bobs' own making. As such, Bobs' Claim should be disallowed in its entirety.

### VI. Reservation of Rights

23. This Objection is not limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Claim on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against the Debtors; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; or (e) a waiver of the Debtors' rights under the Plan, the Bankruptcy Code or any other applicable law.

### VII. Notice

24. Notice of this Objection shall be provided: (a) via Court ECF notification upon all parties in these Cases who are entitled to receive such notification; and (b) via first-class US Mail upon the claimant at the address of the party designated to receive notice on the proof of claim form in accordance with Bankruptcy Rule 3007. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Objection is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto: (i) sustaining the Objection to Bobs' Claim; (ii) disallowing the Claim in full and expunging it from the claims register; and (iii) awarding the Debtors such other and further relief as may be just and proper.

Respectfully submitted:  January 20, 2023

        **FERGUSON BRASWELL
FRASER KUBASTA PC**

        By: /s/ *Rachael L. Smiley*
Rachael L. Smiley (State Bar No. 24066158)
2500 Dallas Parkway, Suite 600
Plano, TX 75093
Phone: 972-378-9111
Fax:     972-378-9115
rsmiley@fbfk.law

        **PROPOSED EFFICIENCY COUNSEL
FOR DEBTORS**

        -and-

        **PAUL HASTINGS LLP**

        By: /s/ *James T. Grogan III*
James T. Grogan III (TX Bar No. 24027354)
Schlea Thomas (admitted *pro hac vice*)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com
       schleathomas@paulhastings.com

        **COUNSEL TO DEBTORS AND
DEBTORS IN POSSESSION**

## **CERTIFICATE OF SERVICE**

I certify that on January 20, 2023 a copy of the foregoing document was served electronically on the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rachael L. Smiley*
Rachael L. Smiley