# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDING, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, [1] | § § § § § | Case No. 22-90273-MI |
| | § | (Jointly Administered) |
| Debtors. | § § § | |

### DECLARATION OF RYAN MERSCH IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 14 OF BOBS LIMITED

I, Ryan Mersch, hereby declare under penalty of perjury:

1. I am a Senior Director at Portage Point Partners, LLC, ("**Portage Point**") the financial advisor employed by the estates of the above-captioned Debtors pursuant to the Court's *Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisors to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 250] ("**Employment Order**").

2. Under the Employment Order, and in accordance with the terms of its engagement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

letter[2] with the Debtors, Portage Point is obligated and authorized to provide strategic financial and analytical services to the Debtors in connection with, among other things. The Debtors' chapter 11 bankruptcy cases.

3. I submit this declaration in support of the *Debtors' Objection to Claim No. 14 of Bobs Limited* (the "**Objection**").

4. In my duties and Portage Point's duties on behalf of the Debtors, I have carefully reviewed the claims register, the Debtors' books and records, and the statements and schedules filed by the Debtors in these cases.

5. I have read the Objection. To the best of my knowledge, information and belief, the assertions made in the Objection are accurate. In evaluating the Claim[3], I thoroughly reviewed the claims register, the relevant proofs of claim, the Debtors' books and records, the supporting documentation provided with the Claim, and I have determined that the Claim should be disallowed.

6. To the best of my knowledge, information and belief, Portage Point and I have thoroughly reviewed the Claim, and I have determined that $1,290,000 of the Claim is asserted on account of Miners that were purchased by Bobs from the Debtors and allegedly never delivered should be disallowed because the Miners were, in fact, redirected and delivered to a different facility – TrueNorth in Alberta, Canada, at the request of Bobs. As the Miners were redirected at Bobs' request, I do not believe the Debtor is liable to Bobs for their purchase price on the basis that they were not delivered.

---

[2] A copy of Portage Point's engagement letter is attached to the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Portage Point Partners, LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of September 22, 2022* [Docket No. 123] as Exhibit B.

[3] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Objection.

7. I have further determined that the balance of the Claim, totaling $5,086,067 is apparently asserted for consequential damages incurred by Bobs related to costs related to the purchase of the Miners and the loss of their use during a period of time when Bitcoin was trading at a higher value. I have found no basis for which the Debtors are liable, either pursuant to the Master Agreement or otherwise, for costs related to the transactions between the Debtors and Bobs. I have also found no basis as to why the Debtors would be liable for any lost use of Miners that Bobs requested be redirected and delivered to a different facility.

8. I believe that the Claim should be disallowed in its entirety for these reasons.

9. I believe that failure to disallow the Claim could result in Bobs receiving an unwarranted recovery to the detriment of other similarly situated creditors in these Cases. As such, I believe that the disallowance in full of the Claim is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to best of my knowledge, information and belief.

Dated: January 20, 2023

/s/ *Ryan Mersch*
Ryan Mersch
Senior Director
Portage Point Partners, LLC