IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § § **MINING PROJECT WIND DOWN** § **HOLDING, INC. (f/k/a Compute North** § **Holdings, Inc.),** *et al.*, [1] § § **Debtors.** § § | | Chapter 11 Case No. 22-90273-MI (Jointly Administered) |

**ORDER SUSTAINING DEBTORS' OBJECTION
TO CLAIM NO. 14 OF BOBS LIMITED**

Upon the *Objection to Claim No. 14 of Bobs Limited* (the "**Objection**") of Mining Project Wind Down, Inc. (f/k/a Compute North Holdings, Inc.) and its above-captioned affiliates as debtors and debtors in possession (collectively, the "**Debtors**") seeking entry of an order (this "**Order**") disallowing proof of claim number 14 filed by Bobs Limited ("**Bobs**") in the amount of $6,367,067 (the "**Claim**"), all as more fully set forth in the Objection, the Court finds as follows:

A.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

B.  This Court may enter a final order with respect to this matter consistent with Article II of the United States Constitution;

C.  Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409;

D.  The relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest;

E.  The notice of the Objection and opportunity for a hearing thereon provided by the Debtors was appropriate under the circumstances and no further notice need be provided.

The Court, having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing (if any) before the Court, and the Court having determined that the legal and factual bases set forth in the Objection and at the hearing (if any) establish just cause for the relief granted herein; and upon the Mersch Declaration; and upon all proceedings before the Court, after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED as follows:

1.  Any response to the Objection not otherwise withdrawn, resolved or adjourned is hereby overruled on its merits.

2.  The Claim is hereby disallowed in its entirety and expunged from the claims register in these Cases.

3.  The Clerk and Epiq Corporate Restructuring, LLC shall update the claims registers in these Cases to reflect the relief granted in this Order.

4.  This Order is without prejudice to the rights of the Debtors to object to any claim or interest on any ground whatsoever, including any surviving, modified, amended or supplemented claim, and the rights of the Debtors to make any and all further substantive or procedural objections are hereby preserved.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission to the validity of any claim against the Debtors' estates; (b) a waiver by the Debtors of their own or any plan administrator's or trustee's rights to dispute or object to any claim in accordance with their respective duties; or (c) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested in the Objection.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

7. This Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023

                                                                          Marvin Isgur
                                                                          United States Bankruptcy Judge