**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| **MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.),** *et al.*,[1] | § § § § | Case No. 22-90273 (MI) |
| | § | (Jointly Administered) |
| **Debtors.** | § | |

**BOOTSTRAP ENERGY, LLC's EMERGENCY MOTION UNDER
BANKRUPTCY RULE 3018 TO TEMPORARILY ALLOW
$4.1 MILLION CLASS 3 CLAIM NO. 10058 FOR VOTING PURPOSES
[Relates to Dkt. No. 815]**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Movant Bootstrap Energy, LLC ("Bootstrap"), and respectfully files this Emergency Motion for an Order, pursuant to Federal Rule of Bankruptcy Procedure 3018(a) to temporarily allow its Claim No. 10058, for Plan voting purposes only, and in support hereof respectfully shows the Court as follows:

## I. INTRODUCTION

1. This Emergency Motion seeks to prevent improper disenfranchisement of a significant and legitimate claimant in voting on Debtors' Plan. Debtors' last-minute claim objection and supporting declaration allege and declare merely that Bootstrap's $4.1 million claim, filed under penalty of perjury, "does not make a valid claim for a right to payment for which the Debtors are liable" because the claim "has been satisfied in full." Bootstrap has *not* been paid and $4.1 million remains due on its transformer purchase order. Bootstrap should at least be allowed to vote its claim despite the very questionable and unprovable testimony of payment by the Debtors.

## II. REQUEST FOR EMERGENCY HEARING

2. Debtors recently objected to Bootstrap's November 12, 2022 Claim on January 13, 2023 and Debtors' procedures require Bootstrap to seek emergency relief at a hearing no later than January 27 in order to have Bootstrap's claim timely allowed for voting by the February 1 deadline. Accordingly, to avoid last-minute disenfranchisement by the Debtors, Bootstrap respectfully requests an emergency hearing on this Motion no later than the afternoon of Friday, January 27, 2023. Bootstrap believes this hearing would take less than 30 minutes and can be done remotely if allowed by the Court (Bootstrap and its counsel are located in or near Dallas). Bootstrap has certified this Motion in accordance with LBR 9013-1(i).

### III.  RELEVANT PROCEDURAL BACKGROUND

3. On September 22, 2022 (the "Petition Date"), Debtors filed for bankruptcy relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code").

4. On November 12, 2022, Bootstrap timely filed its claim against Compute North LLC for an unpaid purchase order in the remaining due amount of $4,114,700.00, and was given claim number 10058 (the "Claim"). A true and correct copy of the Claim is attached hereto and incorporated fully by this reference as Exhibit 1.

5. On December 19, 2022, Debtors filed their Second Amended Disclosure Statement and Plan. Dkt. Nos. 683 and 691, respectively.

6. Debtors served a Class 3 Ballot upon Bootstrap with its own unique E-Ballot ID # so that it may vote its Class 3 Claim for or against Debtors' Plan. A true and correct copy of Bootstrap's Class 3 Ballot is attached hereto and incorporated fully by this reference as Exhibit 2.

7. On January 13, 2023, Debtors filed Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims) (the "Objection").

8. Bootstrap's Claim was the only claim objected to as being "satisfied" in Schedule 2 of the Objection. See Dkt. 815-2, p. 10 of 10.

9. In order for Bootstrap to have its Claim considered for voting, Debtors require that Bootstrap have an emergency hearing at least 3 days before the February 1 Voting Deadline. That hearing deadline is Friday, January 27, 2023.

### IV.  FACTUAL BACKGROUND

10. On May 12, 2022, Compute North LLC ("CN LLC") contracted with Bootstrap under Purchase Order No. PO000226, Rev 1 for a transformer with a total purchase amount of $4,568,950.  CN LLC made one payment of $454,250, leaving a balance due of $4,114,700.

11. Bootstrap served CN LLC with a Notice of Default on Purchase Order, dated August 5, 2022, and there was various correspondence related to the Purchase Order. However, CN LLC never made any further payments on its debt.

12. As noted above, Bootstrap filed its Claim in November and Debtors recently filed their Objection. Debtors' Objection alleges merely that Bootstrap's Claim "has been satisfied in full and does not make a valid claim for a right to payment for which the Debtors are liable." Dkt. 815, p.7, ¶ 21. Debtors' supporting Declaration of Ryan Mersch mimics the same legal conclusion that Bootstrap's Claim "has been satisfied in full and does not make a valid claim for a right to payment for which the Debtors are liable." Dkt. 815-1, p.3, ¶ 7.

13. Bootstrap's Claim has *not* been paid or "satisfied in full"; hence the filing of Bootstrap's Claim under penalty of perjury.

## V. **RELIEF REQUESTED**

14. By this Motion, Bootstrap respectfully requests the entry of an order, pursuant to Bankruptcy Rule 3018, to temporarily allow its Claim solely for the purpose of voting to accept or reject the Plan.

## VI. **JURISDICTION AND VENUE**

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

16. The predicates for the relief requested herein include, without limitation, Bankruptcy Code Section 105 and Bankruptcy Rule 3018.

