**Exhibit B**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ~~COMPUTE NORTH~~MINING PROJECT WIND DOWN HOLDINGS, INC.~~, et al.,~~[1] (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) | Re: Docket Nos. 91 ~~&~~, 256, 813 |

### ORDER APPROVING REJECTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH (NON-CUSTOMER CONTRACTS) FIFTH NOTICE OF REJECTION

Pursuant to and in accordance with the order of this Court entered on October 24, 2022

[Docket No. 256] (the "Rejection Procedures Order")[2] entered in the chapter 11 cases of the

---

[1] ~~The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.~~

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "Rejection Notice") of their intent to reject certain executory contracts or unexpired leases (the "Rejected Contracts") identified on **Exhibit 1** attached hereto and to abandon any property remaining at the premises on the Rejection Date of the applicable Rejected Contracts, if any, that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would be outweighed by the attendant costs (such assets, the "Abandoned Assets") in accordance with the terms of the Rejection Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Rejected Contracts identified on **Exhibit 1** attached hereto are hereby rejected as set forth herein, effective as of the later of: (a) service of the Rejection Notice; (b) the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, each as applicable, to the applicable Landlord, or in the absence of delivering such keys and codes, providing written notice to the Landlord that the Landlord may enter and re-let the premises; and (c) such other date as determined by the Court (the "Rejection Date").

2. The Abandoned Assets, if any, remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court.

3. If any affected non-Debtor party (each, a "Counterparty") to a Rejected Contract asserts a claim against the Debtors arising from the rejection of the Rejected Contract, the Counterparty shall submit a proof of claim by the later of (a) the deadline fixed by the Bankruptcy Court to file general unsecured proofs of claim; or (b) thirty (30) days after the entry of the Rejection Order.

4. If a Counterparty does not timely file a proof of claim in accordance with the terms of the Rejection Procedures Order and this Order, the Counterparty shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these Chapter 11 Cases and shall be forever barred from asserting claims for rejection damages and from participating in any distributions made in connection with these Chapter 11 Cases on account of such rejection damages.

5. Nothing herein shall reject any portion of the Rejected Contract that was partially assigned prior to the Petition Date.

6. Nothing herein shall prejudice the Debtors' rights to argue that any of the Rejected Contracts were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such Rejected Contract or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7. Nothing contained in this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (a) an admission as to the

validity of any claim against the Debtors, (b) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (f) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights of or enhance the status of any claim by any party.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

                                                    _____
                                                  THE HONORABLE MARVIN ISGUR
                                                  UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1 to Rejection Order

## List of Rejected Contracts

| Counterparty Name | Counterparty Notice Information | Contract or Lease | Real Property Address (if applicable) | Debtor | Proposed Rejection Date | Property to Be Abandoned (if applicable) |
|---|---|---|---|---|---|---|
| iLobby Corp. | iLobby Corp.<br>5255 Yonge Street, Suite 1500<br>North York, ON M2N 6P4<br>Canada<br>Phone: (855)545-6229<br>Email: sales@ilobby.com | Headquarters Contract, dated September 22, 2022 | | Compute North LLC | January 13, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC<br><br>c/o Dewitt LLP<br><br>Attn: Patrick C. Summers<br><br>901 Marquette Ave., Ste. 2100<br><br>Minneapolis, MN 55402<br><br>Email: pcs@dewittllp.com<br><br>Phone: (612) 305-1400<br><br>MVP Logistics, LLC<br><br>Attn: Rachel Williams<br><br>10205 10th Ave. N, Ste. A<br><br>Plymouth, MN 55411 | Warehouse Distribution Agreement, dated January 14, 2022 | 4918 Winnetka Ave N Plymouth, MN 55428 | Compute North LLC | February 2, 2023 | |
| MVP Logistics, LLC | MVP Logistics, LLC<br><br>c/o Dewitt LLP | First Amendment to Warehouse Distribution Agreement, dated March 4, 2022 | 4918 Winnetka Ave N Plymouth, MN 55428<br><br>8411 FM 1960 RD W #110 Humble, TX 77338 | Compute North LLC | February 2, 2023 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Attn: Patrick C. Summers<br><br>901 Marquette Ave., Ste. 2100<br><br>Minneapolis, MN 55402<br><br>Email: pcs@dewittllp.com<br><br>Phone: (612) 305-1400<br><br>MVP Logistics, LLC<br><br>Attn: Rachel Williams<br><br>10205 10th Ave. N, Ste. A<br><br>Plymouth, MN 55411 | | | | | |