# EXHIBIT F

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Rohit Shirole,

       Plaintiff,

v.

Compute North Holdings, Inc. and Compute North LLC,

       Defendants.

Case Type: Employment
Court File No. _____
Judge _____

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Compute North Holdings, Inc. and Compute North LLC (collectively referred to as "Defendants"), for their Answer to Plaintiff Rohit Shirole's ("Plaintiff" or "Shirole") Amended Complaint ("Complaint"), denies each and every allegation in the Complaint, except as otherwise expressly admitted or qualified below.

## PARTIES AND VENUE

1. Answering Paragraphs 1 and 2 of the Complaint, Defendants are without sufficient information and belief to admit or deny the allegations contained therein, and therefore, deny the same.

2. Defendants admit the allegations as set forth in Paragraphs 3 and 4.

3. Answering Paragraph 5 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants admit that venue is proper.

## FACTS

4. Answering Paragraph 6 of the Complaint, Defendants admit that they are in the business of providing colocation services to digital *cryptocurrency* mining companies.

5.	Defendants admit the allegations as set forth in Paragraphs 7, 8, 9, 10, and 11.

6.	Answering Paragraph 12 of the Complaint, Defendants admit Plaintiff did not sign a non-compete agreement, and aver that he attempted to negotiate certain terms of the non-compete agreement. Defendants deny the remaining allegations in Paragraph 7 of the Complaint as stated.

7.	Answering Paragraph 13 of the Complaint, Defendants admit Plaintiff continued working without a non-compete agreement, and aver that they continued to assert his need to execute an agreement, and he unreasonably refused.

8.	Defendants admit the allegations as set forth in Paragraphs 14 and 15 of the Complaint.

9.	Answering Paragraph 16 of the Complaint, Defendants admit Plaintiff built contacts in the colocation and cryptocurrency industries, and that some of these may have been outside of the United States. Defendants deny the remaining allegations in Paragraph 16 of the Complaint as stated.

10.	Defendants admit the allegations as set forth in Paragraphs 17, 18, and 19.

11.	Defendants deny the allegations as set forth in Paragraphs 20 and 21.

12.	Defendants admit the allegations as set forth in Paragraph 22.

13.	Answering Paragraph 23 of the Complaint, Defendants admit Plaintiff was compensated in part based on sales made, and aver that his compensation was dictated by the terms of the commission agreement, which Plaintiff signed and was bound to.

14.	Answering Paragraph 24 of the Complaint, Defendants admit changing Plaintiff's title on March 27, 2021, and aver that the title was changed to "Vice President of Strategy and Business Development."

15.	Defendants admit the allegations as set forth in Paragraph 25 of the Complaint.

16.     Answering Paragraph 26 of the Complaint, Defendants state that the Commission Plan speaks for itself, and the summary provided in Paragraph 26 is incomplete, and therefore, Defendants deny the entirety of Paragraph 26.

17.     Defendants deny the allegations as set forth in Paragraph 27, 28, and 29 of the Complaint, as stated.

18.     Answering Paragraph 30 of the Complaint, Defendants admit Plaintiff made requests for information relating to his commission payments. Defendants deny the remaining allegations as set forth in Paragraph 30 of the Complaint.

19.     Defendants deny the allegations as set forth in Paragraph 31 and 32 of the Complaint, as stated.

20.     Defendants admit the allegations as set forth in Paragraph 33 of the Complaint.

21.     Answering Paragraph 34 of the Complaint, Defendants admit Plaintiff complained that Defendants deprioritized customers in favor of Defendants own digital currency mining interests, but deny the complaints were meritorious.

22.     Defendants admit the allegations as set forth in Paragraph 35 of the Complaint.

23.     Answering Paragraph 36 of the Complaint, Defendants admit that it had to choose how to allocate available colocation storage due to capacity limitations, but deny the remaining allegations as set forth in Paragraph 36 of the Complaint, as stated.

24.     Defendants deny the allegations as set forth in Paragraph 37, 38, and 39.

25.     Answering Paragraph 40 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained within in their entirety.

26.     Defendants deny the allegations as set forth in Paragraph 41.

27.     Defendants admit the allegations as set forth in Paragraphs 42 and 43.

28.     Answering Paragraph 44 of the Complaint, Defendants admit that on October 30, 2021, Harvey sent an email to Plaintiff advising him not to attend certain events until he had executed a proposed non-compete agreement. Defendants deny the remaining allegations in Paragraph 44 of the Complaint, as stated.

