# EXHIBIT G

Filed in District Court
State of Minnesota
2/23/2022 2:53 PM

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF HENNEPIN          FOURTH JUDICIAL DISTRICT

---

Rohit Shirole,          Case Type:  Civil (Other)

         Court File No. _____

         Plaintiff,

         vs.          **ANSWER TO DEFENDANTS'**
         **COUNTERCLAIM**

Compute North Holdings, Inc. and
Compute North LLC,

         Defendants.

---

Plaintiff Rohit Shirole ("Shirole") by and for Answer to Defendants Compute North LLC and Compute North Holdings, Inc.'s (collectively "Defendants"), Counterclaims, states as follows:

1. Shirole

2. Shirole admits the allegations in Paragraph 1 of the Counterclaim.

3. Shirole admits the allegations in Paragraph 2 of the Counterclaim.

4. Shirole admits the allegations in Paragraph 3 of the Counterclaim that venue is proper in this Court.  Shirole denies the remaining allegations in Paragraph 3 and puts Defendants to their strict burden of proof.

5. Shirole admits the allegations in Paragraph 4 of the Counterclaim pertaining to his job titles.  Shirole states that the document referenced in Paragraph 4 of

27-CV-22-2274

Filed in District Court
State of Minnesota
2/23/2022 2:53 PM

the Counterclaim speaks for itself and must be read in its entirety.  Shirole therefore denies the remaining allegations in Paragraph 4 and puts Defendants to their strict burden of proof.

6.     Shirole admits the allegations in Paragraph 5 of the Counterclaim that his duties included selling colocation services and equipment.  Shirole further admits the allegations in Paragraph 5 of the Counterclaim that he was compensated, in part, by commissions.   Shirole denies the remaining allegations in Paragraph 5 of the Counterclaim and puts Defendants to their strict burden of proof.

7.     Shirole admits the allegations in Paragraph 6 of the Counterclaim that he had access to certain business data from the Defendants.  Shirole denies the remaining allegations in Paragraph 6 of the Counterclaim puts Defendants to their strict burden of proof.

8.     Shirole denies the allegations in Paragraph 7 of the Counterclaim and puts Defendants to their strict burden of proof.

9.     Shirole admits the allegations in Paragraph 8 of the Counterclaim that he attended industry related events on behalf of Defendants.  Shirole denies the remaining allegations in Paragraph 8 of the Counterclaim and puts Defendants to their strict burden of proof.

10.     Shirole admits the allegations in Paragraph 9 of the Counterclaim that Defendants terminated his employment for cause.  Shirole denies the remaining

allegations in Paragraph 9 of the Counterclaim and puts Defendants to their strict burden of proof.

11.     Shirole denies the allegations in Paragraph 10 of the Counterclaim and puts Defendants to their strict burden of proof.

12.     Shirole denies the allegations in Paragraph 11 of the Counterclaim and puts Defendants to their strict burden of proof.

13.     Shirole denies the allegations in Paragraph 12 of the Counterclaim and puts Defendants to their strict burden of proof.

14.     Paragraph 13 of the Counterclaim is summary, and no response is required. To the extent a response is required, Shirole restates and reaffirms all preceding paragraphs.

15.     Shirole denies the allegations in Paragraph 14 of the Counterclaim and puts Defendants to their strict burden of proof.

16.     Shirole denies the allegations in Paragraph 15 of the Counterclaim and puts Defendants to their strict burden of proof.

17.     Shirole denies the allegations in Paragraph 16 of the Counterclaim and puts Defendants to their strict burden of proof.

18.     Shirole denies the allegations in Paragraph 17 of the Counterclaim and puts Defendants to their strict burden of proof.

Filed in District Court
State of Minnesota
2/23/2022 2:53 PM

19.     Shirole denies the allegations in Paragraph 18 of the Counterclaim and puts Defendants to their strict burden of proof.

20.     Shirole denies the allegations in Paragraph 19 of the Counterclaim and puts Defendants to their strict burden of proof.

21.     Paragraph 20 of the Counterclaim is summary, and no response is required. To the extent a response is required, Shirole restates and reaffirms all preceding paragraphs.

22.     Shirole denies the allegations in Paragraph 21 of the Counterclaim and puts Defendants to their strict burden of proof.

23.     Shirole denies the allegations in Paragraph 22 of the Counterclaim and puts Defendants to their strict burden of proof.

24.     Paragraph 23 of the Counterclaim is summary, and no response is required. To the extent a response is required, Shirole restates and reaffirms all preceding paragraphs.

25.     Shirole denies the allegations in Paragraph 24 of the Counterclaim and puts Defendants to their strict burden of proof.

26.     Shirole denies the allegations in Paragraph 25 of the Counterclaim and puts Defendants to their strict burden of proof.

## AFFIRMATIVE DEFENSES

1.      The Counterclaim fails to state a claim upon which relief can be granted.

4

27-CV-22-2274

Filed in District Court
State of Minnesota
2/23/2022 2:53 PM

2.      Defendants' claims are retaliatory and prohibited by law.

3.      Defendants' claims are subject to an offset.

4.      Defendants' claims are barred by the doctrine of *laches* of waiver.

5.      Defendants' claims are barred by the doctrine of unclean hands.

6.      Defendants consented to the conduct purportedly underlying the Counterclaims.

7.      Defendants; claimed proprietary and confidential information was already known to third parties or publicly available.

8.      Defendants did not adhere to reasonable standards to protect their purported confidential information or notify Shirole that such information was confidential.

9.      Defendants' claimed proprietary and confidential information is not a trade secret, as defined by law.

10.     Defendants' claims amount to an unreasonable restriction on employment and commercial activity prohibited by law.

11.     Defendants' claimed damages were caused by a third-party over whom Shirole had no control or authority.

12.     Defendants' have failed to mitigate their damages.

13.     Shirole reserves the right to assert additional affirmative defenses that may become available in litigation or discovery.

5

**WHEREFORE**, Shirole requests an Order from this Court as follows:

1. Issuing Judgment in favor of Shirole on all counts;

2. Dismissing Defendants' Counterclaims, with prejudice, and ordering they take nothing by it;

3. Awarding Shirole the relief requested in his Complaint;

4. Awarding Shirole his costs, disbursements, and attorneys' fees; and

5. All other relief that this Court deems just and equitable.

CHESTNUT CAMBRONNE PA

Dated: February 21, 2022

By: /s/ Emeric J. Dwyer
    Emeric J. Dwyer (#0389471)
    100 Washington Avenue S, Suite 1700
    Minneapolis, Minnesota 55401
    Telephone No. (612) 339-7300
    edwyer@chestnutcambronne.com

*Attorneys for Plaintiff Rohit Shirole*

## ACKNOWLEDGMENT

Plaintiff, through its undersigned attorney, hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes Section 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: February 21, 2022

/s/ Emeric J. Dwyer
Emeric J. Dwyer

6