**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) ) | Case No. 22-90273 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION BY AND BETWEEN THE
DEBTORS AND MARATHON DIGITAL HOLDINGS,
INC. REDUCING AND ALLOWING PROOF OF CLAIM NO. 36**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Marathon Digital Holdings, Inc. (together with its affiliates, "Marathon", and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby enter into this stipulation (this "Stipulation") and stipulate and agree as follows:

**WHEREAS**, on September 22, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on September 26, 2022, the Bankruptcy Court entered the *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of 30 Largest Unsecured Creditors, and (C) Redact Certain Individual and Customer Confidential Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, (III) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), and (IV) Granting Related Relief* [Docket No. 86] (the "Bar Date Order").

**WHEREAS**, the Bar Date Order effectively set November 23, 2022, at 5:00 p.m. (prevailing Central Time) as the deadline (the "Claims Bar Date") to file a request for allowance of all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined in the Bar Date Order) as set forth in the Bar Date Order.

**WHEREAS**, on November 23, 2022, Marathon timely filed Proof of Claim No. 36, in the Compute North LLC case (Case No. 22-90275) (the "Marathon POC"), which asserts a general unsecured claim in the amount of approximately: (i) $42,398,216.55 for claims arising under the Hosting Agreements (as defined in the Marathon POC); (ii) $21,266,580.63, plus fees and expenses for claims arising under that certain *Senior Promissory Note*, dated as of July 1, 2022, by and between Marathon, as Lender, and Compute North LLC, as Borrower (the "Marathon Note"); (iii) $14,000,000 for claims arising from the breach of a letter of intent between Marathon and Compute North LLC; and (iv) for at least $1,700,000, plus an additional $250,000 daily for lost revenue, profits and other damages claims against the Debtors (collectively, the "Marathon Claim").

**WHEREAS**, pursuant to a stipulation dated December 22, 2022 [Docket No. 708] (the "Marathon Note Stipulation"), Marathon's claims relating to the Marathon Note were previously allowed as a General Unsecured Claim in the amount of $20,266,580.63 ("Marathon Note Claim").

Pursuant to the Marathon Note Stipulation, Marathon reserved all its rights regarding all other claims asserted by Marathon and its affiliates in the Marathon POC against the Debtors.

**WHEREAS**, on December 21, 2022, the Bankruptcy Court entered the *Order (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 715] (the "Solicitation Procedures Order").

**WHEREAS**, following entry of the Solicitation Procedures Order, the Debtors commenced soliciting acceptances of the *Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* [Docket No. 723] (as amended, revised and supplemented from time to time, the "Chapter 11 Plan").[2]

**WHEREAS**, Marathon received a Class 3 ballot from the Debtors providing Marathon with a General Unsecured Claim in the amount of $1.00 for voting purposes.

**WHEREAS**, Marathon received a Class 7 ballot from the Debtors providing Marathon with Preferred Equity Interests in the amount of 39,597 shares of Series C Preferred Stock for voting purposes.

**WHEREAS**, Marathon disputes the amount of its claim as reflected in the Class 3 ballot for holders of General Unsecured Claims provided by the Debtors.

**WHEREAS**, the Debtors dispute certain amounts asserted by Marathon in the Marathon POC.

**WHEREAS**, the Debtors represent that, with respect to Marathon's deposit claims arising under the Hosting Agreements: (i) the Debtors have transferred $30,325,490.52 of Marathon's deposits relating to the King Mountain facility to TZRC King Mountain LLC; (ii) the Debtors have transferred $2,368,992.00 of Marathon's deposits to relating to the Wolf Hollow facility to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Marathon POC or the Chapter 11 Plan, as applicable.

CN Wolf Hollow LLC; and (iii) the Debtors have transferred approximately $487,721.61 of Marathon's deposits relating to the Kearney facility to Compute North NE05 LLC.

**WHEREAS**, the Parties have engaged in extensive arm's-length, good faith negotiations concerning the amount of the Marathon Claim, and have agreed to resolve their disputes regarding the Marathon POC and Marathon's ballots, as set forth in this Stipulation.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated herein by reference with the same force and effect as if fully set forth hereinafter.

