**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

### STIPULATION OF SETTLEMENT BY AND BETWEEN THE DEBTORS AND RK MISSION CRITICAL LLC

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and RK Mission Critical LLC (together with its affiliates, "RKMC", and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby enter into this stipulation (this "Stipulation") and stipulate and agree as follows:

**WHEREAS**, on September 22, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

**WHEREAS**, on September 26, 2022, the Bankruptcy Court entered the *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of 30 Largest Unsecured Creditors, and (C) Redact Certain Individual and Customer Confidential Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, (III) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), and (IV) Granting Related Relief* [Docket No. 86] (the "Bar Date Order").

**WHEREAS**, the Bar Date Order effectively set November 23, 2022, at 5:00 p.m. (prevailing Central Time) as the deadline (the "Claims Bar Date") to file a request for allowance of all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined in the Bar Date Order) as set forth in the Bar Date Order.

**WHEREAS**, on November 20, 2022, RKMC timely filed Proof of Claim No. 27, in the Compute North LLC case (Case No. 22-90275) (the "RKMC Claim"),[2] which asserts a partially secured claim in the amount $64,480,618 for claims arising under various commercial agreements. Among the components asserted in the RKMC Claim are the following:

(a) Unpaid invoices for delivered goods -- $18,190,000

(b) Contractual value of goods refused -- $43,222,684

(c) 18% interest on unpaid invoices -- $1,156,427

(d) Attorney fees for bankruptcy work -- $49,611

(e) All additional costs directly traceable to breach -- $546,839

(f) All additional costs indirectly traceable to breach -- $1,314,957

**Total: $64,480,618.** Of this amount, RKMC asserts that $19,346,527 is a secured claim and the balance of $45,134,091 is an unsecured claim.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the RKMC Claim.

**WHEREAS**, prior to the Petition Date, Mining Project Wind Down LLC (f/k/a Compute North LLC) ("CNLLC") was party to that certain teaming agreement, dated as of April 9, 2020 (collectively with the Standard Terms and Conditions of Sale, Revision November 2020 referenced in order forms thereunder (the "Terms"), as amended, supplemented, or otherwise modified from time to time, the "Teaming Agreement"), under which RKMC agreed to provide, and CNLLC agreed to accept, the assistance of RKMC in designing, developing and manufacturing modules for CNLLC's business;

**WHEREAS**, on various occasions between May 26, 2021 and December 21, 2021, CNLLC executed purchase orders (the "Purchase Orders") to purchase certain containers from RKMC, which were governed by and subject to the Terms and by which CNLLC granted RKMC "a security interest in any Goods provided by RKMC and all attachments, replacements and proceeds thereof, to secure Buyer's performance hereunder and payment of the purchase price, interest on any past due amounts as set forth in Section 2 and the costs of collection, including reasonable attorney's fees."  At the time the purchased containers were actually delivered to CNLLC, pursuant to the Purchase Order, RKMC had not filed a UCC-1 financing statement to perfect its security interest in the containers.  On or about July 26, 2022, RKMC filed a UCC-1 financing statement (the "July 26 Financing Statement") against CNLLC with the secretary of state of the State of Delaware;

**WHEREAS**, the July 26 Financing Statement purported to perfect a security interest in "[a]ll goods sold by [RKMC] and delivered to [CNLLC] including, without limitation, all Goods sold by [RKMC] and delivered to Debtor hereafter, wherever located," including the purchased containers.  On July 28, 2022, RKMC filed a UCC-3 statement (the "UCC-3", and collectively with the July 26 Financing Statement, the "Financing Statements") amending the collateral description contained in the July 26 Financing Statement to provide a specific list of containers that were to be subject to RKMC's security interest. The effect of the UCC-3 was to render unperfected RKMC's security interest in containers RKMC had delivered to CNLLC other than

those listed in the UCC-3.  The filing of the Financing Statements occurred less than ninety (90) days prior to the Petition Date;

**WHEREAS**, the Debtors have possession of sixty-two (62) containers (the "Remaining Containers"), as to which RKMC asserts a perfected security interest, which the Debtors dispute;

**WHEREAS**, the Debtors assert that: (i) the filing of the Financing Statements and the purported perfection of RKMC's security interest as set forth therein, were transfers within the meaning of 11 U.S.C. §§ 101(54) and 547 (the "Transfers"); (ii) the Transfers of some or all containers that were to be subject to RKMC's security interest occurred more than thirty (30) days after the delivery of the purchased containers to CNLLC, and the Debtors assert that upon the commencement of these Chapter 11 Cases, the Debtors' interests in the delivered containers became property of the Debtors' Estates; (iii) the Debtors possess colorable claims against RKMC to avoid the Transfers under 11 U.S.C. § 547(b), to preserve the Transfers and any purported security interest granted thereby, pursuant to 11 U.S.C. § 551, for the benefit of the Debtors' Estates, and to recover the amount of any deposits, payments or prepayments made by the Debtors to RKMC;

