IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MINING PROJECT WIND DOWN HOLDINGS, INC., | § | Case No. 22-90273 (MI) |
| (f/k/a Compute North Holdings, Inc.), *et al.*, | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## NOTICE OF COMMITTEE RECOMMENDATION TO UNSECURED CREDITORS TO VOTE TO ACCEPT THE DEBTORS' CHAPTER 11 PLAN

**PLEASE TAKE NOTICE** that following extensive negotiations between the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**") and the above-captioned debtors and debtors in possession (the "**Debtors**"), the Committee and the Debtors have reached an agreement on revisions to the Debtors' chapter 11 Plan (as defined below) that address the Committee's prior concerns and the Committee now recommends that unsecured creditors entitled to vote on the Plan vote to **ACCEPT** the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

**PLEASE TAKE FURTHER NOTICE** that on December 12, 2022, the United States Bankruptcy Court for the Southern District of Texas entered an *Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures With Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief* [ECF No. 715] (i) authorizing the Debtors to solicit votes on the *Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "**Plan**");[2] (ii) conditionally approving the *Disclosure Statement for the Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates* (the "**Disclosure Statement**")[3] as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan (the "**Plan Voting Process**") and for filing objections to confirmation of the Plan and final approval of the Disclosure Statement; and (d) approving certain solicitation materials and documents to be included in the solicitation packages (the "**Solicitation Packages**") to be distributed to creditors of and holders of interests in the Debtors in connection with the Plan Voting Process.

**PLEASE TAKE FURTHER NOTICE** that on December 27, 2022, the Debtors served the Solicitation Packages in the manner described in the *Affidavit of Service of Solicitation Documents* [ECF No. 757].

---

[2] The solicitation version of the Plan was filed as Exhibit A to the *Notice of Filing of Solicitation Versions of the Disclosure Statement and Joint Liquidating Chapter 11 Plan* [ECF No. 723]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[3] The solicitation version of the Disclosure Statement was filed as Exhibit B to the *Notice of Filing of Solicitation Versions of the Disclosure Statement and Joint Liquidating Chapter 11 Plan* [ECF No. 723].

**PLEASE TAKE FURTHER NOTICE** that, among the approved solicitation materials and documents included in the Solicitation Packages served on the holders of the Class 3 General Unsecured Claims and the Class 4 Parent GUC Claims was a letter (the "**Committee Letter**") from the Committee to all unsecured creditors concerning their consideration of whether to vote in favor of the Plan.[4]

**PLEASE TAKE FURTHER NOTICE** that, based on the then-known facts and circumstances and the information provided by the Debtors and their professionals, the Committee Letter urged all unsecured creditors to vote against the Plan and opt out of the releases unsecured creditors were being asked to provide under the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Committee and the Debtors have engaged in ongoing negotiations regarding revisions to the Plan provisions that proposed to release third parties, including all of the Debtors' current and former directors and officers, without first completing an investigation into whether there are causes of action against such parties, which causes of action could be covered by applicable insurance policies maintained by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, as a result of such negotiations, the Committee and the Debtors have agreed upon revised language (the "**Agreed Revised Language**") that will be included in a *Third Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates*.

**PLEASE TAKE FURTHER NOTICE** that the Agreed Revised Language contemplates the following:[5]

---

[4] *See Affidavit of Service of Solicitation Documents* [ECF No. 757] ¶¶ 3(a) and 3(b).
[5] The following summary of the Agreed Revised Language does not purport to be complete and is subject to, and qualified in its entirety, by the Agreed Revised Language.

- certain identified directors and officers of the Debtors as of the Petition Date (each, an "**Identified D&O**") shall be released and discharged from all claims and Causes of Action based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out of court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except to the extent that any claims or Causes of Action against any such person arises out of such person's actual fraud, willful misconduct, or gross negligence;

- any individual that served as a director and/or officer of the Debtors as of the Petition Date who is not identified as an Identified D&O (each, an "**Other D&O**") shall be a Released Party solely to the extent that such party's legal obligations for any wrongful acts exceed the applicable combined limits (taking into account covered defense costs) of the Debtors' available insurance policies that cover, among others, current or former directors, members, trustees, managers, and officers, provided, however, that no claims or Causes of Action against any such person that arises out of such person's actual fraud, willful misconduct, or gross negligence shall be released; and

- any of the Debtors' current and former officers, directors and managers who is not an Identified D&O or an Other D&O shall not be a Released Party under the Plan.

**PLEASE TAKE FURTHER NOTICE** that based upon the results of its negotiations with the Debtors and the Agreed Revised Language, the Committee believes that the Plan, as modified by the Agreed Revised Language, is in the best interests of the Debtors' unsecured creditors. In view of the foregoing, the Committee hereby revises its recommendation to all unsecured creditors to a recommendation that all unsecured creditors **VOTE IN FAVOR** of the Plan by indicating your acceptance of the Plan on the ballot you received from the Debtors.

**PLEASE TAKE FURTHER NOTICE** that in order for your vote to count, your ballot must be received by the balloting agent, Epiq, by the Voting Deadline, which is February 1, 2023 at 4:00 p.m. (prevailing Central Time).

**PLEASE TAKE FURTHER NOTICE** that if you previously cast a ballot to reject the Plan, you may cast a new ballot to accept the Plan, provided that the new ballot must be received by the balloting agent, Epiq, by the Voting Deadline, which is February 1, 2023 at 4:00 p.m. (prevailing Central Time).  Under the Plan Voting Process, the later filed ballot will supersede your earlier ballot.

**PLEASE TAKE FURTHER NOTICE** that you are urged to carefully read the Disclosure Statement, the Plan, and the exhibits attached to each of the foregoing in their entirety.  The description of the Plan and the Agreed Revised Language in this letter is intended to be only a summary prepared by the Committee.  This Notice does not constitute and shall not be construed as a solicitation by any individual member of the Committee, and may not be relied upon for any purpose other than the Committee's views on how to vote on the Plan.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: January 31, 2023 | Respectfully submitted,<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Charles R. Gibbs*<br>Charles R. Gibbs<br>Texas State Bar No. 7846300<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>Email: crgibbs@mwe.com<br><br>-and-<br><br>Kristin K. Going (admitted *pro hac vice*)<br>Darren Azman (admitted *pro hac vice*)<br>Stacy A. Lutkus (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY 10017-5404<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>Email: kgoing@mwe.com<br>         dazman@mwe.com<br>         salutkus@mwe.com<br>         nrowles@mwe.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

## **CERTIFICATE OF SERVICE**

I certify that on January 31, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs