| | |
|---|---|
| Jeffrey D. Klobucar (jklobucar@bassford.com) <br> MN State Bar No. 0389336 <br> (*admitted pro hac vice* [ECF #190]) <br> **BASSFORD REMELE, P.A.** <br> 100 South Fifth Street, Suite 1500 <br> Minneapolis, MN 55402 <br> (612) 333-3000 – Telephone <br> (612) 746-1239 - Facsimile | J. Michael Sutherland (msutherland@ccsb.com) <br> State Bar No. 19524200 <br> Robert C. Rowe (rrowe@ccsb.com) <br> State Bar No. 24086253 <br> **CARRINGTON, COLEMAN,** <br> **SLOMAN & BLUMENTHAL, L.L.P.** <br> 901 Main Street, Suite 5500 <br> Dallas, TX 75202 <br> (214) 855-3000 – Telephone <br> (214) 580-2641 – Facsimile |

**BANKRUPTCY COUNSEL FOR ROHIT SHIROLE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** <br><br> **MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al.,**[1] <br><br> **Debtors.** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CHAPTER 11** <br><br> **CASE NO. 22-90273 (MI)** <br><br> **(JOINTLY ADMINISTERED)** |

**ROHIT SHIROLE'S EMERGENCY MOTION TO REDUCE DEADLINES FOR DISCOVERY AND COMPEL DISCOVERY RESPONSES IN ANTICIPATION OF EMERGENCY MOTION FOR TEMPORARY CLAIM ALLOWANCE PURSUANT TO BANKRUTPCY RULE 3018, PURSUANT TO BANKRUPTCY RULES 7037, 9006(C), 9014, AND 11 U.S.C. § 105**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

### Notice pursuant to L.B.R. 9013-1(i)

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

### Notice pursuant to L.B.R. 9013-1(b)

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

### Notice of Request for Emergency Hearing

**Movant requests a hearing as soon as possible, as the hearing on the Motion for Temporary Allowance for Purposes of Voting is set for 9 a.m. on Thursday, February 9, 2023.**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Shirole ROHIT SHIROLE ("Shirole" or "Movant"), and files this *Emergency Motion to Compel Discovery in Anticipation of Emergency Motion for Temporary Claim Allowance Pursuant To Bankruptcy Rule 3018 And 11 U.S.C. § 105* (the "Motion"), and in support thereof would respectfully show the Court as follows:

## INTRODUCTION AND BASIS FOR EMERGENCY RELIEF

The relationship between Shirole and the Debtors has been already well-documented in this matter through a number of pleadings, and for purposes of brevity will not be restated in a fulsome manner here. (*See* ECF Nos. 342, 455, 764, 764, 774, 814, 816, 818, 874, 875, 894)

In October 2022, Shirole moved for relief from stay to continue to advance his claims against the Debtor that were already part of a Minnesota state court lawsuit. (*See* ECF 342) Both the Debtors and the Committee objected to that motion, arguing, inter alia, that Shirole is not entitled to stay relief for failure to show cause. (*See* ECF 342) In the interim, for purposes of understanding whether there might be applicable insurance coverage for Shirole's claims, bearing on whether defending against Shirole's claims would impact the Debtors' estates, Shirole, through counsel, inquired of the Debtor as to whether it would produce certain D&O policies. (*See* Exhibit A to the Declaration of Jeffrey D. Klobucar (the "Klobucar Decl.") submitted herewith) On November 4, 2022, the Debtors complied with the initial request and produced the following D&O policies to Shirole, through counsel:

- CN-DIP-Relm-Binder-2022
- CN-PDO-00-Relm-Policy 2022
- CN-PDO-00-Relm-Policy Run-off Endt-2022
- CN-PDO-01-Banyan-Policy 2022
- CN-PDO-01-Banyan-Policy Run off Endt-2022

(*See* Exhibit A to the Klobucar Decl.)

On November 11, 2023, Shirole filed his proofs of claim against the Debtors (the "Claims").[2] On December 5, 2022, Shirole inquired with the Debtors as to whether it would produce updated policies, demonstrating the coverages in place during the time period from October – December 2021—i.e., the periods applicable to Shirole's Claims. (*See* Exhibit A to the Klobucar Decl.) The Debtors did not respond to that email until January 3, 2023, days after they had similarly objected to the motion for relief from stay, but did not produce any of the requested documents. (*See* Exhibit A to the Klobucar Decl.; ECF 764, 774) Thereafter, the Debtors, the Committee, and Shirole agreed to continue the hearing on the motion for relief from stay to January 17, 2023, in hopes that a resolution might be reached. (*See* ECF 780)

On January 10, 2023, Shirole requested the following three categories of information relevant to his Claims against the Debtors, and the motion for relief from stay:

