United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) ) Case No. 22-90273 (MI) ) ) |
| Debtors. | ) (Jointly Administered) ) |

**AGREED ORDER RESOLVING**
**ROHIT SHIROLE'S MOTION FOR RELIEF UNDER**
**11 U.S.C. § 362(D) FROM AUTOMATIC STAY TO**
**CONTINUE LITIGATION AGAINST CERTAIN DEBTORS**
**AND WAIVER OF 30-DAY HEARING REQUIREMENT**

THIS MATTER came before the Court on February 9, 2023 upon *Rohit Shirole's Motion for Relief Under 11 U.S.C. § 362(d) from Automatic Stay to Continue Litigation Against Certain Debtors and Waiver of 30-Day Hearing Requirement* [Docket No. 342] (the "Motion"); and it appearing that Rohit Shirole ("Shirole") and the above-captioned debtors and debtors in possession (collectively, the "Debtors") have agreed to the disposition of the Motion set forth in this Agreed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

1

Order; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The automatic stay is modified with respect to *Rohit Shirole v. Compute North Holdings, Inc. and Compute North LLC*, Case No. 22-CV-22-2274 (the "Minnesota Action"), pending in the Fourth Judicial District for the State of Minnesota, Hennepin County (the "Minnesota State Court") for the exclusive purposes of allowing Shirole to pursue litigation in the Minnesota Action at no cost to the Debtors, their estates, or their successors, so Shirole may prosecute his claims to judgment and to pursue any available insurance proceeds. Except for collection of any available insurance proceeds, Shirole may not enforce any judgment from the Minnesota State Court absent further order of this Court.

2. Scottsdale Insurance Company (the "Insurer"), the insurer under the Debtors' employment practices policy, is authorized and directed to pay defense costs from the insurance policy pursuant to its standard and approved counsel rates, solely to the extent (i) the applicable policy allows for payment of defense costs and (ii) the Insurer defends the Debtors in the Minnesota Action. The automatic stay is modified to allow the Insurer to make payments to Hinshaw & Culbertson, the law firm retained by the Insurer to represent the Debtors in the Minnesota Action, as authorized herein. This paragraph shall apply equally to any additional insurer as to which a determination of coverage is made with respect to any of Shirole's claims in the Minnesota Action, the Asserted Claim (as defined herein) or the Estimated Asserted Claim (as defined herein).

3. Any ballots cast by Shirole with respect to the Debtors' chapter 11 plan are hereby withdrawn and shall not be counted by the Debtors' solicitation agent in tabulating votes to accept or reject such plan; provided, however, that the opt-out ballot cast by Shirole on or about February

2

1, 2023, pursuant to which Shirole opted out of the third party releases under the Debtors' chapter 11 plan, shall remain in full force and effect.

4. *Debtors' Objection to Claim No. 10055 of Rohit Shirole* [Docket No. 816] (the "Shirole Claim Objection") is stayed pending the outcome of the Minnesota Action, including Shirole's deadline to respond to the Shirole Claim Objection (which, by agreement of the parties hereto, shall be stayed until 14 days after any additional proceedings are restarted within the Bankruptcy Case). To the extent Shirole obtains a final judgment in his favor in the Minnesota Action, the amount of such judgment, less any insurance proceeds received in satisfaction of such judgment, shall be the asserted amount of claim number 10161 in these Chapter 11 Cases (the "Asserted Claim"). No distributions from the Debtors' estates shall be made on account of the Asserted Claim unless and until the Court determines the appropriate treatment, classification, and allowance of such claim under the Bankruptcy Code and any chapter 11 plan as applicable.

5. At or prior to the time of any distribution made pursuant to a confirmed chapter 11 plan in these cases, the Debtors or any successor to the Debtors, as applicable, shall create a disputed claim reserve (the "Shirole Claim Reserve") for the Asserted Claim so that Shirole may receive the same percentage distribution from the estates as Class 3 General Unsecured Claims on account of a claim in the amount of $32,453,436.89, which shall be held in reserve until the Minnesota Action is finally resolved, either by a final judgment or a settlement between the parties (the "Minnesota Award").

6. Thereafter, if the Minnesota Award is determined in Shirole's favor, Shirole shall first proceed to collect on the Minnesota Award through any remaining and applicable insurance proceeds, which such proceeds, to the extent received in satisfaction of the Minnesota Award, shall reduce the Asserted Claim on a dollar for dollar basis.

