## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. | ) Case No. 22-90273 (MI) |
| (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 861** |

## DEBTORS' <u>EMERGENCY</u> MOTION
## FOR ENTRY OF AN ORDER (I) AUTHORIZING
## PORTAGE POINT PARTNERS TO FILE DECLARATIONS
## IN THESE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. on February 9, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on February 9, 2023, at 9:00 a.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

## RELIEF REQUESTED

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (i) authorizing Portage Point Partners, LLC ("<u>Portage Point</u>") to file declarations in these Chapter 11 Cases and (ii) granting related relief.

## BACKGROUND AND BASIS FOR RELIEF

2.     On January 13, 2023, the Debtors filed the *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* [Docket No. 815] ("the <u>Claim Objection</u>").

3.     In support of the Claim Objection, the Debtors submitted the *Declaration of Ryan Mersch in Support of the Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* (the "<u>Mersch Declaration</u>") attached thereto as Exhibit A.

4.      On January 24, 2023, Bootstrap Energy, LLC ("Bootstrap") filed its *Emergency Motion Under Bankruptcy Rule 3018 to Temporarily Allow $4.1 Million Class 3 Claim No. 10058 for Voting Purposes* [Docket No. 855] (the "3018 Motion").

5.      Also on January 24, 2023, the Court entered its *Order* [Docket No. 856], ordering the Debtors and Bootstrap to make Rule 11 inquiries into seemingly contradictory verified statements made by each of the respective Parties in support of the Claim Objection and the 3018 Motion.

6.      On January 25, 2023, the Debtors and Bootstrap filed their *Joint Statement of Rule 11 Inquiry in Response to Court's Order* [Docket No. 860].

7.      Also on January 25, 2023, the Court entered its *Order Denying Claim Objection and Imposing Additional Relief* [Docket No. 861] (the "Suspension Order") suspending the estates' financial advisor, Portage Point, from filing further declarations in this case until it satisfies the Court that it has implemented appropriate procedures to assure that its declarations are trustworthy.

8.      The Debtors and Portage Point understand and acknowledge that they fell far short in the discharge of their responsibilities and want to assure the Court and other parties in interest that this will not happen again.  Since the Court entered the Suspension Order, the Debtors and their professionals have been in dialogue with Portage Point regarding the events that led to the filing of the Claim Objection.  Simply stated, the Claims Objection filed against Bootstrap was incorrect and was the result of a confluence of events and mistakes resulting in a failure of the standard process by which Portage Point would verify the claims information included on an objection.  The failures at issue resulted from a lack of communication within the Debtors' professionals and oversight of junior members of the Portage Point team.  In particular, junior members of the Portage Point team were operating under the incorrect assumption that the

Bootstrap claim was settled as part of the ongoing sale process.  The Debtors were conducting multiple asset sales simultaneously, one of which was a sales transaction with Bootstrap.  After weeks of negotiations which included not only the Debtors but also the professionals representing the Official Committee of Unsecured Creditors (the "Committee"), the Debtors and the Committee believed they had reached a deal with Bootstrap.  This deal was relayed to junior members of the Portage Point team but, unfortunately, the eventual revocation of the proposed transaction was not relayed to those junior members so they were under the mistaken notion that this claim was resolved.  Then the Portage Point team did not verify the status of the Bootstrap claim with the Debtors' other advisors before approving the Claims Objection.

9.      Mr. Mersch recognizes that this mistake was a failure of appropriate oversight at multiple levels.  Mr. Mersch has analyzed the cause of this failure and discussed the issue with members of his team.  The root cause of this breakdown was the mistaken belief that the Bootstrap claim had been satisfied via a sale transaction and the Debtors and Portage Point believe this was an isolated incident.  As the Debtors have sold substantially all of their assets, the underlying circumstances that led to this misunderstanding are not likely to occur again.

10.      Notwithstanding the isolated nature of the mistake, Portage Point and the Debtors believe that additional protocols must be instituted to avoid similar issues in the future.

11.      Accordingly, Portage Point is implementing the measures set forth below to ensure the accuracy of declarations filed with the Court.

12.      Portage Point's efforts in this regard include the following procedures:

- Prior to treating a claim as paid, released or satisfied, Portage Point will: (1) obtain written confirmation that the claim has been paid, released, or satisfied, which written confirmation shall be an order of this Court, a bank statement evidencing payment, or an agreement executed by the Debtors and the claimant, and (2) provide the written confirmation to the appropriate Portage Point team

4

member that will be approving an objection and/or submitting a declaration in support of an objection.

- Prior to submitting any declaration, Portage Point will initiate a final global review process, pursuant to which every team member involved in the matter at issue, including claims reconciliation, shall review and discuss the applicable declaration to ensure the accuracy of the information provided.

13.     These protocols, including appropriate review by Debtors' counsel, will ensure accuracy in the claims reconciliation and objection process.  Accordingly, the Debtors submit that Portage Point has implemented appropriate procedures to assure the accuracy and trustworthiness of its declarations moving forward.

14.     Accordingly, pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors seek relief from the Court to lift Portage Point's suspension from filing declarations and provide whatever relief the Court deems appropriate.  Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and further that "no provision of this title shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." 11 U.S.C. § 105(a).

15.     The Debtors respectfully submit that the relief requested herein is necessary and appropriate.  Portage Point made a mistake in the claims reconciliation process.  Upon learning of the mistake it acted quickly and decisively to ensure that such mistakes would not occur again.

## EMERGENCY CONSIDERATION

16.     Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion.  The Debtors request a hearing on the Motion on February 9, which is less than 21 days from the date of this Motion.  The Debtors are moving expeditiously toward

the conclusion of these Chapter 11 Cases and significant claims administration work remains to be done.  The Debtors will require unrestricted access to their financial advisor in order to fulfill their responsibilities and thus request that the Court set this Motion for hearing on February 9 to permit them to address the Court's concerns.

### NOTICE

17.     Notice of this Motion shall be provided via Court ECF notification upon all parties in these Cases who are entitled to receive such notification, and to each party on the Master Service List. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing Portage Point to file declarations in these Chapter 11 Cases and granting related relief.

Dated:  February 6, 2023
Houston, Texas

/s/ James T. Grogan III

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

### Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                             _/s/ James T. Grogan III_____
                                                             James T. Grogan III

### Certificate of Service

I certify that on February 6, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                             _/s/ James T. Grogan_____
                                                             James T. Grogan III