UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*[1] | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION OF STEPHENIE KJONTVEDT OF
EPIQ CORPORATE RESTRUCTURING, LLC REGARDING
THE SOLICITATION AND TABULATION OF BALLOTS CAST ON
THE SECOND AMENDED JOINT LIQUIDATING CHAPTER 11 PLAN
OF COMPUTE NORTH HOLDINGS, INC. AND ITS DEBTOR AFFILIATES**

I, Stephenie Kjontvedt, declare, under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Vice President, Senior Consultant of Epiq Corporate Restructuring, LLC ("**Epiq**"), located at 777 Third Avenue, 12th Floor, New York, NY 10017. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

2.      I submit this declaration (this "**Declaration**") with respect to the solicitation and the tabulation of ballots cast on the *Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and Its Debtor Affiliates,* dated December 21, 2022 [Docket No. 723-1] (as may be amended, supplemented, or modified from time to time, the "**Plan**").[2]  Except as otherwise indicated herein, all facts set forth herein are based on my personal knowledge or my review of relevant documents.  I am authorized to submit this Declaration on behalf of Epiq.  If I were called to testify, I could and would testify competently as to the facts set forth herein.

3.      In accordance with (a) the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent* [Docket No. 15] and (b) *the Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 715] (the "**Disclosure Statement Order**"), Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by Holders of Claims and Interests in the Voting Classes (as defined herein).

4.      Pursuant to the Plan, only Holders of Claims in the following Classes (the "**Voting Classes**") were entitled to vote to accept or reject the Plan:

| **Plan Class** | **Class Description** |
|:---:|:---:|
| 3 | General Unsecured Claims |
| 4 | Parent GUC Claims |

---

[2]   All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement Order (as defined herein).

| Plan Class | Class Description |
|---|---|
| 7 | Preferred Equity Interests |
| 8 | Parent Equity Interests |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the Holders of Claims and Interests in the Voting Classes.

6. The Disclosure Statement Order established December 14, 2022, as the record date (the "**Voting Record Date**") for determining which creditors were entitled to vote on the Plan.

7. In accordance with the Disclosure Statement Order, Epiq solicited the Holders of Claims in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service of Solicitation Documents* was filed with this Court on December 28, 2022 [Docket No. 757].

8. Epiq received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan. For a Ballot to be counted as valid, the Ballot must have been (a) properly completed pursuant to the Disclosure Statement Order, (b) executed by the relevant Holder of Claim entitled to vote on the Plan (or such Holder's authorized representative),[3] (c) returned to Epiq via an approved method of delivery set forth in the Disclosure Statement Order, and (d) received by Epiq by 4:00 p.m., prevailing Central Time, on February 1, 2023, (the "**Voting Deadline**"), subject to extension by the Debtors or by order of the Court.

---

[3] The Solicitation and Voting Procedures require that a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing. Five timely received Ballots were submitted by parties (the "**Signatories**") that did not indicate their title or signing capacity when completing the Ballot. However, Epiq was able to link the Signatories to the Claims and Interests voted by reviewing the Proofs of Claim and the file of shareholders. Additionally, by signing the Ballots, the Signatories certified they were an authorized signatory for the Claim or Interest being voted. The Debtors' agreed to waive the requirement for indicating the capacity for signing, and the votes for these Ballots are counted and included in the tabulation.

9. All validly executed Ballots cast by Holders of Claims and Interests entitled to vote in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the procedures set forth in the Disclosure Statement Order.[4]

10. I declare that the results of the voting by Holders of Claims and Interests in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes received by Epiq.[5]

11. A report of all Ballots received and not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

[*Remainder of Page Intentionally Blank*]

---

[4] Two Ballots were received within ninety minutes following the Voting Deadline, however, the Debtors' had agreed to extend the Voting Deadline for these two Ballots and they are counted and included in the tabulation.

[5] The voting results set forth on **Exhibit A** reflect some allowed claim amounts that are based on an agreement between the Debtors and the applicable claimant. Claim No 36 filed by Marathon Digital Holdings, Inc. ("**Marathon**"), and Marathon's ballot relating to its preferred stock holdings are included in the voting results set forth on **Exhibit A** but Marathon's votes in favor of the Plan are conditional until the Stipulation by and between the Debtors and Marathon Digital Holdings, Inc. Reducing and Allowing Proof of Claim No. 36 [Docket No. 881.2] (the "Marathon Stipulation") is approved by the Bankruptcy Court. As set forth in the Marathon Stipulation, the Debtors have extended the Voting Deadline as to Marathon to the date that is three business days following the entry of an order by the Court with respect to the Marathon Stipulation, and the Debtors have acknowledged that under the Disclosure Statement Order, Marathon has the right to submit, prior to the extended Voting Deadline, new ballots that will supersede the conditional ballots in their entirety. To the extent any new ballots are submitted that alter the tabulation results, I will file an amended declaration with the updated the voting results.

