**Exhibit A**

**Further Revised Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | Case No. 22-90273 (MI) |
| Debtors. | (Jointly Administered) |

## ORDER APPROVING SETTLEMENT WITH MARATHON DIGITAL HOLDINGS, INC. PURSUANT TO BANKRUPTCY RULE 9019

Upon the emergency motion (the "Motion")[2] filed by Mining Project Wind Down Holdings, Inc., and its above-captioned affiliates as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order approving a settlement between the Debtors and Marathon Digital Holdings, Inc. pursuant to Bankruptcy Rule 9019; and the Court having conducted a hearing on the Motion on February 9, 2023 (the "Hearing"); and this Court having reviewed the Motion and the evidence in support thereof, and the opposition thereto, if any; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion.

the Court having considered the arguments of counsel and the matters addressed at the Hearing; and this Court having concluded that due, sufficient, and proper notice of the Motion has been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local, and not other or further notice need be provided; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Settlement Stipulation, and the settlements embodied therein, are approved and the terms of the Settlement Stipulation are so ordered; and it is further

ORDERED that Paragraph 10 of the Settlement Stipulation is hereby amended, with the consent of the parties, to add the following proviso to the end thereof: "; *provided, however*, that notwithstanding Paragraph 9 of this Settlement Stipulation, in the event Marathon seeks reconsideration of the portion of the Marathon Claim arising under the Hosting Agreements for deposits, the Plan Administrator and the Committee shall have the right to contest whether any applicable counterparty to a Hosting Agreement that has been assigned by the Debtors (in whole or in part, either prior to or after the Petition Date) did not receive the deposits listed in the penultimate recital above"; and it is further

ORDERED that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement and implementation of this Order and the Settlement Stipulation.

Dated: _____, 2023
Houston, Texas

                                                _____
The Honorable Marvin Isgur
U.S. Bankruptcy Judge