UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. ((F/K/A COMPUTE NORTH HOLDINGS, INC.), *et al.*,[1] | ) ) ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) ) | **Objection Deadline:  February 18, 2023 at 4:00 p.m.  (prevailing Central Time)** |
|  | ) ) ) | **Re:  Docket Nos. 91 & 256** |

### NOTICE OF ENTRY OF DE MINIMIS ASSET SALE ORDER AND PROPOSED DE MINIMIS ASSET SALE (RIVER FINANCIAL INC.)

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on September 22, 2022 (the "Petition Date"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").  The Debtors are seeking to sell certain assets with a fair market value of under $1,000,000, including but not limited to computing equipment containers, power transformers, fixtures and equipment, spare parts, and any other miscellaneous

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

assets (the "De Minimis Assets"), or subset(s) thereof, free and clear of all liens, claims, encumbrances, and other interests.

**PLEASE TAKE FURTHER NOTICE** that by order dated October 24, 2022 [Docket No. 256] (the "De Minimis Asset Sale Order"),[2] the Bankruptcy Court approved, among other things, certain procedures for the sale of De Minimis Assets (the "De Minimis Asset Sale Procedures"). All interested parties should carefully read the De Minimis Asset Sale Order and the De Minimis Asset Sale Procedures set forth therein. Copies of the De Minimis Asset Sale Order are available upon request to the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, at ComputeNorthHoldingsInfo@epiqglobal.com, and are available for download from the Case Website.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the De Minimis Asset Sale Procedures, the Debtors intend to sell or transfer the De Minimis Assets (the "De Minimis Asset Sale") set forth on **Exhibit A** attached hereto (the "Sale and Settlement Term Sheet"). In accordance with the De Minimis Asset Sale Procedures, the Sale and Settlement Term Sheet identifies (a) the De Minimis Assets being sold or transferred, (b) the De Minimis Asset Purchaser and their relationship (if any) to the Debtors, (c) the selling price, and (d) the significant terms of the sale or transfer agreement, including, but not limited to, any payments to be made by the Debtors on account of commission fees to agents, brokers, auctioneers, and liquidators. Information regarding adequate assurance of future performance, if applicable, is being served concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that any objections to the De Minimis Asset Sale, the adequate assurance of future performance of the De Minimis Asset Sale Purchaser (if applicable), or the relief requested in connection therewith (a "Sale Objection"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 515 Rusk Street, Houston, Texas 77002, together with proof of service, on or before 4:00 p.m. (prevailing Central Time) on February 18, 2023 (the "Sale Objection Deadline"); and (e) be served so as to be actually received on or before the Sale Objection Deadline, upon the following parties (the "Objection Notice Parties"): (i) counsel to the Debtors, Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, Attn: James T. Grogan III (jamesgrogan@paulhastings.com); 200 Park Avenue, New York, New York 10166, Attn: Luc Despins, Sayan Bhattacharyya, and Daniel Ginsberg (lucdespins@paulhastings.com, sayanbhattacharyya@paulhastings.com, and danielginsberg@paulhastings.com); and 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606, Attn: Matthew Micheli (mattmicheli@paulhastings.com); (ii) counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201, Attn: Charles R. Gibbs (crgibbs@mwe.com); One Vanderbilt Avenue, New York, New York 10017, Attn: Kristin K Going, Darren Azman, Stacy A. Lutkus, and Natalie Rowles (kgoing@mwe.com, dazman@mwe.com, salutkus@mwe.com, and nrowles@mwe.com); (iii) efficiency counsel for Debtors, Ferguson Braswell Fraser Kubasta PC, 2500 Dallas Parkway, Suite 600, Plano, Texas 75093, Attn: Rachael L. Smiley (rsmiley@fbfk.law) and (iv) the Office of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the De Minimis Asset Sale Order.

2

United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Jana Whitworth (Jayson.B.Ruff@usdoj.gov and Jana.Whitworth@usdoj.gov).

**PLEASE TAKE FURTHER NOTICE THAT, SHOULD AN OBJECTION BE TIMELY FILED, THE DE MINIMIS ASSETS SHALL ONLY BE SOLD OR TRANSFERRED UPON SUBMISSION OF A CONSENSUAL FORM OF ORDER RESOLVING THE OBJECTION AS BETWEEN THE DEBTORS AND THE OBJECTING PARTY OR FURTHER ORDER OF THE COURT AFTER NOTICE AND A HEARING.**

**PLEASE TAKE FURTHER NOTICE THAT, IF A SALE OBJECTION IS NOT FILED AND SERVED ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE DE MINIMIS ASSET SALE ORDER, THEN THE DEBTORS SHALL BE AUTHORIZED, PURSUANT TO THE DE MINIMIS ASSET SALE ORDER, TO CONSUMMATE THE PROPOSED DE MINIMIS ASSET SALE IN ACCORDANCE WITH THE TERMS SET FORTH ON THE ATTACHED SALE SCHEDULE WITHOUT FURTHER NOTICE OR HEARING, AND YOU SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT SUCH AN OBJECTION**.

Dated:  February 13, 2023

/s/ *Rachael L. Smiley*

**FERGUSON BRASWELL**
**FRASER KUBASTA PC**
Rachael L. Smiley (Texas Bar No. 24066158)
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Telephone: 972-378-9111
Facsimile: 972-378-9115
Email:  rsmiley@fbfk.law

**EFFICIENCY COUNSEL FOR DEBTORS**

**Exhibit A to De Minimis Asset Sale Notice**

## SALE AND SETTLEMENT TERM SHEET

This term sheet (the "Term Sheet") dated February 9, 2023, sets forth the terms of a proposed sale and settlement (the "Sale and Settlement") related to the Miners (as defined below) and a consensual resolution of various claims between Compute North Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), on the one hand, and River Financial Inc. and certain of its affiliates (collectively, "Customer" and, together with the Debtors, the "Parties") on the other hand. The transactions contemplated in this Term Sheet are subject in all respects to execution and Bankruptcy Court approval of the Term Sheet.

