United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | | Chapter 11 |
| § | | |
| **MINING PROJECT WIND DOWN** § | | Case No. 22-90273-MI |
| **HOLDING, INC. (f/k/a Compute North** § | | |
| **Holdings, Inc.),** *et al.*, [1] § | | |
| § | | **(Jointly Administered)** |
| Debtors. § | | |
| § | | |

## STIPULATION AND AGREED ORDER

Mining Project Wind Down, Inc. (f/k/a Compute North Holdings, Inc.), and its above-captioned affiliates as debtors and debtors in possession (together, the **"Debtors"**) and TWC Financial LLC (**"Claimant"**, and collectively with the Debtors, the "**Parties**"), by and through each of their undersigned counsel, hereby enter into this Stipulation and Agreed Order:

**WHEREAS**, on September 22, 2022 ("**Petition Date**"), the above-captioned debtors filed voluntary petitions for relief in this Court under chapter 11 title 11 of the United States Code, commencing the above-captioned chapter 11 bankruptcy cases.

**WHEREAS**, On September 26, 2022, the Court entered its *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of 30 Largest Unsecured Creditors, and (C) Redact Certain Individual and Customer Confidential Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, (III) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), and (IV) Granting Related Relief* [Docket No. 86] ("**Bar Date Order**"). Among other things, the Bar Date Order set a deadline for all persons or entities

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

(excluding governmental units) to file proofs of claim in the Debtors' cases on or before November 23, 2022 (the "**Claims Bar Date**").

**WHEREAS** on November 23, 2022, TWC Financial LLC filed its Proof of Claim No. 10110 and 10136 in the amount of $11,763,939.24 (the "**Claim**") against debtor Compute North LLC for unsecured deposit and lost revenue.

**WHEREAS**, On November 23, 2022, the Debtors filed their *Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and its Debtor Affiliates* [Docket No. 576] (as amended from time to time, the "**Plan**")[2].

**WHEREAS** pursuant to the *Notice of Hearing to Consider (I) the Adequacy of the Debtors' Disclosure Statement. (II) Confirmation of the Plan, and (III) Related Voting and Objection Procedures* [Docket No. 724], the deadline for creditors to cast ballots in support of confirmation of the Plan is February 1, 2023 at 4:00 p.m. prevailing Central time (the "**Voting Deadline**").

**WHEREAS**, the Debtors dispute the validity, priority, and/or amount of some or all of the Claim.

**WHEREAS**, the Parties have agreed that the Claim should be resolved by agreement as follows and treated as follows:

**IT IS THEREFORE STIPULATED, AGREED AND ORDERED, THAT,**

1. This Stipulation and Agreed Order will be effective as of the date the Bankruptcy Court enters an order confirming the Plan (the "**Effective Date**"). The Debtors agree to seek Bankruptcy Court approval of this Stipulation at the hearing on confirmation of the Plan. Pending the Effective Date of this Stipulation, each of the Parties agrees to be bound by this Stipulation and waives any right to object to approval of it by the Bankruptcy Court. In the event that the Plan is not confirmed, it will be null and void and have no force or effect whatsoever except as may be otherwise agreed in writing by the Parties.

2. Claimant shall have an Allowed, liquidated, Class 3 General Unsecured Claim under the Plan in the amount of $386,353.36 (the "**Stipulated Claim**"). Other than the Stipulated Claim, Claimant shall have no other claims or proofs of claim against the Debtors or the Debtors' estates in these chapter 11 cases. The Claim is deemed amended to conform to the Stipulated Claim and the Official Claims Agent in these cases is authorized and directed to update the claims register maintained in these cases to reflect the Stipulated Claim.

3. Claimant shall cast its ballot in the amount of the Stipulated Claim in support of confirming the Plan on or before the Voting Deadline. Claimant agrees that it will neither oppose the Plan nor opt out of the releases set forth in Section 9 of the Plan.

---

[2] Capitalized terms not otherwise defined herein shall be given the meaning assigned to them in the Plan.

4. Claimant's Stipulated Claim shall be treated as provided under Section 3 of the Plan.

5. The Debtors hereby release Claimant from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law or equity, whether reserved under any Plan Supplement or other Plan document, that any of the Debtors, their Estates or their Affiliates would have been legally entitled to assert (whether individually or collectively), against Claimant, based upon any act, omission, transaction, agreement, event, or other occurrence taking place on or before the entry of this Stipulation and Agreed Order, except as otherwise set forth in this Stipulation and Agreed Order.

6. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Stipulation and Agreed Order.

Signed: February 16, 2023

_____
Marvin Isgur
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

**FERGUSON BRASWELL**
**FRASER KUBASTA PC**

/s/ *[signature]*

Rachael L. Smiley (Texas Bar No. 24066158)
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Telephone: 972-378-9111
Facsimile: 972-378-9115
Email:  rsmiley@fbfk.law

**EFFICIENCY COUNSEL FOR DEBTORS**

-and-

 /s/    *[signature]*

**COUNSEL FOR TWC FINANCIAL LLC**