**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. | ) | Case No. 22-90273 (MI) |
| (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 889, 938** |

**NOTICE OF ENTRY OF ORDER**
**(A) APPROVING THE DEBTORS' DISCLOSURE**
**STATEMENT ON A FINAL BASIS AND (B) CONFIRMING**
**THE THIRD AMENDED JOINT LIQUIDATING CHAPTER 11 PLAN OF**
**MINING PROJECT WIND DOWN HOLDINGS, INC. (F/K/A COMPUTE**
**NORTH HOLDINGS, INC.), ET AL. AND ITS DEBTOR AFFILIATES**

**TO CREDITORS, EQUITY HOLDERS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on February 16, 2023, the Honorable Marvin Isgur, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), entered an order [Docket No. 1019] (the "Confirmation Order") confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

*Holdings, Inc.(f/k/a Compute North Holdings, Inc.), et al.* [Docket No. 889] (as amended, modified, or supplemented, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 9.1 of the Plan, and consistent with section 1141(d)(3) of the Bankruptcy Code, the Plan does not grant the Debtors a discharge. Notwithstanding the foregoing, except as otherwise expressly provided in the Plan or any contract, instrument or other agreement or document created pursuant to the Plan, the rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge and release, effective as of the Effective Date, of such Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services that employees of the Debtors have performed prior to the Effective Date, and that arise from a termination of employment, any contingent or non contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code, or (3) the holder of such a Claim or Interest has accepted the Plan. On the Effective Date, all persons and Entities shall be precluded from asserting against the Reorganized Debtors or the Litigation Trust, or any of their respective assets or properties, any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date, except as otherwise provided in the Plan.

**PLEASE TAKE FURTHER NOTICE that except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has Filed a motion requesting the right to**

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms by the Plan.

**perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.**

**PLEASE TAKE FURTHER NOTICE** that, upon the occurrence of the Effective Date, the Plan and its provisions are binding on the Debtor, the Reorganized Debtor, any holder of a Claim or Interest, and such Holder's successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan, and whether or not such Holder or Entity voted to accept the Plan.

**PLEASE TAKE FURTHER NOTICE** that except as otherwise provided by a Final Order previously entered by the Bankruptcy Court (including the Bar Date Order) or as provided in Section 2 of the Plan, unless previously Filed, requests for payment of Administrative Claims must be (i) Filed on or before the Administrative Claims Bar Date which: (a) with respect to Administrative Claims other than Professional Fee Claims, shall be thirty (30) days after the Effective Date; and (b) with respect to Professional Fee Claims, shall be forty-five (45) days after the Effective Date, and (ii) served on the Debtors no later than the Administrative Claims Bar Date pursuant to the procedures specified in the Confirmation Order and this notice of entry of the Confirmation Order. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims that do not File and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, the Reorganized Debtors, their respective Estates, or the Plan Administrator, and such Administrative Claims shall be deemed compromised, settled, and released as of the Effective Date. Objections to such requests must be Filed and served on the requesting party by the latter of (a) thirty (30) days after the Effective Date, or (b) thirty (30) days after the date on which such Administrative Claim is Filed.

**PLEASE TAKE FURTHER NOTICE** that unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court within thirty (30) days after the later of (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (2) the effective date of such rejection, and (3) the Effective Date. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court or any other Entity, and any such Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in a Proof of Claim to the contrary. All Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified and treated for all purposes as general unsecured claims against the applicable Debtor counterparty.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order (including the Plan attached as an exhibit thereto) as well as copies of all documents filed in this chapter 11 case are available free of charge (a) by visiting the case website maintained by Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC, available at https://dm.epiq11.com/computenorthholdings or (b) by writing to Epiq Corporate Restructuring, LLC, Re: Compute North Holdings, Inc., 10300 SW Allen Blvd., Beaverton, OR 97005.  You may also obtain copies of any pleadings by visiting pacer.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to receive notice of pleadings filed in this chapter 11 case after the Effective Date, you must request notice pursuant to Bankruptcy Rule 2002.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 17, 2023
    Houston, Texas

/s/  James T. Grogan III

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
       michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*