IN THE UNITED STATES BANKRUPTCY COURTTh
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| MINING PROJECT WIND DOWN | § | |
| HOLDINGS, INC. (f/k/a Compute | § | Case No. 22-90273-MI |
| North Holdings, Inc.) et. al. | § | |
| | § | |
| | § | (Jointly Administered) |

### BOBS LIMITED'S ANSWER TO OBJECTIONS TO CLAIM #14

Bobs Limited files its answer to the objection to Bobs Limited's claim #14, pleading as follows:

1. The 1st sentence of paragraph 1 states the relief the Debtors seek, it contains no allegations. To the extent it does make allegations, they are denied. The allegations in the 2nd sentence are denied.

2. The allegations in paragraph 2 are denied. Bobs Limited objects to the purported declaration of Ryan Merch as it is neither a declaration nor an affidavit as it is caveated as being on "information and belief" not personal knowledge. It is hearsay and non-admissible.

3. The statements in paragraph 3 are admitted.

4. Bobs Limited admits the statutory predicates cited in paragraph 4 apply.

5. The allegations in paragraph 5 are admitted.

6. The allegations in paragraph 6 are admitted.

7. The allegations in paragraph 7 are admitted.

8. The allegations in paragraph 8 are denied.

9. Bobs Limited admits the court entered an order on September 26, 2022.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are denied.

14. Bobs Limited admits the First and Second Omnibus Objections were filed, all other allegations in paragraph 14 are denied.

15. Paragraph 15 contains no allegations which would require Bobs Limited to admit or deny. If an answer is required, they are denied.

16. Paragraph 16 contains no allegations which would require Bobs Limited to admit or deny. If an answer is required, they are denied.

17. Paragraph 17 contains no allegations which would require Bobs Limited to admit or deny. If an answer is required, they are denied.

18. Paragraph 18 contains no allegations which would require Bobs Limited to admit or deny. If an answer is required, they are denied.

19. The allegations in paragraph 19 are admitted.

20. The allegations in paragraph 20 are denied.

21. The allegations in paragraph 21 are denied.

22. . The allegations in paragraph 22 are denied.

23. Bobs Limited objects to the purported "Reservation of Rights" in paragraph 23. It attempts to modify and/or violates the applicable Bankruptcy Rules. Bobs Limited is entitled to due process. The purported reservation of the right to " object to the Claim on any ground whatsoever" provides no notice whatsoever of these reserved grounds. This purported reservation violates due process and is impermissible.

24. Paragraph 24 contains no allegations that would require Bobs Limited to admit or deny. If an answer is required, denied.

### Affirmative Defense

1. Bobs Limited had a valid enforceable contract with Compute North, LLC dated February 19, 2021.

2. The contract between Bobs Limited and Compute North LLC was for Bobs Limited to acquire 300 Minerva 100 TH bitcoin miners, and for Compute North

companies, Compute North LLC or True North Data Solutions, Ltd, to provide hosting.

3. Bobs Limited paid $1,548,000 to Compute North, LLC for 300 Minerva TH bitcoin miners.

4. Compute North, LLC did not deliver any Minerva TH bitcoin miners to Bobs Limited.

5. Compute North, LLC did not deliver the Minerva TH bitcoin miners purchased by Bobs Limited to True North Data Solutions, Ltd.

6. Bobs Limited paid $186,821 and $50,000 CAD to *per se* agents of Compute North, LLC and True North Data Solutions, Ltd and they facilitated the purchase and hosting agreement. Without these *per* se agents, Compute North, LLC and True North Data Solutions, Ltd, would not have benefitted by having Bobs Limited enter into the contract for sale and hosting.

7. Bobs Limited, in addition to its entitlement to recover the $1,548,000, paid to Compute North, LLC, the $186,821 and $50,000 CAD paid to *per se* agents of Compute North, LLC and True North Data Solutions, Ltd, is entitled to and claims consequential damages, to be quantified at the hearing, which continue to accrue because offailure to deliver the miners on June 13, 2021, as agreed.

WHEREFORE, Bobs Limited respectfully requests that the court enter an order denying the Debtor's objection, allowing Bobs Limited's claim #14 and awarding Bobs Limited such other and further relief as may be just and proper.

    Respectfully submitted,

    Hoover Slovacek, LLP

    */s/ Steven A. Leyh*
    Steven A. Leyh
    TBN: 12318300
    Galleria Tower II
    5051 Westheimer, Suite 1200
    Houston, TX 77056
    Phone: 713-977-8686
    Fax: 713-735-4188
    leyh@hooverslovacek.com

    **Counsel for Bobs Limited**

## CERTIFICATE OF SERVICE

I certify that on February 17, 2023, a copy of the foregoing document was served electronically on the Electronic Case Filing System of the United States Bankruptcy Court for the Southern District of Texas.

*Steven A. Leyh*
_____
**STEVEN A. LEYH**