IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) Case No. 22-90273 (MI) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**SUNBELT SOLOMON SERVICES, LLC's MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Sunbelt Solomon Services, LLC (collectively, with Solomon Corporation and its other affiliated parties in interest, "**Solomon**"), a supplier and creditor of the Debtors, hereby requests allowance and payment of administrative expenses totaling $2,306,096.25, and in support of its Motion for Allowance and Payment of Administrative Expense Claim ("Motion"), would show the Court as follows:

**SUMMARY**

1.      Solomon has provided millions of dollars' worth of custom electrical equipment to Debtors in response to specific orders, demands, and requests, pursuant to a certain Master Agreement both pre- and post-Petition in the ordinary course of Debtors' business. Solomon has timely filed a proof of claim setting forth such pre-Petition amounts that remain outstanding and unpaid by Debtors. By this Motion, Solomon seeks payment in regards to certain post-Petition

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397) CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190) CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639) Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238). The Debtors' service address for the purposes of these Chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

1

amounts due and payable by Debtors for services and materials that Solomon has provided in the amount of $2,306,096.25 as administrative expenses of the estate, which are now due and payable under the confirmed Plan. Solomon has been in contact with Debtors' counsel for over a month regarding these outstanding administrative expenses due from the estate and, to appropriately advance timely the entitlement to receive payment, Solomon files this Motion.

2. Solomon's administrative claims fall into three categories: (1) $1,215,697.50 for contractual equipment deliveries during the reclamation period (*i.e.*, the twenty-day period immediately preceding the petition date) pursuant to section 503(b)(9) of the Bankruptcy Code, (2) $607,848.75 for equipment ordered by Debtors and provided post-Petition to Debtors' estate pursuant to section 503(b)(1) of the Bankruptcy Code (which required deliveries were re-confirmed post-Petition with Debtors' business team), and (3) $482,550.00 for equipment that was the property of Solomon that was sold post-Petition by the Debtors, pursuant to a sale approved by this Court and for which such funds were expressly reserved in the sale order, as part of the maintenance of Debtors' estate, pursuant to section 503(b)(1) of the Bankruptcy Code.

3. The failure to timely pay such amounts as and when due, which has caused Solomon to enforce its rights post-Petition under the Master Agreement and the relevant Purchase Orders may entitle Solomon to addition costs, fees and other amounts, which Solomon reserves the right to seek to recover if it is unable to resolve these issues consensually with the Debtors' estate, which remains a priority with Solomon. This Motion has been filed to ensure it timely complies with the requirements under the Plan to notice up its Administrative Expense Claims.

## **JURISDICTION AND VENUE**

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 29 U.S.C. §§ 157(b)(2)(A) and (B). Venue

is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Petition**") on September 22, 2022 (the "**Petition Date**").

6. Solomon markets and sells industrial transformers and components to customers in a number of different industries including crypto mining.

7. In that capacity, on the Petition date Solomon was party to that certain Master Agreement ("**MA**"), dated December 20, 2021, by and between Debtors and Solomon. Pursuant to such MA, Debtors issued and effectuated Purchase Orders, requiring Solomon to perform by engineering, sourcing, assembling, and delivering the specified equipment. On the Petition Date, those Purchase Orders were in various phases of fulfillment. Despite discussions pre-Petition with Debtors and Solomon about progress and deliveries and Debtors business, Debtors understood and communicated that the equipment should continue to be delivered post-Petition.

8. Specifically, on or about September 14, 2022—less than ten days before the Petition Date—Solomon delivered 28 2000kVA Padmount Transformers to Debtors pursuant to Purchase Order 13, a copy of which is attached as **Exhibit A**. Consistent with its ordinary course of business, on September 22, 2022 Solomon invoiced Debtors $2,283,000.00 for that delivery, $1,215,697.50 of which remains outstanding and unpaid. A copy of Invoice 364692 is attached as **Exhibit B**. All of these deliveries satisfy the requirements of Section 503(b)(9) of the Bankruptcy Code and are administrative expenses.

9. Solomon understands Debtors listed and included this equipment in its sale process and this equipment is part of the Debtors' estate addressed by the Plan, to the extent some of the equipment was not sold during the pendency of the bankruptcy by Debtors. Debtors have not paid

Solomon for the amounts due under Invoice 364692. Post-confirmation, prior to filing this Motion, counsel for Solomon contacted counsel for Debtors to inquire about how Debtors were intending to address this part of Solomon's administrative claim and, to date, Debtors have not specified when or whether payment would be received. Thus, it became necessary for Solomon to file this Motion to include such amounts due and owing as administrative expenses.

