United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) ) ) ) | Case No. 22-90273 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING
SUNBELT SOLOMON SERVICES, LLC'S MOTION
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

THIS MATTER came before the Court on March 10, 2023 upon *Sunbelt Solomon Services, LLC's Motion for Allowance and Payment of Administrative Expense Claim* [Docket No. 1055] (the "Motion"); and it appearing that Sunbelt Solomon Services, LLC (collectively, with Solomon Corporation and its other affiliated parties in interest, "Sunbelt") and the above-captioned debtors and debtors in possession (collectively, the "Debtors", and together with Sunbelt, the "Parties"), by and through their respective undersigned counsel, have agreed to the disposition of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

1

the Motion as set forth in this Stipulation and Agreed Order. To that end, the Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on September 22, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on January 31, 2023, the Debtors filed their Third Amended Chapter 11 Plan (Docket No. 889, the "Plan").

WHEREAS, on February 16, 2023, the Bankruptcy Court entered an Order (A) Approving the Debtors' Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (F/K/A Compute North Holdings, Inc.) and Its Debtor Affiliates (Docket No. 1019, the "Confirmation Order").

WHEREAS, prior to the Petition Date, the Debtors and Sunbelt entered into a Master Agreement (the "Master Agreement"), dated December 20, 2021, under which the Debtors issued purchase order to order electrical equipment, including transformers and padmount transformers (collectively, the "Equipment").

WHEREAS, Sunbelt has asserted that amounts are due and owing from the Debtors for such equipment. In that regard, Sunbelt has filed various claims and proofs of claim in the Chapter 11 Cases, including Proof of Claim Number 10139 in the aggregate amount of $7,631,744.69. Of

such amount, Sunbelt asserts in Proof of Claim Number 10139 that $1,215,697.50 of its claim is entitled to administrative priority under Section 503(b)(9) of the Bankruptcy Code.

WHEREAS, following the Petition Date, Sunbelt filed its Notice of Reclamation Claim [Docket No. 186] (the "Reclamation Demand").

WHEREAS, Sunbelt has also filed the Motion, requesting payment from the Debtors' estates for amounts alleged to have administrative priority under section 503 of the Bankruptcy Code and consisting of (1) $1,215,697.50 for contractual equipment that Sunbelt maintains was delivered during the twenty-day period immediately preceding the petition date pursuant to section 503(b)(9) of the Bankruptcy Code, (2) $607,848.75 for equipment that Sunbelt maintains was ordered by Debtors and provided post-Petition to Debtors' estate pursuant to section 503(b)(1) of the Bankruptcy Code, and (3) $482,550.00 for equipment that Sunbelt maintains was the property of Sunbelt that was sold post-Petition by the Debtors, pursuant to a sale approved by this Court (collectively, the "Sunbelt Administrative Claims") (and which asserted rights of Sunbelt in proceeds of the sale were preserved under the Sale Order). The Debtors have disputed the Sunbelt Administrative Claims on various grounds.

WHEREAS, in connection with the Plan, the Debtors have identified and preserved various claims and causes of action against Sunbelt, including potential causes of action for avoidance of preferential transfers in the asserted amount of $3,809,956. Sunbelt has disputed that it is liable for such potential causes of action on various grounds.

WHEREAS, the Parties desire to settle and compromise their disputes relating to, among other things, the Motion, the Sunbelt Administrative Claims, the Proofs of Claim filed by Sunbelt, and potential causes of action that may be asserted against Sunbelt by the Debtors' estates, without

the time, expense, and uncertainty attendant with litigation over such matters, on the terms set forth herein.

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS**:

1. Within three business days following entry of this Stipulation and Agreed Order by the Bankruptcy Court, the Debtors or the Plan Administrator,[2] as the case may be, shall pay Sunbelt $1,000,000 in full and final satisfaction of the Administrative Expense Claims asserted in the Motion and any other administrative claims under sections 503 or 507 of the Bankruptcy Code that Sunbelt may have against the Debtors' estates in these chapter 11 cases. The Debtors will make the $1,000,000 payment by wire transfer to Mayer Brown's IOLTA account for the benefit of Sunbelt.

2. Proof of Claim 10139 filed by Sunbelt is hereby reduced, reclassified to the extent necessary, and Allowed as a Class 3 General Unsecured Claim in the aggregate final amount of $5,000,000, which claim shall be satisfied in accordance with treatment afforded Class 3 General Unsecured Claims under the Plan. For the avoidance of doubt, no portion of Proof of Claim 10139 will receive administrative priority under section 503 of the Bankruptcy Code.

