# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# (HOUSTON DIVISION)

| | |
|---|---|
| In re: | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*[1], | Chapter 11<br>Case No. 22-90273 (MI)<br>Jointly Administered |
| Debtors. | |

## ATLAS TECHNOLOGY GROUP LLC'S REPLY TO THE PLAN ADMINISTRATOR AND LITIGATION TRUSTEE'S OBJECTION TO ATLAS' MOTIONS FOR (I) LEAVE TO AMEND ITS PROOF OF CLAIM AND (II) RELIEF FROM (A) THE AUTOMATIC STAY AND (B) THE INJUNCTIVE PROVISION OF SECTION 9.6 OF THE DEBTORS' PLAN

Atlas Technology Group, LLC ("**Atlas**"), through its undersigned counsel, hereby replies to the objection (Dkt. No. 1102; the "**Objection**") filed by Tribolet Advisors, LLC (the "**Administrator**"), in its capacity as the Plan Administrator and Litigation Trustee appointed in the above-captioned, jointly administered Chapter 11 proceedings, to Atlas' *Motions for (I) Leave to Amend its Proof of Claim and (II) Relief from (A) the Automatic Stay and (B) the Injunctive*

---

[1] The Reorganized Debtors (hereinafter, the "**Debtors**") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

*Provision of Section 9.6 of the Debtors' Plan* (Dkt. No. 1062; the "**Claim Motion**").[2] As its reply, and in support of the Claim Motion, Atlas states as follows:

**I.   The Timeline of Events Supports Granting the Claim Motion.**

1.   Below is a timeline of the relevant dates in this dispute:



2.   Atlas was not sitting on its hands from November 21, 2022 (the Original Claim filing date) until March 15, 2023 (the Claim Motion filing date). Rather, Atlas was negotiating in good faith with Wolf Hollow, and then with the post-petition purchaser of the Wolf Hollow facility, Generate, during this period to mitigate its damages under the Master Agreement (filed as Claim Motion, Ex. A at 6-21).

3.   Ultimately, Atlas reached an agreement with Generate that does not allow for Atlas to have a future relationship wither either Compute North or Generate to host its mining equipment.

---

[2] Capitalized terms not defined herein have their same meaning as given in the Claim Motion.

As such, as soon as Atlas received the negotiated settlement payment from Generate, returning most of its original deposit paid to Compute North, Atlas filed the Claim Motion.

4. In light of the amendment to the Master Agreement whereby Debtor Compute North assigned its interest, rights, and obligations in the Master Lease to Wolf Hollow (the "**Assignment**;" filed as Claim Motion, Ex. A at 22), Atlas' attempts to mitigate its damages—if successful—would have ultimately *benefitted* Compute North's bankruptcy estate.

5. Atlas and Generate only reached a partial settlement (which did mitigate Atlas' damages by $3,044,234.00; *see* Claim Motion, Ex. A at 4, ¶ 9) on February 20, 2023, four days *after* the Debtors' Plan was confirmed. (*See* Claim Motion, ¶ 13). Atlas did not receive payment from Generate until March 15, 2023; that same day it filed the Claim Motion. (Claim Motion, ¶ 14.)

6. Despite Atlas' attempts to negotiate and mitigate its claims, the Administrator asks this Court to apply a heightened standard and require Atlas to show "compelling reasons" justifying leave to amend its proof of claim post-confirmation. (*See* Objection § I.) But by the Administrator's admission, the Fifth Circuit has not adopted this "compelling reasons" approach. (Objection, ¶ 13.)

7. To the extent that this Court is convinced that a creditor must show compelling reasons regarding the Claim Motion, Atlas submits that it could not have plausibly filed any Amended Claim pre-confirmation. Atlas was negotiating in good faith with Wolf Hollow, and later with Generate, to mitigate its damages and salvage any potential future relationship. Atlas was attempting to limit its own exposure—and, therefore, any potential claim that might exist against Compute North.

3

8. Atlas could not have "estimated" its amended claim because an agreement with Wolf Hollow or Generate would have necessarily reduced, or nearly eliminated Atlas' claim altogether. The Administrator cannot advocate for judicial economy, (*see, e.g.*, Objection, ¶ 21), and then chastise Atlas for declining to file an amended claim which it knew it would have to amend again.

9. Atlas therefore submits, without conceding that such reasons are necessary, that compelling reasons justify granting the Claim Motion. Once Atlas' agreement with Generate was consummated, Atlas' claims against the estate were solidified and Atlas immediately filed the Claim Motion.

