# Exhibit 1

## Tribolet Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO ADMINISTRATIVE CLAIM ASSERTED BY <u>OSTRA CYBERSECURITY INC.</u>**

I, Michael Tribolet, hereby declare under penalty of perjury:

1.      I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "<u>Plan Administrator</u>") in the above-referenced cases.

2.      In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates.  These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3.      I have read the *Plan Administrator's Objection to Administrative Claim Asserted by Ostra Cybersecurity Inc.* (the "Objection").

4.      To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the proof of claim filed by Ostra Cybersecurity Inc. (the "Proof of Claim" and "Claimant", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Proof of Claim, coupled with the information in the Debtors' books and records, demonstrates that the Proof of Claim represents a debt for services provided to the Debtors, rather than goods. The invoice accompanying the Proof of Claim appears to describe various cybersecurity services that were to be provided to the Debtors. The Debtors recorded an entry in the general ledger describing the work performed by Claimant as "SaaS Fees" ("Software as a Service"). I, in consultation with the Reviewing Parties, found no indication in the Proof of Claim or the Debtors' books and records that the debt appearing in the Proof of Claim was incurred for goods sold. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that reclassification of the administrative portion of the claim asserted in the Proof of Claim to a general unsecured claim is appropriate.

3

5.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set

forth in the foregoing declaration are true and correct to the best of my knowledge, information,

and belief as of the date hereof.


Dated:  April 28, 2023

                                                        /s/ *Michael Tribolet*
                                                        Michael Tribolet
                                                        Managing Member
                                                        Tribolet Advisors LLC, solely in its
                                                        capacity as Plan Administrator