# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| MINING PROJECT WIND DOWN | § Case No. 22-90273 (MI) |
| HOLDINGS, INC. (f/k/a Compute North | § |
| Holdings, Inc.), *et al.* | § |
| | § (Jointly Administered) |
| Debtors.[1] | § |
| | § |

# COVER SHEET TO SECOND INTERIM AND FINAL APPLICATION OF MCDERMOTT WILL & EMERY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MINING PROJECT WIND DOWN HOLDINGS, INC. (F/K/A COMPUTE NORTH HOLDINGS, INC.), *ET AL.*, FOR (I) THE SECOND INTERIM PERIOD FROM JANUARY 1, 2023 THROUGH MARCH 31, 2023 AND (II) THE FINAL COMPENSATION PERIOD FROM <u>OCTOBER 9, 2022 THROUGH MARCH 31, 2023</u>

| | |
|---|---|
| **Name of Applicant:** | McDermott Will & Emery LLP |
| **Applicant's Role in Case:** | Counsel for the Official Committee of Unsecured Creditors |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

| Docket No. of Employment Order(s): | 601 |
|---|---|
| **Interim Application (X) No.** <u>Second</u><br><br>**Final Application     (X)** | Indicate whether this is an interim or final Application.  If interim, indicate the number (1st, 2nd, 3rd, etc.) |

|  | **Beginning Date** | **End Date** |
|---|---|---|
| **Time period (the "<u>Interim Period</u>") covered by this Application for which interim compensation has not previously been awarded:[2]** | 01/01/23 | 03/31/23 |

| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  ( Y ) Y/N** |
|---|

| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y ) Y/N** |
|---|

| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) Y/N** |
|---|

| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** |
|---|

| **Compensation Breakdown for Time Period Covered by this Application[3]** | |
|---|---|
| **Total professional fees requested in this Application:** | $3,020,926.25 |
| **Total professional hours covered by this Application:** | 2,548.60 |
| **Average hourly rate for professionals:** | $1,185.33 |

---

[2]   To conserve resources, McDermott Will & Emery LLP ("<u>McDermott</u>") has not filed a separate interim fee application for the period from January 1, 2023 through and including March 31, 2023. Accordingly, the fees and expenses for the Interim Period have not yet been approved by this Court. This fee application constitutes in part an interim and final request for the payment of such fees and expenses.

[3]   Professional fees requested for the Interim Period total $1,389,782.75, comprising (i) 1,078.50 professional hours at an average hourly rate of $1,205.74, and (ii) 142.00 paraprofessional hours at an average hourly rate of $629.56. Expense reimbursements requested for the Interim Period total $24,798.52.

| | |
|---|---|
| **Total paraprofessional fees requested in this Application:** | $202,357.00 |
| **Total paraprofessional hours covered by this Application:** | 318.50 |
| **Average hourly rate for paraprofessionals:** | $635.34 |
| **Total fees requested in this Application:** | $3,298,283.25[4] |
| **Total expense reimbursements requested in this Application:** | $37,648.67 |
| **Total fees and expenses requested in this Application:** | $3,335,931.92 |
| **Total fees and expenses awarded in all prior Applications:** | $1,846,350.65 |

**Plan Status:** On February 16, 2023, the United States Bankruptcy Court for the Southern District of Texas entered its *Order (A) Approving the Debtors' Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [Docket No. 1019] confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [Docket No. 889] (as amended, supplemented and modified, the "Plan").  The Effective Date[5] of the Plan occurred on March 31, 2023.[6]

**Primary Benefits:** McDermott, on behalf of the Committee, endeavored throughout these cases to maximize recoveries for unsecured creditors.  McDermott commenced its efforts immediately upon its selection as counsel to the Committee with full participation in the process that resulted in various sales of the Debtors' assets.  Among other things, the Committee objected to the Debtors' proposed bidding procedures, urging the extension of certain dates and deadlines so as to increase the likelihood of a fair, competitive sale process and to maximize value.  McDermott assisted the Committee in its role as a consultation party under the Debtors' sale procedures, providing constructive feedback and recommendations regarding each asset sale transaction consummated by the Debtors.  McDermott also assisted the Committee with its objection to the Disclosure Statement and solicitation procedures, which objection resulted in a Court order that: (i) included a procedure allowing a party to change its vote if such party learned, upon the filing

---

[4]   This amount includes $75,000.00 in estimated fees and expenses relating to the preparation and prosecution of this final fee application after the occurrence of the Effective Date of the Plan (as defined herein; *see also* footnote 5, *infra*, regarding the use of capitalized terms).  The Reorganized Debtors are responsible for payment of such fees and expenses pursuant to §§ 2.2.4 and 13.4 of the Plan; McDermott will present appropriate invoices in connection with its request to the Plan Administrator for payment of such fees and expenses.

[5]   Capitalized terms used but not otherwise defined in this Cover Sheet shall have the meanings ascribed to them in the Plan.

[6]   See *Notice of Occurrence of Effective Date of Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [ECF No. 1082].

of the Debtors' schedule of retained causes of action, that it would not be receiving a release under the Plan; and (ii) extended the Debtors' proposed solicitation, plan supplement and voting deadlines.   After conditional approval of the Disclosure Statement, McDermott continued to negotiate Plan terms with the Debtors – a process that resulted in the preservation of potentially valuable causes of action via a narrowed definition of Released Parties.   McDermott conducted regular weekly meetings of the Committee in order to keep the Committee apprised of case developments and to allow the Committee to make informed decisions, in conjunction with McDermott's recommendations, to further the interests of the body of general unsecured creditors.   McDermott also advocated consistently for cost savings and conservation of estate resources.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION



|  | § |  |
| --- | --- | --- |
| In re: | § | Chapter 11 |
|  | § |  |
| MINING PROJECT WIND DOWN | § | Case No. 22-90273 (MI) |
| HOLDINGS, INC. (f/k/a Compute North | § |  |
| Holdings, Inc.), *et al.* | § |  |
|  | § | (Jointly Administered) |
| Debtors.[1] | § |  |
|  | § |  |

