**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. | ) Case No. 22-90273 (MI) |
| (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SUMMARY OF SECOND INTERIM AND FINAL APPLICATION OF PAUL**
**HASTINGS LLP, COUNSEL TO DEBTORS, FOR COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM SEPTEMBER 22, 2022 THROUGH MARCH 31, 2023**

**Complex Case Fee Application Coversheet (Hourly)**

| | | |
|---|---|---|
| **Name of Applicant:** | Paul Hastings LLP | |
| **Applicant's Role in Case:** | Counsel to the Debtors and Debtors in Possession | |
| **Docket No. of Employment Order(s):** | Docket No. 251 | |
| **Interim Application ( X )    No. 2**<br>**Final Application    ( X )** | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 01/01/23 | 03/31/23 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? ( Y ) Y/N** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y ) Y/N** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y ) Y/N** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** | | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551).  The Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

| Compensation Breakdown for Time Period Covered by this Application | |
|---|---|
| Total professional fees requested in this Application: | $8,566,577.11 |
| Total professional hours covered by this Application: | 6706.70 |
| Average hourly rate for professionals: | $1,277 |
| Total paraprofessional fees requested in this Application: | $171,899.82 |
| Total paraprofessional hours covered by this Application: | 357.50 |
| Average hourly rate for paraprofessionals: | $481 |
| Total fees requested in this Application: | $8,738,476.93 |
| Total expense reimbursements requested in this Application: | $34,793.05 |
| Total fees and expenses requested in this Application: | $8,773,269.98 |
| Total fees and expenses awarded in all prior Applications: | $6,825,765.53 |

**Plan Status:** The Plan [Docket No. 889] was confirmed on February 16, 2023 [Docket No. 1019] and went effective on March 31, 2023 [Docket No. 1082].

**Primary Benefits:** During the Interim Period, Paul Hastings advised the Debtors on a variety of complex matters and issues, including administering a comprehensive sale process, which culminated in 12 asset sales—four major sale transactions and eight de minimis asset sales—representing the sale of substantially all of the Debtors' assets.  The sales process resulted in the satisfaction or assumption of more than $200 million in funded secured debt, plus over $16 million in cash proceeds for the benefit of the estates.  Paul Hastings also assisted the Debtors in filing and consummating a fully consensual liquidating plan that provides for an orderly wind down of the Debtors and an efficient distribution of the Debtors' value to their creditors.

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), and Section 2.2 of the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [Docket No. 889] (as amended, modified, or supplemented, the "Plan"), Paul Hastings LLP ("Paul Hastings"), counsel to the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby files this *Second Interim and Final Application of Paul Hastings LLP, Counsel to Debtors, for Compensation for Services Rendered and Reimbursement*

*of Expenses for the Period from September 22, 2022 through March 31, 2023* (the "Application").  By this Application, Paul Hastings requests (a) allowance and payment of the sums of $1,927,451.93as compensation and $20,052.52 for reimbursement of actual and necessary expenses for the period from January 1, 2023 through and including March 31, 2023 (the "Interim Period"), which amounts have not been the subject of a previous interim application, and (b) final allowance and payment of the sums of $8,738,476.93 as compensation and $34,793.05 for reimbursement of actual and necessary expenses, for a total of $8,773,269.98 for legal services rendered during the period from September 22, 2022 through and including March 31, 2023 (the "Final Period").  In support of this Application, Paul Hastings respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In the course of the Chapter 11 Cases, Paul Hastings successfully steered the Debtors from their free-fall entry into bankruptcy in late September 2022 to the confirmation of their plan in mid-February.  Despite the Debtors entering bankruptcy with no DIP financing, RSA, or stalking horse bidder, Paul Hastings successfully navigated several complex and contested legal issues to achieve a fully consensual plan confirmation in just four and a half months.  Within this expedited timeline, Paul Hastings assisted the Debtors in selling substantially all of their assets through 12 separate asset sales, comprised of four major asset sales and eight de minimis asset sales.

2.      These asset sales provided substantial benefits to the Debtors and their estates. Among other things, more than $200 million in secured claims asserted by Generate and TZ Capital, an affiliate of NextEra Energy, were released or assumed in connection with sale transactions.  Specifically, the sale of Debtor CN Pledgor LLC's 100 percent equity interests in non-Debtor CN Borrower LLC to GC Data Center Equity Holdings, LLC, an affiliate of

Generate Lending, LLC ("Generate"), garnered the Debtors $5 million in cash as well as a full release from prepetition loan obligations claimed by Generate in the approximate amount of $130 million.  Furthermore, the sale of Debtor Compute North Member LLC's 50 percent membership interest in non-Debtor TZRC LLC (of which NextEra Energy owns the remaining 50 percent) to US Data King Mountain LLC resulted in the assumption of approximately $100 million of the Debtors' secured debt obligations to TZ Capital Holdings, LLC and contributed more than $3 million in cash to the Debtors' estates.  Additionally, pursuant to the sale transaction with Foundry Digital LLC ("Foundry"), Foundry paid the Debtors $5.17 million in cash, agreed to fund over $800,000 in replacement collateral to free up the Debtors' cash collateral securing Nebraska Public Power, and credit bid the full amount of its secured claim in the filed amount of approximately $9 million.

