IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | § § § | Case No. 22-90273 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

**COVER SHEET FOR FINAL FEE APPLICATION OF
MILLER BUCKFIRE & CO., LLC AND STIFEL, NICOLAUS & CO., INC. AS
INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM
<u>OCTOBER 11, 2022 THROUGH MARCH 31, 2023</u>**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

| Name of Applicant: | Miller Buckfire & Co., LLC and Stifel, Nicolaus & Co., Inc. |
|---|---|
| **Applicant's Role in Case:** | Investment Banker to the Official Committee of Unsecured Creditors |
| **Docket No. of Employment Order(s):** | 611 |
| **Nature of Fee Arrangement:** | Monthly and transaction-triggered fees |
| **Interim Application ( )    No.** <br> **Final Application    ( X )** | Indicate whether this is an interim or final Application. If interim, indicate the number (1st, 2nd, 3rd, etc.) |
|  | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 1/1/23 | 03/31/23 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  ( Y ) Y/N** ||| 
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Y  ) Y/N** |||
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Y  ) Y/N** |||
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Y ) Y/N** |||
| **Compensation Breakdown for Time Period Covered by this Application** |||
| Total fees requested in this Application: | $1,700,000.00 |
| Total expense reimbursements requested in this Application: | $1,164.02 |
| Total fees and expenses requested in this Application: | $1,701,164.02 |
| Total fees awarded in all prior Applications: | $300,000 |
| Total expenses awarded in all prior Applications | $863.09 |

**Plan Status:** On March 31, 2023, the effective date occurred for the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates*. See Docket No. 1082.

**Primary Benefits:** Miller Buckfire has served as the investment banker to the Official Committee of Unsecured Creditors (the "Committee") and, in that capacity, has rendered a variety of financial services for the Committee's benefit. Such services include assessing cash flows; analyzing and proposing modifications to various asset sales, proposed settlements, and the Debtors' Plan; preparing analyses of various causes of action; and reviewing claims in order to estimate the claims pool.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MINING PROJECT WIND DOWN HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**FINAL FEE APPLICATION OF MILLER BUCKFIRE & CO., LLC AND STIFEL, NICOLAUS & CO., INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 11, 2022 THROUGH MARCH 31, 2023**

Miller Buckfire & Co., LLC and Stifel, Nicolaus & Co., Inc., (collectively, "*Miller Buckfire*") as Investment Banker for the Official Committee of Unsecured Creditors (the "*Committee*"), hereby files this final fee application (this "*Application*") for the period from October 11, 2022 through March 31, 2023 (the "*Fee Period*") requesting (a) final allowance and payment of compensation for professional services to the Committee, and (b) reimbursement of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, IL 60654.

the actual and necessary expenses incurred by Miller Buckfire during the Fee Period in connection with such services, in each case in the amount stated in the cover sheet to this Application.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "*Court*") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule predicates for the relief requested herein are sections 328(a), 330, 331, and 1103 of of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "*Local Rules*").

## BACKGROUND

4. On September 22, 2022 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6. On October 6, 2022, the United States Trustee for Region 7 (the "*U.S. Trustee*") appointed the Committee pursuant to Bankruptcy Code section 1102 [Docket No. 137].

7. On October 11, 2022, the Committee selected Miller Buckfire to serve as its Investment Banker.

8. On February 16, 2023, the Court entered an order approving the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and its Debtor Affiliates* [Docket No. 1019] (the "*Plan*").

9. The Plan requires all professionals, including Miller Buckfire, to file final fee applications for compensation for services rendered and reimbursement of expenses no later than forty-five days after the Effective Date, which occurred on March 31, 2023 [Docket No. 1082].

### THE COMMITTEE'S RETENTION OF MILLER BUCKFIRE

10. On November 10, 2022, the Committee filed its *Application to Employ Miller Buckfire & Co., LLC and its affiliate Stifel, Nicolaus & Co., Inc. as Investment Banker to the Official Committee of Unsecured Creditors* [Docket No. 464] ("*Retention Application*").

11. On December 5, 2022, the Court entered its *Order (I) Authorizing the Employment and Retention of Miller Buckfire as Investment Banker Effective as of October 11, 2022, and (II) Granting Related Relief* [Docket No. 611] (the "*Retention Order*") [Docket No. 611]. The Retention Order, attached hereto as **Exhibit A** and incorporated herein by reference, allows the Debtors to compensate and reimburse Miller Buckfire in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "*Interim Compensation Order*") [Docket. No. 249].

### RELIEF REQUESTED

12. By this Application, Miller Buckfire seeks final allowance and award of compensation and reimbursement of actual and necessary expenses, in each case in the amounts stated in the cover sheet to this Application.

