**EXHIBIT A**

**Retention Order**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 05, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| COMPUTE NORTH HOLDINGS, INC., *et al.*, | § | Case No. 22-90273 (MI) |
| | § | |
| Debtors. [1] | § | (Jointly Administered) |
| | § | |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MILLER BUCKFIRE AS INVESTMENT BANKER EFFECTIVE AS OF
OCTOBER 11, 2022, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the Committee for entry of an order

(this "Order") pursuant to sections 105(a), 328(a) and 1103(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern

District of Texas (the "Local Rules"), authorizing the employment and retention of Miller Buckfire

& Co., LLC ("MB&Co.") and its affiliate Stifel, Nicolaus & Co., Inc. ("SN&Co." and together

with MB&Co., "Miller Buckfire"), effective as of October 11, 2022, as the Committee's

investment banker, on the terms set forth in the Engagement Letter; and the Bankruptcy Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Compute North Holdings, Inc. (4534); Compute North LLC (7185); CN Corpus Christi LLC (5551); CN Atoka LLC (4384); CN Big Spring LLC (4397); CN Colorado Bend LLC (4610); CN Developments LLC (2570); CN Equipment LLC (6885); CN King Mountain LLC (7190); CN Minden LLC (3722); CN Mining LLC (5223); CN Pledgor LLC (9871); Compute North Member LLC (8639); Compute North NC08 LLC (8069); Compute North NY09 LLC (5453); Compute North SD, LLC (1501); Compute North Texas LLC (1883); Compute North TX06 LLC (5921); and Compute North TX10 LLC (4238).  The Debtors' service address for the purposes of these chapter 11 cases is 7575 Corporate Way, Eden Prairie, Minnesota 55344.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice

of the Application having been provided under the circumstances and in accordance with the

Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be

provided; a; and upon consideration of the D'Amico Declaration, and all of the proceedings

had before the Bankruptcy Court; and the Bankruptcy Court having determined that the

terms and conditions of Miller Buckfire's employment, including the Fee Structure set

forth in the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy

Code; and the Bankruptcy Court having found and determined that Miller Buckfire and Miller

Buckfire & Co., Limited, do not represent or hold any interest adverse to the Debtors' estates, and

are each a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy

Code and, as required by Bankruptcy Code section 328 that the relief sought in the Application

is in the best interests of the Committee, the Debtors, their estates, their creditors, and all parties

in interest; and that the legal and factual bases set forth in the Application establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

 

 

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Omitted.

 

2.      Pursuant to sections 105(a), 328(a) and 1103 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ

and retain Miller Buckfire as its investment banker in the Chapter 11 Cases effective as of October

11, 2022, for the purposes set forth and upon the terms of the Engagement Letter, as modified by

this Order.

3.      The Engagement Letter, including, without limitation, the Fee Structure, inclusive

of the Deferred Fee, the Monthly Fee, the Contingent Fee, and Expense Reimbursement (each as

defined in the Engagement Letter) and the Indemnity Provisions (as defined in the Application),

are approved pursuant to section 328(a) of the Bankruptcy Code.

4.      In accordance with the terms set forth in the Application and the

Engagement Letter, as modified by this Order, the Debtors shall reimburse Miller Buckfire for all

reasonable expenses incurred by Miller Buckfire and the reasonable fees and expenses of outside

counsel, if any, retained by Miller Buckfire, without the need for such legal counsel to be retained

as professionals in these Chapter 11 Cases. If Miller Buckfire seeks reimbursement for attorneys'

fees pursuant to the terms of the Engagement Letter or the Indemnity Provisions, the invoices and

supporting time records from such attorneys shall be included in Miller Buckfire's own interim

and final fee applications, and such invoices and time records shall be subject to (a) the guidelines

promulgated by the U.S. Trustee for compensation and reimbursement of expenses, and

(b) approval by the Bankruptcy Court under sections 330 and 331 of the Bankruptcy Code, without

regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code

and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the

Bankruptcy Code, *provided, however*, that Miller Buckfire shall not seek reimbursement from the

Debtors' estates for any fees incurred in defending against any formal objection to Miller

Buckfire's fee applications in these bankruptcy cases to the extent prohibited under applicable law

and the decisions of this Bankruptcy Court.

