IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| **MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.),** *et al.*, [1] | § § § § § | Case No. 22-90273-MI<br><br>(Jointly Administered) |
| Debtors. | § § § | |

**SUMMARY COVER SHEET TO THE SECOND AND FINAL FEE APPLICATION OF FERGUSON BRASWELL FRASER KUBASTA PC, EFFICIENCY COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM <u>DECEMBER 7, 2022 THROUGH MARCH 31, 2023</u>**

| **Name of Applicant:** | Ferguson Braswell Fraser Kubasta PC |
|---|---|
| **Applicant's Role in Case:** | Efficiency Counsel to Debtors and Debtors in Possession |
| **Date and Docket No. of Employment Order(s):** | Docket No. 852 signed on January 23, 2023 (effective as of December 7, 2022) |
| **Interim Application ( X )    No. 2**<br>**Final Application    ( X )** | This is the Second and Final Application |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 1/01/2022 | 3/31/2023 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

| | |
|---|---|
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? ( Yes )** | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? ( Yes )** | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? ( Yes )** | |
| **Do expense reimbursements represent actual and necessary expenses incurred? ( Yes )** | |
| **Compensation Breakdown for Time Period Covered by this Application** | |
| **Total professional fees requested in this Application:** | $76,950.00[2] |
| **Total professional hours covered by this Application:** | 160.10 |
| **Average hourly rate for professionals:** | $500.00 |
| **Total paraprofessional fees requested in this Application:** | $70.50 |
| **Total paraprofessional hours covered by this Application:** | 0.30 |
| **Average hourly rate for paraprofessionals:** | $235.00 |
| **Total fees requested in the Application:** | $77,020.50[3] |
| **Total expense reimbursements requested in this Application:** | $923.84 |
| **Total fees and expenses requested in this Application:** | $77,944.34 |
| **Total fees awarded in all prior Applications:** | $2,150.00 |
| **Total expenses awarded in all prior Applications:** | $0.00 |
| **Total fees and expenses awarded in all prior Applications:** | $2,150.00 |
| **Plan Status:** On February 16, 2023, the Bankruptcy Court entered its *Order (A) Approving the Debtors' Disclosure Statement on a Final Basis and (B) Confirming the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [Docket No.1019], confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* ("**Plan**") [Docket No. 889]. The Effective Date of the Plan occurred on March 31, 2023 [Docket No. 1082]. | |
| **Primary Benefits:** Ferguson Braswell Fraser Kubasta PC ("**FBFK**" or the "**Firm**") provided services at a lower rate than the Debtors' lead counsel, Paul Hastings, LLP on a number of matters, including preparation and facilitation of *de minimis* asset sales, assisting in the claims resolution process, preparation of claims objections, initiating certain litigation, and negotiating with creditors and counterparties with respect to all of the aforementioned matters. | |

---

[2] Includes voluntary reduction of $3,100.00.
[3] Includes voluntary reduction of $3,100.00.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | Chapter 11 | |
| § | | |
| **MINING PROJECT WIND DOWN** § | Case No. 22-90273-MI | |
| **HOLDINGS, INC. (f/k/a Compute North** § | | |
| **Holdings, Inc.),** *et al.*,[4] § | (Jointly Administered) | |
| § | | |
| Debtors. § | | |
| § | | |

**SECOND AND FINAL FEE APPLICATION OF FERGUSON BRASWELL FRASER KUBASTA PC, EFFICIENCY COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 7, 2022 THROUGH MARCH 31, 2023**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

4 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Debtors' service address for the purposes of these chapter 11 cases is 300 North LaSalle, Suite 1420, Chicago, Illinois 60654.

