**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

**PLAN ADMINISTRATOR'S OBJECTION TO
CLAIM ASSERTED BY GROUP FOR HORIZON ENTERTAINMENT
A/K/A RANGER GUARD & ENTERTAINMENT**

> **This is an objection to your claim.  The objecting party is asking the Court to reclassify and modify the claim that you filed in this bankruptcy case.  If you do not file a response within 30 days after the objection was served on you, your claim may be reclassified and modified without a hearing.  Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this Objection was filed.  If you do not have electronic filing privileges, you msust file a written response that is actually received by the clerk within thirty days from the date this objection was filed.  Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**A hearing will be conducted on this matter on July 17, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th Floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**

**Video communication will be by use of the GoTo Meeting platform. Connect via the free GoTo Meeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim Asserted by Group for Horizon Entertainment a/k/a Ranger Guard & Entertainment* (the "Objection"), and respectfully states as follows in support thereof:

## SUMMARY OF OBJECTION

1. On October 13, 2022, Group for Horizon Entertainment a/k/a Ranger Guard & Entertainment (the "Claimant") filed proof of claim number 10015 (the "Proof of Claim") seeking allowance and payment of a claim in the amount of $32,592.29 (the "Claim"), including $5,000.00 on a priority basis under § 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code").

2. According to the documentation attached to the proof of claim as well as the Debtors' books and records, the Claimant provided security services to the Debtors prior to the Petition Date (as defined below).

3. The Plan Administrator hereby objects to the Claim because the supporting materials and the Debtors' books and records confirm that (i) the Claim is comprised of pre-

petition services that do not qualify for priority treatment under § 507(a)(2) or administrative treatment under § 503(b), and (ii) a portion of the invoices accompanying the Proof of Claim were issued to a non-debtor and have been paid or otherwise satisfied.

4.      In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Objection to Claim Asserted by Group for Horizon Entertainment a/k/a Ranger Guard & Entertainment* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.      On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan (as defined below), the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

7.      On November 1, 2022, the Court entered the *Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* (the "Generate Sale").[2]

---

[2]      Docket No. 362.

8.      On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[3]

9.      The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[4]

10.      The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[5] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[6]

11.      The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the administrative and priority claims filed in the Bankruptcy Cases, including the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

## ARGUMENT

A.  No Basis for Priority or Administrative Treatment

12.      Claimant has provided no support for a priority or administrative claim and the Claim should be reclassified, because the Claim represents a debt for security services provided to

---

[3]      Docket No. 1019.

[4]      Docket No. 1082.

[5]      Exhibit F to Docket No. 1079.

[6]      Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

the Debtors prior to the Petition Date.

13.    Section 507(a)(2) grants priority treatment to "administrative expenses allowed under section 503(b) . . . ."  11 U.S.C. § 507(a)(2).  Section 503(b) allows for administrative expenses including "the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case."  11 U.S.C. § 503(b)(1)(A).  Thus, claims for administrative expenses are generally reserved for services provided to the bankruptcy estate on a post-petition basis.  In addition, section 503(b)(9) grants administrative priority for certain pre-petition debt for goods provided within twenty (20) days prior to the Petition Date.  11 U.S.C. § 503(b)(9).

14.    The invoices attached to the Proof of Claim reflect security services during the August 19 – September 22, 2022 service periods.  These invoices were issued weekly and describe "security guard service" and "marked vehicle including gas".  Thus, the Claim is derived from the provision of services, rather than goods, which were provided prior to the Petition Date.  It follows that the services at issue did not benefit the bankruptcy estate and there is no basis for administrative or other priority treatment.[7]

B.  The Claim Has Been Satisfied in Part

15.    The Debtors' books and records reflect that several of the invoices attached to the Proof of Claim were paid shortly before or after the Petition Date.  Specifically, the Debtors' books and records show that the following five invoices attached to the Proof of Claim have been paid in full (the "Paid Invoices"):[8]

---

[7]    Tribolet Decl. at ¶ 4.

[8]    Tribolet Decl. at ¶ 5.

| Invoice Number | Invoice Date | Amount | Date Paid |
|---|---|---|---|
| 24762 | 08/26/2022 | $ 3,850.68 | 09/15/2022 |
| 24850 | 09/02/2022 | $11,062.78 | 10/07/2022 |
| 24922 | 09/09/2022 | $11,075.79 | 10/07/2022 |
| 24989 | 09/16/2022 | $11,219.82 | 10/07/2022 |
| 25070 | 09/23/2022 | $11,167.79 | 11/10/2022 |

16.     The invoices attached to the Proof of Claim total $66,762.40, which is in excess of the total asserted in the Proof of Claim of $32,592.29.  The Plan Administrator is unable to find a combination of invoices that adds up to $32,592.29.

17.     The Debtors' books and records reflect that the outstanding balance of the Paid Invoices was paid post-petition as cure payments in the Generate Sale.

18.     The Paid Invoices appear to be obligations of a non-debtor entity, CN Wolf Hollow LLC, and thus would not be obligations of the bankruptcy estate even if they had not been satisfied.

19.     The Debtors' books and records reflect that the remaining two invoices (25071 & 24990), in the total amount of $18,385.54, are owed to Claimant. The identity of the debtor entity incurring these obligations is Compute North Texas, LLC.[9]

20.     In summary, the Plan Administrator requests that the Claim be reclassified to general unsecured status in the Compute North Texas, LLC bankruptcy case, and the amount of the Claim be reduced to $18,385.54, without prejudice to the Plan Administrator's ability to object to the Claim on any other grounds at a later date.

**RESERVATION OF RIGHTS**

21.     This Objection is limited to the grounds stated herein.  The Plan Administrator

---

[9]     Tribolet Decl. at ¶ 6.

expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding Claimant's claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant.  The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds.  Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

*[Remainder of Page Left Intentionally Blank]*

**CONCLUSION**

22.    The Plan Administrator respectfully requests that the Claim be reclassified to a general unsecured claim in the Compute North Texas, LLC bankruptcy case and modified to the amount of $18,385.54, and that the Court grant such other and further relief as is appropriate under the circumstances.

Dated:  May 30, 2023

Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:          crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:    (651) 289-3846
Facsimile:    (651) 406-9676
E-mail:        kcasteel@askllp.com
                jchristian@askllp.com
                nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

I certify that on May 30, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on May 30, 2023, I caused a copy of the foregoing document to be served by First Class Mail and/or electronic mail to claimant Group for Horizon Entertainment a/k/a Ranger Guard for Entertainment at the following addresses:

Group for Horizon Entertainment
4660 Beechnut
Suite 200
Houston, TX 77096

Tzvi A. Finman, Esq.
10101 Fondren Rd.
Suite 575
Houston, TX 77096
tfinman@finmanlawfirm.com


*/s/ Charles R. Gibbs*
Charles R. Gibbs