# Exhibit 1

# Tribolet Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY GROUP FOR HORIZON ENTERTAINMENT <u>A/K/A RANGER GUARD & ENTERTAINMENT</u>**

I, Michael Tribolet, hereby declare under penalty of perjury:

1.      I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "<u>Plan Administrator</u>") in the above-referenced cases.

2.      In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates.  These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort

---

[1]      The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3.       I have read the *Plan Administrator's Objection to Claim Asserted by Group for Horizon Entertainment a/k/a Ranger Guard & Entertainment* (the "Objection").

4.       To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the proof of claim filed by Group for Horizon Entertainment a/k/a Ranger Guard & Entertainment (the "Proof of Claim" and "Claimant", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Proof of Claim, coupled with the information in the Debtors' books and records, demonstrates that the Proof of Claim encompasses a debt for services provided to the Debtors, rather than goods. The invoices accompanying the Proof of Claim describe various security services that were provided to CN Wolf Hollow LLC and Compute North Texas, LLC. The service periods in the invoices refer to dates prior to and up through the Petition Date. I, in consultation with the Reviewing Parties, found no indication in the Proof of Claim or the Debtors' books and records that the debt appearing in the Proof of Claim was incurred for goods sold. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that reclassification of the administrative portion of the claim asserted in the Proof of Claim to a general unsecured claim is appropriate.

5.      In addition, I, in a collective effort with one or more of the Reviewing Parties under my supervision, have determined that five of the invoices attached to the Proof of Claim were paid shortly before or after the Petition Date (the "Paid Invoices"), as follows:

| Invoice # | Invoice Date | Amount | Date Paid |
|---|---|---|---|
| 24762 | 08/26/2022 | $ 3,850.68 | 09/15/2022 |
| 24850 | 09/02/2022 | $11,062.78 | 10/07/2022 |
| 24922 | 09/09/2022 | $11,075.79 | 10/07/2022 |
| 24989 | 09/16/2022 | $11,219.82 | 10/07/2022 |
| 25070 | 09/23/2022 | $11,167.79 | 11/10/2022 |

The Debtors' books and records reflect that the Paid Invoices were paid post-petition as cure payments in the Generate Sale. According to these invoices and consistent with the Debtors' books and records, each of the Paid Invoices was issued to CN Wolf Hollow, LLC, a non-debtor entity.

6.      The Debtors' books and records further reflect that just two invoices for unpaid pre-petition services remain due and owing to Claimant. Unlike the aforementioned Paid Invoices, these invoices were issued to debtor Compute North Texas, LLC and are summarized as follows:

| Invoice # | Invoice Date | Amount |
|---|---|---|
| 24990 | 09/16/2022 | $ 9,192.77 |
| 25071 | 09/23/2022 | $ 9,192.77 |
| | Total: | $18,385.54 |

7.      In summary, the information in the Proof of Claim, combined with the Debtors' books and records, reflect that just $18,385.54 remains owed to Claimant for pre-petition services, which do not qualify for administrative or priority claim treatment.

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set

3

forth in the foregoing declaration are true and correct to the best of my knowledge, information,

and belief as of the date hereof.

Dated:  May 30, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator