# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

## PLAN ADMINISTRATOR'S OBJECTION TO
## ADMINISTRATIVE CLAIM ASSERTED BY FLEXENTIAL, LLC

> **This is an objection to your claim. The objecting party is asking the Court to reclassify and modify the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be reclassified and modified without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this Objection was filed. If you do not have electronic filing privileges, you msust file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on July 17, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th Floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoTo Meeting platform. Connect via the free GoTo Meeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Administrative Claim Asserted by Flexential, LLC* (the "Objection"), and respectfully states as follows in support thereof:

**SUMMARY OF OBJECTION**

1. On November 29, 2022, Flexential, LLC (the "Claimant") filed a proof of claim seeking allowance and payment of qualifying administrative expenses under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") for services allegedly provided during the 20-day period preceding the Petition Date (as defined below).

2. According to the Debtors' books and records, the Claimant provided colocation and interconnection services to the Debtors prior to the Petition Date.

3. The Plan Administrator hereby objects to the administrative claim of Claimant because the supporting materials and the Debtors' books and records confirm that such claim is

2

based on pre-petition services, not goods, and therefore does not qualify for administrative treatment under § 503(b)(9).

4. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Objection to Administrative Claim Asserted by Flexential, LLC* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. Case Background

6. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan (as defined below), the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

7. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

---

[2] Docket No. 1019.

3

8. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

9. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

10. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the administrative claims filed in the Bankruptcy Cases, including the proof of claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

B. Claimant's Administrative Claim

11. On November 29, 2022, Claimant filed proof of claim number 10152 (the "Proof of Claim") asserting an administrative claim under section 503(b)(9) of the Bankruptcy Code (the "Claim") in the Compute North Holdings, Inc. (n/k/a Mining Project Wind Down Holdings, Inc.) bankruptcy case. The Proof of Claim was filed in the amount of $32,000.00; however, the amount listed as qualifying under section 503(b)(9) is $37,000.00.

12. There are no invoices or other supporting documents attached to the Proof of Claim.

---

[3] Docket No. 1082.

[4] Exhibit F to Docket No. 1079.

[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

4

13. On April 5, 2023, Claimant transferred and assigned the Proof of Claim to Argo Partners.[6]

## ARGUMENT

A. <u>The Claim Should Be Reclassified to a General Unsecured Claim</u>

14. The Claim is not entitled to payment on an administrative claim basis and the Claim should be reclassified, because the Claim represents a debt for services provided to the Debtors rather than goods, as required for eligibility under § 503(b)(9), and the Proof of Claim was filed after the applicable bar date.

15. The Bankruptcy Code is clear that the application of administrative priority under section 503(b)(9) is limited to claims for goods sold. 11 U.S.C. § 503(b)(9) ("the value of any goods received by the debtor . . ."); *In re Pilgrim's Pride Corp.*, 421 B.R. 231 (Bankr. N.D. Tex. 2009) (distinguishing between goods and services for purposes of applying § 503(b)(9)). Thus, a creditor who provided services to the Debtors during the 20-day period preceding the Petition Date is not entitled to an administrative claim under § 503(b)(9).

16. There are no invoices or other supporting documentation included with the Proof of Claim. Upon a review of the Debtors' books and records, the Plan Administrator discovered a pre-petition invoice from Claimant (the "<u>Invoice</u>") describing "colocation" and "interconnection" services. There is no indication in the Invoice or the Debtors' books and records that Claimant sold goods to the debtors.[7]

17. In addition, Claimant filed the Proof of Claim after the applicable bar date. According to the *Notice of Deadlines for the Filing of Proofs of Claim and Requests for Payment*

---

[6] *See Notice of Transfer of Claim Other Than for Security*, Docket No. 1086.

[7] Tribolet Decl. at ¶ 4.

5

*Pursuant to Section 503(b)(9) of the Bankruptcy Code* (the "Bar Date Notice"), the deadline for asserting requests for payment under section 503(b)(9) was November 23, 2022 (the "Section 503(b)(9) Deadline").[8] The Proof of Claim was not filed until November 29, 2022. In accordance with the Bar Date Notice, the Section 503(b)(9) Deadline applies to "any entity who believes that its claim against the Debtors is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code." A claimant who fails to file a Section 503(b)(9) request on or before the Section 503(b)(9) Deadline is "FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM OR SECTION 503(b)(9) REQUEST WITH RESPECT THERETO)."

18. Based on the information in the Proof of Claim and the Debtors' books and records, as well as the untimely nature of the Proof of Claim, Claimant has failed to show a basis for and is not entitled to administrative priority. The Plan Administrator is not otherwise aware of any basis for administrative priority. Therefore, the Plan Administrator requests that the Proof of Claim be reclassified to a general unsecured claim, without prejudice to the Plan Administrator's ability to object to the Proof of Claim on any other grounds at a later date.

B. The Claim Should Be Reduced to the Invoiced Amount in the Compute North LLC Case

19. The Proof of Claim states an amount owed of $32,000.00, although the amount listed in the Proof of Claim as qualifying under section 503(b)(9) is $37,000.00. However, there are no supporting documents attached to the Proof of Claim to substantiate either of these amounts as owed to Claimant. The Plan Administrator is not aware of any information in the Debtors'

---

[8] Docket No. 483, p. 4.

Books and Records that would justify a claim in the amount of $32,000.00 or $37,000.00.[9]

20. The bankruptcy schedules filed by Compute North LLC (n/k/a Mining Project Wind Down LLC) list a debt owed to Flexential Corp. in the sum of $20,790.00.[10] This is consistent with the ledger information in the Debtors' books and records which appears to support a general unsecured claim for pre-petition services in the sum of $20,790.00. However, the Invoice obtained from the Debtors' records shows an outstanding balance of $24,562.00. There is no indication in the Debtors' books and records that the Invoice was satisfied in part or in full.[11]

21. Based on the Debtors' books and records, the untimely nature of the Proof of Claim, and the lack of supporting documentation attached to the Proof of Claim, the Plan Administrator requests that the Claim be modified by reducing it to the invoiced amount of $24,562.00 in the case of Compute North LLC.

## RESERVATION OF RIGHTS

22. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant or Argo Partners. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant or Argo Partners on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant or Argo Partners.

---

[9] Tribolet Decl. at ¶ 5.

[10] *Compute North LLC Bankruptcy Schedules*, Schedule F, § 3.91, Docket No. 417.

[11] Tribolet Decl. at ¶ 6.

**CONCLUSION**

23. The Plan Administrator respectfully requests that the Claim be reclassified to a general unsecured claim in the Compute North LLC bankruptcy case and reduced to the amount of $24,562.00, and that the Court grant such other and further relief as is appropriate under the circumstances.

Dated: May 30, 2023

Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:   (651) 289-3846
Facsimile:   (651) 406-9676
E-mail:      kcasteel@askllp.com
             jchristian@askllp.com
             nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

I certify that on May 30, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on May 30, 2023, I caused a copy of the foregoing document to be served by First Class Mail and/or electronic mail to claimant Flexential, LLC and assignee Argo Partners at the following addresses:

Flexential, LLC
600 Forest Point Circle
Suite 100
Charlotte, NC 28273
Megan.fine@flexential.com

Argo Partners
12 West 37th Street
Ste. 900
New York, NY 10018

*/s/ Charles R. Gibbs*
Charles R. Gibbs