**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. | ) | Case No. 22-90273 (MI) |
| (f/k/a Compute North Holdings, Inc.), *et al.*,[1] | ) | |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENT TO SECOND INTERIM AND FINAL FEE APPLICATION**
**OF PORTAGE POINT PARTNERS, LLC FOR COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**FOR THE PERIOD FROM SEPTEMBER 22, 2022 THROUGH MARCH 31, 2023**

Portage Point Partners, LLC ("Portage Point"), as financial advisor for the above-captioned

debtors and debtors in possession (the "Debtors" and, as of the effective date of the Plan, the

"Reorganized Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby

files this supplement (the "Supplement") to the *Second Interim and Final Fee Application of*

*Portage Point Partners, LLC for Compensation for Services Rendered and Reimbursement of*

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

*Expenses as Financial Advisor for the Debtors and Debtors in Possession, for the Period from*
*September 22, 2022 through March 31, 2023* [Docket No. 1130] (the "Application").  Portage
Point files this Supplement to address the issues raised by the Court in the *Order to Supplement*
[Docket No. 1173] (the "Order to Supplement").  In support of this Supplement, Portage Point
respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas
(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core
proceeding under 28 U.S.C. § 157(b).  The Reorganized Debtors confirm their consent to the entry
of a final order by the Court in connection with this Application to the extent that it is later
determined that the Court, absent consent of the parties, cannot enter final orders or judgments in
connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein and in the Application are
sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016
of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the
Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas
(the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District
of Texas.

## BACKGROUND

4.      On September 22, 2022 (the "Petition Date"), the Debtors filed voluntary petitions
for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11

cases.  Following the Petition Date and prior to the effective date of the Plan,[2] the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 6, 2022, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").  No request for the appointment of a trustee or examiner was made in the Chapter 11 Cases.

5.      On October 3, 2022, the Debtors filed an application to retain and employ Portage Point as financial advisor to the Debtors [Docket No. 123].  On October 24, 2022, the Court entered an order [Docket No. 250] (the "Retention Order"), approving Portage Point's retention effective as of September 22, 2022.  The Retention Order authorizes Portage Point to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and such orders as the Court may direct.

6.      On January 13, 2023, the Debtors filed the (i) *Debtors' First Omnibus Objection to Certain Proofs of Claim (Amended Claims, Duplicate Claims)* [Docket No. 814] (the "First Omnibus Objection") and (ii) *Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* [Docket No. 815] (the "Second Omnibus Objection").

7.      In support of the Second Omnibus Objection, the Debtors submitted the *Declaration of Ryan Mersch in Support of the Debtors' Second Omnibus Objection to Certain Proofs of Claim (Equity Interests, Satisfied Claims)* (the "Mersch Declaration") attached to the Second Omnibus Objection as Exhibit A.

---

[2]    *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* [Docket No. 889] (as amended, modified, or supplemented, the "Plan").

8.　　On January 24, 2023, Bootstrap Energy, LLC ("Bootstrap") filed its *Emergency Motion Under Bankruptcy Rule 3018 to Temporarily Allow $4.1 Million Class 3 Claim No. 10058 for Voting Purposes* [Docket No. 855] (the "3018 Motion").

9.　　Also on January 24, 2023, the Court entered its *Order* [Docket No. 856], ordering the Debtors and Bootstrap to make Rule 11 inquiries into seemingly contradictory verified statements made by each of the respective Parties in support of the Second Omnibus Objection and the 3018 Motion.

10.　　On January 25, 2023, the Debtors and Bootstrap filed their *Joint Statement of Rule 11 Inquiry in Response to Court's Order* [Docket No. 860].

11.　　Also on January 25, 2023, the Court entered its *Order Denying Claim Objection and Imposing Additional Relief* [Docket No. 861] (the "Suspension Order") suspending the estates' financial advisor, Portage Point, from filing further declarations in this case until it satisfies the Court that it has implemented appropriate procedures to assure that its declarations are trustworthy.

12.　　On January 31, 2023, the Debtors filed the Plan.

13.　　On February 6, 2023, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Portage Point Partners to File Declarations in these Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 921].

14.　　On February 7, 2023, the Court entered the *Order (I) Authorizing Portage Point Partners to File Declarations in these Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 925].

15.　　On February 16, 2023, the Court entered an order confirming the Plan [Docket No. 1019].  On March 31, 2023, the effective date of the Plan occurred, and the Reorganized Debtors filed a notice of the effective date [Docket No. 1082].

