IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI)<br><br>(Jointly Administered) |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS
ASSERTED BY WESTWOOD INFRASTRUCTURE, INC. AND
WESTWOOD PROFESSIONAL SERVICES, INC.
(CLAIM NOS. 10120, 10122)**

> **This is an objection to your claims. The objecting party is asking the Court to reclassify and modify the claims that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claims may be reclassified and modified without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief**

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> requested.
>
> **A hearing will be conducted on this matter on August 14, 2023 at 10:00 a.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claims Asserted by Westwood Infrastructure, Inc. and Westwood Professional Services, Inc. (Claim Nos. 10120, 10122)* (the "Objection"), and respectfully states as follows in support thereof:

## SUMMARY OF OBJECTION

1. On November 23, 2022, Westwood Infrastructure, Inc. ("Westwood Infrastructure") and its affiliate, Westwood Professional Services, Inc. ("Westwood Services" and, together with Westwood Infrastructure, the "Westwood Claimants") each filed a proof of claim in the Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) and Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy cases, respectively, seeking allowance of claims including but not limited to wages, salaries or commissions allegedly provided during the 180-day period preceding the Petition Date.

2

2.  The Plan Administrator hereby objects to the claims asserted by the Westwood Claimants because the supporting materials and the Debtors' books and records reflect that such claims represent debts for services provided by independent contractors rather than employees and therefore do not qualify as "wages, salaries or commissions" under § 507(a)(4) of title 11 of the United States Code (the "Bankruptcy Code"). In addition, a portion of the claim filed by Westwood Infrastructure constitutes a debt owed by a non-debtor entity.

3.  In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Objection to Claims Asserted by Westwood Infrastructure, Inc. and Westwood Professional Services, Inc. (Claim Nos. 10120, 10122)* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

### JURISDICTION AND VENUE

4.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

A.  Case Background

5.  On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

6.  On February 16, 2023, the Court entered an order confirming the *Third Amended*

3

*Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

7. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

8. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

9. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the proofs of claim filed by the Westwood Claimants, the claims register, the Debtors' books and records, and the supporting documentation provided by the Westwood Claimants, if any.

B. The Westwood Claims

10. On November 23, 2022, Westwood Infrastructure filed proof of claim number 10120 (the "Infrastructure Proof of Claim") in the Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) bankruptcy case, asserting a claim in the total amount of $38,900.00, of which $29,500.00 is asserted as a priority claim under section 507(a)(4) of the

---

[2] Docket No. 1019.
[3] Docket No. 1082.
[4] Exhibit F to Docket No. 1079.
[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

Bankruptcy Code.

11. Also on November 23, 2022, Westwood Services filed proof of claim number 10122 (the "Services Proof of Claim" and, together with the Infrastructure Claim, the "Westwood Claims") in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case, asserting a priority claim under section 507(a)(4) of the Bankruptcy Code in the amount of $20,966.25.

## ARGUMENT

A. Statutory Basis and Burden of Proof

12. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

13. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

B. The Infrastructure Proof of Claim

    i. The Infrastructure Proof of Claim Should Be Reclassified to Reflect a General Unsecured Claim

14. The Infrastructure Proof of Claim is not entitled to payment on a priority claim basis and should be reclassified, because Westwood Infrastructure was an independent contractor that did not earn wages, salaries or commissions as required under § 507(a)(4) of the Bankruptcy Code.

15. Section 507(a)(4) prioritizes claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." In addition, claims for "sales commissions earned by an individual or by a corporation with only 1 employee" may be entitled to priority treatment "if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor." 11 U.S.C. § 507(a)(4).

16. The information in the Infrastructure Proof of Claim makes clear that Westwood Infrastructure was not a salaried employee. In addition to being a corporation rather than an individual, and according to the invoices attached to the Infrastructure Proof of Claim, Westwood Infrastructure received payments on invoices it issued to the Debtor on a periodic basis. The invoices described Debtor Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) as the "Client" and included instructions for remitting payment. These invoices referred to "Contract Amounts" and "Contract Fees". Based on the supporting invoices, there was no employment relationship that would justify priority treatment.

