# **<u>Exhibit 1</u>**

## **Tribolet Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS ASSERTED BY WESTWOOD INFRASTRUCTURE, INC. AND WESTWOOD PROFESSIONAL SERVICES, INC.
### (CLAIM NOS. 10120, 10122)

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator") in the above-referenced cases.

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claims Asserted by Westwood Infrastructure, Inc. and Westwood Professional Services, Inc. (Claim Nos. 10120, 10122)* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.

5. In evaluating the proof of claim filed by Westwood Infrastructure, Inc. (the "Infrastructure Proof of Claim" and "Westwood Infrastructure", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Infrastructure Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Westwood Infrastructure, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Infrastructure Proof of Claim, coupled with the information in the Debtors' books and records, demonstrates that Westwood Infrastructure performed work as an independent contractor and was not employed by the Debtors. As demonstrated by the invoices attached to the Infrastructure Proof of Claim, Westwood Infrastructure issued invoices to "Compute North" on a periodic basis for contract-based work rather than collect wages or salary. In addition, it is my opinion that a portion of this claim belongs against a non-debtor entity. Specifically, invoice number 1220601393 (the "Non-Debtor Invoice") was issued to Compute North NE05 LLC, a non-

debtor affiliate. The Debtors' books and records confirm that this invoice is not an obligation of the Debtors. Therefore, the amount of the Infrastructure Proof of Claim should be reduced by $15,000.00. Finally, the invoices attached to the Infrastructure Proof of Claim, together with the Debtors' books and records, reflect that the remaining portion of this claim belongs against Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC).

6. In evaluating the proof of claim filed by Westwood Professional Services, Inc. (the "Services Proof of Claim" and "Westwood Services", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Services Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Westwood Services, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Services Proof of Claim, coupled with the information in the Debtors' books and records, demonstrates that Westwood Services performed work as an independent contractor and was not employed by the Debtors. As demonstrated by the invoices attached to the Services Proof of Claim, Westwood Services issued invoices to "Compute North" on a periodic basis rather than collect wages or salary.

7. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that reclassification of the Infrastructure Proof of Claim to a general unsecured claim and reduction in amount to $23,900.00 in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case is appropriate.

8. Additionally, based on my review I believe that reclassification of the Services Proof of Claim to a general unsecured claim in the amount of $20,966.25 in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case is appropriate.

3

9.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: July 7, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

4