## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

## PLAN ADMINISTRATOR'S OBJECTION TO SECURED CLAIM ASSERTED BY
## KOCH FILTER CORPORATION (CLAIM NO. 10078)

**This is an objection to your claim. The objecting party is asking the Court to reclassify the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be reclassified without a hearing. Represented parties should act through their attorney.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**A hearing will be conducted on this matter on August 14, 2023 at 10:00 a.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002.  You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**

**Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Secured Claim Asserted by Koch Filter Corporation (Claim No. 10078)* (the "Objection"), and respectfully states as follows in support thereof:

## SUMMARY OF OBJECTION

1. On November 21, 2022, Koch Filter Corporation (the "Claimant") filed a proof of claim seeking allowance and payment of a secured claim (the "Claim") related to goods allegedly provided prior to the Petition Date.

2. The Plan Administrator hereby objects to the Claim because the supporting materials and the Debtors' books and records confirm that such claim is reliant on a mechanic's lien for materials provided to a non-debtor's property, and therefore does not qualify as a secured claim in the Bankruptcy Cases.

3. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan*

*Administrator's Objection to Secured Claim Asserted by Koch Filter Corporation (Claim No. 10078)* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

**JURISDICTION AND VENUE**

4.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

A.  Case Background

5.      On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

6.      On the Petition Date, Debtor Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) ("CN Member") owned a 50% membership interest in a non-debtor entity, TZRC LLC.  TZRC LLC owned a membership interest in non-debtor TZRC King Mountain LLC ("TZRC KM").

7.      On November 29, 2022, the Court entered the *Order (I) Approving the Sale of Certain Assets of Compute North Member LLC to US Data King Mountain LLC Free and Clear of Certain Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* (the

3

"King Mountain Sale").[2]  In accordance with the King Mountain Sale, Debtor CN Member sold its membership interest in TZRC LLC to a third party.

8.      On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[3]

9.      The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[4]

10.     The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[5]  Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[6]

11.     The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the proof of claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant.

---

[2]      Docket No. 594.

[3]      Docket No. 1019.

[4]      Docket No. 1082.

[5]      Exhibit F to Docket No. 1079.

[6]      Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

B.  The Proof of Claim

12.     On November 21, 2022, Claimant filed proof of claim number 10078 (the "Proof of Claim") asserting a secured claim for goods arising under Texas' mechanic's lien law in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case.  The Proof of Claim was filed in the amount of $67,783.89.

13.     Attached to the Proof of Claim is a Statement dated November 14, 2022 summarizing the invoices giving rise to the claim amount, as well as a Notice to Original Contractor (the "Notice") and accompanying letter.

14.     The Notice identifies the customer as Compute North LLC and is addressed to both Compute North LLC, a debtor, and TZRC KM, a non-debtor entity.  However, and according to the Notice, Claimant provided goods to a project owned by TZRC KM, the non-debtor entity.

**ARGUMENT**

A.  The Claim Should Be Reclassified to a General Unsecured Claim

15.     The Claim is not entitled to payment on a secured claim basis and the Claim should be reclassified, because the Claim represents a debt for materials furnished to TZRC KM, a non-debtor entity.

16.     The Bankruptcy Code is clear that a secured claim is one "secured by a lien on *property in which the estate has an interest* . . . to the extent of the value of such creditor's interest in such property."  11 U.S.C. § 506(a) (emphasis added).  Thus, a creditor asserting a lien against property of a non-debtor entity does not hold a secured claim in the bankruptcy case.

17.     According to the documentation attached to the Proof of Claim, Claimant asserts mechanic's lien rights under Texas law in non-debtor property.  According to the Notice and its accompanying letter, Claimant furnished filters to a project with the address 8599 US-385, Odessa, Texas 79766.  The Notice identifies TZRC KM as the occupant of the project's address.  This is

5

consistent with the Debtors' books and records, which identify the 8599 US-385, Odessa, Texas 79766 address as belonging to TZRC KM.

18.     Based on the information in the Proof of Claim and the Debtors' books and records, Claimant is not entitled to a secured claim because any mechanic's lien rights to which it may be entitled would belong against property in which the bankruptcy estate has no interest.  The Plan Administrator is not otherwise aware of any basis for a secured claim in the Bankruptcy Cases. Therefore, the Plan Administrator requests that the Proof of Claim be reclassified to a general unsecured claim, without prejudice to the Plan Administrator's ability to object to the Proof of Claim on any other grounds at a later date, including but not limited to the amount of the Claim.

## RESERVATION OF RIGHTS

19.     This Objection is limited to the grounds stated herein.  The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant.  The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds.  Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

20.     The Plan Administrator respectfully requests that the Claim be reclassified to a general unsecured claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case in the amount of $67,783.89, and that the Court grant such other and further relief as is appropriate under the circumstances.

July 7, 2023

Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:    (651) 289-3846
Facsimile:    (651) 406-9676
E-mail:       kcasteel@askllp.com
              jchristian@askllp.com
              nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings,
Inc. Litigation Trust and the Plan Administrator*

## **Certificate of Service**

I certify that on July 7, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on July 7, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Koch Filter Corporation at the following addresses appearing in claimant's proof of claim:

Koch Filter Corporation          Brian Wilderman, Esq.
8401 Air Commerce Dr.           Wagner Falconer & Judd Ltd.
Louisville, KY 40119              100 South Fifth Street
                                 Suite 800
                                 Minneapolis, MN 55402
                                 bwilderman@wfjlawfirm.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs