**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**PLAN ADMINISTRATOR'S FIRST OMNIBUS OBJECTION**
**TO CERTAIN PROOFS OF CLAIM**
**(EQUITY INTEREST CLAIMS)**

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on August 14, 2023 at 10:00 a.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **This objection seeks to disallow certain proofs of claim. Claimants receiving this objection should locate their names and claims on the exhibit attached to the proposed order attached to this objection.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Plan Administrator's First Omnibus Objection to Certain Proofs of Claim (Equity Interest Claims)* (the "Objection"), and respectfully states as follows in support thereof:

## Relief Requested

1.  By this Objection, the Plan Administrator seeks entry of an order, substantially in the form attached hereto (the "Proposed Order"), disallowing each proof of claim listed on **Schedule A** to the Proposed Order (the "Disputed Claims"), that the Plan Administrator has determined constitutes an equity interest rather than a claim and should be disallowed on that basis.

2.  The Plan Administrator's determinations with respect to the Disputed Claims are based on a review of the Debtors' claims registers, the relevant proofs of claim, the Debtors' books and records, and the supporting documentation, if any, provided by each claimant (each, a

"Claimant"). The Plan Administrator does not believe that the Disputed Claims are owed in the amount and/or priority asserted. As such, the Disputed Claims should be disallowed in their entirety.

3. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Omnibus Objection to Certain Proofs of Claim (Equity Interests)* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3007, Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas, and section (M) of the Procedures for Complex Cases in the Southern District of Texas.

## Background

6. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

7. On February 16, 2023, the Court entered an order confirming the *Third Amended*

*Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

8.  The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

9.  The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

10. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Disputed Claims, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimants, if any.

**Objection**

11. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount,

---

[2] Docket No. 1019.

[3] Docket No. 1082.

[4] Exhibit F to Docket No. 1079.

[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

4

except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

12. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

13. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. Bankruptcy Rule 3007(c) proscribes joining multiple objections into an omnibus claim objection, "[u]nless otherwise ordered by the court or permitted by subdivision (d)."

14. Bankruptcy Rule 3007(d), in turn, permits the joinder of objections to more than one claim in an omnibus objection where "the objections are solely based on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests rather than claims." Fed. R. Bankr. P. 3007(d).

## The Equity Interest Claims

15. The Plan Administrator objects to the Disputed Claims listed in **Schedule A** attached to the Proposed Order. As set forth in the Tribolet Declaration, the Reviewing Parties

have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each claimant, if any, and have determined that the Disputed Claims constitute interests in equity rather than claims. Specifically, the information provided with the Disputed Claims reflects that such claims are for Series C convertible preferred shares, Class B non-voting common shares, and/or stock options in the Debtors.

16. It is well-settled that a "claim" is distinguishable from an ownership "interest" in a debtor, and the holder of an equity security, without more, is not the holder of a claim. *In re Insilco Tech., Inc.*, 480 F.3d 212, 218 (3d Cir. 2007) ("Equity investment brings not a right to payment, but a share of ownership in the debtor's assets – a share that is subject to all of the debtor's payment obligations."); *Crocker v. Namer (In re AVN Corp.)*, 235 B.R. 417, 423 (Bankr. W.D. Tenn. 1999) ("[T]he filing of a proof of interest, which applies only in Chapter 11 cases, is not recognized in the claims process and becomes significant only when the remaining assets of the solvent corporate debtor are being distributed to shareholders."). Indeed, under Section 501(a) of the Bankruptcy Code, an equity security holder may file a proof of interest. 11 U.S.C. § 501(a); *see Crocker*, 235 B.R. at 423.

17. Bankruptcy Rule 3007(d)(7) provides for omnibus claims objections based on the ground that the claims should be disallowed because "they are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7).

18. In the event the Disputed Claims are not disallowed, the applicable claimants would receive recoveries to which they are not entitled, to the detriment of general unsecured creditors. Disallowance of the Disputed Claims will streamline the claims reconciliation process and enable

the Plan Administrator to maintain a more accurate claims register.

19. The Plan Administrator requests that the Court enter an order disallowing the Disputed Claims identified on **Schedule A** to the Proposed Order.

## Reservation of Rights

20. This Objection is limited to the grounds stated herein. It is without prejudice to the rights of the Plan Administrator or any other party in interest to object to the Disputed Claims on any grounds whatsoever, or to object to other claims that may be asserted by the Claimants. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) an allowance of any claim or a waiver of the Plan Administrator's or any other party in interest's right to dispute or object to any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Plan Administrator, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

## Separate Contested Matter

21. To the extent a response is filed regarding any of the Disputed Claims and the Plan Administrator is unable to resolve any such response, this Objection as it pertains to such Disputed

Claims will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the Court regarding this Objection or any response thereto be deemed a separate order with respect to each proof of claim.

## Conclusion

The Plan Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested in this Objection, disallowing the claims appearing on **Schedule A** to the Proposed Order, and granting such other and further relief as is appropriate under the circumstances.

July 7, 2023                                     Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:    (651) 289-3846
Facsimile:    (651) 406-9676
E-mail:       kcasteel@askllp.com
              jchristian@askllp.com
              nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

8

**Certificate of Service**

I certify that on July 7, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on July 7, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to the claimants appearing in **Schedule A** to the Proposed Order at the addresses listed on their respective proofs of claim, as follows (except for claimant Sean Ball who was served only by First Class Mail):

| | | |
|---|---|---|
| Addison Piper Rev. Trust<br>Attn: Addison Piper Trustee<br>1745 Hunter Drive<br>Wayzata, MN 55391<br>addisonpiper@me.com | Sean Ball<br>5785 Featherie Bay<br>Excelsior, MN 55331 | Gregory Cribb<br>1320 Cozy Oak Avenue<br>Cary, NC 27519<br>greg.cribb@bestol-group.com |
| Nicholas Peter Dingwall-Chantiloupe<br>3311 Bluebell Ave N.<br>Brooklyn Park, MN 55443-1560<br>nicholas.chantiloupe@gmail.com | Bravera Wealth, TTEE of Eugene C Jackson Roth IRA<br>220 1st Ave West<br>Dickinson, ND 58601<br>rschank@bravera.bank | Brian Hakim<br>2225 23rd St.<br>Unit 218<br>San Francisco, CA 94107<br>brianhakim@yahoo.com |
| Jonathan Hakim<br>2225 23rd Street<br>Unit 218<br>San Francisco, CA 94107<br>jonhakim@gmail.com | KT LLC<br>304 S. Jones Avenue<br>Suite 1300<br>Las Vegas, NV 89107<br>tjw@looplimited.com | Jeffrey Norton<br>229 Woodlawn Avenue<br>Saint Paul, MN 55105<br>NortonVE@gmail.com |
| REIC Gamma (AM/DB) Holdings LLC<br>c/o Rodolpho Amboss<br>Silverpeak Real Estate Partners<br>40 West 57th Street – 29th Floor<br>New York, NY 10019<br>ra@silverpeak.com | SM & MS Partners<br>c/o Alexander Seligson<br>29 West 30th St., 10th floor<br>New York, NY 10023<br>aseligson@srrlaw.com | Mark Taborsky<br>27 Woodworth Road<br>Needham, MA 02492<br>mark.taborsky@gmail.com |

*/s/ Charles R. Gibbs*
Charles R. Gibbs