IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

## PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on August 14, 2023 at 10:00 a.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "Objection"), and respectfully states as follows in support thereof:

## SUMMARY OF OBJECTION

1. On October 24, 2022, Nelu Mihai (the "Claimant") filed proof of claim number 10029, asserting a general unsecured claim in the amount of $220,909.03 (the "Claim").

2. The Plan Administrator objects to the Claim because the supporting materials demonstrate that the Claim is comprised entirely of a penalty for failure to timely pay severance installments, the post-petition assessment of which is improper and unrecoverable under bankruptcy law.

3. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan*

2

*Administrator's Objection to Claim Asserted by Nelu Mihai* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. Case Background

5. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

6. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

7. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

8. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and

---

[2] Docket No. 1019.
[3] Docket No. 1082.
[4] Exhibit F to Docket No. 1079.

3

Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

9.  The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the proof of claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

B.  The Proof of Claim

10. On information and belief, Claimant was employed by the Debtor until approximately March 31, 2022.

11. On or about March 28, 2022, Claimant and Debtor entered into a Separation Agreement and General Release (the "Separation Agreement").[6] The Separation Agreement provided in pertinent part that Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC)[7] shall make severance payments payable to Claimant in equal installments over 22 consecutive pay periods. The Separation Agreement further provided for a daily penalty equal to 2% of any installment that is not timely paid (the "Late Penalty").[8]

12. According to the Debtors' books and records, Debtors Mining Project Wind Down

---

[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

[6] See Exhibit to Proof of Claim.

[7] Pursuant to par. 9(a) of the Separation Agreement, Debtor Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) is also obligated to make the severance payments.

[8] Separation Agreement, ¶ 9(a). "If the Company or Parent fail to pay an installment on time, at the same date(s) as base salary are paid to the Company's other executives, the Company will pay a penalty of 2% of the delayed installment per every delayed day."

LLC (f/k/a Compute North LLC) and/or Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) paid 11 severance installments prior to the Petition Date. On information and belief, the Debtors were current on their severance payment obligations under the Separation Agreement at the time of the bankruptcy filing.

13. On November 29, 2022, Claimant filed proof of claim number 10029 (the "Proof of Claim") asserting a general unsecured claim in the Compute North Holdings, Inc. bankruptcy case based on the post-petition accrual of the Late Penalty.[9]

14. An exhibit attached to the Proof of Claim describes the basis for the Claim as "penalties for severance package delay per day, month and year." The Claim is comprised of post-petition assessments under the assumption that "the severance is not paid per agreement by 02/04/2023."

## ARGUMENT

A. Statutory Basis and Burden of Proof

14. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

15. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the

---

[9] Separation Agreement, ¶ 9(a). Claimant filed a separate proof of claim for unpaid severance due under the Separation Agreement, which proof of claim is not part of this Objection. *See Claims Register No. 10026.* The Plan Administrator reserves the right to object to such proof of claim.

5

claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

    B.   <u>Claimant Is Not Entitled To Claim for Assessment of Post-Petition Late Penalties</u>

    16.   Generally speaking, the rights of creditors as against a debtor are fixed as of the date of bankruptcy. *See, e.g., Carrieri v. Jobs.com Inc.,* 393 F.3d 508, 527 (5th Cir. 2004). Thus, in the event of an objection to claim, the court "shall determine the amount of such claim in lawful currency of the United States ***as of the date of the filing of the petition*** . . .." 11 U.S.C. § 502(b) (emphasis added).

    17.   In addition to fixing a creditor's rights on the petition date, a bankruptcy filing triggers enactment of the automatic stay. The bankruptcy stay operates to preclude most actions by creditors including, *inter alia*, acts to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). Thus, efforts to assess post-petition interest, fines, or late fees on a pre-petition claim are barred by the automatic stay. *See, e.g., In re Raucci*, No. 17-21477, 2018 WL 6028924, at *2 (Bankr. D. Conn. Nov. 14, 2018).

    18.   The Supreme Court has described the prohibitive effect of a bankruptcy filing on a creditor's ability to recover post-petition assessments, such as interest and penalties, as follows:

> The general rule in bankruptcy and in equity receivership has been that interest on the debtors' obligations ceases to accrue at the beginning of proceedings. Exaction of interest, where the power of a debtor to pay even his contractual obligations is suspended by law, has been prohibited because it was considered in the nature of a penalty imposed because of delay in prompt payment – a delay necessitated by law

>   if the courts are properly to preserve and protect the estate for the benefit of all interests involved.

*Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 163 (1946). Courts reason that it would be inequitable to allow a party to gain an advantage or suffer a loss because of a delay imposed by law. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. at 164 (citing *Sexton v. Dreyfus*, 219 U.S. 339, 346 (1911)). Preserving the status quo among creditors on a fixed date ensures that similarly-situated creditors are treated equally.

19. Under this general rule, a claimant asserting a pre-petition unsecured claim is barred from recovering post-petition interest, late fees or penalties. This is especially the case where, as here, the estate has insufficient assets to pay general unsecured claims in full.

20. The Proof of Claim constitutes an improper attempt to recover late penalties tied directly to the failure of Debtors Mining Project Wind Down LLC (f/k/a Compute North LLC) and Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) to make timely post-petition payments on a pre-petition claim. A claim for unpaid severance under a pre-petition severance agreement is a pre-petition claim. *In re Phones For All, Inc.*, 288 F.3d 730, 732 (5th Cir. 2002) (claim arising under pre-petition severance agreement was not entitled to post-petition administrative treatment.) The post-petition assessment of late fees or penalties on debts incurred prior to the petition date is not recoverable from the estate under Bankruptcy Code sections 362(b)(6) and 502(b). Such penalties are not warranted where, as here, other creditors are precluded from collecting post-petition assessments such as interest and fees on their claims.

21. The inequities that would result from allowance of a claim for post-petition assessments on pre-petition unsecured debt are magnified in this case by the egregious nature of the Late Penalty. The Separation Agreement provides for a 2% daily penalty on all unpaid severance obligations, or approximately $8,181.81 per month for each unpaid severance payment

of $13,636.36.[10] If stretched out through the life of the Separation Agreement, as indicated in the calculation attached to the Proof of Claim, post-petition assessments would reach as high as ***$3,000.00 per day***.[11] Such a penalty, if not usurious, would unfairly disadvantage other creditors in these cases and contradict the bankruptcy maxim that similarly-situated creditors are entitled to equal treatment.

22. Based on the information in the Proof of Claim and the Debtors' books and records, the Plan Administrator requests that the Proof of Claim be disallowed, without prejudice to the Plan Administrator's ability to object to the Proof of Claim on any other grounds at a later date.

## RESERVATION OF RIGHTS

23. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

24. The Plan Administrator respectfully requests that the Claim be disallowed in its entirety, and that the Court grant such other and further relief as is appropriate under the circumstances.

---

[10] A 2% daily penalty is equivalent to a simple annual interest rate of 730%.

[11] *See* Proof of Claim, pp. 21-22.

Dated: July 7, 2023                                   Respectfully submitted,

                                                */s/ Charles R. Gibbs*
                                                Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:             crgibbs@mwe.com

*– and –*

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:     (651) 289-3846
Facsimile:      (651) 406-9676
E-mail:           kcasteel@askllp.com
                       jchristian@askllp.com
                       nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

9

## Certificate of Service

I certify that on July 7, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on July 7, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Nelu Mihai at the following addresses:

Nelu Mihai
201 Harrison Street
Suite 210
San Francisco, CA 94105
nelumihai@icloud.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs