# **Exhibit 1**

## **Tribolet Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases.

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3.   I have read the *Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "Objection").

4.   To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating proof of claim 10029 filed by claimant Nelu Mihai (the "Proof of Claim" and "Claimant", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Proof of Claim, coupled with the information in the Debtors' books and records, demonstrates that the Proof of Claim represents a debt for post-petition assessments in the nature of penalties on a claim for unpaid severance payments arising under the Separation Agreement, which was executed prior to the Petition Date. The Debtors' books and records reflect that Claimant was entitled to receive 22 severance payments of $13,636.36 every two weeks. The Debtors' books and records further reflect that Claimant received 11 such payments prior to the Petition Date, the last of which was received on or about September 16, 2022. The total of severance payments received was $149,999.96, leaving approximately $150,000.04 due under the Separation Agreement at the time of the bankruptcy filing (the "GUC

Severance Claim"). The penalties asserted in the Proof of Claim are directly related to the failure of Debtors Mining Project Wind Down LLC (f/k/a Compute North LLC) and Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) to timely pay those severance payments under the Separation Agreement which first became due after the Petition Date. I understand the Proof of Claim to cover only late penalties arising under the Separation Agreement; Claimant filed a separate proof of claim, claim number 10026, to account for the GUC Severance Claim.

5. Based on my familiarity with the claims in these Bankruptcy Cases and the assets and funds available or anticipated to be collected for distribution to creditors, and after consultation with the Reviewing Parties, I am confident that general unsecured creditors in these cases will receive less than 100% of the face amount of their claims.

6. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that the Claim should be disallowed as all severance payments were current at the time of the Petition Date such that no late penalties should be enforced.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated:  July 7, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

3