IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., <br><br><br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-90273 (MI) |

**MOTION FOR INDICATING THE DOCUMENTS REFERRED IN THE RESPONSE NO. 1211 AND 1213 BY CLAIMANT NELU MIHAI (CLAIM 10029) TO OBJECTION 1199 AND PROPOSED ORDER 1199-2 FILED BY THE PLAN ADMINISTRATOR**

1. NELU MIHAI, PhD, former funding **<u>Chief Technology Officer</u>** at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), respectfully ask the Court to take into consideration the following aspects related to the claim 10029, referred in the "Response" (Docket # 1213 and Docket #1211, filed on 08/07/2023) to "Objection" no. 1199 and "Proposed Order" 1199-2 filed by the Plan Administrator on 0707/2023, and respectfully ask to consider these aspects as legal basis and sustaining materials to reject the Objection 1199 and Proposed Order 1199-2 and issue an order for allowance for my claim 10029.

2. I respectfully seek / kindly request to take into consideration the following aspects:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC)
(1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

3. The Objection 1199 is not based on the real situation, as proved by the real supporting materials, the Objection <u>does not indicate any of the so-called supporting materials</u> mentioned generally in the Summary paragraph 2 of the Objection 1199.

4. By contrary, supporting materials demonstrate that the Claim is NOT "comprised entirely of a penalty for failure to timely pay severance installments, the post-petition assessment". **In fact, the following documents, supporting materials, found in the Case 22-90273 Dockets, demonstrate that the Claim 10029 refers accrued and unpaid amounts of money owned by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date) of September 22, 2022, as wrongly and without evidence the Plan Administrator states in its "Objection" 1199:**

5. <u>Docket 723-2 filed on December 21, 2022, Revised Disclosure Statement, Schedule 2 One year payments (to Debtors), pages 157 to 162</u> prove that the affirmations of the Plan administrator in its Objection are not sustained. <u>The Company Compute North LLC / Debtors did not pay in time the amount obliged to thru the "*Severance Contract*" signed on March 28, 2022 between the Claimant and the Company / Debtors.</u> This Docket 723-2 contains untruthful payments declarations coming from the Debtors that should be amended, but taken into consideration by the Honorary Court to reject the Objection 1199 and Proposed Order 1199-2, on the following evident aspects:

6. **The Company / Debtors <u>failed to pay in time their severance payment obligations, both before and after the Petition Date (September 22, 2022).</u> The Debtors were NOT current on their severance payment obligations under the Separation both before and after the date of declaring bankruptcy (September 22, 2022) as proved by the Docket 723-2 of Case 22-90273.**

7. <u>The Plan Administrator failed to see or verify that the severance obligations of the Debtors were not paid in time between March 31, 2022 and September 22, 2022, the Petition date.</u>

8. One supporting material to reject the Objection is Docket 723-2 filed on 12/21/2022, page 157-162, where there is proof of delay in paying the obligation under the Severance Contract, before the Petition Date, starting with the first day after Claimant termination, March 31, 2022.

9. No prompt payments were done in April 2022. While the same Docket 723-2 pages 157-162 shows that the other executives were paid with salary on 4/1/2022, 4/15/2022

and 4/29/2022( Docket 723-2 page 158 rows 21,23, 25 for CEO Dave Perrill, rows 22, 24, 26 for CFO Ted W Piper etc.) and that <u>the Claimant was not paid on these three dates, being paid lately only on 4/29/2022.</u> This evidence imposes the rejection of the Objection 1199 (especially because it proves the contrary of the Plan Administrator's opinions, especially those opiniated without proof in sections 12, 13, 14, in the whole section B, 16 to 22, 24 etc. of the "Objection" 1199).

10. More than that, The Debtors falsely represent in Docket 723-2 page 157 that the Claimant Nelu Mihai would have received $20,895 as "severance payment" (*raw 26 page 157 Docket 732, One Year Payments, Schedule 2, Disclosure Statement*), **while this payment, late paid (the last check should have been paid by check on 3/31/2022, the last day of Claimant's employment), represents in fact the amount of the last check,** to whom the Claimant was entitled to receive on the last day of his employment, March 31, 2022, **and not a "severance payment" as falsely stated by the Company**. The Plan Administrator took this false statement of the Debtors without verifying the books kept by the Debtors (even more, the payment of $20,895 was done by check, not thru *Insperity*, as all the other executives were paid; in addition, the Plan administrator failed to see that the amount of $20,895 differs from the amount of a severance installment, $13636 before taxes. Was this false statement of the Debtors done to hide the late payment of the last check to which the Claimant was entitled to receive on March 31,2022?

