IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., <br><br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-90273 (MI) |

**SUSTAINING DOCUMENTS FILING, IN RELATION TO RESPONSE 1213 AND 1211 AND TO CLAIM 10029, FILED AS AMENDED ADDENDUMS / EXHIBITS TO RESPONSE 1213, 1211 TO OBJECTION 1199 (FILED BY THE PLAN ADMINISTRATOR) TO CLAIM 10029 (FILED BY CLAIMANT NELU MIHAI)**

1. NELU MIHAI, PhD, former funding **Chief Technology Officer** at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), respectfully ask the Court to take into consideration the following aspects related to the claim 10029, referred in the "Response" (Docket # 1213 and Docket #1211, filed on 08/07/2023) to "Objection" no. 1199 and "Proposed Order" 1199-2 filed by the Plan Administrator on 07/07/2023, and respectfully ask to consider these

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

new aspects and corrected sustaining materials to reject the Objection 1199 and Proposed Order 1199-2 and issue an order for allowance for my claim 10029.

2. The Claimant Nelu Mihai respectfully seeks / kindly requests to take into consideration the following aspects:

3. We further noticed on August 12, 2023 that in the Objection 1199, the Plan Administrator states that he consulted with "certain former employees of the Reorganized Debtors (paragraph 2 of docket 1199-1 Declaration of the Plan Administrator, linked to Objection 1199). Responsibility of bankruptcy belong to executive teams in any company in the world. These "former employees of the Reorganized Debtors" probably are the executives deciding and filing for bankruptcy, five months or so after receiving investment of approximatively $380M based on the business plan elaborated by the Claimant Nelu Mihai. This bankruptcy caused tremendous financial hardships, health stress to Claimant Nelu Mihai and some creditors and investors.

4. In the same document docket 1199-1, the Plan Administrator writes that he consulted with his "financial advisor" and "Reviewing Parties". Why these financial advisors and Reviewing Parties did not observe that the payment of $20,895 on 4/15/2022 was falsely represented in the Amended Disclosure Statement 12/21/2022 docket 723-2, at page 157, as "severance payment", when in fact was the amount of the last check, also paid late (the last check was due on March 31, 2022, the last day of employment)?

5. Why the Plan Administrator and his financial advisor and "Reviewing Parties" have not observed that the 11th so called "payment" was diminished to $11,358, when it should have been at least $13,636.36, per the Separation Agreement section 9.a terms (appendix to Claim 10029)?

6. Why the Plan Administrator and his financial advisor and "Reviewing Parties" did not see that the amount of money accrued and unpaid was $152,102 (as resulting from the Amended Disclosure Statement docket 723-2), not $150,000.04?

7. Why the Plan Administrator and his financial advisor and "Reviewing Parties" did not check if the payments to Claimant Nelu Mihai were done in the **precise** dates whether the other executives were paid, as stipulated in the Separation Agreement?

8. Have the Plan Administrator and his financial advisor and "Reviewing Parties" checked if all the substructions from the any of the 10 installments of $13,636 and one installment of $11,538 were legally and correctly calculated and justified, for the employment situation of the Claimant Nelu Mihai?

9. Even the words used by the Plan Administrator in the Declaration 1199-1 induce incertitude about the accuracy of the assertions made in the Objection 1199 and suggest that he was not sure about amounts, dates of payments, debts amount etc.

C**ONCLUSION**

10. The administrated probatory contradicts radically, but with certitude, the assertions expressed in "Objection" 1199 to Claim 10029 filed by Claimant Nelu Mihai, proving that the Objection 1199 with its 1199-1 Declaration do not have any legal and factual bases.

11. <u>The accrued obligations claimed in Claim 10029, under the terms of Section 9.a of the Separation Agreement signed on March 28, 2022 constitute obligations to be paid to Claimant Nelu Mihai by the **solvent** Debtors / Plan Administrator, for both prior and after Petition Date September 22, 2022. The Objection 1199 and Declaration 1199-1 should be rejected, denied by Court, also considering the fact that the Debtors are solvent, and other unsecured claims are / were paid by the **solvent Debtors** and the Plan administrator (Bankruptcy Code).</u>

12. We kindly request that the Claim 10029 be allowed in its entirety, and that the Court grant such order of allowance.

Respectfully,

*[signature]*

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net