IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

## REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Reply in Support of Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)*, and respectfully states as follows in support thereof:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

1. On July 7, 2023, the Plan Administrator filed its *Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)* [Docket No. 1199] (the "Claim Objection").[2]

2. On August 8, 2023, Nelu Mihai (the "Claimant") filed his *Response to Deny / Reject the Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029), and the Proposed Order 1199-2, Associated to Objection 1199* (the "Response") [Docket Nos. 1211, 1213].[3]

3. On August 10, 2023, the Claimant filed his *Motion for Correcting the Typos in the Dockets # 1213 and Docket # 1211, Filed by Mail on August 7, 2023, Representing the Response of Nelu Mihai, the Claimant (Claim 10029) to the Objection No. 1199 and Proposed Order 1199-2 to Objection* [Docket No. 1219].[4]

4. Between August 11, 2023 and August 13, 2023, the Claimant filed several additional pleadings, all of which appear to supplement the Response [Docket Nos. 1223–1226, 1228–1229] (collectively, the "Supplemental Responses").

5. The Plan Administrator hereby files this Reply in further support of the Claim Objection and the *Supplemental Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Objection to Claim Asserted by Nelu Mihai*, attached hereto as **Exhibit 1** (the "Supplemental Declaration").

6. In his Supplemental Responses, among other things, the Claimant alleges for the first time that late penalties began accruing upon the inception of the Separation Agreement and

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Claim Objection.

[3] This pleading appears twice on the docket.

[4] This pleading appears twice on the docket. An identical pleading appears at Docket No. 1224.

continued accruing through the Petition Date.[5] Based on the Claimant's new position, he estimates that he is actually owed $462,009.94 in late penalties alone. In addition, the Claimant takes the position in his Supplemental Responses that the Debtors were late on their severance obligations to the Claimant because the first severance payment was made on April 29, 2022, well after his employment terminated at the end of March 2022. The Claimant relies on the Separation Agreement attached to his proof of claim, as well as Schedule 2 to the Debtors' *Second Amended Joint Liquidating Chapter 11 Plan of Compute North Holdings, Inc. and its Debtor Affiliates* [Docket No. 683] (the "Schedule 2") (a summary of transfers to insiders in the one year preceding the Petition Date). However, the Claimant's position is wholly rebutted by the Separation Agreement, Schedule 2, and the Debtors' books and records.

7. The Separation Agreement dictates the severance payment obligations of Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC) to the Claimant, providing in pertinent part:[6]

> **Cash Severance.** As severance, the Company will pay Executive three hundred thousand dollars ($300,000) over a forty four (44) week period commencing as of the Effective Date; such amount to be paid in substantially equal installments of $13,636.36 each, payable over 22 payperiods [sic], with payments made on the same date(s) as base salary are paid to the Company's other executives.

8. The "Effective Date" of the Separation Agreement is "the fifteenth (15th) day after Executive's execution of this Agreement . . . ."[7] Because the signatures on the Separation Agreement are dated March 28, 2022, the effective date of the Separation Agreement was no earlier than April 12, 2022.

---

[5] The calculation attached to the Claimant's proof of claim includes only the post-petition period.
[6] Separation Agreement, ¶ 9(a).
[7] Separation Agreement, ¶ 2.

9. As illustrated in Schedule 2 and confirmed by the Debtors' books and records, the Debtors' first base pay period following the Separation Agreement's effective date was April 15, 2022. The Claimant contends that he did not receive a severance payment during the April 15 pay period. However, both the Debtors' books and records and Schedule 2 belie the Claimant's position.

10. On April 15, 2022, the Debtors made a payment to the Claimant in the amount of $20,894.59 (the "April 15 Payment"). This payment is described on Schedule 2 as "Payroll & Benefits - Severance". The amount is admittedly different than that of each subsequent severance installment of $13,636.36. However, upon further review of the Separation Agreement, it is evident that the April 15 Payment consists of both an initial severance payment of $13,636.00 as well as $7,258.23 in "additional consideration", which was "payable a single lump sum on the same date the first cash severance payment installment is paid . . . ."[8] Thus, the April 15 Payment included the first severance installment and was paid timely and consistently with the Debtors' responsibilities under the Separation Agreement.

11. In all, the Debtors paid twelve (12) severance installments[9] both timely and consistently with the terms of the Separation Agreement. Each payment covered the Debtors' obligations for the fourteen-day period ending six days prior to payment. The following table lists each severance payment as well as the remaining amount owed under the Separation Agreement:

---

[8] Separation Agreement, ¶ 9(d).

[9] The initial Tribolet Declaration identified 11 severance installments. Because the April 15 Payment included the initial severance installment, the Plan Administrator has identified a total of 12 severance installments paid to the Claimant prior to the Petition Date.

| Payment Date | Severance | Additional Payment | Total |
|---|---|---|---|
| 4/15/2022 | $ 13,636.36 | $ 7,258.23 | $ 20,894.59 |
| 4/29/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/13/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/27/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/10/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/24/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/8/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/22/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/5/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/19/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/2/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/16/2022 | $ 13,636.36 | | $ 13,636.36 |
| Total | $ 163,636.32 | $ 7,258.23 | $170,894.55 |

12. Based on the foregoing, there is no factual basis for finding that the Claimant is eligible for any late penalties, as all severance installments were timely paid leading up to the Petition Date. The Plan Administrator respectfully requests that the Claim be disallowed in its entirety, and that the Court grant such other and further relief as is appropriate under the circumstances.

August 14, 2023

Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:        crgibbs@mwe.com

*– and –*

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:      (651) 289-3846
Facsimile:      (651) 406-9676
E-mail:         kcasteel@askllp.com
                jchristian@askllp.com
                nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

    I certify that on August 14, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

    I further certify that on August 14, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Nelu Mihai at the following addresses:

Nelu Mihai
201 Harrison Street
Suite 210
San Francisco, CA 94105
nelumihai@icloud.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs