# Exhibit 1

## Supplemental Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### SUPPLEMENTAL DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases.

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Reply in Support of Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "Reply").

4. To the best of my knowledge, information, and belief, the assertions made in the Reply are accurate. After reviewing the Supplemental Responses filed by Claimant, and specifically Claimant's contention that the Debtors failed to timely pay his first severance payment, I reviewed the Separation Agreement and Schedule 2 and compared them to the Debtors' books and records. Based on my review, I discovered that the Debtors paid the initial severance payment to Claimant on April 15, 2022. This April 15 Payment was different in amount than the other eleven (11) severance installments I had identified in my initial Declaration, however, the date and amount of the payment are consistent with the terms of the Separation Agreement. Specifically, the April 15 Payment matches precisely with the Debtors' obligations under Paragraph 9(d) of the Separation Agreement, which provides that the initial severance payment shall be paid in combination with a lump sum "additional consideration" payment of $7,258.23.

5. Based on my review, I compiled the following schedule of severance payments that were made by the Debtors to Claimant prior to the Petition Date:

| Payment Date | Severance | Additional Payment | Total |
|---|---|---|---|
| 4/15/2022 | $ 13,636.36 | $ 7,258.23 | $ 20,894.59 |
| 4/29/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/13/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/27/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/10/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/24/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/8/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/22/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/5/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/19/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/2/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/16/2022 | $ 13,636.36 | | $ 13,636.36 |
| Total | $ 163,636.32 | $ 7,258.23 | $170,894.55 |

6. The Debtors' books and records confirm that the initial severance payment was made on April 15, 2022. The Debtors' books and records describe this payment as "Payroll & Benefits – Severance". The Separation Agreement further confirms the intent of this payment to encompass the initial severance obligation of the Debtors.

7. The timing of each severance payment is consistent with the Debtors' pay periods. The Debtors' pay periods ran every two weeks. Each payroll payment covered the fourteen-day period ending six days prior to the payment. As demonstrated in Schedule 2, the timing of these

severance payments to Claimant was consistent with the timing of payments to other executives and employees of the Debtors.[3]

8.  Based on the foregoing, and in consultation with the Reviewing Parties, I believe that the Claim should be disallowed as all severance payments were current at the time of the Petition Date such that no late penalties should be enforced.

9.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated:  August 14, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

---

[3] Schedule lists the amount of the last severance payment to Claimant, on September 16, 2022, as $11,538.00. The Plan Administrator believes this is an error as the payroll records available to the Plan Administrator reflect a payment amount of $13,636.36 for September 16, 2022 (and corroborating the other severance payments to Claimant appearing on Schedule 2).