IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S FIRST OMNIBUS
OBJECTION TO CERTAIN PROOFS OF CLAIM
<u>(EQUITY INTEREST CLAIMS)</u>
(Related Docket No. 1198)**

Upon the objection (the "<u>Objection</u>")[2] of Tribolet Advisors, LLC, as Plan Administrator ("<u>Plan Administrator</u>") in the above-captioned bankruptcy cases, seeking entry of an order (this "<u>Order</u>") sustaining the *Plan Administrator's First Omnibus Objection to Certain Proofs of Claim (Equity Interest Claims)* disallowing the Disputed Claims identified on **Schedule A** attached hereto, all as more fully set forth in the Objection; and this Court having found that it has

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing thereon were appropriate and no other notice need be provided; and this Court having reviewed the Objection and having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Tribolet Declaration; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. No response to the Objection has been filed.

2. The Disputed Claims listed on **Schedule A** attached hereto are hereby disallowed in their entirety.

3. Epiq Corporate Restructuring, LLC, as Claims, Noticing, Solicitation, and Administrative Agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) an allowance of any claim or a waiver of the Plan Administrator's or any other party in

interest's right to dispute or object to any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Plan Administrator's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

5.   The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

6.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 14, 2023

_____
Marvin Isgur
United States Bankruptcy Judge

**Schedule A:**

| Ref # | Claim Number | Claim Name | Asserted Unsecured Claim Amount | Claim Class | Proposed Basis for Disallowance |
|---|---|---|---|---|---|
| 1 | 35 | ADDISON PIPER REV TRUST | $ 150,000.00 | GUC | Claim is for 731 series C-1 convertible preferred shares and 6969 common shares. |
| 2 | 10132 | BALL, SEAN | $ 100,000.00 | GUC | Claim is based on "Shareholder (preferred)". |
| 3 | 10112 | CRIBB, GREGORY | $ 78,565.66 | GUC | Claim is for 366 series C-1 convertible preferred shares. |
| 4 | 10113 | CRIBB, GREGORY | $ 100,433.41 | GUC | Claim is for 7,000 Class B non-voting common shares. |
| 5 | 10054 | DINGWALL-CHANTILOUPE, NICHOLAS PETER | $ 7,175.00 | GUC | Claim is for 2,000 stock options under Compute North Holdings, Inc. 2020 Stock Incentive Plan. |
| 6 | 43 | EUGENE C JACKSON ROTH IRA | $ 244,711.29 | GUC | Claim is for 969 series C-1 convertible preferred shares. |
| 7 | 10125 | HAKIM, BRIAN | $ 104,539.42 | GUC | Claim is for 487 shares Series C-1 Convertible preferred shares. |
| 8 | 10117 | HAKIM, JONATHAN | $ 747,875.44 | GUC | Claim is for 3,484 Class B non-voting common shares. |
| 9 | 10134 | KT LLC | $ 100,000.00 | GUC | Claim is for 1,000 shares Convertible Preferred – II Stock. |
| 10 | 10114 | NORTON, JEFFREY | $ 100,000.00 | GUC | Claim is for 482 series C-1 convertible preferred shares. |
| 11 | 10036 | REIC GAMMA (AM/DB) HOLDINGS LLC | $ 100,763.46 | GUC | Claim is for 399 series C convertible preferred shares. |
| 12 | 10037 | REIC GAMMA (AM/DB) HOLDINGS LLC | $ 129,128.67 | GUC | Claim is for 9,000 Class B non-voting common shares. |
| 13 | 10041 | SM & MS PARTNERS | $ 99,753.30 | GUC | Claim is for 395 series C convertible preferred shares. |
| 14 | 10042 | SM & MS PARTNERS | $ 100,002.98 | GUC | Claim is for 6,970 Class B non-voting common shares |
| 15 | 10076 | TABORSKY, MARK | $ 200,000.00 | GUC | Claim is based on "Shareholder (preferred)". |