IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION AND AGREED ORDER BY AND BETWEEN
### THE PLAN ADMINISTRATOR AND DAVID T. MOVIUS

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), and David T. Movius ("Movius" and, together with the Plan Administrator, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation") as follows:

**WHEREAS**, on September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") in the Bankruptcy Cases filed voluntary petitions for relief under chapter 11 of the United States Code

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a ComputeNorth TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

WHEREAS, on February 16, 2023, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Plan").[2]

WHEREAS, the Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[3] Pursuant to the Confirmation Order and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Plan's effective date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[4]

WHEREAS, on November 17, 2022, Movius timely filed proof of claim number 10063 (the "Proof of Claim") in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case, asserting a claim for unpaid severance and other compensation including COBRA payments under certain pre-petition employment documents.

WHEREAS, the Plan Administrator disputes the amount of the Proof of Claim and contends that Movius is entitled to (i) a priority wage claim under 11 U.S.C. § 507(a)(4) of no more than $7,655.50 and (ii) a general unsecured claim of $199,976.57.

WHEREAS, following negotiations the Parties have reached an agreement resolving and settling the Proof of Claim, which agreement is memorialized herein.

---

[2]   Docket No. 1019.
[3]   Docket No. 1079, Exhibit E.
[4]   Plan §§ 4.2.5; 7.3; Confirmation Order ¶¶ 53; 88; Plan Administrator Agreement § 1.3.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, it is stipulated and agreed, and upon approval by the Bankruptcy Court, it is SO ORDERED as follows:

1. The Parties stipulate and agree that the Proof of Claim shall be and is hereby reclassified and modified as follows:

    | | |
    |---|---|
    | Priority under § 507(a)(4): | $   7,655.50 (the "Priority Claim") |
    | General Unsecured: | $199,976.57 (the "General Unsecured Claim") |
    | Total claim amount: | $207,632.07 |

2. The Parties agree that the Proof of Claim shall be allowed in the Mining Project Wind Down LLC bankruptcy case as modified in accordance with this Stipulation, without the need for a formal amendment to proof of claim.

3. The Parties further stipulate and agree that distributions on the Priority Claim shall be payable from the Allowed Administrative and Priority Claims Reserve. For the avoidance of doubt, distributions on the General Unsecured Claim, if any, shall be allocated and payable at the same time and manner as other general unsecured claims.

4. The Parties further stipulate and agree that the Plan Administrator may direct the Claims and Solicitation Agent, Epiq Corporate Restructuring, LLC, to update the official claims register to reflect this Stipulation.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Stipulation shall be effective and enforceable upon approval and entry by the Bankruptcy Court.

6. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Signed:

                                                                                                                                    Marvin Isgur
                                                                                                                                    United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Dated: August 22, 2023

| | |
|---|---|
| */s/ Charles R. Gibbs* | */s/ David T. Movius* |
| Charles R. Gibbs | David T. Movius |
| Texas State Bar No. 7846300 | |
| **MCDERMOTT WILL & EMERY LLP** | |
| 2501 North Harwood Street, Suite 1900 | |
| Dallas, TX 75201-1664 | |
| Telephone: (214) 295-8000 | |
| Facsimile: (972) 232-3098 | |
| Email: crgibbs@mwe.com | |

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:    (651) 289-3846
Facsimile:    (651) 406-9676
E-mail:    kcasteel@askllp.com
              jchristian@askllp.com
              nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

      I certify that on August 22, 2023, I caused a copy of the foregoing document to be served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in these cases, and (ii) electronic mail and First Class U.S. Mail on the party listed below.

                                        */s/ Charles R. Gibbs*
                                        Charles R. Gibbs

David T. Movius
19558 Battersea Blvd.
Rocky River, OH 44116
dave@movius.net