# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

## PLAN ADMINISTRATOR'S OBJECTION TO
## CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10026)[2]

> **This is an objection to your claim. The objecting party is asking the Court to modify the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be modified without a hearing. Represented parties should act through their attorney.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] On July 7, 2023, the Plan Administrator filed his Objection to Claim Asserted by Nelu Mihai (Claim No. 10029) [Docket No. 1199]. That claim objection is the subject of a separate contested matter.

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**
>
> **A hearing will be conducted on this matter on October 5, 2023 at 1:30 p.m. in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim Asserted by Nelu Mihai (Claim No. 10026)* (the "Objection"), and respectfully states as follows in support thereof:

## SUMMARY OF OBJECTION

1. On October 24, 2022, Nelu Mihai (the "Claimant") filed proof of claim number 10026 (the "Proof of Claim"), asserting a general unsecured claim for unpaid severance in the amount of $150,000.00 (the "Severance Claim").

2. The Plan Administrator objects to the Proof of Claim because the supporting materials demonstrate that it overstates the amount owed to Claimant for unpaid severance.

3. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10026)* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. Case Background

5. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

6. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[3]

7. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[4]

---

[3] Docket No. 1019.

[4] Docket No. 1082.

3

8.     The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[5] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[6]

9.     The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

B.   The Proof of Claim

10.    On information and belief, Claimant was employed by the Debtors until approximately March 31, 2022.

11.    On or about March 28, 2022, Claimant and the Debtors entered into a Separation Agreement and General Release (the "Separation Agreement").[7] The Separation Agreement provided in pertinent part that Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC)[8] shall make severance payments payable to Claimant in equal installments of $13,636.36 over 22 consecutive pay periods, for a total severance amount of $300,000.00.

12.    On October 24, 2022, Claimant filed the Proof of Claim for unpaid severance in the

---

[5]   Exhibit E to Docket No. 1079.

[6]   Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

[7]   *See* Exhibit to Proof of Claim.

[8]   Pursuant to par. 9(a) of the Separation Agreement, Debtor Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) is also obligated to make the severance payments.

amount of $150,000.00.

## ARGUMENT

A. <u>Statutory Basis and Burden of Proof</u>

14. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

15. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

B. <u>The Proof of Claim Overstates the Amount Owed</u>

16. Generally speaking, the rights of creditors as against a debtor are fixed as of the date of bankruptcy. *See, e.g., Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 527 (5th Cir. 2004). Thus, in the event of an objection to claim, the court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b).

17. A claim for unpaid severance under a pre-petition severance agreement is a pre-

5

petition claim.  *In re Phones For All, Inc.*, 288 F.3d 730, 732 (5th Cir. 2002) (claim arising under pre-petition severance agreement was not entitled to post-petition administrative treatment).

18. Claimant's entitlement to severance is dependent on the Separation Agreement. The "Effective Date" of the Separation Agreement is "the fifteenth (15th) day after Executive's execution of this Agreement . . . ."[9] Because the Separation Agreement was signed on March 28, 2022, the effective date of the Separation Agreement was no earlier than April 12, 2022.

19. As set forth in the Tribolet Declaration, the Debtors' first base pay period following the Separation Agreement's effective date was April 15, 2022. On April 15, 2022, the Debtors made a payment to the Claimant in the amount of $20,894.59 (the "April 15 Payment"). The April 15 Payment consisted of both an initial severance payment of $13,636.00 as well as $7,258.23 in "additional consideration."[10]

20. The April 15 Payment was paid timely and consistently with the Debtors' responsibilities under the Separation Agreement.

21. The Debtors proceeded to pay eleven (11) additional severance installments to Claimant, all timely and consistently with the terms of the Separation Agreement. Each installment covered the Debtors' obligations for the fourteen-day period ending six days prior to payment. The following table summarizes the Debtors' severance payments to Claimant:

---

[9] Separation Agreement, ¶ 2.
[10] Separation Agreement, ¶ 9(d).

| Payment Date | Severance | Additional Payment | Total |
|---|---|---|---|
| 4/15/2022 | $ 13,636.36 | $ 7,258.23 | $ 20,894.59 |
| 4/29/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/13/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/27/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/10/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/24/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/8/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/22/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/5/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/19/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/2/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/16/2022 | $ 13,636.36 | | $ 13,636.36 |
| Total | $ 163,636.32 | $ 7,258.23 | $170,894.55 |
| Total Due | $ 300,000.00 | $ 7,258.23 | $307,258.23 |
| Remaining | $ 136,363.68 | $   - | $136,363.68 |

22. Based on the foregoing and on information and belief, the Debtors were current on their severance payment obligations under the Separation Agreement at the time of the bankruptcy filing.

23. The Proof of Claim is inaccurate because it erroneously assumes there was $150,000.00 in unpaid severance obligations owing on the Petition Date. As set forth in the Tribolet Declaration, the Debtors owed Claimant no more than $136,363.68 at the time of the bankruptcy filing.

7

24. Based on the information in the Proof of Claim and the Debtors' books and records, the Plan Administrator requests that the Proof of Claim be modified by reducing the amount of the Severance Claim to $136,363.68, without prejudice to the Plan Administrator's ability to object to the Proof of Claim on any other grounds at a later date.

## RESERVATION OF RIGHTS

25. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant (except as the amount of Claim No. 10026).

## CONCLUSION

26. The Plan Administrator respectfully requests that the Claim be modified to reflect a general unsecured claim in the Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) bankruptcy case in the amount of $136,363.68, and that the Court grant such other and further relief as is appropriate under the circumstances.

September 5, 2023                                  Respectfully submitted,

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:    (214) 295-8000

    Facsimile:    (972) 232-3098
    Email:    crgibbs@mwe.com

*– and –*

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:    (651) 289-3846
Facsimile:    (651) 406-9676
E-mail:    kcasteel@askllp.com
    jchristian@askllp.com
    nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

I certify that on September 5, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on September 5, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Nelu Mihai at the following addresses:

Nelu Mihai
201 Harrison Street
Suite 210
San Francisco, CA 94105
nelumihai@icloud.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs