# Exhibit 1

## Tribolet Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10026)

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator")[1] in the above-referenced cases.

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10026)* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating proof of claim 10026 filed by claimant Nelu Mihai (the "Proof of Claim" and "Claimant", respectively), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the Separation Agreement, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the Debtors paid the initial severance payment to Claimant on April 15, 2022 and paid a total of twelve (12) severance installments in equal sums of $13,636.36 each.

5. Based on my review, I compiled the following schedule of severance payments made by the Debtors to the Claimant prior to the Petition Date:

| Payment Date | Severance | Additional Payment | Total |
|---|---|---|---|
| 4/15/2022 | $ 13,636.36 | $ 7,258.23 | $ 20,894.59 |
| 4/29/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/13/2022 | $ 13,636.36 | | $ 13,636.36 |
| 5/27/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/10/2022 | $ 13,636.36 | | $ 13,636.36 |
| 6/24/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/8/2022 | $ 13,636.36 | | $ 13,636.36 |
| 7/22/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/5/2022 | $ 13,636.36 | | $ 13,636.36 |
| 8/19/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/2/2022 | $ 13,636.36 | | $ 13,636.36 |
| 9/16/2022 | $ 13,636.36 | | $ 13,636.36 |
| Total | $ 163,636.32 | $ 7,258.23 | $170,894.55 |
| Total Due | $ 300,000.00 | $ 7,258.23 | $307,258.23 |
| Remaining | $ 136,363.68 | $ - | $136,363.68 |

6. The timing and amount of the severance installments is consistent with the terms of the Separation Agreement. Specifically, the April 15 Payment matches precisely with the Debtors' obligations under Paragraph 9(d) of the Separation Agreement, which provides that the initial severance payment shall be paid in combination with a lump sum "additional consideration" payment of $7,258.23. Similarly, the other installments were paid in consecutive pay periods up to the Petition Date. The Debtors' pay periods ran every two weeks. Each payroll payment covered the fourteen-day period ending six days prior to the payment. The timing of these

severance payments to the Claimant was consistent with the timing of payments to other executives and employees of the Debtors.

7. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that the Claim should be modified by reducing the amount to $136,363.68, which accounts for the payment of twelve (12) installments and is equivalent to the sum of ten (10) remaining unpaid installments.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: September 5, 2023

*/s/ Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator