IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI)<br><br>(Jointly Administered) |

### PLAN ADMINISTRATOR'S MOTION *IN LIMINE* AND SUPPORTING MEMORANDUM OF LAW TO EXCLUDE EVIDENCE CONCERNING CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO LOST PROFITS

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Cases"), by and through counsel, hereby moves (the "Motion") the Court for the entry of an order precluding claimant Bobs Limited (the "Claimant" or "Bobs Limited" and, together with Plaintiff, the "Parties") from introducing any evidence of purported consequential damages, including but not limited to lost profits, at the final hearing on the *Debtors' Objection to Claim No. 14 of Bobs Limited* [Docket No. 850].

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

## BACKGROUND FACTS PERTINENT TO MOTION

1.      Prior to the petition date, Claimant entered into a Master Agreement dated February 19, 2021 with debtor Compute North, LLC for the purchase of cryptocurrency mining equipment and the provision of colocation and hosting services for that equipment. Copies of the Master Agreement and corresponding Order Form are attached to Claimant's proof of claim number 14 (the "Proof of Claim") and attached hereto as **Exhibit 1**.

2.      Through its Proof of Claim, Claimant asserts various damages arising from a breach of contract based on Compute North, LLC's purported failure to deliver the ordered equipment.

3.      In addition to seeking reimbursement of fees paid directly to Compute North, LLC for the purchase of equipment and to third party agents who facilitated its transaction with Compute North, LLC, which reimbursement claims are not addressed in this Motion,[2] Claimant seeks recovery of lost earnings in the estimated amount of $4,603,282 which Claimant allegedly would have generated had the equipment been delivered, based on the actual and projected prices of bitcoin for a 5-year period covering June 2021 through April 2026 (the "Lost Profits Claim").

## ARGUMENT

4.      The Plan Administrator hereby requests that any evidence offered in furtherance of the Lost Profits Claim be excluded as irrelevant because Claimant is precluded under the express terms of the Master Agreement from recovering consequential damages, including but not limited to lost profits.

5.      Section 14 of the Master Agreement is a "Limitation of Liability" clause (the "Limitation of Liability Clause") which states, in pertinent part:

---

[2] While not encompassed in this Motion in Limine, the Plan Administrator reserves the right and intends to challenge the basis for recovering these fees at the hearing.

14.2.  IN NO EVENT SHALL COMPUTE NORTH BE LIABLE TO CUSTOMER OR ANY OTHER PERSON, FIRM, OR ENTITY IN ANY RESPECT, INCLUDING, WITHOUT LIMITATION, FOR ANY INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL OR PUNITIVE DAMAGES, INCLUDING LOSS OF PROFITS OF ANY KIND OR NATURE WHATSOEVER, ARISING OUT OF MISTAKES, NEGLIGENCE, ACCIDENTS, ERRORS, OMISSIONS, INTERRUPTIONS, OR DEFECTS IN TRANSMISSION, OR DELAYS, INCLUDING, BUT NOT LIMITED TO, THOSE THAT MAY BE CAUSED BY REGULATORY OR JUDICIAL AUTHORITIES ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE OBLIGATIONS OF COMPUTE NORTH PURSUANT TO THIS AGREEMENT. COMPUTE NORTH'S TOTAL CUMULATIVE LIABILITY UNDER THIS AGREEMENT, WHETHER UNDER CONTRACT LAW, TORT LAW, WARRANTY, OR OTHERWISE, SHALL BE LIMITED TO DIRECT DAMAGES NOT TO EXCEED THE AMOUNTS ACTUALLY RECEIVED BY COMPUTE NORTH FROM CUSTOMER IN THE TWELVE (12) MONTHS PRIOR TO THE DATE OF THE EVENT GIVING RISE TO THE CLAIM.

6.     The Limitation of Liability Clause is enforceable against Bobs Limited under applicable law.  In accordance with section 16.6, the Master Agreement is to be interpreted under the laws of the State of Minnesota.  Under Minnesota law, consequential damages exclusions in contracts are valid and enforceable. *Transport Corp. of America, Inc. v. International Business Machines Corporation, Inc.*, 30 F.3d 953, 960 (8th Cir. 1994) ("An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law."); *Far East Aluminum Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361, 1366 (8th Cir. 2022) (citing *Int'l Fin. Servs., Inc. v. Franz*, 534 N.W.2d 261, 268-69 (Minn. 1995)) ("When 'two merchants of relatively equal bargaining power' agree to 'allocate the risk of loss' in a contract, it is not the court's job to shift the risk elsewhere."); *Spectro Alloys Corp. v. Fire Brick Engineers Co., Inc.*, 52 F. Supp. 3d 918, 932 (D. Minn. 2014) (enforcing a consequential damages clause to exclude damages for lost profits under contract whose predominant purpose was for services).

7. Claims for lost profits are "consequential damages" as that term is defined under Minnesota U.C.C. Statute 336.2-715(2). *See Far East Aluminum Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th at 1365 ("The prototypical example [of consequential damages] is a loss of profits from missing a delivery date.").

8. When parties agree by contract to preclude consequential damages, evidence of lost profits is properly excluded prior to trial. *Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.*, 2004 WL 1447921, at *6 (D. Minn. Jun. 28, 2004) (stating in dicta that such evidence is properly excluded before trial).

## CONCLUSION

For the foregoing reasons, the Plan Administrator respectfully requests that this Court enter an order excluding evidence offered in furtherance of damages for consequential damages, including but not limited to lost profits, and for such further relief as is just and proper.

Dated: September 8, 2023

    Respectfully submitted,

    **ASK LLP**

    By: /s/ Nicholas C. Brown

    Nicholas C. Brown, Esq., NC SBN 38054
    *(admitted pro hac vice)*
    2600 Eagan Woods Drive, Suite 400
    St. Paul, MN  55121
    Telephone: (651) 289-3846
    Fax: (651) 406-9676
    Email: nbrown@askllp.com

    *Counsel to the Plan Administrator*

**CERTIFICATE OF SERVICE**

  By my signature below, I hereby certify that on September 8, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and further that a copy of the foregoing document was sent by electronic mail to counsel for Bobs Limited, as follows:

 Steven Leyh, Esq.
 Hoover Slovacek, LLP
 leyh@hooverslovacek.com

              /s/ *Nicholas C. Brown*
              Nicholas C. Brown