**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI) |

**SUPPLEMENTAL RESPONSE FROM NELU MIHAI TO DENY / REJECT THE REPLY 1230, IN RELATION TO DENIAL OF OBJECTION 1199 AND PROPOSED ORDER 1199-2 TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)**

1. NELU MIHAI, PhD, former funding Chief Technology Officer at Compute North LLC ("Company") / Debtors, in his capacity as Creditor ("Creditor") and "Claimant" of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), hereby files this Supplemental Petition/ Response ("Response") to docket 1230, REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029), issued by the Plan Administrator, but signed by Mr. Charles R. Gibbs from MCDERMOTT WILL & EMERY LLP and by ASK LLP representatives, *Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*, on the date of the first

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

hearing, August 14, 2023, document that constitute a veritable Supplement to Objection 1199 and Proposed Order 1199-1. Nelu Mihai provides his Suplemental Response in less than 30 days from 8/14/2023.

2. With this Supplemental Response Nelu Mihais demonstrate again, but in more detail, based on new discoveries, the legal and factual basis for the Court:

   **to allow the Claim no. 10029 to be admitted and granted with allowance**

   **to reject the "Objection" to Claim Asserted by Nelu Mihai (Claim No. 10029) (the "Objection" document 1199 filed on 07/07/2023),**

   **to reject the Reply 1230 and any order related to these Objection, Reply and Supplemental Declaration**

   **as well to reject "the Proposed Order" 1199-2 filed by the Plan Administrator and any additional proposed order suggested / requested by Debtors to deny the Claim 10029**

   and, based on evident legal and factual bases, the Claim 10029 and Proof of Claim 10029 should be ordered with allowance by the Court.

   Nelu Mihai respectfully states as follows in support thereof:

3. <u>The Response is submitted legally</u>, in less than 30 days before 09/14/2023, considering the date of service as 8/14/2023.

4. After new consultations with advisors and experts in human resources, payroll, taxes from Morgan Stanley and other companies, etc. and after analyzing the copies of the payroll stubs from Insperity PEO Services L.P. (which were not sent to Nelu Mihai as requested in *The Initial Disclosure Rule 26* docket 1245), it was discovered and reconfirmed that, beside the following errors mentioned (a) each payment of "cash severance" before the Petition Date was not in full, was not conform to the Separation Agreement signed on March 28, 2022;  b) one of the unlawful deductions which was done erroneously is for **Flexible Spending Account**, on 4/15/2022, c) unlawful diminutions were done starting with April 15, 2022 as **federal taxes** (ignoring the IRS regulations of *Publication 15 (Circular E) 2022, page 21, Effective Date of Form W4*, imposing that a W4 form filed by Nelu Mihai with the Debtors in 2021, when Nelu Mihai started his employment with them, should remain applicable, d) unlawful diminutions were done starting with April 15, 2022, for **state taxes** (ignoring the IRS regulations of Publication 15 (Circular E) 2022); e)

unlawful diminutions were done starting with April 15, 2022 for Medicare, ignoring the IRS Publication 15 regulations, and the income until every payroll date, and other legislation applicable), other unlawful amounts were erroneously subtracted from checks 10208869 (4/15/2022), 64593683 (4/29/2022), 64880454 (5/13/2022), 65145314 (5/27/2022) as California State Disability Insurance, meaning unlawful withholdings. According to California legislation, "*no SDI deductions withheld from severance and lump sum payments.*" The Company Compute North LLC was o Minnesota company, while the Claimant Creditor Nelu Mihai was and is a California resident.

B. **PENALTIES CALCULATIONS BEFORE THE PETITION DATE, BASED ON NEW DISCOVERIES**

Penalties on delayed payments due to unlawful reductions of the $13,636.36 installments amounts with over-calculated state taxes (calculated only for the period before the Petition Date)

The payroll checks obtained from Insperity PEO Services L.P. numbered 10208869, 64593683, 64880454, 65145314 reflect severance installments payments reductions **in the form of unlawful California State Disability Insurance** ( abbreviated **CA SDI**). The penalties calculations are for 161 delay days to Petition Date (4/15/2022 installment delay and not full payment), 147 delay days to Petition Date (4/29/2022 installment delay and not full payment), 133 delay days to Petition Date (5/13/2022 installment delay and not full payment), 119 delay days to Petition Date (5/27/2022 installment delay and not full payment). The unpaid accrued amount of overcalculated and subtracted as state taxes to the Petition Date is **$565.01.**

The penalties calculated are in the amount of **$1,661.83.**

5. **New Summary for the accrued unpaid cash severance amounts for the period April 1st 2022 to the Petition Date**

