**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| | |
| Debtors.[1] | |

OBJECTION TO PART OF THE PLAN ADMINISTRATOR'S DISCOVERIES REQUEST DOCKET 1237

1. The undersigned, Nelu Mihai, Creditor in the case 22-90273, pursuant to Rule 34(b)(2)(C) I mention that the motion docket 1245 represents and should also be interpreted not only as an initial disclosure under rule 26(a)(1)(A)(1), but as an Objection to the Debtors and Plan Administrator (thru ASK LLP, Ms. Kara E. Casteel) requests (certificate of service docket 1237 of August 18, 2023) also for my personal bank account statements (ESI) for the period March 2022 – September 2022.

2. I respectfully <u>object to such requests because all the electronically stored information (ESI) related to any electronic fund transfer for wages before and after the Separation Date (March 31, 2022) and/or "cash severance" amounts (according to the Separation Agreement signed</u>

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

on March 28, 2022) from the Debtors are in the solely possession, custody, or control of the issuers, the Debtors (including Insperity PEO Services L.P.), and also especially in the possession, custody, control of the propounding party, the Plan Administrator, Tribolet Advisors, LLC, ASK LLP and other Reviewing Parties.

3. I respectfully object to part of such requests (the request to provide copies of my personal banks accounts statements) based on the fact that such information is **irrelevant to the case**. Any bank account statement contains, for electronic fund transfers, only the amount of transferred money, the date of the transfer, a description the sender's name, eventually a reference number and the account balance (which is confidential information). The Court ordered to produce only disclosures related to the "cash severance" payments, that were done thru direct deposits. Insperity PEO Services, LP has all the transactions' confirmation numbers, dates etc. for all the March 2022 wages and last check transfers (that was also an electronic fund transfer, not a paper check), as well for all 12 "cash severance" **delayed and incomplete transfers** between April 15, 2022 and September 16, 2022 (the last payment date, before the Petion Date, September 22, 2022). All this information is in the possession, custody and control of the Plan Administrator.

4. I respectfully object to part of such requests (the request to provide copies of my personal banks accounts) based on the fact that such information is **overly invasive and confidential**. I have complex bank accounts, including joint accounts - in common with other persons, accounts linked with investments accounts, accounts containing fiscal and medical confidential information, related not only to me.

5. I am not seeking to obtain an order for sealing my bank accounts statements, I only underline the evidence that such electronically stored information is irrelevant to the case and overly invasive, and that the Plan Administrator has in his possession all the necessary information.

6. Even more, Ms. Ms. Kara E. Casteel who signed the disclosure request, used an old template, mentioning very old forms of producing electronically stored information, that are not used anymore (CD-ROMs, ftp – file transfer protocol - platforms, .tiff formats etc.). With all due respect, such forms are older than 10-15 years or so, and cannot be used today. "Ftp" was used in mid 1990s for exchanging data, and nobody uses it anymore.

6. Contrary to the aggressive and confrontational approach of the Debtors lawyers, I have chosen an approach of collaboration and decide to them a copy of payroll stubs for the period

March 2022 – September 16, 2022, obtained by my experts from the institution that keeps the requested ESI, to which the Plan Administrator has continuous access via, Insperity PEO Services, L.P. I will also produce a bank statement issued by my bank with all the cash severance" transfers made by Compute North thru Insperity PEO Services, L.P., for the period March – September 2022. These stubs are disclosures that are already in the Plan Administrator's possession, and that contain all the information, even more detailed, than the requested ESI (personal bank accounts statements) (because Insperity PEO Services, L.P. has more and detailed info (with dates, transactions codes etc.) about each transfer to the account chosen by me for direct deposits) as per Rule 34(b)(2)(E)(iii)[2]

7. In addition, I respectfully remind the Court that I am after medical surgery, and, as both former employee (CTO) and Creditor, pursuant to *Rule 26(a)(1)(A)(1) and Rule 34(b)* Federal *Rules of Civil Procedure ("F.R.Civ.P.")* and *Rule 7034 of Federal Rules of Bankruptcy Procedure,* as well as per California employment legislation (*California Labor Code 226(b) and (c) etc.)*), I am entitled to receive the information related to my employment from the Debtors and the Plan Administrator, Tribolet Advisors, LLC, the only ones having possession, control, or custody and access to such information, unfairly requested from me.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

---

[2] *A party need not produce the same electronically stored information in more than one form.*