## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**PLAN ADMINISTRATOR'S <u>EMERGENCY</u> MOTION FOR LEAVE TO FILE SUR-SUR-REPLY IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)**

> **Emergency relief has been requested. Relief is requested not later than October 5, 2023 at 1:30 p.m. (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 5, 2023 at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors LLC, in its capacity as Plan Administrator (the "Plan Administrator") in the above-captioned bankruptcy cases, hereby moves (the "Motion") for leave to file its *Sur-Sur-Reply in Support of the Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "Proposed Sur-Sur-Reply"), a copy of which is attached as **Exhibit A** to this Motion. In support thereof, the Plan Administrator respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 24, 2022, Nelu Mihai ("Claimant") filed proof of claim number 10029, asserting a general unsecured claim in the amount of $220,909.03 (the "Claim"). The amounts in

the Claim are comprised entirely of penalty amounts for the alleged failure to timely pay severance installments under a separation agreement.

3. The Plan Administrator filed an objection (the "Objection") to the Claim on July 7, 2023, asserting that post-petition assessment of penalty amounts for failure to pay severance installments are improper and unrecoverable under the law. (Docket No. 1199).[2]

4. Claimant filed multiple responses to the Objection from August 8–13, 2023. (Docket Nos. 1211, 1213, 1219, 1223, 1224, 1225, 1228, 1229).

5. The Plan Administrator filed its Reply in support of the Objection on August 14, 2023. (Docket No. 1230).

6. The Court held a hearing on the Claim Objection on August 14, 2023. (Docket No. 1235). At the hearing, the Court authorized the Plan Administrator to propound requests for production of documents upon Claimant and set the Objection for an evidentiary hearing on October 5, 2023. (Docket No. 1235).

7. On September 10, 2023, Claimant filed a *Response to Deny/Reject the Supplement 1230 to Objection 1199 and Proposed Order 1199-2 to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "Sur-Reply"), responding to the Plan Administrator's Reply in support of the Objection. (Docket No. 1258). Defendant did not seek leave to file a sur-reply. The Sur-Reply contains a listing of the record of bank deposits.

8. On September 10, 2023, Claimant filed a *Supplemental Response from Nelu Mihai to Deny/Reject the Reply 1230, In Relation to Denial of Objection 1199 and Proposed Order 1199-*

---

[2] Claimant also filed a separate claim (claim no. 10026) concerning unpaid severance amounts separate from the Claim for penalty amounts. The Plan Administrator filed a separate objection to the amount of that claim on September 5, 2023. (Docket No. 1246).

*2 to Claim Asserted by Nelu Mihai (Claim No. 10029)* (the "<u>Second Sur-Reply</u>") (Docket No. 1259). Defendant did not seek leave to file a second sur-reply.

**ARGUMENT**

9.      Neither the Federal Rules of Civil Procedure nor the Southern District of Texas Bankruptcy Court's Local Rules provide a procedure for the filing of sur-replies. As noted by one court, "surreplies and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *In re Enron*, 465 F. Supp. 2d 687 (S.D. Tex. 2006).

10.     However, courts may, in the exercise of their sound discretion, allow a party to file a sur-reply when the movant raises new legal theories or attempts to present new evidence at the reply stage, and the responding party seeks leave of court to file the sur-reply. *See Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020); *Silo Restaurant Inc. v. Allied Property and Casualty Insurance Co.*, 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019) (recognizing that "granting leave to file a sur-reply in extraordinary circumstances on a showing of good cause is a viable alternative to the general practice to summarily deny or exclude all arguments and issues first raised in reply briefs").

11.     In the instant case, following the Plan Administrator's Reply, and subsequent to the initial hearing conducted in this matter, the Claimant filed the Sur-Reply and Second Sur-Reply. The Sur-Reply and Second Sur-Reply (filed without leave of the Court) raise new arguments and theories not encompassed in Claimant's earlier pleadings, including that a) the severance payments were delayed, b) that any withholdings from the severance payments were "unlawful" and improper, and that c) the Flex Spending Account withholdings in the March 31, 2022 paycheck

4

were improper because Claimant was no longer employed at that point. Claimant provided new bank statement evidence in its Sur-Reply when making these arguments.

12. Under these circumstances, the Plan Administrator respectfully suggests that leave to file the Proposed Sur-Sur-Reply to address Claimant's contentions in the Sur-Reply and Second Sur-Reply is appropriate.[3]

[*Remainder of Page Intentionally Left Blank*]

---

[3] The Plan Administrator's understanding is that the normal procedural recourse under these circumstances would be to move to strike Claimant's Sur-Reply and Second Sur-Reply. The filing of this Motion is without prejudice to any and all other rights or remedies of the Plan Administrator with respect to the Sur-Reply and Second Sur-Reply.

WHEREFORE, the Plan Administrator respectfully prays for this Court to enter an order granting leave for the Plan Administrator to file the Proposed Sur-Sur-Reply attached as **Exhibit A** to this Motion, and granting such other relief as the Court deems just and proper.

Dated: September 22, 2023

Respectfully submitted,

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: crgibbs@mwe.com

*– and –*

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Facsimile: (651) 406-9676
E-mail: kcasteel@askllp.com
jchristian@askllp.com
nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

## Certificate of Service

I certify that on September 22, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on September 22, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Nelu Mihai at the following addresses:

Nelu Mihai
201 Harrison Street
Suite 210
San Francisco, CA 94105
nelumihai@icloud.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs