**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI) |

**NELU MIHAI'S EMERGENCY MOTION TO RETRACT FROM PUBLIC VIEW THE EXHIBITS A AND B, EXHIBITS TO THE PLAN ADMINISTRATOR MOTION 1277, 1277-1 AND 1277-2, FILED BY CHARLES R. GIBBS, THE PLAN ADMINISTRATOR MICHAEL A. TRIBOLET AND OTHER LAWYERS FROM AK LLP**

1. NELU MIHAI, PhD, former funding Chief Technology Officer at Compute North LLC ("Company") / Debtors, in his capacity as Creditor ("Creditor") and "Claimant" of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), also "Movant", hereby files this Emergency Motion seeking for an Court Order to Retract from Public view EXHIBITS A (emails containing personal, sensitive information about me and other persons unlawfully mentioned in these confidential, unredacted emails, posted by the Plan Administrator on public display, Epiq etc.) and EXHIBIT B (that contains unredacted documents containing personal and

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

personal tax information not only about me, by about my family, documents that are discoveries send to the Plan Administrator and ASK LLP to answers to the Plan Administrator's request Discoveries, contained in the Court Order from August 14, 2023; these discoveries and were supposed not to be publicly filed, as per Mr. Tyler Laws instructions).

2. The legal base of this Emergency Motion is **The Privacy Act of 1974**, the comprehensive **privacy laws in Texas State and California State** (the irreparable harmed persons and I are California residents), **29 C.F.R. § 18.31**(a) and other legislation.

3. On August 14, 2023, the Court Issued an order asking Nelu Mihai to produce discoveries to the Plan Administrator, without imposing to produce un-redacted discoveries.

4. A docket 1237 "First Set of Requests for Production Propounded by Plaintiff served upon Defendant, Nelu Mihai" was filed and served by Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator, on August 18,2023. These requests (filed also as attachments to docket 1273-2) were on an old template, asking mainly for Claimant's bank statements for the period March 2022 to September 2022. Nelu Mihai respectfully reminds the Court that during the Hearing on August 14, 2023 he declared that Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator have in their solely possession and control all the payroll information, information that is comprehensive, detailed, and accurate. Claimant also declared that no bank statement can provide the meaning of a wire transfer or check.

5. Answering legally to the requests docket 1237, Claimant filed an Initial Disclosure Rule 26 Section 26, docket 1245, disclosing that all the necessary and requested disclosures are in the solely possession, control and custody of "Mining Project Wind Down Holdings, Inc. Litigation Trust" and the Plan Administrator, and their related entity Insperity PEO Services L.P.

6. Movant respectfully reminds the Court that the Separation Agreement between him and Compute North implies obligations for Claimant not only toward Compute North LLC, by also toward Insperity PEO Services L.P., as an affiliate with Compute North LLC. Movant also reminds the Court that his access to the Insperity platform was interrupted by Compute North LLC (on the last days of May 2022, Compute North even asked him

to return the old, refurbished laptop provided when he was hired, where he had some payroll information, probably to continue the practice to refurbish it and to give it to another, new employee).

7. In the Initial Disclosure Rule 26, as a Creditor, Claimant and former employee, resident of California state, Claimant asked the Plan Administrator to give him copies the electronic payroll stubs etc. related to his employment with Compute North LLC, as per California labor legislation, mentioned in that request. Nelu Mihai never received an answer to his request.

8. Having a Court order to produce disclosures, Nelu Mihai consulted his tax attorneys, payroll experts, lawyers, prosecutors, and other experts who obtained for him access to the online Insperity PEO Services payroll stubs for the period mentioned in docket 1237.

9. Facing the limitations of the Pacer platform (the tabs for Bankruptcy documents online platform are not very user friendly), Claimant sent on September 11, 2023, to the case manager, Mr. Tyler Laws,  copies of all the Insperity PEO Services L.P. payroll stubs for March – September 2023, for the Court only. Claimant also asked the case manager, Mr. Tyler Laws, how should he proceed to announce the Court that Claimant produced confidentially discoveries to the Plan Administrator and ASK LLP. In a very professional manner, Mr. Laws wrote him "I am in receipt of the documents that you emailed to me.  If these are discovery responses, they should not be filed." Mr. Laws also wrote me: "If they are not discovery responses, you may file them with a motion to seal on the docket sheet."

10. On September 17, 2023 Claimant produced to the Plan administrator, ASK LLP (Nicholas B. Brown, Kara E. Casteel) and in Cc Mr. Typer Laws (to be sure that the Court is informed about this production of confidential discoveries, confidential because Claimant also provided redacted some new discoveries, appeared from reading the payroll stub 10208869 where no electronic transfer data was provided, meaning that the payment for the April 15, 2022 installment was done with delay, and not according to the Separation Agreement, by electronic fund transfer). Claimant was asked for all related discoveries, he provided all the new discoveries before August 18, 2023.

