IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), ET AL | § § § § | Case No. 22-90273 (MI) |
| | § | (Jointly Administered) |
| Debtors | § | |

**BOBS LIMITED'S ANSWER TO PLAN ADMINISTRATOR'S AMENDED OBJECTION TO CLAIM NO. 14 OF BOBS LIMITED**

COMES NOW Bobs Limited ("Bobs"), Claimant herein and files this its Answer to the Amended Objection to Bobs Limited Claim No. 14, and would show unto the court as follows:

1. Paragraph 1 contains no allegations that would require Bobs Limited to admit or deny. If an answer is required, denied.

2. The allegation in Paragraph 2 are admitted.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

7. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 7. If an answer is required, denied.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are denied.

10. Bobs Limited admits that a purported Declaration of Michael Tribolet is attached to the Amended Objection. Bobs Limited objects to the purported Declaration of Michael Tribolet

as it is neither a declaration nor an affidavit as it is caveated as being "on information and belief" not personal knowledge. It is hearsay and inadmissible. *See* 28 U.S.C. 1746(2).

11. Bobs Limited admits the statutory predicates cited in Paragraph 11 apply.

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are denied. The sums paid by Bobs Limited to the Debtor are set out in the Proof of Claim No. 14.

14. Bobs Limited objects to Paragraph 8 of Michael Tribolet's purported declaration. The objections stated in Paragraph 10 hereof are incorporated herein by referenced. Bobs Limited objects to Exhibit 4 as it is hearsay and not relevant to this proceeding.

15. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 15. If an answer is required, denied. Bobs Limited objects to Paragraph 9 of Michael Tribolet's purported declaration.

16. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 16. If an answer is required, denied. Bobs Limited objects to Paragraph 9 of Michael Tribolet's purported declaration.

17. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 17. If an answer is required, denied. Bobs Limited objects to Paragraph 10 of Michael Tribolet's purported declaration.

18. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 18. If an answer is required, denied. Bobs Limited objects to Paragraph 11 of Michael Tribolet's purported declaration.

19. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 19. If an answer is required, denied. Bobs Limited objects to Paragraph 12 of Michael Tribolet's purported declaration.

20. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 20. If an answer is required, denied. Bobs Limited objects to Paragraph 13 of Michael Tribolet's purported declaration.

21. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 21. If an answer is required, denied. Bobs Limited objects to Paragraph 14 of Michael Tribolet's purported declaration.

22. Bobs Limited is without sufficient information to admit or deny the allegations in Paragraph 22. If an answer is required, denied. Bobs Limited objects to Paragraphs 16 - 18 of Michael Tribolet's purported declaration.

23. The allegations in Paragraph 23 are admitted.

24. The allegations in Paragraph 24 are denied. Claimant did enter into a Hosting Agreement with the Debtors. It does not provide for a "break up" fee. Claimant was told pursuant to an oral contract that the shipment of miners would be "expedited" if it paid an additional $69,500.00. Claimant objects to the purported Declaration of Michael Tribolet.

25. The allegations in Paragraph 25 are admitted. Claimant objects to the purported Declaration of Michael Tribolet.

26. The allegations in Paragraph 26 are denied. Claimant objects to Exhibit B as it is hearsay and irrelevant.

27. The allegations in Paragraph 27 are denied. Claimant objects to Exhibits C and D as they are hearsay and irrelevant.

28. The allegations in Paragraph 28 states parts of 11 U.S.C. 502. It contains no allegations that would require Claimant to admit or deny.

29. The allegations in Paragraph 29 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

30. The allegations in Paragraph 30 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

31. The allegations in Paragraph 31 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

32. The allegations in Paragraph 32 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

33. The allegations in Paragraph 33 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

34. The allegations in Paragraph 34 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

35. The allegations in Paragraph 35 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

36. The allegations in Paragraph 36 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

37. The allegations in Paragraph 37 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

38. The allegations in Paragraph 38 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

39. The allegations in Paragraph 39 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

40. The allegations in Paragraph 40 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

41. The allegations in Paragraph 41 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

42. The allegations in Paragraph 42 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

43. The allegations in Paragraph 43 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

44. The allegations in Paragraph 44 is part of the Plan Administrator's Argument. As such it does not required Claimant to admit or deny. If an answer is required, deny.

**Affirmative Defenses**

45. Bobs Limited had a valid enforceable contract with Compute North, LLC dated February 19, 2021.

46. The contract between Bobs Limited and Compute North LLC was for Bobs Limited to acquire 300 Minerva 100 TH bitcoin miners, and for Compute North companies, Compute North LLC or True North Data Solutions, Ltd, to provide hosting.

47. Bobs Limited paid $1,548,000 to Compute North, LLC for 300 Minerva TH bitcoin miners.

48. Compute North, LLC did not deliver any Minerva TH bitcoin miners to Bobs Limited.

49. Compute North, LLC did not deliver the Minerva TH bitcoin miners purchased by Bobs Limited to True North Data Solutions, Ltd.

50. Bobs Limited paid $186,821 and $50,000 CAD to *per se* agents of Compute North, LLC and True North Data Solutions, Ltd and they facilitated the purchase and hosting agreement. Without these *per* se agents, Compute North, LLC and True North Data Solutions, Ltd, would not have benefitted by having Bobs Limited enter into the contract for sale and hosting.

51. Bobs Limited, in addition to its entitlement to recover the $1,548,000, paid to Compute North, LLC, the $186,821 and $50,000 CAD paid to *per se* agents of Compute North, LLC and True North Data Solutions, Ltd, is entitled to and claims consequential damages, to be quantified at the hearing, which continue to accrue because of failure to deliver the miners on June 13, 2021, as agreed.

52. Bob's Limited incorporates herein by reference its Brief of Law filed in this proceeding as Document 1263 on September 11, 2023.

53. Bobs Limited incorporates herein by reference its Objection to Purported Declaration of Michael Tribolet filed contemporaneously with this pleading.

WHEREFORE, THE FOREGOING CONSIDERED, Bobs Limited prays that Plan Administrator's Amended Objection to Bobs Limited Claim No. 14 be in all things denied and for such other relief to which it is entitled.

Respectfully submitted,

**HOOVER SLOVACEK, LLP**

By: /s/ *Steven A. Leyh*
Steven A. Leyh
State Bar No. 12318300
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395
Email: leyh@hooverslovacek.com

**ATTORNEY FOR CREDITOR,
BOBS LIMITED**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record on September 25, 2023 via electronic service pursuant to Federal Rules of Civil Procedure.

/s/ *Steven A. Leyh*
Steven A. Leyh