IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 11 |
| MINING PROJECT WIND DOWN | § | |
| HOLDINGS, INC. (f/k/a Compute North | § | Case No. 22-90273 (MI) |
| Holdings, Inc.), ET AL | § | |
| | § | (Jointly Administered) |
| Debtors | § | |

## BOBS LIMITED'S OBJECTION TO PURPORTED DECLARATION OF MICHAEL TRIBOLET

COMES NOW Bobs Limited, Claimant herein and files its Objection to the Purported Declaration of Michael Tribolet.

1.      The purported declaration is not based on personal knowledge, it is therefore hearsay and inadmissible.

2.      The entire declaration is caveated based on "information and belief", therefore it is neither a declaration nor an affidavit, it is hearsay and inadmissible. 28 U.S.C. 1746 does not allow for a purported declaration based on "information and belief".

3.      Michael Tribolet's purported "determinations" are legal conclusions which he is unqualified to give.

4.      Beginning at Paragraph 4 on Page 2 of Michael Tribolet's purported declaration Claimant objects to any/all assertions made "to the best of my knowledge, information, and belief...". 28 U.S.C. 1746 does not provide for a "declaration" so caveated. Michael Tribolet's purported "declaration" is not one. Michael Tribolet's "belief" that the assertions in the Plan Administrator's Objection are inadmissible on a number of basises, starting with speculation.

5.      As to Paragraph 8 on Page 3 of Michael Tribolet's purported declaration, Claimant objects to Paragraph 8 and Exhibit 4 as they are hearsay and are not relevant to the issue before the court.

6.      As to Paragraph 9 on Page 4 of Michael Tribolet's purported declaration, Claimant objects to Paragraph 9 and Exhibit 5 as they are hearsay and are not relevant to the issue before the court.

7.      As to Paragraph 11 beginning on Page 4 and continuing on Page 5 of Michael Tribolet's purported declaration, Claimant objects to Paragraph 11 and Exhibits 2 and 3 as they are hearsay and not relevant to the issue before the court.

8.      As to Paragraphs 12 and 13 on Page 5 of Michael Tribolet's purported declaration, Claimant objects to Paragraphs 12 and 13 and Exhibit 5 as they are hearsay and completely irrelevant.  Compute North's dealings, if any, with True North are not an excuse for Compute North's breach of its contract with Bobs Limited.

9.      As to Paragraph 14 beginning on Page 5 of Michael Tribolet's purported declaration, Michael Tribolet continues his purported resitation of "facts" which are completely irrelevant to the dispute at issue.  The best evidence of what the debtor's records show is the records themselves.  Claimant objects on the basis of "Best Evidence", hearsay and relevance to Paragraph 14 and Exhibits 7 and 8.

10.     As to Paragraph 15 at Page 6 of Michael Tribolet's purported declaration, Michael Tribolet's purported legal conclusion is something Michael Tribolet is not qualified to give, it is based on hearsay, and it is not relevant to the issue before the court.

11.     As to Paragraphs 16, 17 and 18 and Exhibits 7 and 9 of Michael Tribolet's purported declaration, Claimant objects to the entirety to them as they are hearsay, inadmissible according to

the "Best Evidence Rule", call for speculation and contain legal conclusions which Michael Tribolet is not qualified to give.

12.     As to Paragraph 19 on Page 7 of Michael Tribolet purported declaration, Claimant objects to Paragraph 19 and Exhibit 3. The statements in Paragraph 19 are disingenuous at best. Bobs did execute a Hosting Agreement, long before any projected delivery date. The Hosting Agreement, Claimant's Exhibit 1 does not provide for a break-up fee. Bobs Limited was told if it paid the $64,500.00 the shipment would be "expedited"; another lie. Claimant objects to Exhibit 3 as hearsay.

13.     As to Paragraph 20 on Page 7 of Michael Tribolet's purported declaration, if it is offered to prove that changing the delivery location provides a legal basis for total breach of the contract, Claimant objects.

14.     As to Paragraph 25 on Page 8 on Michael Tribolet's purported declaration and Exhibits 13 and 14, Claimant objects as the statements in Paragraph 25 and Exhibits 13 and 14 are totally irrelevant.

15.     As to Paragraph 26 on Page 8 of Michael Tribolet's purported declaration, Claimant objects as 28 U.S.C. 1746 does not allow a declaration based on "information and belief."

WHEREFORE, THE FOREGOING CONSIDERED, Ryan Mersch's purported Declaration should be disallowed and not considered for any purpose.

Respectfully submitted,

**HOOVER SLOVACEK, LLP**


By: */s/ Steven A. Leyh*
     Steven A. Leyh
     State Bar No. 12318300
     Galleria Tower II
     5051 Westheimer, Suite 1200
     Houston, Texas 77056
     Telephone: (713) 977-8686
     Facsimile: (713) 977-5395
     Email: leyh@hooverslovacek.com

**ATTORNEY FOR CREDITOR,
BOBS LIMITED**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record on September 25, 2023 via electronic service pursuant to Federal Rules of Civil Procedure.


     */s/ Steven A. Leyh*
     Steven A. Leyh