| | |
|---|---|
| **From:** | Jean Esslinger |
| **To:** | nelumihai@icloud.com |
| **Cc:** | Kara Casteel; Nicholas C. Brown |
| **Subject:** | Mining Project Wind Down Holdings, Inc., Case No 22-90273 |
| **Date:** | Friday, August 18, 2023 9:49:17 AM |
| **Attachments:** | Compute North- Mihai Discovery Requests.pdf<br>Compute North CoS.pdf<br>image001.png<br>image002.png<br>image010.png |

Dear Mr. Mihai,

Please accept this email as service of the attached *First Set of Requests for Production Propounded by Plaintiff.*  A copy of these requests have also been mailed to you.

Thank you.



**JEAN ESSLINGER**
Paralegal



Learn more about our ongoing litigation

(651) 289-3866

2600 Eagan Woods Drive,
Suite 400 St. Paul, MN 55121

jesslinger@askllp.com

askllp.com
asklawyersforjustice.com



**\*\*This email is a protected communication pursuant to Federal Rule of Evidence 408\*\***

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please E-mail the sender and delete the material from any computer. Thank you.

Exhibit 6

030

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI) |

**FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF**

PROPOUNDING PARTY: TRIBOLET ADVISORS, LLC, in its capacity as Plan Administrator
RESPONDING PARTY:   NELU MIHAI
SET NUMBER:          ONE (1)

TO CLAIMANT AND, TO THE EXTENT CLAIM RETAINS COUNSEL, CLAIMANT'S ATTORNEY(S) OF RECORD:

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby serves and propounds pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following requests for production and demands that Nelu Mihai (the "Claimant"), within thirty (30) days after the date of service hereof, produce for inspection and

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

Exhibit 6
031

copying the following requested documents at the office of ASK LLP, located at 2600 Eagan Woods Drive, Suite 400, St. Paul, Minnesota 55121.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1. As used herein, "Debtor" or "Debtors" means Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.), *et al.*, including all Debtors referenced in footnote 1.

1. As used herein, "Petition Date" means September 22, 2022, the date each of the above-captioned Debtors commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

2. As used herein, "Preference Period" means the one (1) year period prior to and including the Petition Date, *i.e.*, September 22, 2021, through September 22, 2022.

3. As used herein, "you," "your," and/or "Claimant" means Claimant and Claimant's officers, directors, representatives, servants, workmen, representatives, employees, contractors, accountants, attorneys, investigators, indemnitors, insurers, consultants, sureties, agents, and other persons acting or purporting to act in the Claimant's name. "You" and "your" or "Claimant" shall be construed to mean also the Claimant's predecessors in interest.

4. As used herein, "persons" means any natural person or entity, including without limitation individuals, partnerships, firms, associations, joint ventures, corporations, or other entities, whether real or fictitious.

5. As used herein, "Separation Agreement" means the agreement entered into between Claimant and the Debtors on or about March 28, 2022.

6. As used herein, "Proof of Claim" means proof of claim number 10029 filed by Claimant asserting a claim in the Compute North Holdings, Inc. bankruptcy case based on the post-petition accrual of a late penalty under the Separation Agreement.

7. As used herein, "Transfer" or "Transfers" means the amount of cash or other property that was transferred to you by check, ACH, EFT, wire transfer, debit, or credit to your account, the return to you of inventory or other property, or by any other means by the Debtors.

8. As used herein, "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated, including but not limited to any writings, recordings, or photograph, whether original or duplicate, as defined in Federal Rules of Evidence 1001, Federal Rule of Civil Procedure 34(a), and Bankruptcy Rule 7034, inclusively, including (but not limited to) inter-office memorandum, general credit policy(ies) regarding the Debtors' account, notes to file, facsimile transmissions between the Debtors and Claimant (irrespective of sender), email correspondence between the Debtors and Claimant (irrespective of sender) and information regarding the Debtors obtained from outside reporting services, UCC searches, legal searches and through discussions at industry trade group meetings.

9. As used herein, "debt" means liability on a claim, as defined in section 11 U.S.C. § 101(12).

10. As used herein, "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26, and 34(a).

11. As used herein, the term "insolvent" refers to the definition of "insolvent" codified in 11 U.S.C. § 101(32).

12. As used herein, the term "identify" when used in reference to a person, means to set forth:

    A. The person's name;

      B.    The person's present or last known business address, email, and telephone number;

      C.    The person's present or last known residence address and telephone number;

      D.    The person's present employer and position; and

      E.    If the person is employed by you and holds or held the position of executive, management or supervisory responsibilities for any kind of commercial or financial activity, each position that person has held with you and the period of time during which such position was held from four (4) years prior to August 3, 2020, through present.

