IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

PLAN ADMINISTRATOR'S OBJECTION TO
CLAIM ASSERTED BY REVIVA INC.  (CLAIM NO. 10129)

> **This is an objection to your claim.  The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case.  If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing.  Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed.  If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption.  The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on November 6, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim Asserted by Reviva Inc. (Claim No. 10129)* (the "Objection"), and respectfully states as follows in support thereof:

### SUMMARY OF OBJECTION

1. On November 23, 2022, Reviva Inc. (the "Claimant") filed proof of claim number 10129 (the "Proof of Claim"), asserting a general unsecured claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case in an "undetermined" amount (the "Claim"), including a sum for "indebtedness" in the amount of $250,000.00.

2. The Plan Administrator objects to the Claim because the supporting materials demonstrate that the Claim constitutes an interest in equity, rather than a claim, and should be disallowed and expunged in its entirety on that basis.

3. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan*

*Administrator's Objection to Claim Asserted by Reviva Inc. (Claim No. 10129)* (the "Tribolet Declaration"), attached hereto as **Exhibit 1**.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. Case Background

5. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

6. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

7. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

8. The Plan Administrator is governed by the Amended Plan Administrator

---

[2] Docket No. 1019.
[3] Docket No. 1082.

3

Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

9. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

B. The Proof of Claim

10. According to the documentation attached to the Proof of Claim, in January 2021 Claimant entered into a Subscription Agreement and Letter of Investment Intent (the "Subscription Agreement"). Under the terms of the Subscription Agreement, Claimant purchased 17,424 shares of convertible preferred stock in Compute North Holdings, Inc. for an aggregate price of $249,993.11. The Proof of Claim seeks reimbursement of the purchase price for convertible preferred stock.

11. In addition, the Proof of Claim asserts non-specific and unliquidated claims under various theories including Section 10(b) of the Securities Exchange Act, misrepresentation, and breach of fiduciary duty.

---

[4] Exhibit E to Docket No. 1079.
[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

**ARGUMENT**

A. <u>Statutory Basis and Burden of Proof</u>

14. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

15. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

B. <u>Claimant Is the Holder of an Equity Interest Rather than a Claim</u>

16. It is well-settled that a "claim" is distinguishable from an ownership "interest" in a debtor, and the holder of an equity security, without more, is not the holder of a claim. *In re Insilco Tech., Inc.*, 480 F.3d 212, 218 (3d Cir. 2007) ("Equity investment brings not a right to payment, but a share of ownership in the debtor's assets – a share that is subject to all of the debtor's payment obligations."); *Crocker v. Namer (In re AVN Corp.)*, 235 B.R. 417, 423 (Bankr. W.D. Tenn. 1999)

5

("[T]he filing of a proof of interest, which applies only in Chapter 11 cases, is not recognized in the claims process and becomes significant only when the remaining assets of the solvent corporate debtor are being distributed to shareholders."). Indeed, under section 501(a) of the Bankruptcy Code, an equity security holder may file a proof of interest. 11 U.S.C. § 501(a); *see Crocker*, 235 B.R. at 423.

17. The documentation attached to the Proof of Claim unambiguously establishes that Claimant is the holder of an interest in convertible preferred stock rather than a claim in the Bankruptcy Cases. The Proof of Claim is therefore improper and the Plan Administrator requests that the Claim be disallowed and expunged in its entirety.

C. <u>The Proof of Claim Fails to Establish Any Claim for Damages</u>

18. Appendix A to the Proof of Claim sets forth various claims, including claims arising out of the purchase or sale of securities, misrepresentations, and breach of fiduciary duty, without alleging any supporting facts. Absent specific allegations, the Plan Administrator is left to guess under what basis Claimant believes it is entitled to a claim in the Bankruptcy Cases.

19. The Plan Administrator is skeptical that Claimant can establish any basis for wrongful conduct arising out of the Subscription Agreement. According to the documentation attached to the Proof of Claim, Claimant is an accredited investment company or similar entity. In signing the Subscription Agreement, Claimant made various representations and warranties confirming the high degree of risk and uncertainty of return associated with purchasing convertible preferred stock in the Debtors. Absent specific factual allegations of purported intentional misrepresentations on the part of the Debtors or circumstances giving rise to a fiduciary relationship, the claims asserted in the Proof of Claim are meritless.

**RESERVATION OF RIGHTS**

20. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

**CONCLUSION**

21. The Plan Administrator respectfully requests that the Claim be disallowed in its entirety, and that the Court grant such other and further relief as is appropriate under the circumstances.

Dated: October 3, 2023   Respectfully submitted,

/s/ Charles R. Gibbs
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:   crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**

2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Facsimile: (651) 406-9676
E-mail: kcasteel@askllp.com
jchristian@askllp.com
nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

8

**Certificate of Service**

      I certify that on October 3, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      I further certify that on October 3, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimant Reviva Inc. at the following address:

Reviva Inc.
c/o Hinshaw & Culbertson LLP
151 North Franklin St., Suite 2500
Chicago, IL 60606
mcarter@hinshawlaw.com

                                                                                         */s/ Charles R. Gibbs*
                                                                                           Charles R. Gibbs