United States Courts
Southern District of Texas
FILED

AUG 07 2023

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:

MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al.,

Debtors.[1]

Chapter 11

Case No. 22-90273 (MI)

**RESPONSE TO DENY / REJECT THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029), AND THE PROPOSED ORDER 1199-2, ASSOCIATED TO OBJECTION 1199**

NELU MIHAI, PhD, former funding Vice President of Engineering at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), hereby files this Petition/ Response ("Response")

**I. respectfully asking the Court, based on evident legal and factual grounds, in regards to the Claim 10029 and Proof of Claim 10029,**

   **I.1. to admit the Claim 10029 and to issue an order of allowance of the Claim 10029**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**I.2. to reject the "Objection" to Claim Asserted by Nelu Mihai (Claim No. 10029) (the "Objection" document 1199 filed on 07/07/2023), and to issue an order of rejection of the "Objection"**

**I.3. as well to reject "the Proposed Order" 1199-2 filed by the Plan Administrator**

**II.**      **Subsidiarily, if the Court would reject our request above shown at I.1, we respectfully ask the Court <u>to admit the allowance of the Claim 10029</u> for severance compensation / unpaid wages related debts<u>, calculated to the amount of $150,000,04 for</u> <u>the period between the date of September 16, 2022 and the date when the last executive of Compute North LLC would have received wages payments or claimed amount of wages, paid by the Debtors of the Successor of the Debtors, trustee, Plan Administrator etc.</u>, based in the terms of the Separation Agreement Section 9.a.[2] (signed on 03/28/2022) and to rule admitting the requests mentioned above at I.2. and I.3.**

**III.**      **Subsidiarily, if the Court would reject our request above shown at I. and II., we respectfully ask the Court <u>to admit the allowance of the Claim 10029</u> for severance compensation / unpaid wages related debts<u>, calculated to the amount of $150,000,04 for</u> <u>the period between the date of September 16, 2022 and the Date when the reorganization Plan was approved by Court or the Date when Plan Administrator was named by Court, or a Date established by the Court as a Date after 09/22/2023,</u> and to rule admitting the requests mentioned above at I.2. and I.3.**

**<u>and respectfully states as follows in support thereof:</u>**

A. <u>The Response is filed legally,</u> in less than 30 days before the end of the day 08/07/2023, considering the date of service of the Objection as 07/07/2023.

---

[2] *"payments made on the same date(s) as base salary are paid to the Company's other executives" ..."If the Company or Parent fail to pay an installment on time, at the same date(s) as base date(s) as base salary are paid to the Company's other executives, , the Company will pay a penalty of 2% of the delayed installment per every delayed day"*

**B. 1. The real facts and the legal grounds to reject the Objection 1199 filed by the Plan Administrator and to issue a Court order admitting / approving the allowance of the Claim 10029** are the following:

a) The founders of Compute North LLC / Debtors used Nelu Mihai to receive significant advice for two years before hiring him. Realizing that no venture capitalists wanted to fund them, they hired Nelu Mihai to use his professional reputation, prior business success, and his contacts in Silicon Valley to fund Compute North LLC / Debtors. It is not a coincidence that Generate Capital is located in San Francisco (Nelu Mihai's home city), and they provided $320M of the $380M OVERALL FUNDING AMOUNT.

b) Many times, during negotiations between Compute North LLC / Debtors and Nelu Mihai, after agreeing to certain terms, later the Compute North LLA / Debtors did not recognize the agreed terms.

c) The Debtors kept different, parallel, and double records and books for Nelu Mihai, many of them being altered by Compute North LLC in favor of the Compute North LLC / Debtors, even if the written and agreed contracts had other content and terms. The Claim 10029 is about debts consisting in severance related unpayments, but confirmed accrued debts, which in fact are <u>compensation for losses resulting from termination of Nelu Mihai.</u>

d) The Compute North LLAC / Debtors defrauded Nelu Mihai of his number of shares, decided by both parties in the Hiring Agreement. The Debtors falsely declared that they made a mistake in the electronic records (different from the written hiring offer/agreement), and they asked Nelu Mihai to sign another hiring agreement during the separation of Nelu Mihai from the Compute North LLC / Debtors.

e) The misrepresentation, late payments, and alteration of the records were evident both before and after the Bankruptcy Notice was filed on 09/22/2022.

f) The $340 M investment brought in by Generate Capital and National Grid Partners was invested in a business plan and product strategy elaborated by Nelu Mihai, which was supposed to transform Compute North LLC / Debtors into an AI-focused company with intelligent connections to the energy national grid, and by reducing dramatically the contribution of the bitcoin mining to the Compute North LLC / Debtor revenue. These two investors invested in Compute North LLC / Debtor solely attracted by this vision of

investing mainly in AI. The investors asked Nelu Mihai to provide them with a plan for converting all the data centers into AI and regular IT data centers in case of a crash in crypto markets. These investors did not believe in a business plan based only on Bitcoin mining. After closing the funding round, Compute North LLC has decided to invest and invested all the received funds solely in bitcoin mining equipment (proof in the financial records of Compute North LLC / Debtor. Clearly, this decision, in contradiction with the business plan presented to investors, created tremendous dissatisfaction for these two major venture capital investors. This significant deviation triggered the collapse of the Compute North LLC / Debtor company.

g) Generate Capital questioned this different use of funds/money, questioned the ability of the executive team (the CEO and CFO left; it is not clear if they left or they were forced / advised to suddenly leave in June / July 2022) and Generate Capital stopped making available the funds for Compute North LLC.

h) The prior overspending put Compute North / Debtors in the inability to pay the debt. Underscored: Compute North / Debtors did not go bankrupt because of the downturn of the bitcoin market: the Debtors had enough money ($380M) to survive for two–three more years.

i) To prove the overspending is just enough to look at Dave Perill's Claim no. 10002 filed on 09/30/2022, asking for **$300.000 for travel & entertainment**, based on a separation agreement signed on September 6, 2022, a long time after he departed the company and just several days before Compute North / Debtors declared bankruptcy on September 22, 2022. Is this normal in a business clearly going then thru difficult financial times? It seems that the Plan Administrator did not make an objection to the claim number 10002 (filed on September 30, 2022, a couple of days after 09/22/2022 when the Debtors filed the Notice) of Dave Perrill, even if the Claim is for **travel and entertainment** (as stipulated in the addendum to the claim 10002, the Separation Agreement signed on September 6, 2022, after the Notice for Bankruptcy Chapter 11 was filed)

j) The Debtors untruthfully declared in their bankruptcy documents, case 22-90273 ("Financial Status Disclosure Statements of Compute North LLC / Debtors", filed before Reorganization Plan confirmation and before the Court named the Plan Administrator, exhibits in dockets of 22-90273 case) that they paid Nelu Mihai's accrued but unpaid

wages of $150.000,04 a day before filing the bankruptcy notice dated 09/22/2022.
Certainly, this financial status misrepresentation (included in Bankruptcy Court case 22-90273 documents) was done with the intention to give the Court the false impression that the Debtors paid on time the wages, without delays, at the Notice Date (09/22/2022). In fact, this misrepresentation is a "Confirmation" and proof that the **Compute North LLC / Debtors assumed all debts for the Creditor Nelu Mihai**, including the debts claimed in Claim 10029 (proof in the Debtors Disclosure Financial Statement of the accrued unpaid debts (severance wages / compensations and penalties)), debts agreed in the Severance Agreement **(signed on 03/28/2022)**, including the debts claimed by Nelu Mihai in Claim 10029.

k) In addition, before February – March 2022, Compute North LLC / Debtors several times did not pay the employees, especially Nelu Mihai, on time.

l) As an example, for Nelu Mihai, besides not making the wage payments on time, the Compute North LLA / Debtors delayed the deposit into Nelu Mihai's 401(k) account (the part of the wage that was supposed to go into the 401(k) plan) to the 401(k) plan administrator, for almost two months. This was not legally right.

m) The precedence of delays in wage payments, the alteration of the databases records of shares offered to Nelu Mihai when he joined the Compute North LLC / Debtors as an employed executive, the delays of transferring the 401(k) contributions into Nelu Mihai's 401(k) account kept by the 401(k) plan administrator, the alteration of the achievements of Nelu Mihai, made in order not to pay him with a bonus in the winter of 2021 while Nelu Mihai's teams and the other executives were paid with bonuses and other serious aspects and events attracted objectively the terms of the separation contract between Nelu Mihai and the Debtors to stipulate penalties on unpaid wages, based on the prior experience with the Compute North LLC / Debtors.

n) How can a company be trusted when it tries to change the performance of Nelu Mihai? Or, it tries to deny the existing contract for stock options issued to Nelu Mihai and does not invest the funds received from Generate Capital and National Grid Partners as it was presented in the investment deck used to close the round? The penalties are justified, Nelu Mihai is entitled to receive payment for them, based on and considering also the

contract's specific context and the major role of Nelu Mihai in funding Compute North / Debtors.

1. The Claim of Nelu Mihai is for wage penalties. Nelu Mihai's claim no 10029 is for priority debts structurally built on accrued but unpaid wages.

2. The Objection should be rejected, being evident that Nelu Mihai is entitled to receive the allowance for his claim n. 10029 and be credited/awarded according to this Claim and Court decision, considering the certitude that the breaching of the Separation Agreement fully justifies the wage penalties **before the date when Debtors filed for bankruptcy (09/22/2022)**. In the plan presented to the Court, the Debtors falsely declared that they paid the total accrued wages/installments, committing the **breaching of the Separation Agreement, before filing for bankruptcy**. (as per Separation Agreement terms: "*If the Company or Parent fail to pay an installment on time, at the same date(s) as base salary are paid to the Company's other executives, the Company will pay a penalty of 2% of the delayed installment per every delayed day*"). The rate of 2% would have been avoided if, instead of paying for travel and entertainment Compute North LLC would have paid Nelu Mihai his accrued wages in time, as the Company did with other executives.

3. More than that, the Objection should be rejected, and the also it should be rejected the "Proposed Order" 1199-2 filed by the Plan Administrator, at least because not paying these penalties is not fair and it is not legal.

4. The Claim of Nelu Mihai is for wage penalties. Nelu Mihai's claim no 10029 is for priority debts structurally built on accrued but unpaid wages.

5. The Objection should be rejected, being evident that Nelu Mihai is entitled to receive the allowance for his claim n. 10029 and be credited/awarded according to this Claim and Court decision, considering the certitude that the breaching of the Separation Agreement fully justifies the wage penalties **before the date when Debtors filed for bankruptcy (09/22/2022)**. In the plan presented to the Court, the Debtors falsely declared that they paid the total accrued wages/installments, committing the **breaching of the Separation Agreement, before filing for bankruptcy**. (as per Separation Agreement terms: "*If the Company or Parent fail to pay an installment on time, at the same date(s) as base salary are paid to the Company's other executives, the Company will pay a penalty of 2% of the delayed installment per every delayed day*"). The rate of 2% would have been avoided if,

instead of paying for travel and entertainment Compute North LLC would have paid Nelu Mihai his accrued wages in time, as the Company did with other executives.

6. More than that, the Objection should be rejected, and the also it should be rejected the "Proposed Order" 1199-2 filed by the Plan Administrator, at least because <u>not paying these penalties is not fair and it is not legal.</u> Without the contribution of Nelu Mihai, Compute North / Debtors would not have received the funding of over $340M and many of the other creditors' claims that the Plan administration agreed to pay, without filing Objections would not have been possible without the efforts of Nelu Mihai to close the funding round. Is not unfair to allow the payments of the claims (as claim 10105, 10002 etc.) ones) filed by the executives, responsible for the Compute North LLC bankruptcy?

7. The Court is respectfully asked to order allowance for claim 10029 and should reject the Plan Administrator's Objection filed on 07.07.2023 and totally reject, deny, and ignore the Plan Administration's proposed Order.

8. The attorney representing the Plan Administrator cited some "precedents" in the Objection (document 1199) referred to in this Response. All these precedents are entirely different from Nelu Mihai's case for Claim no. 10029, and do not contain any resemblance of parts, circumstances, or legal grounds with Claim 10029 and Nelu Mihai's situation. The similarity and identity of the circumstances of the precedents with Nelu Mihai's case can be analyzed only by the Court. The Court should not accept the inappropriate, discriminative (in the sense of reducing his rights stipulated in the Severance Agreement), unfairly used in the Objection 1199 by the Plan Administrator, against Nelu Mihai claims 10029.

9. We strongly object to using those precedents unsuitable for the current Claim and case.

10. To our knowledge, no law in the bankruptcy law supports the Objection of the Plan Administration to the Claim no. 10029 of Nelu Mihai.

11. Everything in the Declaration and Objection is based on belief, but the question is: does the Plan Administrator knows the real reason for the Compute North LLC bankruptcy and failure, the vital contribution of Nelu Mihai to attract and finalize the funding round? The Declaration 1199-1 unfairly represents the Claim of Nelu Mihai no.10029 as being without any evidence ("if any"). At the same time, the Court dockets contain the declaration of the CFO about zero dollars accrued wages of Nelu Mihai, before the

Notice date (09/22/2022). In contrast, the records and books of Compute North LLC and Insperity (the company keeping the payroll records) contain an evident amount of unpaid wages and priority debts of the Debtors, as specified in claim 10029.

