**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), et al., | Case No. 22-90273 (MI) |
| Debtors.[1] | |

**NELU MIHAI'S EMERGENCY MOTION TO OPPOSE TO MR. CHARLES GIBBS'S AGENDA FOR THE HEARING SCHEDULED ON OCTOBER 5, 2023, AGENDA THAT INCLUDES A VERITABLE MOTION FOR CONTINUANCE IN SOLVING CLAIM 10026, RELATED TO CLAIM 10029**

1. NELU MIHAI, PhD, former funding Chief Technology Officer (CTO) at Compute North LLC / Debtors, in his capacity as Creditor ("Creditor") and Claimant of the Claim no. 10029 and Claim 10026, both filed on October 24, 2022, in case 22-90273 (the "Bankruptcy Case", "Case no. 22-90273"), "Movant", hereby respectfully files this Emergency Motion seeking for a Court Order:

**a) to reject the veritable late request for a continuance for the matter "Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10026)"**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**b) to change the status of the matter Objection 1246 to Claim 10026 into "final hearing / trial"**

**c) to change the status of the matter "Plan Administrator's Objection to Claim Asserted by Nelu Mihai (Claim No. 10029)" into a "final hearing / trial"**

**d) to allow as Related documents filed by Claimant Nelu Mihai for denying Objection to Claim 10029 all the Related documents filed by Nelu Mihai in relation to Claim 10026.**

2. The legal base of this Emergency Motion is The Privacy Act of 1974, the comprehensive privacy laws in Texas State and California State (the irreparable harmed persons and I are California residents), 29 C.F.R. § 18.31(a) for reasons contained in docket 1304 filed by Mr. Gibbs. (again, in the recent documents filed by Debtors there are disguised requests for personal information, medical information, documents belonging and addressed to Claimant 's family members, mentions about "cross examinations" of Claimant's tax lawyers, experts, counsels etc. while the Court "did not allow deposition testimonies" (in order 1235 issued during the hearing on August 14th, 2023): notice sent to Claimant to be a witness during the hearing scheduled for October 5th, 2023 etc.)

3. The two Claims now have the same evidence documents, and all documents have been filed.

4. The Court ordered on August 14th, 2023, hearing: "*no deposition testimonies because the Court thinks that it is about documents*". All discoveries are filed and are applicable to both Claims (minute 12:29 in the audio file docket 1236).

5. The request for a continuance was not filed legally by the author of the Agenda, three days before the hearing date.

6. There is no legal basis to continue with another hearing for Objection 1246 to Claim 10026, while the two Objections and Claims now depend one on another.

7. Money can be saved, to the benefit of all Creditors, by solving both Claims in the already scheduled hearing on October 5, 2023.

8. Claimant Nelu Mihai is after a serious medical surgery and does not agree to any continuance of judging the two Objections to Claims 100126 and 10029 separately in different hearings, at least because both are related to the Separation Agreement between him and Compute North LLC / Debtors.

9.      Continuing with other hearings for Objection to Claim 10026 does not make financial sense for Creditors, Claimant and it would make impossible to analyze the Objection to Claim 10029, before analyzing the Objection to and the Claim 10026.

10. The Court should be informed that a settlement meeting, requested by Claimant, took place, but failed because no real negotiations occurred.  Claimant tried to respect the Court's time, but it was out of his control to bring the Debtors' lawyers to real negotiations or compromise.

11. Debtors' lawyers' fees would increase without reason, for copying from the documents related to Claim 10029 into the documents for the objection to the other claim 10026.

12. The Court would be loaded with extra-long documents related to the same facts and Separation Agreement.

Respectfully submitted,

Dated: October 4st, 2023

NELU MIHAI
/s/ *Nelu Mihai*

_____

201 Harrison Street Apt. 210,
San Francisco CA 94105
Email: nelumihai@prodigy.net

CERTIFICATE OF SERVICE

I certify that on October 4st, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in this case 22-90273.

                                                  NELU MIHAI, PhD

_____