IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI)<br><br>(Jointly Administered) |

PLAN ADMINISTRATOR'S SUPPLEMENTAL
MOTION TO EXTEND DEADLINE FOR OBJECTIONS TO CLAIMS

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator")[2] in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), by and through counsel, hereby

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as defined herein).

files this *Supplemental Motion to Extend Deadline for Objections to Claims* (the "Supplemental Motion")[3] and moves for an extension of time in which to object to claims filed in the Bankruptcy Cases, and in support thereof respectfully states as follows:

PROCEDURAL BACKGROUND

1. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[4]

3. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[5] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Plan's effective date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[6]

---

[3] The Supplemental Motion supplements the *Plan Administrator's First Motion to Extend Deadline for Objection to Claims* [Docket No. 1271] (the "Motion"), filed on September 19, 2023.

[4] Docket No. 1019.

[5] Exhibit E to Docket No. 1079.

[6] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

2

4. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[7]

5. Section 8.2 of the Plan provides in pertinent part:

> Any objections to Proofs of Claims (other than Administrative Claims) shall be served and Filed (a) on or before the date that is one hundred and eighty days following the later of (i) the Effective Date and (ii) the date that a Proof of Claim is Filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of a Claim or (b) such later date as ordered by the Bankruptcy Court.

6. Under the terms of the Plan, and specifically section 8.2, the deadline for the Plan Administrator to object to any Claims Filed, asserted or amended on or before the Effective Date, including Proofs of Claim (other than Administrative Claims), was September 27, 2023, which is one hundred and eighty days following the Effective Date (the "Claims Objection Deadline").

7. On September 19, 2023, the Plan Administrator filed the Motion, requesting that the Claims Objection Deadline be extended through and including December 26, 2023.[8]

8. On October 11, 2023, the Court entered an Order granting leave for the Plan Administrator to supplement the Motion seeking an extension of the Claims Objection Deadline with a certificate of service reflecting that the motion was served on adversely affected creditors.[9]

## BASIS FOR RELIEF

9. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure further provides, in pertinent part, that:

> "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court,

---

[7] Docket No. 1082.
[8] Docket No. 1271.
[9] Docket No. 1316.

>the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). As discussed below, good and sufficient cause exists to extend the Claims Objection Deadline.

10. Tribolet Advisors, LLC was approached to serve as Plan Administrator in these Cases in March of 2023. Tribolet Advisors, LLC's appointment as Plan Administrator was formalized upon the execution of the *Amended Plan Administrator Agreement* filed on March 30, 2023.[10]

11. Subsequent to its appointment, the Plan Administrator retained Grant Thornton LLP to provide financial advisory services including, but not limited to, the review and reconciliation of claims.

12. The Plan Administrator, by and through its professionals, including Grant Thornton LLP, is conducting a thorough analysis and reconciliation of claims filed in the Debtors' Bankruptcy Cases. The Plan Administrator, by and through its professionals, has conducted at least an initial review of every Proof of Claim over $30,000.00. Through the claims reconciliation process, the aggregate amount of secured, priority, and general unsecured claims has been reduced from over $350,000,000 to approximately $169,000,000. The Plan Administrator anticipates that the total amount of claims will be reduced further as the claims reconciliation process continues.

13. The Plan Administrator has corresponded with multiple claimants, reached stipulations with claimants, and filed multiple objections to claims to date, and anticipates filing additional objections to claims in furtherance of its claims administration responsibilities. As of

---

[10] Docket No. 1079.


the date hereof, the Plan Administrator has filed sixteen (16) separate claim objections (including two omnibus claim objections),[11] and the Court has entered orders sustaining or otherwise approving resolutions of the Plan Administrator's objections with respect to thirteen (13) of those claim objections.[12] Moreover, the Plan Administrator has entered into stipulations resolving the claims of six additional claimants,[13] all of which have been approved by the Court.[14] The Plan Administrator also: (i) continues to (a) prosecute objections to the claims of BitNile, Inc. and Bobs Limited and (b) mediate its objection to the claim of Atlas Technology Group LLC;[15] and (ii) commenced an adversary proceeding on September 19, 2023 against Corpus Christi Energy Park, LLC and Bootstrap Energy, LLC, which, among other things, seeks disallowance of the Proofs of Claim asserted by those entities against the Debtors' estates.[16] The Plan Administrator, however, desires additional time to complete its review of certain claims, correspond with and request information from various claimants, and determine which claims require an objection.

