IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

**PLAN ADMINISTRATOR'S OBJECTION TO
<u>CLAIM NOS. 10109, 10151 AND 45 OF ULUCK TECHNOLOGY PTE.LTD.</u>**

> **This is an objection to your claims. The objecting party is asking the Court to disallow the claims that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claims may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at <u>https://ecf.txsb.uscourts.gov/</u> within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on December 18, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim Nos. 10109, 10151 and 45 of Uluck Technology Pte.Ltd.* (the "Objection"), and respectfully states as follows in support thereof:

### CASE BACKGROUND AND PROCEDURAL HISTORY

1. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

2. On February 24, 2023, Uluck Technology Pte.Ltd. (the "Claimant") filed proof of claim number 45 (the "Proof of Claim"), asserting a general unsecured claim in the amount of $1,726,759.91 (the "Claim"). The Proof of Claim amends proofs of claim numbers 10109 and 10151 filed on November 22 and November 25, 2022, respectively.

3. The Proof of Claim assets that Claimant is entitled to reimbursement of $83,145.98 in deposit money paid under a Master Agreement dated July 14, 2021 (the "Master Agreement"), in addition to shipping and storage fees, and a substantial amount for alleged deterioration in value of mining equipment and replacement opportunity costs, all in connection with the Debtors' failure to provide certain hosting and colocation services under the Master Agreement.

4. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

5. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

6. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

7. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim, the claims register, the Debtors' books and records, and the supporting

---

[2] Docket No. 1019.
[3] Docket No. 1082.
[4] Exhibit E to Docket No. 1079.
[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

documentation provided by the Claimant, if any.

8. The Plan Administrator objects to the Claim because Claimant is barred from recovering the amounts sought under the express terms of the Master Agreement.

9. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Objection to Claim Nos. 10109, 10151 and 45 of Uluck Technology Pte.Ltd.* (the "Tribolet Declaration"), attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

10. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

11. In support of its Proof of Claim, the Claimant relies on the Master Agreement and accompanying Order Form.[6] According to the Master Agreement and Order Form, Claimant contracted with the Debtors for hosting and colocations services for approximately 300 mining units. In accordance with the terms of the Master Agreement and Order Form, Claimant owed and paid an initial deposit of $83,145.60 (the "Deposit").

12. According to the Order Form, the "estimated deployment timeline" for services was April 2022. According to the Proof of Claim, the Debtors did not provide any services under the

---

[6] *See* Exhibit A to Proof of Claim.

Master Agreement prior to the Petition Date. The Debtors ultimately rejected the Master Agreement.

## ARGUMENT

A. <u>Statutory Basis and Burden of Proof</u>

13. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

14. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

B. <u>Claimant is Contractually Precluded from Recovering the Deposit</u>

15. Claimant is not entitled to a claim against the bankruptcy estate for the amount of the Deposit because Claimant waived any such recovery under its contract with the Debtors.

16. Section 6.1 of the Master Agreement expressly provides that "The Initial Setup Fees, Initial Deposit and Hardware Deposit **are non-refundable and non-transferrable under**

5

**any circumstances**." (Emphasis added).  The Master Agreement was signed by David R. Zhang as director for Claimant.

17. Under the express terms of the Master Agreement, Claimant waived any right it would otherwise have for reimbursement of the Deposit.

    C. <u>Claimant is Contractually Barred from Recovering Indirect, Consequential, or Incidental Damages</u>

18. In addition to the Deposit, the Proof of Claim estimates that Claimant suffered various indirect damages as a result of the Debtors' failure to provide services under the Master Agreement, including: (i) shipping and storage fees for mining equipment purchased in anticipation of receiving services under the Master Agreement, in the total amount of $67,366.73; (ii) a deterioration in value of the mining equipment purchased in anticipation of receiving services under the Master Agreement in the amount of $607,300.00; and (iii) the additional cost for replacement services estimated at $968,947.20.  However, these indirect, consequential, and incidental damages are expressly barred under the Master Agreement.  Section 14 of the Master Agreement contains a limitation of liability clause (the "<u>Limitation of Liability Clause</u>") which states in pertinent part:

