**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS
ASSERTED BY VCV POWER BETA, LLC AND VALUE CHAIN VENTURES**

> **This is an objection to your claims.  The objecting party is asking the Court to disallow the claims that you filed in this bankruptcy case.  If you do not file a response within 30 days after this objection was served on you, your claims may be disallowed without a hearing.  Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed.  If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed.  Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption.  The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**A hearing will be conducted on this matter on December 18, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**

**Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claims Asserted by VCV Power Beta, LLC and Value Chain Ventures* (the "Objection"), and respectfully states as follows in support thereof:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A.  Case Background

2.      On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a

2

chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

3.      On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

4.      The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

5.      The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4]  Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

6.      The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant, if any.

---

[2]      Docket No. 1019.

[3]      Docket No. 1082.

[4]      Exhibit E to Docket No. 1079.

[5]      Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

B.  The Proofs of Claim

7.     On November 23, 2022, VCV Power Beta, LLC ("Power Beta") filed proof of claim number 10127 (the "Power Beta Claim"), asserting a general unsecured claim in the amount of $1,722,230.82 for purported lost net income arising from alleged delays under a Master Agreement.

8.     On November 23, 2022, Value Chain Ventures filed proof of claim number 10150 (the "Ventures Lost Profits Claim"), asserting a general unsecured claim in the amount of $925,577.63 for purported lost net income arising from alleged delays under a Master Agreement Order Form.

9.     On November 23, 2022, Value Chain Ventures filed proof of claim number 10123 (the "Ventures Deposit Claim"), asserting a general unsecured claim in the amount of $112,000.00 for partial reimbursement of a deposit.

10.    On information and belief, Power Beta and Value Chain Ventures are affiliates.

**ARGUMENT**

A.  Statutory Basis and Burden of Proof

11.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ."  11 U.S.C. § 502(b)(1).

12.    Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  However, a proof of claim loses the presumption of *prima*

*facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

   B. Power Beta is Contractually Barred from Recovering Consequential Damages, Including
      Lost Profits, Under the Applicable Limitation of Liability Clause

   13.    The Power Beta Claim alleges that Power Beta suffered a loss of income as a result of delays in the amount of $1,722,231. However, consequential damages such as lost profits are expressly barred under the parties' Master Agreement. Section 14 of the Master Agreement contains a limitation of liability clause (the "Limitation of Liability Clause") which states in pertinent part:

   14.1. Customer understands and acknowledges that, in certain situations, Services and Equipment functionality may be unavailable due to factors outside of Compute North's control. This includes, but is not limited to force majeure, weather, network failures, pool operator failures, denial of service attacks, currency network outages, hacking or malicious attacks on the crypto networks or exchanges, power outages, or Acts of God. COMPUTE NORTH SHALL HAVE NO OBLIGATION, RESPONSIBILITY, OR LIABILITY FOR ANY OF THE FOLLOWING: (A) ANY INTERRUPTION OR DEFECTS IN THE EQUIPMENT FUNCTIONALITY CAUSED BY FACTORS OUTSIDE OF COMPUTE NORTH'S REASONABLE CONTROL; (B) ANY LOSS, DELETION, OR CORRUPTION OF CUSTOMER'S DATA OR FILES WHATSOEVER; (C) ANY LOST REVENUE TO CUSTOMER DURING OUTAGES, EQUIPMENT FAILURES, ETC.; (D) DAMAGES RESULTING FROM ANY ACTIONS OR INACTIONS OF CUSTOMER OR ANY THIRD PARTY NOT UNDER COMPUTE NORTH'S CONTROL; OR (E) DAMAGES RESULTING FROM EQUIPMENT OR ANY THIRD PARTY EQUIPMENT.

   14.2.   IN NO EVENT SHALL COMPUTE NORTH BE LIABLE TO CUSTOMER OR ANY OTHER PERSON, FIRM, OR ENTITY IN ANY RESPECT, INCLUDING, WITHOUT LIMITATION, FOR ANY INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL OR PUNITIVE DAMAGES,

INCLUDING LOSS OF PROFITS OF ANY KIND OR NATURE WHATSOEVER, ARISING OUT OF MISTAKES, NEGLIGENCE, ACCIDENTS, ERRORS, OMISSIONS, INTERRUPTIONS, OR DEFECTS IN TRANSMISSION, OR DELAYS, INCLUDING, BUT NOT LIMITED TO, THOSE THAT MAY BE CAUSED BY REGULATORY OR JUDICIAL AUTHORITIES ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE OBLIGATIONS OF COMPUTE NORTH PURSUANT TO THIS AGREEMENT. COMPUTE NORTH'S TOTAL CUMULATIVE LIABILITY UNDER THIS AGREEMENT, WHETHER UNDER CONTRACT LAW, TORT LAW, WARRANTY, OR OTHERWISE, SHALL BE LIMITED TO DIRECT DAMAGES NOT TO EXCEED THE AMOUNTS ACTUALLY RECEIVED BY COMPUTE NORTH FROM CUSTOMER IN THE TWELVE (12) MONTHS PRIOR TO THE DATE OF THE EVENT GIVING RISE TO THE CLAIM.

14.3. <u>Remedy</u>. Customer's sole remedy for Compute North's non-performance of its obligations under this Agreement shall be a refund of any fees paid to Compute North for the then-current service month. Unless applicable law requires a longer period, any action against Compute North in connection with this Agreement must be commenced within one (1) year after the cause of the action has accrued.

14.    Section 16.6 of the Master Agreement provides that Minnesota law governs interpretation of the Master Agreement.  Under Minnesota law, consequential damages exclusions in contracts are both valid and enforceable.  *Transport Corp. of America, Inc. v. International Business Machines Corporation, Inc.*, 30 F.3d 953, 960 (8th Cir. 1994) ("An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law."); *Far East Aluminum Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361, 1366 (8th Cir. 2022) (citing *Int'l Fin. Servs., Inc. v. Franz*, 534 N.W.2d 261, 268-69 (Minn. 1995)) ("When 'two merchants of relatively equal bargaining power' agree to 'allocate the risk of loss' in a contract, it is not the court's job to shift the risk elsewhere."); *Spectro Alloys Corp. v. Fire Brick Engineers Co., Inc.*, 52 F. Supp. 3d 918, 932 (D. Minn. 2014) (enforcing a consequential damages clause to exclude damages for lost profits under contract whose predominant purpose was for services).

15.    Section 16.5 of the Master Agreement also protects the parties from liability for unforeseeable circumstances beyond their control, including liability "for delay, failure in performance, loss or damage due to any of the following force majeure conditions: . . . . inability to secure replacement parts or materials, transportation facilities, or other causes beyond its reasonable control, whether or not similar to the foregoing."

16.    The Master Agreement states that Power Beta's remedy is limited to a refund of fees paid to Compute North for the applicable service month.  However, Power Beta concedes that it already received a refund of its hosting deposit.

17.    Based on the plain and unambiguous contractual language limiting liability, Power Beta is barred from recovering consequential damages such as lost profits, as well as incidental and other indirect damages, and its claim should be disallowed..

C.   The Ventures Lost Profits Claim Lacks Sufficient Documentation

18.    The Ventures Lost Profits Claim is not supported by sufficient documentation such that Plaintiff is unable to determine its validity without additional support.

19.    Similar to the Power Beta Claim, the Ventures Lost Profits Claim asserts damages for lost income.  However, Value Chain Ventures fails to provide the relevant contract from which it can be determined if Value Chain Ventures, like Power Beta, agreed to exclude consequential and lost profit damages as a form of remedy.  The agreement attached to the Ventures Lost Profits Claim incorporates by reference a "Master Services Agreement dated as of January 29, 2021" which is not attached to the Ventures Claim.  Absent a copy of the relevant agreements, Plaintiff cannot determine the validity of the Ventures Lost Profits Claim.

20.    Additionally, while the Ventures Lost Profits Claim is filed by Value Chain Ventures, the agreement attached to the Ventures Lost Profits Claim, a "Master Services Agreement Order #2," is signed on behalf of "VCV Power Mining Alpha LLC" rather than Value

Chain Ventures.  It is therefore unclear if Value Chain Ventures is entitled to assert the Ventures Lost Profits Claim.

   D.   The Ventures Deposit Claim

   21.   It is unclear from the Ventures Deposit Claim whether Value Chain Ventures is entitled to a partial reimbursement of its deposit.  Value Chain Ventures asserts that it received only 8,000 of 10,000 TH that it ordered.  However, the Order Form describes the equipment in a quantity of 100.  It is not clear from the Ventures Deposit Claim whether Value Chain Ventures actually received 100 units.  To the extent the Debtors failed to deliver all 100 units, the Order Form absolves the Debtors from liability for failure to deliver equipment that the Debtors paid a third-party supplier to provide.  Finally, Value Chain Ventures designated its claim as "unliquidated," leaving it unclear what amount Value Chain Ventures believes it is entitled.  Absent more information or the opportunity for discovery, the Plan Administrator cannot determine if Value Chain Ventures is entitled to the Ventures Deposit Claim.

**RESERVATION OF RIGHTS**

   22.   This Objection is limited to the grounds stated herein.  The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant.  The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other grounds.  Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

**CONCLUSION**

23.    The Plan Administrator respectfully requests as follows:

a.   that the Power Beta Claim be disallowed and expunged in its entirety;

b.   that the Ventures Lost Profits Claim be disallowed and expunged in its entirety, or in the alternative, that Value Chain Ventures supplement the Ventures Claim with supporting contractual documentation;

c.   that the Ventures Deposit Claim be disallowed and expunged in its entirety; and

d.   that the Court grant such other and further relief as is appropriate under the circumstances.


Dated: November 2, 2023                    Respectfully submitted,


                                           */s/ Nicholas C. Brown*
                                           Kara E. Casteel (admitted *pro hac vice*)
                                           MN State Bar No. 0389115
                                           Nicholas C. Brown (admitted *pro hac vice*)
                                           NC State Bar No. 38054
                                           **ASK LLP**
                                           2600 Eagan Woods Drive, Suite 400
                                           St. Paul, MN 55121
                                           Telephone:     (651) 289-3846
                                           E-mail:        kcasteel@askllp.com
                                                          nbrown@askllp.com

                                           *Counsel to the Plan Administrator*

# __Exhibit 1__

## Tribolet Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS ASSERTED BY VCV POWER BETA, LLC AND VALUE CHAIN VENTURES

I, Michael Tribolet, hereby declare under penalty of perjury:

1.      I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator") in the above-captioned cases.

2.      In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates.  These responsibilities include managing

---

[1]     On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption.  The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claims Asserted by VCV Power Beta, LLC and Value Chain Ventures* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.

5. In evaluating proof of claim 10127 (the "Power Beta Claim") filed by claimant VCV Power Beta, LLC ("Power Beta"), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Power Beta Claim, the claims register, and the supporting information provided by Power Beta. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Power Beta Claim demonstrates that the Power Beta Claim seeks damages for alleged lost income resulting from delays on the part of the Debtors. However, the contract attached to the Power Beta Claim expressly excludes consequential damages, including lost profits. The Power Beta Claim also states that Power Beta received a refund of its deposit.

6. In evaluating proof of claim 10150 (the "Ventures Lost Profits Claim") filed by claimant Value Chain Ventures, I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Ventures Lost Profits Claim, the claims register, and the supporting information provided by Value Chain Ventures. Based on this review, and

upon consultation with the Reviewing Parties, I have determined that the information provided with the Ventures Lost Profits Claim is insufficient because the documents make reference to a Master Agreement which is not included with the Ventures Lost Profits Claim.  Absent a review of the Master Agreement to determine if a limitation on liability clause is in effect, it is impossible to determine whether Value Chain Ventures is entitled to a claim.  The documentation attached to the Ventures Lost Profits Claim also casts doubt on Value Chain Ventures' right to a claim because such documentation refers to a separate entity, VCV Power Alpha LLC, as the entity doing business with the Debtors.

7.      In evaluating proof of claim 10123 (the "Ventures Deposit Claim" and, together with the Ventures Lost Profits Claim, the "Ventures Claims") filed by claimant Value Chain Ventures, I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Ventures Deposit Claim, the claims register, and the supporting information provided by Value Chain Ventures.  Based on this review, and upon consultation with the Reviewing Parties, I have determined that the information provided with the Ventures Deposit Claim is insufficient because Value Chain Ventures fails to confirm what quantity of equipment units it received from the Debtors.  Although Value Chain Ventures asserts that it received 8,000 of 10,000 TH (total hash), it is unclear whether Value Chain Ventures did in fact receive all 100 units ordered.  To the extent the Debtors failed to deliver all 100 units, the Order Form absolves the Debtors from liability for failure to deliver equipment which the Debtors paid a third-party supplier to provide.  Finally, Value Chain Ventures designates its claim as "unliquidated," leaving it unclear what amount Value Chain Ventures believes it is entitled.  Based on the foregoing, and absent additional information, I cannot determine whether the Ventures Deposit Claim is valid.

8. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that the Power Beta Claim and Ventures Claims should be disallowed and expunged in their entirety.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.


Dated:  November 2, 2023

<div style="margin-left:55%">

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

</div>

## <u>Certificate of Service</u>

I certify that on November 2, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on November 2, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to claimants VCV Power Beta, LLC and Value Chain Ventures at the following addresses:

VCV Power Beta, LLC
1540 Broadway, Suite 1010
New York, NY 10036
matt.feast@vcvdigital.com

Value Chain Ventures
1540 Broadway, Suite 1010
New York, NY 10036
matt.feast@vcvdigital.com

*/s/ Nicholas C. Brown*
Nicholas C. Brown

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIMS**
**ASSERTED BY VCV POWER BETA, LLC AND VALUE CHAIN VENTURES**
**(Related Docket No. ___)**

Upon the objection (the "Objection")[2] of Tribolet Advisors, LLC, as Plan Administrator

("Plan Administrator") in the above-captioned bankruptcy cases, seeking entry of an order (this

"Order") sustaining the *Plan Administrator's Objection to Claims Asserted by VCV Power Beta,*

*LLC and Value Chain Ventures*, as more fully set forth in the Objection; and this Court having

found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this Court may

---

[1]  On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Objection in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant

to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Plan Administrator's notice of the Objection and opportunity for a hearing

thereon were appropriate and no other notice need be provided; and this Court having reviewed

the Objection and determined that the legal and factual bases set forth in the Objection establish

just cause for the relief granted herein; and upon the Tribolet Declaration; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor; it is HEREBY ORDERED THAT:

1.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is

hereby overruled on its merits.

2.      Proof of claim number 10127 filed by VCV Power Beta, LLC is hereby disallowed

and expunged in its entirety.

3.      Proofs of claim numbers 10150 and 10123 filed by Value Chain Ventures are

hereby disallowed and expunged in their entirety.

4.      Epiq Corporate Restructuring, LLC, as Claims, Noticing, Solicitation, and

Administrative Agent, is authorized and directed to update the claims register maintained in the

Bankruptcy Cases to reflect the relief granted in this Order.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for,

or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

2

law; (b) an allowance of any claim or a waiver of the Plan Administrator's or any other party in interest's right to dispute or object to any claim on any other grounds, including the Proof of Claim; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Plan Administrator's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

6.      The Plan Administrator is authorized to take all actions necessary to effectuate the  relief granted in this Order in accordance with the Objection.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated:  _____, 2023

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

3