IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

### PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 10121 ASSERTED BY COMPASS MINING, INC.

> **This is an objection to your claims. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on December 18, 2023 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors, LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Plan Administrator's Objection to Claim No. 10121 Asserted by Compass Mining, Inc.* (the "Objection"), and respectfully states as follows in support thereof:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. Case Background

2. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a

2

chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

3. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[2]

4. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[3]

5. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[4] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[5]

6. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim filed by Claimant, the claims register, the Debtors' books and records, and the supporting documentation provided by the Claimant.

7. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Plan*

---

[2] Docket No. 1019.
[3] Docket No. 1082.
[4] Exhibit E to Docket No. 1079.
[5] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

3

*Administrator's Objection to Claim No. 10121 Asserted by Compass Mining, Inc.* (the "Tribolet Declaration"), a copy of which is attached hereto as **Exhibit 1**.

B. The Proof of Claim

8. On November 23, 2022, Compass Mining, Inc. ("Claimant") filed proof of claim number 10121 (the "Proof of Claim"), asserting a general unsecured claim in the amount of $6,348,964.59 (the "Claim") for one or more deposits (collectively, the "Deposits") paid in connection with a Master Agreement and accompanying Order Forms (collectively, the "Agreements") entered into with the Debtors.

9. As alleged in the Proof of Claim, Claimant received notice that the Debtors assigned the Agreements and accompanying rights and interests to non-debtor affiliates Compute North NE05 LLC and CN Wolf Hollow LLC (the "Assignees").

10. The Proof of Claim states, among other things, that it was filed "out of an abundance of caution" despite the assignment of the Agreements to non-debtor entities.

## ARGUMENT

A. Statutory Basis and Burden of Proof

11. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

12. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima*

*facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency.  *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence.  *Id.*  "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

- B. <u>The Debtors Assigned their Rights and Obligations Under the Agreements, Which are Not Obligations of the Bankruptcy Estate.</u>

13. Prior to the Petition Date, the Debtors entered into two Partial Assignment and Assumption Agreements (the "<u>Assignments</u>") with non-debtors CN Wolf Hollow, LLC and Compute North NE05 LLC, respectively, pursuant to which the Debtors assigned their rights, interests and liabilities in and under various contracts with third parties, including but not limited to Claimant, to the Assignees.  Copies of the two Assignments are attached hereto as **<u>Exhibit 2</u>** and **<u>Exhibit 3</u>**.

14. On information and belief, the Agreements and related rights, interests and liabilities upon which the Proof of Claim is based were assumed by and assigned to the Assignees. Copies of the Agreements are attached as exhibits to the Assignments.

15. On November 1, 2022, this Court entered the *Order (I) Approving the Sale of Debtor CN Pledgor LLC's Equity Interests in CN Borrower LLC Free and Clear of All Liens, Claims, and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith, and (III) Granting Related Relief* (the "<u>Sale Order</u>").[6]  In accordance with the Sale Order, and on information and belief, the rights and obligations under

---

[6] Docket No. 362.

the Agreements were purchased and assumed by GC Data Center Equity Holdings, LLC (the "Purchaser").

16.     As a result of the Assignments and the subsequent acquisition of the Agreements by the Purchaser, claims arising under the Agreements do not lie with the bankruptcy estate and the Claim should be disallowed on that basis.

C. Alternatively, the Proof of Claim Does Not Demonstrate Entitlement to Reimbursement of Deposits.

17.     Even if claims arising under the Agreements were obligations of the bankruptcy estate, Claimant cannot show entitlement to any claim because (i) the obligations and services under the Agreements are being performed by the Assignees and/or Purchaser, and (ii) the Master Agreement expressly precludes recovery of the Deposits.

18.     On information and belief, the Assignees and/or Purchaser are performing the services set forth in the Agreements, such that Claimant has suffered no harm that would give rise to a claim for reimbursement of the Deposits.

19.     In correspondence with counsel for the Plan Administrator, Claimant has alleged that less than the full amount of the Deposits were transferred to the Purchaser in connection with its acquisition of the Agreements.  Specifically, Claimant contends that no more than $5,587,458.12 of the Deposits was transferred to Purchaser, resulting in a deficiency of at least $761,506.47.

20.     To the extent that less than the full amount of the Deposits was credited toward Claimant's obligations under the Agreements, and to the extent any deficiency would otherwise be a claim against the bankruptcy estate, Claimant is precluded from recovering the balance of the Deposits under the terms of the Agreements.  Specifically, section 6.1 of the Master Agreement provides that "the Initial Setup Fees, Initial Deposit and Hardware Deposit are **non-refundable**

**and non-transferrable under any circumstance**." (Emphasis added).

21. Based on the assumption and assignment of the Agreements and the express language therein, Claimant has failed to establish a legal basis for recovering any portion of the Deposits.

D. <u>In the Alternative, the Proof of Claim Lacks Sufficient Documentation</u>

22. The Proof of Claim fails to attach sufficient documentation from which the Plan Administrator can determine the amount or basis for allowing the Claim.

23. While Claimant has, upon request by the Plan Administrator, produced some supporting documentation, including but not limited to copies of the Assignments, the Master Agreement and Order Forms, Claimant has failed to produce a reconciliation of its Claim. While the Plan Administrator has reviewed the Debtors' books and records and identified certain transactions and payments between the Debtors and Claimant, the Plan Administrator has been unable to reconcile the amount of the Claim to the Debtors' books and records.

24. Absent a reconciliation from Claimant showing how the amount of the Claim was determined and confirming that the total amount of the Deposits were paid to the Debtors, the Plan Administrator is unable to determine to what extent, if any, the Claim would be entitled to allowance.

**RESERVATION OF RIGHTS**

25. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding the Claim. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest the Proof of Claim and any other claims asserted by Claimant on any other

grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

26. The Plan Administrator respectfully requests that the Proof of Claim be disallowed in its entirety, and that the Court grant such other and further relief as is appropriate under the circumstances.

Dated: November 2, 2023

Respectfully submitted,

/s/ Nicholas C. Brown
Kara E. Casteel (admitted *pro hac vice*)
MN State Bar No. 0389115
Nicholas C. Brown (admitted *pro hac vice*)
NC State Bar No. 38054
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:   (651) 289-3846
E-mail:   kcasteel@askllp.com
         nbrown@askllp.com

*Counsel to the Plan Administrator*

8

# Exhibit 1

## Tribolet Declaration

DM_US 199841510-3.119245.0012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 10121 ASSERTED BY COMPASS MINING, INC.

I, Michael Tribolet, hereby declare under penalty of perjury:

1.  I am the Managing Member of Tribolet Advisors, LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-captioned cases.

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I am generally familiar with the Debtors' books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claim No. 10121 Asserted by Compass Mining, Inc.* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate.

5. In evaluating proof of claim 10121 (the "Proof of Claim") filed by claimant Compass Mining, Inc. ("Claimant"), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the claims register, the Debtors' books and records, and the supporting information provided by Claimant. Based on this review, and upon consultation with the Reviewing Parties, I have determined that the Agreements and related rights, interests and liabilities upon which the Proof of Claim is based were assumed by and assigned to the Assignees prior to the Petition Date. Therefore, I believe that any claim for damages arising under the Agreements is not properly asserted against the bankruptcy estate.

6. In addition, and based on the language in the Agreements, it appears that Claimant would not be entitled to reimbursement for the Deposits even if it did possess a claim against the bankruptcy estate. I based this conclusion on the language in section 6.1 of the Master Agreement.

7. Based on the foregoing, and in consultation with the Reviewing Parties, I believe that the Claim belonging to Claimant should be disallowed and expunged in its entirety.

8. In the alternative, because Claimant has not provided a reconciliation of the Claim from which I can determine how the amount was determined, and because such amount is not apparent from a review of the Debtors' books and records, I lack sufficient documentation from which to confirm the amount owed to Claimant, if any.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: November 2, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

## Certificate of Service

I certify that on November 2, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on November 2, 2023, I caused a copy of the foregoing document to be served by First Class Mail and electronic mail to counsel for the Claimant at the address listed on the Proof of Claim, as follows:

Compass Mining, Inc.
Armstrong Teasdale LLP
c/o John Willard
7700 Forsyth Blvd.
Suite 1800
St. Louis, MO 63105
jwillard@atllp.com

*/s/ Nicholas C. Brown*
Nicholas C. Brown

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### ORDER SUSTAINING PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 10121 ASSERTED BY COMPASS MINING, INC.
**(Related Docket No. ___)**

Upon the objection (the "Objection")[2] of Tribolet Advisors, LLC, as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases, seeking entry of an order (this "Order") sustaining the *Plan Administrator's Objection to Claim No. 10121 Asserted by Compass Mining, Inc.*, as more fully set forth in the Objection; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this Court may enter a final

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing thereon were appropriate and no other notice need be provided; and this Court having reviewed the Objection and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Tribolet Declaration; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

2. Proof of claim number 10121 filed by Compass Mining, Inc. is hereby disallowed and expunged in its entirety.

3. Epiq Corporate Restructuring, LLC, as Claims, Noticing, Solicitation, and Administrative Agent, is authorized and directed to update the claims register maintained in the Bankruptcy Cases to reflect the relief granted in this Order.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable law; (b) an allowance of any claim or a waiver of the Plan Administrator's or any other party in interest's right to dispute or object to any claim on any other grounds, including the Proof of Claim;

(c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Plan Administrator's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

5. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2023

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE