IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Reorganized Debtors.[1] | |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S SUPPLEMENTAL MOTION TO EXTEND DEADLINE FOR OBJECTIONS TO CLAIMS

I, Michael Tribolet, hereby declare under penalty of perjury:

1.  I am the Managing Member of Tribolet Advisors LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases (the "Bankruptcy Cases").

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Supplemental Motion (defined herein).

2. I have read the *Plan Administrator's Supplemental Motion to Extend Deadline for Objections to Claims* [Docket No. 1317] (the "<u>Supplemental Motion</u>"). To the best of my knowledge, information, and belief, the assertions made in the Supplemental Motion are accurate.

3. I have also reviewed the unredacted version of the *Certificate of Service* [Docket No. 1319] (the "<u>Certificate of Service</u>")[3] executed and filed by Geoff Zahm, Senior Case Manager of Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") as Claims, Noticing, and Solicitation Agent in the Bankruptcy Cases.

4. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP and McDermott Will & Emery LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "<u>Reviewing Parties</u>").

5. In furtherance of my responsibilities regarding the management of the claims reconciliation and objection process, I, with the assistance of the Reviewing Parties, have identified certain claims filed or otherwise asserted in the Bankruptcy Cases for which (i) an objection to claim has been filed for which the Court has yet to enter a ruling (the "<u>Objected Claims</u>"), (ii) litigation is pending that relates at least in part to the claim (the "<u>Claims in Litigation</u>"), (iii) an objection to claim is being contemplated but has not yet been filed (the "<u>Claims for Potential Objection</u>"), or (iv) a stipulation resolving such claim has been filed but yet to be approved or is anticipated to be filed (the "<u>Stipulated Claims</u>") and, together with the

---

[3] The redacted version of the Certificate of Service includes approximately 28 claimants whose names and addresses are redacted. To the extent the Court does not have access to the unredacted version, a copy can be provided by the Plan Administrator.

Objected Claims, Claims in Litigation, and Claims for Potential Objection, the "Adversely Affected Claims").

6. These Adversely Affected Claims represent all claims filed in the above-captioned bankruptcy cases for which a final determination or adjudication on allowance has yet to be made. Therefore, I believe that the holders of Adversely Affected Claims constitute all of the creditors who are adversely affected by the request made in the Supplemental Motion to extend the time for objecting to claims.

7. Upon review of the Certificate of Service filed by Epiq in connection with the Supplemental Motion, I have confirmed that all holders of Adversely Affected Claims were included among the creditors appearing on the service lists attached to the Certificate of Service and therefore were served with a copy of the Supplemental Motion.

8. Since filing the Supplemental Motion, the Reviewing Parties have made additional progress in the claims reconciliation and objection process and have whittled down the number of Adversely Affected Claims to 47 proofs of claim, which were filed by 28 distinct claimants. Attached hereto as **Exhibit 1** is a list of such Adversely Affected Claims by claimant. Each claimant appearing in Exhibit 1 appears on the service lists accompanying the Certificate of Service and therefore received notice of the Supplemental Motion.

9. Based on the foregoing, I believe that all claimholders who could potentially be adversely affected by an extension of the time for filing objections to claims were served a copy of the Supplemental Motion.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: November 9, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator