IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MINING PROJECT WIND DOWN HOLDINGS, | § | Case No. 22-90273 (MI) |
| INC. (f/k/a Compute North Holdings, Inc.), *et al* [1] | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

# DECLARATION OF DAVID ZHANG IN SUPPORT OF RESPONSE TO PLAN ADMINISTRATOR'S OBJECTION TO <u>CLAIM NOS. 10109, 10151, AND 45 OF ULUCK TECHNOLOGY PTE. LTD</u> (Re: ECF 1343)

I, David Zhang, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief.

1.   I am the Director of ULuck Technology PTE LTD (the "Claimant"). I am over the age of 18. I am intimately familiar with Claimant and its business relationship with Debtor.

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

73846355;3

2.       All fact set forth in this Declaration are based on upon (a) my personal knowledge; (b) my review of relevant documents and any and all documents prepared and/or filed by Claimant; or (c) based on my experience and knowledge of the Debtor and Claimant's.

3.       I make this Declaration in support of Claimant's *Response to Plan Administrator's Objection to Claim Nos. 10109, 10151, and 45 of ULUCK Technology PTE. Ltd.* (ECF 1343**)**.

4.       Claimant is in the information technology consultancy industry, and is incorporated in Singapore.

5.       On July 14, 2021 Compute North LLC ("Compute North" and/or "Debtor") and Claimant entered into a Master Agreement with attached Order Form (the "Master Agreement"). Attached hereto as **Exhibit 1** is a true and correct copy of the Master Agreement.

6.       Pursuant to the Master Agreement, Claimant paid the Debtor over $80,000 as a deposit and shipped approximately 190 miners to the Debtor from China, which cost approximately $40,000.   Attached hereto respectively, as **Exhibit 16 and 17**, is Invoice Dated July 15, 2021, and E-mail correspondence dated July 23, 2021, relating to the invoice.

7.       Despite entering into the Master Agreement, accepting the $80,000, and consistently reassuring the Claimant that the Debtor would perform its obligations, the Debtor did nothing.  The Claimant lost the deposit, shipping fees, storage fees, and opportunity costs all because the Debtor utterly failed to fulfill any of its obligations.  Indeed, the miners were never even taken out of their shipping boxes.  A picture sent from the storage facility is attached hereto as **Exhibit 2**.

8.       Under the terms of the Master Agreement, Debtor would store, provide certain mining services, and power 300 miners for a five-year term with energy provided at $0.059 per kwh, with an anticipated daily rate of $1,345.76 for a total services fee of $2,422,368.00.

73846355;3

9. Thus, in connection with the Master Agreement, on November 12, 2021, Claimant transmitted its first shipment consisting of: 190 miners. This shipment cleared U.S. Customs and Boarder Protection on November 17,2021. *See* Department of Homeland Security Form attached hereto as **Exhibit 3**.

10. On May 28, 2022, Debtor transmitted a second shipment consisting of: 184 miners. This shipment cleared U.S. Customs and Boarder Protection on May 29, 2022. *See* Attached here to **Exhibit 4** is Department of Homeland Security Form.

11. Claimant originally shipped all miners to its Los Angeles warehouse.

12. On May 26, 2022, Debtor contacted Claimant, via e-mail and represented it could service 200 units. In relevant part, in the May 26, 2022 e-mail correspondence Debtor states: "I understand that you have 200 units that can be delivered to our Granbury site. They can be ready to receive those as soon as tomorrow" and "Units will be installed same day into the container." *See* E-mail correspondence dated May 26, 2022, attached to hereto as **Exhibit 5.**

13. Thereafter on, June 17, 2022, Debtor, again, represented it could service Claimant's miners. Debtor stated: "We have made the decision to deploy all 300 of your units at our Granbury, TX facility so there are no further delays." *See* E-mail correspondence dated June 17, 2022 attached hereto as **Exhibit 6**.

14. Debtor and Claimant made arrangements for delivery, and without further information Debtor confirmed receipt on July 14, 2022. *See* E-mail correspondence dated July 14, 2022, attached hereto as **Exhibit 7**.

15. It is my understanding that Debtor filed a voluntary petition under title 11 of the United States Bankruptcy Code, on September 22, 2022 (the "Petition Date"). After its filing, Debtor continued to represent that it could render performance under the Master Agreement.

16. Claimant inquired directly regarding the impact of the bankruptcy, and operation of the equipment, Debtor represented that "the Wolf Hollow project company is not part of the bankruptcy filing and is continuing to as planned/communicated. There is no change to the development of the schedule." *See* E-mail correspondence dated September 27, 2022 attached hereto as **Exhibit 8**.

17. Claimant sought additional information from Debtor on multiple occasions, but was –again– mislead or kept in the dark. *See* E-mail correspondence dated October 6, 2022, October 17, 2022, October 20, 2022, November 30, 2022, November 14, 2022, and November 15, 2022, attached hereto as **Exhibit 9, Exhibit 10, Exhibit 11, Exhibit 12, Exhibit 13, and Exhibit 14**, respectively.

18. On November 16, 2022, days before the bar date, Claimant, received Debtor's P.O.C. form. Thereafter, on February 24, 2023, Claimant filed proof of claim number 45 in the general unsecured claim amount of $1,726,759.91 ("Claim", which amended previously filed proof of claim nos. 10109 and 10151). *See* Claim attached hereto as **Exhibit No. 15**.

19. In connection with the Master Agreement, Claimant incurred the following costs:

| | |
|---|---|
| Deposit: | $83,145.98 |
| Shipping Fees: | $42,679.73 |
| Storage Fees: | $21,350.00 |
| Charge from MVP Logistics: | $3,337.00 |
| Loss of value from purchasing miners in March to receipt back: | $607,300.00 |
| Replacement opportunity cost: | $968,947.20 |
| Total Claim | $1,726,759.91 |

20. Accordingly, Claimant respectfully requests that this Court overrule the Plan Administrator's objection to $1,726,759.91 of ULUCK's Claim Nos. 10109, 10151, and 45 as being barred from recovering under the terms of the Master Agreement.

73846355;3

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

*[Remainder of page intentionally left blank]*

Executed this 4th day of December in 2023, <u>SHANGHAI</u>, China.

*David Zhang*

DAVID ZHANG, as Director of Uluck Technology PTE. Ltd.

73877930,1