United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 11, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-90273 |
| MINING PROJECT WIND | § | |
| DOWN HOLDINGS INC., *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION AND ORDER GRANTING PLAN ADMINISTRATOR'S MOTION *IN LIMINE*

The Plan Administrator in the above-captioned bankruptcy cases moved to exclude evidence of consequential damages, including but not limited to lost profits, from the final hearing on the Debtors' objection to claim number 14. ECF No. 1255. Evidence of consequential damages will not be admitted.

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

Claimant Bobs Limited entered into a written contract and order form with Debtor Compute North LLC on February 19, 2021. ECF No. 1261-1. Section 14.2 of the contract explicitly limits Compute North LLC's liability from any consequential damages, including loss of profits of any kind. *Id.* at 7. Section 16.6 of the contract states: "This Agreement shall be governed by and interpreted in accordance with the laws of the State of Minnesota[.]" *Id.* at 8. Under Minnesota law, consequential damages exclusions in contracts are valid and enforceable. *Transport Corp. of America, Inc. v. International Business Machines Corporation, Inc.*, 30 F.3d 953, 960 (8th Cir. 1994) ("An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law.");

*Far East Aluminum Works Co. Ltd. V. Viracon, Inc.*, 27 F.4th 1361, 1366 (8th Cir. 2022) (citing *Int'l Fin. Servs., Inc. v. Franz*, 534 N.W.2d 261, 268-69 (Minn. 1995)) ("When 'two merchants of relatively equal bargaining power' agree to 'allocate the risk of loss' in a contract, it is not the court's job to shift the risk elsewhere."); *Spectro Alloys Corp. v. Fire Brick Engineers Co., Inc.*, 52 F. Supp. 3d 918, 932 (D. Minn. 2014) (enforcing a consequential damages clause to exclude damages for lost profits under contract whose predominant purpose was for services).

Under Minnesota law, the liability limitation provision is enforceable.

Bobs Limited's argument that the written agreement was superseded by a new oral agreement after the parties agreed to a 15% price increase is unpersuasive. *See* ECF No. 1263 at 3. Section 16.2 of the contract explicitly states: "This Agreement shall not be superseded, terminated, modified or amended except by express written agreement of the parties that specifically identifies this Agreement." ECF No. 1261-1 at 7. Bobs Limited has not produced any express written agreement between the parties to supersede the existing contract. The Court makes no determination whether the 15% price increase was an enforceable oral agreement. The Court only finds that the price increase was not a new agreement superseding the existing contract.

Bobs Limited's argument that the contract was superseded by a new oral agreement upon the requirement to pay a hardware facilitation fee of 5% similarly fails. *See* ECF No. 1263 at 3. The order form provides for a 5% fee in the event Bobs Limited does not enter into a hosting agreement with Compute North LLC. ECF No. 1270 at 24; *see* ECF No. 1261-2. The order form provision was previously contemplated and agreed to by both parties.

Bobs Limited is precluded from introducing any evidence of consequential damages, including but not limited to lost profits, at the final hearing on Debtors' Objection to Claim No. 14 of Bobs Limited (ECF No. 850).

SIGNED 12/11/2023

_____
Marvin Isgur
United States Bankruptcy Judge