**Exhibit A**

**Tribolet Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 10062 OF TESLAWATT, LLC**

I, Michael Tribolet, hereby declare under penalty of perjury:

1.  I am the Managing Member of Tribolet Advisors LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases.

2.  In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I assumed possession of and am generally familiar with the Debtors' books and records which reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claim No. 10062 of TeslaWatt, LLC* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating proof of claim 10062 (the "Proof of Claim") filed by claimant TeslaWatt, LLC ("Claimant"), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed the Proof of Claim, the Debtors' books and records, and the supporting documentation provided by Claimant.

5. Claimant contends in its Proof of Claim that it is entitled to the return of a deposit in connection with the failure of Debtor Mining Project Wind Down LLC (f/k/a Compute North LLC) to provide services. To support its Proof of Claim, Claimant relies on a Master Agreement dated January 15, 2021 between Compute North LLC and Claimant and related invoice, which are attached to the Proof of Claim.

6. According to the invoice attached to the Proof of Claim, Mining Project Wind Down LLC (f/k/a Compute North LLC) charged Claimant a deposit of $72,721.80 (the "Deposit") for hosting and colocation services to be provided by the Debtors.

7. However, section 6.1 of the Master Agreement provides that Claimant's initial deposit is "non-refundable and non-transferrable under any circumstances."

8.      Based on the unambiguous language in section 6.1 of the Master Agreement, I do not believe Claimant is entitled to recover the Deposit and believe the Claim should be disallowed.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated:  December 22, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator