IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

**PLAN ADMINISTRATOR'S OBJECTION TO**
**CLAIM NO. 10156 OF US DIGITAL MINING TEXAS LLC**

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on February 5, 2024 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim No. 10156 of US Digital Mining Texas LLC* (the "Objection"), and respectfully states as follows in support thereof:

## BACKGROUND

1. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

2. On November 23, 2022, US Digital Mining Texas LLC (the "Claimant") filed proof of claim number 10111 ("Claim 10111"), asserting a partially secured claim in the Mining Project Wind Down LLC f/k/a Compute North LLC bankruptcy case.

3. On January 13, 2023, Claimant filed proof of claim number 10156 ("Claim 10156"), which amends Claim 10111, asserting a partially secured claim in the Mining Project Wind Down LLC f/k/a Compute North LLC bankruptcy case.

4. On January 27, 2023, the Debtors and Claimant filed a Stipulation and Agreed Order (the "Stipulation") which established Claimant's right to an allowed general unsecured claim in the amount of $1,401,544 (the "Stipulated Claim").[2] The Stipulation further provided that, with the exception of the Stipulated Claim, "Claimant shall have no other claims or proofs of claim against Debtors or the Debtors' estates in these chapter 11 cases." The Stipulation was approved by the Court on February 16, 2023.[3]

5. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[4]

6. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[5]

7. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[6] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and

---

[2] Docket No. 873.
[3] Docket No. 1010.
[4] Docket No. 1019.
[5] Docket No. 1082.
[6] Exhibit E to Docket No. 1079.

3

resolving claims asserted against the Reorganized Debtors' estates.[7]

8.  The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including Claims 10111 and 10156, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any.

## JURISDICTION AND VENUE

9.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTION

10.  The Plan Administrator objects to Claim 10156 because Claimant's claims in the Bankruptcy Cases were resolved in the Stipulation which was approved by the Court. The Stipulation provided for allowance of a general unsecured claim in the amount of $1,401,544 and the release of all other claims. While the Stipulation cites specifically to Claim 10111, it fails to directly reference Claim 10156. The Plan Administrator files this objection out of an abundance of caution to confirm that Claim 10156 was released or is otherwise duplicative of Claim 10111 and should be expunged from the claims register.

11.  In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Objection to*

---

[7] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

*Claim No. 101566 of US Digital Mining Texas LLC* (the "Tribolet Declaration"), attached hereto as **Exhibit A**.

12. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

13. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

14. The Plan Administrator submits that Claim 10156 was waived and released in accordance with the Stipulation. The Stipulation provides for the allowance of Claim 10111 in the reduced general unsecured claim amount of $1,401,544, and further states that "[o]ther than the Stipulated Claim, Claimant shall have no other claims or proofs of claim against the Debtors or the Debtors' estates in these chapter 11 cases."

15. Based on the terms of the Stipulation, Claim 10156 was released and should be

disallowed on that basis.

16. Alternatively, Claim 10156 should be disallowed because it is duplicative of Claim 10111. Claim 10156 was filed as an amendment to Claim 10111, which was subsequently resolved in the Stipulation. Claim 10156 relies on the same underlying contract as Claim 10111 and was filed in the same bankruptcy case. The failure to disallow and expunge Claim 10156 would result in a double recovery to Claimant for which it is not entitled.

## RESERVATION OF RIGHTS

17. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding Claim 10156. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest Claim 10156 and any other claims asserted by Claimant except for Claim 10111 as allowed pursuant to the Stipulation on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

18. The Plan Administrator respectfully requests that Claim 10156 be disallowed in its entirety and expunged, that the relief requested herein shall not affect or impair Claim 10111 as allowed pursuant to the Stipulation, and that the Court grant such other and further relief as is appropriate under the circumstances.

December 23, 2023                                Respectfully submitted,

                                                 */s/ Charles R. Gibbs*

Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:             crgibbs@mwe.com

– *and* –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:     (651) 289-3846
Facsimile:     (651) 406-9676
E-mail:           kcasteel@askllp.com
                       jchristian@askllp.com
                       nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

**Certificate of Service**

      I certify that on December 23, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      I further certify that on December 23, 2023, I caused a copy of the foregoing document to be served by First Class Mail and email to Claimant as follows:

US Digital Mining Texas LLC
c/o Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison Street, #200
Tampa, FL 33602
Attn: Scott A. Stichter, Esq.
Email: sstichter.ecf@srbp.com

*/s/ Charles R. Gibbs*
Charles R. Gibbs