IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Debtors.[1] | |

PLAN ADMINISTRATOR'S OBJECTION TO
CLAIM NO. 26 OF RK MISSION CRITICAL LLC

> **This is an objection to your claim. The objecting party is asking the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after this objection was served on you, your claim may be disallowed without a hearing. Represented parties should act through their attorney.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this objection was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within thirty days from the date this objection was filed. Otherwise, the Court may treat the objection as unopposed and sustain the relief requested.**

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

> **A hearing will be conducted on this matter on February 5, 2024 at 10:00 a.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554.**
>
> **Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page at https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-marvin-isgur. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), hereby files this *Objection to Claim No. 26 of RK Mission Critical LLC* (the "Objection"), and respectfully states as follows in support thereof:

## BACKGROUND

1. On September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") commenced a chapter 11 case by filing a voluntary petition for relief in this Court under title 11 of the United States Code (the "Bankruptcy Code").

2. On November 20, 2022, RK Mission Critical LLC (the "Claimant") filed proof of claim number 26 ("Claim 26"), asserting a partially secured claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case in the total amount of $64,480,618.00.

3. On November 20, 2022, Claimant filed proof of claim number 27 ("Claim 27"), asserting what appears to be an identical claim in the Mining Project Wind Down LLC (f/k/a Compute North LLC) bankruptcy case in the amount of $64,480,618.00.

4. On February 9, 2023, the Court entered the *Order Approving Settlement with RK Mission Critical LLC Pursuant to Bankruptcy Rule 9019*,[2] which approved the *Stipulation of Settlement by and between the Debtors and RK Mission Critical LLC* (the "RK Mission Settlement").[3]

5. As set forth in the RK Mission Settlement, Claim 27 was stipulated as an allowed general unsecured claim in the amount of $49,602,406. The RK Mission Settlement provided for a release of all other claims related to the transactions that were the subject of the Stipulation.[4]

6. On February 16, 2023, the Court entered an order confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Confirmation Order" and "Plan", respectively).[5]

7. The effective date of the Plan (the "Effective Date") occurred on March 31, 2023.[6]

8. The Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[7] Pursuant to the Plan, Confirmation Order, and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Effective

---

[2] Docket No. 944.
[3] Docket No. 886-2.
[4] RK Mission Settlement, ¶ 8.
[5] Docket No. 1019.
[6] Docket No. 1082.
[7] Exhibit E to Docket No. 1079.

3

Date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[8]

9. The Plan Administrator, its counsel, professional advisors and consultants, including but not limited to Grant Thornton LLP ("Grant Thornton" and collectively, the "Reviewing Parties") are diligently reviewing the claims filed in the Bankruptcy Cases, including the Proof of Claim, the claims register, the Debtors' books and records, and the supporting documentation provided by Claimant, if any.

## JURISDICTION AND VENUE

10. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Plan Administrator confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTION

11. The Plan Administrator objects to Claim 26 because Claimant's claims in the Bankruptcy Cases were resolved in the RK Mission Settlement as approved by the Court. The RK Mission Settlement provided for allowance of Claim 27 as a wholly general unsecured claim in a reduced amount and the release of all other claims. However, the RK Mission Settlement does not expressly reference Claim 26. The Plan Administrator files this objection out of an abundance of caution to confirm that Claim 26 was released and should be expunged from the claims register.

12. In support of this Objection, the Plan Administrator submits the *Declaration of Michael Tribolet, Managing Member of Tribolet Advisors LLC, in Support of the Objection to*

---

[8] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

4

*Claim No. 26 of RK Mission Critical LLC* (the "<u>Tribolet Declaration</u>"), attached hereto as **<u>Exhibit A</u>**.

13. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) provides that a court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that – (1) such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1).

14. Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). However, a proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). When such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of evidence. *Id.* "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

15. The Plan Administrator submits that Claim 26 was waived and released in accordance with the RK Mission Settlement. The RK Mission Settlement provides for the allowance of Claim 27 and the release of other claims as follows:

> 8. Upon the Effective Date of the Plan, RKMC, for itself and on behalf of its affiliates, and each of their respective officers, directors, employees, agents, representatives and professionals (collectively, the "RKMC Parties") hereby release the Debtors, their affiliates, and each of their respective officers, directors, employees, agents, representatives and professionals (collectively, the "Debtor Parties"), and the Debtor Parties hereby release the RKMC Parties, **from any and all claims, causes of action,**

5

**damages or other liabilities arising from or related to the transactions subject of this Stipulation, and all such claims, causes of action, damages and other liabilities shall be released and discharged in their entirety,** provided however, that the Parties' respective rights and obligations under this Stipulation shall remain unaffected by such releases, the confirmation of the Plan or the occurrence of the Effective Date, and nothing herein shall affect rights of the Parties under this stipulation nor RKMC's rights to distributions under the Plan on account of the Allowed Claim.[9]

16. Based on the terms of the RK Mission Settlement, Claim 26 was released and should be disallowed on that basis.

17. Alternatively, Claim 26 should be disallowed because it is duplicative of or was amended by Claim 27. Claim 26 was filed in the same bankruptcy case, for the same amount, and relies on the same supporting documentation as Claim 27. The failure to disallow and expunge Claim 26 would result in a double recovery to Claimant for which it is not entitled.

## RESERVATION OF RIGHTS

18. This Objection is limited to the grounds stated herein. The Plan Administrator expressly reserves the right to amend, modify, and supplement this Objection, and the right to respond to any assertion regarding Claim 26. The Plan Administrator further reserves all rights to present any evidence at a designated hearing for this proceeding to support its Objection and to disprove any future assertions that may be brought by Claimant. The Plan Administrator reserves the right to contest Claim 26 and any other claims asserted by Claimant on any other grounds. Nothing herein shall constitute an admission as to the amount, priority, or validity of any claims asserted by Claimant.

## CONCLUSION

19. The Plan Administrator respectfully requests that Claim 26 be disallowed in its entirety and expunged, that the relief requested herein shall not affect or impair Claim 27 as

---

[9] RK Mission Settlement, ¶ 8 (emphasis added).

allowed pursuant to the RK Mission Settlement, and that the Court grant such other and further relief as is appropriate under the circumstances.

December 26, 2023          Respectfully submitted,

ASK LLP

/s/ Nicholas C. Brown
Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Facsimile: (651) 406-9676
E-mail: kcasteel@askllp.com
jchristian@askllp.com
nbrown@askllp.com

*Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator*

**<u>Exhibit A</u>**

**Tribolet Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 26 OF RK MISSION CRITICAL LLC

I, Michael Tribolet, hereby declare under penalty of perjury:

1. I am the Managing Member of Tribolet Advisors LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases.

2. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (defined herein).

and overseeing the claims reconciliation and objection process, which involves the collective effort of myself; my counsel, including ASK LLP; my financial advisor, Grant Thornton LLP; and certain former employees of the Reorganized Debtors (collectively, the "Reviewing Parties"). In connection with my responsibilities, I assumed possession of and am generally familiar with the Debtors' books and records which reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors both as of and subsequent to the Petition Date.

3. I have read the *Plan Administrator's Objection to Claim No. 26 of RK Mission Critical LLC* (the "Objection").

4. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating Claim 26 filed by claimant RK Mission Critical LLC ("Claimant"), I, in a collective effort with one or more of the Reviewing Parties under my supervision, thoroughly reviewed Claim 26, the Debtors' books and records, Claim 27, the RK Mission Settlement, and the order approving the RK Mission Settlement.

5. In accordance with the RK Mission Settlement, Claimant's claims were resolved in exchange for the allowance of Claim 27 as a general unsecured claim in the amount of $49,602,406.00. The language in the RK Mission Settlement further provides for a release as to other claims related to the transactions which were the subject of the RK Mission Settlement. Therefore, it appears that Claim 26 was released and should be expunged from the claims register on that basis.

6. Alternatively, Claim 26 appears to be duplicative of or amended by Claim 27. Claims 26 and 27 were filed in the same bankruptcy case in identical amounts. If Claim 26 is not disallowed, Claimant would receive a double recovery to the detriment of similarly situated creditors.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated:  December 26, 2023

/s/ *Michael Tribolet*
Michael Tribolet
Managing Member
Tribolet Advisors LLC, solely in its
capacity as Plan Administrator

**Certificate of Service**

I certify that on December 26, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on December 26, 2023, I caused a copy of the foregoing document to be served by First Class Mail and email to Claimant as follows:

RK Mission Critical LLC
c/o Berg Hill Greenleaf Ruscitti LLP
1712 Pearl St.
Boulder, CO 80302
Attn: Patrick M. Haines, Esq.
Email: pmh@bhgrlaw.com

LP1 LLC
c/o Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Ave.
New York, NY 10110
Attn: Martin Sklar

*/s/ Nicholas C. Brown*
Nicholas C. Brown

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| Debtors.[1] | (Jointly Administered) |

### ORDER SUSTAINING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 26 OF RK MISSION CRITICAL LLC
**(Related Docket No. ___)**

Upon the objection (the "Objection")[2] of Tribolet Advisors LLC, as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases, seeking entry of an order (this "Order") sustaining the *Plan Administrator's Objection to Claim No. 26 of RK Mission Critical LLC,* as more fully set forth in the Objection; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this Court may enter a final order consistent

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing thereon were appropriate and no other notice need be provided; and this Court having reviewed the Objection and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the Tribolet Declaration; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. Proof of claim number 26 filed by RK Mission Critical LLC is hereby disallowed in its entirety.

2. Epiq Corporate Restructuring, LLC, as Claims, Noticing, Solicitation, and Administrative Agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3. Nothing in this Order shall affect or impair the allowed general unsecured claim of RK Mission Critical LLC as evidenced by the *Order Approving Settlement with RK Mission Critical LLC Pursuant to Bankruptcy Rule 9019*.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3

Houston, Texas
Dated: _____, 2023

                    _____
                    MARVIN ISGUR
                    UNITED STATES BANKRUPTCY JUDGE