United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90273 (MI)<br><br>(Jointly Administered) |

**JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN THE PLAN ADMINISTRATOR AND REVIVA INC. RESOLVING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM ASSERTED BY REVIVA INC. (CLAIM NO. 10129)**
**(Relates to Docket No. 1299)**

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), and Reviva Inc. ("Reviva" or "Claimant" and, together with the Plan Administrator, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation") as follows:

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

WHEREAS, on September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") in the Bankruptcy Cases filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

WHEREAS, on February 16, 2023, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Plan").[2]

WHEREAS, the Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[3] Pursuant to the Confirmation Order and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Plan's effective date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[4]

WHEREAS, on November 23, 2022, Reviva filed proof of claim number 10129 in the Compute North LLC bankruptcy case (the "Proof of Claim"). Pursuant to the Proof of Claim, Reviva asserted the following claims against the bankruptcy estate:

(a) An amount not less than $250,000.00 owed to Claimant in accordance with the Claim Documentation and applicable law; plus

(b) All claims arising out of the purchase or sale of a security, whether as a controlling person or otherwise, in violation of Section 10(b) of the Securities Act of 1934 and Rule 10b-5 promulgated thereunder; plus

---

[2] Docket No. 1019.

[3] Docket No. 1079, Exhibit E.

[4] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

    (c) All claims for written and oral misrepresentations and material omissions, each arising out of or with respect to the transactions or conduct alleged in this Appendix A, including without limitation, claims for damages, punitive damages, treble damages, pre-judgment interest and attorney's fees; plus

    (d) All claims for the breach of one or more fiduciary duties and aiding and abetting the breach of a fiduciary duty, each arising out of or with respect to the transactions or conduct alleged in this Appendix A, including without limitation, claims for damages, punitive damages, treble damages, pre-judgment interest and attorney's fees; plus

    (e) Charges, interest, fees, costs and expenses and other indebtedness owed to Claimant, or to which Claimant is entitled, in accordance with the Claim Documentation and/or applicable law; plus

    (f) All amounts of attorney's fees and costs incurred by Claimant in connection with the enforcement of Claimant's rights pursuant to the Claim Documentation and/or applicable law.

**WHEREAS**, on October 3, 2023, the Plan Administrator filed the *Plan Administrator's Objection to Claim Asserted by Reviva Inc. (Claim No. 10129)* (the "Claim Objection").[5]

**WHEREAS**, the Parties, through their counsel, have engaged in discussions regarding the Proof of Claim and the Claim Objection and have agreed that the Proof of Claim should be deemed withdrawn.[6]

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, it is stipulated and agreed, and upon approval by the Bankruptcy Court, it is SO ORDERED as follows:

1.  The Parties stipulate and agree as follows:

  (a)  Reviva covenants not to sue or bring any claim against the Plan Administrator and the Reorganized Debtors' estates, with respect to any and all actual or potential claims, complaints, liabilities, obligations, promises, actions, causes of action, liabilities, agreements, damages, costs, debts, and expenses of any kind, whether known or unknown, that Reviva has or ever had or may have from the beginning of time through the date of this Stipulation, *provided, however*, that

---

[5] Docket No. 1299.

[6] For the avoidance of doubt, the Plan Administrator has satisfied the requirements set forth in Section 4.2 of the Plan Administrator Agreement. Specifically, given the fact that the asserted claim at issue here is greater than $100,000, the Plan Administrator sought and obtained the Plan Oversight Committee's approval of the stipulations and agreements set forth herein.

nothing contained herein shall limit Reviva's rights against any other person or entity.

(b)     the Plan Administrator, on behalf of the Reorganized Debtors' estates, covenants not to sue or bring any claim against Reviva with respect to any and all actual or potential claims, complaints, liabilities, obligations, promises, actions, causes of action, liabilities, agreements, damages, costs, debts, and expenses of any kind, whether known or unknown, that the Reorganized Debtors' estates have or ever had or may have from the beginning of time through the date of this Stipulation, *provided, however*, that nothing contained herein shall limit either the Plan Administrator's or the Reorganized Debtors' estates' rights against any other person or entity.

(c)     Subject to the terms of this Stipulation, the Proof of Claim is hereby deemed withdrawn for all purposes.

2.     The Parties further stipulate and agree that the Plan Administrator may direct the Claims and Solicitation Agent, Epiq Corporate Restructuring, LLC, to update the official claims register to reflect this Stipulation.

3.     The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Signed: January 16, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Dated:  January 12, 2024

*/s/ Charles R. Gibbs*
Charles R. Gibbs
Texas State Bar No. 7846300
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201-1664
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:            crgibbs@mwe.com

– and –

Kara E. Casteel (admitted *pro hac vice*)
Jennifer A. Christian (admitted *pro hac vice*)
Nicholas C. Brown (admitted *pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone:     (651) 289-3846
Facsimile:      (651) 406-9676
E-mail:           kcasteel@askllp.com
                      jchristian@askllp.com
                      nbrown@askllp.com

*Counsel to the Plan Administrator*

*/s/ Mark A. Carter*
Mark A. Carter (admitted *pro hac vice*)
Illinois Bar No.6199602
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3775
Email:     Mcarter@hinshawlaw.com

*Counsel to Reviva Inc.*

**Certificate of Service**

      I certify that on January 12, 2024, I caused a copy of the foregoing document to be served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in these cases and (ii) First Class Mail and electronic mail to counsel for the claimant as follows:

Mark A. Carter, Esq.
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Email:     Mcarter@hinshawlaw.com

                                                                         */s/ Charles R. Gibbs*
                                                                        Charles R. Gibbs