IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*,<br><br>Reorganized Debtors.¹ | Chapter 11<br><br>Case No. 22-90273 (MI)<br><br>(Jointly Administered) |

### STIPULATION AND AGREED ORDER BY AND BETWEEN
### THE PLAN ADMINISTRATOR AND SENTINUM, INC., (F/K/A BITNILE INC.)

Tribolet Advisors LLC, in its capacity as Plan Administrator ("Plan Administrator") in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), and Sentinum, Inc. (f/k/a BitNile Inc.) ("BitNile" or "Claimant" and, together with the Plan Administrator, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation") as follows:

**WHEREAS**, on September 22, 2022 (the "Petition Date"), each of the above-captioned debtors (the "Debtors" and, as of the effective date of the Plan, the "Reorganized Debtors") in the Bankruptcy Cases filed voluntary petitions for relief under chapter 11 of title 11 of the United

---

¹ On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption.  The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**WHEREAS**, on February 16, 2023, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) and Its Debtor Affiliates* (the "Plan").[2]

**WHEREAS**, the Plan Administrator is governed by the Amended Plan Administrator Agreement (the "Plan Administrator Agreement").[3] Pursuant to the Confirmation Order and Plan Administrator Agreement, the Plan Administrator is tasked with, among other things: (1) serving as the sole manager, director, and officer of the Reorganized Debtors as of the Plan's effective date; (2) implementing the Plan and any applicable orders of the Court; and (3) reconciling and resolving claims asserted against the Reorganized Debtors' estates.[4]

**WHEREAS**, on November 16, 2022, BitNile filed proof of claim number 10060, asserting a general unsecured claim for contractual damages including deposit funds and lost profits in the sum of $2,124,493.00 (the "Deposit Claim").

**WHEREAS**, on February 1, 2023, BitNile filed proof of claim number 42, asserting a general unsecured claim for rejection damages in the sum of $21,067,505.05 (the "Rejection Claim" and, together with the Deposit Claim, the "Claim").[5]

---

[2] Docket No. 1019.

[3] Docket No. 1079, Exhibit E.

[4] Plan §§ 4.2.5, 7.3; Confirmation Order ¶¶ 53, 88; Plan Administrator Agreement § 1.3.

[5] For the avoidance of doubt, the Plan Administrator has satisfied the requirements set forth in Section 4.2 of the Plan Administrator Agreement. Specifically, given the fact that the asserted claim at issue here is greater than $100,000, the Plan Administrator sought and obtained the Plan Oversight Committee's approval of the stipulations and agreements set forth herein.

**WHEREAS**, on February 13, 2023, the Debtors filed the *Debtors' Objection to Claim No. 42 of BitNile, Inc. for Contract Rejection Damages* (the "Claim Objection").[6]

**WHEREAS**, on March 13, 2023, BitNile filed a Response to the Claim Objection (the "Claim Objection Response").[7]

**WHEREAS**, the Plan Administrator disputes the amount of the Claim.

**WHEREAS**, on November 15, 2022, BitNile commenced a lawsuit in the United States District Court for the District of Minnesota, Case No. 22-cv-02911, against certain current or former officers and employees of Debtor Compute North LLC (the "Non-Bankruptcy Litigation").

**WHEREAS**, in or about July 2023, BitNile changed its name to Sentinum, Inc.

**WHEREAS**, following negotiations, the Parties have reached an agreement resolving and settling the Claim, which agreement is memorialized herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, it is stipulated and agreed, and upon approval by the Bankruptcy Court, it is SO ORDERED as follows:

1. The Parties stipulate and agree that the Claim shall be and is hereby classified as an allowed general unsecured claim in the Mining Project Wind Down, LLC f/k/a Compute North LLC bankruptcy case in the sum of $1,500,000.00 (the "Allowed Claim").

2. The Parties further stipulate and agree that the Allowed Claim shall be allowed in the Mining Project Wind Down LLC f/k/a Compute North LLC bankruptcy case in accordance with this Stipulation, without the need for an amendment to the Claim.

---

[6] Docket No. 964.

[7] Docket No. 1057.

3. The Parties further stipulate and agree that the amount of the Allowed Claim is based upon a settlement of disputes between the Parties, and is not an admission or statement by any Party hereto as to the validity or permissible amount of the Claim, or any claims, arguments or defenses relating to the Claim, the Claim Objection, and/or the Claim Objection Response.

4. The Parties further stipulate and agree to waive and release each other from any and all claims between BitNile on the one hand and the Plan Administrator, the Debtors, the Reorganized Debtors, and their bankruptcy estates (collectively, the "Released Parties") on the other, other than the Allowed Claim. For the avoidance of doubt, such waiver and release of claims shall not apply to BitNile's claims against any persons or entities other than the Released Parties, including but not limited to the defendants in the Non-Bankruptcy Litigation; *provided that*, BitNile waives any right, claim, or interest it may otherwise have to collect directly against the Released Parties on or in connection with any judgment obtained in the Non-Bankruptcy Litigation. For further avoidance of doubt, BitNile's waivers and releases set forth herein shall in no way apply to: (i) any obligations of or its claims against any person or entity other than the Released Parties, including but not limited to the defendants in the Non-Bankruptcy Litigation, whether or not such defendants have sought or may in the future seek indemnification or other claim, payment or reimbursement from the Released Parties; or (ii) any insurance carrier that may provide coverage with respect to the Non-Bankruptcy Litigation or any other non-released claims. In addition, nothing set forth herein shall prevent BitNile from seeking discovery from the Released Parties in connection with any other litigation, including but not limited to the Non-Bankruptcy Litigation.

5. The Parties further stipulate and agree that the Plan Administrator may direct the Claims and Solicitation Agent, Epiq Corporate Restructuring, LLC, to update the official claims register to reflect this Stipulation.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Stipulation shall be effective and enforceable upon approval and entry by the Bankruptcy Court.

7. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Signed on _____, 2024

                                                                                              _____
                                                                                              Marvin Isgur
                                                                                              United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

Dated:  January 16, 2024

| | |
|---|---|
| */s/ Charles R. Gibbs* <br> Charles R. Gibbs <br> Texas State Bar No. 7846300 <br> **MCDERMOTT WILL & EMERY LLP** <br> 2501 North Harwood Street, Suite 1900 <br> Dallas, TX 75201-1664 <br> Telephone:     (214) 295-8000 <br> Facsimile:      (972) 232-3098 <br> Email:            crgibbs@mwe.com <br><br> *- and -* <br><br> Kara E. Casteel (admitted *pro hac vice*) <br> Jennifer A. Christian (admitted *pro hac vice*) <br> Nicholas C. Brown (admitted *pro hac vice*) <br> **ASK LLP** <br> 2600 Eagan Woods Drive, Suite 400 <br> St. Paul, MN 55121 <br> Telephone:       (651) 289-3846 <br> Facsimile:        (651) 406-9676 <br> E-mail:             kcasteel@askllp.com <br>                         jchristian@askllp.com <br>                         nbrown@askllp.com <br><br> *Counsel to the Mining Project Wind Down Holdings, Inc. Litigation Trust and the Plan Administrator* | */s/ Jason S. Brookner* <br> Jason S. Brookner <br> Texas State Bar No. 24033684 <br> **GRAY REED** <br> 1300 Post Oak Boulevard, Suite 2000 <br> Houston, TX 77056 <br> Telephone: (713) 986-7127 <br> Facsimile:  (713) 986-5966 <br> Email:       jbrookner@grayreed.com <br><br> *- and -* <br><br> Adam H. Friedman (admitted *pro hac vice*) <br> Kerrin T. Klein (admitted *pro hac vice*) <br> **OLSHAN FROME WOLOSKY LLP** <br> 1325 Avenue of the Americas <br> New York, NY 10019 <br> Telephone: (212) 451-2216 <br> Facsimile: (713) 451-2222 <br> Email:    afriedman@olshanlaw.com <br>                kklein@olshanlaw.com <br><br> *Counsel to Sentinum, Inc. (f/k/a BitNile, Inc.)* |

**Certificate of Service**

I certify that on January 16, 2024, I caused a true and correct copy of the foregoing document to be served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas (the "ECF System") on all parties registered to receive service via the ECF System in these cases, and (ii) by First Class Mail and electronic mail on counsel for Claimant, as follows:

Adam H. Friedman, Esq.
Kerrin T. Klein, Esq.
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019
afriedman@olshanlaw.com
kklein@olshanlaw.com

                                                   */s/ Charles R. Gibbs*
                                                    Charles R. Gibbs