# EXHIBIT A

**Tribolet Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MINING PROJECT WIND DOWN HOLDINGS, INC. (f/k/a Compute North Holdings, Inc.), *et al.*, | Case No. 22-90273 (MI) |
| | (Jointly Administered) |
| Reorganized Debtors.[1] | |

### DECLARATION OF MICHAEL TRIBOLET, MANAGING MEMBER OF TRIBOLET ADVISORS LLC, IN SUPPORT OF THE PLAN ADMINISTRATOR'S MOTION TO TREAT EXCESS CASH IN CLAIMS RESERVE ACCOUNTS AS WIND-DOWN DISTRIBUTABLE CASH FOR GENERAL UNSECURED CREDITORS

I, Michael Tribolet, hereby declare under penalty of perjury:

1.  I am the Managing Member of Tribolet Advisors LLC, the court-appointed plan administrator (the "Plan Administrator")[2] in the above-referenced cases (the "Bankruptcy Cases").

---

[1] On September 28, 2023, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Cases* [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), shall remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion (defined herein).

2. I have read the *Plan Administrator's Motion to Treat Excess Cash in Claims Reserve Accounts as Wind-Down Distributable Cash for General Unsecured Creditors* (the "Motion"). To the best of my knowledge, information, and belief, the assertions made in the Motion are accurate.

3. In my capacity as Plan Administrator, I am the main person responsible for winding down, dissolving, and liquidating the Debtors' estates. These responsibilities include managing and overseeing the claims reconciliation and objection process, and administering, liquidating, monetizing, and distributing the Wind-Down Distributable Cash.

4. Pursuant to the Plan, the Plan Administrator is the sole manager, sole director, and sole officer of the Reorganized Debtors. Among the responsibilities of the Reorganized Debtors on and after the Effective Date is to make distributions on account of Allowed Claims and to fund distributions in accordance with the Wind-Down Budget.[3]

5. In the course of my duties as Plan Administrator I, along with certain retained professionals, have reviewed and reconciled allowed administrative, priority, and secured claims (collectively, the "Allowed Priority Claims"). Attached as **Exhibit B** to the Motion is a list of all such Allowed Priority Claims.

6. In addition, my duties as Plan Administrator have included the payment of allowed professional fee claims incurred between the Petition Date and the Effective Date (the "Allowed Professional Fee Claims"). Attached as **Exhibit C** to the Motion is a list of all such Allowed Professional Fee Claims.

---

[3] Plan § 4.2.4.

7.  In accordance with the Plan, certain reserve accounts (the "<u>Claims Reserve Accounts</u>") were established for the payment of the Allowed Priority Claims and Allowed Professional Fee Claims.

8.  In the course of my duties as Plan Administrator, I caused the Allowed Priority Claims and Allowed Professional Fee Claims to be paid or otherwise satisfied from funds in the Claims Reserve Accounts.

9.  After providing for payment of the Allowed Priority Claims and Allowed Professional Fee Claims, there is an excess of funds remaining in the Claims Reserve Accounts, as follows:

|      | Claims Reserve Account | Account Balance |
|------|------------------------|-----------------|
| i.   | Administrative and Priority Claims Reserve | $293,366.19 |
| ii.  | Secured Claims Reserve | $ 20,755.26 |
| iii. | Professional Fee Escrow Account | <u>$170,974.22</u> |
|      | Total: | $485,095.67 |

10. The Plan Administrator anticipates that the Professional Fee Escrow Account will generate additional interest payments between the date of this Motion and the date of an order approving this Motion, so that the total amount of Excess Reserve Funds will increase to the extent of any such interest payments.

11. Having reviewed, reconciled, and provided for the payment of all Allowed Priority Claims and Allowed Professional Fee Claims, and after consultation with my retained professionals and the claims and noticing agent, Epiq Corporate Restructuring, LLC, I am not

3

aware of (nor do I believe there to be) any outstanding unpaid allowed administrative, priority, or secured claims or Allowed Professional Fee Claims in the Bankruptcy Cases.

12. The Plan provides for the use of Wind-Down Distributable Cash to make distributions to general unsecured creditors. In its definition of "Wind-Down Distributable Cash", the Plan expressly excludes "Cash held in the Distribution Reserve Accounts" and the Professional Fee Escrow Account.[4]

13. Because there is an excess of reserved funds following the payment of Allowed Priority Claims and Allowed Professional Fee Claims, and due to the ambiguity surrounding the permitted use of such excess funds stemming from the Plan's definition of "Wind-Down Distributable Cash", I believe that the Court's authorization to treat the Excess Reserve Funds as Wind-Down Distributable Cash available for distribution to general unsecured creditors is warranted.

14. I have confirmed that all holders of all potentially adversely affected claims—*i.e.*, all holders of Allowed Priority Claims and Allowed Professional Fee Claims—are being served with a copy of the Motion.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information,

---

[4] Plan § 1.1.118.

and belief as of the date hereof.

Dated:  March 5, 2024

                                                                                                   */s/ Michael Tribolet*
                                                                                                  Michael Tribolet
                                                                                                  Managing Member
                                                                                                  Tribolet Advisors LLC, solely in its
                                                                                                  capacity as Plan Administrator