United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 08, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-90273 |
| MINING PROJECT WIND § | |
| DOWN HOLDINGS INC., *et al.*, § | CHAPTER 11 |
| § | |
| Debtors. § | |
| § | |
| TRIBOLET ADVISORS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | ADVERSARY NO. 23-3210 |
| § | |
| CORPUS CHRISTI ENERGY § | |
| PARK, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION

### BACKGROUND

Tribolet Advisors alleges that Bootstrap Energy, LLC violated the automatic stay. Tribolet Advisors also objected to Bootstrap's proof of claim. Bootstrap moves to dismiss the claims. The Court denies Bootstrap's motion to dismiss the stay violation claim and grants Bootstrap's motion to dismiss the claim objection.[1]

### I.   FACTUAL BACKGROUND

Plaintiff Tribolet Advisors LLC, in its capacity as Plan Administrator and Trustee for the Mining Project Wind Down Holdings,

---

[1] The Court orally denied a motion to dismiss a separate fraudulent conveyance claim at the January 16, 2024, hearing in this adversary proceeding.

Inc. Litigation Trust, brought this adversary proceeding against Bootstrap Energy, LLC and a separate entity.

The Debtors own an interest in a bitcoin mining facility in Corpus Christi, Texas, known as the Bootstrap Facility. ECF No. 1.

Separately, Compute North LLC, contracted with Bootstrap for the purchase of a transformer. Case No. 22-90273, ECF No. 855 at 3.

All of the Debtors' rights for the issues in dispute in this adversary proceeding are now held by Tribolet, as plan administrator under the Debtors' confirmed plan.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## STAY VIOLATION

### I.   PROCEDURAL BACKGROUND

Tribolet alleges that Bootstrap willfully violated the automatic stay arising under § 362 of the Bankruptcy Code. ECF No. 11 at 3. Bootstrap allegedly attempted to exercise control over property of the Debtors' bankruptcy estates by "marketing the Bootstrap Facility in which the Debtors' estates had an interest." ECF No. 11 at 2–3. The alleged marketing was in a public advertisement on Bootstrap's LinkedIn page.

Bootstrap moves to dismiss the stay violation claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). ECF No. 16. Bootstrap argues "the only fact Plaintiff alleges in support of this claim is that 'Bootstrap posted a public advertisement' on its LinkedIn page inviting attendees at an upcoming

industry event to ask about the Corpus Christi project." *Id.* at 4. Bootstrap argues "[a] mere invitation to *discuss* an alleged estate asset does not violate the automatic stay." *Id.*

At the motion to dismiss hearing, the Court required the parties to jointly file the LinkedIn post at issue. The LinkedIn post was filed at ECF No. 22-1. The relevant text of the post is:

> Bootstrap Energy is excited to attend the Summit this week!
>
> . . .
>
> Ask us about our 600MW Corpus Christi Energy Park online by summer 2023. (Space available for miners, 25MW blocks)
>
> . . .

ECF No. 22-1 at 2.

## II.  LEGAL STANDARD

Section 362(3) of the Bankruptcy Code imposes the automatic stay on "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(3).

Rule 12(b)(6) provides for the defense of "failure to state a claim upon which relief can be granted[.]" F. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  DISCUSSION

The Court reviewed the LinkedIn post. Although Tribolet Advisors may find it difficult or impossible to meet its burden of proof, the Court cannot exclude the possibility that the LinkedIn post was a violation of the automatic stay.

A reasonable inference of the text—particularly "ask us about our"—is that Bootstrap was informing the public that it owned the Bootstrap Facility. It is a reasonable inference that Bootstrap's claim of ownership over the Debtors' property was an act to exercise control over property of the estate. The stay violation claim has facial plausibility (although not yet much meat or damages).

Bootstrap's motion to dismiss the stay violation claim is denied.

## CLAIM OBJECTION

### I.  PROCEDURAL BACKGROUND

Tribolet objected to Bootstrap's proof of claim 10058. The claim comes from Compute North's contract with Bootstrap for the purchase of a transformer for $4,568,950.00, of which Compute North paid $454,250.00. Case No. 22-90273, ECF No. 855 at 3. Bootstrap filed its proof of claim for the unpaid $4,114,700.00. Case No. 22-90273, ECF No. 855-1. The Debtors filed what was styled as an "omnibus objection". Case No. 22-90273, ECF No. 815. The alleged omnibus objection was presumably an objection to "Satisfied Claims," but the only claim to which an objection was filed was Bootstrap's. Case No. 22-90273, ECF No. 815-2 at 9–10. An objection to a single claim is entirely appropriate, but it is not an omnibus objection. The objection was supported by the declaration of Ryan Mersch.

The Court denied the Debtors' objection, finding:

1. The objection to Bootstrap's claim had no factual basis. The objection filed at ECF No. 815 was denied as to Bootstrap's claim 10058.

2. Mr. Mersch's declaration was made with a careless disregard for the truth. The declaration states that Mr. Mersch carefully and thoroughly reviewed the Debtors' books and records before making the declaration.

3. The Court required the filing of a statement as to how the Mersch declaration could have been filed after a careful and thorough review. The statement filed at ECF No. 860 demonstrates that Mr. Mersch did not carefully and thoroughly review the Debtors' books and records.

Case No. 22-90273, ECF No. 861.

Tribolet, the Debtors' successor, has again objected to Bootstrap's claim. ECF No. 11 at 15. Tribolet alleges that the Court's order denying the Debtors' omnibus objection was neither a claim allowance nor a final judgment. ECF No. 11 at 16; *see* Case No. 22-90273, ECF No. 861. Tribolet argues the Debtors were "using an omnibus claims procedure, which allows piecemeal objection." ECF No. 23 at 21. The omnibus objection was filed with language reserving the Debtors' rights to object "on any ground whatsoever." Case No. 22-90273, ECF No. 815 at 7. The Debtors' reservation of rights statement may be interesting, but it was never approved by the Court.

Bootstrap moves to dismiss the renewed objection as barred under the doctrine of res judicata. ECF No. 16 at 6. It argues that the Court's order was a final judgment that denied the Debtors' objection and found it had "no factual basis." Case No. 22-90273, ECF No. 861.

At the motion to dismiss hearing, the Court found on the record that its order denying the omnibus objection was a final judgment. ECF No. 23 at 22.

The Court required briefing as to whether the final judgment binds the Debtors, given the omnibus objection's reservation of rights,

when the objection was filed in bad faith. Bootstrap filed its brief at ECF No. 25 and Tribolet filed its brief at ECF No. 26.

## II.  LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 3007(f) states: "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection." Fed. R. Bankr. P. 3007(f).

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The four elements of res judicata are: "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

"The critical issue" in determining whether there is an identity of causes of action for res judicata purposes is "whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

## III.  DISCUSSION

There are two issues to resolve the question of whether the final judgment binds the Debtors given the omnibus objection's reservation of rights when that objection was filed in bad faith.

### A.  Res Judicata

The first issue is whether the doctrine of res judicata applies.

With respect to the first element of res judicata, the omnibus objection was made by the Debtors, whereas the objection here was

made by Tribolet Advisors. But Tribolet objected in its capacity as Plan Administrator and Trustee for the Mining Project Wind Down Holdings, Inc. Litigation Trust. "The identity of parties test is met not only as to parties to the earlier litigation, however, but also to those in privity with them." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). Tribolet is successor-in-interest to the Debtors. The first element is satisfied.

With respect to the second element, the Court was a court of competent jurisdiction under 28 U.S.C. § 1334.

With respect to the third element, the Court found on the record that the denial of the omnibus objection was a final judgment on the merits.

With respect to the fourth element, the proof of claim in both cases was the same. Nothing about the underlying facts has changed since the Debtors' initial objection. The two objections are based on the same nucleus of operative fact. The same cause of action is at issue in both cases.

All four elements of res judicata are satisfied. The Court is unable to locate any case law (and Tribolet has cited none) that a party may unilaterally avoid the imposition of res judicata by stating that it reserves the right to not have res judicata apply.

### B. Bad Faith

The second issue is whether the bad faith filing of the "omnibus objection" weighs against its reservation of rights. Both Tribolet Advisor's and Bootstrap's briefs on the issue stated that there was no case law directly on point. *See* ECF Nos. 25 at 3 & 26 at 3.

Under Rule 3007(f), the finality of the Court's denial of the Debtors' omnibus objection is determined "as though the claim had been subject to an individual objection." Fed. R. Bankr. P. 3007(f). The "omnibus objection" was made without a factual basis and in bad faith. Notwithstanding its title, the objection was not an omnibus objection.

The movant cannot rely on the form of the title of the objection to belie its substance. *See Armstrong v. Capshaw, Goss & Bowers,* 404 F.3d 933, 936 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels and stating because movant's "motion to amend his complaint sought to justify his status as an intervenor in federal court, the district court properly treated it as a motion for leave to intervene.") (citing *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir. 1996)) *(en banc)* ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label' ") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.,* 320 F.2d 594, 606 (5th Cir.1963)).

These findings weigh against the reservation of rights language. Tribolet is not permitted to raise an objection now that the Debtors could have previously raised. The final judgment is binding.

The objection to Bootstrap's claim is dismissed as res judicata.

## CONCLUSION

A separate order will be issued in accordance with the memorandum opinion.

SIGNED 04/08/2024

                                  Marvin Isgur
                           United States Bankruptcy Judge