IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-90273 (MI) |
| MINING PROJECT WIND DOWN | § | |
| HOLDINGS, INC. (f/k/a Compute North | § | CHAPTER 11 |
| Holdings, Inc.), *et al* | § | |
| | § | (Jointly Administered) |
| **REORGANIZED DEBTORS**[1] | § | |

**MOTION OF RELM INSURANCE LTD. AND BANYAN RISK LTD. TO LIFT STAY TO PERMIT PROCEEDS OF INSURANCE TO PAY DEFENSE COSTS RELATING TO OFFICER AND DIRECTOR LIABILITY CLAIMS**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY.  IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE THE MATTER.  IF YOU CANNOT SETTLE THIS DISPUTE, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING.  IF YOU CANNOT SETTLE THIS MATTER, YOU MUST ATTEND THE HEARING.  EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1510); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC( f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238).  The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

**THERE WILL BE A HEARING ON THIS MATTER ON [ ], 2024 AT [ ] A.M. CST IN COURTROOM __, 515 RUSK, HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**YOU MAY ACCESS THE FACILITY AT 832-917-1510.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR CONFERENCE ROOM NUMBER IS 404.  VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM.  CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE NORMAN'S HOME PAGE.  THE MEETING CODE IS "954554".  CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.  HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS.  TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**TO THE HONORABLE MARVIN ISGUR, U. S. BANKRUPTCY JUDGE:**

This is a motion, filed by Relm Insurance Ltd. ("**Relm**") and Banyan Risk Ltd. ("**Banyan**"), for relief from the stay to allow Relm and Banyan (together, the "**Insurers**") to advance payment and/or reimburse defense fees and costs of counsel for 14 former officers and directors (the "**Officers & Directors**") of Compute North Holdings, Inc., and Affiliates, the Reorganized Debtors (herein, the "**Debtors**").

Relm is the Debtors' insurance company for directors and officers liability coverage in accordance with Policy Number RILPDO5992022-RO (as amended) and Banyan is the excess insurance company pursuant to Policy No. 101-XDO-1030-101.  Together, the insurance agreements described herein may be referred to as the "**Policies**".  The "**Insureds**" under the above described insurance policies are the Debtors and its officers and directors.

On or about February 16, 2023, the Debtors reorganized pursuant to an order known as the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. f/k/a Compute North Holdings, Inc. and its Debtor Affiliates [Doc No. 889].  In November 2022,

a cryptocurrency mining company, Bitnile, filed suit in federal court in Minnesota against several of the officers and directors, of which at least some of these claims may be covered under the Policies.  In addition, the Debtors have made claims against the Officers and Directors and these claims may be subject to coverage under the Policies.  Together the claims made in the Bitnile case and the allegations by the Debtors in this case are referred to as the "**Claims**".  At the very least, the Policies cover the cost of defense of these Claims and this motion asks the Court to lift the stay to allow the Insurers to pay various defense counsel fees and costs to provide the Officers and Directors a defense against the Claims.  If a settlement is reached with respect to the Claims, then a motion in accordance with Section 9019 of the Bankruptcy Code will be filed.

The Insurers respectfully request this Court grant relief from the automatic stay set forth in 11 U.S.C. § 362 for cause to permit Movants to pay the costs of defense counsel for the Officers and Directors in an effort to resolve the Claims.  The Insurers are not requesting any funds be paid from the Debtors or the Debtors' bankruptcy estates.

In support of this motion for relief from automatic stay (this "**Motion**"), the Insurers further represent as follows:

## JURISDICTION AND VENUE

1.This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.The statutory basis for relief sought is 11 U.S.C. § 362.

## BACKGROUND

4.On September 22, 2022, the Debtor, including 17 affiliates, filed for bankruptcy in the Southern District of Texas, Houston Division, under case no. 22-90273.  On February 16, 2023,

the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. f/k/a Compute North Holdings, Inc. and its Debtor Affiliates (the "**Debtors' Plan**") was confirmed.

5. As alluded to above, on or about June 27, 2024, the Litigation Trust for the Debtor sent the Officers and Directors demand letters together with a draft complaint containing 468 separate paragraphs, some containing subparts, as well as exhibits attached to the draft complaint. The draft includes allegations of breaches of fiduciary duty, mismanagement, waste, unjust enrichment, fraudulent transfers, avoidable transfers, and disallowance of claims. Specifically, the draft complaint alleges the Officers and Directors prioritized rapid expansion of the company in anticipation of a public offering, in hopes of reaping personal gains, as opposed to acting in the best interest of the company. In addition, the complaint alleges that the Officers and Directors and the employees hired by the Officers and Directors lacked the requisite experience to safely operate the company, to monitor the finances of the businesses, to handle risky debt financing arrangements, and to oversee the company's growth.

6. The draft complaint further alleges the Officers and Directors ignored the guidance of external auditors, consultants, and other employees who warned that internal controls, financial oversight, and risk management measures were inadequate and posed a significant risk to the company's ability to continue operating.

**7.** Each of the Policies have a $2,500,000 limit ($5,000,000 total potential coverage). The Officers and Directors have requested reimbursement and payment of their attorneys' fees to date and continued payment of such fees for defense of the Claims. Outstanding attorneys' fees and expenses to date are listed on Exhibit "A" to this Motion.

**ARGUMENTS AND AUTHORITIES**

8. The Movants seek relief from the automatic stay to fully resolve the matter and the Claims. The bases for the relief requested herein are sections 362(d) and 105(a) of Title 11 of the United States Code, §§101 *et seq.* (as amended, the "**Bankruptcy Code**"), and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

9. Pursuant to the Policy's coverage, and subject to a reservation of rights, the Insurers have agreed to advance and/or reimburse covered defense fees and costs incurred ty the Officers & Directors in connection with the Claims, both in this Court and in state court. For the reasons discussed herein, on behalf of the Insureds, the Insurers respectfully submit that "cause" exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay and to permit the requested payments of Policy proceeds.

10. The Court's order granting bankruptcy relief acts as a stay upon, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate." 11 U.S.C. § 362(a)(3) Section 541 of the Bankruptcy Code provides that the "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although courts generally agree that liability insurance policies themselves are "property of the estate," ample precedent from courts in the Fifth Circuit and other jurisdictions indicates that the *proceeds* of liability policies are not "property" of the debtor or estate subject to an automatic stay. This Court has held that proceeds of a Policy belong to the directors and officers and, therefore, are not property of the estate. *See In re iHeartMedia, Inc.,* No 18-31274, 2010 Bankr. LEXIS 1617, *10 (Bankr. S.D. Tex. May 28, 2019)

11. The Fifth Circuit has also held that where an insurance policy provides coverage to the debtor and to third parties as co-insureds, and the terms of the policy require the proceeds to be paid to the third parties and not directly to the debtor, such proceeds are not property of the debtor's estate. *See Babcock & Wilcox Co.*, 69 F. App'x 659, 659 (5th Cir. 2003) (holding that because the terms of the insurance policies suggested that the insurer "must release the proceeds of the policies to third parties" and that the "proceeds will not flow directly to the debtor," "the proceeds of the policies are not property of [the debtor's] bankruptcy estate.").

12. Thus, case authority indicates—and the terms of the Policy do not conflict—that the Insureds right to payment of costs of defense under the Policy is not affected by the stay upon the debtor's "property."

13. Nevertheless, out of an abundance of caution, the Insurers respectfully request that this Court issue an order lifting the stay to allow payment to various defense counsel, as articulated on Exhibit "A". This would enable the Insurers to begin paying outstanding defense fees and costs, which in turn would benefit the Insureds, each of whom the Insurers have recognized is an insured under the Policies, without causing undue harm to the bankruptcy estate or any of tis creditors. In similar circumstances, courts have found "good cause" to lift a stay to address the immediate and irreparable harm suffered by the Insureds if deprived of their contractual right to insurance proceeds, which any prejudice to other creditors is merely speculative. *See SEC. v. Narayan,* No. 3:16-cv-1417-M, 2017 U.S. Dist. LEXIS 14424, at *17 (N.D. Tex. Feb. 2, 2017) (insureds are harmed "if they are prevented from executing on their rights to defense costs" and defense costs should be permitted to be advanced when that harm outweighs any to other creditors); *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 513-14 (Bankr. D. Del. 2004) (same); *In re Arter & Hadden, L.L.P.*, 335 B.R. 666 (Bankr. N.D. Ohio 2005), ("cause" existed to lift an

automatic stay to allow insurer to pay defense costs under a "Management Liability Policy" issued to the bankrupt law firm because the insureds "may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments to fund their defense of the trustee's complaint," while any harm to the debtor's estate was merely speculative); *In re CyberMedica,* 280 B.R. 12, 18 (Bankr. D. Mass 2022) (cause existed to lift the automatic stay to permit the advancement of defense costs because the directors would be "irreparably harmed" if they were not permitted to exercise their contractual right to the advancement of defense costs).) Here, the Insureds have a pressing, clear and present need for advancement of defense costs under the Policies to enable their defense of the Claims, whether brought in this Court or in any other court—and precluding such payment would adversely affect their ability to defend against the Claims. Moreover, the Insureds themselves would not be receiving any payment out of the bankruptcy estate—the payment will be made by the Insurers directly to defense counsel.

## CONCLUSION

14. For the foregoing reasons, the Insurers respectfully request, pursuant to Section 362(d)(1) of the Bankruptcy Code, that this Court enter an order authorizing the Insurers, subject to the terms and conditions of the Policies, to pay the costs of defense incurred or to be incurred on behalf of, or for the benefit of, the Officers and Directors in connection with the Claims; and further, that this Court waive the fourteen day stay in accordance with the Federal Rules of Bankruptcy Procedure 4001(1)(3).

Dated: December 9, 2024, in Houston, Texas

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ *Bennett G. Fisher*  _____
    Bennett G. Fisher, Esq.
    Texas Bar No.: 07049125
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Tel:   713.659.6767
    Dir:   346.241.4095
    Fax:  713.759.6830
    Bennett.Fisher@lewisbrisbois.com
    *Attorneys for Relm Insurance Ltd. And Banyan Risk Ltd.*