IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> MINING PROJECT WIND DOWN § <br> HOLDINGS, INC. (f/k/a Compute North § <br> Holdings, Inc.), *et al* § <br> § <br> **REORGANIZED DEBTORS**[1] § | **CASE NO. 22-90273 (MI)** <br><br> **CHAPTER 11** <br><br> (Jointly Administered) |

**JOINDER OF NINE INSUREDS TO MOTION TO LIFT STAY TO PERMIT
PROCEEDS OF INSURANCE TO PAY DEFENSE COSTS RELATING TO OFFICER
AND DIRECTOR LIABILITY CLAIMS**

Spencer Barron, Tom Kieffer, Peter Lee, Kristyan Mjolsnes, Tad Piper, Marshall Johnson, Eli Scher, Jose Lima, and Kyle Wenzel (collectively, the "**Nine Insureds**") respectfully submit this joinder to the *Motion of Relm Insurance Ltd. and Banyan Risk Ltd. to Lift Stay to Permit Proceeds of Insurance to Pay Defense Costs Relating to Officer and Director Liability Claims* [Dkt. 1451] (the "**Motion**"), filed by Relm Insurance Ltd. ("**Relm**") and Banyan Risk Ltd. ("**Banyan,**" and together with Relm, the "**Insurers**"), which seeks to confirm that the automatic stay does not apply or for relief from the automatic stay to allow Insurers to advance payment

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551); Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1510); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC( f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

1

and/or reimburse defense fees and costs of counsel for 14 former officers and directors (the "**Officers & Directors**") of the Debtors.

## JOINDER

1. The Nine Insureds are among the fourteen former Officers and Directors identified in the Motion. Each of the Nine Insureds served as a director or officer of the Debtors.

2. On September 22, 2022 (the "**Petition Date**"), the Debtors commenced the above-captioned proceeding in the Bankruptcy Court for the Southern District of Texas, Houston Division, under primary case no. 22-90273.

3. On February 16, 2023, the Third Amended Joint Liquidating Chapter 11 Plan of Mining Project Wind Down Holdings, Inc. f/k/a Compute North Holdings, Inc. and its Debtor Affiliates (the "**Plan**") was confirmed. A litigation trust, the Mining Project Wind Down Holdings, Inc. Litigation Trust the ("**Litigation Trust**"), was established by the Plan. Tribolet Advisors LLC is the trustee for the Litigation Trust established under the Plan (the "**Litigation Trustee**").

4. On or about June 27, 2024 (the "**Claim Date**"), the Litigation Trust sent the Nine Insureds demand letters with a draft complaint setting forth certain claims that the Litigation Trustee indicated it intends to pursue against the Nine Insureds (the "**Estate Claims**"). The Litigation Trustee asserts that the Estate Claims are being pursued in accordance with the Plan's mandate.

5. Whiles each of the Nine Insureds denies the allegations against them related to the Estate Claims, they have to defend the against the Estate Claims since the Claim Date and have incurred costs and expenses related thereto, including at a mediation that has already taken place with the Honorable Christopher Sontchi (Ret.). The Nine Insureds have retained the law firm Stinson LLP to represent them with respect to the Estate Claims.

6. Relm is the insurance company for the directors' and officers' liability coverage in accordance with Policy Number RILPDO5992022-RO (as amended) and Banyan is the excess insurance company pursuant to Policy No. 101-XDO-1030-101(together, the "**Curren**t **Policies**"). The Nine Insureds are each covered by the Current Policies with respect to the Estate Claims as "Insureds".

7. Each of the Current Policies have a $2,500,000 limit ($5,000,000 total coverage). The Current Policies provide for the direct payment and reimbursement of the costs and expenses incurred by the Nine Insureds in defending the Estate Claims.

8. The Nine Insureds have requested reimbursement and payment by the Insurers of their attorneys' fees and expenses to date and continued payment of such fees and expenses for defense of the Estate Claims under the Current Policies. The outstanding attorneys' fees and expenses of Stinson LLP to date, counsel to the Nine Insureds, to defend the Estate Claims were included on Exhibit "A" to the Motion.

9. Pursuant to the Policies' coverage, the Insurers have agreed to advance and/or reimburse covered defense fees and costs incurred by the Officers & Directors, including the Nine Insureds, in connection with the Estate Claims.

10. In the Motion, the Insurers request that, to the extent necessary, this Court grant relief from the automatic stay set forth in 11 U.S.C. § 362 for cause to permit the Insurers to pay the costs of defense counsel for the Officers and Directors, including the Nine Insureds. As detailed in the Motion, the Insurers are not requesting any funds be paid by or from the Debtors or the Debtors' bankruptcy estates.

11. The Nine Insureds note that there have been no objections by any party, including the Litigation Trustee, to the payment of fees and expenses of the Nine Insureds to defend against the Estate Claims

12. As detailed in the Motion, the Fifth Circuit has held that where an insurance policy provides coverage to the debtor and to third parties as co-insureds, and the terms of the policy require the proceeds to be paid to the third parties, here the Nine Insureds, and not directly to the debtor, such proceeds are not property of the debtor's estate. *See Babcock & Wilcox Co.*, 69 F. App'x 659, 659 (5th Cir. 2003) (holding that because the terms of the insurance policies suggested that the insurer "must release the proceeds of the policies to third parties" and that the "proceeds will not flow directly to the debtor," "the proceeds of the policies are not property of [the debtor's] bankruptcy estate.").

13. Here, the payments to be made are directly to the Nine Insureds (and others), who are insureds under the Policies. Accordingly, the Nine Insureds agree with the Insurers and submit to the Court that the Insureds right to payment of costs of defense under the Policy is not implicated by the automatic stay as such proceeds are not the debtor's "property" and the Insurers are therefore not prohibited by the automatic stay from paying the costs of defense of the Nine Insureds related to the Estate Claims.

14. Moreover, under the Terms of the Plan, "all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date." (Plan, Section13.8) The Effective Date of the Plan occurred on March 31, 2023. [Dkt. 1082].

CORE/3531576.0002/194889517.2

15. The Plan further provides that on the Effective Date . . . pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the assets of the Debtors other than any interest of the Debtors in the Excluded Customer Equipment shall vest in the Reorganized Debtors for the purpose of winding down the Estates, free and clear of all Liens, Claims, charges, or other encumbrances." (Plan, Section 4.2.3.) As a result, the automatic stay terminated under Section 362(c)(1) with respect to any act against property of the estate and no acts are contemplated against the Reorganized Debtors by paying the costs and expenses of the Nine Insureds related to the Estate Claims. *See* 11 U.S.C. § 362(c)(1) ("the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate").

16. To the extent that stay relief is necessary, the Nine Insureds join in the Insurers arguments and respectfully submit that "cause" exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay and to permit the requested payments of Policy proceeds to the Nine Insureds.

## CONCLUSION

17. For the foregoing reasons, The Nine Insureds hereby join in the relief sought in the Motion and respectfully request that the Court enter an order that acknowledges that the Insurers are not prohibited from paying the costs and expenses incurred by the Nine Insureds in defense of the Estate Claims, as the automatic stay under 11 U.S.C. § 362 does not prohibit the Insurers from such paying the costs and defenses, and/or because cause exists to grant relief from the automatic stay under Section 362(d), and that this Court waive the fourteen day stay in accordance with the Federal Rules of Bankruptcy Procedure 4001(1)(3).

CORE/3531576.0002/194889517.2

Dated: December 23, 2024,

                Respectfully submitted,

                **STINSON LLP**

By: /s/ Christopher J. Harayda
     Paul Lackey (TX Bar No. 00791061)
     Christopher J. Harayda (MN#0390333)
     2200 Ross Avenue
     Suite 2900
     Dallas, TX 75201
     Tel: 214.560.2201
     Paul.Lackey@Stinson.com
     CJ.Harayda@Stinson.com

*Attorneys for Spencer Barron, Tom Kieffer, Peter Lee, Jose Lima, Kristyan Mjolsnes, Tad Piper, Eli Scher, Marshall Johnson, and Kyle Wenzel*