IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **MINING PROJECT WIND DOWN HOLDINGS,** | § | CASE NO. 22-90273-MI |
| **INC. (f/k/a Compute North Holdings, Inc.),** *et al.*, | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors.¹ | § | |
| | § | |

**JOINDER OF DAVID PERRILL IN MOTION OF RELM INSURANCE LTD. AND BANYAN RISK LTD. TO LIFT STAY TO PERMIT PROCEEDS OF INSURANCE TO PAY DEFENSE COSTS RELATING TO OFFICER AND DIRECTOR LIABILITY CLAIMS**

David Perrill ("Mr. Perrill"), by and through his undersigned counsel, hereby joins in the Motion of Relm Insurance Ltd. and Banyan Risk Ltd. to Lift Stay to Permit Proceeds of Insurance to Pay Defense Costs Relating to Officer and Director Liability Claims, filed in this

---

¹ On September 28, 2023, the Court entered the Final Decree Closing Certain Cases and Amending Caption of Remaining Cases [Docket No. 1287], closing the chapter 11 cases of the following sixteen entities: Mining Project Wind Down Atoka LLC (f/k/a CN Atoka LLC) (4384); Mining Project Wind Down BS LLC (f/k/a CN Big Spring LLC) (4397); Mining Project Wind Down Colorado Bend LLC (f/k/a CN Colorado Bend LLC) (4610); Mining Project Wind Down Developments LLC (f/k/a CN Developments LLC) (2570); Mining Project Wind Down Equipment LLC (f/k/a CN Equipment LLC) (6885); Mining Project Wind Down King Mountain LLC (f/k/a CN King Mountain LLC) (7190); Mining Project Wind Down MDN LLC (f/k/a CN Minden LLC) (3722); Mining Project Wind Down Mining LLC (f/k/a CN Mining LLC) (5223); Mining Project Wind Down Pledgor LLC (f/k/a CN Pledgor LLC) (9871); Mining Project Wind Down Member LLC (f/k/a Compute North Member LLC) (8639); Mining Project Wind Down NC08 LLC (f/k/a Compute North NC08 LLC) (8069); Mining Project Wind Down NY09 LLC (f/k/a Compute North NY09 LLC) (5453); Mining Project Wind Down STHDAK LLC (f/k/a Compute North SD, LLC) (1501); Mining Project Wind Down Texas LLC (f/k/a Compute North Texas LLC) (1883); Mining Project Wind Down TX06 LLC (f/k/a Compute North TX06 LLC) (5921); and Mining Project Wind Down TX10 LLC (f/k/a Compute North TX10 LLC) (4238). The chapter 11 cases of the remaining three Reorganized Debtors: Mining Project Wind Down Holdings, Inc. (f/k/a Compute North Holdings, Inc.) (4534); Mining Project Wind Down LLC (f/k/a Compute North LLC) (7185); and Mining Project Wind Down Corpus Christi LLC (f/k/a CN Corpus Christi LLC) (5551), remain open and jointly administered under the above caption. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2305A Elmen Street, Houston, TX 77019.

case on December 9, 2024, Doc. No. 1451 (the "Motion"), and, in support of the relief requested in the Motion, respectfully states as follows:

## PRELIMINARY STATEMENT

1. Mr. Perrill is a former executive officer and director of Compute North Holdings, Inc. n/k/a Mining Project Wind Down Holdings, Inc. (the "Debtor"), a Delaware corporation. While Mr. Perrill was serving in those capacities, and before the Petition Date in this case (September 22, 2022), the Debtor procured from Relm Insurance Ltd. ("Relm") and Banyan Risk Ltd. ("Banyan" and, together with Relm, the "Movant Insurers"), respectively, the primary management liability insurance policy (the "Relm Primary Policy") and the excess management liability insurance policy (the "Banyan Excess Policy") identified in the Motion as the "Policies." The Policies provide, *inter alia*, coverage to former and current directors and officers of the Debtor for claims asserted against them for alleged acts or omissions in their capacities as directors and/or officers of the Debtor. Recognizing the crucial role that such insurance protection plays in attracting and retaining talented management and motivating officers and directors to pursue strategies to maximize value for a corporation's shareholders, Delaware's General Corporation law empowers a Delaware corporation "to purchase and maintain such insurance on behalf of any person who is or was a director, officer, employee or agent of the corporation…." 8 Del. C. § 145(g). Among the fundamental protections afforded to current and former directors and officers by the Policies is the right to advancement of expenses (including attorneys' fees) incurred in defending claims brought against them ("Claim Expenses").

2. As more particularly described in the Motion, claims have been asserted against Mr. Perrill and other insured persons under the Policies for alleged conduct as officers and/or

directors of the Debtor (i) by a private litigant in the United States District Court for the District of Minnesota (the "Minnesota Action"), and (ii) by the Plan Administrator and Litigation Trustee (in such capacities, the "Litigation Trustee") appointed under the Debtor's confirmed liquidating chapter 11 plan. The Movant Insurers have acknowledged that, at the very least, subject to their respective limits, the Policies cover the expenses incurred by former directors and officers of the Debtor (including Mr. Perrill) in defending the claims asserted against them in the Minnesota Action and the claims asserted against them by the Litigation Trustee (collectively, the "Claims").

3. Until the Litigation Trustee questioned the propriety of advancement by the Movant Insurers of Claim Expenses incurred by Mr. Perrill and other insured persons in defending the Claims, Relm advanced Claim Expenses incurred in defending the Claims asserted in the Minnesota Action. Once the propriety of further advancement of Claim Expenses was challenged by the Litigation Trustee, however, Relm ceased advancing Claim Expenses and has not advanced further Claim Expenses incurred in defending the Minnesota Action, nor advanced Claim Expenses incurred in connection with the Litigation Trustee's claims. Consistent with their coverage position, the Movant Insurers have filed the Motion to obtain confirmation that they may advance Claim Expenses incurred by Mr. Perrill and other insured persons in connection with defending the claims asserted in the Minnesota Action and the claims asserted by the Litigation Trustee without contravening any alleged stay of, or other alleged legal impediment to, the advancement of such Claim Expenses imposed as a result of the Debtor's bankruptcy case.

4. Unless the relief requested by the Movant Insurers is granted, Mr. Perrill will continue to be deprived of the ability to effectively defend himself against the Claims. The

harm to which Mr. Perrill will be exposed by such continued deprivation is imminent, concrete, and unjustifiable. In an effort to avoid irreparable injury, Mr. Perrill joins in the Motion[2] and requests that the relief sought in the Motion be granted. The authorities cited in the Motion strongly support the grant of the relief requested in the Motion, and this Court should grant such relief.

## BACKGROUND

5. Mr. Perrill served as Chief Executive Officer of the Debtor from August 2017 through September 6, 2022. He was also a director of the Debtor during that period and continued to be a director until the Effective Date of the Debtor's Plan. While Mr. Perrill served as an officer and director of the Debtor, the Debtor procured the Policies principally to provide protection for its officers and directors.

6. The Policies are claims made policies. Each has a limit of liability of $2,500,000. The Banyan Excess Policy follows the form of the Relm Primary Policy.

7. In addition to the Declarations and certain endorsements, the Relm Primary Policy consists of two parts: (1) the General Terms and Conditions ("GTAC") and (2) the Directors and Officers Liability Coverage Part (the "D&O Coverage Part"). In the D&O Coverage Part, the Relm Primary Policy provides Side A coverage ("Side A Coverage") to the Insured Persons (*i.e.,* directors and officers), Side B coverage to the Debtor ("Side B Coverage"), and Side C coverage to the Debtor ("Side C Coverage").

---

[2] Mr. Perrill joins in the Motion solely with respect to the Policies without prejudice to rights he has under other insurance policies, all of which rights are expressly reserved in this Joinder.

8. The Side A Coverage section provides that: "[t]he Insurer shall pay on behalf of the Insured Persons all Loss for which the Insured Persons are not indemnified by the [Debtor] and which the Insured Persons become legally obligated to pay on account of any Claim first made against them during the Policy Period [or any Extended Reporting Period] for a Wrongful Act." D&O Coverage Part, Sec. I(A).

9. Under the Relm Primary Policy, "Loss" includes Claim Expenses. D&O Coverage Part, Sec. III(Q). "Claim Expenses" is defined in relevant part as: "that part of Loss consisting of reasonable fees (including attorneys' fees and experts' fees) and expenses incurred by the Insureds … in the investigation, defense or appeal of a Claim…." GTAC, Sec. II(D). The Relm Primary Policy provides that, when the Insurer has no duty to defend, the Insurer shall advance covered Claim Expenses within 45 days after the receipt by the Insurer of properly detailed Claim Expenses invoices. GTAC, Sec. VII(E).

10. The Side B Coverage provides for reimbursement of the Debtor when the Debtor indemnifies Insured Persons. D&O Coverage Part, Sec. I(B). The Side C Coverage provides coverage to the Debtor for liability it incurs on account of a Claim first made during the Policy Period (or any Extended Reporting Period) for a Wrongful Act. D&O Coverage Part, Sec. I(C).

11. The Relm Primary Policy contains a provision, entitled "Payment Priority," that provides that in the event Loss due and owing by the Insurer under a Liability Coverage Part exceeds the then-remaining Limit of Liability applicable to such Loss, the insurer shall pay such Loss, subject to the applicable Limits of Liability, in the following priority: "1. First, the Insurer shall pay such Loss which is Non-Indemnifiable Loss incurred by Insured Persons;

5

2. Second, the Insurer shall pay all other Loss covered under the Liability Coverage Part." GTAC, Sec. XIX.

12. "Non-Indemnifiable Loss" means "Loss incurred by an Insured Person for which the Company is not permitted by common or statutory law to indemnify or is not financially able to indemnify by reason of Financial Impairment." GTAC, Sec. II(X). "Financial Impairment" includes the status of the Company resulting from, among other things becoming a debtor-in-possession under U.S. bankruptcy law. GTAC, Sec. II(O). Thus, the Side A Coverage provided for the benefit of officers and directors has priority over the Side B Coverage and Side C Coverages for the Debtor under the Policies.

13. As previewed in the Preliminary Statement, once the Movant Insurers were notified of the commencement of the Minnesota action, Relm began advancing Claim Expenses incurred by Mr. Perrill and the other defendants in that action (collectively, the "Minnesota Defendants") in defending the claims asserted against them in that action and continued to advance such Claim Expenses until the Plan Administrator filed an adversary proceeding in this court in July 2024, naming Relm, Banyan, and the Minnesota Defendants as defendants. The complaint in that adversary proceeding seeks an injunction prohibiting further advancement of Claim Expenses for the benefit of persons entitled to Side A Coverage, such as Mr. Perrill. Since the filing of that adversary proceeding, Relm has discontinued advancing Claim Expenses.

14. As evidenced by the Motion, subject to obtaining confirmation from the Court that resumption of the advancement of Claim Expenses will not violate any alleged stay or other alleged legal impediment imposed as a result of the Debtor's bankruptcy case, the

Movant Insurers are prepared to continue to advance Claim Expenses under their respective Policies, as applicable.

## DISCUSSION

15.     The authorities cited in the Motion and sound reasoning strongly support granting the relief requested in the Motion. The advancement of Claim Expenses is critical to the ability of Mr. Perrill and the other similarly situated former officers and directors (collectively, the "Insured Persons") to defend themselves from the Claims. The harm that will be suffered by the Insured Persons if advancement is not resumed is imminent and concrete and far outweighs any speculative, non-immediate disadvantage the estate may experience as a consequence of diminishing Policy limits. Under such circumstances, courts recognize that the interests of the insured officers and directors predominate and issue orders allowing the advancement of defense expenses. *See, e.g., Securities and Exchange Commission v. Narayan*, No. 3:16-cv-1417-M, 2017 WL 447205 (N.D. Tex. Feb. 2, 2017).

16.     The "Payment Priority" provision in the Relm Primary Policy described in paragraph 11 of this Joinder demonstrates that the Policies are intended to prioritize the protection afforded to Insured Persons under the Side A Coverage provided in the Policies. That provision provides further strong support for granting the relief requested in the Motion. *Id.* at *7; *In re SVB Fin. Grp.*, 650 B.R. 790, 795, 800 (Bankr. S.D.N.Y. 2023).

17.     Regardless of whether proceeds of the Policies are property of the estate, cause clearly exists in this case for the Court to confirm that, notwithstanding the pendency of the Debtor's bankruptcy case, it is permissible for the Movant Insurers to advance, under the Policies, Claim Expenses incurred by the Insured Persons in defending the Claims.

## CONCLUSION

18. For the reasons articulated in the Motion and this Joinder, the relief requested in the Motion should be granted.

Dated: December 24, 2024
      Atlanta, GA

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: *Colin M. Bernardino*

Patrick E. Gaas
Texas Bar No. 07562790
Heather Asselin
Texas Bar No. 00797143
TC Energy Center
700 Louisiana, Suite 4300
Houston, Texas 77002
Telephone: (281) 809-4100
Facsimile: (281) 829-0787
pgaas@ktslaw.com
hasselin@ktslaw.com

-and-

Alfred S. Lurey
Georgia Bar No. 461500 (*pro hac vic*e admission pending)
Colin M. Bernardino
Georgia Bar. No. 054879 (*pro hac vice* admission pending)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6515
Email: alurey@ktslaw.com
Email: cbernardino@ktslaw.com

*Counsel to David Perrill*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of December, 2024, a true and correct copy of the foregoing Joinder was served by electronic transmission upon all parties eligible to receive service through this Court's CM/ECF system.

/s/ Colin M. Bernardino