IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

DEC 23 2024

Nathan Ochsner, Clerk of Court

In re:  
COMPUTE NORTH HOLDINGS, INC., et al.,  
*Debtors.*

Case No.: 22-90273  
(Jointly Administered)

Judge: Honorable Judge Marvin Isgur

_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF REQUESTED RELIEF

### I. INTRODUCTION

Plaintiff Vince Faridani respectfully submits this brief in response to the Court's request to address whether the relief sought—specifically, a stay of distribution and asset freeze on a prejudgment basis—is authorized under federal law, particularly in light of **Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999)**.

The relief requested is necessary to preserve the integrity of the bankruptcy estate, prevent irreparable harm to creditors, maintain the status quo, and fulfill the Court's obligation to promote fairness, efficiency, and accountability in bankruptcy proceedings. By acting proactively to address credible risks of asset dissipation, particularly by Touzi Capital LLC, the Court ensures that creditors' interests are protected and that the estate is not undermined by allegations of fraudulent conduct. This case is firmly grounded in statutory authority and supported by precedent recognizing bankruptcy courts' broad equitable powers.

### II. LEGAL FRAMEWORK

#### A. Grupo Mexicano's Scope and Limitations

In *Grupo Mexicano*, the Supreme Court held that federal courts cannot grant prejudgment injunctions freezing assets in cases seeking purely legal remedies for damages. However, this

1

decision explicitly preserved the courts' equitable powers in cases involving equitable claims or extraordinary circumstances.

The Bankruptcy Code represents a comprehensive statutory framework granting courts broad equitable powers to preserve estate assets and protect creditors. Grupo Mexicano does not preclude bankruptcy courts from issuing prejudgment relief when necessary to ensure the fair and orderly administration of the estate. In **Deckert v. Independence Shares Corp., 311 U.S. 282 (1940)**, the Court approved prejudgment relief to safeguard assets in an equitable case, affirming that such measures are necessary to protect creditors' rights. Similarly, in **In re Focus Media Inc., 387 F.3d 1077 (9th Cir. 2004)**, the court upheld the necessity of prejudgment relief in bankruptcy cases to preserve assets for creditors.

### B. Bankruptcy Courts' Equitable Authority

The Bankruptcy Code provides explicit statutory authority for bankruptcy courts to grant relief necessary to protect estate assets and maintain equity among creditors:

- **11 U.S.C. § 105(a):** Empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.
- **11 U.S.C. § 362(a):** Establishes an automatic stay, reflecting Congress's intent to protect estate assets and ensure equitable treatment of creditors.
- **Pepper v. Litton, 308 U.S. 295, 307 (1939):** Recognizes bankruptcy courts as courts of equity with broad authority to ensure fairness and prevent injustice.

These powers distinguish bankruptcy proceedings from traditional civil litigation and provide a basis for prejudgment relief to prevent dissipation of estate assets, particularly in cases where entities like Touzi Capital LLC present risks to the integrity of the estate.

### III. ARGUMENT

2

A. **Grupo Mexicano Does Not Bar Relief in Bankruptcy Proceedings**

Grupo Mexicano arose in the context of a breach of contract claim for money damages, a purely legal remedy. By contrast, bankruptcy courts operate under an equitable framework where the preservation of assets for collective distribution is paramount. Courts have repeatedly affirmed their authority to grant relief in situations where the dissipation of assets would harm creditors:

- **In re Energy Future Holdings Corp., 575 B.R. 616 (D. Del. 2017):** Recognized the necessity of staying distributions to protect creditors and preserve estate assets.

- **In re Tribune Co., 477 B.R. 465 (Bankr. D. Del. 2012):** Upheld the power to prevent dissipation of assets subject to creditor claims.

- **Deckert v. Independence Shares Corp., 311 U.S. 282 (1940):** Approved a prejudgment injunction in an equity case to safeguard assets for creditors.

The equitable nature of bankruptcy proceedings places this case outside the limitations articulated in Grupo Mexicano. The risks posed by Touzi Capital LLC's potential dissipation of funds underscore the necessity of this relief.

B. **The Relief Sought Is Equitable in Nature**

Plaintiff seeks relief essential to maintaining the status quo and preventing irreparable harm, including:

- A **stay of distribution** to preserve funds for potential recovery.

- An **asset freeze** to prevent dissipation, concealment, or transfer of funds by Touzi Capital LLC, whose alleged evasive conduct and potential for fraudulent activity necessitate this relief.

- A **detailed accounting** to ensure transparency and accountability regarding funds under Touzi Capital LLC's control.

3

These remedies align with the equitable principles underlying bankruptcy law and serve the public interest by safeguarding the integrity of the process. In **In re Adelphia Communications Corp., 361 B.R. 337 (S.D.N.Y. 2007)**, the court stayed distributions in a bankruptcy case involving allegations of fraud, highlighting the importance of equitable relief to protect creditors.

### C. Prejudgment Relief Enhances Creditor Confidence and Protection

Creditors rely on the orderly administration of the estate. Premature distribution to Touzi Capital LLC, an entity facing credible allegations of fraudulent conduct, undermines the confidence of creditors and violates their reasonable expectations of equitable treatment. This is consistent with the principles articulated in **In re Motors Liquidation Co., 829 F.3d 135 (2d Cir. 2016)**, where preserving the estate's integrity was paramount.

### D. Prejudgment Relief Promotes Judicial Economy

By acting now to prevent asset dissipation, particularly by Touzi Capital LLC, the Court avoids the risk of prolonged and duplicative litigation to trace and recover dissipated funds. In **In re Focus Media Inc., 387 F.3d 1077 (9th Cir. 2004)**, the court emphasized the importance of prejudgment relief in bankruptcy cases to preserve assets for creditors and maintain efficiency in the administration of justice. A stay in this case ensures that disputes are resolved within the bankruptcy process without unnecessary complications or additional litigation outside of this Court.

### E. Preventing Fraudulent Conveyances and Misconduct

Touzi Capital LLC's documented history of evasive behavior and the allegations of fraudulent conduct have raised significant concerns about the potential dissipation of estate assets.

Prejudgment relief, such as a stay of distribution and an asset freeze, is essential to ensure that the bankruptcy estate is not used as a conduit for further misconduct.

In **In re Tribune Co., 477 B.R. 465 (Bankr. D. Del. 2012)**, the court recognized the critical role of bankruptcy courts in protecting creditors from fraudulent transfers that could undermine the integrity of the estate. Similarly, in **In re Bernard L. Madoff Investment Securities LLC, 740 F.3d 81 (2d Cir. 2014)**, the Second Circuit stayed distributions to prevent fraudulent transfers, highlighting the importance of preserving assets for equitable distribution among creditors.

### F. Public Policy and Judicial Integrity Support Relief

Allowing distribution to a party accused of fraudulent conduct, such as Touzi Capital LLC, undermines the integrity of the bankruptcy process and erodes public confidence in judicial proceedings. Bankruptcy courts serve a critical role in ensuring that the administration of the estate is conducted with fairness, transparency, and accountability. The requested relief is not only essential to protect the interests of creditors but also to uphold the principles of public trust that are foundational to the judicial system.

In **In re Motors Liquidation Co., 829 F.3d 135 (2d Cir. 2016)**, the court emphasized that protecting creditors and preserving the integrity of the bankruptcy process are paramount considerations in determining equitable relief. The court further highlighted that proactive measures are necessary to ensure that estate assets are not misused in ways that could harm other creditors or subvert the purpose of bankruptcy proceedings.

Here, allegations against Touzi Capital LLC raise significant concerns about the potential dissipation of estate assets and the misuse of funds intended for equitable distribution. Judicial intervention to stay the distribution and freeze assets not only addresses these concerns but also ensures that the bankruptcy process is not perceived as a mechanism for enabling fraudulent conduct. By granting the requested relief, the Court demonstrates its commitment to deterring

misconduct, maintaining the integrity of the estate, and reinforcing public confidence in the equitable administration of justice.

## IV. CONCLUSION

Plaintiff respectfully submits that the relief requested—a stay of distribution, an asset freeze, and a detailed accounting—is fully authorized under the Bankruptcy Code and consistent with federal law, including the principles outlined in **Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999).**

This Court's equitable jurisdiction empowers it to act decisively to prevent irreparable harm, preserve the status quo, and ensure fairness in the administration of the bankruptcy estate. The legal precedents cited herein, including **In re Adelphia Communications Corp., In re Tribune Co.,** and **Deckert v. Independence Shares Corp.**, confirm the Court's authority to grant the requested relief. Moreover, the public interest and the integrity of the bankruptcy process strongly support intervention to prevent potential dissipation or misuse of estate assets, particularly by Touzi Capital LLC.

By granting the relief sought, this Court will:

1. Protect the interests of all creditors, including Plaintiff.
2. Ensure that estate assets remain accessible for legitimate claims.
3. Uphold the principles of equity, fairness, and transparency inherent in bankruptcy law.

For these reasons, Plaintiff respectfully requests that the Court:

1. Stay the distribution of funds to Touzi Capital LLC pending resolution of Plaintiff's claims.
2. Freeze the relevant assets to prevent dissipation or concealment.
3. Require Touzi Capital LLC to provide a detailed accounting of all funds received or anticipated.
4. Grant such other relief as the Court deems just and proper.

Dated: December 10, 2024

6

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani
Pro Se Plaintiff
8471 Strom Park Drive,
Melbourne, FL 32940
Phone: 954-774-1391
Email: VFaridani@hotmail.com

## CERTIFICATE OF SERVICE

I, Vince Faridani, Pro Se Plaintiff, hereby certify that on December 10, 2024, I served a true and correct copy of the **Plaintiff's Brief in Support of Requested Relief** via first-class mail, postage prepaid, to the following parties:

> Touzi Capital LLC
> Attn: Eng Taing
> 1781 La Plaza Dr.
> San Marcos, CA 92078

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani
Pro Se Plaintiff
8471 Strom Park Drive,
Melbourne, FL 32940
Phone: 954-774-1391
Email: VFaridani@hotmail.com