IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

In re:
COMPUTE NORTH HOLDINGS, INC.,
et al.,
*Debtors.*

Case No.: 22-90273
(Jointly Administered)

Judge: Honorable Judge Marvin Isgur

DEC 23 2024

Nathan Ochsner, Clerk of Court

_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF THE SOUTHERN DISTRICT OF TEXAS AS THE APPROPRIATE VENUE FOR RELIEF

### I.    INTRODUCTION

This brief addresses the Court's inquiry regarding why the Southern District of Texas (SDTX) is the appropriate venue to issue the requested relief—a stay of distribution and an asset freeze—despite the related complaint seeking a judgment being filed in the Northern District of Illinois (NDIL).

Plaintiff asserts that SDTX is the proper court to issue this relief because it has exclusive jurisdiction over the Compute North Holdings, Inc. bankruptcy estate under **28 U.S.C. § 1334(e)(1)**. The requested relief is procedural and protective, not an adjudication of the claims in NDIL. It is necessary to preserve estate assets, maintain the status quo, and prevent irreparable harm to creditors while the NDIL proceedings are resolved.

As the court overseeing the administration of the bankruptcy estate, SDTX is uniquely positioned to act decisively to safeguard estate property. Granting relief here ensures that the core principles of bankruptcy—centralized administration, equitable treatment of creditors, and efficient resolution of claims—are upheld. Moreover, this Court's action prevents the risk of dissipation, preserves judicial resources, and avoids inconsistent rulings that could undermine the orderly administration of the estate.

Far from conflicting with NDIL's jurisdiction, this relief complements its proceedings by protecting estate assets, thereby ensuring the enforceability of any judgment rendered. Plaintiff respectfully submits that this Court's intervention is not only appropriate but essential to fulfill its statutory obligations under the Bankruptcy Code and to protect the integrity of the bankruptcy process.

## II.   ARGUMENT

### A.   This Court Has Exclusive Jurisdiction Over the Bankruptcy Estate

Pursuant to **28 U.S.C. § 1334(e)(1)**, bankruptcy courts have exclusive jurisdiction over all property of the debtor and the estate. This includes the authority to manage estate assets, prevent dissipation, and ensure their equitable distribution among creditors.

The relief sought—a stay of distribution and asset freeze—directly concerns estate property that falls within the exclusive jurisdiction of this Court. While the NDIL court oversees the adjudication of the related complaint, this Court retains jurisdiction over estate assets that are potentially affected by that litigation.

- **Case Support:** In **Celotex Corp. v. Edwards, 514 U.S. 300 (1995)**, the Supreme Court affirmed that bankruptcy courts have jurisdiction to issue orders affecting estate assets, even when related litigation is pending in other courts. This ensures the bankruptcy court can preserve the estate's integrity while respecting other courts' jurisdiction over the merits of claims.

### B.   Relief Sought Is Procedural and Protective, Not Substantive

The requested relief does not seek to adjudicate the underlying claims filed in NDIL but rather to protect the assets of the bankruptcy estate from dissipation while those claims are resolved.

2

Bankruptcy courts routinely issue such protective orders to ensure estate assets are not depleted, regardless of where related litigation is pending. This aligns with the Court's equitable powers under **11 U.S.C. § 105(a)**, which allows the issuance of any order "necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

- **Case Support:** In **In re Baldwin-United Corp., 52 B.R. 539 (S.D. Ohio 1985)**, the bankruptcy court issued an injunction to protect estate assets, even though litigation was pending in other forums. The court emphasized that preserving the estate's assets was essential to maintaining equitable administration.

### C. Judicial Economy and Avoidance of Inconsistent Rulings

Granting relief in SDTX avoids the risk of inconsistent rulings and promotes judicial economy. The assets in question are part of the estate administered by this Court, and duplicative or conflicting rulings could jeopardize the orderly administration of the estate.

- **Practical Necessity:** This Court's oversight of the estate provides it with the institutional knowledge necessary to issue tailored relief. In contrast, the NDIL court's involvement in adjudicating the complaint does not extend to managing the estate or protecting its assets.

- **Case Support:** In **In re Johns-Manville Corp., 40 B.R. 219 (S.D.N.Y. 1984)**, the court emphasized the importance of centralized decision-making in bankruptcy cases to avoid fragmentation and ensure efficient resolution of disputes involving estate assets.

### D. Centralized Administration of Bankruptcy Estates Is a Core Principle

3

The Bankruptcy Code prioritizes centralized administration to ensure equitable treatment of creditors and the efficient resolution of claims. Allowing this Court to issue the requested relief aligns with these principles and prevents the piecemeal dissipation of estate assets.

- **Statutory Authority:** Under **28 U.S.C. § 157(b)(2)(A)**, bankruptcy courts have core jurisdiction over matters concerning the administration of the estate. Issuing a stay and asset freeze directly relates to this Court's role in protecting the estate.

- **Case Support:** In **In re Dow Corning Corp., 86 F.3d 482 (6th Cir. 1996)**, the court emphasized that bankruptcy courts have the authority to issue protective orders necessary to preserve estate integrity, even when related litigation is pending in other courts.

E. **This Court's Relief Does Not Interfere with NDIL Jurisdiction**

Issuing the requested relief respects the NDIL court's jurisdiction over the complaint while ensuring that estate assets are protected.

The relief is procedural and does not adjudicate the merits of the claims in NDIL. Instead, it ensures that any judgment or settlement from the NDIL litigation does not jeopardize the equitable distribution of estate assets.

- **Case Support:** In **In re Continental Airlines, 61 B.R. 758 (S.D. Tex. 1986)**, the court granted a stay to protect estate assets while allowing parallel litigation to proceed, emphasizing the need for coordination between courts to preserve estate integrity.

F. **Public Policy Supports Granting Relief in SDTX**

Public policy strongly supports granting the relief in SDTX to uphold the integrity of the bankruptcy process and prevent the misuse of estate assets.

Bankruptcy courts play a crucial role in ensuring that estate assets are preserved for equitable distribution. Allowing dissipation of assets while litigation is pending undermines creditor confidence and the public's trust in the bankruptcy process.

- **Case Support:** In **In re Motors Liquidation Co., 829 F.3d 135 (2d Cir. 2016)**, the court emphasized the importance of protective measures to safeguard estate assets and ensure the integrity of bankruptcy proceedings.

## III.   ADDITIONAL ARGUMENTS

A. **Avoiding Forum Shopping:** Allowing relief in SDTX prevents forum shopping, which undermines the principles of fairness and efficiency in bankruptcy proceedings. Centralizing protective measures in the bankruptcy forum ensures procedural integrity.

B. **Coordination Between Courts:** Granting relief in SDTX ensures alignment between courts and facilitates the NDIL court's ability to adjudicate the complaint without interference or the risk of an unenforceable judgment due to dissipated assets.

## IV.   CONCLUSION

This Court holds the exclusive jurisdiction and authority necessary to issue the requested relief—a stay of distribution and an asset freeze—pursuant to its oversight of the Compute North Holdings, Inc. bankruptcy estate. Under **28 U.S.C. §§ 157 and 1334**, this Court is empowered to act decisively to protect estate assets, prevent irreparable harm, and ensure the equitable treatment of all creditors. The requested relief is procedural and protective, designed to safeguard the integrity of the bankruptcy process while respecting the jurisdiction of the Northern District of Illinois (NDIL).

Granting relief in this Court aligns with the fundamental principles of bankruptcy law: centralized administration, judicial economy, and the preservation of estate assets for equitable distribution. Any delay or denial of relief risks the dissipation of assets, undermining creditor

5

confidence and jeopardizing the orderly resolution of claims. Importantly, this relief complements NDIL's proceedings by ensuring that any judgment rendered can be enforced against an intact estate.

The Bankruptcy Code entrusts this Court with broad equitable powers to act in situations like this, where the preservation of estate assets is critical to fulfilling its obligations to creditors. As the court most intimately familiar with the Compute North Holdings, Inc. bankruptcy, this Court is uniquely positioned to issue effective and efficient relief that upholds the integrity of the estate, maintains the status quo, and prevents the risk of irreparable harm.

Finally, granting this relief furthers the public interest by preserving the integrity of the judicial process and ensuring that the bankruptcy system functions as a fair and equitable forum for all stakeholders.

For these reasons, Plaintiff respectfully requests that this Court:

1. Stay the distribution of funds to Touzi Capital LLC pending resolution of Plaintiff's claims.

2. Freeze the relevant assets to prevent dissipation or concealment.

3. Issue such other relief as the Court deems necessary to preserve the estate and protect creditors' interests.

Dated: December 10, 2024

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani
Pro Se Plaintiff
8471 Strom Park Drive,
Melbourne, FL 32940
Phone: 954-774-1391
Email: VFaridani@hotmail.com

## CERTIFICATE OF SERVICE

I, Vince Faridani, Pro Se Plaintiff, hereby certify that on December 10, 2024, I served a

true and correct copy of the **Plaintiff's Brief in Support of the Southern District of Texas as**

**the Appropriate Venue for Relief** via first-class mail, postage prepaid, to the following parties:

Touzi Capital LLC
Attn: Eng Taing
1781 La Plaza Dr.
San Marcos, CA 92078

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani
Pro Se Plaintiff
8471 Strom Park Drive,
Melbourne, FL 32940
Phone: 954-774-1391
Email: VFaridani@hotmail.com