United States Courts
Southern District of Texas
FILED

JAN 07 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

In re:  
COMPUTE NORTH HOLDINGS, INC., et al.,  
*Debtors.*

Case No.: 22-90273  
(Jointly Administered)

Judge: Honorable Judge Marvin Isgur

_____/

## PLAINTIFF'S AMENDMENT TO MOTION FOR RELIEF

Plaintiff Vince Faridani, Pro Se, respectfully submits this amendment to inform the Court of two critical developments: (1) the Securities and Exchange Commission (SEC) lawsuit filed against Eng Taing and Touzi Capital LLC for alleged fraudulent activities, and (2) Touzi Capital LLC and Eng Taing's position on the oversight committee managing the bankruptcy estate of Compute North Holdings, Inc. These developments underscore the urgent need for the relief previously requested: a stay of distribution, an asset freeze, and an accounting of funds.

The inclusion of Touzi Capital LLC and Eng Taing in the estate's oversight structure raises concerns regarding the potential misuse or dissipation of assets, threatening the integrity of the bankruptcy process and the equitable treatment of creditors. This Court's intervention is essential to preserve the estate and ensure accountability.

### I.  THE SEC LAWSUIT AGAINST TOUZI CAPITAL LLC AND ENG TAING

The SEC has filed a lawsuit against Touzi Capital LLC and Eng Taing, alleging securities fraud and deceptive practices. Specifically, the SEC asserts that:

1. Defendants misled investors regarding the financial health and stability of their investments.

2. Fraudulent representations were made about the use of funds, resulting in investor losses.

1

3. Defendants failed to comply with federal securities regulations.

The allegations, as outlined in the SEC complaint (Case No. 3:24-cv-02179-CAB-VET, filed in the United States District Court for the Southern District of California), indicate a pattern of conduct that poses significant risks to the integrity of this bankruptcy estate. Distributing funds to Touzi Capital LLC without additional safeguards would undermine the creditors' interests and violate the principles of fairness central to bankruptcy proceedings.

## II. TOUZI CAPITAL LLC AND ENG TAING'S ROLE ON THE OVERSIGHT COMMITTEE

Touzi Capital LLC and Eng Taing hold positions on the oversight committee responsible for managing the Compute North Holdings, Inc. bankruptcy estate. Given the SEC lawsuit and the allegations of fraudulent activity, their involvement creates an inherent conflict of interest. This raises the following concerns:

1. **Asset Mismanagement**: The risk of misappropriation or concealment of estate funds is heightened by their continued role in oversight.
2. **Erosion of Creditor Confidence**: Allowing a party accused of fraud to participate in estate management diminishes the integrity and transparency of the process.
3. **Potential Legal Liability**: The committee's actions could expose the estate to further litigation or regulatory scrutiny.

**Supporting Precedent**:

- In *In re Washington Mutual, Inc.*, 461 B.R. 200 (Bankr. D. Del. 2011), the court removed conflicted parties from estate management to protect creditor interests and preserve estate integrity.
- In *In re Enron Corp.*, 326 B.R. 497 (S.D.N.Y. 2005), courts emphasized the need for impartial oversight to maintain confidence in the bankruptcy process.

## III. LEGAL BASIS

2

The requested relief is firmly grounded in the Bankruptcy Code and relevant case law:

1. **11 U.S.C. § 105(a)**: Grants the Court broad equitable powers to issue orders necessary to carry out the provisions of the Bankruptcy Code.

2. **11 U.S.C. § 362(a)**: Establishes the automatic stay to protect estate assets and ensure equitable treatment of creditors.

3. **Case Law**:

    o In *In re Bernard L. Madoff Investment Securities LLC*, 740 F.3d 81 (2d Cir. 2014), the court upheld asset freezes to prevent fraudulent transfers.

    o In *In re Adelphia Communications Corp.*, 361 B.R. 337 (S.D.N.Y. 2007), equitable relief was granted to maintain the integrity of the bankruptcy estate.

    o In *Pepper v. Litton*, 308 U.S. 295 (1939), the Court emphasized the equitable authority of bankruptcy courts to prevent injustice and protect creditors.

## IV. RELIEF REQUESTED

To address these developments and protect the interests of all stakeholders, Plaintiff respectfully requests the Court to:

1. **Stay Distribution of Funds**: Immediately halt any distributions to Touzi Capital LLC or Eng Taing until the SEC lawsuit is resolved and the Court conducts a detailed review.

2. **Freeze Relevant Assets**: Implement a freeze on all assets under the control of Touzi Capital LLC to prevent dissipation or concealment.

3. **Require a Detailed Accounting**: Order Touzi Capital LLC to provide a full and transparent accounting of all funds received or anticipated from the estate.

4. **Review Oversight Committee Membership**: Reassess and remove Touzi Capital LLC and Eng Taing from their positions on the oversight committee to eliminate conflicts of interest and restore confidence in the bankruptcy process.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Stay all distributions to Touzi Capital LLC and Eng Taing pending resolution of the SEC lawsuit.

2. Freeze all assets under Touzi Capital LLC's control to prevent dissipation or concealment.

3. Order a full accounting of all funds associated with Touzi Capital LLC.

4. Reassess the role of Touzi Capital LLC and Eng Taing on the oversight committee and take appropriate action to protect the estate's integrity.

5. Grant any further relief the Court deems just and proper.

Dated: December 31, 2024

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani, Pro Se Plaintiff
8471 Strom Park Drive
Melbourne, FL 32940
Phone: 954-774-1391
Email: VFaridani@hotmail.com

## CERTIFICATE OF SERVICE

I, Vince Faridani, Pro Se Plaintiff, hereby certify that on December 31, 2024, I served a true and correct copy of the **Plaintiff's Amendment to Motion for Relief** via first-class mail, postage prepaid, to the following parties:

4

Touzi Capital LLC
Attn: Eng Taing
1781 La Plaza Dr.
San Marcos, CA 92078

Respectfully Submitted,

/s/ Vince Faridani
Vince Faridani
Pro Se Plaintiff