IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br>COMPUTE NORTH HOLDINGS, INC., et al.,<br>*Debtors.* | Case No.: 22-90273<br>(Jointly Administered)<br><br>Judge: Honorable Judge Marvin Isgur |

_____/

**MOVANT VINCE FARIDANI'S RESPONSE TO PLAN ADMINISTRATOR'S LIMITED OBJECTION TO MOTIONS**

Dated: March 27, 2025

Movant, Vince Faridani ("Movant"), respectfully submits this Response to the Plan Administrator's Limited Objection [Docket No. 1505] and states as follows:

1. **Opposition to Limited Objection on Priority Status (With Reservation of Rights)**

Movant does not oppose the Plan Administrator's Limited Objection at this time insofar as it relates to the assertion of priority status under 11 U.S.C. § 507. However, Movant expressly reserves the right to seek reconsideration of priority status and to file a motion for higher priority should developments in the pending lawsuit in Illinois warrant such relief.

Under **11 U.S.C. § 502(j)**, claims that have been allowed or disallowed may be reconsidered for cause, allowing parties to seek modifications as new circumstances arise. Furthermore, **Federal Rule of Bankruptcy Procedure 3008** permits the court to reconsider the allowance

1

or disallowance of a claim upon request. These provisions collectively support Movant's right to revisit the classification of his claim should the Illinois litigation result in findings that substantiate a higher priority status.

Additionally, the principle underlying **Bankruptcy Rule 2004**—which allows examination into matters affecting the estate—acknowledges that external legal developments can bear directly on bankruptcy proceedings. Courts have recognized that pending litigation in non-bankruptcy forums may impact claim treatment and, in certain circumstances, warrant reevaluation of claim priority within the bankruptcy framework.

Movant acknowledges that any rights to distributions derived from Touzi Capital, LLC's claim should, for now, be treated with the same priority classification as originally assigned. However, in accordance with **11 U.S.C. § 502(j) and Rule 3008**, Movant reserves the right to modify this position and seek appropriate relief should the Illinois lawsuit result in material findings affecting the priority classification of the claim.

2. **Reaffirmation of Charging Order and Frozen Funds**

    Movant maintains his position that he is entitled to a **charging order** against the frozen funds of Eng Taing and Touzi Capital, LLC, as outlined in the pending Motion for Charging Order [Docket No. 1500]. Movant further requests that the current **freeze on distributions** to Touzi Capital, LLC and Eng Taing remain in place until a final resolution is reached in the relevant proceedings.

WHEREFORE, Movant respectfully requests that this Court:

A) Acknowledge Movant's **non-opposition** to the Plan Administrator's Limited Objection regarding priority status;

B) Confirm Movant's entitlement to a **charging order** and maintain the freeze on distributions to Touzi Capital, LLC and Eng Taing; and

C) Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Vince Faridani

Vince Faridani

Pro Se Movant

8471 Strom Park Drive

Melbourne, FL 32940

Phone: 954-774-1391

Email: VFaridani@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system**,** which will send notification of such filing to all counsel of record.

/s/ Vince Faridani
Vince Faridani
Movant, Pro Se