## VII.  ARGUMENTS AND AUTHORITIES

17. Only holders of allowed claims or interests are permitted to vote to accept or reject a chapter 11 plan. 11 U.S.C. § 1126. A claim represented by a timely and properly filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, once a party in interest objects to a filed claim, the holder of that claim is not entitled to vote on a chapter 11 plan while the objection is pending. See 11 U.S.C. § 1126.

18. Where a claim is not yet allowed due to a pending objection, a court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Bankruptcy Rule 3018(a).

19. The policy behind Bankruptcy Rule 3018(a) is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by strategically objecting to the claims of dissenting creditors. *In re Armstrong*, 294 B.R. 344, 354 (10th Cir. B.A.P. 2003). Claims litigation can also be lengthy and may not be resolved before voting on a plan. Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

20. The court's discretion to allow a claim temporarily for voting purposes is flexible. See *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996). Bankruptcy courts also have flexibility to "employ whatever method is best suited to the circumstances of the case" when determining whether and in what amount to allow a claim for voting purposes. *Id*. at 775.

21. Although the Bankruptcy Code and the Bankruptcy Rules provide no guidance as to how a court should calculate a claim for voting purposes, courts have held that the calculation "should ensure that the voting power is commensurate with the creditor's economic interests in

the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006). When determining whether to temporarily allow a claim, courts may look to (1) the debtor's scheduling of the claim, (2) the proof of claim filed, and (3) the debtor's objection to determine parties' expectations regarding the amount and nature of the claim to be voted. *In re Stone Hedge Props.*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995); see, e.g., *Armstrong*, 294 B.R. 344 at 354 (explaining courts have permitted temporary allowance of a claim when the objection is "frivolous or of questionable merit.").

22. Bootstrap's timely filed proof of claim under penalty of perjury constitutes *prima facie* evidence of the validity of its claim, and Debtors' summary legal conclusion that the claim has been "satisfied in full" does nothing to rebut the presumption in favor of allowing Bootstrap's claim for voting. Without this relief, a major $4.1 million creditor in these cases will be unfairly disenfranchised and have no opportunity to vote on the Plan.

23. Under the circumstances present here, the Court should exercise its discretion to temporarily allow Bootstrap's Claim solely for the purpose of voting on the Plan. Temporarily allowing Bootstrap's Claim for voting purposes comports with the spirit of the Bankruptcy Code, which encourages creditor voting and participation in the reorganization process. *In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process."). Bootstrap's Claim should be allowed for voting as a Class 3 claim to avoid abuse by the Plan proponents and/or disenfranchisement a legitimate creditor from voting.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Bootstrap respectfully requests and prays the Court set this Motion for emergency remote or hybrid hearing during the afternoon of Friday, January 27, 2023 (or on Thursday, January 26, 2023) and, subject to the Court's ruling thereon, enter an order allowing Bootstrap to vote its Class 3 Claim on Debtor's Plan and granting Bootstrap all other and further relief to which it may be justly entitled.

Dated: January 24, 2023

                        Respectfully submitted,

By: */s/ Mark A. Castillo*
    Mark A. Castillo
     Texas State Bar No. 24027795
     Southern Dist. Admin. No. 31520
    Robert C. Rowe
     Texas State Bar No. 24086253
     Southern Dist. Admin. No. 3782278
    **CARRINGTON, COLEMAN, SLOMAN**
     **& BLUMENTHAL, L.L.P.**
    901 Main St., Suite 5500
    Dallas, TX  75202
    Telephone:    214-855-3000
    Facsimile:    214- 580-2641
    Email: markcastillo@ccsb.com
            rrowe@ccsb.com

    ***Bankruptcy Counsel for***
    ***Bootstrap Energy, LLC***

**CERTIFICATION UNDER LBR 9013-1(i)**

My name is Steve Quisenberry.  My address is 3838 Oak Lawn Avenue, Suite 1000, Dallas, Texas 75219.  I am the Chief Executive Officer of Bootstrap Energy, LLC.  I certify all facts stated in this Motion are within my personal knowledge, true and correct.

This statement is given under penalty of perjury under the laws of the State of Texas and the United States of America on January 24, 2023.

                        */s/ Steve Quisenberry*
                        Steve Quisenberry

## CERTIFICATE OF CONFERENCE

Undersigned counsel for Bootstrap conferred with counsel for Debtors, Ms. Rachael Smiley, via two phone calls and follow up email on Monday, January 23, 2023. Counsel for Debtors are opposed to this Motion but are available for an emergency hearing on Thursday, January 26, 2023 or the afternoon of Friday, January 27, 2023.

Certified on January 24, 2023.

*/s/ Mark A. Castillo*
Mark A. Castillo

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 24, 2023, a true and correct copy of this document was properly served upon the following parties and/or their counsel of record: the Debtors, the Official Committee of Unsecured Creditors, parties requesting notice, and the U.S. Trustee.

Certified on January 24, 2023.

*/s/ Robert C. Rowe*
Robert C. Rowe