29.     Answering Paragraph 45 of the Complaint, Defendants admit Harvey told Plaintiff that Defendants desired to move him out of a sales role and into a different position.

30.     Defendants deny the allegations as set forth in Paragraph 46.

31.     Defendants admit the allegations as set forth in Paragraphs 47.

32.     Answering Paragraph 48 of the Complaint, Defendants admit that the Chief Executive Officer ("CEO") previously instructed Plaintiff to attend the conference in Dubai, but aver that this directive occurred prior to Plaintiff's conversation with Harvey, which took place at the CEO's direction.

33.     Answering Paragraph 49 of the Complaint, Defendants admit that Plaintiff reported directly to the Chief Executive Officer ("CEO"), but aver that the Chief Operations Officer was acting at the CEO's direction.

34.     Answering Paragraph 50 of the Complaint, Defendants admit that it had previously announced Plaintiff's attendance at the conference in Dubai, but aver that this announcement occurred prior to Plaintiff's conversation with Harvey, which took place at the CEO's direction.

35.     Answering Paragraphs 51 and 52 of the Complaint, Defendants are without sufficient information and belief to admit or deny the allegations contained therein, and therefore, deny the same.

36. Defendants deny the allegations as set forth in Paragraphs 53, 54, 55, 56, 57 and 58 of the Complaint.

37. Defendants admit the allegations as set forth in Paragraph 59 of the Complaint.

38. Defendants deny the allegations as set forth in Paragraphs 60, 61, 62, 63, 64, and 65 of the Complaint.

39. Answering Paragraph 66 of the Complaint, Defendants admit that Plaintiff attended the conference. Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

40. Defendants admit the allegations as set forth in Paragraph 67 of the Complaint.

41. Answering Paragraph 68 of the Complaint, Defendants admit that Plaintiff participated in a conference call with Harvey regarding a planned location in Pitt County, North Carolina, and that Harvey informed the participants that the planned location would not be moving forward because of site logistics. Defendants deny the remaining allegations in Paragraph 68 of the Complaint, as stated.

42. Defendants deny the allegations as set forth in Paragraphs 69 and 70 of the Complaint, as stated.

43. Defendants deny the allegations as set forth in Paragraph 71 of the Complaint.

44. Answering Paragraph 72 of the Complaint, Defendants are without sufficient information and belief to admit or deny the allegations contained therein, and therefore, deny the same.

45. Defendants admit the allegations as set forth in Paragraph 73 of the Complaint.

46. Answering Paragraph 74 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny use of racial demographics in site selection.

47. Defendants admit the allegations as set forth in Paragraph 75 of the Complaint.

48. Answering Paragraph 76 of the Complaint, Defendants admit on November 4, 2021, Plaintiff reported certain conduct by Harvey to Human Resources, which he then formalized in a written statement.

49. Answering Paragraph 77 and 78 of the Complaint, Defendants state that Plaintiff's written statement to Human Resources speaks for itself.

50. Defendants admit the allegations as set forth in Paragraphs 79 and 80 of the Complaint.

51. Answering Paragraph 81 of the Complaint, Defendants deny that Plaintiff "interacted" with Defendants CEO or CCO, during the conference, or that he "updated" them on meetings or events he was participating in.

52. Defendants deny the allegations as set forth in Paragraph 82 of the Complaint.

53. Defendants admit the allegations as set forth in Paragraph 83 of the Complaint.

54. Defendants deny the allegations as set forth in Paragraph 84 of the Complaint.

55. Defendants admit the allegations as set forth in Paragraph 85 of the Complaint.

56. Defendants deny the allegations as set forth in Paragraphs 86 and 87 of the Complaint.

57. Defendants move to strike the allegations as set forth in Paragraphs 88 and 89 of the Complaint under Rule 408 of the Minnesota Rules of Civil Procedure.

58. Defendants deny the allegations as set forth in Paragraph 90 of the Complaint.

59. Answering Paragraph 91 of the Complaint, Defendants admit that Plaintiff's refusal to sign the non-compete agreement constitutes cause for termination, but avers that this is not the only reason constituting cause of Plaintiff's termination from employment.

60. Answering Paragraph 92 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny they lacked cause to terminate Plaintiff's employment.

61. Defendants deny the allegations as set forth in Paragraph 93 of the Complaint.

62. Answering Paragraph 94 of the Complaint, Defendants admit Plaintiff worked for Defendants without a signed non-compete agreement due to his refusal to sign the agreement after notice of such in his offer of employment.

63. Defendants admit the allegations as set forth in Paragraph 95 of the Complaint.

64. Defendants deny the allegations as set forth in Paragraphs 96 and 97 of the Complaint.

65. Answering Paragraph 98 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny they lacked cause to terminate Plaintiff's employment.

66. Defendants deny the allegations as set forth in Paragraphs 99, 100, 101, and 102 of the Complaint.

67. Defendants move to strike the allegations as set forth in Paragraphs 103, 104, 105, 106, 107, 108, 109, and 110 of the Complaint under Rule 408 of the Minnesota Rules of Civil Procedure.

68. Defendants deny the allegation as set forth in Paragraph 111 and 112.

69. Defendants move to strike the allegations as set forth in Paragraphs 113 of the Complaint under Rule 408 of the Minnesota Rules of Civil Procedure.

70. Answering Paragraph 114 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny engaging in a violation of criminal statute § 609.27.

71. Defendants move to strike the allegations as set forth in Paragraphs 115 of the Complaint under Rule 408 of the Minnesota Rules of Civil Procedure.

72. Answering Paragraph 116 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny Plaintiff alerted Defendants to an alleged violation of Minnesota criminal statute § 609.27.

73. Answering Paragraph 117, Defendants admit they terminated Plaintiff's employment for cause on December 8, 2021. Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

74. Defendants deny the allegations as set forth in Paragraphs 118, 119, 120, 121, 122, 123, 124, and 125 of the Complaint.

## COUNT I – DISCRIMINATION ON BASIS OF RACE IN VIOLATION OF MINN. STAT. § 363A.08

75. Answering Paragraph 126 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-74 as if fully contained herein.

76. Defendants deny the allegations as set forth in Paragraphs 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, and 141, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

8

**COUNT II – REPRISAL/RETALIATION PROHIBITED BY MINN. STAT. § 363A.15**

77. Answering Paragraph 142 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-76 as if fully contained herein.

78. Defendants deny the allegations as set forth in Paragraphs 143, 144, 145, 146, 147, 148, 149, 150, and 151, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

**COUNT III – FAILURE TO PAY WAGES PROMPTLY MINN. STAT. CHAP. 181**

79. Answering Paragraph 152 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-78 as if fully contained herein.

80. Answering Paragraph 153 of the Complaint, Defendants state that the allegations contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendants deny violating the named statutes.

81. Defendants deny the allegations as set forth in Paragraphs 154, 155, and 156, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

**COUNT IV – WRONGFUL TERMINATION**

82. Answering Paragraph 157 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-81 as if fully contained herein.

83. Defendants deny the allegations as set forth in Paragraphs 158, 159, 160, 161, 162, 163, 164, and 165, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

## COUNT V – MINN. STAT. § 181.932 RETALIATION IN VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT

84. Answering Paragraph 166 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-83 as if fully contained herein.

85. Defendants deny the allegations as set forth in Paragraphs 167, 168, 169, 170, 171, and 172, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

## COUNT VI – BREACH OF CONTRACT

86. Answering Paragraph 173 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-85 as if fully contained herein.

87. Defendants deny the allegations as set forth in Paragraphs 174, 175, 176, 177, and 178, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

## COUNT VII – UNJUST ENRICHMENT

88. Answering Paragraph 179 of the Complaint, Defendants incorporate the Answers of preceding Paragraphs 1-87 as if fully contained herein.

89. Defendants deny the allegations as set forth in Paragraphs 180, 181, and 182, and deny that Defendants engaged in any unlawful conduct, that Plaintiff suffered damages as a result of Defendants' unlawful conduct, or that Plaintiff is entitled to an award of damages.

## PRAYER FOR RELIEF

Insofar as Plaintiff's "Prayer for Relief," and Paragraphs A-F, contain allegations that require a response, Plaintiff denies the allegations in their entirety. Plaintiff specifically and unequivocally denies Plaintiff is entitled to judgment or relief in this matter.

10

## AFFIRMATIVE DEFENSES

1. The Complaint fail to state a claim, in whole or in part, upon which relief can be granted.

2. Plaintiff's Complaint, in whole or in part, may be barred by the applicable statute of limitations.

3. Defendants have paid Plaintiff all payments required under the parties' agreement.

4. Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, unclean hands, setoff, unjust enrichment, failure of consideration, breach of implied covenant of good faith and fair dealing, waiver, and/or estoppel.

5. Plaintiff's claims are barred on the grounds that Plaintiff has failed to satisfy the conditions precedent to payment or enforcement.

6. Plaintiff's claims, in whole or in part, may be preempted by law, rule, or regulation.

7. Plaintiff's claims fail, in whole or in part, because Defendants did not engage in protected activity, did not engage in protected conduct, did not expose knowingly false claims, and did not make a protected report.

8. Defendant's policies, practices, actions, and decisions with respect to Plaintiff were at all times based on good faith, legitimate, non-discriminatory, non-retaliatory business reasons and justifications.

9. Plaintiff's alleged damages, if any, were caused, aggravated, exacerbated or contributed to by Plaintiff's own conduct or failure to act and/or the conduct or failure to act of third-parties or entities over whom Defendants have no control.

10. Plaintiff's alleged damages, the existence of which are specifically denied, were the result of actions or inactions for which Defendants was not the direct or proximate cause.

11. Plaintiff could have, by the exercise of reasonable prudence or of diligence, limited or prevented his alleged damages, the existence of which are specifically denied. The failure and/or refusal to exercise such reasonable prudence or diligence constitutes a failure on behalf of Plaintiff to mitigate his damages.

12. Defendants asserts they may have further and additional affirmative defenses, the nature of which cannot be determined until they have had an opportunity to engage in discovery. Defendants therefore incorporate all affirmative defenses listed in or contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure as if fully set forth herein.

**WHEREFORE**, Defendants respectfully request the Court grant the following relief:

(a) Dismiss the Complaint against Defendants in its entirety with prejudice and on the merits;

(b) Deny each and every request for damages, equitable relief, and any and all other relief prayed for and otherwise described in the Complaint;

(c) Award Defendants their reasonable costs, disbursements, and attorneys' fees incurred in defending this action; and

(d) Award Defendants any other relief the Court deems just and proper.

### DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF
### PARTIES AND VENUE

1. Defendant Compute North LLC is a wholly-owned subsidiary of Defendant Compute North Holdings, Inc. (collectively, "Defendants"). Defendants perform business out of its registered office located at 7575 Corporate Way, Eden Prairie, Minnesota 55344.

2. Upon information and belief, Plaintiff is a resident of Hennepin County, Minnesota.

3. Venue is proper in this Court because these causes of action arose, and the underlying transactions occurred, in Hennepin County, Minnesota.

## FACTUAL BACKGROUND

4.    Defendants hired Plaintiff Rohit Shirole ("Plaintiff") on or about August 13, 2018 as a Vice President of Sales and Corporate Development. On or about March 27, 2021, Plaintiff's title was changed to Vice President of Strategy and Business Development. Contemporaneous with this change in title, Plaintiff executed a 2021 Sales Commission Plan ("Commission Plan"), which provided terms of payment for certain sales and performance activities.

5.    Despite the change in job title, Plaintiff's primary duties throughout his employment involved selling colocation services and colocated equipment to Defendants' current customers and partners, and prospective customers. Plaintiff was compensated by commissions on sales made for colocation services, logistics sales, customer funded capital expenditures and collocated equipment sales.

6.    Throughout the course of his employment, Plaintiff was exposed to Defendants' confidential, proprietary, and trade secret information, including, but not limited to, its targets, pricing methods and strategies, current customers and partners, prospective customer targets, and customer and prospective customer needs, revenue and sales data.

7.    Throughout the course of his employment, and in direct relation to his job responsibilities, Plaintiff built a network of contacts in the colocation and cryptocurrency industries, including with Defendants customers and prospective customers.

8.    Throughout the course of his employment, Plaintiff attended industry-related events on behalf of Defendants in an effort to serve existing customers, identify and pursue prospective customers, and build Defendant' reputation in the industry.

9.    On December 8, 2021, Defendants terminated Plaintiff's employment for cause under the Commission Plan.

10.     On or about January 14, 2022, a representative of a crypto-mining company based in the Dallas, Texas area, and Defendants' current customer, contacted Defendants and advised that Plaintiff worked as an "advisor" to their company while Plaintiff was employed with Defendants. Plaintiff was responsible for selling to and servicing this company during his employment with Plaintiff, and upon information and belief, Plaintiff received individual compensation for being an "advisor."

11.     Upon information and belief, the services provided by Plaintiff to this company were of the same nature and type provided by Defendants during the course of Plaintiff's employment with Defendants.

12.     Additionally, during the course of Plaintiff's employment, Plaintiff took specific actions designed to deprive Defendants of the benefits of its business model in favor of Plaintiff's personal interest as an advisor.

## COUNT I - BREACH OF DUTY OF LOYALTY

13.     Defendants restate and reallege the foregoing paragraphs.

14.     Plaintiff owed a duty of loyalty to Defendants.

15.     During his employment with Defendants, Plaintiff unlawfully and underhandedly used access to Defendants' clients to leverage personal interests, including, upon information and belief, Plaintiff's personal financial interests..

16.     During his employment with Defendants, Plaintiff unlawfully and underhandedly used Defendants' confidential, proprietary, and trade secret information, with the intention of diverting to himself, Defendants' customers and business, for his own personal gain.

17.     Plaintiff's acts and omissions, as set forth herein and elsewhere in this Counterclaim, constitute breaches of his duty of loyalty to Defendants.

18. Defendants have been damaged by Plaintiff's breach of his duty of loyalty.

19. Defendants are entitled to damages in an amount to be determined with specificity at trial, relative to this breach of his duty of loyalty.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT

20. Defendants restate and reallege the foregoing paragraphs.

21. During his employment with Defendants, Plaintiff unlawfully and underhandedly solicited current business from Defendants' clients knowing of their contractual relationship with Defendants, and knowing of the goodwill exerted by Defendants in obtaining and retaining its client base.

22. Defendants are entitled to damages in an amount to be determined with specificity at trial, relative to his tortious interference with contract.

## COUNT III – UNFAIR COMPETITION

23. Defendants restate and reallege the foregoing paragraphs.

24. Plaintiff's tortious interference with Defendants' contractual relationships; misappropriation of confidential, proprietary, and trade secret information from Defendants; and his use of such information to the detriment of Defendants, as described above, constitutes unfair competition in violation of common law.

25. Plaintiff's unfair competition has damaged Defendants, entitled them to damages in an amount to be determined with specificity at trial, relative to his unfair competition.

**WHEREFORE,** Defendants pray that this Court enter judgment in their favor and against Plaintiff:

    A. Ordering Plaintiff to produce all records relating to any and all personal or individual income received by Plaintiff, or any purported entity owned and/or

operating by Plaintiff, from Defendants' clients during the course of his employment with Defendants;

B. Enjoining Plaintiff from maintaining, using, or disclosing any confidential, proprietary, or trade secret information belonging to Defendants;

C. Awarding Defendants judgment against Plaintiff in an amount to be proven at trial, but in excess of $50,000;

D. Awarding Defendants their reasonable attorneys' fees and costs;

E. Awarding Defendants pre- and post-judgement interest, costs and disbursements as permitted by law, and all other relief that the Court deems just and equitable.

Dated: January 31, 2022.                    **JACKSON LEWIS P.C.**

                                            *s/Jennifer A. Nodes*
                                            Jennifer A. Nodes
                                            150 South Fifth Street, Suite 3500
                                            Minneapolis, MN  55402
                                            Tel:  (612) 341-8131
                                            Fax:  (612) 341-0609
                                            Email: Jennifer.Nodes@jacksonlewis.com

                                            **ATTORNEYS FOR DEFENDANTS**

# MINN. STAT. § 549.211
# ACKNOWLEDGMENT

The party or parties on whose behalf the attached document is served acknowledge through their undersigned counsel that sanctions may be imposed including costs, disbursements, and reasonable attorney and witness fees which may be awarded to the opposite party or parties pursuant to Minn. Stat. §549.211.

Dated: January 31, 2022.            **JACKSON LEWIS P.C.**

*s/Jennifer A. Nodes*
Jennifer A. Nodes
150 South Fifth Street, Suite 3500
Minneapolis, MN 55402
Tel: (612) 341-8131
Fax: (612) 341-0609
Email: Jennifer.Nodes@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

4858-1929-1916, v. 3