2. The Parties stipulate and agree that the Marathon POC shall be allowed as a single general unsecured claim of Marathon Digital Holdings, Inc. against debtor Compute North LLC in the amount of $40,000,000.00 (which amount is inclusive of the previously allowed Marathon Note Claim, the "Allowed Claim") for all purposes, including but not limited to voting and distribution purposes under any confirmed chapter 11 plan.

3. The Parties stipulate and agree that Marathon has Preferred Equity Interests allowed in the amount of 39,597 shares of Series C Preferred Stock (the "Allowed Interests") for all purposes, including but not limited to voting and distribution purposes under any confirmed chapter 11 plan.

4. Marathon agrees to vote the Allowed Claim to accept the Chapter 11 Plan.

5. Marathon agrees to vote the Allowed Interests to accept the Chapter 11 Plan.

6. Subject to paragraph 7 below, Marathon agrees that it will not opt out of any releases set forth in the Chapter 11 Plan.

7. Any order confirming the Chapter 11 Plan shall state that notwithstanding anything to the contrary in the Chapter 11 Plan or Confirmation Order, including the Releases set forth in Section 9.4 of the Chapter 11 Plan, nothing in the Chapter 11 Plan or the Confirmation Order will release any entity's obligations to Marathon or Marathon's claims against such entity arising from

any contract, instrument, document, or agreement with Marathon that has been assigned by the Debtors (in whole or in part, whether before or after the Petition Date).

8. Nothing in this Stipulation affects or shall be deemed to affect Marathon's rights to assert any and all rights, equitable or otherwise, to setoff or recoup against any claims asserted by any third party against Marathon.

9. Nothing in this Stipulation prevents Marathon from seeking reconsideration pursuant to section 502(j) of the Bankruptcy Code of the portion of the Marathon Claim relating to Marathon's claims arising under the Hosting Agreements for deposits. The Debtors agree that they will not oppose any such request for reconsideration by Marathon to the extent that the applicable counterparty to a Hosting Agreement that has been assigned by the Debtors (in whole or in part, either prior to or after the Petition Date) did not receive the deposits listed in the penultimate recital above and refuses to honor Marathon's deposits in accordance with the terms of the respective Hosting Agreement.

10. The Parties stipulate and agree that this Stipulation shall be binding upon (i) any person or entity acting through, or on behalf of, or claiming to act through, or on behalf of, the Debtors or their estates, including, but not limited to the Plan Administrator, and (ii) any successors in interest and assigns, including, without limitation, any wind down estate or trustee in bankruptcy.

11. Notwithstanding anything to the contrary herein, upon the execution of this Stipulation by the parties hereto, the Debtors shall cause the Claims and Noticing Agent to transmit to Marathon a revised Ballot reflecting the amount of the Allowed Claim for voting purposes.

12. Notwithstanding anything to the contrary herein, upon execution of this Stipulation by the Parties, the Debtors agree to extend pursuant to the Solicitation Procedures Order the Voting Deadline for Marathon through and including the date that is three business days following the entry of an order by the Court with respect to this Stipulation (the "Marathon Voting Deadline"). For the avoidance of doubt, the Debtors agree the Marathon Voting Deadline shall apply to Marathon regardless of whether the Court approves the relief requested in the Stipulation.

13. The Bankruptcy Court retains exclusive jurisdiction and power to interpret and enforce the terms of this Stipulation.

14. The Claims and Noticing Agent (as defined in the Chapter 11 Plan) and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation.

**AGREED TO FORM AND SUBSTANCE**:

Dated: January 29, 2023

*/s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

- and -

**PAUL HASTINGS LLP**
Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
         sayanbhattacharyya@paulhastings.com
         danielginsberg@paulhastings.com

- and -

**PAUL HASTINGS LLP**
Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
         michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Alfredo R. Perez*
**WEIL, GOTSHAL & MANGES LLP**
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Gary T. Holtzer (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
Alexander P. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Emails: Gary.Holtzer@weil.com
          Jessica.Liou@weil.com
          Alexander.Cohen@weil.com

*Counsel for Marathon Digital Holdings, Inc.*