**WHEREAS**, on April 6, 2022, RKMC issued a change order (the "Change Order") to upgrade containers scheduled for manufacture and delivery to the Minden Facility with 266 fans equipped with nylon blade aero-acoustical low sound impellers (the "Specialty Fans") for an upgrade price of $307,496.00.  The Change Order was approved and executed by the Debtors on April 12, 2022.  Also on April 12, 2022, RKMC provided the Debtors with an application for payment which detailed the net change of the original contract sum to account for the added costs associated with the procurement and installation of the Specialty Fans in containers to be delivered to the Minden Facility;

**WHEREAS**, the Debtors have asserted, and RKMC disputes, that on May 15, 2022, the Debtors paid in full for the Specialty Fans, as part of a larger payment to RKMC totaling $1,742,600.00, and that to date, the Debtors have not received possession of the Specialty Fans, at

4

the Minden Facility or otherwise, and that the Specialty Fans constitute property of the Debtors' estates that the Debtors are entitled to use, sell, or lease under section 363 of the Bankruptcy Code;

**WHEREAS**, the Debtors have asserted, and RKMC disputes, that RKMC's failure to deliver the Specialty Fans to the Debtors constituted a violation of Bankruptcy Code section 542, that RKMC's refusal to turn over the Specialty Fans is an improper attempt to setoff obligations in violation of Bankruptcy Code section 553, and that the Debtors also possess a right of replevin with respect to the Specialty Fans pursuant to § 2-716 of the Uniform Commercial Code, as adopted in Colorado, as well as claims for breach of contract, unjust enrichment and conversion;

**WHEREAS**, the Debtors listed these claims in the Second Amended Schedule of Retained Causes of Action, filed with the Bankruptcy Court on January 19, 2023, and reserved all rights, remedies, claims and causes of action against RKMC, including those described above and any others arising from or relating to in any way the foregoing transactions and events, based on the applicable contracts or agreements, the Bankruptcy Code, the Uniform Commercial Code, and other applicable state and federal law;

**WHEREAS**, RKMC denies liability for the claims and causes of action reserved by Debtors and intends to assert affirmative defenses and general denials to all such Debtor claims;

**WHEREAS**, pursuant to the *Order (I) Approving the Sale of Certain Assets of Compute North LLC to Crusoe Energy Systems, LLC Free and Clear of All Liens, Claims, and Encumbrances and (II) Granting Related Relief* [Docket No. 493] (the "Crusoe Sale Order"), the Debtors sold two containers (the "Crusoe Containers"), in which RKMC asserted a security interest, to Crusoe Energy Systems, LLC. Pursuant to the Crusoe Sale Order, the Debtors and RKMC agreed that any valid security interest held RKMC in the Crusoe Containers would attach to the proceeds of the containers (the "Crusoe Proceeds");

**WHEREAS**, pursuant to the *Order (I) Approving the Sale of the Purchased Assets Free and Clear of All Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 531] (the "Foundry Sale Order"), the Debtors sold nineteen containers (the

5

"Foundry Containers"), in which RKMC asserted a security interest, to Foundry Digital LLC. Pursuant to the Foundry Sale Order, the Debtors and RKMC agreed that any valid security interest held RKMC in the Foundry Containers would attach to the proceeds of the containers (the "Foundry Proceeds" and together with the Crusoe Proceeds Interest, the "Proceeds Interest").

**WHEREAS**, the Debtors continued to dispute certain amounts asserted by RKMC in the RKMC Claim, as well as the extent, if any, to which RKMC has a security interest in any of the Remaining Containers, and have engaged in extensive, arms-length, good faith negotiations with RKMC is an effort to resolve the disputes and arrive at a mutually beneficial resolution; and

WHEREAS, the Parties have agreed to resolve their disputes regarding the RKMC Claim, as set forth in this Stipulation.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. The above recitals are incorporated herein by reference with the same force and effect as if fully set forth hereinafter.

2. The RKMC Claim is allowed as an Allowed General Unsecured Claim in the total amount of $49,602,406 (the "Allowed Claim") for voting and distribution purposes.

3. RKMC waives and releases any liens or security interests it holds or may hold in the Remaining Containers owned by the Debtors' estates, and authorizes the Debtors to file UCC-3 termination statements with the appropriate governmental units to document such waiver and release.

4. RKMC releases the Proceeds Interest, including but not limited to all claims to any security interests or rights it may have in the Crusoe Proceeds and the Foundry Proceeds related to the sale of the Crusoe Containers and the Foundry Containers, in exchange for fifteen percent (15%) of sale proceeds from the Remaining Containers. The Debtors will continue to market the Remaining Containers for sale and RKMC will receive fifteen percent (15%) of sale proceeds from the Remaining Containers upon the closing of any such sales. The Parties acknowledge that this arrangement may result in recovery for RKMC that is slightly less than the full sale value of the

ten (10) or more containers that CNLLC received from RKMC within the 30-day period ending July 26, 2022, which the Parties agree are not subject to avoidance, pursuant to 11 U.S.C. § 547(c)(3)(B)).

5. Upon the occurrence of the Minden Closing (as defined in the Asset Purchase Agreement by and between Foundry Digital LLC and Compute North LLC, Compute North SD, LLC, Compute North Texas LLC, CN Mining LLC, and CN Minden LLC, dated as of November 19, 2022 (a copy of which is attached to the Foundry Sale Order), the Debtors shall pay $650,000 to RKMC, in payment of the outstanding cost of fan motors and assemblies and shipping costs related to the Specialty Fans. Upon receipt of the payment of $650,000, RKMC shall promptly release and ship the Specialty Fans to Foundry.

6. RKMC agrees to vote the Allowed Claim to accept the Plan, will not opt out of the releases set forth in the Plan, and will not object to the Plan.

7. Upon the Effective Date of the Plan, the adversary complaint filed by the Debtors against RKMC, bearing Adversary No.: 23−03006, will be dismissed with prejudice. In reliance on this stipulation, RKMC will not file an answer to the adversary complaint and Debtors will not pursue default judgment against RKMC in the event that the deadline for an answer passes prior to the Effective Date of the Plan.

8. Upon the Effective Date of the Plan, RKMC, for itself and on behalf of its affiliates, and each of their respective officers, directors, employees, agents, representatives and professionals (collectively, the "RKMC Parties") hereby release the Debtors, their affiliates, and each of their respective officers, directors, employees, agents, representatives and professionals (collectively, the "Debtor Parties"), and the Debtor Parties hereby release the RKMC Parties, from any and all claims, causes of action, damages or other liabilities arising from or related to the transactions subject of this Stipulation, and all such claims, causes of action, damages and other liabilities shall be released and discharged in their entirety, *provided however*, that the Parties' respective rights and obligations under this Stipulation shall remain unaffected by such releases, the confirmation of the Plan or the occurrence of the Effective Date, and nothing herein shall affect

rights of the Parties under this stipulation nor RKMC's rights to distributions under the Plan on account of the Allowed Claim.

9. The settlement embodied in this Stipulation is subject to court approval and will be effective upon the entry of an order confirming the Plan.

10. This Stipulation shall be binding upon (i) any person or entity acting through, or on behalf of, or claiming to act through, or on behalf of, the Debtors or their estates, including, but not limited to the Plan Administrator, and (ii) any successors in interest and assigns, including, without limitation, any wind down estate or trustee in bankruptcy.

11. RKMC expressly reserves all rights regarding the Allowed Claim.

12. Notwithstanding anything to the contrary herein, upon the execution of this Stipulation by the parties hereto, the Debtors shall cause the Claims and Noticing Agent to transmit to RKMC a revised Ballot reflecting the amount of the Allowed Claim for voting purposes.

13. The Bankruptcy Court retains exclusive jurisdiction and power to interpret and enforce the terms of this Stipulation.

14. The Claims and Noticing Agent (as defined in the Chapter 11 Plan) and the Clerk of the Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation.

**AGREED TO FORM AND SUBSTANCE**:

Dated: January 31, 2023

| | |
|---|---|
| */s/ James T. Grogan*<br>**PAUL HASTINGS LLP**<br>James T. Grogan III (24027354)<br>600 Travis Street, 58th Floor<br>Houston, Texas 77002<br>Telephone: (713) 860-7300<br>Facsimile: (713) 353-3100<br>Email: jamesgrogan@paulhastings.com | */s/ Patrick M. Haines*<br>**BERG HILL GREENLEAF RUSCITTI LLP**<br>Patrick M. Haines<br>1712 Pearl St.<br>Boulder, CO 80302<br>Telephone: (303) 245-4574<br>Email:  pmh@bhgrlaw.com<br><br>*Counsel for RK Mission Critical LLC* |

- and -

**PAUL HASTINGS LLP**
Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

- and -

**PAUL HASTINGS LLP**
Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com
       michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*