First,

1. Copies of all signed customer and Joint Venture contracts, addenda, schedules and Order Forms from July 2020 through December 9, 2022;

2. Copies of all invoices from manufacturers from which the Debtors purchased miners from July 2020 through December 9, 2022;

3. Calculations for all profit-sharing agreements with Bit Digital through December 9, 2022;

4. Copies of all customer invoices for hardware purchases and hosting services from July 2020 through January 2023;

5. Copies of all Power Purchase Agreements (PPAs) along with power invoices from July 2020 through January 2023.

Second, certain insurance policies in place from August to December 2021 (including the applicable D&O policies requested in December but not produced):

---

[2] Shirole filed Claim Nos. 10055 and 10056—each in the amount of $23,958,574.53 under theories of joint and several liability for the claims set forth in the Minnesota lawsuit, which were incorporated into the proofs of claim by reference.

1. Relm Insurance D&O policy (and any other D&O policies owned by the Debtors);

2. Axis EPL Policy (or any other EPL policies owned by the Debtors);

3. Kinsale - General Liability and Excess;

4. Vantage – Excess Liability

5. General Casualty – Commercial Property Coverage;

6. Endurance – Excess Liability Coverage;

7. Evanston – Excess Liability Coverage;

8. Federal – ERISA Bond Policy;

9. Relm – Management Liability;

10. Banyan – Excess Liability; and

11. Relm – Crime Policy

Third, correspondence from any of the Debtors' insurers indicating whether the Debtors had tendered Mr. Shirole's claims to any of its carriers and any return correspondence—i.e., reservation of rights letters or other documents indicating whether the insurers were declining or accepting coverage. (*See* Exhibit B to the Klobucar Decl.)

On January 12, 2023, Shirole again requested that the Debtors provide him the information requested a few days prior so that he could prepare for the continued hearing on the motion for relief from stay, which was set for January 17, 2023.

On January 13, 2023, the Debtors objected to Shirole's Claims—objecting to Claim 10055 on substantive bases—namely that Mr. Shirole was not entitled to damages as set forth in the Claims due to a limitation under 11 U.S.C. § 502(b)(7), and that another portion of his Claims consisted of equity interests that should be subordinated pursuant to 11 U.S.C. § 510(b), and

objecting to Claim 10056 on the basis that it was duplicative.[3] (*See* ECF 814 and 816) Pursuant to the Court's Order conditionally approving the Disclosure Statement and the Solicitation and Notice Procedures (the "Procedures Order"), as a result of the objection to claims, Shirole was either to be wholly disenfranchised from voting his claims, or was required to bring an emergency motion under Bankruptcy Rule 3018(a) for temporary allowance of his Claims for voting purposes.

As a result, and in anticipation of his emergency motion, on January 15, 2023, Shirole, through counsel, again reiterated the requests as they would be necessary for imminent proceedings. (*See* Exhibit B to the Klobucar Decl.) By the time of the rescheduled hearing on the motion for relief from stay, and as the Court is aware, none of the insurance policies requested in December had been produced, nor had any of the other requested information. (*See* Klobucar Decl. at ¶ 4) Further, when Shirole, though counsel, explained to the Court that the objection to his Claims would require an emergency motion to be set on for hearing by January 27, 2023, and expressed concern regarding discovery issues, the Court instructed the Debtors to comply with such requests, and set a hearing for such an emergency hearing on temporary allowance of the Claims—set for February 9, 2023, permitting Shirole to vote his claims in their full amount, pending a later determination by the Court regarding how such amounts would be calculated for voting purposes. (*See* ECF 829).

On January 18, 2023, the day after the hearing, Shirole, through counsel, again reiterated his request for production of relevant documents. (*See* Exhibit B to the Klobucar Decl.) He again followed up on January 24, 2023. (*Id.*) On January 27, 2023, the Debtors produced the requested insurance policies (without any of the tender letters or other correspondence related to acceptance

---

[3] Shirole concedes that the Claims are for joint and several liability, but as there is no substantive consolidation of these Debtors, asserts that both claims are viable and not duplicative.

or declination of coverage), but did not produce any of the other requested information.[4] (*See* Klobucar Decl. at ¶¶ 4 and 5)

On January 27, 2023, Shirole filed amended claims (the "Amended Claims"), further and more clearly articulating the damages calculations contained within the prior proofs of claim—and raising the amounts to $32,438,286.89. (*See* Exhibits C and D to the Klobucar Decl.—Claim Nos. 10160 and 10161) Shirole also filed his emergency motion for temporary allowance of claims and his declaration in support of the same. (*See* ECF Nos. 874 and 875)

On February 2, 2023, Shirole again requested that the additional documents be produced to him, especially in light of the imminent hearing on his motion for temporary claim allowance as the deadline to *disclose* exhibits to be used at the hearing, much less to receive and review such complicated financial records, is Tuesday, February 7, 2023 for the February 9th hearing. (*See* Exhibit B to the Klobucar Decl.) As of the date of this emergency motion, no such documents have been produced by the Debtors despite consistent and repeated requests. Shirole has no practical way to review such documents in preparation for the hearing, much less to designate them in the timeframe required by the Local Rules, as they have never been produced to him by the Debtors.

## ARGUMENT AND POINTS OF AUTHORITY

The Federal Rules of Civil Procedure provide guides for the free exchange of information between parties through the process of discovery and disclosures covered under Rule 26. *See generally* Fed. R. Civ. P. 26; *see also Harris v. Amoco Prod. Co*., 768 F.2d 669, 684 (5th Cir. 1985). The Court has broad discretion in all discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283

---

[4] Importantly, from the view of Shirole, it appears that coverage may be applicable under one of the finally produced policies, which provides an additional basis to permit the stay to be lifted, but which was not referenced in the Debtors' response in opposition to the motion for relief.

(5th Cir. 1982)  Pursuant to Bankruptcy Rule 9014, the regular rules of civil procedure apply in contested matters.  Fed. R. Bankr. P. 9014(a-c). When a dispute arises over permissible discovery, Rule 37, which is incorporated into adversary proceedings by Rule 7037 and contested matters by way of Rule 9014, governs the resolution of that dispute. *In re Trevino*, 564 B.R. 890, 904 (Bankr. S.D. Tex. 2017). Further, pursuant to Bankruptcy Rule 9006(c), the Court, in its discretion, may reduce the time pursuant to which the documents requested by Shirole must be produced. Fed. R. Bankr. P. 9006 (c)(1). Finally,

> the Court's substantive power to sanction rests in its inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11] ... [and] tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a)."

*In re Trevino*, 564 at 906. Further,

> In addition to a court's duty to require the disobedient party to pay the reasonable expenses caused by the failure to comply with a discovery order, Rule 37(b) empowers a court to implement a non-exhaustive list of available sanctions. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In relevant part, these sanctions include (A)(i) in "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and (A)(ii) in "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

*Id*.

Here, Shirole has exhausted all reasonable measures to attempt to obtain competent evidence to be used by him in demonstrating the value at which his Claims should be temporarily allowed pursuant to Rule 3018(a)—including more than 6 separate requests for such documents. Such documents are essential to Shirole's presentation at the scheduled emergency hearing set by this Court on February 9, 2023, and he will not have any opportunity to reasonably review them prior to having to disclose which of them he might use at the hearing.  Shirole has conferred with

Debtors on multiple occasions, and the Debtors have not indicated they intend to produce discovery within this proceeding—which presents significant and unwarranted obstacles for Shirole (not to mention presenting serious questions of due process and the Debtors' good faith). (*See* Klobucar Decl. at ¶ 8)

Shirole believes that the appropriate sanction to be levied by the Court is to strike any response to be filed by the Debtors (or the Committee) and to simply allow his Claims to be temporarily valued at their full value, as amended—$32,438,286.89, and to award his attorneys' fees for having to bring this emergency motion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Shirole respectfully requests and prays that this Court hear this Emergency Motion on or before February 9, 2023 at 9:00 a.m. CT (concurrently with the previously scheduled, continued hearing on Movant's Motion for Relief from Stay [ECF 342] and his Emergency Motion for Temporary Allowance [ECF 874]), and, thereafter, enter an order temporarily allowing Movant to vote his Claims with respect to the Plan, in the amount of $32,453,436.89. Shirole additionally requests such other and further relief which may be just and equitable, and to which he may be entitled.

Dated: February 3, 2023        Respectfully submitted,

       **BASSFORD REMELE**
*A Professional Association*

By:    */s/ Jeffrey D. Klobucar*
Jeffrey D. Klobucar (jklobucar@bassford.com)
MN State Bar No. 0389336
(*admitted pro hac vice* [ECF #190])
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
(612) 333-3000 – Telephone
(612) 746-1239 – Facsimile

J. Michael Sutherland (msutherland@ccsb.com)
State Bar No. 19524200
Southern District Admin. No. 13736
Robert C. Rowe (rrowe@ccsb.com)
State Bar No. 24086253
Southern District Admin No. 3782278
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

**COUNSEL FOR ROHIT SHIROLE**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was properly served on this 3rd day of February, 2023, upon all parties receiving notices by Pacer/ECF. Further service, if and as appropriate, will be noted in a corresponding supplemental certificate of service.

       */s/ J. Michael Sutherland*
       J. Michael Sutherland