7. After taking into account the amount of any insurance proceeds paid to Shirole and in the event the Minnesota Award is reached and Shirole takes steps to obtain a distribution from the estate or the Shirole Claim Reserve based on the net Asserted Claim prior to the expiration of two (2) years from the date on which this Court confirms a chapter 11 plan or enters an order converting these cases to ones under chapter 7 of the Bankruptcy Code, the Debtors or any successor to the Debtors may then file a motion to determine whether any part of the Asserted Claim is (a) capped under section 502(b)(7) of the Bankruptcy Code, (b) subject to disallowance for being untimely under any applicable deadline for the filing of claims in these chapter 11 cases, or (c) subject to subordination pursuant to 11 U.S.C. § 510(b).  The Bankruptcy Court will retain jurisdiction for the purpose of such latter determinations. The parties agree that the remaining amount of the Asserted Claim following all of the foregoing shall constitute Shirole's Allowed Claim for purposes of distribution from the estate or the Shirole Claim Reserve.

8. Notwithstanding the foregoing, however, if no judgment or other final determination has been entered in the Minnesota Action within two (2) years from the date on which this Court confirms a chapter 11 plan or enters an order converting these cases to ones under chapter 7 of the Bankruptcy Code, the Debtors or any successor to the Debtors may file a motion to estimate the Asserted Claim (the "<u>Estimated Asserted Claim</u>") for distribution purposes pursuant to section 502(c) of the Bankruptcy Code, as well as to seek a determination as to whether any portion of the Estimated Asserted Claim is (a) capped under section 502(b)(7) of the Bankruptcy Code, (b) subject to disallowance for being untimely under any applicable deadline for the filing of claims in these chapter 11 cases, or (c) subject to subordination pursuant to 11 U.S.C. § 510(b)—and the Bankruptcy Court will retain jurisdiction for the purpose of such

determination. The Bankruptcy Court shall retain jurisdiction to determine the final allowance of the Estimated Asserted Claim for purposes of distributions from the estate or the Shirole Claim Reserve.

9. Shirole hereby agrees to waive and release any and all claims, causes of action, damages, or other liabilities Shirole alleged or asserted, or could have alleged or asserted at any time up to and including the date of this Order against the current and former directors, officers and employees of the Debtors (collectively, the "Debtor Parties"), and the Debtor Parties hereby agree to waive and release Shirole from any and all claims, causes of action, damages, or other liabilities the Debtor Parties alleged or asserted, or could have alleged or asserted at any time up to and including the date of this Order against Shirole.

10. Claim number 10055, claim number 10056, and claim number 10160 shall be disallowed and expunged from the claims register, *provided, however*, that the Debtors agree the Asserted Claim or the Estimated Allowed Claim will constitute a Claim against both Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Mining Project Wind Down LLC (f/k/a Compute North LLC), and that irrespective of whether assets of the Debtors are allocated to either of these two Debtors, the Asserted Claim shall be a claim against both Debtors, jointly and severally, irrespective of whether Claim 10160, Claim 10055, or Claim 10056 are expunged from the claims register in these chapter 11 cases.

11. *Rohit Shirole's Objection to Final Approval of the Disclosure Statement and Confirmation of the Debtors' Third Amended Joint Liquidating Chapter 11 Plan, Joinder, and Reservation of Rights* [Docket No. 894], and all other pending motions or applications filed by or on behalf of Shirole are deemed withdrawn, with prejudice.

12. Within seven days following entry of this Agreed Order, Shirole shall request from the U.S. Equal Employment Opportunity Commission (the "EEOC") a Right to Sue Letter related to Shirole's employment with the Debtor. If the EEOC issues that Right to Sue Letter, in accordance with applicable law, any claims related to the charge lodged by Shirole shall be asserted and resolved as part of the Minnesota Action.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters related to the enforcement of this Order.

Signed: February 06, 2023

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED TO AS TO FORM AND SUBSTANCE

*/s/ Jeffrey D. Klobucar*
**BASSFORD REMELE**
*A Professional Association*
Jeffrey D. Klobucar (jklobucar@bassford.com)
MN State Bar No. 0389336
(*admitted pro hac vice* [ECF #190])
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
(612) 333-3000 – Telephone
(612) 746-1239 – Facsimile

-and-

J. Michael Sutherland (msutherland@ccsb.com)
State Bar No. 19524200
Southern District Admin. No. 13736
Robert C. Rowe (rrowe@ccsb.com)
State Bar No. 24086253
Southern District Admin No. 3782278
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

*Counsel for Rohit Shirole*

*/s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

**MCDERMOTT WILL & EMERY LLP**
*/s/ Kristin K. Going*
Charles R. Gibbs
Texas State Bar No. 7846300
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

-and-

Kristin K. Going (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Stacy A. Lutkus (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017-5404
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: kgoing@mwe.com
      dazman@mwe.com
      salutkus@mwe.com
      nrowles@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*