- 5 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 8, 2023

                                             */s/ Stephenie Kjontvedt*
                                              Stephenie Kjontvedt
                                              Vice President, Senior Consultant
                                              Epiq Corporate Restructuring, LLC

# Exhibit A

## TABULATION SUMMARY

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 3**<br>GENERAL UNSECURED CLAIMS | $103,596,427.44<br>93.70% | 24<br>72.73% | $6,963,568.96<br>6.30% | 9<br>27.27% | Accepts |
| **Class 4**<br>PARENT GUC CLAIMS | $0.00<br>0.00% | 0<br>0.00% | $430,783.44<br>100.00% | 5<br>100.00% | Rejects |
| **Class 7**<br>PREFERRED EQUITY INTERESTS | 46,660.000<br>99.83% | N/A | 79.000<br>.17% | N/A | Accepts |
| **Class 8**<br>PARENT EQUITY INTERESTS | 901,789.000<br>100.00% | N/A | 0.000<br>0.00% | N/A | Accepts |

# Exhibit B

## REPORT OF EXCLUDED BALLOTS

| Plan Class | Plan Class Description | Claim Name | Voting Amount | VOTE | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 3 | General Unsecured Claims | 7575 MANAGEMENT LLC | $103,887.11 | Accept | 10008 | INSIDER VOTE |
| 3 | General Unsecured Claims | BITNILE INC | $2,124,493.00 | Reject | 10013 | CLAIM SUBJECT TO DISALLOW OBJECTION |
| 4 | Parent GUC Claims | BOBS LIMITED | $6,376,067.00 | Accept | 21 | CLAIM SUBJECT TO DISALLOW OBJECTION AND BALLOT IS DUPLICATIVE OF ANOTHER EXCLUDED BALLOT |
| 4 | Parent GUC Claims | BOBS LIMITED | $6,376,067.00 | Accept | 10022 | CLAIM SUBJECT TO DISALLOW OBJECTION |
| 7 | Preferred Equity Interest | BRANT GRIMES | $957.00 | Accept | 10003 | DUPLICATIVE OF A BALLOT COUNTED AND INCLUDED IN THE TABULATION |
| 3 | General Unsecured Claims | COMPASS MINING INC | $6,348,964.59 | | 19 | NO VOTE, HOLDER DID NOT VOTE TO ACCEPT OR TO REJECT THE PLAN |
| 3 | General Unsecured Claims | COMPUTE NORTH LLC | $1,738.00 | Accept | 10049 | INSIDER VOTE |
| 7 | Preferred Equity Interest | DAVID MOVIUS | 482.000 | Accept | 6 | INSIDER VOTE |
| 8 | Parent Equity Interests | DAVID MOVIUS | 29,897.000 | Accept | 7 | INSIDER VOTE |
| 3 | General Unsecured Claims | DIGITAL ALCHEMY LLC | $141,622.20 | Accept | 24 | LATE, RECEIVED AFTER THE VOTING DEADLINE, AND DUPLICATIVE OF A BALLOT COUNTED AND INCLUDED IN THE TABULATION |
| 4 | Parent GUC Claims | DINGWALL-CHANTILOUPE, NICHOLAS PETER | $7,175.00 | Reject | 4 | CLAIM SUBJECT TO DISALLOW OBJECTION |
| 3 | General Unsecured Claims | GH EFFECT INC | $62,166.00 | Accept | 23 | LATE, RECEIVED AFTER THE VOTING DEADLINE, AND DUPLICATIVE OF A BALLOT COUNTED AND INCLUDED IN THE TABULATION |
| 3 | General Unsecured Claims | HARVEY, EDWARD DRAKE III | $173,722.00 | Accept | 10016 | INSIDER VOTE |

| Plan Class | Plan Class Description | Claim Name | Voting Amount | VOTE | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 8 | Parent Equity Interests | JOSE LIMA | 5,076.000 | Accept | 17 | INSIDER VOTE |
| 3 | General Unsecured Claims | MOVIUS, DAVID T | $191,220.96 | Accept | 11 | INSIDER VOTE |
| 3 | General Unsecured Claims | NORDMARK ENERGY CONSULTING LLC | $16,986.00 | Accept | 22 | LATE, RECEIVED AFTER THE VOTING DEADLINE, AND BALLOT DID NOT INCLUDE AN ORIGINAL SIGNATURE |
| 8 | Parent Equity Interests | PERRILL TECHNOLOGY LLC | 768,946.000 | Accept | 10004 | INSIDER VOTE |
| 4 | Parent GUC Claims | PERRILL, DAVE | $300,000.00 | Accept | 10023 | INSIDER VOTE |
| 3 | General Unsecured Claims | SHIROLE, ROHIT | N/A | N/A | 10044 | BALLOT WITHDRAWN PURSUANT TO DOCKET No. 920 |
| 4 | Parent GUC Claims | SHIROLE, ROHIT | N/A | N/A | 10045 | BALLOT WITHDRAWN PURSUANT TO DOCKET No. 920 |
| 7 | Preferred Equity Interest | SPENCER W. & SUSAN E. BARRON, OR THEIR | 119.000 | Accept | 10006 | INSIDER VOTE |
| 8 | Parent Equity Interests | SPENCER W. & SUSAN E. BARRON, OR THEIR | 875.000 | Accept | 10005 | INSIDER VOTE |
| 7 | Preferred Equity Interest | SPLITTING TENS LLC | 1,460.00 | Accept | 10071 | LATE, RECEIVED AFTER THE VOTING DEADLINE |
| 4 | Parent GUC Claims | SUNBELT SOLOMON SERVICES LLC | $6,416,047.19 | Accept | 10063 | CLAIM SUBJECT TO DISALLOW OBJECTION |
| 3 | General Unsecured Claims | ULUCK TECHNOLOGY PTE LTD | $1,501,772.91 | Reject | 10068 | LATE, RECEIVED AFTER THE VOTING DEADLINE |
| 3 | General Unsecured Claims | WAND CORPORATION | $14,208.55 | Accept | 10009 | INSIDER VOTE |
| 3 | General Unsecured Claims | WENZEL, KYLE | $111,110.27 | Accept | 10011 | INSIDER VOTE |