THIS TERM SHEET DOES NOT CONSTITUTE (NOR SHALL IT BE CONSTRUED AS) AN OFFER WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OR REJECTIONS AS TO ANY CHAPTER 11 PLAN, IT BEING UNDERSTOOD THAT SUCH A SOLICITATION, IF ANY, ONLY WILL BE MADE IN COMPLIANCE WITH APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE.

| SALE AND SETTLEMENT TERMS | |
|---|---|
| **General** | The terms of the sale and settlement between Customer and the Debtors shall include the following:<br><br>• Agreements for the disposition of the remaining equipment contracted for between Customer and the Debtors (the "Miners");<br><br>• Waiver of all claims, filed, scheduled or which may be filed in the future, of Customer against the Debtors; and<br><br>• Release by the Debtors of any Chapter 5 avoidance actions against Customer. |
| **Delivery of Miners** | The Debtors will work with Customer to facilitate delivery to Customer of the Miners. See Schedule 1 for details regarding Miner count, location and logistics. |
| **Payment Related to Release of the Miners** | Customer shall pay the Debtors $9,884, as detailed on Schedule 1.<br><br>Customer shall be responsible to pay for all go-forward obligations to third parties related to shipping and logistics (including costs for MVP Logistics LLC), taxes and tariffs, brokerage fees, customs bond and any other related expenses for Customer's specific Miners. For the avoidance of doubt, the Debtors will not pay for any costs or obligations associated therewith. Customer will pay such obligations directly to the applicable provider.<br><br>The Debtors agree to assist Customer in facilitating shipping and logistics related to the Miners. With respect to any costs that are attributable to miners that include Customer's Miners and miners of other customers, such costs will be paid by all customers on a pro rata basis. |
| **Bitmain Credits** | Customer agrees that the Debtors will retain any and all "credits" with Bitmain that may have been generated as a result of the original order of the Miners. |

| **Allowed Claim** | Customer shall (i) be entitled to an allowed general unsecured claim in Class 3 related to the Bitmain orders of $136,918; and (ii) agree to waive all other claims, filed, scheduled or which may be filed in the future, of Customer against the Debtors, including administrative and general unsecured claims, related to the Miners. |
|---|---|
| **Plan Vote** | Customer shall cast its ballot in the allowed amount of its claims set forth herein in support of confirming the Plan on or before the Voting Deadline, which deadline may be extended by the Debtors in their discretion. Customer agrees that it will neither oppose the Plan nor opt out of the releases set forth in Section 9 of the Plan. |
| **Waiver of Avoidance Actions** | The Debtors shall agree to waive any Chapter 5 avoidance actions or other claims they may possess against Customer. |
| **Mutual Releases** | The Debtors and Customer shall include customary mutual releases in any definitive documentation memorializing this Term Sheet. |
| **Approval and Effective Date** | The Debtors will file a motion ("Motion") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") seeking approval of the Sale and Settlement set forth in this Term Sheet, subject to higher and better offers, in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Parties agree that this Term Sheet will be effective as of the date the Bankruptcy Court enters an order approving the Motion (the "Effective Date"). Pending the Effective Date of this Term Sheet, each of the Parties agrees to be bound by this Term Sheet and waives any right to object to approval of it by the Bankruptcy Court. In the event that the Plan is not confirmed, it will be null and void and have no force or effect whatsoever except as may be otherwise agreed in writing by the Parties.<br><br>If the Court denies the Motion, the Customer's deadline to object to rejection of its Rejected Contracts as set forth in the Debtors' *Fourth Notice of Rejection of Certain Executory Contracts or Unexpired Leases and Abandonment of Property in Connection Therewith (Customer Contracts)* [Docket No. 812] shall be extended to 10 days after entry of an order denying the Motion. For the avoidance of doubt, such Rejected Contracts shall not be rejected under the Plan. Additionally, if the Motion is denied by the Court, Customer shall be deemed to have opted out of the releases in Section 9 of the Plan. |
| **Reservation of Rights** | The Parties understand and agree that this Term Sheet and the performance of the conditions and provisions of this Term Sheet, including the Sale and Settlement, are not to be construed as an admission whatsoever with respect to the title of the Miners prior to the Effective Date. |

**IN WITNESS WHEREOF**, the parties hereto have caused this Term Sheet to be executed by their respective duly authorized officers as of the date first above written.

**SELLER:**

**COMPUTE NORTH, LLC**

By: _____
   *Drake Harvey (Feb 10, 2023 13:46 EST)*
Name:  Drake Harvey
Title:  President

**PURCHASER:**

**RIVER FINANCIAL INC.**

By: _____
   *William Mongan*
   2BE6B20AC0ED484...
Name:  William Mongan
Title:  General Counsel

## Schedule 1

| Model | Orgin | Destination | AWB | Shipped Date | ETA at Port | ETA at MVP | Logistics | Status | TH/s | Units | Hashrate | Paid to Debtor Overhead | Paid to Debtor Shipping Cost | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bitmain S19 XP 141TH/s | MAL | MVP - Houston | AEQPG2301006 | 1/24/2023 | 1/30/2023 | 2/13/2023 | Central | in route | 141 | 50 | 7,050 | $ 5,500 | $ 4,384 | $ 9,884 |
| Total |  |  |  |  |  |  |  |  | 141 | 50 | 7,050 | $ 5,500 | $ 4,384 | $ 9,884 |