10. Approximately one week later, after Debtors filed their Petition in this matter, Solomon delivered an additional 14 2000kVA Padmount Transformers to Debtors pursuant to Purchase the same Purchase Order 13, at Debtors request. *See* **Exhibit A**. Prior to delivering the transformers, Solomon confirmed with Debtors that Debtors were still desiring and expecting delivery, despite having filed their Petition. Debtors confirmed delivery should continue. Even after physical delivery, Solomon also offered to Debtors to remove the transformers after they had been unloaded, in the event Debtors' views had changed, but Solomon was commanded by Debtors to leave all equipment, pursuant to the performance required under the relevant MA and Purchase Orders. On September 29, 2022 and consistent with the contracts between the parties, Solomon timely invoiced Debtors $1,141,500.00 for those transformers, $607,848.75 of which remains unpaid. A copy of Invoice 365082 is attached as **Exhibit C**. Debtors have not paid Solomon the final $607,848.75 on Invoice 365082, despite repeated requests. Solomon has contacted counsel for Debtors to request payment for such invoices as the equipment was delivered in the ordinary course of business. No payments have been received; thus it became necessary for Solomon to file this Motion to include such amounts due and owing as administrative expenses.

11. Approximately two months after the Petition Date, Debtors conducted an asset sale to Foundry Digital LLC (the "Foundry Sale") pursuant to the *Order (I) Approving the Sale of the Purchased Assets Free and Clear of All Claims, Liens, Interests and Encumbrances; (II)*

*Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief*, which was entered on November 22, 2022. [Docket No. 531].

12. Solomon timely objected to the Foundry Sale, which included a number of transformers belonging to Solomon. [Docket No. 413]. In particular, Solomon objected to the sale of any and all transformers that Debtors had not paid for, in full, which, under the relevant MA and Purchase Orders, remained Solomon's sole property. Title did not and had not passed to the estate under the relevant agreements. The relevant transformers (Serial Nos. YT-22-10994, YT-22-10995, YT-22-10996, YT-22-10997, YT-22-10998, YT-22-10999, YT-22-11000, YT-22-11001, and YT-22-11002) were included in Invoice No. 361903, attached as **Exhibit D**, and Invoice No. 362739, attached as **Exhibit E**, which remain unpaid. The total amount owed under Invoice Nos. 361903 and 362739 is $482,550.00. While Debtors dispute Solomon's right to those funds, they agreed to reserve those funds, as expressly set forth in that particular sale order, in order to allow such proceeds for Solomon's equipment to be reserved and preserved, pending resolution of Solomon's and Debtors' disagreement over title, so that the Debtors could nonetheless conclude the Foundry Sale and deliver the specific items Foundry indicated it wanted to purchase. At all times, Solomon cooperated with the estate, but reserved all of its rights.[2]

## ADMINISTRATIVE EXPENSE CLAIMS

13. Pursuant to sections 503(b)(1) and (9), "[a]fter notice and a hearing, there shall be allowed administrative expenses…including…(1)(A) the actual, necessary costs of preserving the estate…and (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the

---

[2] In light of the legal issue involved on this particular aspect of the administrative claim, if Debtors and Solomon are unable to resolve this claim and the parties need to submit this issue to the Court, Solomon is open to discussing a briefing schedule with Debtors on this particular issue, as it is largely a legal issue.

ordinary course of such debtor's business." Courts apply a two-part test in determining whether a claimant is entitled to payment of administrative expenses. First, there must be a transaction between the creditor and the debtor that falls within the relevant time period, and second the estate must receive a benefit from the transaction. *See In re Garden Ridge Corp.*, 321 B.R. 669, 676 (Bankr. D. Del. 2005).

14. Solomon has provided evidence, and is prepared to further provide testimonial evidence, establishing a prima facie right to payment of these administrative expenses incurred by the Debtor, all of which were for the Debtor's and the estate's benefit. As of the filing of this Motion, the total amount of those expenses due and payable to Solomon is $2,306,096.25, not including such other and further amounts, such as interest, fees and costs that Solomon may be entitled to, which may be requested in association with the hearing on this matter. The equipment and services provided by Solomon to the benefit of the Debtors were actual and necessary costs of Debtors' operations and/or the maintenance and maximization of Debtor's assets post-Petition.

15. Accordingly, Solomon respectfully requests the entry of an order allowing its administrative claim, requiring immediate payment of its administrative claim, and for such other and further relief to which it is justly entitled.

| | | |
|---|---|---|
| DATED: | March 10, 2023<br>Houston, Texas | **MAYER BROWN LLP** |

*/s/ Brandon F. Renken*
Charles S. Kelley
Texas Bar No. 11199580
Brandon F. Renken
Texas Bar No. 24056197
Andrew C. Elkhoury
Texas Bar No. 24097648
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com
           brenken@mayerbrown.com
           aelkhoury@mayerbrown.com

***Attorneys for Sunbelt Solomon Services, LLC***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in this case on March 10, 2023.

*/s/ Brandon F. Renken*
Brandon F. Renken