3. Except for the payment set forth in Paragraph 1 above, and the Allowed General Unsecured Claim set forth in Paragraph 2 above, Sunbelt waives and releases all other requests for payment, claims or proofs of claim that have been filed by or on behalf of Sunbelt or that could be filed in the future by Sunbelt against the Debtors or their chapter 11 estates. For the avoidance of doubt, Sunbelt waives and releases, and shall have no rights, including any liens, claims, interests or encumbrances, in the $482,550 of proceeds of the equipment sold by the Debtors in accordance

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

with that *Order (I) Approving the Sale of the Purchased Assets Free and Clear of All Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired leases; and (III) Granting Related Relief* [Docket No. 531].

4. The Reclamation Demand is hereby withdrawn as it relates to the Debtors and the Debtors' estates.

5. To the extent that any of the Equipment has been delivered to the Debtors, the Parties agree that such Equipment (i) is property of the Debtors' estates against which Sunbelt has no right, title or interest and (ii), except as provided in paragraph 8 below, the Debtors shall have no further claims against Sunbelt with respect to such equipment. If the Debtors or the Plan Administrator seek to sell such equipment through an auction or other sale, Sunbelt reserves the right to bid on such equipment.

6. To the extent that any of the Equipment was not delivered to the Debtors, but the Debtors paid Sunbelt a deposit or other advance or pre-payment, such Equipment (i) shall be retained by Sunbelt, (ii) is not property of the Debtors' estates and (iii) the Debtors waive any rights they may have in this equipment or otherwise assign their rights in such equipment to Sunbelt, as well as any rights they may have in any payments of any kind made to Sunbelt at any time prior to the entry of this Agreed Order.

7. Subject to Paragraph 8, the Debtors and the Debtors' estates, for and on behalf of themselves and any trusts or entities created pursuant to the Debtors' Plan of Reorganization, predecessors, successors, and assigns, related or affiliated entities, persons or corporations, together with all subsidiaries thereto, specifically including any and all persons or entities claiming or whom may claim by, through, or under the Master Agreement (or any Purchase Order issued thereunder) in any respect whatsoever, as well as any and all persons or entities claiming or whom

may claim by, through, or under any of the foregoing persons or entities, including without limitation any Plan Administrator, and each of their respective past or present affiliated parties, successors, heirs or assigns, and all such entities' or persons' respective past, present and future shareholders, partners, directors, officers, members, managers, employees, attorneys, accountants, financial advisors, advisors, representatives and agents (the "Releasing Parties") shall irrevocably and unconditionally, fully, finally and forever waive, release, relinquish, remise, acquit, settle, compromise, discharge, covenant not to sue, and forever hold harmless Sunbelt, together with each and every of its predecessors, successors, and assigns, related or affiliated entities, persons, or corporations, and all subsidiaries thereto, and their respective past or present affiliated parties, parent entities, successors, heirs or assigns, and all such entities' or persons' respective past, present and future shareholders, partners, directors, officers, members, managers, employees, attorneys, accountants, financial advisors, advisors, representatives and agents, insurers, and sureties (the "Sunbelt Released Parties") from and against any and all claims, rights, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, liens, right to file liens, contracts, controversies, agreements, attorneys' fees, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind, character or nature whatsoever, whether known or unknown, suspected or unsuspected, matured or unmatured, foreseeable or unforeseeable, scheduled, claimed or unclaimed, in law or equity, including but not limited to any and all avoidance actions under Chapter 5 of the Bankruptcy Code or other claims the Releasing Parties may possess against the Sunbelt Released Parties, including, without limitation, any preference claims they may have for payments made to Sunbelt in the 90 days prior to the Petition Date and

any claims for payments, deposits or advance payments made by the Debtors and any other Releasing Party to any Sunbelt Released Parties prior to the Petition Date.

8. Notwithstanding anything to the contrary in this Stipulation and Agreed Order, Sunbelt shall honor all warranty obligations with respect to the four (4) transformers described as "Type 2000 kVA 3 PH Padmount 12470 Delta – 415y/240" and with serial numbers 209832, 209836, 212443, and 213580. Sunbelt's warranty obligations shall be valid and enforceable by the Debtors, the Plan Administrator or any party that purchases such transformers from the Debtors or the Plan Administrator, as the case may be.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

11. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters related to the enforcement of this Stipulation and Agreed Order.

Signed: April 24, 2023

_____
Marvin Isgur
United States Bankruptcy Judge

AGREED TO AS TO FORM AND SUBSTANCE

/s/ Brandon F. Renken
**MAYER BROWN LLP**
Charles S. Kelley (TX Bar No. 11199580)
Brandon F. Renken (TX Bar No. 24056197)
Andrew C. Elkhoury (TX Bar No. 24097648)
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com
brenken@mayerbrown.com
aelkhoury@mayerbrown.com

*Counsel for Sunbelt Solomon Services, LLC*

/s/ James T. Grogan III
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
sayanbhattacharyya@paulhastings.com
danielginsberg@paulhastings.com

-and-

Matthew Micheli (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmicheli@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*