10. For the same reasons, the Administrator's argument that the Amended Claim is barred by the doctrine of *res judicata*, (*see* Objection, ¶ 11; citing *In re New River Shipyard, Inc.*, 355 B.R. 894, 912 (Bankr. S.D. Fla. 2006)), also fails. *Res judicata* cannot preclude claims "relate[d] to facts that could not have been raised" during the prior proceeding. *Union Pac. R.R. Co. v. Harris County*, 790 F. Supp. 2d 568, 584 (S.D. Tex. 2011). As the Administrator acknowledges, Atlas' Original Claim included language "reserving Atlas' right to amend or supplement is (sic) proof of claim." (Objection, ¶ 15.) The facts giving rise to the Amended Claim were not in existence when the Plan was confirmed. The Amended Claim, especially as Atlas reserved its right to amend, is not precluded.

**II.     Atlas' Ability to Defend its Legal Positions and Interests is a Sufficient Equitable Consideration That Supports Granting Leave to Amend.**

11. Justice requires that leave to amend be granted. *See Northstar Offshore Grp., LLC*, 2018 Bankr. LEXIS 2801, at *7 (Bankr. S.D. Tex. 2018). Indeed, the Claim Motion is largely procedural. Without leave to amend, Atlas may not be able to fully defend itself in the Adversary Proceeding. Therefore, this Court should grant the Claim Motion on equitable grounds.

4

12. The Administrator asserts that allowing Atlas to amend its claim would be inequitable, pointing to considerations such as futility, delay, bad faith, and undue prejudice. (*See* Objection § I and II.) Each of these arguments, addressed in order below, fail.

13. ***The Amended Claim is not futile***. The Fifth Circuit has defined the term futile, in the context of motions to amend, as meaning that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (applying the familiar Fed. R. Civ. P. 12(b)(6) standard). In other words, an amendment is only futile if it is insufficient. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

14. The Amended Claim survives futility if "in the light most favorable to [Atlas] and with every doubt resolved in [its] behalf, the [Amended Claim] states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotations omitted). The Amended Claim is not futile because it reflects legitimate adjustments (a decrease to reflect the settlement payment, and an increase to reflect Atlas' calculable damages) that only became known to Atlas recently.

15. The Administrator's contractual interpretation arguments go to the merits of the Amended Claim itself—not to Atlas' ability to amend in the first place. The Claim Motion in no way assumes that the Amended Claim would be automatically allowed on its face. Indeed, Atlas' claim is already being contested by the Administrator in the Adversary Proceeding and will ultimately be decided on the merits through that case, not here.

16. The Claim Motion is largely procedural. The interpretation and interplay of the Master Agreement and the Assignment are subjects for the Adversary Proceeding. The Assignment, which postdates the Master Agreement, provides broad indemnification against "any claims, demands, actions, suites (sic), damages, liabilities, losses, costs, and expenses" arising

under the Master Agreement. (Claim Motion, Ex. A at 22, ¶ 1.) Interpreting Compute North's obligation to indemnify Atlas under the Assignment as broader than its original obligations under the Master Agreement is neither unreasonable nor futile.[3]

17. ***Atlas did not delay the filing of its Amended Claim,*** as suggested by the Administrator. (Objection, ¶ 24.) To the contrary, Atlas moved swiftly to file the Claim Motion on the *same day* it received payment from Generate consummating their agreement. The Administrator points to the Seventh Circuit's "milestones" for determining the "appropriate[ness]" of claim amendments. (*See* Objection, ¶10; citing *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993).) But Atlas could not have filed its amended claim pre-confirmation because it was still negotiating with Generate to mitigate its damages. The confirmation milestone had come and gone by the time Atlas and Generate reached an agreement. Atlas then worked expeditiously (and retained counsel) to prepare and file the Claim Motion before the next milestone (the Plan Effective Date of March 31, 2021). There was no delay.

18. ***The Amended Claim is not an attempt to gain leverage in the Adversary Proceeding.*** Here again, the context of the Claim Motion is essential. While the Adversary Proceeding was filed and initiated on January 29, 2023, (*see* Adv. Pro. No. 23-03005, Dkt. No. 1), Atlas was not served until March 6, 2023, when its counsel accepted service and the Summons was issued. (*See id.*, Dkt. No. 6.) The Amended Claim is not an attempt at leverage. Rather, the relief sought is essential to preserve Atlas' rights and defenses in the Adversary Proceeding, particularly in light of the injunctive provisions of the Plan which would otherwise appear to gut

---

[3] At ¶ 22 of the Objection, the Administrator argues that Atlas "fail[ed] to substantiate the amount of debt claimed." Although the ultimate validity and allowance of the claim is an issue for another day, Atlas does have supporting calculations and information to validate the Amended Claim amount, which will be filed in due course in the event the Claim Motion is granted. There is no requirement for Atlas to prove up everything as part of this procedural request. Atlas reserves all rights, including any request to file any such information under seal.

any affirmative defenses available to Atlas. Even if the Adversary Proceeding had never been filed, Atlas would have still sought to amend its Original Claim once it reached the agreement with Generate. That is not bad faith. This is just how the facts relating to Atlas' rights and claims in these proceedings have evolved.

19. ***Granting the Claim Motion would not cause undue prejudice.*** The Supreme Court has explained that the term prejudice "connote[s] a favorable or unfavorable disposition . . . that is somehow *wrongful or inappropriate*." *Liteky v. United States*, 510 U. S. 540, 550 (1994) (emphasis in original). Importantly, the Administrator (in its capacity as Litigation Trustee) is already challenging Atlas' Original Claim in the Adversary Proceeding. The Amended Claim would not be forcing a new claim objection. Rather, Atlas is seeking to fully defend itself in the Adversary Proceeding now that its losses are known.

20. Granting the Claim Motion is appropriate under these circumstances. Alternatively, denying it could tie Atlas' hands behind its back by limiting its available defenses. The merits of the Amended Claim are an issue for another day. At this stage, the question is whether granting leave to amend would unduly prejudice "the opposing party" (*i.e.*, the Administrator). *In re iHeartMedia, Inc.*, 2019 WL 1590546, at *3 (Bankr. S.D. Tex. Apr. 12, 2019). Here, it would not.

### III. The Court Should Grant Relief from the Automatic Stay and Section 9.6 to the Extent Necessary.

21. The Administrator's sole argument in opposition to Section II of the Claim Motion (which seeks, to the extent necessary, relief from the automatic stay and the injunctive provision of Section 9.6 of the Plan) is that the "requested relief should be denied as moot" for seeking to accomplish a "futile" act. (Objection, ¶ 27.) This is not so.

22. Aside from Atlas' strenuous disagreement with the Administrator on the "futility" of the Amended Claim, Atlas' requests for relief from the stay and relief from the Plan's injunction

are independent from the issue of whether the amendment should be allowed. Atlas did not request relief from the stay to amend its Claim, as the Administrator mistakenly asserts. Instead, the stay relief request was coupled with the motion for relief from the injunction under Section 9.6 of the Plan to ensure that Atlas has all legal and equitable claims and defenses available to it in the Adversary Proceeding. (*See* Claim Motion, ¶ 26.) The point was to *preserve* Atlas' ability to assert its setoff and recoupment rights as part of the Adversary Proceeding notwithstanding Section 9.6 of the Plan (which arguably would have been eliminated upon the Effective Date of the Plan).

23.   The Administrator has offered no independent objections on the merits as to this relief. Accordingly, and as the Claim Motion is neither moot nor futile, the Court should overrule the Administrator's objections on these issues.

## CONCLUSION

This case does not warrant the establishment of new law or precedent in the Fifth Circuit as suggested in ¶ 13 of the Objection. There is no prejudice to the Administrator as the Administrator has already objected to Atlas' Original Claim. Affording Atlas the relief requested in the Claim Motion will ensure that the Adversary Proceeding will be litigated on its merits, with both parties fully able to defend and prosecute their respective interests and claims.

For the foregoing reasons, this Court should grant the Claim Motion and order any other relief that may be just and equitable under the circumstances.

Dated: April 26, 2023.                    **MICHAEL BEST & FRIEDRICH LLP**

By: */s/ Justin M. Mertz*
Justin M. Mertz, WI Bar No. 1056938
790 North Water Street, Suite 2500
Milwaukee, WI 53202-3509
Phone: (414) 271-6560
jmmertz@michaelbest.com

*Attorneys for Atlas Technology Group, LLC*

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2023, a true copy of the foregoing was served on those parties who consent to service by the Court's ECF notification system and by the method and on the parties listed below as indicated.

      */s/Justin M. Mertz*
      Justin M. Mertz

Counsel for the Debtors:
Paul Hastings LLP
600 Travis Street 58th Floor
Houston, Texas 77002
Attn: James T. Grogan III
(jamesgrogan@paulhastings.com)

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc Despins
(lucdespins@paulhastings.com)
Sayan Bhattacharyya
(sayanbhattacharyya@paulhastings.com)
Daniel Ginsberg
(danielginsberg@paulhastings.com)

Paul Hastings, LLP
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Attn: Matthew Micheli
(mattmicheli@paulhastings.com)
Michael Jones
(michaeljones@paulhastings.com)

Counsel for the Official Committee of Unsecured Creditors:
McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Attn: Charles R. Gibbs
(crgibbs@mwe.com)

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
Attn: Kristin K Going
(kgoing@mwe.com)

Darren Azman
(dazman@mwe.com)
Stacy A. Lutkus
(salutkus@mwe.com)
Natalie Rowles
(nrowles@mwe.com)

Counsel for the United States Trustee:
Office of the United States Trustee for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, Texas 77002
Attn: Jayson B. Ruff
(Jayson.B.Ruff@usdoj.gov)
Jana Whitworth
(Jana.Whitworth@usdoj.gov)

Counsel for Generate Capital:
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Aaron Metviner
(aaron.metviner@kirkland.com)
Elizabeth Helen Jones
(elizabeth.jones@kirkland.com)