**SECOND INTERIM AND FINAL APPLICATION OF MCDERMOTT WILL & EMERY LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a COMPUTE NORTH HOLDINGS, INC.), *ET AL.*, FOR (I) THE SECOND INTERIM PERIOD FROM JANUARY 1, 2023 THROUGH AND INCLUDING MARCH 31, 2023 AND (II) THE FINAL COMPENSATION PERIOD <u>FROM OCTOBER 9, 2022 THROUGH MARCH 31, 2023</u>**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO**

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

McDermott Will & Emery LLP ("McDermott"), as counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases (the "Chapter 11 Cases") of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and the above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors" and, as of the Effective Date[2] of the Plan, the "Reorganized Debtors"), hereby files its application (the "Application") for (a) allowance and approval of compensation for professional services rendered by McDermott in the amount of $1,389,782.75 and for reimbursement of its actual and necessary expenses in the amount of $24,798.52 incurred from January 1, 2023 through March 31, 2023 (the "Interim Period") and (b) final allowance and approval of compensation for professional services rendered by McDermott in the amount of $3,298,283.25[3] and for reimbursement of its actual and necessary expenses in the amount of $37,648.67 incurred from October 9, 2022 through March 31, 2023 (the "Application Period") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* dated January 31, 2023 (as amended, supplemented and modified, the "Plan") [ECF No. 889].

[3]     This amount includes $75,000.00 in estimated fees and expenses relating to the preparation and prosecution of this final fee application incurred after the Effective Date (*see* footnote 10, *infra*) of the Plan.  The Reorganized Debtors are responsible for payment of such fees and expenses pursuant to §§ 2.2.4 and 13.4 of the Plan; McDermott will present appropriate invoices in connection with its request to the Plan Administrator for payment of such fees and expenses.

*Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Interim Compensation Order"),[4] and the Plan.  In support of this Application, McDermott submits the Declaration of Charles R. Gibbs (the "Gibbs Declaration") attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**.  In further support of this Application, McDermott respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (this "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 330, 331, and 1103, Bankruptcy Rule 2016, and Local Rules 2016-1, and 9013-1.

3.      McDermott consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On September 22, 2022 (the "Petition Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  From the Petition Date to the Effective Date, the Debtors remained in possession of their assets, and continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

---

[4]     ECF No. 249.

5.      On October 6, 2022, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed a five-member Committee consisting of: (i) RK Mission Critical LLC; (ii) Touzi Capital, LLC; (iii) Sunbelt Solomon; (iv) U.S. Data Mining Group, Inc.; and (v) MP2 Energy LLC d/b/a Shell Energy Solutions.[5]  On February 7, 2023, following the resignation of RK Mission Critical LLC from the Committee, the U.S. Trustee reconstituted the Committee to consist of (i) Touzi Capital, LLC; (ii) Sunbelt Solomon; (iii) U.S. Data Mining Group, Inc.; and (iv) MP2 Energy LLC d/b/a Shell Energy Solutions.[6]

6.      The Committee selected McDermott as its counsel.  The Committee also selected Miller Buckfire & Co., LLC and its affiliate Stifel, Nicolaus & Co., Inc. (collectively, "Miller Buckfire") to serve as its investment banker.[7]

7.      On November 30, 2022, the Court entered the *Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of October 9, 2022* (the "Retention Order").[8]

8.      The Retention Order authorizes the Debtors to compensate and reimburse McDermott in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by the Court, including those provided for in the Interim Compensation Order.

9.      On February 16, 2023, the Court entered its *Order (A) Approving the Debtors' Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Liquidating*

---

[5]    *See* ECF No. 139.

[6]    *See* ECF No. 928.

[7]    *See* ECF No. 611.

[8]    ECF No. 601.

*Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* confirming the Plan.[9]

10.     The Effective Date of the Plan occurred on March 31, 2023.[10]

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

11.     McDermott seeks final allowance of (i) $3,298,283.25[11] in fees, including $1,389,782.75 in fees for actual, reasonable and necessary services that McDermott provided during the Interim Period, calculated at the hourly billing rates of McDermott's professionals who worked on these Chapter 11 Cases, and (ii) $37,648.67 in expenses, including $24,798.52 in expenses incurred by McDermott while providing services during the Interim Period, incurred by McDermott while providing services to the Committee during the Application Period.  During the Application Period, McDermott attorneys and paraprofessionals expended a total of 2,867.10 hours for which compensation is requested.

12.     From and after its appointment, the Committee played an active and important role in these Chapter 11 Cases.  Among the many projects undertaken during the Application Period, McDermott:

(a)     Worked diligently to address general and administrative matters regarding these Chapter 11 Cases, such as the Debtors' motions, Plan, operating reports, proposed sales, and business plans, and communicated these issues and concerns through

---

[9]     ECF No. 1019.

[10]    See *Notice of Occurrence of Effective Date of Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [ECF No. 1082].

[11]    As previously noted, this amount includes $75,000.00 in fees and expenses relating to the preparation and prosecution of this final fee application incurred after the Effective Date of the Plan.  The Reorganized Debtors are responsible for payment of such fees and expenses pursuant to §§ 2.2.4 and 13.4 of the Plan; McDermott will present appropriate invoices in connection with its request to the Plan Administrator for payment of such fees and expenses.

regular and as-needed meetings with the Committee members, Miller Buckfire, and Debtors' counsel;

(b)    Researched and drafted a comprehensive memorandum to the Committee analyzing potential claims, causes of action and recoveries on behalf of the Debtors' estates and providing certain recommendations;

(c)    Collaborated with the Debtors in selecting a Plan Administrator and structuring the Liquidating Trust to pursue recoveries on behalf of general unsecured creditors and to make distributions from the assets of the trust;

(d)    Obtained an enhanced recovery for general unsecured creditors that allowed the Committee to support the confirmation of the Debtors' Plan and, in connection therewith, preparing and filing a statement by the Committee in support of confirmation and preparing and filing a response to the Plan objections filed by Rohit Shirole, Corpus Christi Energy Park, LLC, and Decimal Digital Currency I, LLC, among other things;

(e)    Reviewed, commented on, and conferred with the Debtors in connection with the preparation, filing, and prosecution of the adversary complaints against Atlas Technology, Group LLC and RK Mission Critical LLC;

(f)    Assisted the Debtors in connection with discovery preparation and reaching a settlement related to the adversary complaint against RK Mission Critical LLC.

13.    In addition, to keep the Committee informed of case issues on a timely basis in the context of the complex nature of the Debtors' business and attendant issues that arose throughout these Chapter 11 Cases, McDermott held weekly calls with the Committee. McDermott also communicated with individual Committee members and other unsecured creditors as needed.

14.    McDermott's efforts throughout the Application Period contributed to the confirmation of the Debtors' Plan providing for, among other things, recovery by general unsecured creditors in the form of cash distributions from, among other sources, the Debtors' cash on hand, the collection of accounts receivable, the proceeds of asset sales, and the liquidation of the Debtors' remaining assets as administered, liquidated, monetized and distributed by the Plan Administrator appointed pursuant to the Plan, and any recoveries by the Litigation Trust. The accomplishments of the Committee required significant resources of McDermott for the benefit of

the Committee and unsecured creditors. McDermott respectfully submits that its services during the Application Period warrant approval of its requested fees and expenses.

15.     Pursuant to the Interim Compensation Order, during these Chapter 11 Cases, McDermott has served monthly fee statements for services rendered and expenses incurred to the Fee Notice Parties (as defined in the Interim Compensation Order) for the following periods:

i.      October 9, 2022 through and including October 31, 2022 (the "October Fee Statement");

ii.     November 1, 2022 through and including November 30, 2022 (the "November Fee Statement");

iii.    December 1, 2022 through and including December 31, 2022 (the "December Fee Statement"); and

iv.     January 1, 2023 through and including January 31, 2023 (the "January Fee Statement").

McDermott did not receive any formal objection to the October Fee Statement, the November Fee Statement, the December Fee Statement, or the January Fee Statement.

16.     As of the date of this Application, McDermott has received payment of 100% of fees and expenses for services rendered and expenses incurred from October 9, 2022 through December 31, 2022. A summary of the amounts paid to McDermott in accordance with the Interim Compensation Order for monthly fee statements relating to the Application Period is below:

| Date Submitted to Fee Notice Parties | Period Covered | Fees & Expenses Incurred | | Fees & Expenses Paid | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| December 7, 2022 | October 9, 2022 – October 31, 2022 | $764,043.50 | $6,661.50 | $611,234.80 | $6,661.50 | $152,808.70 |
| December 29, 2022 | November 1, 2022 – November 30, 2022 | $528,989.50 | $2,519.99 | $423,191.60 | $2,519.99 | $105,797.90 |
| February 1, 2023 | December 1, 2022 – December 31, 2022 | $540,467.50 | $3,668.66 | $432,374.00 | $3,668.66 | $108,093.50 |
| March 30, 2023 | January 1, 2023 – January 31, 2023 | $657,590.50 | $13,902.21 | - | - | - |
| **Totals:** | | $2,491,091.00 | $26,752.36 | $1,466,800.40[12] | $12,850.15[13] | $366,700.10[14] |

17.     Pursuant to this Application, McDermott seeks final allowance of all fees and expenses incurred from October 9, 2022 through March 31, 2023.  McDermott also seeks allowance of estimated fees and expenses relating to the preparation and prosecution of this final fee application after the occurrence of the Effective Date of the Plan in the amount of $75,000.00.[15] McDermott further seeks payment of: (i) the 100% of fees and expenses in connection with the January Fee Statement; and (ii) 100% of fees and expenses for the period February 1, 2023 through and including March 31, 2023.

18.     The fees charged by McDermott in these Chapter 11 Cases are billed in accordance with McDermott's agreed billing rates and procedures in effect during the Application Period.[16]

---

[12]  The amounts in the first three rows of this column have been paid pursuant to the Interim Compensation Order.

[13]  The amounts in the first three rows of this column have been paid pursuant to the Interim Compensation Order.

[14]  The amounts in the first three rows of this column have been paid pursuant to the *Order Allowing Interim Compensation and Reimbursement of Expenses (Docket No. 967)* [ECF No. 1052].

[15]  As noted herein, the Reorganized Debtors are responsible for payment of such fees and expenses pursuant to §§ 2.2.4 and 13.4 of the Plan.  McDermott will present appropriate invoices in connection with its request to the Plan Administrator for payment of such fees and expenses

[16]  As disclosed in the *Supplemental Declaration of Charles R. Gibbs* [ECF No. 822] in the ordinary course of McDermott's business and in keeping with its established billing practices and procedures, McDermott's billing rates were adjusted firm wide on January 1, 2023. No party objected to McDermott's adjusted rates.

McDermott charged its standard hourly rates for engagements of this type for all attorneys, legal assistants, and staff who provide services to the Committee in these Chapter 11 Cases.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

19.     Attached hereto as **Exhibits 3-A and 3-B** are McDermott's Compensation by Timekeeper, a summary breakdown of hours and amounts billed by timekeeper during the Interim Period and the Application Period, respectively.  The exhibits list those McDermott professionals and paraprofessionals who performed services for the Committee during the Interim Period and the Application Period, as applicable; the capacities in which each individual is employed by McDermott; the practice area in which each individual practices; the year in which each attorney was admitted to practice law, where applicable; the hourly billing rate charged by McDermott for services performed by such individual; and the aggregate number of hours expended in this matter during the Interim Period and the Application Period, as applicable, and fees billed therefor.

20.     Attached hereto as **Exhibits 4-A and 4-B** are McDermott's Compensation by Category, a summary breakdown of hours and amounts billed by project category during the Interim Period and the Application Period, respectively.

21.     Attached hereto as **Exhibits 5-A and 5-B** are McDermott's Expense Summary, a summary of McDermott's expenses incurred during the Interim Period and the Application Period, respectively.

22.     McDermott maintains computerized records of the time spent by all McDermott attorneys and paraprofessionals in connection with these Chapter 11 Cases.  As described above, copies of these computerized records were served with McDermott's monthly fee statements in the format and by the procedure specified by the Interim Compensation Order.  Copies of (i) the

monthly fee statements for October 9, 2022 through January 31, 2023, together with the applicable time records, and (ii) McDermott's invoices for the periods February 1, 2023 through February 28, 2023 and March 1, 2023 through March 31, 2023, together with the applicable time records, are attached hereto as **Exhibit 6**.

23.    McDermott reserves the right to amend this Application to request additional compensation for the Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.  Moreover, described herein, McDermott professionals rendered additional services after the Effective Date of the Plan in connection with preparing and filing this Application.  The Reorganized Debtors are responsible for payment of such fees and expenses pursuant to §§ 2.2.4 and 13.4 of the Plan.  McDermott seeks allowance of an estimated $75,000.00 on account of such fees and expenses, but will present appropriate invoices in connection with its request to the Plan Administrator for payment of the actual amounts of such fees and expenses.

## **SUMMARY OF SERVICES RENDERED**

24.    The following narrative provides a summary of the services rendered by McDermott on behalf of the Committee organized by project category.  The summary that follows is not intended to be a detailed description of the work performed by McDermott during the Application Period, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached hereto as **Exhibit 6**.  Rather, the following paragraphs provide a summary of the most significant services McDermott rendered to the Committee during the Application Period.

**Case Administration**
**McDermott Billing Code: B110**
**Interim Period Fees: $65,929.00/Hours Billed: 70.10**
**Application Period Fees: $212,851.50/Hours Billed: 218.2**

25.     This category represents time spent by McDermott addressing general and administrative matters regarding these Chapter 11 Cases.  During the Application Period, McDermott conferred with the Debtors' advisors to discuss case background, status, and administration, and also reviewed and analyzed written background materials the Debtors' advisors provided regarding, *inter alia*, the Debtors' business operations and financial condition. McDermott professionals also conferred regularly amongst themselves regarding case work streams, open case issues, and strategies to effectively address the same, and reviewed case pleadings and court filings, including the Debtors' monthly operating reports and other background materials.  Finally, during the Application Period, McDermott conferred regularly with Miller Buckfire regarding various diligence and case strategy matters.

26.     Other services in this category provided by McDermott include preparing and filing witness and exhibit lists and assembling materials for Court hearings.  McDermott also prepared and maintained a critical dates chart to track case progress and deadlines and implemented other processes to more efficiently and effectively represent the Committee in these Chapter 11 Cases. Certain time relating to preparing and filing witness and exhibit lists and assembling materials for Court hearings has also been recorded under task code B410 (General Bankruptcy Advice and Opinions).

**Asset Analysis and Recovery**
**McDermott Billing Code: B120**
**Interim Period Fees: $1,592.00/Hours Billed: 1.6**
**Application Period Fees: $7,566.50/Hours Billed: 7.3**

27.     This category represents time spent by McDermott related to the analysis of the Debtors' assets and potential recoveries of amounts to the Debtors' estates.  In connection

therewith, during the Application Period, McDermott reviewed and analyzed the Debtors'
schedules and statements of financial affairs and conducted lien searches to identify unencumbered
assets. Certain time relating to reviewing and analyzing the Debtors' schedules and statements of
financial affairs has also been recorded under task code B110 (Case Administration).

**Asset Disposition**
**McDermott Billing Code: B130**
**Interim Period Fees: $9,217.00/Hours Billed: 8.0**
**Application Period Fees: $604,595.50/Hours Billed: 487.3**

28.     This category represents time spent by McDermott researching, reviewing,
analyzing and advising with respect to issues relating to the disposition of the Debtors' assets.
Pursuant to the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain
Bidding Procedures, Assumption, Assignment, and Rejection Procedures, and the Form and
Manner of Notice Thereof; (C) Authorizing the Debtors to Enter into Asset Purchase Agreements
with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the
Debtors' Remaining Assets Free and Clear of all Encumbrances as well as the Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 256], counsel to
the Committee was designated as a consultation party in connection with Court-approved bidding
procedures for the sale of substantially all of the Debtors' assets, and McDermott spent substantial
time advising the Committee in that role. For example, McDermott reviewed the terms of and
provided constructive feedback and comments to the Debtors' advisors and counsel for the
purchasers with respect to each of the asset sale transactions consummated by the Debtors,
including the sales to Generate Lending, LLC, Crusoe Energy Systems, LLC, Foundry Digital
LLC, and U.S. Data Group, Inc., as well as sales of certain de minimis assets. Additionally,
McDermott worked closely with the Debtors to evaluate and negotiate certain claims related to
Corpus Christi Energy Park, LLC ("CCEP") and its entry into a design-build contract with Debtor

CN Corpus Christi, LLC.  McDermott also researched and drafted an objection and supplemental objection to the Debtors' motion to approve certain bidding procedures, and then negotiated significant revisions to the final form of order approving bidding procedures.

**Relief From Stay/Adequate Protection Proceedings**
**McDermott Billing Code: B140**
**Interim Period Fees: $6,172.00/Hours Billed: 5.9**
**Application Period Fees: $24,647.00/Hours Billed: 25.0**

29.     This category represents time spent by McDermott conducting legal research regarding NextEra Energy's potential automatic stay violation and the stay relief motions filed by Rohit Shirole, US Digital Mining Texas, LLC, CCEP, GH Effect, Inc., and Alder Opportunity, LP, as well as objecting or otherwise responding to certain of these motions and other motions related thereto.

**Creditor Meetings and Communication**
**McDermott Billing Code: B150**
**Interim Period Fees: $166,725.00/Hours Billed: 140.0**
**Application Period Fees: $488.095.00/Hours Billed: 438.0**

30.     This category represents time spent by McDermott preparing for and conducting regular Committee meetings as well as communicating with the Committee members and their counsel as a group and on an individual basis from time to time regarding these Chapter 11 Cases. During the Application Period, McDermott organized interviews for the Committee's potential financial advisors, prepared for and conducted weekly meetings with the Committee, drafted Committee governance documents, provided recommendations to the Committee regarding various requests from the Debtors and other parties in interest, counseled the Committee regarding the Committee's issues with the Debtors' Plan and a global resolution thereof, and delivered email updates regarding Committee business, case updates, and various outstanding matters.  McDermott also coordinated with Miller Buckfire to prepare for weekly Committee calls, including preparing, discussing, and reviewing Committee presentations on various topics including case status and

strategy, the Debtors' operations and finances, asset sales, analyses of claims, and the Debtors' proposed Plan.  Finally, McDermott addressed inquiries from individual creditors from time to time regarding, among other things, questions relating to the claims bar date, the process for soliciting acceptances to and obtaining confirmation of the Debtors' Plan, and the terms of the Debtors' Plan.

**Court Hearings**
**McDermott Billing Code: B155**
**Interim Period Fees: $27,611.00/Hours Billed: 21.9**
**Application Period Fees: $117,237.50/Hours Billed: 89.70**

31.　　This category represents time spent by McDermott professionals preparing for and attending hearings on October 11, October 24, October 25, October 31, November 1, November 16, November 21, November 22, November 29, December 9, December 16, and December 20, 2022, and January 17, February 9, February 16, and March 6, 2023, as follows:

(a)　　On October 11, 2022, the Court considered the Debtors' motion to approve, among other things, certain bid procedures and a motion of the Debtors to enforce the automatic stay.

(b)　　On October 24, 2022, the Court considered certain of the Debtors' second-day requests for relief, and the Court entered interim orders with respect to certain of the requests for relief after the October 24 hearing.

(c)　　On October 25, 2022, the Court considered a request to approve a stipulation between the Debtors and Generate Lending, LLC.

(d)　　On October 31 and November 1, 2022, the Court considered the Debtors' proposed sale of certain assets to Generate Lending, LLC.

(e)　　On November 16, 2022, the Court considered the proposed sale of certain assets to Crusoe Energy Systems, LLC.

(f)　　On November 21, 2022, the Court considered the proposed sale of certain assets to Foundry Digital LLC.

(g)　　On November 29, 2022, the Court considered the sale of certain assets to U.S. Data Group, Inc.

(h)　　On December 9, 2022, the Court considered the assumption and assignment of certain contracts in connection with the sale to Foundry Digital LLC.

(i)     On December 16 and December 20, 2022, the Court considered the Debtors' request for conditional approval of the Debtors' Disclosure Statement (the "Disclosure Statement").

(j)     On January 17, 2023, the Court considered the Debtors' motion to change its corporate name and Rohit Shirole's motion for relief from stay.

(k)     On February 9, 2023, the Court considered the Debtors' motion to approve settlements with Marathon Digital Holdings, Inc. and RK Mission Critical LLC.

(l)     On February 16, 2023, the Court considered confirmation of the Debtors' Plan and certain stipulations and proposed agreed orders resolving certain objections to claims.

(m)     On March 6, 2023, the Court considered the Debtors' first and second omnibus objections to claims.

Services rendered in this category also include preparations for Court hearings.

**Fee/Employment Applications**
**McDermott Billing Code: B160**
**Interim Period Fees: $81,387.00/Hours Billed: 90.8**
**Application Period Fees: $219,524.00/Hours Billed: 250.2**

32.     This category represents time spent by McDermott related to the fee and employment applications of McDermott and Miller Buckfire.  During the Application Period, McDermott prepared and filed (i) the Committee's application to retain and employ McDermott as counsel, (ii) two supplemental declarations in support of the Committee's application to retain McDermott, (iii) McDermott's monthly fee statements for October, November, and December 2022 and January 2023, and (iv) McDermott's first application for interim allowance of compensation and reimbursement of expenses for the period October 9, 2022 through December 31, 2022.  McDermott also commenced preparation of its application for final allowance of compensation and reimbursement of expenses and reviewed and filed (i) the Committee's application to retain and employ Miller Buckfire as financial advisor and (ii) Miller Buckfire's first application for interim allowance of compensation and reimbursement of expenses for the period October 11, 2022 through December 31, 2022.  In addition, McDermott prepared and filed

19

certificates of no objection for McDermott's and Miller Buckfire's first interim fee applications. Finally, McDermott professionals reviewed the Debtors' proposed interim compensation procedures order and provided comments thereto during the Application Period.

**Fee/Employment Objections**
**McDermott Billing Code: B170**
**Interim Period Fees: $3,867.00/Hours Billed: 4.1**
**Application Period Fees: $72,391.50/Hours Billed: 65.6**

33.     This category represents time spent by McDermott related to retention applications and fee requests of other estate professionals.   During the Application Period, McDermott reviewed the Debtors' applications to retain estate professionals pursuant to Bankruptcy Code section 327, the Debtors' retention of numerous ordinary course professionals ("OCPs") and the monthly fee statements and applications for interim allowance of compensation and reimbursement of expenses of the Debtors' professionals.   McDermott also conferred with Debtors' counsel regarding issues relating to the Debtors' employment and compensation of certain OCPs.

**Avoidance Action Analysis**
**McDermott Billing Code: B180**
**Interim Period Fees: $0.00/Hours Billed: 0.0**
**Application Period Fees: $0.00 /Hours Billed: 0.0**

34.     McDermott did not provide services related to Avoidance Action Analysis during the Application Period.

**Assumption/Rejection of Leases**
**McDermott Billing Code: B185**
**Interim Period Fees: $7,673.00/Hours Billed: 7.2**
**Application Period Fees: $22,508.00/Hours Billed: 20.2**

35.     This category represents time spent by McDermott related to the Debtors' treatment of their leases, executory contracts, and proposed cure amounts.  During the Application Period, McDermott prepared an omnibus objection to the Debtors' notice of proposed cure amounts,

reviewed the claims related thereto, and analyzed certain objections related to the proposed cure amounts or the adequacy of assurance of future performance under certain assumed contracts. Additionally, McDermott drafted a joinder to an objection drafted by the Debtors to CCEP's motions to compel rejection of the design-build contract with Debtor CN Corpus Christi, LLC and to lift the automatic stay before these motions were resolved by agreement.

**Other Contested Matters**
**McDermott Billing Code B190**
**Interim Period Fees: $72,493.00/Hours Billed: 61.4**
**Application Period Fees: $135,432.50/Hours Billed: 121.6**

36.     This category represents time spent by McDermott drafting document requests to the Debtors to assist the Committee in assessing potential estate claims and causes of action, as well as reviewing the documents produced by the Debtors.  This category also includes time for services provided by McDermott in analyzing the Debtors' schedules and statements of financial affairs and preparing various documents in connection therewith. Certain time relating to drafting of discovery requests has also been recorded under task code B120 (Asset Analysis and Recovery).

37.     Other services provided by McDermott in this category include:

(a)     analysis of the stipulation between the Debtors, Generate Lending, LLC, MVP Logistics, LLC, and Marathon Digital Holdings, Inc. regarding certain miners, preparing an objection regarding the same, and conferring with the Debtors and related to parties to resolve matters related thereto;

(b)     drafting of document requests and interrogatories related to CCEP's motion to compel rejection of the design-build contract with CN Corpus Christi, LLC;

(c)     review of the Debtors' motion to extend the exclusivity period and motion to extend time to file notices of removal;

(d)     conducting legal research regarding Committee standing to assert certain claims on behalf of the Debtors' estates; and

(e)     review and analysis of adversary complaints and motions, including assisting the Debtors in discovery preparation and reaching a settlement related to the adversary proceeding the Debtors filed against RK Mission Critical LLC.

**Non-Working Travel**
**McDermott Billing Code B195**
**Interim Period Fees: $14,758.75/Hours Billed: 26.0**
**Application Period Fees: $26,602.75/Hours Billed: 40.1**

38.     This category represents time spent by McDermott professionals traveling to and from Court proceedings and to and from the interview of a former Compute North director. McDermott attended the October 11, October 21, October 31, November 29, and December 16, 2022 and February 16, 2023 hearings in person.

**Business Operations**
**McDermott Billing Code B210**
**Interim Period Fees: $3,519.00/Hours Billed: 2.6**
**Application Period Fees: $10,242.50/Hours Billed: 7.6**

39.     This category represents time spent by McDermott analyzing the Debtors' cash management system, cash flow, business operations, insurance coverage, and monthly operating reports. McDermott also reviewed various project management agreements and the Debtors' customer lists.

**Employee Benefits and Pensions**
**McDermott Billing Code B220**
**Interim Period Fees: $ 0.00 /Hours Billed:0.0**
**Application Period Fees: $ 5,023.00 /Hours Billed: 4.6**

40.     This category represents time spent by McDermott addressing the Debtors' various employment matters.  During the Application Period, McDermott analyzed the Debtors' proposed key employee retention plan, conferred with Miller Buckfire regarding the same, and conferred with Debtors' counsel regarding employee salary issues.

**DIP, Cash Collateral and Financing Issues**
**McDermott Billing Code B230**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 58,454.50 /Hours Billed: 55.8**

41.     This category represents time spent by McDermott related to the review and analysis, with the assistance of Miller Buckfire, of documents relating to the Debtors' prepetition

credit and financing transactions, as well as proposals regarding post-petition debtor-in-possession financing.  McDermott also researched and analyzed issues relating to the Debtors' secured loan documents relating to transactions with NextEra Energy, Foundry Digital LLC, and Marathon Digital Holdings, Inc.

**Tax Issues**
**McDermott Billing Code B240**
**Interim Period Fees: $783.00/Hours Billed: 0.6**
**Application Period Fees: $11,021.00/Hours Billed: 7.2**

42.     This category represents time spent by McDermott related to the analysis of various tax issues arising in these Chapter 11 Cases. McDermott reviewed and analyzed the Debtors' joint venture agreements for potential tax issues and analyzed the potential tax issues in the event of a liquidation or a reorganization.

**Real Estate**
**McDermott Billing Code B250**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 0.00 /Hours Billed: 0.0**

43.     McDermott did not provide services related to Real Estate during the Application Period.

**Board of Directors Matters**
**McDermott Billing Code B260**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 0.00 /Hours Billed: 0.0**

44.     McDermott did not provide services related to Board of Directors Matters during the Application Period.

**Utilities**
**McDermott Billing Code B270**
**Interim Period Fees: $ 1,050.00 /Hours Billed:1.4**
**Application Period Fees: $ 1,050.00 /Hours Billed: 1.4**

45.     During the Application Period, McDermott reviewed and analyzed certain utilities issues in connection with the Debtors' dispute with the Nebraska Public Power District.

**Vendor Matters**
**McDermott Billing Code B280**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 0.00 /Hours Billed: 0.0**

46.     McDermott did not provide services related to Vendor Matters during the

Application Period.

**Insurance**
**McDermott Billing Code B290**
**Interim Period Fees: $16,383.00/Hours Billed: 14.4**
**Application Period Fees: $19,122.50/Hours Billed: 17.1**

47.     This category represents time spent by McDermott related to the analysis of various

insurance issues arising in these Chapter 11 Cases.  During the Application Period, McDermott

professionals reviewed the Debtors' insurance policy documents and analyzed the Debtors'

potential insurance claims. McDermott also reviewed the Debtors' directors' and officers'

insurance policies and drafted a memorandum to the Committee related thereto.

**Claims Administration and Objections**
**McDermott Billing Code B310**
**Interim Period Fees: $109,337.00/Hours Billed: 92.2**
**Application Period Fees: $112,470.50/Hours Billed: 95.4**

48.     This category represents time spent by McDermott related to the analysis of claims

against the Debtors' estates.  During the Application Period, McDermott professionals analyzed

Portage Point Partners' claims report, as well as certain specific claims.

49.     Additional time in this category was spent by McDermott professionals reviewing

and analyzing (i) the Debtors' omnibus and individual objections to certain proofs of claim, (ii)

the Debtors' stipulations and proposed agreed orders with entities such as Power Asset Recovery

Corporation, Digital Alchemy LLC and GH Effect Inc, Davis Polk & Wardwell, Alder BTC

Holdings LLC, *et al.*, NBTC Limited, MP2 Energy Texas LLC d/b/a Shell Energy Solutions, and

TWC Financial LLC, and (iii) Atlas Technology Group, LLC's motion for leave to file an amended claim.

**Plan and Disclosure Statement**
**McDermott Billing Code B320**
**Interim Period Fees: $801,286.00/Hours Billed: 672.3**
**Application Period Fees: $1,069,354.50/Hours Billed: 910.4**

50.     This category represents time spent by McDermott relating to the formulation, negotiation, and confirmation of the Debtors' Plan and approval of the accompanying Disclosure Statement.  During the Application Period, McDermott reviewed, revised, and commented upon, as appropriate, various Plan-related documents including drafts of the Debtors' Plan and Disclosure Statement, the exhibits thereto, the Debtors' motion for conditional approval of the Disclosure Statement, the Plan solicitation materials, the Debtors' liquidation analysis, and the draft proposed order confirming the Plan and approving the Disclosure Statement on a final basis. McDermott also spent time analyzing and researching potential issues for unsecured creditors in connection with these documents, as well as negotiating the terms of the Liquidating Trust and Plan Administrator Agreement with the Debtors' advisors.

51.     In addition, in connection with its analysis of and negotiations related to the Plan and Disclosure Statement, McDermott researched, reviewed, and investigated potential claims being released under the Debtors' Plan, including against the Debtors' current and former directors and officers.  To that end, McDermott prepared discovery requests and deposition outlines related thereto and drafted and filed an objection and supplemental objection to the Debtors' Disclosure Statement.  The Committee ultimately worked consensually with the Debtors to resolve these and all other disclosure and confirmation-related issues, including by analyzing the objections to the confirmation of the Debtors' Plan filed by Rohit Shirole, CCEP, and Decimal Digital Currency I, LLC.

52. McDermott also spent time on communications related to the Debtors' Plan and Disclosure Statement. For example, McDermott prepared two letters to unsecured creditors regarding the Committee's recommendations for voting on the Plan and kept the Committee members apprised of the various stages of McDermott's negotiations with Debtors' counsel regarding the Plan.

53. Finally, this category includes time spent on other miscellaneous Plan and Disclosure Statement-related projects, including preparing for the hearings on conditional approval of the Disclosure Statement and confirmation of the Plan and addressing confirmation timeline issues and post-confirmation/pre-effective date matters.

**General Bankruptcy Advice and Opinions**
**McDermott Billing Code B410**
**Interim Period Fees: $0.00/Hours Billed: 0.0**
**Application Period Fees: $3,198.50/Hours Billed: 2.6**

54. This category represents time spent by McDermott related to general bankruptcy advice given to the Committee that is not applicable to any other project category. During the Application Period, McDermott professionals reviewed the Debtors' first day pleadings, the first day declaration, and other case pleadings and background materials and developed strategies for effectively representing the Committee. McDermott also researched and prepared discovery materials concerning the Debtors' directors and officers, releases, and strategies related thereto. Additionally, McDermott drafted various witness and exhibit lists and hearing outlines in connection with scheduled hearings.

**Restructurings**
**McDermott Billing Code B420**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 0.00 /Hours Billed: 0.0**

55. McDermott did not provide services related to Restructurings during the Application Period.

**Internal Investigation**
**McDermott Billing Code B430**
**Interim Period Fees: $0.00/Hours Billed: 0.0**
**Application Period Fees: $0.00/Hours Billed: 0.0**

56.    McDermott did not provide services related to Internal Investigation during the

Application Period.

**Securities Law Issues**
**McDermott Billing Code B450**
**Interim Period Fees: $ 0.00 /Hours Billed: 0.0**
**Application Period Fees: $ 0.00 /Hours Billed: 0.0**

57.    McDermott did not provide services related to Securities Law Issues during the

Application Period.

**General Corporate**
**McDermott Billing Code B460**
**Interim Period Fees: $0.00/Hours Billed: 0.0**
**Application Period Fees: $1,894.50/Hours Billed: 1.8**

58.    This category represents time spent by McDermott related to General Corporate

matters. During the Application Period, McDermott conferred with the Debtors regarding certain

contracts and agreements. McDermott also consulted with the Debtors regarding the Plan's

effective date.

<u>**SUMMARY OF ACTUAL AND NECESSARY EXPENSES**</u>

59.    During the Application Period, McDermott incurred $37,648.67 in expenses on

behalf of the Committee, including $24,798.52 in expenses incurred during the Interim Period.  It

is McDermott's policy to charge its clients in all areas of practice for out-of-pocket expenses

incurred in connection with the client's case.  These customary items include, among other things,

travel, business meals, computerized research, witness fees, and other fees related to trials and

hearings.  Internal costs or overhead cost and document production services (including regular

secretarial and word processing time) will not be charged for separately.  McDermott charges for

these expenses in a manner and at rates consistent with charges made generally to its other clients. A summary of McDermott's expenses incurred during the Application Period is provided in **Exhibit 5**.

## BASIS FOR THE RELIEF REQUESTED

60.    Bankruptcy Code section 331 provides for interim compensation of professionals once every 120 days after the commencement of the cases and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

61.    Section 330 sets forth the following criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F.   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[17]

62.    As a supplement to the factors enumerated in section 330, courts within the Fifth Circuit consider the twelve factors identified in *Johnson v. Ga. Highway Express, Inc.* to determine the reasonableness of compensation incurred by a professional based upon the particular circumstances of a given case.[18]   These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances of the case; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[19]

63.    Utilizing these factors and the standards customarily applied to fee awards under Bankruptcy Code sections 330 and 331, McDermott respectfully submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the amounts sought herein.   The following analysis of the *Johnson* factors supports the reasonableness of McDermott's requested fees and expenses:

(a)   *The Time and Labor Required*. The foregoing summary, together with the Exhibits attached hereto, detail the time, nature and extent of the professional services rendered by McDermott for the benefit of the Committee during the Application Period.  The total number of hours expended, 2,867.1, including 1,220.5 during the Interim Period, indicates that McDermott devoted substantial time to these matters on a wide variety of legal issues presented in these cases.  McDermott regularly communicated with the Committee to ensure that the rights of unsecured creditors

---

[17]    11 U.S.C. § 330(a)(3).

[18]    *See Johnson v. Ga. Highway, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).

[19]    *See In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977) (applying the twelve-factor test to an analysis of fee awards in bankruptcy cases).

were protected and that the Committee judiciously proceeded with motion practice only when appropriate.

(b) *The Novelty and Difficulty of Questions*. The issues presented by these cases demanded a high level of skill during a short period of time. McDermott spent considerable time analyzing difficult restructuring issues including such issues relating to cryptocurrency mining, preparing relevant pleadings as necessary and negotiating with the relevant interested parties to protect the interests of, and maximize value for, general unsecured creditors.

(c) *The Skill Required to Perform the Legal Services Properly*. In rendering services to the Committee, McDermott demonstrated substantial legal skill and expertise in the areas of bankruptcy, corporate law, commercial law, debtor-creditor rights, secured transactions and litigation.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Cases*. Given the size and depth of McDermott's restructuring practice, McDermott's representation of the Committee has not precluded it from seeking other engagements. However, McDermott's devotion of time to one matter inevitably detracts from its ability to seek out other employment opportunities.

(e) *The Customary Fee*. McDermott agreed to perform its services for the Committee during the pendency of these cases pursuant to its customary compensation practices for engagements of this type and regular hourly billing practices. McDermott is normally compensated on an hourly basis and bills clients on a periodic basis, which is most often monthly.

(f) *Whether the Fee is Fixed or Contingent*. The fees charged in this Application are based on McDermott's standard hourly rates for engagements of this type.

(g) *Time Limitations Imposed by Client or other Circumstances*. These Chapter 11 Cases proceeded on an expedited timeline, and there were numerous instances that necessitated McDermott's provision of capable legal services on short notice and under significant time constraints in order to address complex legal issues.

(h) *The Amount Involved and Results Obtained*. For the reasons described in this Application, McDermott respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the size and nature of the Debtors' operations and business relationships, and the number and complexity of issues addressed. McDermott conducted extensive research and analysis on various issues impacting the Debtors' business including but not limited to potential claims and causes of action on behalf of the Debtors' estates and the Debtors' Plan and Disclosure Statement.

(i) *The Experience, Reputation and Ability of the Attorneys*. McDermott is a well-known law firm, and has proven substantial ability in the fields of bankruptcy, litigation, corporate, tax, crypto, and crypto mining, among others. Charles R. Gibbs, Kristin Going, and Stacy Lutkus, all partners at McDermott, had primary

responsibility for this case. Each of Mr. Gibbs, Ms. Going, and Ms. Lutkus has a wide breadth of experience in bankruptcy matters, particularly with respect to representing creditor interests and official creditor committees, enabling them to effectively render services to the Committee in an efficient manner. In addition, McDermott's restructuring & insolvency attorneys were supported by partners from the corporate, trial, tax, and energy practice groups at McDermott.

(j)     *The Undesirability of the Case*. While this engagement is not "undesirable," these Chapter 11 Cases are challenging given, among other things, the complexity of the Debtors' business and operational arrangements and the nature and value of the claims asserted against the Debtors in these Chapter 11 Cases.

(k)     *Nature and Length of Professional Relationship*. McDermott had no relationship with the Committee prior to being retained in this case, subject to the disclosures set forth in the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel Effective October 9, 2022* and accompanying *Declaration of Charles R. Gibbs* attached thereto as Exhibit B.[20]

(l)     *Awards In Similar Cases*. The fees and expenses for which McDermott seeks compensation and reimbursement are not excessive and are substantially similar to those awarded in similar cases for similar services rendered and results obtained.

64.     This is McDermott's second interim and final fee application. This Application complies with the requirements of Bankruptcy Code section 331 that a professional only apply for compensation once every 120 days.[21]

65.     In sum, the services rendered by McDermott were reasonable, necessary and intended to benefit and preserve the value of the Debtors' estates and the interests of unsecured creditors. These services required a high level of professional competence and expertise, and McDermott believes that the services were performed efficiently and effectively. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

---

[20]     ECF No. 447.

[21]     *See* 11 U.S.C. § 331.

66.     No previous application for the relief sought herein has been made to this or any other Court.

67.     In accordance with the Interim Compensation Order, this Application will be served upon the following: (i) the Reorganized Debtors, c/o the Plan Administrator, Tribolet Advisors, LLC, Attn.: Michael A. Tribolet (michael.a.tribolet@tribobletadvisors.com); (ii) counsel to the Plan Administrator, ASK LLP, Attn.: Kara E. Casteel, Jennifer A. Christian, and Nicholas Brown (kcasteel@askllp.com, jchristian@askllp.com, and nbrown@askllp.com); (iii) counsel to the Debtors, Paul Hastings LLP, Attn.: James, Grogan, Luc Despins, Sayan Bhattacharyya, Daniel Ginsberg, Matthew Micheli, and Michael Jones (jamesgrogan@paulhastings.com, lucdespins@paulhastings.com, syanbhattacharyya@paulhastings.com, danielginsberg@paulhastings.com, mattmicheli@paulhastings.com, and michaeljones@paulhastings.com); (iv) the Office of the U.S. Trustee for the Southern District of Texas, Attn.: Jayson B. Ruff and Jana Smith Whitworth (jayson.b.ruff@usdoj.gov and jana.whitworth@usdoj.gov); and (v) the list of creditors of the Reorganized Debtors available on the Court's CM/ECF filing system.

**WHEREFORE**, McDermott respectfully requests that the Court:

(a)     Approve on a final basis the allowance of $3,298,283.25 for compensation for professional services rendered by McDermott to the Committee (i) during the Application Period including $1,389,782.75 for compensation for professional services rendered during the Interim Period and (ii) after the occurrence of the Effective Date of the Plan relating to the preparation and prosecution of this final fee application in the estimated amount of $75,000.00;

(b)     approve on a final basis the reimbursement of $37,648.67 of out-of-pocket expenses incurred by McDermott in connection with the rendering of such services to the Committee during the Application Period, including $24,798.52 of out-of-pocket expenses incurred by McDermott in connection with the rendering of services during the Interim Period;

(c)     authorize and direct the Debtors to immediately pay to McDermott the unpaid portion of such allowed and approved fees and expenses; and

(d)     award such other relief as the Court deems just and proper.

[*Signature Page Follows*]

Dated: May 15, 2023

Respectfully submitted,

By:   */s/ Charles R. Gibbs*
      Charles R. Gibbs
      Texas State Bar No. 7846300
      MCDERMOTT WILL & EMERY LLP
      2501 North Harwood Street, Suite 1900
      Dallas, TX 75201-1664
      Telephone: (214) 295-8000
      Facsimile: (972) 232-3098
      Email: crgibbs@mwe.com

      -and-

      Kristin K. Going (admitted *pro hac vice*)
      Darren Azman (admitted *pro hac vice*)
      Stacy A. Lutkus (admitted *pro hac vice*)
      Natalie Rowles (admitted *pro hac vice*)
      MCDERMOTT WILL & EMERY LLP
      One Vanderbilt Ave.
      New York, NY 10017-3852
      Telephone: (212) 547-5400
      Facsimile: (212) 547-5444
      Email: kgoing@mwe.com
            dazman@mwe.com
            salutkus@mwe.com
            nrowles@mwe.com

      *Counsel to the Official Committee of*
      *Unsecured Creditors*