3.      In addition to maximizing value through numerous asset sales, Paul Hastings also negotiated key settlements with all of the Debtors' largest creditors and constituents.  For instance, settlements with key creditors RK Mission Critical LLC and Marathon Digital Holdings, Inc. resolved approximately $140 million of disputed secured and unsecured claims asserted by these parties and led to these parties supporting the Debtors' Plan.

4.      Paul Hastings also negotiated with the Official Committee of Unsecured Creditors to reach a compromise and settlement on the Plan that led to major revisions regarding Plan structure and the releases set forth in the Plan.  Furthermore, Paul Hastings assisted the Debtors in resolving Plan objections, enabling the Debtors to present the Court with a fully consensual Plan, which embodies a global settlement (the "Global Settlement") between the Debtors and their stakeholders.

5.       Based in part on the efforts of Paul Hastings, Plan confirmation was uncontested and the Plan was confirmed.  The Plan was confirmed on February 16, 2023, and the effective date of the Plan occurred on March 31, 2023. Concurrent with the Plan confirmation process, Paul Hastings and the Debtors also focused on emergence from chapter 11 and implementation of certain other wind-down transactions contemplated in the Wind-Down Transactions Memorandum.

6.       While Plan confirmation and an expedited emergence from chapter 11 were the primary areas of focus for Paul Hastings during the Chapter 11 Cases, Paul Hastings also spent significant time assisting the Debtors in connection with numerous other tasks related to the prosecution of the Chapter 11 Cases, including, among other things:

- handling general case administration;
- responding to motions and document requests from creditors;
- coordinating work performed by other professionals;
- keeping the Committee and its advisors regularly informed on case progress;
- advising and meeting with the Debtors' board and management team;
- communicating and responding to inquiries from creditors and other key constituents;
- formulating litigation strategies and asserting claims and causes of action on behalf of the estates;
- addressing issues related to business operations; and
- assisting the Debtors with the assumption or rejection of executory contracts.

7.       Paul Hastings has performed these and other services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by Paul Hastings was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  Where possible, Paul

Hastings also utilized lower-rate attorneys from Ferguson, Braswell, Fraser & Kubasta as efficiency counsel to reduce professional costs.

8.      In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors, their estates, creditors, and all other stakeholders and were rendered to protect, preserve, and maximize value during the pendency of the Chapter 11 Cases.   In light of the nature and complexity of the Chapter 11 Cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.   For these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow, on a final basis, compensation for professional services performed and reimbursement for the requested expenses.

## JURISDICTION AND VENUE

9.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This matter is a core proceeding under 28 U.S.C. § 157(b).   The Reorganized Debtors confirm their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.      The statutory bases for the relief requested herein are sections 330 and 331 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, Bankruptcy Local Rule 2016-1, and the Procedures for Complex Cases in the Southern District of Texas.

## U.S. TRUSTEE GUIDELINES

12.      Paul Hastings believes that this Application, together with the attachments hereto, substantially complies with Bankruptcy Local Rule 2016-1 and *Appendix B of the United States*

*Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").   To the extent necessary, Paul Hastings requests a waiver of any requirements not met by this Application.[2]

13.      In accordance with the U.S. Trustee Guidelines and the Bankruptcy Local Rules, at the end of this Application are the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation" for the Final Period.

- Exhibit B contains a summary of Paul Hastings' timekeepers for both the Interim Period and the Final Period.

- Exhibit C contains the staffing plan for Paul Hastings' services during the Final Period.

- Exhibit D contains a summary of the compensation requested by project category for the Final Period, and compares the requested compensation to the budgeted compensation for the Final Period.

- Exhibit E contains a summary of the expense reimbursements requested by category for both the Interim Period and the Final Period.   An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit F contains the monthly statements for the Final Period.

- Exhibit G contains the Proposed Order.

## **BACKGROUND**

14.      On September 22, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases.   Following the Petition Date and prior to the effective date of the Plan, the Debtors operated their business and managed their properties as debtors in possession pursuant

---

[2]     The Debtors and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to the applications for compensation by the Debtors' professionals in the Chapter 11 Cases.

to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 6, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").  No request for the appointment of a trustee or examiner was made in the Chapter 11 Cases.

15.     On October 3, 2023, the Debtors filed an application to retain and employ Paul Hastings as counsel [Docket No. 124] (the "Retention Application").  On October 24, 2023, this Court entered an order [Docket No. 251] (the "Retention Order") approving Paul Hastings' retention effective as of September 22, 2022.  The Retention Order authorizes Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and such orders as the Court may direct.

16.     On January 31, 2023, the Debtors filed the Plan.

17.     On February 14, 2023, Paul Hastings filed its first interim fee application for the period from September 22, 2022 through December 31, 2022 [Docket No. 978] (the "First Interim Fee Application") seeking $6,811,025.00 in fees and $14,740.53 for reimbursement of expenses.  On March 14, 2023, the Court approved the First Interim Fee Application [Docket No. 1060].  Paul Hastings has received payment of the amounts requested in the First Interim Fee Application.

18.     On February 16, 2023, the Court entered an order confirming the Plan [Docket No. 1019].  On March 31, 2023, the effective date of the Plan occurred, and the Reorganized Debtors filed a notice of the effective date [Docket No. 1082].

## REQUEST FOR COMPENSATION AND REIMBURSEMENT

19.     By this Application, Paul Hastings requests (a) allowance and payment of the sums of $1,927,451.93as compensation and $20,052.52 for reimbursement of actual and

necessary expenses for the Interim Period and (b) final allowance and payment of the sums of $8,738,476.93 as compensation and $34,793.05 for reimbursement of actual and necessary expenses for the Final Period.[3] The Debtors have approved the amounts requested by Paul Hastings, and all services for which compensation is requested herein were performed for or on behalf of the Debtors.

20.     Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Debtors.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service. The monthly statements for services provided during the Final Period, a true and correct copy of which is attached hereto as Exhibit F, are incorporated herein by reference and detailed in the table below.

| Period Covered | Monthly Period | Invoice Nos. | Requested Amounts | | |
|---|---|---|---|---|---|
| | | | Fees 100% | Fees 80% | Expenses 100% |
| First Interim Period | 9/22/22 – 9/30/22 | 2336287, 2336288, and 2336289 | $603,750.00 | $483,000.00 | $92.70 |
| | 10/1/22 – 10/31/22 | 2337843, 2337844, and 2337845 | $2,699,986.50 | $2,159,989.20 | $1,927.67 |
| | 11/1/22 – 11/30/22 | 2343230, 2343231, and 2343232 | $2,141,693.50 | $1,713,354.80 | $3,954.59 |
| | 12/1/22 – 12/31/22 | 2347210, 2347211, and 2347212 | $1,365,595.00 | $1,092,476.00 | $8,765.57 |
| Second Interim Period | 1/1/23 – 1/31/23 | 2352155, 2352156, and 2352157 | $1,044,810.00 | $835,848.00 | $1,694.13 |
| | 2/1/23 – | 2356666, 2356667, | $634,079.00 | $507,263.20 | $14,355.11 |

---

[3]   As an accommodation to the Debtors' estates, Paul Hastings voluntarily reduced its fees (a) by waiving the fees of timekeepers who billed less than ten hours in certain months during the Final Period in the aggregate amount of $92,225.00 and (b) by waiving an additional $134,365.07 in fees in order to stay within Paul Hastings' pre-Effective Date estimate. All such fees were reasonable, and Paul Hastings reserves the right to seek allowance of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

| | 2/28/23 | and 2356668 | | | |
|---|---|---|---|---|---|
| | 3/1/23 – 3/31/23 | 2357551, 2357552, and 2357553 | $248,562.93 | $198,850.34 | $4,003.28 |
| **Final Period** | **9/22/22 – 3/31/23** | **Total** | $8,738,476.93 | $6,990,781.54 | $34,793.05 |

21.     To date, Paul Hastings has not received any payments for services rendered during the Interim Period.  As of the date of this Application, $1,947,504.45 remains unpaid, consisting of 100% of the fees and expenses incurred during the Interim Period.

22.     Other than an advance payment of $337,763.02 received prepetition (as discussed in Paul Hastings' Retention Application) and payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Final Period.  Paul Hastings requests authorization to apply the advance payment against the unpaid amounts allowed by the Court under this Application.  There is no agreement or understanding between Paul Hastings and any other person, other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation for services rendered in these cases.

23.     Paul Hastings' professional services during the Final Period included an aggregate expenditure of 7,064.20 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (1,769.40 hours), counsel (2,099.90 hours), attorney (2.40 hours), associates (2,831.80 hours), and paraprofessionals (357.50 hours).

## SUMMARY OF SERVICES

24.     During the Final Period, Paul Hastings assisted and advised the Debtors on a regular basis regarding legal matters relating to their restructuring.  In addition, Paul Hastings prepared various motions, applications, orders, and other pleadings submitted to the Court for

consideration, and has performed the necessary professional services that are described below and in the firm's monthly statements.[4]

I.      **Services Performed by Project Category**

A.      <u>Case Administration (Task Code B110)</u>
Fees: $875,714.00      Total Hours: 737.80

25.      During the Final Period, Paul Hastings handled a variety of administrative matters in connection with administering the Chapter 11 Cases, including, without limitation, (i) providing services related to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings; (ii) coordinating, managing, and administering these Chapter 11 Cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and work-in-progress reports; (iii) ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including coordinating service of pleadings and other related notices with Epiq Corporate Restructuring, LLC ("<u>Epiq</u>"), the claims, noticing, and solicitation agent retained in the Chapter 11 Cases; (iv) managing case administration tasks among Paul Hastings personnel and other retained professionals such as the Debtors' financial advisor; and (v) corresponding with the Office of the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>").  Time billed to this Matter Category also includes work and meetings related to the chapter 11 cases generally that could not be easily allocated to one of the other project categories.

B.      <u>Schedules and Statements of  Financial Affairs (Task Code B111)</u>
Fees: $63,640.00      Total Hours: 52.90

26.      During the Final Period, Paul Hastings attorneys and paraprofessionals spent time providing services related to advising the Debtors, Epiq, and other advisors in connection with

---

[4]      The description of services below is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Final Period.

the preparation, review, revision, filing and amending of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"). Moreover, Paul Hastings attorneys advised the Debtors regarding drafting the Schedules and Statements and attended regular conferences with the Debtors and their advisors regarding the Schedules and Statements.

C.      General Creditor Inquiries (Task Code B112)
        Fees: $45,307.50        Total Hours: 44.90

27.     During the Final Period, Paul Hastings attorneys and paraprofessionals spent time reviewing, analyzing and responding to miscellaneous creditor inquiries.

D.      Pleadings Review (Task Code B113)
        Fees: $18,431.00        Total Hours: 29.10

28.     During the Final Period, Paul Hastings attorneys and paraprofessionals monitored the docket of the Chapter 11 Cases and reviewed pleadings filed therein, as necessary.

E.      Asset Disposition (Task Code B130)
        Fees: $3,322,955.00   Total Hours: 2,576.40

29.     As a liquidating chapter 11 case, significant time and effort was devoted by Paul Hastings to advising the Debtors on the numerous asset sales that were negotiated, approved and consummated during the Final Period.   This category includes time spent conducting an extensive marketing and sales process that resulted in the successful closing of 12 separate asset sales—four major asset sales and eight de minimis asset sales.   Specifically, Paul Hastings attorneys and paraprofessionals spent time: (i) researching and analyzing issues related to a potential sale of all of the Debtors' assets and corresponding regarding process; (ii) drafting and revising pleadings, including bidding procedures, sale motions, declarations in support of sale motions, and proposed orders; (iii) responding to 24 sale-related objections filed by various parties-in-interest and negotiating with those parties to resolve such objections; (iv) reviewing

and analyzing bid materials, including non-disclosure agreements and asset purchase agreements; (v) preparing for and holding an auction for certain assets on November 15, 2022; and (vi) corresponding with the Debtors regarding sale updates.

  F.  <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
     Fees: $216,123.50  Total Hours: 172.90

  30.  During the Final Period, Paul Hastings attorneys and paraprofessionals provided services related to the imposition of the automatic stay.  Specifically, Paul Hastings attorneys and paraprofessionals spent time (i) responding to formal and informal inquiries from certain parties-in-interest for relief from the automatic stay; (ii) drafting, revising, and researching pleadings related to requests for relief from the automatic stay; and (iii) performing legal research regarding issues related to the automatic stay.  For instance, Paul Hastings attorneys and paraprofessionals filed a motion to enforce the automatic stay and negotiated with parties-in-interest to resolve five other motions by creditors for relief from the stay.  In addition to filing two objections to the creditors' motions, Paul Hastings attorneys and paraprofessionals worked commercially with these counterparties to reach consensual solutions, thereby resolving all six stay-related motions through agreed orders.

  G.  <u>Meetings of and Communications with Creditors (Task Code B150)</u>
     Fees: $172,413.50  Total Hours: 119.40

  31.  During the Final Period, Paul Hastings attorneys and paraprofessionals spent time responding to inquiries from creditors regarding their treatment under the Plan and case status. Furthermore, following the appointment of the Committee and the retention of the Committee's advisors, Paul Hastings attorneys and paraprofessionals spent time responding to and facilitating the Committee's general diligence efforts.  This category includes time spent on numerous informal discussions among the Debtors' and the Committee's advisors regarding various case issues throughout the course of the Chapter 11 Cases.  In addition, Paul Hastings attorneys and

paraprofessionals spent time preparing for and attending the Bankruptcy Code section 341 meeting of creditors on November 17, 2022.  Preparations for the section 341 meeting included, among other things, conferences with the Debtors' management and engaging in preparatory discussions with the Debtors' other advisors.

      H.      <u>Court Hearings (Task Code B155)</u>
              Fees: $283,090.00      Total Hours: 253.40

32.     During the Final Period, Paul Hastings attorneys and paraprofessionals spent time providing services related to preparing for and attending numerous court hearings, including the "first day" hearing, numerous sale hearings, and the confirmation hearing (each a "<u>Hearing</u>" and, collectively, the "<u>Hearings</u>"), including preparing agendas, orders, and witness and exhibit lists for Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings.  These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics.  During the Final Period, Paul Hastings appeared on behalf of the Debtors at 17 hearings and status conferences, which were held on September 23, 2022, October 11, 2022, October 21, 2022, October 24, 2022, October 25, 2022, October 31, 2022, November 1, 2022, November 2, 2022, November 16, 2022, November 22, 2022, November 29, 2022, December 9, 2022, December 16, 2022, December 20, 2022, January 17, 2023, February 9, 2023, and February 16, 2023.  Ten of these Hearings related to sale matters while many other Hearings were confirmation-related, including Hearings regarding conditional approval of the Debtors' Disclosure Statement, approval of solicitation procedures, final approval of the Disclosure Statement and confirmation of the Plan.

I.    Fee / Employment Applications (Task Code B160)
      Fees: $107,248.50      Total Hours: 121.50

33.    During the Final Period, Paul Hastings attorneys and paraprofessionals (i) prepared the retention application for Paul Hastings as counsel to the Debtors, (ii) conducted research to identify possible connections between Paul Hastings and parties in interest in the Chapter 11 Cases, and (iii) prepared the firm's monthly fee requests, the First Interim Fee Application, and portions of this Application in accordance with the procedures and standards of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the U.S. Trustee Guidelines.

J.    Fee / Employment Applications for Other Professionals (Task Code B165)
      Fees: $229,984.50      Total Hours: 219.20

34.    During the Final Period, Paul Hastings attorneys and paraprofessionals provided services related to ensuring the retention of the Debtors' other professionals in these Chapter 11 Cases. Specifically, Paul Hastings attorneys and paraprofessionals spent time: (i) assisting Jefferies LLC in respect of its retention application and order related thereto; (ii) assisting the Debtors' financial advisor in respect of its retention application and order related thereto; (iii) assisting Ferguson Braswell Fraser Kubasta PC in respect of its retention application and order related thereto; and (iv) coordinating with the Debtors and their other advisors with respect to ordinary course professional retentions and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code.

K.    Avoidance Action Analysis (Task Code B180)
      Fees: $38,995.50      Total Hours: 34.60

35.    During the Final Period, Paul Hastings attorneys and paraprofessionals reviewed and analyzed whether the Debtors' estates may have any potential claims for the avoidance of preferential and fraudulent transfers with respect to certain prepetition payments made by the

Debtors.  As part of this effort, Paul Hastings prepared a schedule of retained causes of action including numerous potential preference claims.

L.    Assumption/Rejection of Leases and Contracts (Task Code B185)
Fees: $361,647.50      Total Hours: 315.70

36.    During the Final Period, Paul Hastings attorneys spent time examining issues related to the Debtors' executory contracts and unexpired leases, including researching, analyzing, or rejecting the Debtors' obligations under their various executory contracts. Specifically, Paul Hastings attorneys spent time: (i) coordinating with the Debtors to identify and analyze contracts and leases for potential assumption or rejection; (ii) analyzing issues regarding the assumption or rejection of certain executory contracts and cure amounts related thereto; (iii) corresponding and conferencing with executory contract and unexpired lease counterparties regarding treatment of the same; and (iv) drafting and revising pleadings, including six rejection notices and associated proposed orders and certificates of no objection.

37.    This category also includes time spent providing services related to the Debtors' executory contracts and unexpired leases in the context of various asset sales.  Specifically, Paul Hastings attorneys and paraprofessionals spent time: (i) researching and analyzing issues related to the Debtors' executory contracts and unexpired leases that arose while negotiating and closing twelve separate asset sales; (ii) drafting and revising pleadings, including four cure schedules in connection with proposed sales and six rejection notices; (iii) responding to numerous cure-related objections filed by various parties-in-interest and negotiating with those parties to resolve such objections; and (iv) corresponding with the Debtors regarding information needed to prepare rejection schedules.

M.    Other Contested Matters (Task Code B190)
Fees: $5,130.00      Total Hours: 6.00

16

38.     During the Final Period, Paul Hastings attorneys and paraprofessionals spent time analyzing and researching issues which were contested by various parties-in-interest and which did not belong in a different category identified herein.

N.     <u>General Litigation (Task Code B191)</u>
        Fees: $519,515.50      Total Hours: 379.70

39.     During the Final Period, Paul Hastings attorneys and paraprofessionals spent time providing services relating to litigation matters, including conferencing with the Debtors, their advisors, and certain parties in interest regarding the status of various litigation matters, researching and analyzing legal issues related to litigation matters and researching and analyzing factual circumstances related to the assessment and evaluation of potential claims. Work performed in this category during the Final Period includes drafting and filing suggestions of bankruptcy in several lawsuits and communications with the Debtors' insurance providers regarding a lawsuit involving certain Debtors.   Furthermore, during the Final Period, Paul Hastings attorneys and paraprofessionals prepared and commenced adversary proceedings against certain parties in connection with ongoing disputes with the Debtors including actions filed against RK Mission Critical, LLC and Atlas Technology Group LLC.

O.     <u>Business Operations (Task Code B210)</u>
        Fees: $181,381.00      Total Hours: 146.80

40.     During the Final Period, Paul Hastings attorneys and paraprofessionals spent time assisting the Debtors to ensure a smooth transition into chapter 11 and to ensure that the business operations continued without interruption.   Specifically, Paul Hastings attorneys and paraprofessionals spent time: (i) implementing the relief obtained in various first day motions and orders; (ii) analyzing lease and contract rejection issues; (iii) analyzing operational contracts and treatment of those contracts through the Chapter 11 Cases; (iv) discussing strategy with the

Debtors and their advisors; and (v) facilitating the consolidation and wind-down of the Debtor entities.

P.   <u>Financial Reports (Monthly Operating Reports) (Task Code B211)</u>
Fees: $27,945.50       Total Hours: 30.60

41.   During the Final Period, Paul Hastings attorneys and paraprofessionals spent time preparing and distributing the Debtors' financial reports, such as monthly operating reports and matrices regarding payments made for insurance, ordinary course professionals, employee incentive programs and taxes.

Q.   <u>Employee Benefits/Pensions (Task Code B220)</u>
Fees: $16,702.00       Total Hours: 14.80

42.   During the Final Period, Paul Hastings attorneys and paraprofessionals spent time addressing issues related to wages, compensation, benefits, and certain labor and employment programs and related statutes and regulations, engaging with parties in interest and responding to related information requests.

R.   <u>Financing/Cash Collections (Task Code B230)</u>
Fees: $53,402.50       Total Hours: 35.80

43.   During the Final Period, Paul Hastings attorneys and paraprofessionals spent time corresponding with parties in interest regarding the Debtors' hedging arrangements and analyzing and drafting documents regarding the same.  Considering the Debtors' tight liquidity runway when the Chapter 11 Cases commenced, Paul Hastings also spent time negotiating potential DIP financing and researching and analyzing related issues.

S.   <u>Real Estate (Task Code B250)</u>
Fees: $5,637.00       Total Hours: 3.50

44.   During the Final Period, Paul Hastings attorneys and paraprofessionals performed work relating to unexpired real estate leases and related issues, particularly with respect to analysis and consideration of potentially beneficial rejections of the Debtors' real property

leases.  For instance, Paul Hastings prepared and filed the First Notice of Rejection of Certain Executory Contracts or Unexpired Leases and Abandonment of Property in Connection Therewith (Headquarters Lease) [Docket No. 761] to reject the Debtors' real property headquarters lease.  This category also includes time spent analyzing real estate issues in connection with various asset sales.

T.   Board of Directors Matters (Task Code B260)
     Fees: $91,335.00     Total Hours: 59.60

44.    During the Final Period, Paul Hastings attorneys and paraprofessionals spent time advising the Debtors and their Board of Directors (the "Board") regarding corporate and governance issues related to the Debtors' restructuring as well as corresponding with the Board regarding case updates.  Specifically, Paul Hastings attorneys and paraprofessionals spent time preparing for and presenting at Board meetings and telephone conferences, corresponding with the Board's Independent Committee regarding case, plan, and sale process updates, corresponding with the Board regarding required consents and analyzing director and officer indemnification issues.

U.   Claims Administration and Objections (Task Code B310)
     Fees: $437,857.00     Total Hours: 309.40

45.    During the Final Period, Paul Hastings attorneys and paraprofessionals spent time on matters related to claims administration and claims-related issues.  Specifically, Paul Hastings attorneys and paraprofessionals spent time researching, drafting, and revising the Debtors' bar date motion and related materials, and discussing and corresponding with creditors regarding the claims reconciliation process.  This category also includes time spent (i) reviewing and analyzing intercompany claims and general unsecured claims against the Debtors; (ii) reviewing and analyzing potential objections to secured, priority and administrative claims, including claims filed pursuant to 11 U.S.C. § 503(b)(9); (iii) negotiating a settlement on *Sunbelt Solomon*

19

*Services, LLC's Motion for Allowance and Payment of Administrative Expense Claim* [Docket No. 1055] and drafting a related stipulation and order; and (iv) negotiating settlements with Marathon Digital Holdings, Inc. and RK Mission Critical LLC and drafting related stipulations and motions.

V.   Reclamation and PACA Claims (Task Code B311)
     Fees: $16,745.50      Total Hours: 17.30

46.   During the Final Period, Paul Hastings attorneys and paraprofessionals spent time reviewing and analyzing reclamation demands, including the reclamation demand asserted by Sunbelt Solomon Services, LLC, as well as researching issues related thereto.

W.   Plan and Disclosure Statement (including Business Plan) (Task Code B320)
     Fees: $1,779,119.50   Total Hours: 1381.30

47.   During the Final Period, Paul Hastings attorneys and paraprofessionals spent significant time drafting and negotiating various documents and providing services necessary to obtain confirmation of the Plan, which was achieved approximately 4.5 months after the Petition Date.  Specifically, Paul Hastings attorneys and paraprofessionals spent time: (i) researching and analyzing complex bankruptcy, corporate, and tax issues related to the Debtors' Plan; (ii) drafting, negotiating, revising, compiling, and filing the Disclosure Statement, the Plan, the Plan Supplement, the Amended Plan Supplement and the Second Amended Plan Supplement [Docket Nos. 835, 843, and 1079], including the Wind-Down Transactions Memorandum, the Wind-Down Budget, the Plan Administrator Agreement and the Litigation Trust Agreement; (iii) researching, drafting, negotiating, revising, and filing a confirmation order for the Plan, the accompanying memorandum of law, solicitation materials and other documents related thereto; (iv) engaging and negotiating with creditors related to comments and objections received to the Plan and confirmation order; (v) negotiating with key parties-in-interest such as the Committee to enter into the Global Settlement; (vi) preparing evidence and witnesses for the confirmation

hearing and reviewing and revising proffers or declarations related to the same; (vii) obtaining preliminary and final approval of the Disclosure Statement, and ultimately confirmation of the Plan at the confirmation hearing; and (viii) providing updates to the Debtors and their advisors regarding the foregoing activities.

## ALLOWANCE OF COMPENSATION

48.    Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

49.    The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012).[5] Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including —

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

---

[5]    These factors are consistent with those enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974) and *In re First Colonial Corp. of Am.,* 544 F.2d 1291, 1298–99 (5th Cir. 1977).  The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

50.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by Paul Hastings is fair and reasonable, as set forth below and otherwise in this Application.

a.     **Time and Labor Required**

Paul Hastings billed a total of $8,738,476.93 in fees and 7,064.20 hours for professional and paraprofessional services during the Final Period.  As evidenced by this Application, Paul Hastings professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Final Period.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved.

In addition, Paul Hastings' representation of the Debtors has required it to balance the need to provide quality services with the need to act quickly and represent the Debtors in an effective, efficient, and timely manner.  Paul Hastings submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant, and often urgent, legal and business issues raised, and the expedited timeline for completion of these Chapter 11 Cases.

b.     **Novelty and Difficulty of the Questions**

Paul Hastings tasked knowledgeable attorneys to research, analyze, and advise the Debtors on difficult and complex issues during the Final Period, including issues related to bankruptcy and transactional matters.  Most notably, Paul Hastings, together with the Debtors and their other advisors, implemented sales of

substantially all assets of the Debtors and a liquidating Plan process on an expedited timeframe that presented difficult and unique issues to achieve confirmation of the Plan.

c.   **Skill Requisite to Perform the Legal Services Properly**

Paul Hastings believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, its ability to draw from highly experienced professionals in other areas of Paul Hastings' practice, and its creative approach to the resolution of issues has contributed to the effective administration of the Chapter 11 Cases and benefited the Debtors, their estates and creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Paul Hastings was required to exhibit a high degree of legal skill in areas related to, among others, bankruptcy, litigation, and mergers and acquisitions. Additionally, Paul Hastings' strong working relationship with the legal and financial advisors to other parties in interest enabled Paul Hastings to work with such advisors towards a swift, consensual resolution of some of the salient issues in the Chapter 11 Cases.

d.   **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**

Due to the size of Paul Hastings' restructuring, corporate and litigation departments, Paul Hastings' representation of the Debtors did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on the Debtors' professionals and paraprofessionals working concurrently on other matters.

e.   **Customary Fee**

The fees charged by Paul Hastings in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Final Period. The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

f.   **Whether the Fee Is Fixed or Contingent**

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed by the Debtors are contingent pending final approval by the Court, and are subject to adjustment depending on the services rendered and the results obtained.  The contingency of full and actual compensation to Paul Hastings increased the risk Paul Hastings was assuming by representing the Debtors in the Chapter 11 Cases.

g.     **Time Limitations Imposed by the Client or Other Circumstances**

During the Final Period, Paul Hastings was required to analyze and address certain issues arising in the Chapter 11 Cases under compressed timelines, including achieving confirmation of the Plan in approximately 4.5 months.

h.     **Amount Involved and Results Obtained**

Paul Hastings professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates.  During the Final Period, and as described in the summary of services herein, Paul Hastings was instrumental in, among other things, achieving consensual confirmation of the Plan on an expedited basis.

i.     **Experience, Reputation, and Ability of Attorneys**

Paul Hastings is consistently recognized as a top tier law firm in the field of creditors' rights, business reorganizations, and reorganizations under chapter 11. During the Final Period, Paul Hastings solicited the skill and expertise of its professionals and paraprofessionals.  Paul Hastings professionals have actively represented debtors, creditors, and committees, in a number of the nation's largest chapter 11 cases.  Paul Hastings' extensive experience enables it to perform the services described herein competently and expeditiously.  In addition to its expertise in the area of corporate reorganization, Paul Hastings has called upon the expertise of its attorneys in other practice areas as required during the Final Period.

j.     **"Undesirability" of the Cases**

This factor is not applicable to the Chapter 11 Cases.

k.     **Nature and Length of Professional Relationship**

Paul Hastings has been rendering professional services to the Debtors since its retention in July 2022.

51.     In sum, Paul Hastings believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, its ability to draw from highly experienced professionals in other areas of Paul Hastings' practice, and its creative approach to the resolution

of issues has contributed to the effective administration of the Chapter 11 Cases and benefited the Debtors, their estates, creditors, and stakeholders.

52.    Accordingly, Paul Hastings submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors, their estates, and creditors and were rendered to protect, preserve, and maximize the value of the estates for all parties in interest.    In light of the nature and complexity of the Chapter 11 Cases, the compensation requested herein is reasonable.

## ACTUAL AND NECESSARY DISBURSEMENTS

53.    As set forth in Exhibit E hereto, Paul Hastings disbursed $20,052.52 and $34,793.05 as expenses incurred in providing professional services during the Interim Period and the Final Period, respectively.    Because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

54.    Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.    In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

55.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the Debtors' needs.

## STATEMENTS IN RESPONSE TO U.S. TRUSTEE GUIDELINES

56.    Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines for the Final Period:

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Final Period?

Response:     Yes.   As an accommodation to the Debtors' estates, Paul Hastings voluntarily reduced its fees (a) by waiving the fees of timekeepers who billed less than ten hours in certain months during the Final Period in the aggregate amount of $92,225.00 and (b) by waiving an additional $134,365.07 in fees in order to stay within Paul Hastings' pre-Effective Date estimate. All such fees were reasonable, and Paul Hastings reserves the right to seek allowance of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance of Paul Hastings' fees and expenses.

Question:     If the fees sought in this application as compared to the fees budgeted for the Final Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

Question:     Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

Question:     Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:     The Application includes approximately 53.1 hours and associated fees of approximately $46,337.50 related to reviewing or revising time records or preparing, reviewing, or revising invoices for, among other things, privileged or confidential information during the Final Period.

Question:     Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     Yes, as set forth above.

Question:     If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

<u>Response</u>:    It is Paul Hastings' customary practice to adjust its hourly rates periodically to reflect step increases, advancing experience, and economic and other conditions. Consistent with the Retention Order [Docket No. 251], Paul Hastings' Retention Application including the supporting declaration of Harold Coulby [Docket. No. 124], and the *Notice of Change in Hourly Rates* [Docket No. 662], Paul Hastings adjusted its hourly rates effective January 1, 2023.

## **<u>RESERVATION OF RIGHTS</u>**

57.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.  Also, Paul Hastings does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Paul Hastings' work in the Chapter 11 Cases.

## **<u>NO PRIOR REQUEST</u>**

58.    Other than Paul Hastings' prior monthly fee applications and its First Interim Fee Application, no previous request for the relief sought herein has been made to this Court or any other court.

## **<u>NOTICE</u>**

59.    Paul Hastings will provide notice of this Application to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Plan Administrator; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, Paul Hastings respectfully submits that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, Paul Hastings respectfully requests entry of a final order, substantially in the form attached hereto as Exhibit G, (a) allowing final compensation for professional services rendered during the Final Period in the amount of $8,738,476.93 (which includes fees of $1,927,451.93 incurred during the Interim Period), and reimbursement of actual and necessary expenses incurred during the Final Period in the amount of $34,793.05 (which includes expenses of $20,052.52 incurred during the Interim Period), for a total of $8,773,269.98, (ii) authorizing and directing the Debtors' payment of the difference between the amounts allowed for fees and expenses and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Paul Hastings' right to seek further compensation and/or payment for the full value of services performed and expenses incurred, and (iv) granting Paul Hastings such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

Dated: May 15, 2023
      Houston, Texas

<div style="margin-left:40%;">

*/s/ James T. Grogan III*
_____

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Luc Despins (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Daniel Ginsberg  (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  lucdespins@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       danielginsberg@paulhastings.com

-and-


Matthew Micheli (admitted *pro hac vice*)
Michael Jones (admitted *pro hac vice*)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
       michaeljones@paulhastings.com

*Counsel to the Debtors and Debtors in Possession*

</div>