13. Miller Buckfire does not charge hourly rates, but instead is compensated by certain event-triggered fees, as authorized by the Retention Order. These fees are summarized in **Exhibit B**.

14. To date, Miller Buckfire has filed monthly fee statements and an interim application as follows:

| Filing, Date Filed, Docket No. | Obj. Deadline | CNO Filed or Interim App. Approved | Period Covered | Fees Requested | Fees Approved | Expenses Requested | Expenses Approved |
|---|---|---|---|---|---|---|---|
| 1st Monthly Fee Statement Feb. 8, 2023 Docket No. 934 | Mar. 1, 2023, 4 p.m. | *Order Allowing Interim March 9, 2023 Docket No. 1053* | Oct. 11 – Dec. 31, 2022 | $300,000.00 | $300,000.00 | $863.09 | $863.09 |
| *1st Interim Fee Application Feb. 14, 2023 Docket No. 975* | - | | *Oct. 11 – Dec. 31, 2022* | *$300,000.00* | *$300,000.00* | *$863.09* | *$863.09* |
| 2nd Monthly Fee Statement March 20, 2023 Docket No. 1069 | April 10, 2023, 4 p.m. | - | Jan. 1 – 31, 2023 | $150,000.00 | - | $245.97 | - |
| 3rd Monthly Fee Statement March 21, 2023 Docket No. 1070 | April 11, 2023, 4 p.m. | - | Feb. 1 – 28, 2023 | $150,000.00 | - | $54.96 | - |
| This Final Fee Application May 15, 2023 | June 5, 2023, 4 p.m. | - | Oct. 11, 2022 – Mar. 31, 2023 | $1,100,000.00 | - | 0 | - |
| | | | Totals | $1,700,000.00 | $300,000.00 | $1,164.02 | $863.09 |

15. To date, the only payment received by Miller Buckfire was $300,863.09, received on March 29, 2023.

16. Chronological time entries sorted by project task code for the Fee Period are included in these fee statements and are incorporated herein by reference.

17. As stated in the Declaration of John D'Amico, attached hereto as **Exhibit C**, the compensation and expense reimbursement sought is in conformity with the Local Rules.

## SUMMARY OF COMPENSATION REQUESTED

18. A listing of the number of hours expended by the professionals who performed services during the Fee Period and related fees is attached hereto as **Exhibit D**. A summary of time expended by project task during the Fee Period and related fees is attached hereto as **Exhibit E**. Detailed time records, organized by time keeper and date, are attached hereto as **Exhibit F**. These exhibited time records include time records for the month of March 2023, which were not part of any prior monthly or interim fee statement or application submitted, but are instead related to fees first applied for in this Application.

19. A summary of expenses is attached hereto as **Exhibit G**. Detailed expenses are attached hereto as **Exhibit H**. All of these expenses were submitted as parts of prior monthly or interim fee statements and applications submitted.

20. The fees and expenses requested are reasonable and all amounts requested were for actual and necessary services rendered on behalf of the Committee. No agreement or understanding exists between Miller Buckfire and any other entity for sharing of any compensation or reimbursement in this case.

## DESCRIPTION OF SERVICES RENDERED

21. The following paragraphs provide a brief summary of the main services rendered by Miller Buckfire on behalf of the Committee.

22. During the Fee Period, Miller Buckfire provided substantial professional services to the Committee that were reasonable, necessary and appropriate to the administration of these cases.

23. Miller Buckfire's efforts included assisting and advising the Committee regarding multiple sale processes, the Debtors' financial condition and liquidity, creditor claims, projected creditor recoveries and other support and analyses as necessary.

24. Miller Buckfire also rendered investment banking support to the Committee's counsel. Throughout the term of its retention, Miller Buckfire provided the Committee and counsel with weekly reports regarding the status of the case, liquidity position, marketing processes, claims and ongoing negotiations with the Company's stakeholders. Miller Buckfire participated in weekly calls with the Debtors' advisors, receiving updates and providing feedback on the marketing processes, liquidity and cash flow performance, case issues, claims reconciliation, court filings, key dates and other case work streams. Miller Buckfire provided the Committee weekly updates and presentations during the regularly scheduled weekly Committee calls.

25. <u>*Code 1 – Company Diligence and Stakeholder Discussions (214.5 hours)*</u>: In order to understand and evaluate the Debtors' business, prospects and assets, Miller Buckfire performed significant due diligence with respect to the Debtors. As part of its due diligence, Miller Buckfire held scheduled, virtual meetings with the Debtors' financial advisor, Portage Point Partners, and its investment banker, Jefferies LLC. In connection with its due diligence, Miller Buckfire provided a detailed information request list and received substantial materials that were reviewed

and analyzed regarding the Debtors' operations, assets, financial performance, contractual obligations, prepetition transactions, customer contracts, customer deposits, employee matters, monthly operating reports, statements of financial affairs and schedules and other information. In addition to conducting due diligence on the Debtors' operations and assets, Miller Buckfire utilized its Stifel counterparts and conducted thorough research and analyses on the Debtors' industry, competitors and financials. Miller Buckfire regularly updated the Committee with various presentations regarding matters related to the Debtors' restructuring, liquidity and other case issues. Miller Buckfire also reviewed and analyzed the various motions filed by the Debtors and other parties in interest. Miller Buckfire's findings from the due diligence performed proved instrumental in developing the Committee's understanding of the Debtors' operations, assets and financial performance and formulating a view on alternatives and assisting the Committee in negotiating the key terms of the restructuring. Miller Buckfire participated in frequent calls and meetings with the Debtors' advisors and other stakeholders over the course of the case, receiving updates and providing feedback on key issues impacting the case and creditor recoveries.

26. <u>*Code 2 – Business Operations and Forecast (55.5 hours); and Code 13 – DIP Process (4.5 hours):*</u> During the initial stages of these cases, the Debtors' liquidity was rapidly depleting. Miller Buckfire extensively evaluated the options and assisted the Debtors attempt to raise debtor-in-possession financing (the "*DIP Financing*"). Among other things, Miller Buckfire provided additional parties to be included in the outreach process and evaluated the terms of the DIP Financing proposals received by the Debtors. In addition to the DIP Financing process, Miller Buckfire spent considerable efforts to analyze the Debtors' liquidity over the course of the case, including detailed reviews of the Debtors' cash flow and operating forecasts, to ensure the Debtors had sufficient liquidity during the pendency of the cases. Miller Buckfire was in constant

communication and frequent regular calls with the Debtors' advisors to discuss cash flow performance, review and analyze cash flow forecast updates and monitor overall liquidity to the conclusion of these cases.

27. *Code 3 – General Chapter 11 Case Administration (109 hours)*: Miller Buckfire evaluated the Debtors' first day motions, terms of the bidding procedures and case timeline. Miller Buckfire also analyzed the proposed retention terms of Jefferies LLC to evaluate reasonableness. This was essential in modifying the fee structure and negotiating an overall reduction in fees. Miller Buckfire also participated in relevant bankruptcy hearings, reviewed key court documents and advised the Committee on the Committee's case strategy.

28. *Code 4 – Committee of Unsecured Creditors Discussions / Meetings (64 hours)*: During the Fee Period, the Committee held conference calls and email discussions regarding time-sensitive issues relating to these cases. Miller Buckfire participated in such Committee meetings and email discussions, providing recommendations and advice with respect to a number of business and financial issues, as well as updates on ongoing discussions, activities and negotiations with the Debtors and other key parties in-interest. Such meetings provided a forum for Committee members to exchange ideas and raise questions concerning matters of paramount concern to unsecured creditors. The meetings also provided a forum for Miller Buckfire to communicate the findings of its various due diligence activities and analyses and to update the Committee on the Debtors' financial performance and marketing processes.

29. *Code 5 – Fee/Employmen,t Applications (13.5 hours)*: Miller Buckfire reviewed the employment applications and related terms of the Debtors' advisors and assisted counsel as requested. Additionally, Miller Buckfire supported counsel in drafting and reviewing Miller Buckfire's employment and fee applications.

30. *Code 6 – Strategy Discussions with Counsel (91.5 hours)*: Throughout the term of its retention, Miller Buckfire held weekly calls with counsel and provided weekly reports regarding the status of the case, liquidity position, marketing processes, claims and ongoing negotiations with the Company's stakeholders. Miller Buckfire participated in weekly calls with Committee counsel and the Debtors' advisors, receiving updates and providing feedback on the marketing processes, liquidity and cash flow performance, case issues, claims reconciliation, court filings, key dates, and other case work streams. Additionally, Miller Buckfire and counsel spoke frequently on other case matters throughout the pendency of the case.

31. *Code 7 – Plan and Disclosure Statement Review (64.0 hours)*: Miller Buckfire along with Committee counsel, conducted extensive due diligence and negotiations regarding the terms of the Debtors' Plan and corresponding analyses on behalf of the Committee. Miller Buckfire continued to review updates to the Debtors' Plan and accompanying disclosure statement (the "*Disclosure Statement*") and provided analysis and assistance to Committee counsel as needed.

32. *Code 8 – Court Filings and Preparation and Review (28.5 hours)*: Miller Buckfire reviewed key filings and documents filed in connection with the case not otherwise discussed herein and assisted Committee counsel as needed in preparing court documents.

33. *Code 9 – Bankruptcy Court Attendance (28.0 hours):* Miller Buckfire attended key court hearings over the course of the case, including various hearings related to the sale processes, transition service agreements, Plan, Disclosure Statement, and claims, among other things.

34. *Code 10 – Analysis for the Committee of Unsecured Creditors (791.0 hours)*: Miller Buckfire regularly updated the Committee with various presentations regarding matters related to the Debtors' restructuring, M&A processes and sale of various assets, liquidity and other case

9

issues. Miller Buckfire actively monitored the Debtors' liquidity, cash flow projections, cash flow performance and provided regular updates to the Committee. Miller Buckfire analyzed the key underlying assumptions driving the Company's liquidity projections and evaluated weekly budget to actuals variances to assess the Company's cash position. Miller Buckfire reviewed and analyzed the Debtors' filed Statements of Financial Affairs ("*SOFAs*") and Schedules of Assets and Liabilities ("*SOALs*") and assisted Committee counsel through discussions and supporting analyses, including the examination and analysis of payments made to insiders and payments to third parties. Miller Buckfire reviewed and analyzed the claims filed against the Debtors' estates. Miller Buckfire analyzed claims information provided by the Debtors' advisors. Miller Buckfire prepared presentations to help the Committee understand the Plan and its associated estimated range of recoveries.

35. *Code 11 – Recovery Analysis (60.5 hours)*: Miller Buckfire analyzed various recovery scenarios and reviewed key assumptions made by the Debtors' advisors. Additionally, Miller Buckfire conducted detailed review and analysis of the post-effective wind down budget of the Reorganized Debtors to provide feedback to the Debtors on key assumptions. Particularly, Miller Buckfire analyzed the recovery analyses (and subsequent updates) distributed by the Debtors to determine key drivers of recoveries and impact on unsecured creditor recoveries. Miller Buckfire participated in discussions with the Debtors to understand key assumptions and inputs as well as the mechanics of the analyses. Information from these discussions was utilized to evaluate recoveries under various Plan structures.

36. *Code 12 – M&A Processes (184.0 hours)*: Miller Buckfire actively participated, evaluated and reviewed the structure and timeline of the Debtors' marketing processes to ensure the process was structured to maximize interest and a comprehensive universe of potential buyers

was contacted for the Debtors' various assets. As part of the various sale processes, Miller Buckfire held regular virtual meetings with the Debtors' investment banker, Jefferies LLC, and legal counsel, Paul Hastings LLP. During these meetings, Miller Buckfire provided feedback to and coordinated with Jefferies LLC to discuss the marketing processes for the Debtors' assets. In order to create a more robust sale process, Miller Buckfire provided over 30 additional parties to include in the Debtors' outreach. Miller Buckfire reviewed and analyzed all bids received by the Debtors in connection with the sale processes and prepared various presentations to update the Committee. Miller Buckfire analyzed issues related, but not limited to valuation, consideration, structure and form. Miller Buckfire regularly updated the Committee with presentations regarding matters related to the sale process. During the auction, Miller Buckfire provided valuable feedback to the Debtors' advisors to enable additional bidders to participate in the process, increasing the competitive dynamics of the auction. This proved instrumental and resulted in increased consideration for the benefit of the estates. Following the sale of major assets, Miller Buckfire continued to closely evaluate, analyze, and support the processes to monetize the remaining assets to maximize value and increase recoveries.

## INFORMATION RELATED TO THE U.S. TRUSTEE GUIDELINES

37. Miller Buckfire provided necessary and beneficial services to the Committee during the course of the Fee Period. Miller Buckfire communicated and worked closely with the Committee and Counsel throughout the Fee Period related to the complex, myriad issues that arose.

38. The professional services rendered by Miller Buckfire during the Fee Period on behalf of the Committee were reasonable, necessary, and appropriate to the administration of these Chapter 11 cases. The services required a high degree of professional competence and expertise so that the numerous financial, bankruptcy, operational, and other issues that arose during the Fee

Period could be addressed with skill and efficiency. Miller Buckfire submits that the services rendered to the Committee were performed efficiently and effectively, and that the results obtained have provided tangible, identifiable, and material benefits to the Committee.

39.  WHEREFORE, Miller Buckfire requests that this Court:

(a) Enter the proposed final order in **Exhibit I** and approve the allowance and payment of Miller Buckfire for compensation for professional services rendered to the Committee ($1,700,000.00), plus out of pocket expenses ($1,164.02);

(b) Authorize and direct the Debtors to pay Miller Buckfire the difference ($1,400,300.93) between such approved amounts $1,701,164.02 and the amounts already paid ($300,863.09); and

(c) Grant such other and further relief as is just and proper.

Dated: May 15, 2023  
New York, New York

By: /s/ *John D'Amico*  
John D'Amico  
Managing Director  
Miller Buckfire & Co., LLC