5.      None of the fees payable to Miller Buckfire shall constitute a "bonus" or fee enhancement under applicable law.

6.      Miller Buckfire shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and any applicable orders of this Bankruptcy Court; provided that Miller Buckfire shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code, and Miller Buckfire's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code; provided further that fees and expenses shall be subject to review and approval in any interim and final fee applications and shall be paid pursuant to an order of this Court approving an interim or final fee statement or application for the allowance of compensation and reimbursement of expenses filed by Miller Buckfire pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Miller Buckfire absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order entered by the Court in these Chapter 11 Cases allowing for interim compensation. Notwithstanding the foregoing, Monthly Fees may be paid by the Debtors on a monthly basis as set forth in the Engagement Letter without the need to file monthly fee statements; *provided, however*, for the avoidance of doubt, Monthly Fees shall be subject to review and approval in any

quarterly interim and final fee applications.

7.     Notwithstanding anything to the contrary in this Order and any provision to the contrary in the Application or the Engagement Letter, the U.S. Trustee retains all rights to object to Miller Buckfire's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code. This Order and the record relating to this Bankruptcy Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee to challenge the reasonableness of Miller Buckfire's fees under section 330 of the Bankruptcy Code. Accordingly, nothing in this Order or the record relating to this Bankruptcy Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee with respect to the reasonableness of Miller Buckfire's fees. Further, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

8.     The indemnification, contribution and reimbursement provisions included in the Engagement Letter are approved, subject, during the pendency of the Chapter 11 Cases, to the following modifications:

      a.  No Indemnified Person (as defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

      b.  The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Committee alleges the breach of Miller Buckfire's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement

would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Miller Buckfire must file an application therefor in this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Miller Buckfire and the other Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

9.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Bankruptcy Court, or any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, Miller Buckfire and its professionals shall be excused from: (a) the requirement to maintain or provide detailed time records for services rendered postpetition in accordance with the Fee Guidelines, and (b) providing or conforming to any schedule of hourly rates. Instead, notwithstanding that Miller Buckfire does not charge for its services on an hourly basis, Miller Buckfire will be entitled to maintain time records (in summary format) of its services rendered for the Committee in half-hour (0.50) increments, not one tenth (0.10) of an hour increments, setting forth, in summary format, a

description of the services rendered and the professionals rendering such services, and will present such records together with its fee applications filed with this Bankruptcy Court.

10.     The Debtors are authorized to, and shall, pay Miller Buckfire's compensation and reimburse Miller Buckfire for its costs and expenses as provided in the Engagement Letter and shall provide indemnification, contribution and reimbursement as provided in the Engagement Letter, in accordance with the fee application process approved by this Bankruptcy Court.

11.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent that Miller Buckfire uses the services of independent contractors, subcontractors or employees of affiliates or subsidiaries (collectively, the "Contractors") in these Chapter 11 Cases and Miller Buckfire seeks to pass through, and requests to be reimbursed for, the fees and/or costs of the Contractors to the Debtors, Miller Buckfire shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Miller Buckfire pays the Contractors, (b) seek reimbursement for actual costs of the Contractors only, and (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Bankruptcy Court such disclosures as required by applicable law.

12.     Notwithstanding anything to the contrary in the Application or the Engagement Letter, to the extent the Committee wishes to expand the scope of Miller Buckfire's services beyond those services set forth in the Application or the Engagement Letter, the Committee shall be required to seek further approval from this Bankruptcy Court.

13.     The Committee will coordinate with Miller Buckfire and the Committee's other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

14.     The Committee and the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

16.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the D'Amico Declaration, and this Order, the terms of this Order shall govern.

17.     Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.      This Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Fee Structure and the Indemnity Provisions.

Signed: December 05, 2022

_____
Marvin Isgur
United States Bankruptcy Judge