Ferguson Braswell Fraser Kubasta PC ("**FBFK**", or the "**Firm**"), as efficiency counsel to Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and its above-captioned affiliated co-debtors (together, the "**Debtors**") files this Second and Final Fee Application (the "**Application**") for compensation and reimbursement of professional fees and expenses incurred during the full and final period from December 7, 2022 through March 31, 2023 (the "**Application Period**"), and in support thereof, submits the *Declaration of Rachael L. Smiley*, attached hereto, and further respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this Application under 28 U.S.C. § 1334(b). This matter concerns the administration of the estate and, therefore, is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O). Accordingly, this Court can enter an order approving the Application in accordance with 28 U.S.C. § 157 and the standing order of reference entered by the United States District Court for the Southern District of Texas. Venue is proper in this district under 28 U.S.C. §§ 1408 & 1409. The statutory predicates for the relief requested herein are §§ 105(a), 327, 330, and 507(a)(2) of the United States Bankruptcy Code. The Firm submits the Application in accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules 2016-1 and 9013-1.

## Procedural Background

2. On September 23, 2023 (the "**Petition Date**"), the Debtors each filed voluntary petitions under chapter 11 petition initiating this case ("**Case**") in this Court.

3. During the Application Period, the Debtors remained in possession of their assets and continued to administer their estates as a debtors in possession under 11 U.S.C. §§1107 and 1108.

4. On October 6, 2022, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors ("**Committee**") in this Case.

5. On December 29, 2022, the Debtors filed an application to retain the Firm as their efficiency counsel [Docket No. 759] (the "**Retention Application**") effective as of December 7, 2022. The scope of services to be performed by the Firm was limited to assisting lead counsel to the Debtors, Paul Hastings LLP ("**Paul Hastings**") with a number of services without unnecessarily duplicating the services of Paul Hastings, including:

- Assisting Paul Hastings with analyzing claims filed against the Debtors' estates and responding or objecting to such claims, as necessary and appropriate;
- Assisting Paul Hastings in advising the Debtors concerning preference, avoidance recovery, or other actions that they may take to collect and to recover property for the benefit of their estates and their creditors, whether or not arising under chapter 5 of the Bankruptcy Code or otherwise, and filing litigation to recover such property, as necessary;
- Assisting Paul Hastings with preparations for the effective date of the Debtors' proposed plan of reorganization;
- Working with and coordinating efforts among the Debtors' other professionals, including Paul Hastings, to avoid duplication of effort among those professionals within the overall framework of the Debtors' chapter 11 cases; and
- Assisting Paul Hastings in performing all other services assigned by the Debtors to the Firm as efficiency counsel.

6. The Firm did not receive a retainer from the Debtors for its services.

7. On January 23, 2023, the Court granted the Retention Application effective as of December 7, 2022. [Docket No. 852].

8. On February 14, 2023, the Firm filed its *First Interim Fee Application of Ferguson Braswell Fraser Kubasta PC, Efficiency Counsel to Debtors and Debtors in Possession for the Period From December 7, 2022 through December 31, 2022* [Docket No. 982] (the "**First Interim Application**"), seeking interim approval of $2,150.00 in professional fees, and no reimbursement of expenses, for the period from December 7, 2022 through December 31, 2022.

9. On April 3, 2023, the Court entered an order granting the First Interim Application. [Docket No. 1083]. The Debtors have since compensated the Firm in the amount of $2,150.00.

## Summary of Work Performed During Application Period

10. During the Application Period, the Firm's professionals expended a total of 160.40 hours for a total cost of $80,120.50, which has been voluntarily reduced by $3,100.00 to $77,020.50. Firm professionals made every effort to perform only those tasks required of them by the Debtors and Paul Hastings and to ensure that there was no duplication of work between the Firm's professionals and Paul Hastings's or the Debtors' other professionals.

11. To apprise the Court of the legal services rendered on behalf of the Debtors for the benefit of their estates during the Application Period, the Firm sets forth the following summary. The summary is intended only to highlight the general categories of services performed by the Firm and is not intended to describe every task performed by the Firm's professionals during the Application Period. Detailed time entries describing the services performed by the Firm's professionals are included on **Exhibit A** to this Application.

12. The Firm's professionals made every effort to comply with all applicable rules and guidelines in performing services on behalf of the Debtors for the benefit of their estates and in tracking the time expended and expenses incurred. The Firm's professionals kept contemporaneous records of their time, described the services rendered with specificity and in discrete time increments, and avoided "block billing" or "lumping" of time. The Firm's professionals were diligent in avoiding duplication of work, coordinating carefully with one another to maximize efficiencies. Charts detailing the total professional fees and hours with respect to each project category, and with respect to each Firm timekeeper appear below, and are followed by a narrative summary of the services performed in each project category:

| Summary by Project Category | | |
|---|---:|---:|
| **Project Category** | **Total Hours** | **Total Fees** |
| 002- Claims Administration & Objections | 66.70 | $32,300.00[5] |
| 003 – Fee & Employment Applications | 3.10 | $1,550.00 |
| 004 – Litigation & Contested Matters | 30.00 | $15,000.00 |
| 007 – Assumption & Rejection of Contracts | 1.70 | $850.00 |
| 009 – Asset Disposition | 16.90 | $8,450.00 |
| 010 – Post Confirmation Matters | 42.00 | $18,870.50[6] |
| **Totals** | **160.40** | **$77,020.50** |

| Summary by Timekeeper | | | | |
|---|---|---:|---:|---:|
| **Timekeeper** | **Position** | **Rate** | **Total Hours** | **Total Fees** |
| Rachael L. Smiley | Shareholder, Admitted 2008 | $500.00 | 155.40 | $77,700.00 |
| Tory A. Cronin | Shareholder, Admitted 2006 | $500.00[7] | 4.70 | $2,350.00 |
| Kashonna Ross | Paralegal | $235.00 | 0.30 | $70.50 |
| **Totals** | | | **160.40** | **$80,120.50[8]** |

**Category 002: Claims Administration & Objections**

13.   During the Application Period, Firm professionals expended a total of 66.70 hours with respect to Claims Administration & Objections for a total of $32,300.00. Work in this

---

[5] Includes reduction of $1,050.00 in this project category.
[6] Includes reduction of $2,050.00 in this project category.
[7] Represents a reduced hourly rate from $650/hr.
[8] Does not reflect total voluntary reduction of $3,100.00.

FBFK SECOND AND FINAL FEE APPLICATION                                    Page **7** of **16**

category included working with the Debtors' other professionals on the claims resolution process, the preparation of two omnibus claims objections, as well as a number of claims objections directed at specific claims filed against the Debtors' estates, and efforts to negotiate or otherwise settle claims that were asserted against the Debtors' estates. The total fees in this category reflect a voluntary reduction of $1,050.00 for work performed in connection with preparing the *Debtors' Second Omnibus Objection to Certain Proofs of Claim* [Docket No. 815],

**Category 003: Fee & Employment Applications**

14. During the Application Period, Firm professionals expended 3.10 hours for a total of $1,550.00 related to preparing the Firm's Retention Application and related tasks.

**Category 004: Litigation & Contested Matters**

15. During the Application Period, Firm professionals expended 30.00 hours of time for a total of $15,000.00 with respect to Litigation & Contested Matters. Work on this category principally related to preparing and filing an adversary proceeding against a creditor as well as handling certain pending litigation matters concerning the Debtors, and negotiating certain confirmation-related matters with counterparties and preparing for and appearing at the Debtors' confirmation hearing.

**Category 005: Assumption and Rejection of Contracts**

16. During the Application Period, Firm professionals expended 1.70 hours of time for a total of $850.00 with respect to matters in this category. Work in this category consisted principally of negotiations with creditors regarding an extension of their deadline to object to the proposed rejection of their contracts.

**Category 009: Asset Disposition**

17. During the Application Period, Firm professionals expended 16.90 hours of time for a total of $8,450.00 with respect to work in this category, which primarily consisted of negotiations and preparation of documents to facilitate certain *de minimis* sales of the Debtors'

assets in accordance with the *Order (A) Approving De Minimis Asset Sale Procedures; (B) Approving Certain Bidding Procedures, Assumption, Assignment, and Rejections Procedures, and the Form and Manner of Notice Thereof; (C) Authorizing the Debtors to Enter Into Asset Purchase Agreements with Stalking Horse Bidders; and (D) Scheduling a Hearing on the Approval of the Sale of the Debtors' Remaining Assets Free and Clear of All Encumbrances as well as the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 256].

**Category 010: Post Confirmation Matters**

18. During the Application Period, Firm professionals expended 42.00 hours of time for a total of $18,870.50 with respect work performed following confirmation of the Debtors' Plan but prior to the Effective Date of the Plan. Work in this category was principally related to the following: (i) continued work to prepare, facilitate and close certain *de minimis* sales of the Debtors' assets; (ii) negotiating with creditors whose claims were the subject of pending claims objections; (iii) negotiating preliminary procedural matters in the adversary proceeding against Atlas Technologies, Inc.; (iv) continued work on other litigation matters; and (v) preparing for and appearing at a post-confirmation hearing on the Debtors' claims objections. The total fees in this category reflect a voluntary reduction of $2,050.00 for work related to the *Debtors' Second Omnibus Objection to Certain Proofs of Claim* [Docket No. 815]. The Firm does not seek any compensation for services rendered after the Effective Date, including any compensation related to the preparation of this Application.

## Legal Standard

19. The standards for the award of compensation and reimbursement of expenses are identified in § 330 of the Bankruptcy Code, which "authorizes compensation for services and reimbursement of expenses of officers of the estate," and "prescribes the standards on which the amount of compensation is to be determined." House Report No. 95-595, 95th Cong., 1st Sess.

329 (1977). Section 330(a)(1)(A) authorizes a bankruptcy court to award "reasonable compensation for actual, necessary services rendered" by professionals hired to assist the debtor under the Bankruptcy Code. Section 330(a)(3) specifies a non-exhaustive list of factors for bankruptcy courts to consider in determining reasonable professional compensation:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>>
>> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20. This list is non-exclusive. *See In re Lan Assocs. XI, L.P.*, 192 F.3d 109, 123 (3d Cir. 1999) ("[B]ankruptcy courts may consider relevant factors beyond those listed in the statute."). In a non-bankruptcy case decided before the adoption of the Bankruptcy Code, the Fifth Circuit set out 12 factors for a court to consider in determining whether attorney compensation is reasonable. The *Johnson* factors take into account: (1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of a case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time pressures imposed by the client or the circumstances; (8) the amount involved and results obtained as a result of the attorney's services;

(9) the experience, reputation and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The Fifth Circuit adopted the *Johnson* factors for bankruptcy cases before the enactment of the Bankruptcy Code. *See In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). Five of those factors were later codified by Congress in § 330(a)(3) and are set forth above.

21. Section 330 confers broad discretion on bankruptcy courts. "Section 330 of the Bankruptcy Code gives bankruptcy courts discretion to award reasonable compensation to debtors' attorneys in bankruptcy cases." *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005). "Determining what constitutes reasonable compensation is soundly within the discretion of the bankruptcy court, primarily because the bankruptcy judge is in the best position to determine the reasonableness of a proposed fee." *In re Farah*, 141 B.R. 920, 923 (Bankr. W.D. Tex. 1992) (citing *In re Anderson*, 936 F.2d 199, 204 (5th Cir. 1991)).

22. In reviewing discretionary decisions under § 330(a)(3), the Fifth Circuit has provided bankruptcy courts with decades of guidance. *See, e.g.*, *Cahill*, 428 F.3d at 541; *In re Fender,* 12 F.3d 480, 487 (5th Cir. 2012). Determining reasonable compensation under § 330 begins with the lodestar calculation. *Cahill*, 428 F.3d at 539–40 ("The Fifth Circuit has traditionally used the lodestar method to calculate 'reasonable' attorneys' fees under § 330."). Courts are to "analyze and adjust fee applications on a case-by-case basis using the lodestar analysis and the flexible *Johnson* factors." *Cahill*, 428 F.3d at 541; *accord In re El Paso Refinery, L.P.*, 257 B.R. 809, 826 (Bankr. W.D. Tex. 2000).

23. To calculate the lodestar, the bankruptcy court multiplies the number of hours reasonably expended by the appropriate hourly billing rate. *See Fender*, 12 F.3d at 487. An appropriate hourly billing rate is not necessarily the rate that was actually charged, but rather is

"the prevailing hourly rate in the community for similar work." *Id.*; *see also Cahill*, 428 F.3d at 540. In considering all relevant factors to determine the reasonable hourly rate to use in the lodestar calculation, bankruptcy courts are not necessarily limited by the fee arrangements of the parties or the rates charged by the attorneys during the case. *See In re Farah*, 141 B.R. at 924. Rather, bankruptcy courts have an independent obligation under § 330 to determine the reasonable hourly rate to use in the lodestar calculation and to decide the ultimate compensation to be awarded a fee applicant, regardless of what a professional may request in its fee application. *See In re Tahah*, 330 B.R. 777, 780-781 (B.A.P. 10th Cir. 2005); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir. 1994).

24. In this Case, considering all the factors enumerated in § 330 of the Bankruptcy Code and any other relevant factors such as any applicable *Johnson* factors not expressly codified in § 330(a)(3), the Court can and should conclude that the compensation requested in the Application is reasonable.

*11 U.S.C. § 330(a)(3) Factors:*

**(A) Time spent**: The Firm's professionals billed 160.40 hours over the Application Period. The Firm's professionals maintained a detailed log of the hours they expended in service of the estate that were maintained contemporaneously or substantially contemporaneously with the rendition of the services performed.

**(B) Hourly rate**: The Firm's professionals' hourly rates were accepted by the client and approved by the Court without objection from the United States Trustee, the Committee, or any party in interest. During the Application Period, the Firm's blended hourly rate was **$499.50**. Similarly-credentialed and experienced chapter 11 practitioners in this and surrounding districts often charge rates above the rates charged in this case for similar work.

**(C) Necessity of services provided**: All the services rendered and billed by the Firm during the Application Period were necessary and beneficial to the estate at the time such

services were rendered. Work performed included preparation of claims objections and asset sale documents, communicating with co-counsel and participating in phone conferences, and other necessary activities. The services provided by the Firm during the Application Period are described in detail in **Exhibit A** attached to this Application.

**(D) Reasonableness of time spent**: None of the time expended on the many tasks performed was excessive. Simple tasks were performed quickly. A few more complex tasks required more time.

**(E) Customary rates outside bankruptcy**: The Firm's $499.50 blended hourly rate for the Application Period prevails in the community for similar work by practitioners of comparable skill and experience. The rates charged in this case are comparable to the Firm's hourly rates charged for similar work performed outside of bankruptcy. **Exhibit A** provides detailed explanations of the time spent and the hourly rate charged for services rendered during the Application Period.

25. The § 330(a)(3) factors individually, and together, support the requested compensation award; as do the non-codified *Johnson* factors, to the extent they are applicable:

- **Novelty and difficulty of questions**: The issues presented in these chapter 11 cases were not excessively complex, but did require a comprehensive understanding of chapter 11, as well as generalized knowledge regarding equipment used to provide support services in the cryptocurrency industry.

- **Skill requisite to perform services properly**: The Firm's attorneys are experienced in bankruptcy matters and well qualified to represent the Debtors. Specifically, Ms. Smiley has significant bankruptcy experience, having worked as a bankruptcy associate and then as counsel for more than ten years at three law firms in Dallas, as well as working in-house for three years before joining FBFK as a shareholder in 2020. The experience of the Firm's

professionals in bankruptcy matters has enabled them to provide services for the benefit of the Debtors' estates in an efficient and organized manner.

- **Preclusion of other employment**: The Firm's representation of the Debtors in this chapter 11 case did preclude the Firm from certain other employment because the Firm has only one professional who is devoted to complex chapter 11 matters on a full-time basis.

- **Whether fee is fixed or contingent**: The fees in this Case are not contingent upon the outcome of any particular issue or adversary proceeding.

- **Time pressures imposed**: There were some significant time pressures in this case with respect to the need to resolve certain matters and close certain asset sales prior to confirmation or prior to the Effective Date, as well as the need to preserve the Debtors' resources by working efficiently.

- **Awards in similar cases**: The compensation sought by the Firm, the hourly rates charged, and the amount of time spent on the case are the same or less than what other firms performing similar work in similar cases have sought, billed, and spent in cases of similar size and complexity.

- **Undesirability of the case**: This case was not undesirable.

- **Nature and length of relationship with client**: This factor was not applicable in this case.

26.     Under the Bankruptcy Code and applicable case law, the Firm's fees incurred for professional services rendered during the Application Period were reasonable. The Firm accepted the representation with no certainty that all of its fees and expenses would be paid, and it endeavored to utilize the Debtors' resources as efficiently as possible. The Firm submits that this Application complies with the requirements of section 327 and 330 of the Bankruptcy Code as well as the United States Trustee's guidelines and the Local Rules of the United States

Bankruptcy Court for the Southern District of Texas and the relevant Complex Case Procedures, as certified by the Declaration of Rachael L. Smiley, attached hereto.

## Expenses

27. It was necessary for the Firm to incur certain out-of-pocket expenses in connection with its representation of the Debtors during the Application Period. Careful records of these expenses have been maintained, and the expenses incurred for the period are shown in **Exhibit B**. All of these expenses were reasonable and necessary and benefited the Debtors' estates. The Firm believes it is entitled to reimbursement for all expenses incurred during the Application Period in the total sum of $923.84.

## Notice

28. Notice of this Application will be provided via email to: (i) the Reorganized Debtors, c/o the Plan Administrator, Tribolet Advisors, LLC, Attn.: Michael A. Tribolet (michael.a.tribolet@triboletadvisors.com); (ii) counsel to the Plan Administrator, ASK LLP, Attn.: Kara E. Casteel, Jennifer A. Christian, and Nicholas Brown (kcasteel@askllp.com, jchristian@askllp.com, and nbrown@askllp.com); (iii) counsel to the Debtors, Paul Hastings LLP, Attn.: James, Grogan, Luc Despins, Sayan Bhattacharyya, Daniel Ginsberg, Matthew Micheli, and Michael Jones (jamesgrogan@paulhastings.com, lucdespins@paulhastings.com, syanbhattacharyya@paulhastings.com, danielginsberg@paulhastings.com, mattmicheli@paulhastings.com, and michaeljones@paulhastings.com) (iv) counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, Attn: Charles R. Gibbs (crgibbs@mwe.com); Kristin K. Going, Darren Azman, Stacy A. Lutkus, and Natalie Rowles (kgoing@mwe.com, dazman@mwe.com, salutkus@mwe.com, and nrowles@mwe.com); (v) the Office of the U.S. Trustee for the Southern District of Texas, Attn.: Jayson B. Ruff and Jana Smith Whitworth (jayson.b.ruff@usdoj.gov and jana.whitworth@usdoj.gov); and (v) all creditors and parties in interest receiving notification via

the Court's CM/ECF filing system.

## Conclusion

The Firm respectfully asks this Court to enter an order: (i) granting final approval of $77,020.50 in professional fees and $923.84 in expenses incurred during the Application Period, for total compensation of $77,944.34; (ii) directing the the Debtors to pay all approved but unpaid compensation in the amount of $75,794.34 upon entry of such order; and (iii) for all such further relief to which the Firm may be entitled.

Respectfully submitted: May 15, 2023

          **FERGUSON BRASWELL**
          **FRASER KUBASTA PC**

          By: /s/ *Rachael L. Smiley*
          Rachael L. Smiley (State Bar No. 24066158)
          2500 Dallas Parkway, Suite 600
          Plano, TX 75093
          Phone: 972-378-9111
          Fax:   972-378-9115
          rsmiley@fbfk.law

          **EFFICIENCY COUNSEL**
          **FOR DEBTORS**