16.     On March 17, 2023, Portage Point filed its corrected first interim fee application for the period from September 22, 2022 through December 31, 2022 [Docket No. 1067] (the "First Interim Fee Application") seeking $1,960,820.00 in fees and $38,635.28 for reimbursement of expenses.  On April 3, 2023, the Court approved the First Interim Fee Application [Docket No. 1084] (the "Interim Compensation Order").  Portage Point has received payment of the amounts requested in the First Interim Fee Application.

17.     On May 15, 2023, Portage Point filed the Application.

18.     On June 9, 2023, the Debtors filed the *Certificate of No Objection with Respect to Portage Point Partners, LLC's Second Interim and Final Fee Application* [Docket No. 1166].

19.     On June 12, 2023, the Court entered the Order to Supplement requiring Portage Point "to account for the costs incurred by the Estate for the filing of inaccurate declarations by Portage Point in this case."

**SUPPLEMENT**

20.     The declaration at issue in the Order to Supplement is the Mersch Declaration, which was filed in support of the Second Omnibus Objection.  Portage Point respectfully states that it accounted for the costs incurred by the estates in filing the Mersch Declaration and included a reduction to its fees in the Application, as described below.

21.     In March, 2023, counsel to the Committee requested that Portage Point write off fees related to the Second Omnibus Objection. In response to that request, Portage Point aggregated and summarized time entries related to all omnibus objections, and estimated percentage of time spent on the Bootstrap claim. Portage Point determined that there were four main work streams related to the First Omnibus Objection and the Second Omnibus Objection, (a) amended claims, (b) duplicate claims, (c) shareholder claims, and (d) satisfied claims. The Bootstrap claim was included in the Second Omnibus Objection as a satisfied claim. The work

related to these categories of claims objections included the development of exhibits, development and review of the declarations in support, and preparation for and attendance at the hearing on the Omnibus Objection. Portage Point identified 37 time entries related to its work on the First Omnibus Objection and Second Omnibus Objection. Those 37 time entries are set forth on **Exhibit A** attached hereto. Since Portage Point did not track time entries for each individual claim included on the First and Second Omnibus Objections separately, Portage Point applied approximately one third factor to estimate the time spent related to the Bootstrap claim even though the Bootstrap claim was only one of 48 claims included in the First and Second Omnibus Objections and likely represented a significantly smaller portion than one third of the time spent on the Second Omnibus Objection. Upon explaining the methodology to counsel to the Committee, Portage Point and counsel to the Committee, agreed to a reduction of $10,000.00 (which represented one third of time entries, or $9,266.17, rounded up to the nearest thousand) to account for the filing of the Mersch Declaration. For administrative convenience, Portage Point and counsel to the Committee agreed that the agreed reduction would be included in the Application (*See* Application, pg. 115) with respect to Portage Point's invoice for the period of February 17 through March 31, 2023.

22.      In connection with this Supplement and in further support of final approval of Portage Point's Application, Portage Point is offering an additional $5,000.00 fee reduction to address the concerns raised by the Court in the Order to Supplement.

23.      Portage Point respectfully submits that foregoing satisfies the Court's Order to Supplement.

## CONCLUSION

**WHEREFORE**, Portage Point respectfully requests entry of the order approving the

Application.


Dated:  June 29, 2023
Houston, Texas

/s/ Ryan Mersch
Ryan Mersch
Senior Director
Portage Point Partners, LLC

**Exhibit A**

| Date | Name | Notes | Hours | $ Amount |
|------|------|-------|-------|----------|
| 12/8/2022 | Ryan Mersch | Review and revise claims summary analysis for scheduled versus filed claims with objection  categories | 1.8 | $ 1,251 |
| 12/12/2022 | Ryan Mersch | Review and analysis of claims objections detail based on various categories | 0.8 | 556 |
| 12/13/2022 | Ryan Mersch | Various claims reconciliation from filed versus scheduled for initial objections | 1.7 | 1,182 |
| 12/16/2022 | Conor Kinasz | Prepare for and participate in a discussion with Epiq (N. Kosinski, T. Conklin), FBK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claims objection process | 0.5 | 278 |
| 12/16/2022 | Skye Levy | Prepare for and participate in a discussion with Epiq (N. Kosinski, T. Conklin), FBK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claims objection process | 0.5 | 198 |
| 12/16/2022 | Ryan Mersch | Prepare for and participate in a discussion with Epiq (N. Kosinski, T. Conklin), FBK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claims objection process | 0.5 | 348 |
| 12/19/2022 | Ryan Mersch | Update filed versus scheduled claims analysis for initial claims objections | 1.7 | 1,182 |
| 12/20/2022 | Ryan Mersch | Review first omnibus claims objections schedules | 1.5 | 1,043 |
| 12/21/2022 | Ryan Mersch | Further claims reconciliation for initial omnibus objection including reconciling of additional claims | 1.6 | 1,112 |
| 12/22/2022 | Ryan Mersch | Review and revise initial claims objection exhibit | 1.6 | 1,112 |
| 12/23/2022 | Conor Kinasz | Reviewing claims objections exhibits and updating corresponding tracker | 1.8 | 999 |
| 12/23/2022 | Ryan Mersch | Review / revise the scheduled versus filed claims and further objection review | 1.9 | 1,321 |
| 12/27/2022 | Ryan Mersch | Review / revise first omnibus claims objections | 1.2 | 834 |
| 12/28/2022 | Ryan Mersch | Summarize claims detail around initial omnibus objections | 1.5 | 1,043 |
| 12/29/2022 | Conor Kinasz | Reviewing and summarizing claims for omnibus objection notice | 1.1 | 611 |
| 12/29/2022 | Ryan Mersch | Review and revise declaration for objection support on various claims | 1.9 | 1,321 |
| 12/30/2022 | Conor Kinasz | Updating claims tracker and reviewing exhibits to be filed for objection | 1.8 | 999 |
| 12/30/2022 | Ryan Mersch | Discussion with M. Michelli (Paul Hastings) regarding objection declaration and subsequent review of document | 1.8 | 1,251 |
| 12/31/2022 | Conor Kinasz | Reviewing omnibus objection exhibit for filing | 0.8 | 444 |
| 1/2/2023 | Ryan Mersch | Review initial duplicate claims objection | 1.3 | 910 |
| 1/4/2023 | Ryan Mersch | Provide context around claim objections for first omnibus exhibits | 0.8 | 560 |
| 1/5/2023 | Conor Kinasz | Reviewing and developing additional exhibits for claim objections | 0.7 | 396 |
| 1/5/2023 | Skye Levy | Creating claim objection schedule to provide to Epiq for shareholder and satisfied rejections | 1.2 | 474 |
| 1/5/2023 | Ryan Mersch | Review and revise claims objections schedules | 1.2 | 840 |
| 1/13/2023 | Ryan Mersch | Continued reconciliation of claims for objections phases and outline of execution plan | 1.9 | 1,330 |
| 1/13/2023 | Ryan Mersch | Review and revise claim objection schedules prior to filing | 1.3 | 910 |
| 1/17/2023 | Conor Kinasz | Prepare for and participate in hearing with Judge Isgur, U.S. Trustee, R. Shirole, Paul Hastings (J. Grogan, S. Thomas), the Debtors (D. Harvey), McDermott (C. Gibbs), Miller Buckfire (J. D | 0.6 | 339 |
| 1/17/2023 | Ryan Mersch | Prepare for and participate in hearing with Judge Isgur, U.S. Trustee, R. Shirole, Paul Hastings (J. Grogan, S. Thomas), the Debtors (D. Harvey), McDermott (C. Gibbs), Miller Buckfire (J. D | 0.6 | 420 |
| 1/19/2023 | Ryan Mersch | Review and revise claims objections and Mersch Declaration | 1.3 | 910 |
| 1/20/2023 | Ryan Mersch | Review and revise claim objections and associated declarations | 1.8 | 1,260 |
| 1/24/2023 | Ryan Mersch | Bootstrap objection review | 0.7 | 490 |
| 1/25/2023 | Ryan Mersch | Review of bootstrap claim objection issues | 0.6 | 420 |
| 2/7/2023 | Ryan Mersch | Discussion with FBFK (R. Smiley) and Portage Point (R. Mersch) to review claims objections | 0.6 | 420 |
| 3/6/2023 | Conor Kinasz | Prepare for and participate in a discussion with Judge Isgur, FPK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claim objections | 0.5 | 283 |
| 3/6/2023 | Skye Levy | Prepare for and participate in a discussion with Judge Isgur, FPK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claim objections | 0.5 | 198 |
| 3/6/2023 | Ryan Mersch | Prepare for and participate in a discussion with Judge Isgur, FPK Law (R. Smiley), and Portage Point (R. Mersch, C. Kinasz, S. Levy) on claim objections | 0.5 | 350 |
| 3/6/2023 | Ryan Mersch | Discussion with FBFK (R. Smiley) regarding equity claim objections hearing | 0.3 | 210 |