17. Similarly, there is no evidence that the Infrastructure Proof of Claim constitutes a claim for unpaid sales commissions. Even if the claim was derived from sales commissions, Westwood Infrastructure has not shown that it is a "corporation with only 1 employee" or that 75%

of its earnings constituted receipts from the Debtor. In fact, the existence of multiple employee names on the various accompanying invoices further suggests that Westwood Infrastructure cannot qualify for priority treatment.

18. For the foregoing reasons, the Infrastructure Proof of Claim should be reclassified to a general unsecured claim.

### ii. The Infrastructure Proof of Claim Should Be Reduced in Amount

19. In addition to reclassification, the Infrastructure Proof of Claim should be reduced because it improperly includes debt incurred by a non-debtor entity. Specifically, invoice number 1220601393 in the amount of $15,000.00 (the "Non-Debtor Invoice") was issued to Compute North NE05 LLC, a non-debtor affiliate. The Debtors' books and records confirm that this invoice is not an obligation of the Debtors. Thus, there is no basis for recovering against the bankruptcy estate for debt incurred by a non-debtor entity.

### iii. The Infrastructure Proof of Claim Should Be Modified

20. The Infrastructure Proof of Claim should be modified because it was filed in the wrong bankruptcy case. After reducing by the amount of the Non-Debtor Invoice, the remaining claim in the amount of $23,900.00 belongs in the Compute North LLC bankruptcy case. The supporting invoices reflect an obligation of "Compute North" and the Debtors' books and records similarly identify Mining Project Wind Down LLC (f/k/a Compute North LLC) as the obligor. Therefore, the Infrastructure Proof of Claim should be modified to reflect a claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case.

C. The Services Proof of Claim

21. The Services Proof of Claim is not entitled to payment on a priority claim basis and should be reclassified, because, like Westwood Infrastructure, Westwood Services was an

7

independent contractor which did not earn wages, salaries or commissions as required under § 507(a)(4) of the Bankruptcy Code.

22.     The information in the Services Proof of Claim makes clear that Westwood Services was not a salaried employee.  In addition to being a corporation rather than an individual, the invoices attached to the Services Proof of Claim demonstrate that Westwood Services issued invoices to Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC) for services on a periodic basis.  These invoices referred to "Contract Amounts" and "Current Fee Billings".  The invoices contain instructions for remitting payment.   There is nothing in the accompanying invoices to suggest that Westwood Services was being paid a salary.

23.     Similarly, there is no evidence that the Services Proof of Claim constitutes a claim for unpaid sales commissions.  Even if the claim was derived from sales commissions, Westwood Services has not shown that it is a "corporation with only 1 employee" or that 75% of its earnings constituted receipts from the Debtor.

24.     For the foregoing reasons, the Services Proof of Claim should be reclassified to a general unsecured claim.

**RESERVATION OF RIGHTS**

25.     This Objection is limited to the grounds stated herein.  The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Westwood Claims. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by the Westwood Claimants.  The Plan Administrator reserves the right to contest the Westwood Claims and any other claims asserted by the Westwood Claimants on any other grounds.  Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by the Westwood Claimants.

## CONCLUSION

26. The Plan Administrator respectfully requests as follows:

   (i)  that the Infrastructure Proof of Claim (claim number 10120) be reclassified to a general unsecured claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case and reduced to the amount of $23,900.00;

   (ii) that the Services Proof of Claim (claim number 10122) be reclassified to a general unsecured claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case in the amount of $20,966.25; and

   (iii) that the Court grant such other and further relief as is appropriate under the circumstances.

July 7, 2023                                      Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:   (651) 289-3846
Facsimile:   (651) 406-9676
E-mail:      kcasteel@askllp.com

9

jchristian@askllp.com
nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

  I certify that on July 7, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

  I further certify that on July 7, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimants Westwood Infrastructure, Inc. and Westwood Professional Services, Inc. at the following addresses:

| | |
|---|---|
| Westwood Infrastructure, Inc.<br>Attn: General Counsel<br>12701 Whitewater Drive<br>Suite 300<br>Minnetonka, MN 55343<br>morgan.thornton@westwoodps.com | Westwood Professional Services, Inc.<br>12701 Whitewater Drive<br>Suite 300<br>Minnetonka, MN 55343<br>morgan.thornton@westwoodps.com |

            */s/ Charles R. Gibbs*
            Charles R. Gibbs