11. The delay of 15 days for paying the last check to Claimant Nelu Mihai is evident.

12. The Plan Administrator did not indicate any supporting materials that the payments before the Petition date were done on time, as required by Chapter 9.a. of the Severance Contract signed on March 28, 2022, at the same dates with the payment of salaries for the other executives. The Objection contains only opinions based on belief, and no financial documents or other material evidence were provided to support the Objection 1199.

13. In fact, this Disclosure Statement 723-2 and other documents existing in the case dockets, in regards to the type and period of the amounts and significance of the debt object of the claim 10029, filed on November 24 2022 are contrary to the Plan Administrator's opinions exposed in the Objection 1199. There is no proof that what is asked to be allowed in the claim 10029 represents penalties "before the Petition date).

14. Even more, the Plan Administrator proposed a kind of "deal" to Claimant Nelu Mihai, recognizing that the Claimant should be paid for a period between the September 16, 2022 and the Petition date, probably following the opinions about the Claim 10029 expressed by the Debtors before the Court name the Plan Administrator. We kindly point that the Debtors falsely stated, in the previous Disclosure Statements, that the Claimant, Nelu Mihai, was paid with the whole amount of $300,000. The Claimant indicated these false statements of the Debtors in the hearing of 2022. Not even now the false elements in the Amended Disclosure statements were not corrected. That proves that double records and books were kept by Compute North LLC / Debtors. The other Creditors were sustaining this evidence. Practically, the Claimant Nelu Mihai had an important contribution to this case, not only to funding the Company / Debtors, and these aspects of Debtors altering and not correcting the Disclosure Statements should be provided by the Debtors should be provided to the Court.

15. The Claimant referred the errors committed by Debtors in keeping correct records of shares awarded to him. The Employment Contract has a certain number of shares, but the electronic system administration such shares ownership records called CARTA was altered by Debtors. This alteration was one of the causes for which the Severance Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors stipulated the terms in section 9.a. of the Severance Agreement.

16. Another double, incorrect evidence referred in the Response to Objection (dockets 1211 and 1213) was about the work done by the Claimant Nelu Mihai in Compute North before November 2021. The Company altered also some documents about his work, in order, probably, not to pay him a bonus. The funding was already done, and his contribution to funding can be proved by the document that is provided as evidence now (Addendum 1). The Court is kindly asked to read the pages 157-162 of docket 723-2 where bonuses of $300,000 and other large amounts are indicated a given to the other executives, excepting the executive who transformed the Company Compute North LLC from an unfundable company (three or more years without any substantial investment form venture capitalists) into a fundable company, based in his visionary business plan about the future evolution of AI, data centers, energy consumption etc.

17. From Docket 723-2 pages 156-162 it can be seen that the Claimant had a higher wage before the funding in November 2021, according to his role in the Company (Compute North LLC) and his contribution to this significant funding of $380M.

After February 2022, the wages of the other executives were increased substantially, the other executives were paid with large bonuses, some of the bonuses being equal to the severance amount of cash established in the Separation Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors. In five months after his termination date, the Claimant Nelu Mihai was never paid on time with the obligations assumed by signing the *Severance Agreement*. No payment to Nelu Mihai was done between September 16, 2022 and the Petition Date, but dockets / Disclosure Statements were filed in Court case 22-90273 by Debtors, falsely showing as "paid" an unpaid accrued amount / severance obligations. Some other executives, who decided to apply for Company's bankruptcy, after receiving investments of $380M, received higher wages and bonuses in March 2022- September 22, 2022. Some of such executives claimed money in this case, becoming Claimants. In our knowledge, no objections were done to their claims. Is this the fairness the Plan Administrator write about in its Objection 1199? The Addendum no.1 shows the value of the business plan designed by the Claimant Nelu Mihai, plan that attracted the venture-capitalists investments of $380M. Addendum no. 2 contains the Amended Disclosure Statement Docket 723-2, pages 156-162 One Year Payments.

CONCLUSION

18. These supporting materials, some of the being dockets in the current case (docket 723-2 and other ones) prove indubitably that **Claim 10029 refers accrued and unpaid amounts of money owned by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date - September 22, 2022) as wrongly and without evidence the Plan Administrator states in its "Objection" 1199.**

19. We kindly request that the Claim 10029 be allowed in its entirety, and that the Court grant such other of allowance.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net