   **The extra discoveries prove that there is an extra unpaid cash severance amount, calculated for the period April 1st 2022 to the Petition Date, in the amount of $4,982.08, plus $18,905.77, plus $151.25, plus $584.60, plus $211.54, plus 565.01 meaning $15,400.97. To this amount should be added 136,363.68 ($300,000 - $13,636.36 x 12 paid installments), totaling $151,764.65 (one hundred fifty one**

    **thousand seven hundred sixty four dollars and sixty five cents - unpaid accrued cash severance at the Petition Date).**

6. **The penalties for the unpaid amount of $136,363.68 for 7 days until 9/22/2022 are in the amount of $19,090.92**

7. **New Summary for the accrued unpaid cash severance amounts for the period April 1st 2022 to the Petition Date**

    **The penalties owed for the period between April 1st 2022 and the Petition Date are in the amount of <u>$8,381.49, plus $31,795.77, plus $381.15, plus $392.98, plus $681.16, plus $19,090.92, plus $1,661.832 meaning $62,385.30 (sixty two thousand three hundred eighty five dollars and thirty cents).</u>**

8. To the penalties amount of <u>$62,385.30</u>, calculated for the period April 1st 2022 to the Petition Date, the Claimant also requests the penalties calculated for the accrued unpaid cash severance amount after the Petition Date ($151,764.65), as above mentioned at paragraphs 5, in the document no. 1258 submitted on 9/10/2023 and in the previous responses and Claim 10029 related documents submitted by Nelu Mihai. The factual bases and legal grounds for also receiving the penalties for the period after the Petition Date are stipulated in Chapter 9.a of the Severance Agreement submitted by Nelu Mihai. These calculations should be done to the accrued unpaid cash severance amount of **$151,764.65**, for at least 159 days (between 9/23/2022 and 2/28/2023), at the rate stipulated in the Separation Agreement, chapter 9.a.

9. It is proved, with the new discoveries, that the Company willfully increased the subtractions, deductions, taxes from each severance payment installment, inducing delays, and contradicting the Chapter 10.h, 9.a of the Separation Agreement, but also the IRS Publication 15, the IRS publications related to the validity of the 2021 W4 form provided by the Claimant Nelu Mihai to the Company when hired and all the other bankruptcy rules referred by the Claimant Nelu Mihai in the previous submitted documents, other legislation, California Courts decisions (in The California Court of Appeal in *Citroen Cars Corporation vs. California Unemployment Insurance Appeals Board* (107 Cal. App. 3rd 945, 1980) ; The California Supreme Court in *Powell and Byrd vs. California Unemployment Insurance Appeals Board* (63 Cal. 2d 103, 1965) etc.) and applicable California state legislation (Employment Development Department – State of California)

in regards to "*no SDI deductions withheld from severance and lump sum payments*". The Claimant respectfully asks the Court to reject the Objections 1199, 1230, and the related proposed orders, formulated by the Plan Administrator, the other creditors representatives, the Reviewing Parties or any other part in this case. The creditor Nelu Mihai respectfully requests the Court to fully grant allowance to Claim 10029.

10. Nelu Mihai respectfully asks the Court to take into consideration Nelu Mihai's merit in funding the Company, in elaborating profitable reorganizing and reorientation strategies for the Company (his business plan involving profitable business, including AI etc., different from bitcoins mining; his business plan and vision that attracted funding investors and was validated by industries and analysts in 2023, but were abandoned by the other former executives of the Debtors) and to grant allowance to his claim 10029.

C. **RESERVATION OF RIGHTS**

11. The Claimant expressly reserves the right to amend, modify, and supplement this Response to Supplemental Objection, and the right to respond to any assertion regarding the Claim and Objection. The Claimant further reserves all rights to present any evidence at a designated hearing for this proceeding to support his Claim. The Claimant reserves the right to contest any other Objections asserted by the Plan Administrator and other Creditors on any other grounds. Nothing herein shall constitute an admission of any assertions coming from the Plan Administrator, his Reviewing Parties or other Creditors.

D. **CONCLUSION**

12. **The Claimant, Nelu Mihai, respectfully requests that the Claim 10029 and Proof of Claim 10029 be allowed in their entirety, and that the Court grant such other of allowance, by rejecting the Objection 1199 to this Claim and the Proposed Order 1199, the Supplemental Declaration 1230-1 and Supplemental Objection 1230, as well any Proposed Order in relation to Claim 10029.**

                                                                            Respectfully submitted,

Dated: September 10, 2023                        NELU MIHAI, PhD

                                                                       _____,

NELU MIHAI.
201 Harrison Street Apt. 210
San Francisco CA 94105
Telephone: (408) 410-3896
Email: nelumihai@prodigy.net

Certificate of Service

I certify that on September 10, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in this case 22-90273.

NELU MIHAI, PhD

_____