11.  Today, Sunday, September 24, 2023, some of Movant's experts and other persons informed him that information producing harm to them was posted on the Epiq and Pacer

platforms, made public without any right. The exact location of these harmful, confidential information / documents is Exhibit A and Exhibit B attached to the docket 1277, 1277-1, 1277-2, filed by Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator, Ask LLP and Mr. Charles R. Gibbs.

12. So, the Court had the payroll stubs, being sent to the Court twice, on September 17 and September 11, 2023. The Plan Administrator and ASK LLP lawyers knew that the payroll stubs were sent also to Mr. Tyler Laws. These were new discoveries, sent to the Plan Administrator and ASK LLP Lawyers in redacted form, as new discoveries to requests for Discoveries. Why was necessary to make them public?

13. These Exhibits A and B, attached to the docket 1277, 1277-1, 1277-2 contain personal, confidential, fiscal, medical information not only about me, but also about other persons that are not in this case 22-90273. These persons and Movant are exposed to high risks, due to this unlawful attack of our safety and privacy, caused by making public Exhibit A and Exhibit B (attachments to the Plan Administrator Declaration 1277-2) and the table in the Motion 1277.

14. This harm of Movant's and other persons' safety and privacy brings also to them annoyance, embarrassment, oppression, or undue burden or expense. Movant and the other harmed individuals by this unlawful public exposure of personal, confidential, medical, fiscal etc. information respectfully pray for understanding from the Court, and also for actions to stop such future damages to them, even in the form of fines imposed to the lawyers who made public this information, without their consent, without any rights, by unnecessary exposure, exposure of personal and confidential information about persons not being parts in this case, persons not able to defend themselves from the unmotivated aggressivity of these lawyers who committed the above mentioned facts.

15. Movant respectfully reminds the Court that these harmful attack to their privacy and safety is not at its first occurrence. In the Memorandum of Law 1273, signed by Mr. Charles R. Gibbs, inaccurate affirmations are publicly launched.

16. The Court is respectfully asked to observe that the production of new discoveries was and is out of Movant's control. Why Claimant and the other harmed individuals should be exposed to unsafety, embarrassment, undeserved accusations etc.? Is the content of the

Exhibit A and Exhibit B to docket 1277-2 and the Memorandum of Law 1273 at the level of the required level of dignity that should be kept in an U.S. Court?

17. Nelu Mihai never gave permission to anyone to make public the emails between him and Mr. Michale A. Tribolet, emails containing confidential, medical, fiscal, personal information about individuals not being parts of this case (if such information was in these emails, it was provided only to Mr. Tribolet, to keep them private, not for public display, but only show Mr. Tribolet the unlawful non-payment of the Cobra obligations, obligations assumed by Compute North LLC in the Separation Agreement).

18. Even writing this emergency motion induces pain, embarrassment, harm, expenses, unsafety, tremendous damage to Movant and the already harmed individuals who were unlawful publicly attacked and exposed to extra, irreparable harm.

19. Movant and the harmed individuals respectfully ask the Court to take all the necessary measures to protect Movant and the above mentioned persons, referred and harmed by the publicly display of personal, confidential information in both Exhibit A (attached to the Plan Administrator Declaration 1277-2) and Exhibit B (emails between me and Mr. Michael A. Tribolet, the Plan Administrator, attached to the Plan Administrator Declaration 1277-2) of dockets 1277, 1277-1, 1277-2, and in the table inserted in the Motion 1277 (extract from Exhibit B to the Plan Administrator Declaration 1277-2).

20. Movant respectfully shows the Court that there is good cause for such protection, for Movant, the other harmed individuals not parts in this case.

21. Movant respectfully prays shows Court that there is good cause for such protection of material pursuant to §§ 18.85 and 18.52.

22. WHEREFORE, Nelu Mihai prays this Court enter an order for retracting from public view, from the Epiq platform, from the case 22-90273 Pacer platform and any other publicly visible online system the Exhibit A and Exhibit B to the docket 1277, contained in the docket 1277-2 filed and signed by Mr. Charles R. Gibbs, issued by Mr. Michael A.Tribolet (the Plan Administrator) and others, as well to retracting from public view the table extracted from the Exhibit B attached to docket 1277-2, based on **The Privacy Act of 1974**, the comprehensive **privacy laws in Texas State and California State**, **29 C.F.R. § 18.31(a)** and other incident legislation.

Nelu Mihai prays this Court to issue an order to prevent further occurrence of exposure to personal and confidential information to public viewing, for him, for his family and dependents, in any just and efficient way decided by the Court, including using measures against the lawyers who willfully or unwilfully committed the mentioned facts.

Dated: September 24, 2023

Respectfully submitted,

/s/ *Nelu Mihai*,
NELU MIHAI.
201 Harrison Street Apt. 210,
San Francisco CA 94105
Email: nelumihai@prodigy.net

CERTIFICATE OF SERVICE

I certify that on September 24, 2023, I caused a copy of EMERGENCY MOTION to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, for case 22-90273.

/s/ *Nelu Mihai*,
NELU MIHAI.
201 Harrison Street Apt. 210,
San Francisco CA 94105
Email: nelumihai@prodigy.net