13. As used herein, the term "<u>identify</u>" when used in reference to a Document, means to set forth:

      A.    its date and approximate date of preparation;

      B.    its title, if any;

      C.    the type of Document (e.g., letter, memorandum);

      D.    its substance;

      E.    the present or last known location and custodian of it and of any copies; and

      F.    the identity if each person who was its author and/or signatory, along with all of the information specified in paragraph 11 above concerning such person(s).

14. As used herein, the term "<u>identify</u>" when used in reference to a payment or to the transfer of property, means to set forth:

      A.    if the payment or other transfer was completed in the course of a single day, state the date of that day;

    B.    if the payment or other transfer was not completed in the course of a single day, state:

        1.    the date the transferor sent the property to the transferee; and

        2.    the date the transferee received the property.

    C.    the method of payment or other transfer (i.e., check, cash, cashier's check);

    D.    if the payment or other transfer was by check, state:

        1.    the date of the check;

        2.    the amount of the check;

        3.    the payor of the check;

        4.    the payee of the check;

        5.    the endorser of the check;

        6.    the date the check was cashed or deposited by the payee; and

        7.    if the check was returned for insufficient funds and later redeposited, the date the check was returned and the subsequent date on which the check was honored.

    E.    state the transferor and transferee of the property transferred;

    F.    state the nature and amount of the property transferred;

    G.    state the benefit or consideration received by the transferor in exchange for the property transferred; and

    H.    state all Documents relating or referring to the payment or other transfer.

15.    The term "or" includes "and."

16.    The term "any" includes "all."

17.    The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

18. As used herein, the term "creditor" shall be defined as set forth in 11 U.S.C. § 101(10).

## INSTRUCTIONS

1. If any communication or Document required to be identified in response to these Requests for Production of Documents are claimed to be privileged, such communication or Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to these Requests, which privilege log shall identify each such Communication or Document, to the extent applicable, by: (a) the date of the document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the document or who received or had possession or custody of the document; (d) a description of the document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the document is responsive. In the case of documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

2. Documents may be produced in electronic format, if available, otherwise as a printed Document. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

   A. Use .tiff format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

   B. If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs or other media to be mutually agreed by the parties with .tiff and text format, and with a Summation load file; and

   C. Transmit electronic Documents or ESI on DVDs, CD-ROMs or other media to be mutually agreed by the parties or use an ftp site upload.

3. When producing Documents pursuant hereto, copies may be produced in lieu of originals. If a document is provided in print form, both sides of any two-sided Document must be reproduced and the defendant or an officer of the defendant must attest by affidavit or declaration under penalty of perjury that the copies provided are true, correct complete and accurate duplications of the originals. You are required to produce the Documents as they are kept in the usual course of business or to organize and label them to correspond with each category in these requests.

4. If any Documents requested herein have been lost or destroyed, the Documents so lost or destroyed shall be identified by author, date, and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the Person authorizing disposal, and the Person disposing of the Documents shall be identified.

5. If you believe that any of the following Requests are ambiguous, send a communication to Plaintiff's counsel specifying which Request is unclear to you and the basis of the perceived ambiguity. We will respond promptly by letter and attempt to rephrase the Request for you.

## DUTY TO SUPPLEMENT

Pursuant to Rule 26(e)(1) of the Federal Rules, you are requested to seasonably supplement your responses to these discovery requests if you learn that a response is in some material respect incorrect and if the additional or corrective material had not otherwise been made known to Plaintiff during the discovery process or in writing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: All Documents including, but not limited to, bank statements, pay remittances/stubs, or check copies, concerning any Transfers made to You by the Debtors from March 2022 through and including September 2022.

REQUEST FOR PRODUCTION NO. 2: To the extent not already produced in response to the above Request, please produce all Documents concerning the debt paid by any Transfers to You by the Debtors from March 2022 through and including September 2022.

Dated: August 16, 2023  **ASK LLP**

By: */s/ Kara E. Casteel*
Kara E. Casteel, Esq., MN SBN 0389115
*(admitted pro hac vice)*
Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone:  (651) 289-3846
Facsimile:  (651) 406-9676
E-mail:  kcasteel@askllp.com
  jchristian@askllp.com
  nbrown@askllp.com

*Counsel for the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*