The judicial reality is that any existing law does not support the Objection of the Plan Administrator, which is evident even more from the content of this Objection.

12. The contribution of Nelu Mihai to Compute North LLC / Debtor is $340M in funding, and it would be unfair not to reject the Objection of the Plan Administrator. An eventual acceptance of the Objection would nullify the written separation agreement signed between Nelu Mihai and Compute North LLC / Debtors and affiliates. Would it be lawful?

13. Practically, the separation agreement stipulates that Nelu Mihai will be treated as an employee, with duties of giving consultancy to the founders of Compute Norths LLC, as a consultant executive, for the duration of this separation agreement. Paragraph 9 states that the two monthly payments should be done "*on the same date(s) as base salary is paid to the Company's other executives.*" These wages penalties are, in fact, extensions of wages, and they are recognized debts (in the plan of the debtors), being **priority** debts.

14. The Plan Administrator likes to launch figures without showing any calculus. In fact, the amount of the Claim 10029 of Nelu Mihai is **0.057% of the money he attracted in Compute North LLC / Debtors from investors from Silicon Valley.**

15. We respectfully remind the Court that in the plan accompanying the bankruptcy Compute North LLC misrepresented the accrued wages by erasing all the accrued but not paid wages (of $150.000,04) from the documents presented to the Court, and by presenting the amount of accrued wages as "paid wages on the day before filing for bankruptcy"). This misrepresentation and alteration of the financial records before declaring bankruptcy also constitute a breach of the Separation Agreement and material disparaging action, as stipulated by Section 16 of the Separation Agreement. *"Parties understand and agree that this mutual non-disparagement term is a material term of the Agreement and that any violation of this term would constitute a material breach of the Agreement"*). The alteration was discussed in Court with the Compute North LLC CFO, who declared that, to his knowledge, all the financial records (so including this alteration) were correct. When Nelu Mihai informed the Court that the financial records / books do not show with

certitude that the full amount of $300,000 of wages was not paid in full before filing the petition for bankruptcy, the Debtors said that "it was an error'. Respectfully ask the Court to observe and retain that the Debtors altered the records, even those presented in Court, and this one is not a singular attempt to defraud Nelu Mihai.

16. This action damaged Nelu Mihai and his family and continues to produce damage as this false information is still available on the Internet.

17. Has the Plan Administrator examined all the Bitcoin wallets owned by Compute North LLC / Debtors and some executives of Compute North LLC / Debtors in conjunction with the business of Compute North LLC? Have all the Bitcoin wallets been identified and evaluated in the bankruptcy process? These wallets may contain significant amounts of money. It should be underscored that discovering these wallets requires substantial technical support if they were not declared truthfully.

18. In addition, these bankruptcy processes created tremendous damage for Nelu Mihai and his family. The wife of Nelu Mihai suffered two major surgeries when Nelu Mihai was having hours and hours of meetings with venture capitalists to convince them to invest in Compute North LLC. The Claimant and his wife relied exclusively on the compensation and benefits stipulated in the legitimate Severance Agreement above mentioned, in order to pay, in addition to their daily living expenses and support for their families, the medical and medical objectively enforced expenses. Thus, the Claimant Nelu Mihai and his wife were, are and would be more exposed to significant financial hardship if the Court would not reject the Plan Administrator Objection and would not issue order to allow the Claim 10029, in order to minimize any additional and continued personal hardship the Claimant and his wife would suffer if the Debtors obligations described herein, obligations already not satisfied before September 16, 2022. The Debtors and the Plan Administrator are obliged to respect the legitimacy of the Separation Agreement and the major contribution of Nelu Mihai to the funding and profitable business activity of the Company / Debtors. This financial hardship for the Claimant and his wife, induced by the Debtors, were both prepetition date as well as postpetition. We respectfully ask for the understanding of the Court of the special circumstances of the Claim 10029 and seek the Court's decision to confer allowance to the Claim 10029 by ordering / imposing to the Plan Administrator to pay the prepetition and postpetition Claim amounts related thereto.

IV.    Subsidiarily, if the Court would reject our request above shown at I.1, we respectfully ask the Court <u>to admit the allowance of the Claim 10029</u> for severance compensation / unpaid wages related debts, <u>calculated to the amount of $150.000,04 for</u> <u>the period between the date of September 16, 2022</u> (when the 11th payment of the 22 entitled payments was send to Nelu Mihai, Claimant) <u>and the date when the last executive of Compute North LLC would have received wages payments or claimed amount of wages, paid by the Debtors of the Successor of the Debtors, trustee, Plan Administrator etc.</u>, based in the terms of the Separation Agreement Section 9.a. (signed on 03/28/2022) and to rule admitting the requests mentioned above at I.2. and I.3.

V.    Subsidiarily, if the Court would reject our request above shown at I. and II., we respectfully ask the Court <u>to admit the allowance of the Claim 10029</u> for severance compensation / unpaid wages related debts, <u>calculated to the amount of $150.000,04 for</u> <u>the period between the date of September 16, 2022 and the Date when the reorganization Plan was approved by Court or the Date when Plan Administrator was named by Court, or a Date established by the Court as a Date after 09/22/2023,</u> and to rule admitting the requests mentioned above at I.2. and I.3.

19. The Plan Administrator has no rights to dispute the legality and content of the legal Separation Agreement above mentioned. The Plan Administrator transforms the process of admitting the allowance for Claim 10029 into a denial to a legal contract signed and agreed by Claimant, Nelu Mihai, and Compute North LLC / Debtors, on free will and without any pressure.

20. The other secured and unsecured Creditors did not bring $340M as an investment in the Company (Compute North LLC / Debtors).[3]

C. RESERVATION OF RIGHTS

21. The Claimant expressly reserves the right to amend, modify, and supplement this Response to Objection, and the right to respond to any assertion regarding the Claim and

---

[3] The amount of the Claim 10029 of Nelu Mihai is **0.057% of the money he attracted in Compute North LLC / Debtors from venture capitalists from Silicon Valley.**

Objection. The Claimant further reserves all rights to present any evidence at a designated hearing for this proceeding to support his Claim. The Claimant reserves the right to contest any other Objections asserted by the Plan Administrator on any other grounds. Nothing herein shall constitute an admission of any assertions for admitting the Objection coming from the Plan Administrator.

**D. CONCLUSION**

22. **The Claimant, Nelu Mihai, respectfully requests that the Claim 10029 and Proof of Claim 10029 be allowed in their entirety,**

**or allowed for the amount calculated applying the rate, as stipulated in Section 9.a of the Separation Agreement above signed on March 22, 2022 between the Claimant Nelu Mihai and the Debtors, to $150,000.04 for the period between 9/16/2022 and the date when the last executive of Compute North LLC would have received wages payments or claimed amount of wages, paid by the Debtors of the Successor of the Debtors, trustee, Plan Administrator etc.,**

**or allowed for the amount calculated applying the rate, , as stipulated in Section 9.a of the Separation Agreement above signed on March 22, 2022 between the Claimant Nelu Mihai and the Debtors, to $150,000.04 for the period between 9/16/2022 and the Date when the reorganization Plan was approved by Court or the Date when Plan Administrator was named by Court, or a Date established by the Court as a Date after 09/22/2023;**

**and that the Court grant such orders for Claim 10029 allowance, by rejecting the Objection 1199 to this Claim and the Proposed Order 1199-2.**

Respectfully submitted,

Dated: August 4, 2023

NELU MIHAI, PhD

NELU MIHAI.
201 Harrison Street Apt. 210
San Francisco CA 94105
Telephone: (408) 410-3896
Email: nelumihai@prodigy.net

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| Debtors.[1] | |

**CORRECTION TO SUPPLEMENTAL RESPONSE 1259 FROM NELU MIHAI TO DENY / REJECT THE REPLY 1230, IN RELATION TO DENIAL OF OBJECTION 1199 AND PROPOSED ORDER 1199-2 TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029) AND NEW DISCOVERIES**

1. NELU MIHAI, PhD, former funding Chief Technology Officer at Compute North LLC ("Company") / Debtors, in his capacity as Creditor ("Creditor") and "Claimant" of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), hereby files this Correction to typos in paragraph 5 of the docket 1259 - Supplemental Petition/ Response ("Response") to docket 1230, REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029), issued by the Plan Administrator, but signed by Mr. Charles R. Gibbs from MCDERMOTT WILL & EMERY LLP and by ASK LLP

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

representatives, *Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*, on the date of the first hearing, August 14, 2023, document that constitute a veritable Supplement to Objection 1199 and Proposed Order 1199-1. Nelu Mihai provided his Suplemental Response in less than 30 days from 8/14/2023, in docket 1259. Also Nelu Mihai produces a new discovery, in fact provided by the Plan Administrator in Exbibit B of his declaration - docket 1273-1 from September 20th, 2023.

2. The corrected content of the paragraph 5 in docket 1259 should be "**New Summary for the accrued unpaid cash severance amounts for the period April 1st 2022 to the Petition Date**

   **The extra discoveries prove that there is an extra unpaid cash severance amount <u>and debts according to the Separation Agreement</u>, calculated for the period April 1st 2022 to the Petition Date, in the amount of $4,982.08, plus $18,905.77, plus $151.25, plus $584.60, plus $211.54, plus 565.01 meaning <u>$25,400.25</u>. To this amount should be added 136,363.68 ($300,000 - $13,636.36 x 12 paid installments), totaling $161,763.93 (one hundred sixty-one thousand seven hundred sixty-three dollars and ninety-three cents -unpaid accrued cash severance at the Petition Date)."**

3. To amount for the penalties calculated for the period April 1st 2022 to the Petition Date 9/22/2022 is correct: <u>$62,385.30 (sixty two thousand three hundred eighty five dollars and thirty cents)</u>.

4. In addition, Nelu Mihai provides, as claim 10029 sustaining exhibit, **<u>Exhibit B of docket 1273-1,</u>** the email provided by the Plan Administrator, Mr. Michael Tribolet, in his declaration. This email is a proof that <u>there was a delay in the payment of the first severance</u> amount supposed to be paid on April 15, 2022 (because only on April 12 2022 Compute North LLC informed Insperity PEO Services to make a payment for "severance" "taxed at supplemental rate", but considering Nelu Mihai as an "employee"). This exhibit is proof that the Debtors have not paid on time their first assumed by contract severance obligations (because on these emails it is written that <u>Insperity had April 15.2022 a holiday, a non-working day</u>). More than that, correlating with the payroll stub 10208869 check, these two emails are proof that the Debtors did not follow the terms of the Severance Agreement and <u>did not send by electronic fund transfer / direct deposit the first payment supposed to be transferred on April 15, 2022</u> (the payment was by paper check,

which is in the Debtors' solely possession, and cashed later than April 18,2022, according to the provided bank statements). Nelu Mihai provided to Compute North LLC a W4 in 2021, when he was hired, and these two emails prove that he was wrongly over-taxed (unlawfully ignoring his W4) and unlawful deductions were done (for example: the FSA for this first severance payment, Nelu Mihai being considered an "employee", despite the fact that his termination date was 3/31/2022).

**B. CONCLUSION**

5. **The Claimant, Nelu Mihai, respectfully requests that the Claim 10029 and Proof of Claim 10029 be allowed in their entirety, <u>according to the new discoveries,</u> and that the Court grant such other of allowance, by rejecting the Objection 1199 to this Claim and the Proposed Order 1199, the Supplemental Declaration 1230-1 and Supplemental Objection 1230, as well any Proposed Order in relation to Claim 10029.**

Respectfully submitted,

Dated: September 20, 2023

NELU MIHAI, PhD

_____,

NELU MIHAI.
201 Harrison Street Apt. 210
San Francisco CA 94105
Telephone: (408) 410-3896
Email: nelumihai@prodigy.net

| | |
|---|---|
| **From:** | [Dallas EG Team 8](#) |
| **To:** | [Spencer Barron](#) |
| **Subject:** | FW: Payroll Additions |
| **Date:** | Thursday, April 14, 2022 3:57:43 PM |
| **Attachments:** | [image001.png](#) |
| | [image002.png](#) |

Thank you,

**Lisa Davis**
Payroll Implementation Specialist

545 E. John Carpenter Freeway | Suite 1200 | Irving, TX 75062
OFFICE: 972-871-5718 | EMAIL: [Dallas.EGTeam8@insperity.com](mailto:Dallas.EGTeam8@insperity.com)



**Insperity offices will be closed Friday, April 15, 2022, in observance of Good Friday.**
Please note that phone and e-mail support for benefits, 401(k) and WebSupport will be unavailable from the Insperity Contact Center on this day.

**Insperity is here to help**
We look forward to working with you prior to this holiday closure to meet your immediate payroll processing needs. If you have any questions, please contact your Insperity payroll specialist before noon on Thursday, April 14. It is our pleasure to be of service to you and the employees working at your business.

---

**From:** Amanda Piff <amanda.piff@computenorth.com>
**Sent:** Tuesday, April 12, 2022 7:24 PM
**To:** Dallas EG Team 8 <Dallas.EGTeam8@insperity.com>
**Subject:** Payroll Additions

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Team-

Please add the following pay to employees for the 4/15 payroll.

██████████ -

Commissions taxed at supplemental rates
1. ███████ - $5,000
2. ███████ - $5,000
3. ███████ - $1,000
4. ███████ - $12,000

Severance-

**Nelu Mihai - $20,894.59**
   This number includes the first payment of 22 for severance $13,636.36 plus the one-time payout of $7,258.23, per the severance agreement.

Thank you,
Amanda

Certificate of Service

I certify that on September 20, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in this case 22-90273.

NELU MIHAI, PhD

_____

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| Debtors.[1] | |

OBJECTION TO PART OF THE PLAN ADMINISTRATOR'S DISCOVERIES REQUEST DOCKET 1237

1. The undersigned, Nelu Mihai, Creditor in the case 22-90273, pursuant to Rule 34(b)(2)(C) I mention that the motion docket 1245 represents and should also be interpreted not only as an initial disclosure under rule 26(a)(1)(A)(1), but as an Objection to the Debtors and Plan Administrator (thru ASK LLP, Ms. Kara E. Casteel) requests (certificate of service docket 1237 of August 18, 2023) also for my personal bank account statements (ESI) for the period March 2022 – September 2022.

2. I respectfully object to such requests because all the electronically stored information (ESI) related to any electronic fund transfer for wages before and after the Separation Date (March 31, 2022) and/or "cash severance" amounts (according to the Separation Agreement signed

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

on March 28, 2022) from the Debtors are in the solely possession, custody, or control of the issuers, the Debtors (including Insperity PEO Services L.P.), and also especially in the possession, custody, control of the propounding party, the Plan Administrator, Tribolet Advisors, LLC, ASK LLP and other Reviewing Parties.

3. I respectfully object to part of such requests (the request to provide copies of my personal banks accounts statements) based on the fact that such information is **irrelevant to the case**. Any bank account statement contains, for electronic fund transfers, only the amount of transferred money, the date of the transfer, a description the sender's name, eventually a reference number and the account balance (which is confidential information). The Court ordered to produce only disclosures related to the "cash severance" payments, that were done thru direct deposits. Insperity PEO Services, LP has all the transactions' confirmation numbers, dates etc. for all the March 2022 wages and last check transfers (that was also an electronic fund transfer, not a paper check), as well for all 12 "cash severance" **delayed and incomplete transfers** between April 15, 2022 and September 16, 2022 (the last payment date, before the Petion Date, September 22, 2022). All this information is in the possession, custody and control of the Plan Administrator.

4. I respectfully object to part of such requests (the request to provide copies of my personal banks accounts) based on the fact that such information is **overly invasive and confidential**. I have complex bank accounts, including joint accounts - in common with other persons, accounts linked with investments accounts, accounts containing fiscal and medical confidential information, related not only to me.

5. I am not seeking to obtain an order for sealing my bank accounts statements, I only underline the evidence that such electronically stored information is irrelevant to the case and overly invasive, and that the Plan Administrator has in his possession all the necessary information.

6. Even more, Ms. Ms. Kara E. Casteel who signed the disclosure request, used an old template, mentioning very old forms of producing electronically stored information, that are not used anymore (CD-ROMs, ftp – file transfer protocol - platforms, .tiff formats etc.). With all due respect, such forms are older than 10-15 years or so, and cannot be used today. "Ftp" was used in mid 1990s for exchanging data, and nobody uses it anymore.

6. Contrary to the aggressive and confrontational approach of the Debtors lawyers, I have chosen an approach of collaboration and decide to them a copy of payroll stubs for the period

March 2022 – September 16, 2022, obtained by my experts from the institution that keeps the requested ESI, to which the Plan Administrator has continuous access via, Insperity PEO Services, L.P. I will also produce a bank statement issued by my bank with all the cash severance" transfers made by Compute North thru Insperity PEO Services, L.P., for the period March – September 2022. These stubs are disclosures that are already in the Plan Administrator's possession, and that contain all the information, even more detailed, than the requested ESI (personal bank accounts statements) (because Insperity PEO Services, L.P. has more and detailed info (with dates, transactions codes etc.) about each transfer to the account chosen by me for direct deposits) as per Rule 34(b)(2)(E)(iii)[2]

7. In addition, I respectfully remind the Court that I am after medical surgery, and, as both former employee (CTO) and Creditor, pursuant to *Rule 26(a)(1)(A)(1) and Rule 34(b)* Federal *Rules of Civil Procedure ("F.R.Civ.P.")* and *Rule 7034 of Federal Rules of Bankruptcy Procedure,* as well as per California employment legislation (*California Labor Code 226(b) and (c) etc.)*), I am entitled to receive the information related to my employment from the Debtors and the Plan Administrator, Tribolet Advisors, LLC, the only ones having possession, control, or custody and access to such information, unfairly requested from me.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

---

[2] *A party need not produce the same electronically stored information in more than one form.*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| | |
| Debtors.[1] | |

Corrected Certificate of Service

I certify that on September 16, 2023, I caused an Objection to the Plan Administrator Request for Disclosures, linked to the Certificate of Service docket 1237 from August 18, 2023, case 22-90273, to be delivered for case 22-90273, thru Pacer system to the U.S. Bankruptcy Court for Southern District of Texas, the Plan Administrator, Tribolet Advisors LLC, ASK LLP and other recipients, parts in case for case 22-90273.

Respectfully,

……………………………………………….

Nelu Mihai

201 Harrison Street #210, San Francisco, CA 94105

nelumihai@prodigy.net

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:

MINING PROJECT WIND DOWN
HOLDINGS, INC. (f/k/a Compute North
Holdings, Inc.), et al.,

Debtors.[1]

Chapter 11

Case No. 22-90273 (MI)

## SUPPLEMENTAL RESPONSE FROM NELU MIHAI TO DENY / REJECT THE REPLY 1230, IN RELATION TO DENIAL OF OBJECTION 1199 AND PROPOSED ORDER 1199-2 TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029)

1. NELU MIHAI, PhD, former funding Chief Technology Officer at Compute North LLC ("Company") / Debtors, in his capacity as Creditor ("Creditor") and "Claimant" of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), hereby files this Supplemental Petition/ Response ("Response") to docket 1230, REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029), issued by the Plan Administrator, but signed by Mr. Charles R. Gibbs from MCDERMOTT WILL & EMERY LLP and by ASK LLP representatives, *Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*, on the date of the first

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

hearing, August 14, 2023, document that constitute a veritable Supplement to Objection 1199 and Proposed Order 1199-1. Nelu Mihai provides his Suplemental Response in less than 30 days from 8/14/2023.

2. With this Supplemental Response Nelu Mihais demonstrate again, but in more detail, based on new discoveries, the legal and factual basis for the Court:

   **to allow the Claim no. 10029 to be admitted and granted with allowance**

   **to reject the "Objection" to Claim Asserted by Nelu Mihai (Claim No. 10029) (the "Objection" document 1199 filed on 07/07/2023),**

   **to reject the Reply 1230 and any order related to these Objection, Reply and Supplemental Declaration**

   **as well to reject "the Proposed Order" 1199-2 filed by the Plan Administrator and any additional proposed order suggested / requested by Debtors to deny the Claim 10029**

   and, based on evident legal and factual bases, the Claim 10029 and Proof of Claim 10029 should be ordered with allowance by the Court.

   Nelu Mihai respectfully states as follows in support thereof:

3. <u>The Response is submitted legally</u>, in less than 30 days before 09/14/2023, considering the date of service as 8/14/2023.

4. After new consultations with advisors and experts in human resources, payroll, taxes from Morgan Stanley and other companies, etc. and after analyzing the copies of the payroll stubs from Insperity PEO Services L.P. (which were not sent to Nelu Mihai as requested in *The Initial Disclosure Rule 26* docket 1245), it was discovered and reconfirmed that, beside the following errors mentioned (a) each payment of "cash severance" before the Petition Date was not in full, was not conform to the Separation Agreement signed on March 28, 2022; b) one of the unlawful deductions which was done erroneously is for **Flexible Spending Account**, on 4/15/2022, c) unlawful diminutions were done starting with April 15, 2022 as **federal taxes** (ignoring the IRS regulations of *Publication 15 (Circular E) 2022, page 21, Effective Date of Form W4*, imposing that a W4 form filed by Nelu Mihai with the Debtors in 2021, when Nelu Mihai started his employment with them, should remain applicable, d) unlawful diminutions were done starting with April 15, 2022, for **state taxes** (ignoring the IRS regulations of Publication 15 (Circular E) 2022); e)

unlawful diminutions were done starting with April 15, 2022 for Medicare, ignoring the IRS Publication 15 regulations, and the income until every payroll date, and other legislation applicable), other unlawful amounts were erroneously subtracted from checks 10208869 (4/15/2022), 64593683 (4/29/2022), 64880454 (5/13/2022), 65145314 (5/27/2022) as California State Disability Insurance, meaning unlawful withholdings. According to California legislation, "*no SDI deductions withheld from severance and lump sum payments.*" The Company Compute North LLC was o Minnesota company, while the Claimant Creditor Nelu Mihai was and is a California resident.

**B. PENALTIES CALCULATIONS BEFORE THE PETITION DATE, BASED ON NEW DISCOVERIES**

Penalties on delayed payments due to unlawful reductions of the $13,636.36 installments amounts with over-calculated state taxes (calculated only for the period before the Petition Date)

The payroll checks obtained from Insperity PEO Services L.P. numbered 10208869, 64593683, 64880454, 65145314 reflect severance installments payments reductions **in the form of unlawful California State Disability Insurance** ( abbreviated **CA SDI**). The penalties calculations are for 161 delay days to Petition Date (4/15/2022 installment delay and not full payment), 147 delay days to Petition Date (4/29/2022 installment delay and not full payment), 133 delay days to Petition Date (5/13/2022 installment delay and not full payment), 119 delay days to Petition Date (5/27/2022 installment delay and not full payment). The unpaid accrued amount of overcalculated and subtracted as state taxes to the Petition Date is **$565.01.**

The penalties calculated are in the amount of **$1,661.83.**

5. **New Summary for the accrued unpaid cash severance amounts for the period April 1st 2022 to the Petition Date**

   **The extra discoveries prove that there is an extra unpaid cash severance amount, calculated for the period April 1st 2022 to the Petition Date, in the amount of $4,982.08, plus $18,905.77, plus $151.25, plus $584.60, plus $211.54, plus 565.01 meaning $15,400.97. To this amount should be added 136,363.68 ($300,000 - $13,636.36 x 12 paid installments), totaling $151,764.65 (one hundred fifty one**

thousand seven hundred sixty four dollars and sixty five cents - unpaid accrued cash severance at the Petition Date).

6. **The penalties for the unpaid amount of $136,363.68 for 7 days until 9/22/2022 are in the amount of $19,090.92**

7. **New Summary for the accrued unpaid cash severance amounts for the period April 1st 2022 to the Petition Date**

   **The penalties owed for the period between April 1st 2022 and the Petition Date are in the amount of <u>$8,381.49, plus $31,795.77, plus $381.15, plus $392.98, plus $681.16, plus $19,090.92, plus $1,661.832 meaning $62,385.30 (sixty two thousand three hundred eighty five dollars and thirty cents).</u>**

8. To the penalties amount of <u>$62,385.30</u>, calculated for the period April 1st 2022 to the Petition Date, the Claimant also requests the penalties calculated for the accrued unpaid cash severance amount after the Petition Date ($151,764.65), as above mentioned at paragraphs 5, in the document no. 1258 submitted on 9/10/2023 and in the previous responses and Claim 10029 related documents submitted by Nelu Mihai. The factual bases and legal grounds for also receiving the penalties for the period after the Petition Date are stipulated in Chapter 9.a of the Severance Agreement submitted by Nelu Mihai. These calculations should be done to the accrued unpaid cash severance amount of **$151,764.65**, for at least 159 days (between 9/23/2022 and 2/28/2023), at the rate stipulated in the Separation Agreement, chapter 9.a.

9. It is proved, with the new discoveries, that the Company willfully increased the subtractions, deductions, taxes from each severance payment installment, inducing delays, and contradicting the Chapter 10.h, 9.a of the Separation Agreement, but also the IRS Publication 15, the IRS publications related to the validity of the 2021 W4 form provided by the Claimant Nelu Mihai to the Company when hired and all the other bankruptcy rules referred by the Claimant Nelu Mihai in the previous submitted documents, other legislation, California Courts decisions (in The California Court of Appeal in *Citroen Cars Corporation vs. California Unemployment Insurance Appeals Board* (107 Cal. App. 3rd 945, 1980) ; The California Supreme Court in *Powell and Byrd vs. California Unemployment Insurance Appeals Board* (63 Cal. 2d 103, 1965) etc.) and applicable California state legislation (Employment Development Department – State of California)

in regards to "*no SDI deductions withheld from severance and lump sum payments*". The Claimant respectfully asks the Court to reject the Objections 1199, 1230, and the related proposed orders, formulated by the Plan Administrator, the other creditors representatives, the Reviewing Parties or any other part in this case. The creditor Nelu Mihai respectfully requests the Court to fully grant allowance to Claim 10029.

10. Nelu Mihai respectfully asks the Court to take into consideration Nelu Mihai's merit in funding the Company, in elaborating profitable reorganizing and reorientation strategies for the Company (his business plan involving profitable business, including AI etc., different from bitcoins mining; his business plan and vision that attracted funding investors and was validated by industries and analysts in 2023, but were abandoned by the other former executives of the Debtors) and to grant allowance to his claim 10029.

## C. RESERVATION OF RIGHTS

11. The Claimant expressly reserves the right to amend, modify, and supplement this Response to Supplemental Objection, and the right to respond to any assertion regarding the Claim and Objection. The Claimant further reserves all rights to present any evidence at a designated hearing for this proceeding to support his Claim. The Claimant reserves the right to contest any other Objections asserted by the Plan Administrator and other Creditors on any other grounds. Nothing herein shall constitute an admission of any assertions coming from the Plan Administrator, his Reviewing Parties or other Creditors.

## D. CONCLUSION

**12. The Claimant, Nelu Mihai, respectfully requests that the Claim 10029 and Proof of Claim 10029 be allowed in their entirety, and that the Court grant such other of allowance, by rejecting the Objection 1199 to this Claim and the Proposed Order 1199, the Supplemental Declaration 1230-1 and Supplemental Objection 1230, as well any Proposed Order in relation to Claim 10029.**

Respectfully submitted,

Dated: September 10, 2023                     NELU MIHAI, PhD

_____,

NELU MIHAI.
201 Harrison Street Apt. 210
San Francisco CA 94105
Telephone: (408) 410-3896
Email: nelumihai@prodigy.net
Certificate of Service

I certify that on September 10, 2023, I caused a copy of the foregoing document to be
served by the Electronic Case Filing System for the United States Bankruptcy Court for
the Southern District of Texas (the "ECF System") on all parties registered to receive
service via the ECF System in this case 22-90273.

NELU MIHAI, PhD

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| Debtors.[1] | |

MOTION FOR INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(1): THE PROPUNDING PARTY IS IN THE SOLELY POSSESSION, CONTROL, CUSTODY OF WAGES AND SEPARATION AGREEMENT PAYMENT DOCUMENTS AND CALCULATIONS, EFI ETC., THE DEBTORS (INLCUDING INSPERITY PEO SERVICES L.P.) BEING THE ISSUERS OF SUCH DOCUMENTS/INFORMATION

1. The undersigned, Nelu Mihai, Creditor in the case 22-90273, pursuant to Rule 26(a)(1)(A)(1) I respectfully redisclose that all the documents related to any payment, electronic fund transfer check (cashed or not cashed) for wages before and after the Separation Date (March 31, 2022) and/or severance amounts (according to the Separation Agreement signed on March 28, 2022) from the Debtors are in the solely possession, custody, or control of the issuers, the Debtors (including Insperity PEO Services L.P.), and also especially in the possession, custody, control of the propounding party, the Plan Administrator, Tribolet Advisors, LLC. The address of Tribolet Advisors, LLC is in the case dockets.

2. As I stated during the August 14, 2023 hearing, when I objected to the Debtors' lawyer (Kara E. Casteel) request for producing documents/discoveries that, in fact, are issued by and *are under the Debtors' possession, custody and control*, the Court is respectfully informed again that the Debtors, as my employer, are the authors and issuers of any calculation and, consequently, of any electronic fund transfer voucher, payroll stub or payment document

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

called "check" related to my employment or Separation Agreement, as mandatory imposed by the California Labor Code 226(a)[2] and other provisions.

3. Per a contrario to the Plan Administrator's Declaration docket 1230 about a so-called payment of $20,894.59, I never received this exact amount of money.

4. Even more, I never received the so-called lump sum in the amount of "$7,258.23", as wrongly and misinforming declared the Plan Administrator in his Declaration docket 1230.

5. In addition, I never received a full amount of $7,258.23, net, as a payment related to the Chapter 9.a of the Separation Agreement (Consideration: Cash Severance of $300,000.00). The $7,258.23 is defined in Chapter 9.d of the Separation Agreement (Proof f Claim 10029) as being subject to tax withholdings and deductions[3]. This amount mentioned in Chapter 9.d. is not related to the claim 10029, as the Plan Administrator declares in his "REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029, docket 1230 filed on the Date of Hearing and not serviced to me during the 08/14/2023 hearing. In this docket Tribolet Advisors, LLC cites again only fragments from the accurate content of chapter 9.d of the Separation agreement, and this stratagem does not constitute equal treatment of the Creditors.

6. I have never received the amount of $149,999.96 as net severance payment, neither payments of $13,636.36 (the Debtors/Plan administrator wrongly declared under perjury that I received such amounts, ignoring the real figures with erroneous deductions, withholdings that made any severance payment much lower than stated by Debtors and the Plan Administrator in his declaration docket 1199-1 ("*The Debtors' books and records reflect that Claimant was entitled to receive 22 severance payments of $13,636.36 every two weeks… that Claimant received 11 such payments prior to the Petition Date*.") and docket 1230 (REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY NELU MIHAI (CLAIM NO. 10029). Every month after March 2022, the by-weekly severance payments were different from the previous ones, and for certain the few severance electronic fund transfers related to Chapter 9.a of the Severance Agreement (not 44 payments) were much lower than $9,550 or even $8,550 (much lower than $13,636.36). This information is in the records in possession of the Debtors/Plan Administrator. I do not have the payroll stubs or vouchers to produce what it the cause of such large variations, while the Plan Administrator erroneously declares "that I received $13,626.36 every two weeks".

---

[2] *(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years.*

[3] *"Additional Consideration. As additional consideration under this Agreement, Executive (NN Claimant) shall be entitled to a payment in the amount of $7,258.23, payable a single lump sum on the same date the first cash severance payment installment is paid under subparagraph b, above, subject to applicable deductions and withholdings;"*

7. <u>I have never received, during my employment with the Debtors and after separation, any hard copy of any payroll stub or voucher for any wages or severance payments related to Chapter 9.a and 9.d of the Separation Agreement</u> (attachment to Claim 10029 and Proof of Claim 10029). <u>All such electronic records and hard copies were and are in possession, custody and control of Debtors (including the payroll company Insperity PEO Services L.P.) and implicit of the Plan Administrator - Tribolet Advisors, LLC.</u>

8. More than that, I respectfully disclose that, <u>since starting to work for the Debtors, I opted to have only Direct Deposits into a bank account</u>, thru Electronic Fund Transfers, and, therefore, the Plan Administrator has solely possession, control, custody of the documents that strangely are requested by the same Plan Administrator, Debtors and the Debtors' lawyer (Casteel, Kara) from me (in docket 1237 *Notice of First Set of Requests for Production Propounded by Plaintiff served upon Defendant, Nelu Mihai. Filed by Mining Project Wind Down Holdings, Inc. Litigation Trust*).

9. In addition, I respectfully disclose to the Court that there is an entity used by Debtors, to execute the procedures related to the wage and severance payments as wages, entity that is mentioned on Chapter 3, in last paragraph of page 2 of the Separation Agreement signed on March 28, 2021, between me and the Debtors (Compute North LLC). <u>It is called Insperity PEO Services, L.P.</u>

10. In a very unusual manner, the Debtors cut my access to the Insperity PEO Services L.P. account, when the separation took place, in March 2022; therefore, there is no way for me to produce the documents/discoveries requested by Tribolet Advisors, LLC and Debtors in docket 1237, as unfairly requested in the docket 1237 (*Notice of First Set of Requests for Production Propounded by Plaintiff served upon Defendant, Nelu Mihai. Filed by Mining Project Wind Down Holdings, Inc. Litigation Trust*).

11. I respectfully ask the Court to order the Plan Administrator, Tribolet Advisors, LLC, to produce the documents mentioned in the Docket 1237 (*Notice of First Set of Requests for Production Propounded by Plaintiff served upon Defendant, Nelu Mihai. Filed by Mining Project Wind Down Holdings, Inc. Litigation Trust)*, documents <u>being in exclusive possession, custody, or control</u> of the Debtors and eventually Insperity PEO Services L.P.

12. Pursuant to *California Labor Code 226*, incident in this case (I have always been a California resident while employed by Debtors and after that), I respectfully demonstrate to the Court that is relevant to the case to order the Plan Administrator to provide me copies of all payroll stubs, vouchers, all the calculations etc. for the wages and severance payments under Chapter 9.a and 9.d. between March 1st, 2022 and September 22, 2022.

13. The discoverable information in the possession, control or custody of Tribolet Advisors, LLC and Debtors is related to (the subjects of that information): wages calculations, severance payments significance (what category: 9.a, 9.d, as stated in the Separation Agreement), if any federal taxes were withheld and in which amount; if any state (which state) taxes were withheld and in which amount; Medicare deductions; social security deductions; pension contributions; FSA (Flexible Spending Account) deductions etc.; if any amount of wages/severance payments were wrongly reduced by any withholdings; the amounts and legality of any eventual withholdings and deductions, dates when a particular check was cashed, <u>including the $150,000 falsely stated by Debtors in the Financial Disclosures as being paid to me one day before declaring Bankruptcy</u>, and where (place, bank etc.) and by whom it was cashed; if the payments were for "*unpaid vacation, expense reimbursements, wages, and other benefits due to the Executive under any Debtors'-provided plans, policies, or arrangements as of my termination date* (the "Accrued Obligations") as in the Separation Agreement; if the amount $7,258.23 for "additional consideration Chapter 9.d. of the

Severance Agreement was paid (how, by direct deposit or by check; when) on time and what deductions and withholding were subtracted and their legality etc. This information is of major importance for the Court, as well *"to support claims or defenses" (Rule 26(a)(1)(A)(1)).*

14. I mention that I need to receive such employment information, based my legal rights as a Claimant/Creditor (Claim 10029) who also was an executive, former Debtors' employee, with specific merit in obtaining funding for the Debtors.

15. In addition, during the August 14, 2023, hearing, even if I was not represented by a counselor, I renounced only the request to Debtors and Plan Administrator of producing copies of some emails related to the falsified information about my number of shares shown in the employment contract/offer. I have not renounced my rights as a former employee, as an executive with the essential contribution to the $385M funding, and as a Creditor to ask the Plan Administrator and Debtors to produce the documents related to my employment and to any unpaid amount in relation to Chapter 9 of the Separation Agreement (claim 10029). The production of numerous errors, deformations of the real figures, contractual terms, payments amounts was continued by the Debtors and Plan Administrator. The Plan Administrator recognized that I was not paid with an amount mentioned in one of my Replies to Objection 1199, but he did it only as a foot note, with small, minuscule fonts. Why? Why I receive a non priority treatment, compared with the other executives, <u>responsible for declaring bankruptcy six months after obtaining $385M in funding,</u> and who already have been awarded money for their claims related to severance, wages, travel and <u>entertainment</u> etc.?

16. In addition, I respectfully remind the Court that I am after medical surgery, and, as both former employee (CTO) and Creditor, pursuant to *Rule 26(a)(1)(A)(1) and Rule 34(b)* Federal *Rules of Civil Procedure ("F.R.Civ.P.")* and *Rule 7034 of Federal Rules of Bankruptcy Procedure,* as well as per California employment legislation (*California Labor Code 226(b) and (c) etc.)*), I am entitled to receive the information related to my employment from the Debtors and the Plan Administrator, Tribolet Advisors, LLC, the only ones having possession, control, or custody and access to such information, unfairly requested from me.

Respectfully,

Nelu Mihai

201 Harrison Street #210, San Francisco, CA 94105

nelumihai@prodigy.net

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-90273 (MI) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | |
| Debtors.[1] | |

**SUSTAINING DOCUMENTS FILING, IN RELATION TO RESPONSE 1213 AND 1211 AND TO CLAIM 10029, FILED AS AMENDED ADDENDUMS / EXHIBITS TO RESPONSE 1213, 1211 TO OBJECTION 1199 (FILED BY THE PLAN ADMINISTRATOR) TO CLAIM 10029 (FILED BY CLAIMANT NELU MIHAI)**

1. NELU MIHAI, PhD, former funding **Chief Technology Officer** at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), respectfully ask the Court to take into consideration the following aspects related to the claim 10029, referred in the "Response" (Docket # 1213 and Docket #1211, filed on 08/07/2023) to "Objection" no. 1199 and "Proposed Order" 1199-2 filed by the Plan Administrator on 07/07/2023, and respectfully ask to consider these

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

new aspects and corrected sustaining materials to reject the Objection 1199 and Proposed Order 1199-2 and issue an order for allowance for my claim 10029.

2. The Claimant Nelu Mihai respectfully seeks / kindly requests to take into consideration the following aspects:

3. The Claimant Nelu Mihai submits Addendum no. 5 (Recalculation for Sustaining Materials to Claim 10029, filed today, on August 13, 2023), to correct the calculus from Exhibit filed as appendix to Docket 1126, filled on August 12,2023, at least because at row 49, page 158 Docket 723-2 is shown by Debtors that they paid the Claimant Nelu Mihai a lower amount than the amount of $13,636 agreed by Section 9.a of the Separation Agreement signed between the Claimant Nelu Mihai and the Company / Debtors on March 28, 2022.

4. Based on the terms of the Separation Agreement and other legal applicable stipulations, the correct amounts that Compute North LLC / Debtors owes to Claimant Nelu Mihai as unpaid accrued obligations under Section 9.a of the Separation Agreement signed on March 28, 2022 are as following:

5. Total obligations for late payments (according to Section 9.a. of the Separation Agreement) **before September 22, 2022, the Petition date, are in the amount of $45,250.46** (forty-five thousand two hundred fifty dollars and forty-six cents).

6. The Debtors lately paid only ten installments of $13,636 and on late payment of $11,538 due on 09/02/2022 but paid on 09/16/2022, according to page 158, row 49 and page 157 of Docket 723-2. That shows that the amount of unpaid accrued debts, calculated by the authors of the Objection 1199 is wrong, the unpaid amount being of **$152,102**, not of $150,004 as stated in the Objection 1199.

7. **Total obligations for late payments accrued between 04/15/2022 and 09/22/2022 (the Bankruptcy Petition date) are in the amount of $63,502.70** (sixty-three thousand five hundred two dollars and seventy cents).

8. Obligations for late payments, calculated for the period 04/12/2022 (the Effecitve Date) or 04/15/2022 (the date when the other executives were paid by Compute North LLC / Debtors) and February 1st, 2023 (the Date stipulated in the Separation Agreement to pay in full the $300,000 agreed at Section 9.a of the Separation Agreement signed on 03/28/2022) are in the amount of **$462,009.94 (four hundreds sixty two thousand nine dollars and ninety four cents)**

9. The addendum also contains the calculus of obligations from 04/15/2022 and the Hearing date of 08/14/2023.

CONCLUSIO

10. These new supporting materials, based on the approved Reorganization Plan Docket 723, and docket 723-2, contradict radically, but with certitude, the opinions stated by the Plan Administrator stated in "Objection" 1199 to my Claim 10029, proving that the claim is not about "after Petition Date penalties", it is about obligations assumed by Debtors in the Separation Agreement signed on March 28, 2022, date when the Claimant was an employee of Compute North LLC / Debtors, obligations never paid on time and neither in the agreed amounts of $13,636, neither paid when the other executives were paid with wages.

11. We kindly request that the Claim 10029 be allowed in its entirety, and that the Court grant such order of allowance.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

Case 22-90273

Hearing Date: 08/14/2023 Filed by Nelu Mihai

**Appendix no. 5 to Claim 10029 filed by Creditor Nelu Mihai and to Response 1213 to Objection 1199**

**Obligations accrued and unpaid, based on the terms of section 9.a. of the Separation Agreement signed between Creditor Nelu Mihai and Debtor Compute North LLC on March 28, 2022**

This Appendix is supposed to replace Appendix no. 3, because on 09/16/2022 the Claimant was lately paid (instead on the due date of 09/-02/2022 it was paid on 09/16/2022) only $11.538, instead of $13,636, as stipulated on the Separation Agreement signed between Claimant Nelu Mihai and the Company / Debtors. These new aspects are proved by Docket 732-2 page 158, raw 49.

A. Corrected calculus based on the fact that the first payment of an installment of $13,636 was done late, on 04/29/2022, instead on 04/15/2022 (the "Effective Date" agreed by the Separation Agreement is 04/12/2022) as agreed by Section 2 and 9.a. of the Separation Agreement signed and agreed by Claimant Nelu Mihai and Debtors (Compute North LLC) on March 28, 2022.

*The 10 installments / payments in 2022 were in fact lower than $13,636.00 before taxes, the 10 payments were not of $13,636.00 before taxes, the Debtor wrongly retaining FSA and other amounts.*

For simplicity, the calculus was redone considering a fictitious situation of 10 equal payments of $13,636.00 before taxes and a late payment of $11,538 done lately on 09/16/2022 (as stated at row 49 page 158 Docket 732-2).

(2% per day x $13,636) x 15 days (04/15/2022 to 04/29/2022) $4,090.80 late obligations under section 9.a, for unpaid 1st installment due on 04/15/2022

(2% per day x $13,636) x 15 days (04/29/2022 to 05/13/2022)= $4,090.80 late obligations under section 9.a, for unpaid 2nd installment due on 04/29/2022

(2% per day x $13,636) x 15 days (05/13/2022 to 05/27/2022)= $4,090.80 late obligations under section 9.a, for unpaid 3rd installment due on 05/13/2022

(2% per day x $13,636) x 15 days (05/27/2022 to 06/10/2022)= $4,090.80 late obligations under section 9.a, for unpaid 4th installment due on 05/27/2022

(2% per day x $13,636) x 15 days (06/10/2022 to 07/24/2022)= $4,090.80 late obligations under section 9.a, for unpaid 5th installment due on 06/10/2022

(2% per day x $13,636) x 15 days (06/24/2022 to 07/08/2022)= $4,090.80 late obligations under section 9.a, for unpaid 6th installment due on 06/24/2022

(2% per day x $13,636) x 15 days (07/08/2022 to 07/22/2022)= $4,090.80 late obligations under section 9.a, for unpaid 7th installment due on 07/08/2022

1

(2% per day x $13,636) x 15 days (07/22/2022 to 08/05/2022)= $4,090.80 late obligations under section 9.a, for unpaid 8th installment due on 07/22/2022

(2% per day x $13,636) x 15 days (08/05/2022 to 08/19/2022) = $4,090.80 late obligations under section 9.a, for unpaid 9th installment due on 08/05/2022

(2% per day x $13,636) x 15 days (08/19/2022 to 09/02/2022) = $4,090.80 late obligations under section 9.a, for unpaid 10th installment due on 08/19/2022

*(2% per day x $11,538) x 15 days (09/02/2022 to 09/16/2022) = $3,461.40 late obligations under section 9.a, for unpaid 11th installment due on 09/02/2022 (only $11,538 were paid on 9/16/2022, instead of $13,636 as stipulated by the Separation Agreement: this amount can be seen at row 49 page 158 Docket 723-2.)*

**On 09/16/2022a power amount was paid (line 49 page 158 Docket 732-2) $13,636 - $11,538 = $2098**

*Penalties for never paid amount of $2098, calculated between 09/02/2022 and 09/22/2022 (21 days):*

*(2% per day x $2,098) x 21 days (09/02/2022 to 09/22/2022) = $881.16 late obligations under section 9.a, for unpaid 11th installment due on 09/02/2022 (only $11,538 were paid on 9/16/2022, instead of $13,636 as stipulated by the Separation Agreement: this amount can be seen at row 49 page 158 Docket 723-2.)*

**Total penalties for late payments before September 22, 2022 ( the Petition Date): $4090.80 x10 + $3,461.40 + $881.16 = $$45,250.46**

> **B. The Plan Administrator and the Debtors falsely stated that the unpaid amount was $150,004.00, not $152,102:**

**Amount of installments paid before September 16, 2022: $13,636 x10 + $11,538 = $147,898.00. This amount differ from the amount of $150,004 falsely stated in the Objection 1199 bt the Plan Administrators / Debtors.**

**Amount of principal unpaid installments according to Section 9.a. of the Separation Agreement: $300,000 - $147,898 - $152,102**

**B. Penalties calculated to $152,102 unpaid accrued debt, between September 16,2022 and September 22, 2022**

**$152,102 x 2/100 (per day) x 6 days = $18,252.24**

**C. Total penalties accrued between 04/15/2022 and 09/22/2022 (the Bankruptcy Petition date)**

**$45,250.46 + $18,252.24 =$63,502.70**

**D. Penalties between September 23, 2022 and December 31,2022 calculated to the amount of accrued, unpaid debt of $152,102:**

**$152,102 x 2 /100 (per day)  x 100 days = $304,204.00**

**E. Penalties between April 15th, 2022 and December 31, 2022**

**$$63,502.70 + $304,204.00 = $367,706.70**

**F. Penalties between January 1st, 2023 and February 1st, 2023 calculated to the unpaid amount of $152.102**

**$152,102 x 2/100 (per day)  x 31 days= $94,303.24**

**Total between 04/15/2022 – 02/01/2023**

**= $367,706.70 + $94,303.24 = $462,009.94**

**F. Penalties between 02/01/2023 to date (08/14/2023 hearing date) calculated for the unpaid $152,102**

**$152,102 x 2/100 (per day)  x 194 days = $590,155.76**

**G. Total penalties from 04/15/2022 – current date of hearing 08/14/2023**

**$462,009.94 + $590,155.76 = $1,052,165.70**

Nelu Mihai, Claimant who filed Claim 10029, declares that the corrected calculus is provided to the court to decide, and the dates of real payments are correct, as stated also in Docket 732-2 as follows: 04/29/2022 (late, because the first installment was due on 04/15/2022), 05/13/2022, 05/27/2022, 06/10/2022, 06/24/2022, 07/08/202, 07/22/2022, 08/05/2022, 08/19/2022, 09/02/2022 and a lower payment on 09/16/2022.

The payments were in fact lower than $13,636.00 before taxes, the 10 payments stated as being of $13,636 were not of $13,636.00 before taxes, were lower than that, the late payment of $11,538 (due as $13,636, due on 09/02/2022 was paid late on 09/16/2022, and was lower), the unpaid amount of debt before September 22, 2022 was $152,102, not $1500,004 as falsely stated by Debtors and copied without verifications by the authors of the Objection 1199, the Debtors wrongly retaining FSA (it is not legal to retain such FSA money, after the Termination Date, at least because there is no way to claim the FSA expenses) and other amounts form the payments done before the Petition Date .

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

3

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-90273 (MI) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | |
| Debtors.[1] | |

**MOTION FOR INDICATING THE DOCUMENTS REFERRED IN THE RESPONSE NO. 1211 AND 1213 BY CLAIMANT NELU MIHAI (CLAIM 10029) TO OBJECTION 1199 AND PROPOSED ORDER 1199-2 FILED BY THE PLAN ADMINISTRATOR**

1. NELU MIHAI, PhD, former funding **Chief Technology Officer** at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), respectfully ask the Court to take into consideration the following aspects related to the claim 10029, referred in the "Response" (Docket # 1213 and Docket #1211, filed on 08/07/2023) to "Objection" no. 1199 and "Proposed Order" 1199-2 filed by the Plan Administrator on 0707/2023, and respectfully ask to consider these aspects as legal basis and sustaining materials to reject the Objection 1199 and Proposed Order 1199-2 and issue an order for allowance for my claim 10029.

2. I respectfully seek / kindly request to take into consideration the following aspects:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

3. The Objection 1199 is not based on the real situation, as proved by the real supporting materials, the Objection <u>does not indicate any of the so-called supporting materials</u> mentioned generally in the Summary paragraph 2 of the Objection 1199.

4. By contrary, supporting materials demonstrate that the Claim is NOT "comprised entirely of a penalty for failure to timely pay severance installments, the post-petition assessment". **In fact, the following documents, supporting materials, found in the Case 22-90273 Dockets, demonstrate that the Claim 10029 refers accrued and unpaid amounts of money owed by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date) of September 22, 2022, as wrongly and without evidence the Plan Administrator states in its "Objection" 1199:**

5. <u>Docket 723-2 filed on December 21, 2022, Revised Disclosure Statement, Schedule 2 One year payments (to Debtors), pages 157 to 162</u> prove that the affirmations of the Plan administrator in its Objection are not sustained. <u>The Company Compute North LLC / Debtors did not pay in time the amount obliged to thru the "*Severance Contract*" signed on March 28, 2022 between the Claimant and the Company / Debtors.</u> This Docket 723-2 contains untruthful payments declarations coming from the Debtors that should be amended, but taken into consideration by the Honorary Court to reject the Objection 1199 and Proposed Order 1199-2, on the following evident aspects:

6. **The Company / Debtors <u>failed to pay in time their severance payment obligations, both before and after the Petition Date (September 22, 2022).</u> The Debtors were NOT current on their severance payment obligations under the Separation both before and after the date of declaring bankruptcy (September 22, 2022) as proved by the Docket 723-2 of Case 22-90273.**

7. <u>The Plan Administrator failed to see or verify that the severance obligations of the Debtors were not paid in time between March 31, 2022 and September 22, 2022, the Petition date.</u>

8. One supporting material to reject the Objection is Docket 723-2 filed on 12/21/2022, page 157-162, where there is proof of delay in paying the obligation under the Severance Contract, before the Petition Date, starting with the first day after Claimant termination, March 31, 2022.

9. No prompt payments were done in April 2022. While the same Docket 723-2 pages 157-162 shows that the other executives were paid with salary on 4/1/2022, 4/15/2022

and 4/29/2022( Docket 723-2 page 158 rows 21,23, 25 for CEO Dave Perrill, rows 22, 24, 26 for CFO Ted W Piper etc.) and that <u>the Claimant was not paid on these three dates, being paid lately only on 4/29/2022.</u> This evidence imposes the rejection of the Objection 1199 (especially because it proves the contrary of the Plan Administrator's opinions, especially those opiniated without proof in sections 12, 13, 14, in the whole section B, 16 to 22, 24 etc. of the "Objection" 1199).

10. More than that, The Debtors falsely represent in Docket 723-2 page 157 that the Claimant Nelu Mihai would have received $20,895 as "severance payment" (*<u>raw 26 page 157 Docket 732, One Year Payments, Schedule 2, Disclosure Statement</u>*), **while this payment, late paid (the last check should have been paid by check on 3/31/2022, the last day of Claimant's employment), represents in fact the amount of the last check,** to whom the Claimant was entitled to receive on the last day of his employment, March 31, 2022, **and not a "severance payment" as falsely stated by the Company**. The Plan Administrator took this false statement of the Debtors without verifying the books kept by the Debtors (even more, the payment of $20,895 was done by check, not thru *Insperity*, as all the other executives were paid; in addition, the Plan administrator failed to see that the amount of $20,895 differs from the amount of a severance installment, $13636 before taxes. Was this false statement of the Debtors done to hide the late payment of the last check to which the Claimant was entitled to receive on March 31,2022?

11. The delay of 15 days for paying the last check to Claimant Nelu Mihai is evident.

12. The Plan Administrator did not indicate any supporting materials that the payments before the Petition date were done on time, as required by Chapter 9.a. of the Severance Contract signed on March 28, 2022, at the same dates with the payment of salaries for the other executives. The Objection contains only opinions based on belief, and no financial documents or other material evidence were provided to support the Objection 1199.

13. In fact, this Disclosure Statement 723-2 and other documents existing in the case dockets, in regards to the type and period of the amounts and significance of the debt object of the claim 10029, filed on November 24 2022 are contrary to the Plan Administrator's opinions exposed in the Objection 1199. There is no proof that what is asked to be allowed in the claim 10029 represents penalties "before the Petition date).

14. Even more, the Plan Administrator proposed a kind of "deal" to Claimant Nelu Mihai, recognizing that the Claimant should be paid for a period between the September 16, 2022 and the Petition date, probably following the opinions about the Claim 10029 expressed by the Debtors before the Court name the Plan Administrator. We kindly point that the Debtors falsely stated, in the previous Disclosure Statements, that the Claimant, Nelu Mihai, was paid with the whole amount of $300,000. The Claimant indicated these false statements of the Debtors in the hearing of 2022. Not even now the false elements in the Amended Disclosure statements were not corrected. That proves that double records and books were kept by Compute North LLC / Debtors. The other Creditors were sustaining this evidence. Practically, the Claimant Nelu Mihai had an important contribution to this case, not only to funding the Company / Debtors, and these aspects of Debtors altering and not correcting the Disclosure Statements should be provided by the Debtors should be provided to the Court.

15. The Claimant referred the errors committed by Debtors in keeping correct records of shares awarded to him. The Employment Contract has a certain number of shares, but the electronic system administration such shares ownership records called CARTA was altered by Debtors. This alteration was one of the causes for which the Severance Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors stipulated the terms in section 9.a. of the Severance Agreement.

16.  Another double, incorrect evidence referred in the Response to Objection (dockets 1211 and 1213) was about the work done by the Claimant Nelu Mihai in Compute North before November 2021. The Company altered also some documents about his work, in order, probably, not to pay him a bonus. The funding was already done, and his contribution to funding can be proved by the document that is provided as evidence now (Addendum 1). The Court is kindly asked to read the pages 157-162 of docket 723-2 where bonuses of $300,000 and other large amounts are indicated a given to the other executives, excepting the executive who transformed the Company Compute North LLC from an unfundable company (three or more years without any substantial investment form venture capitalists) into a fundable company, based in his visionary business plan about the future evolution of AI, data centers, energy consumption etc.

**17.** From Docket 723-2 pages 156-162 it can be seen that the Claimant had a higher wage before the funding in November 2021, according to his role in the Company (Compute North LLC) and his contribution to this significant funding of $380M.

After February 2022, the wages of the other executives were increased substantially, the other executives were paid with large bonuses, some of the bonuses being equal to the severance amount of cash established in the Separation Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors. In five months after his termination date, the Claimant Nelu Mihai was never paid on time with the obligations assumed by signing the *Severance Agreement*. No payment to Nelu Mihai was done between September 16, 2022 and the Petition Date, but dockets / Disclosure Statements were filed in Court case 22-90273 by Debtors, falsely showing as "paid" an unpaid accrued amount / severance obligations. Some other executives, who decided to apply for Company's bankruptcy, after receiving investments of $380M, received higher wages and bonuses in March 2022- September 22, 2022. Some of such executives claimed money in this case, becoming Claimants. In our knowledge, no objections were done to their claims. Is this the fairness the Plan Administrator write about in its Objection 1199? The Addendum no.1 shows the value of the business plan designed by the Claimant Nelu Mihai, plan that attracted the venture-capitalists investments of $380M. Addendum no. 2 contains the Amended Disclosure Statement Docket 723-2, pages 156-162 One Year Payments.

**CONCLUSION**

18. These supporting materials, some of the being dockets in the current case (docket 723-2 and other ones) prove indubitably that **Claim 10029 refers accrued and unpaid amounts of money owned by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date - September 22, 2022) as wrongly and without evidence the Plan Administrator states in its "Objection" 1199.**

19. We kindly request that the Claim 10029 be allowed in its entirety, and that the Court grant such other of allowance.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

**Schedule 2**

**One-Year Payments**

**Compute North**
*1 Year Pre-Petition Insider Payments*

| Debtor Name | Insider Name | Address | Relationship to Debtor | Date of Payment | Total Amount | Reason |
|---|---|---|---|---|---|---|
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 3/04/22 | 300,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/04/22 | 240,323 | Payroll & Benefits - Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/04/22 | 189,390 | Payroll & Benefits - Bonus |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/30/22 | 110,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/30/22 | 110,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/21/22 | 60,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/04/22 | 55,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/05/22 | 55,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Quartz Energy Partners | 2926 Quenby Avenue Houston Tx 77005 Usa | Board Member | 08/26/22 | 51,304 | Board Fees |
| Compute North LLC | Spencer William Barron | Redacted Address | Former COO | 3/04/22 | 50,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/30/22 | 50,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/30/22 | 50,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/27/22 | 49,366 | Payroll & Benefits - Relocation Bonus |
| Compute North LLC | WAND Corporation | 7575 Corporate Way Eden Prairie Mn 55344 | Affiliated Company, partially or wholly owned by Dave Perrill | 2/14/22 | 45,322 | Office Furniture & Fixtures |
| Compute North LLC | Eli Scher | Redacted Address | Board Member | 08/24/22 | 41,909 | Board Fees |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/05/22 | 40,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/24/22 | 35,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 8/19/22 | 34,615 | Payroll & Benefits - Severance |
| Compute North LLC | Spencer William Barron | Redacted Address | Former CAO | 8/30/22 | 30,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Spencer William Barron | Redacted Address | Former CAO | 2/15/22 | 29,446 | Payroll & Benefits - Other |
| Compute North LLC | Eli Scher | Redacted Address | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Quartz Energy Partners | 2926 Quenby Avenue Houston Tx 77005 Usa | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Scott Tillman | 545 Richards Rd Wayne Pa 19087 Usa | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 9/16/22 | 24,187 | Payroll & Benefits - PTO |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 6/01/22 | 22,629 | May HQ Rent |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 4/15/22 | 20,895 | Payroll & Benefits - Severance |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/22/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/22/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/05/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/05/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Scott Tillman | 545 Richards Rd Wayne Pa 19087 Usa | Board Member | 08/24/22 | 18,548 | Board Fees |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 2/20/22 | 17,841 | Lease |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 3/01/22 | 17,841 | March HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 4/01/22 | 17,841 | April HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 5/01/22 | 17,841 | May HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 11/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 12/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 1/01/22 | 16,395 | January HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 2/01/22 | 16,395 | February HQ Rent |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/31/22 | 15,389 | Payroll & Benefits - PTO |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 7/01/22 | 15,001 | Payroll & Benefits - PTO |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 4/29/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 5/13/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 5/27/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 6/10/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 6/24/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 7/08/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 7/22/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 8/05/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 8/19/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 9/02/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 5/27/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 6/10/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 6/24/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 7/08/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 7/22/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 8/05/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 10/01/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 10/15/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/15/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 10/29/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/29/21 | 11,538 | Payroll & Benefits - Salary |

| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 11/12/21 | 11,538 | Payroll & Benefits - Salary |
|---|---|---|---|---|---|---|
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 11/12/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 11/26/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 11/26/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 12/10/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 12/10/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 12/24/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 12/24/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 1/07/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 1/07/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 1/21/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 1/21/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 2/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 2/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 2/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 2/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 3/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 3/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/01/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/01/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/15/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/15/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/29/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/29/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 5/13/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 5/13/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 5/27/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 5/27/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 7/08/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 7/08/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 7/22/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 7/22/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 8/05/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/05/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 8/19/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/19/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 9/02/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/02/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 9/02/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/16/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 9/16/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 9/16/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/01/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/15/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/29/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 11/12/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 11/26/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 12/10/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 12/24/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 1/07/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 1/21/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 2/04/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 2/18/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/04/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/18/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/31/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 4/29/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 5/13/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 5/27/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/10/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/24/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/08/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/08/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/22/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/22/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/05/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/05/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/19/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/19/22 | 10,962 | Payroll & Benefits - Salary |

| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 9/02/22 | 10,962 | Payroll & Benefits - Salary |
|---|---|---|---|---|---|---|
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 9/02/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 9/16/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 9/16/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 10/01/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 10/15/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/15/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 10/29/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/29/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 11/12/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 11/12/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 11/26/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 11/26/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 12/10/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 12/10/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 12/24/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 12/24/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 1/07/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 1/07/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 1/21/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 1/21/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 2/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 2/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 2/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 2/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/01/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/01/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/15/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/15/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/29/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/29/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/13/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 5/13/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/27/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 5/27/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 6/10/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 6/24/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 7/08/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 7/22/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/05/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/19/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 9/02/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 9/16/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/01/21 | 9,231 | Payroll & Benefits - Salary |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 8,200 | Digital Advertising Management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 11/01/21 | 8,200 | Digital Advertising Management |

| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 12/01/21 | 8,200 | Digital Advertising Management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 1/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 2/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 3/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 4/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 5/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 7/01/22 | 8,077 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 9/16/22 | 8,077 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/01/21 | 7,692 | Payroll & Benefits - Salary |
| Compute North LLC | WAND Corporation | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 7,050 | Employee Payroll Allocation & Expense Reimbursement |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 09/20/22 | 6,939 | Expense Reimbursement |

**<u>Schedule 3</u>**

**KERP Payments**

**Compute North**
*KERP Payments*

| Debtor Name | Insider Name | Date of Payment | Total Amount | Reason | Type |
|---|---|---|---|---|---|
| Compute North LLC | Harold Eugene Coulby | 7/22/2022 | $ 20,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 7/22/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Edward Drake Harvey III | 8/5/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Harold Eugene Coulby | 8/5/2022 | 55,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 8/5/2022 | 40,000 | KERP | Officer |
| Compute North LLC | Kyle David Wenzel | 8/5/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Brian Haak | 8/30/2022 | 75,000 | KERP | Employee |
| Compute North LLC | Jack D' Angelo | 8/30/2022 | 75,000 | KERP | Employee |
| Compute North LLC | Tim Dahl | 8/30/2022 | 60,000 | KERP | Employee |
| Compute North LLC | Mark Bader | 8/30/2022 | 50,000 | KERP | Employee |
| Compute North LLC | Cherylnn Luoma | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Nick Crain | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Gannon Seek | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Rick Rennich | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Sunil Divakaruni | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Matt Rice | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Andrew Prosser | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Dave Movius | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Nate Hubert | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Ashan Faiz | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Edward Drake Harvey III | 8/30/2022 | 50,000 | KERP | Officer |
| Compute North LLC | Harold Eugene Coulby | 8/30/2022 | 110,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 8/30/2022 | 110,000 | KERP | Officer |
| Compute North LLC | Kyle David Wenzel | 8/30/2022 | 50,000 | KERP | Officer |
| Compute North LLC | Spencer William Barron | 8/30/2022 | 30,000 | KERP | Officer |
| Compute North LLC | Nate Hubert | 9/21/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Ashan Faiz | 9/21/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Edward Drake Harvey III | 9/21/2022 | 60,000 | KERP | Officer |
| **Total** | | | **$ 1,165,000** | | |

https://www.prnewswire.com/news-releases/coreweave-secures-2-3-billion-debt-financing-facility-led-by-magnetar-capital-and-blackstone-to-meet-surging-demand-and-ongoing-expansion-of-specialized-cloud-infrastructure-to-power-ai-301892706.html

**Addendum No. 2**

**CoreWeave Secures $2.3 Billion Debt Financing Facility led by Magnetar Capital and Blackstone to Meet Surging Demand and Ongoing Expansion of Specialized Cloud Infrastructure to Power AI**

---

News provided by

**CoreWeave**

03 Aug, 2023, 09:00 ET

---

- *Debt financing facility led by Magnetar and Blackstone and with strategic participation from Coatue, DigitalBridge Credit, and funds and accounts managed by BlackRock, PIMCO, and Carlyle*
- *Funding to purchase compute to serve its customers, while bolstering its talent base*
- *Follows recent $421 million Series B funding round*

ROSELAND, N.J., Aug. 3, 2023 /PRNewswire/ -- CoreWeave, a specialized cloud provider of large-scale GPU-accelerated workloads, today announced it has secured a $2.3 billion debt financing facility. The funding was led by Magnetar Capital and funds managed by Blackstone Tactical Opportunities ("Blackstone") with strategic participation from leading asset management firms Coatue and DigitalBridge Credit, and funds and accounts managed by BlackRock, PIMCO, and Carlyle.

CoreWeave is powering the LLM (large language model) and generative AI boom with purpose-built, ultraperformant cloud infrastructure at scale. The new financing will be used to add to its fleet of high-performance compute to serve its customers, open new data centers, and add to CoreWeave's world class staff.

"AI has the potential to transform the way we engage with technology, power the industries of the future, and make society's vital services more efficient - as long as the infrastructure is in place to deliver performance at scale," said Michael Intrator, CoreWeave CEO and co-founder. "CoreWeave is delivering on this unprecedented level of demand with the most reliable, flexible, and highly performant compute resources to lead the industry forward. The new resources from these world class investors are a vote of confidence in our accomplishments to date and validate our future strategy."

"We are incredibly proud to expand our years-long partnership with CoreWeave through this important transaction that positions the company for long-term growth and success," said David Snyderman, Chief Investment Officer and Managing Partner at Magnetar Capital. "As AI becomes increasingly integrated into businesses and society at large, CoreWeave is well equipped to meet the world's increasing need for high performance compute and serve as a value-added provider to each of its customers."

1

https://www.prnewswire.com/news-releases/coreweave-secures-2-3-billion-debt-financing-facility-led-by-magnetar-capital-and-blackstone-to-meet-surging-demand-and-ongoing-expansion-of-specialized-cloud-infrastructure-to-power-ai-301892706.html

Jasvinder Khaira, a Blackstone Senior Managing Director, said: "The soaring computing demand from generative AI will require significant investment in specialized GPU cloud infrastructure – where CoreWeave is a clear leader in powering innovation. Blackstone's investment in CoreWeave aligns perfectly with our focus on AI and digital infrastructure, and takes advantage of our scale and flexibility to offer innovative financial solutions to market leaders."

Earlier this month, CoreWeave announced a new $1.6 billion data center in Plano, Texas – a milestone as the company continues to aggressively expand its capacity and infrastructure footprint. This company anticipates a fleet of 14 data centers to be in place by the end of 2023.

Last month, CoreWeave unveiled the world's fastest AI supercomputer built in partnership with NVIDIA, measured by an industry standard benchmark test called the MLPerf. CoreWeave's publicly available supercomputing infrastructure trained the new MLPerf GPT-3 175B large language model (LLM) in under 11 minutes, which was more than 29x faster than the next best competitor and 4x larger than the next best competitor.

In April, CoreWeave announced it had raised $221 million in Series B funding led by Magnetar Capital with contributions from NVIDIA, Nat Friedman and Daniel Gross. One month later, CoreWeave secured $200 million in a Series B extension, also led by Magnetar Capital.

**About CoreWeave**

Founded in 2017, CoreWeave is a specialized cloud provider, delivering a massive scale of GPU compute resources on top of the industry's fastest and most flexible infrastructure. CoreWeave builds cloud solutions for compute-intensive use cases — machine learning and AI, VFX and rendering, life sciences, the Metaverse, and real-time streaming — that are up to 35 times faster and 80% less expensive than the large, generalized public clouds. Learn more at www.coreweave.com.

Contact:
Brittany Stone
coreweave@teneo.com

SOURCE CoreWeave

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-90273 (MI) |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | |
| Debtors.[1] | |

**MOTION FOR INDICATING THE DOCUMENTS REFERRED IN THE RESPONSE NO. 1211 AND 1213 BY CLAIMANT NELU MIHAI (CLAIM 10029) TO OBJECTION 1199 AND PROPOSED ORDER 1199-2 FILED BY THE PLAN ADMINISTRATOR**

1.  NELU MIHAI, PhD, former funding **Chief Technology Officer** at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), respectfully ask the Court to take into consideration the following aspects related to the claim 10029, referred in the "Response" (Docket # 1213 and Docket #1211, filed on 08/07/2023) to "Objection" no. 1199 and "Proposed Order" 1199-2 filed by the Plan Administrator on 0707/2023, and respectfully ask to consider these aspects as legal basis and sustaining materials to reject the Objection 1199 and Proposed Order 1199-2 and issue an order for allowance for my claim 10029.

2.  I respectfully seek / kindly request to take into consideration the following aspects:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

3. The Objection 1199 is not based on the real situation, as proved by the real supporting materials, the Objection <u>does not indicate any of the so-called supporting materials</u> mentioned generally in the Summary paragraph 2 of the Objection 1199.

4. By contrary, supporting materials demonstrate that the Claim is NOT "comprised entirely of a penalty for failure to timely pay severance installments, the post-petition assessment". **In fact, the following documents, supporting materials, found in the Case 22-90273 Dockets, demonstrate that the Claim 10029 refers accrued and unpaid amounts of money owned by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date) of September 22, 2022, as wrongly and without evidence the Plan Administrator states in its "Objection" 1199:**

5. <u>Docket 723-2 filed on December 21, 2022, Revised Disclosure Statement, Schedule 2 One year payments (to Debtors), pages 157 to 162</u> prove that the affirmations of the Plan administrator in its Objection are not sustained. <u>The Company Compute North LLC / Debtors did not pay in time the amount obliged to thru the "*Severance Contract*" signed on March 28, 2022 between the Claimant and the Company / Debtors.</u> This Docket 723-2 contains untruthful payments declarations coming from the Debtors that should be amended, but taken into consideration by the Honorary Court to reject the Objection 1199 and Proposed Order 1199-2, on the following evident aspects:

6. **The Company / Debtors <u>failed to pay in time their severance payment obligations, both before and after the Petition Date (September 22, 2022).</u> The Debtors were NOT current on their severance payment obligations under the Separation both before and after the date of declaring bankruptcy (September 22, 2022) as proved by the Docket 723-2 of Case 22-90273.**

7. <u>The Plan Administrator failed to see or verify that the severance obligations of the Debtors were not paid in time between March 31, 2022 and September 22, 2022, the Petition date.</u>

8. One supporting material to reject the Objection is Docket 723-2 filed on 12/21/2022, page 157-162, where there is proof of delay in paying the obligation under the Severance Contract, before the Petition Date, starting with the first day after Claimant termination, March 31, 2022.

9. No prompt payments were done in April 2022. While the same Docket 723-2 pages 157-162 shows that the other executives were paid with salary on 4/1/2022, 4/15/2022

and 4/29/2022( Docket 723-2 page 158 rows 21,23, 25 for CEO Dave Perrill, rows 22, 24, 26 for CFO Ted W Piper etc.) and that the Claimant was not paid on these three dates, being paid lately only on 4/29/2022. This evidence imposes the rejection of the Objection 1199 (especially because it proves the contrary of the Plan Administrator's opinions, especially those opiniated without proof in sections 12, 13, 14, in the whole section B, 16 to 22, 24 etc. of the "Objection" 1199).

10. More than that, The Debtors falsely represent in Docket 723-2 page 157 that the Claimant Nelu Mihai would have received $20,895 as "severance payment" (*raw 26 page 157 Docket 732, One Year Payments, Schedule 2, Disclosure Statement*), **while this payment, late paid (the last check should have been paid by check on 3/31/2022, the last day of Claimant's employment), represents in fact the amount of the last check,** to whom the Claimant was entitled to receive on the last day of his employment, March 31, 2022, **and not a "severance payment" as falsely stated by the Company**. The Plan Administrator took this false statement of the Debtors without verifying the books kept by the Debtors (even more, the payment of $20,895 was done by check, not thru *Insperity*, as all the other executives were paid; in addition, the Plan administrator failed to see that the amount of $20,895 differs from the amount of a severance installment, $13636 before taxes. Was this false statement of the Debtors done to hide the late payment of the last check to which the Claimant was entitled to receive on March 31,2022?

11. The delay of 15 days for paying the last check to Claimant Nelu Mihai is evident.

12. The Plan Administrator did not indicate any supporting materials that the payments before the Petition date were done on time, as required by Chapter 9.a. of the Severance Contract signed on March 28, 2022, at the same dates with the payment of salaries for the other executives. The Objection contains only opinions based on belief, and no financial documents or other material evidence were provided to support the Objection 1199.

13. In fact, this Disclosure Statement 723-2 and other documents existing in the case dockets, in regards to the type and period of the amounts and significance of the debt object of the claim 10029, filed on November 24 2022 are contrary to the Plan Administrator's opinions exposed in the Objection 1199. There is no proof that what is asked to be allowed in the claim 10029 represents penalties "before the Petition date).

14. Even more, the Plan Administrator proposed a kind of "deal" to Claimant Nelu Mihai, recognizing that the Claimant should be paid for a period between the September 16, 2022 and the Petition date, probably following the opinions about the Claim 10029 expressed by the Debtors before the Court name the Plan Administrator. We kindly point that the Debtors falsely stated, in the previous Disclosure Statements, that the Claimant, Nelu Mihai, was paid with the whole amount of $300,000. The Claimant indicated these false statements of the Debtors in the hearing of 2022. Not even now the false elements in the Amended Disclosure statements were not corrected. That proves that double records and books were kept by Compute North LLC / Debtors. The other Creditors were sustaining this evidence. Practically, the Claimant Nelu Mihai had an important contribution to this case, not only to funding the Company / Debtors, and these aspects of Debtors altering and not correcting the Disclosure Statements should be provided by the Debtors should be provided to the Court.

15. The Claimant referred the errors committed by Debtors in keeping correct records of shares awarded to him. The Employment Contract has a certain number of shares, but the electronic system administration such shares ownership records called CARTA was altered by Debtors. This alteration was one of the causes for which the Severance Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors stipulated the terms in section 9.a. of the Severance Agreement.

16. Another double, incorrect evidence referred in the Response to Objection (dockets 1211 and 1213) was about the work done by the Claimant Nelu Mihai in Compute North before November 2021. The Company altered also some documents about his work, in order, probably, not to pay him a bonus. The funding was already done, and his contribution to funding can be proved by the document that is provided as evidence now (Addendum 1). The Court is kindly asked to read the pages 157-162 of docket 723-2 where bonuses of $300,000 and other large amounts are indicated a given to the other executives, excepting the executive who transformed the Company Compute North LLC from an unfundable company (three or more years without any substantial investment form venture capitalists) into a fundable company, based in his visionary business plan about the future evolution of AI, data centers, energy consumption etc.

17. From Docket 723-2 pages 156-162 it can be seen that the Claimant had a higher wage before the funding in November 2021, according to his role in the Company (Compute North LLC) and his contribution to this significant funding of $380M.

After February 2022, the wages of the other executives were increased substantially, the other executives were paid with large bonuses, some of the bonuses being equal to the severance amount of cash established in the Separation Agreement signed on March 28, 2022 between the Claimant Nelu Mihai and Compute North LLC / Debtors. In five months after his termination date, the Claimant Nelu Mihai was never paid on time with the obligations assumed by signing the *Severance Agreement*. No payment to Nelu Mihai was done between September 16, 2022 and the Petition Date, but dockets / Disclosure Statements were filed in Court case 22-90273 by Debtors, falsely showing as "paid" an unpaid accrued amount / severance obligations. Some other executives, who decided to apply for Company's bankruptcy, after receiving investments of $380M, received higher wages and bonuses in March 2022- September 22, 2022. Some of such executives claimed money in this case, becoming Claimants. In our knowledge, no objections were done to their claims. Is this the fairness the Plan Administrator write about in its Objection 1199? The Addendum no.1 shows the value of the business plan designed by the Claimant Nelu Mihai, plan that attracted the venture-capitalists investments of $380M. Addendum no. 2 contains the Amended Disclosure Statement Docket 723-2, pages 156-162 One Year Payments.

**CONCLUSION**

18. These supporting materials, some of the being dockets in the current case (docket 723-2 and other ones) prove indubitably that **Claim 10029 refers accrued and unpaid amounts of money owned by the Debtors to the Claimant starting with the first day after the "Separation Date" (March 31, 2022), and not after the Notice Date ("the Petition date - September 22, 2022) as wrongly and without evidence the Plan Administrator states in its "Objection" 1199.**

19. We kindly request that the Claim 10029 be allowed in its entirety, and that the Court grant such other of allowance.

Respectfully,

Nelu Mihai

201 Harrison Street #210,

San Francisco, CA 94105

nelumihai@prodigy.net

**Schedule 2**

**One-Year Payments**

**Compute North**
*1 Year Pre-Petition Insider Payments*

| Debtor Name | Insider Name | Address | Relationship to Debtor | Date of Payment | Total Amount | Reason |
|---|---|---|---|---|---|---|
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 3/04/22 | 300,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/04/22 | 240,323 | Payroll & Benefits - Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/04/22 | 189,390 | Payroll & Benefits - Bonus |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/30/22 | 110,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/30/22 | 110,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/21/22 | 60,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/04/22 | 55,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/05/22 | 55,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Quartz Energy Partners | 2926 Quenby Avenue Houston Tx 77005 Usa | Board Member | 08/26/22 | 51,304 | Board Fees |
| Compute North LLC | Spencer William Barron | Redacted Address | Former COO | 3/04/22 | 50,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/30/22 | 50,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/30/22 | 50,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/27/22 | 49,366 | Payroll & Benefits - Relocation Bonus |
| Compute North LLC | WAND Corporation | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 2/14/22 | 45,322 | Office Furniture & Fixtures |
| Compute North LLC | Eli Scher | Redacted Address | Board Member | 08/24/22 | 41,909 | Board Fees |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/05/22 | 40,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/24/22 | 35,000 | Payroll & Benefits - Bonus |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 8/19/22 | 34,615 | Payroll & Benefits - Severance |
| Compute North LLC | Spencer William Barron | Redacted Address | Former CAO | 8/30/22 | 30,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Spencer William Barron | Redacted Address | Former CAO | 2/15/22 | 29,446 | Payroll & Benefits - Other |
| Compute North LLC | Eli Scher | Redacted Address | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Quartz Energy Partners | 2926 Quenby Avenue Houston Tx 77005 Usa | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Scott Tillman | 545 Richards Rd Wayne Pa 19087 Usa | Board Member | 09/16/22 | 25,000 | Board Fees |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 9/16/22 | 24,187 | Payroll & Benefits - PTO |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 6/01/22 | 22,629 | May HQ Rent |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 4/15/22 | 20,895 | Payroll & Benefits - Severance |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/22/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/22/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/05/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/05/22 | 20,000 | Payroll & Benefits - Retention Bonus |
| Compute North LLC | Scott Tillman | 545 Richards Rd Wayne Pa 19087 Usa | Board Member | 08/24/22 | 18,548 | Board Fees |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 2/20/22 | 17,841 | Lease |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 3/01/22 | 17,841 | March HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 4/01/22 | 17,841 | April HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 5/01/22 | 17,841 | May HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 11/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 12/01/21 | 16,395 | Monthly Base Rent Plus Operating Expenses |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 1/01/22 | 16,395 | January HQ Rent |
| Compute North LLC | 7575 Management LLC | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 2/01/22 | 16,395 | February HQ Rent |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/31/22 | 15,389 | Payroll & Benefits - PTO |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 7/01/22 | 15,001 | Payroll & Benefits - PTO |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 4/29/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 5/13/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 5/27/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 6/10/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 6/24/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 7/08/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 7/22/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 8/05/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 8/19/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 9/02/22 | 13,636 | Payroll & Benefits - Severance |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 5/27/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 6/10/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 6/24/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 7/08/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 7/22/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | YADAV, SATYENDRA NMI | Redacted Address | Former CTO | 8/05/22 | 12,500 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 10/01/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/15/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 10/29/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/29/21 | 11,538 | Payroll & Benefits - Salary |

| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 11/12/21 | 11,538 | Payroll & Benefits - Salary |
|---|---|---|---|---|---|---|
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 11/12/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 11/26/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 11/26/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 12/10/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 12/10/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 12/24/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 12/24/21 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 1/07/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 1/07/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 1/21/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 1/21/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 2/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 2/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 2/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 2/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 3/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/04/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 3/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 3/18/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/01/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/01/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/15/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/15/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 4/29/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 4/29/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 5/13/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 5/13/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 5/27/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 5/27/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 6/10/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 6/24/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 7/08/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 7/08/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 7/22/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 7/22/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 8/05/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/05/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 8/19/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 8/19/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perill | Redacted Address | Former President / CEO | 9/02/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/02/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 9/02/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 9/16/22 | 11,538 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 9/16/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 9/16/22 | 11,538 | Payroll & Benefits - Severance |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/01/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/15/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 10/29/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 11/12/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 11/26/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 12/10/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 12/24/21 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 1/07/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 1/21/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 2/04/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 2/18/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/04/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/18/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Nelu Mihai | 201 Harrison St San Francisco Ca 94105 Usa | Former CTO | 3/31/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 4/29/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 5/13/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 5/27/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/10/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 6/24/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/08/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/08/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 7/22/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 7/22/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/05/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/05/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 8/19/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 8/19/22 | 10,962 | Payroll & Benefits - Salary |

| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 9/02/22 | 10,962 | Payroll & Benefits - Salary |
|---|---|---|---|---|---|---|
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 9/02/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Harold Eugene Coulby | 1510 Stablersville Rd White Hall Md 21161-8816 Usa | CFO | 9/16/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Jason Stokes | Redacted Address | Chief Legal Officer | 9/16/22 | 10,962 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 10/01/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/15/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 10/29/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/29/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 11/12/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 11/12/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 11/26/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 11/26/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 12/10/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 12/10/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 12/24/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 12/24/21 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 1/07/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 1/07/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 1/21/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 1/21/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 2/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 2/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 2/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 2/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/04/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 3/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 3/18/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/01/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/01/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/15/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/15/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 4/29/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 4/29/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/13/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 5/13/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Edward Drake Harvey III | 5 Village Ln Excelsior Mn 55331-2608 Usa | COO / President | 5/27/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 5/27/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 6/10/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 6/24/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 7/08/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 7/22/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/05/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 8/19/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 9/02/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 9/16/22 | 9,615 | Payroll & Benefits - Salary |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 10/01/21 | 9,231 | Payroll & Benefits - Salary |
| Compute North LLC | Perill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 8,200 | Digital Advertising Management |
| Compute North LLC | Perill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 11/01/21 | 8,200 | Digital Advertising Management |

| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 12/01/21 | 8,200 | Digital Advertising Management |
|---|---|---|---|---|---|---|
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 1/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 2/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 3/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 4/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Perrill | 110 Cheshire Lane # 105 Minnetonka Mn 55305 | Affiliated Company, partially or wholly owned by Dave Perrill | 5/01/22 | 8,200 | Digital advertising management |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 7/01/22 | 8,077 | Payroll & Benefits - Salary |
| Compute North LLC | Dave Perrill | Redacted Address | Former President / CEO | 9/16/22 | 8,077 | Payroll & Benefits - Salary |
| Compute North LLC | Kyle David Wenzel | 24985 Bentgrass Way Shorewood Mn 55331-2709 Usa | Former COO | 10/01/21 | 7,692 | Payroll & Benefits - Salary |
| Compute North LLC | WAND Corporation | 7575 Corporate Way Eden Prairie Mn 55344 Usa | Affiliated Company, partially or wholly owned by Dave Perrill | 10/01/21 | 7,050 | Employee Payroll Allocation & Expense Reimbursement |
| Compute North LLC | Tad W Piper | 270 Bushaway Rd Wayzata Mn 55391 Usa | Former CFO | 09/20/22 | 6,939 | Expense Reimbursement |

**<u>Schedule 3</u>**

**KERP Payments**

**Compute North**
*KERP Payments*

| Debtor Name | Insider Name | Date of Payment | Total Amount | Reason | Type |
|---|---|---|---|---|---|
| Compute North LLC | Harold Eugene Coulby | 7/22/2022 | $ 20,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 7/22/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Edward Drake Harvey III | 8/5/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Harold Eugene Coulby | 8/5/2022 | 55,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 8/5/2022 | 40,000 | KERP | Officer |
| Compute North LLC | Kyle David Wenzel | 8/5/2022 | 20,000 | KERP | Officer |
| Compute North LLC | Brian Haak | 8/30/2022 | 75,000 | KERP | Employee |
| Compute North LLC | Jack D' Angelo | 8/30/2022 | 75,000 | KERP | Employee |
| Compute North LLC | Tim Dahl | 8/30/2022 | 60,000 | KERP | Employee |
| Compute North LLC | Mark Bader | 8/30/2022 | 50,000 | KERP | Employee |
| Compute North LLC | Cherylnn Luoma | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Nick Crain | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Gannon Seek | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Rick Rennich | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Sunil Divakaruni | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Matt Rice | 8/30/2022 | 15,000 | KERP | Employee |
| Compute North LLC | Andrew Prosser | 8/30/2022 | 20,000 | KERP | Employee |
| Compute North LLC | Dave Movius | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Nate Hubert | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Ashan Faiz | 8/30/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Edward Drake Harvey III | 8/30/2022 | 50,000 | KERP | Officer |
| Compute North LLC | Harold Eugene Coulby | 8/30/2022 | 110,000 | KERP | Officer |
| Compute North LLC | Jason Stokes | 8/30/2022 | 110,000 | KERP | Officer |
| Compute North LLC | Kyle David Wenzel | 8/30/2022 | 50,000 | KERP | Officer |
| Compute North LLC | Spencer William Barron | 8/30/2022 | 30,000 | KERP | Officer |
| Compute North LLC | Nate Hubert | 9/21/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Ashan Faiz | 9/21/2022 | 40,000 | KERP | Employee |
| Compute North LLC | Edward Drake Harvey III | 9/21/2022 | 60,000 | KERP | Officer |
| **Total** | | | **$ 1,165,000** | | |

https://www.prnewswire.com/news-releases/coreweave-secures-2-3-billion-debt-financing-facility-led-by-magnetar-capital-and-blackstone-to-meet-surging-demand-and-ongoing-expansion-of-specialized-cloud-infrastructure-to-power-ai-301892706.html

**Addendum No. 2**

**CoreWeave Secures $2.3 Billion Debt Financing Facility led by Magnetar Capital and Blackstone to Meet Surging Demand and Ongoing Expansion of Specialized Cloud Infrastructure to Power AI**

---

News provided by

**CoreWeave**

03 Aug, 2023, 09:00 ET

---

- *Debt financing facility led by Magnetar and Blackstone and with strategic participation from Coatue, DigitalBridge Credit, and funds and accounts managed by BlackRock, PIMCO, and Carlyle*
- *Funding to purchase compute to serve its customers, while bolstering its talent base*
- *Follows recent $421 million Series B funding round*

ROSELAND, N.J., Aug. 3, 2023 /PRNewswire/ -- CoreWeave, a specialized cloud provider of large-scale GPU-accelerated workloads, today announced it has secured a $2.3 billion debt financing facility. The funding was led by Magnetar Capital and funds managed by Blackstone Tactical Opportunities ("Blackstone") with strategic participation from leading asset management firms Coatue and DigitalBridge Credit, and funds and accounts managed by BlackRock, PIMCO, and Carlyle.

CoreWeave is powering the LLM (large language model) and generative AI boom with purpose-built, ultraperformant cloud infrastructure at scale. The new financing will be used to add to its fleet of high-performance compute to serve its customers, open new data centers, and add to CoreWeave's world class staff.

"AI has the potential to transform the way we engage with technology, power the industries of the future, and make society's vital services more efficient - as long as the infrastructure is in place to deliver performance at scale," said Michael Intrator, CoreWeave CEO and co-founder. "CoreWeave is delivering on this unprecedented level of demand with the most reliable, flexible, and highly performant compute resources to lead the industry forward. The new resources from these world class investors are a vote of confidence in our accomplishments to date and validate our future strategy."

"We are incredibly proud to expand our years-long partnership with CoreWeave through this important transaction that positions the company for long-term growth and success," said David Snyderman, Chief Investment Officer and Managing Partner at Magnetar Capital. "As AI becomes increasingly integrated into businesses and society at large, CoreWeave is well equipped to meet the world's increasing need for high performance compute and serve as a value-added provider to each of its customers."

1

https://www.prnewswire.com/news-releases/coreweave-secures-2-3-billion-debt-financing-facility-led-by-magnetar-capital-and-blackstone-to-meet-surging-demand-and-ongoing-expansion-of-specialized-cloud-infrastructure-to-power-ai-301892706.html

Jasvinder Khaira, a Blackstone Senior Managing Director, said: "The soaring computing demand from generative AI will require significant investment in specialized GPU cloud infrastructure – where CoreWeave is a clear leader in powering innovation. Blackstone's investment in CoreWeave aligns perfectly with our focus on AI and digital infrastructure, and takes advantage of our scale and flexibility to offer innovative financial solutions to market leaders."

Earlier this month, CoreWeave announced a new $1.6 billion data center in Plano, Texas – a milestone as the company continues to aggressively expand its capacity and infrastructure footprint. This company anticipates a fleet of 14 data centers to be in place by the end of 2023.

Last month, CoreWeave unveiled the world's fastest AI supercomputer built in partnership with NVIDIA, measured by an industry standard benchmark test called the MLPerf. CoreWeave's publicly available supercomputing infrastructure trained the new MLPerf GPT-3 175B large language model (LLM) in under 11 minutes, which was more than 29x faster than the next best competitor and 4x larger than the next best competitor.

In April, CoreWeave announced it had raised $221 million in Series B funding led by Magnetar Capital with contributions from NVIDIA, Nat Friedman and Daniel Gross. One month later, CoreWeave secured $200 million in a Series B extension, also led by Magnetar Capital.

**About CoreWeave**

Founded in 2017, CoreWeave is a specialized cloud provider, delivering a massive scale of GPU compute resources on top of the industry's fastest and most flexible infrastructure. CoreWeave builds cloud solutions for compute-intensive use cases — machine learning and AI, VFX and rendering, life sciences, the Metaverse, and real-time streaming — that are up to 35 times faster and 80% less expensive than the large, generalized public clouds. Learn more at www.coreweave.com.

Contact:
Brittany Stone
coreweave@teneo.com

SOURCE CoreWeave