14. The Plan Administrator anticipates that extending the Claims Objection Deadline by an additional ninety (90) days will allow for the necessary amount of time to complete the investigation of claims, although the Plan Administrator reserves the right to seek additional extensions if needed.

15. The Claims Objection Deadline has not expired at the time of this Supplemental Motion. Pursuant to paragraph 30 of the *Procedures for Complex Cases in the Southern District*

---

[11] Docket Nos. 1110, 1111, 1112, 1113, 1146, 1147, 1148, 1149, 1196, 1197, 1198, 1199, 1246, 1288, 1289, and 1299.

[12] Docket Nos. 1153, 1157, 1158, 1159, 1192, 1193, 1194, 1195, 1231, 1233, 1234, and 1315.

[13] Docket Nos. 1138, 1238, 1239, 1240, 1251, and 1252.

[14] Docket Nos. 1141, 1241, 1242, 1243, 1253, and 1254.

[15] *See* Adv. No. 23-3005.

[16] *See* Adv. No. 23-3210.

*of Texas* (effective January 1, 2023), because the Plan Administrator filed the Motion to extend the Claims Objection Deadline prior to its expiration, the Claims Objection Deadline is automatically extended until the Court rules on the extension request.

16. Although the modest extension requested in this Supplemental Motion may slightly delay distributions to creditors, the Plan Administrator believes that the benefit to the creditor body of the Plan Administrator's continuing to object to claims that are without merit or are unsubstantiated significantly outweighs any such delay.

## NOTICE

17. Notice of this Supplemental Motion will be served via ECF, by first-class mail, and by email (if provided on the Proof of Claim) on (i) all creditors appearing in the claims register whose claims have yet to be resolved, (ii) all parties on the master service list in the Bankruptcy Cases, and (iii) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Tribolet Advisors, LLC, as Plan Administrator in the above-captioned Bankruptcy Cases, respectfully requests that the Claims Objection Deadline be extended by ninety (90) days through and including December 26, 2023, without prejudice to the Plan Administrator's right to seek additional extensions, and for such other relief as the Court deems just and proper.

DATED: October 13, 2023

> Respectfully submitted,
>
> */s/ Charles R. Gibbs*
> Charles R. Gibbs
> Texas State Bar No. 7846300
> **MCDERMOTT WILL & EMERY LLP**
> 2501 North Harwood Street, Suite 1900
> Dallas, TX 75201-1664
> Telephone:  (214) 295-8000
> Facsimile:  (972) 232-3098
> Email:  crgibbs@mwe.com
>
> *– and –*
>
> Kara E. Casteel (admitted *pro hac vice*)
> Jennifer A. Christian (admitted *pro hac vice*)
> Nicholas C. Brown (admitted *pro hac vice*)
> **ASK LLP**
> 2600 Eagan Woods Drive, Suite 400
> St. Paul, MN 55121
> Telephone:  (651) 289-3846
> Facsimile:  (651) 406-9676
> E-mail:  kcasteel@askllp.com
>   jchristian@askllp.com
>   nbrown@askllp.com
>
> *Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

**Certificate of Service**

I certify that on October 13, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

In addition, I certify that on October 13, 2023, I caused a copy of the foregoing document to be delivered to Epiq Corporate Restructuring, LLC, as Claims, Noticing, and Solicitation Agent in the above-captioned Bankruptcy Cases, with instructions to serve it on the master service list in the above-captioned Bankruptcy Cases and all creditors appearing in the claims register of the above-captioned Bankruptcy Cases whose claims have yet to be resolved.

*/s/ Charles R. Gibbs*
Charles R. Gibbs