> 14.1. Customer understands and acknowledges that, in certain situations, Services and Equipment functionality may be unavailable due to factors outside of Compute North's control. This includes, but is not limited to force majeure, weather, network failures, pool operator failures, denial of service attacks, currency network outages, hacking or malicious attacks on the crypto networks or exchanges, power outages, or Acts of God. COMPUTE NORTH SHALL HAVE NO OBLIGATION, RESPONSIBILITY, OR LIABILITY FOR ANY OF THE FOLLOWING: (A) ANY INTERRUPTION OR DEFECTS IN THE EQUIPMENT FUNCTIONALITY CAUSED BY FACTORS OUTSIDE OF COMPUTE NORTH'S REASONABLE CONTROL; (B) ANY LOSS, DELETION, OR CORRUPTION OF CUSTOMER'S DATA OR FILES WHATSOEVER; (C) ANY LOST REVENUE TO CUSTOMER DURING OUTAGES, EQUIPMENT FAILURES, ETC.; (D) DAMAGES RESULTING FROM ANY ACTIONS OR INACTIONS OF CUSTOMER OR ANY THIRD PARTY NOT UNDER COMPUTE NORTH'S CONTROL; OR (E) DAMAGES RESULTING FROM EQUIPMENT OR ANY THIRD PARTY EQUIPMENT.

14.2. IN NO EVENT SHALL COMPUTE NORTH BE LIABLE TO CUSTOMER OR ANY OTHER PERSON, FIRM, OR ENTITY IN ANY RESPECT, INCLUDING, WITHOUT LIMITATION, FOR ANY INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL OR PUNITIVE DAMAGES, INCLUDING LOSS OF PROFITS OF ANY KIND OR NATURE WHATSOEVER, ARISING OUT OF MISTAKES, NEGLIGENCE, ACCIDENTS, ERRORS, OMISSIONS, INTERRUPTIONS, OR DEFECTS IN TRANSMISSION, OR DELAYS, INCLUDING, BUT NOT LIMITED TO, THOSE THAT MAY BE CAUSED BY REGULATORY OR JUDICIAL AUTHORITIES ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE OBLIGATIONS OF COMPUTE NORTH PURSUANT TO THIS AGREEMENT. COMPUTE NORTH'S TOTAL CUMULATIVE LIABILITY UNDER THIS AGREEMENT, WHETHER UNDER CONTRACT LAW, TORT LAW, WARRANTY, OR OTHERWISE, SHALL BE LIMITED TO DIRECT DAMAGES NOT TO EXCEED THE AMOUNTS ACTUALLY RECEIVED BY COMPUTE NORTH FROM CUSTOMER IN THE TWELVE (12) MONTHS PRIOR TO THE DATE OF THE EVENT GIVING RISE TO THE CLAIM.

14.3. Remedy. Customer's sole remedy for Compute North's non-performance of its obligations under this Agreement shall be a refund of any fees paid to Compute North for the then-current service month. Unless applicable law requires a longer period, any action against Compute North in connection with this Agreement must be commenced within one (1) year after the cause of the action has accrued.

19. Based on this express contractual language limiting liability, Claimant is barred from recovering damages such as incidental fees expended, loss in value, and replacement costs.

D. <u>The Master Agreement and Order Form are Enforceable Arms-Length Commercial Agreements.</u>

20. In accordance with section 16.6, the Master Agreement is governed under Minnesota law. Under Minnesota law, consequential damages exclusions in contracts are both valid and enforceable. *Transport Corp. of America, Inc. v. International Business Machines Corporation, Inc.*, 30 F.3d 953, 960 (8th Cir. 1994) ("An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law."); *Far East Aluminum Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361, 1366 (8th Cir. 2022) (citing *Int'l Fin. Servs., Inc. v. Franz*, 534 N.W.2d 261, 268-69 (Minn. 1995)) ("When 'two merchants of relatively equal

bargaining power' agree to 'allocate the risk of loss' in a contract, it is not the court's job to shift the risk elsewhere."); *Spectro Alloys Corp. v. Fire Brick Engineers Co., Inc.*, 52 F. Supp. 3d 918, 932 (D. Minn. 2014) (enforcing a consequential damages clause to exclude damages for lost profits under contract whose predominant purpose was for services).

21. The Debtors and Claimant are two commercial parties who entered into the Master Agreement and Order Form in an arms-length business transaction. The Parties agreed to allocate their risk in accordance with a written contract, including by limiting exposure for damages due to non-performance. Claimant cannot seek damages against the Debtors that were expressly waived as part of their agreement.

## RESERVATION OF RIGHTS

22. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

23. The Plan Administrator respectfully requests that the Claim be disallowed in its entirety, such that proofs of claim numbers 10109, 10151 and 45 be disallowed and expunged, and that the Court grant such other and further relief as is appropriate under the circumstances.

November 2, 2023                                Respectfully submitted,


                                                /s/ Nicholas C. Brown
                                                Kara E. Casteel (admitted *pro hac vice*)
                                                MN State Bar No. 0389115
                                                Nicholas C. Brown (admitted *pro hac vice*)
                                                NC State Bar No. 38054
                                                **ASK LLP**
                                                2600 Eagan Woods Drive, Suite 400
                                                St. Paul, MN 55121
                                                Telephone:      (651) 289-3846
                                                E-mail:         kcasteel@askllp.com
                                                                nbrown@askllp.com

                                                *Counsel to the Plan Administrator*

9

# Exhibit A

# Tribolet Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NOS. 10109, 10151 AND 45 OF ULUCK TECHNOLOGY PTE.LTD.**

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases.

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

2

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I assumed possession of and am generally familiar with the Debtors' books and records which reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claim Nos. 10109, 10151 and 45 of Uluck Technology Pte.Ltd.* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating proofs of claim 10109, 10151 and 45 (collectively, the "Claim") filed by claimant Uluck Technology Pte.Ltd. ("Claimant"), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed Claimant's proofs of claim, the Debtors' books and records, and the supporting documentation provided by Claimant.

5. Claimant contends in its proofs of claim that it is owed various sums of money in connection with the Debtors' failure to provide services. To support its Proof of Claim, the Claimant relies on a Master Agreement dated July 14, 2021 and accompanying Order Form, which are attached to proof of claim number 45 as Exhibit A.

6. According to the Master Agreement and Order Form, Claimant agreed to pay an initial deposit of $83,145.60 for hosting and colocation services to be provided by the Debtors.

7. However, section 6.1 of the Master Agreement provides that Claimant's initial deposit is "non-refundable and non-transferrable under any circumstances."

8. Section 14 of the Master Agreement contains a limitation of liability clause which precludes Claimant from recovering indirect, consequential, or incidental damages from the Debtors. The language in section 14 is incorporated by reference herein.

9. Based on the non-refundable nature of the Deposit and the limitation of liability clause in the Master Agreement, I do not believe Claimant is entitled to recover any of the damages asserted in its Claim.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated:  November 2, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

**Certificate of Service**

I certify that on November 2, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on November 2, 2023, I caused a copy of the foregoing document to be served by First Class Mail and email to Claimant at the addresses listed on the Proof of Claim, as follows:

| | |
|---|---|
| Adam Swick | Uluck Technology Pte.Ltd. |
| 500 West 5th Street, Suite 1210 | 49 Northweald Lane |
| Austin, TX 78701 | Kingston Upon Thames |
| | KT2 5GN, England |
| | David.zhang@uluckglobal.co.uk |

*/s/ Nicholas C. Brown*
Nicholas C. Brown

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### ORDER SUSTAINING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 45 OF ULUCK TECHNOLOGY PTD.LTD.
**(Related Docket No. ___)**

Upon the amended objection (the "Objection")[2] of Tribolet Advisors LLC, as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases, seeking entry of an order (this "Order") sustaining the *Plan Administrator's Objection to Claim No. 45 of Uluck Technology Ptd.Ltd.,* as more fully set forth in the Objection; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this Court may enter a final

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing thereon were appropriate and no other notice need be provided; and this Court having reviewed the Objection and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Tribolet Declaration; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. Proof of claim numbers 10109, 10151 and 45 filed by Uluck Technology Pte.Ltd. are hereby disallowed in their entirety.

2. Epiq Corporate Restructuring, LLC, as Claims, Noticing, Solicitation, and Administrative Agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2023

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE